# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JILL BABCOCK, *et al.*,

                Plaintiffs,

vs

STATE OF MICHIGAN,
COUNTY OF WAYNE,
CITY OF DETROIT,
WAYNE COUNTY BUILDING AUTHORITY,
DETROIT BUILDING AUTHORITY,
DETROIT-WAYNE JOINT BUILDING AUTHORITY,
and
HINES, out-of-state corporation authorized to do business in Michigan

                Defendants.

Civil Action No. 22-cv-12951
HON. MARK A. GOLDSMITH
MAG: JONATHAN J.C. GREY

_____/

**Michael W. Bartnik** (P32534)
Law for Baby Boomers, PLLC
Attorney for Plaintiffs
41000 Woodward Avenue, Suite 350
Bloomfield Hills, Michigan 48304
(248) 608-3660
Michaelbartnik@protonmail.com

**Cassandra A. Drysdale-Crown** (P64108)
Assistant Attorney General
Attorney for Defendant State of Michigan
525 West Ottawa Street
Lansing, Michigan 48933-1067
(517) 335-7603
drysdalecrownc@michigan.gov

**JAMES HEATH (P65419)**
Wayne County Corporation Counsel
**JAMES M. JERNIGAN (P57035)**
Assistant Corporation Counsel
Attorneys for Defendants Wayne County and
Wayne County Building Authority
400 Monroe, Suite 290
Detroit, Michigan 48226
(313) 202-7188
jjernigan@waynecounty.com

**Charles N. Raimi** (P29746)
Deputy Corporation Counsel
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
(313) 237-5037
raimic@detroitmi.gov

**Floyd E. Allen** (P31260)
**Monica N. Hunt** (P68838)
The Allen Law Group PC
Attorneys for Defendant Detroit Building
Authority
3011 West Grand Boulevard, Suite 2500
Detroit, Michigan 48202-3030
(313) 871-5500
fallen@alglawpc.com

**Paul S. Magy** (P34423)
Clark Hill PLC
Attorneys for Defendants Detroit-Wayne Joint
Building Authority and Hines
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009-6103
(248) 988-5844
pmagy@clarkhill.com

## <u>WAYNE COUNTY DEFENDANTS' ANSWER TO CLASS ACTION CIVIL AND DISABILITY RIGHTS COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF and AFFIRMATIVE DEFENSES</u>

NOW COME the County of Wayne and the Wayne County Building Authority, collectively referred to as "County Defendants," by and through their counsel, James M. Jernigan (P57035), and for their joint answer and affirmative defenses state as follows:

1.     County Defendants deny that they have harmed Plaintiffs as such allegation is untrue.

2.     County Defendants deny that they have harmed Plaintiffs as such allegation is untrue.

3.     County Defendants deny that they have harmed Plaintiffs or engaged in any flagrant transgressions described by Plaintiffs as such allegation is untrue.

4.     County Defendants deny that they have violated federal and/or state laws as such allegation is untrue.

5.      County Defendants admit that they are aware of their legal obligations, but neither admit nor deny the specific allegations related to the various authorities cited and leave Plaintiffs to their proofs in relation to this matter.

6.      County Defendants deny Plaintiffs' allegations as such allegations is untrue.

7.      County Defendants can neither admit nor deny the exact relief sought by Plaintiffs and leave Plaintiffs to their proofs.

## **FEDERAL JURISDICTION**

8.      County Defendants neither admit nor deny the allegations related to jurisdiction and leave Plaintiffs to their proofs.

9.      County Defendants neither admit nor deny the allegations related to jurisdiction and leave Plaintiffs to their proofs.

10.     County Defendants neither admit nor deny the legal conclusion posited by Plaintiffs and and leave Plaintiffs to their proofs, with County Defendants reserving all possible defenses, including but not limited to governmental immunity.

## **VENUE**

11.     County Defendants neither admit nor deny the allegations related to venue and leave Plaintiffs to their proofs.

12.     County Defendants admit that they are located within the Eastern District of Michigan.

13.     County Defendants neither admit nor deny the allegations related to venue and leave Plaintiffs to their proofs.

## PARTIES PLAINTIFF

14.     County Defendants deny that they have injured Plaintiffs as such allegation is untrue but neither admit nor deny the allegations outlined in Plaintiffs' paragraph 14 related to standing and leave Plaintiffs to their proofs.

15.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 15 and leave Plaintiffs to their proofs.

16.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 16 and leave Plaintiffs to their proofs.

17.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 17 and leave Plaintiffs to their proofs.

18.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 18 and leave Plaintiffs to their proofs.

19.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 19 and leave Plaintiffs to their proofs.

20.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 20 and leave Plaintiffs to their proofs.

21.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 21 and leave Plaintiffs to their proofs.

22.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 22 and leave Plaintiffs to their proofs.

23.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 23 and leave Plaintiffs to their proofs.

24.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 24 and leave Plaintiffs to their proofs.

25.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 25 and leave Plaintiffs to their proofs.

26.     County Defendants admit that Plaintiffs are entitled to equal access to government buildings, services, programs and activities as any other citizen has.

27.     County Defendants deny that they have violated federal or state law or injured Plaintiffs as outlined in Plaintiffs' paragraph 27.

28.     County Defendants deny that they have violated federal or state law or injured Plaintiffs as alleged in Plaintiffs' paragraph 28.

29.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 29 as to what Plaintiff Junior is required to engage and leave Plaintiffs to their proofs, but deny that they have impeded her access to any of the County buildings outlined in Plaintiffs' complaint.

30.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 30 as to how Plaintiff Jacobson makes her living and leave Plaintiffs to their proofs, but deny that they have impeded her access to any of the County buildings outlined in Plaintiffs' complaint and also deny that any lost work or other business opportunities are a result of any action or inaction of Defendants as it relates to access to the various County buildings outlined in Plaintiffs' complaint.

31.     While County Defendants admit that Plaintiffs are generally equally entitled to services accessible to others, County Defendants deny the balance of Plaintiffs' allegations that they have violated federal or state laws because such allegation is untrue.

32.     County Defendants deny Plaintiffs' allegations that they have violated federal or state laws or that Plaintiffs have been denied rights, services or accommodations because such allegation is untrue.

33.     County Defendants deny Plaintiffs' allegations because such allegation is untrue.

34.     County Defendants deny Plaintiffs' allegation that joinder of all the named defendants is appropriate because there is no commonality of facts, nor is judicial economy served by having the various defendants joined in the same case.

35.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 35 as to each plaintiff's status as a "qualified individual with a disability" and leave Plaintiffs to their proofs, but deny that they have denied access to any of the County buildings outlined in Plaintiffs' complaint and deny that they have denied any of the plaintiffs access to services, programs or activities because such allegation is untrue.

36.     County Defendants deny Plaintiffs' allegations because such allegation is untrue.

37.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 37 as to each plaintiff's status as a "person with a disability" and leave Plaintiffs to their proofs.

38.     County Defendants deny Plaintiffs' allegations because such allegation is untrue.

39.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 39 as it calls for a legal conclusion and leave Plaintiffs to their proofs.

## **PARTIES DEFENDANT**

40.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 40 as it calls for a legal conclusion and leave Plaintiffs to their proofs.

41.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 41 as it calls for a legal conclusion and leave Plaintiffs to their proofs.

42.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 42 as it calls for a legal conclusion and leave Plaintiffs to their proofs.

43.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 43 as it relates to a different defendant and leave Plaintiffs to their proofs.

44.     County Defendants admit.

45.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 45 as it relates to a different defendant and leave Plaintiffs to their proofs.

46.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 46 as it relates to a different defendant and leave Plaintiffs to their proofs.

47.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 47 as it calls for a legal conclusion and leave Plaintiffs to their proofs.

48.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 48 as it calls for a legal conclusion and leave Plaintiffs to their proofs.

49.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 49 as it calls for a legal conclusion and leave Plaintiffs to their proofs.

50.     County Defendants admit that the Wayne County Building Authority is a public body corporate, but denies that it is granted any unique powers pursuant to the "Construction Act and Building Codes" as such allegation is untrue.  County Defendants further deny the allegations related to the Coleman A. Young Municipal Center ("CAYMC") because the Wayne County Building Authority have any ownership interest in that building, nor does the Wayne County Building Authority have any authority to provide any type of sanctions as such allegation is inaccurate.

51.     County Defendants neither admit nor deny the allegations outlined in Plaintiffs' paragraph 51 as it relates to a different defendant and leave Plaintiffs to their proofs.

52.     County Defendants admit.

53.     County Defendants admit that Hines manages CAYMC, but neither admit nor deny Hines' involvement with any other facility and leave Plaintiffs to their proofs.

54.     County Defendants admit that the Detroit-Wayne County Joint Building Authority ("JBA") hired Hines to manage CAYMC, but can neither admit nor deny what Hines has on its website and leave Plaintiffs to their proofs.

55.     County Defendants admit that Wayne County hired Hines to manage the renovations to the Guardian Building in 2008. County Defendants also admit that there are numerous County and County-related entities that occupy space at the Guardian Building.

## DEFENDANTS HAVE INJURED EACH OF THE PLAINTIFFS

56.     County Defendants neither admit nor deny the allegations as to Plaintiffs' status or need for services and leave Plaintiffs to their proofs, but deny that Plaintiffs have been denied access to any of the buildings outlined in Plaintiffs' complaint because such allegation is untrue and further deny that Plaintiffs have been denied the rights outlined in subparagraphs a – q because such allegations are also untrue.

57.     County Defendants can neither admit nor deny the allegations in Plaintiffs' paragraph 57 and leave Plaintiffs to their proofs.

58.     County Defendants can neither admit nor deny the allegations in Plaintiffs' paragraph 58 and leave Plaintiffs to their proofs.

59.     County Defendants can neither admit nor deny the allegations in Plaintiffs' paragraph 59 as to Plaintiffs' physical needs and leave Plaintiffs to their proofs.  County Defendants can neither admit nor deny the specific allegations related to the physical state of CAYMC as outlined in subparagraphs a – e and leave Plaintiffs to their proofs.

60.     County Defendants can neither admit nor deny the allegations in Plaintiffs' paragraph 60 and leave Plaintiffs to their proofs.

61.     County Defendants deny the allegation that they have refused to comply with federal and state laws because such allegation is untrue.  County Defendants can neither admit nor deny the specific allegations as to Plaintiff Jacobson's actions and leave Plaintiffs to their proofs.

62.     County Defendants deny the allegation that they have refused to comply with federal and state laws because such allegation is untrue.  County Defendants can neither admit nor deny the remaining allegations outlined in paragraph 62 and leave Plaintiffs to their proofs.

63.     County Defendants deny the allegation that they have refused to comply with federal and state laws because such allegation is untrue.  County

Defendants can neither admit nor deny the remaining allegations outlined in paragraph 63 and leave Plaintiffs to their proofs.

64.    County Defendants deny the allegation that they have refused to comply with federal and state laws because such allegation is untrue.

65.    County Defendants deny the allegation that they have refused to comply with federal and state laws because such allegation is untrue.  County Defendants can neither admit nor deny the remaining allegations outlined in paragraph 65 and leave Plaintiffs to their proofs.

66.    County Defendants deny the allegation that they have refused to comply with federal and state laws because such allegation is untrue and further deny that they are liable for any of the damages outlined by Plaintiffs in paragraph 66.

67.    County Defendants deny the allegation that they have refused to comply with federal and state laws because such allegation is untrue and further deny that they are liable for punitive damages outlined by Plaintiffs in paragraph 67.

68.    County Defendants deny the allegation that they have refused to comply with federal and state laws because such allegation is untrue and further deny that they have prevented or prohibited any of the activities outlined by Plaintiffs in paragraph 68 because such allegation is untrue.

69.     County Defendants admit that they provide programming to the public but deny that they have refused to comply with federal and state laws because such allegation is untrue.

70.     County Defendants neither admit nor deny and leave Plaintiffs to their proofs.

71.     County Defendants deny that they have relationships with all other defendants as alleged by Plaintiffs because such allegation is untrue.  County Defendants admit that Wayne County is the owner of the Guardian Building and that Wayne County is obligated to follow state and federal law, but deny that they own or operate CAYMC because such allegation is untrue.

72.     County Defendants deny the allegation that they own, lease, operate or have "joint control with the other Defendants" of properties because such allegation is untrue.  County Defendants further deny that they have any ownership interest in Frank Murphy Hall of Justice or the 36th District Court as such allegation is untrue.  County Defendants admit that Wayne County is a lessee at the Penobscot Building and 400 Monroe.  County Defendants admit that Wayne County Building Authority owns the Lincoln Hall of Justice and that Wayne County owns the new Criminal Justice Center that is under construction on East Warren Avenue.

73.     County Defendants neither admit nor deny the allegations in Plaintiffs' paragraph 73 and leave Plaintiffs to their proofs.

74.     County Defendants neither admit nor deny the allegations in Plaintiffs' paragraph 74 and leave Plaintiffs to their proofs.

75.     County Defendants neither admit nor deny the allegations in Plaintiffs' paragraph 75 and leave Plaintiffs to their proofs.

76.     County Defendants neither admit nor deny the allegations in Plaintiffs' paragraph 76 and leave Plaintiffs to their proofs.

77.     County Defendants neither admit nor deny the allegations in Plaintiffs' paragraph 77 as to the characterization of the structure and the daily and annual visitors and leave Plaintiffs to their proofs.  County Defendants admit there are two towers and certain common areas.

78.     County Defendants admit that CAYMC is a building that is open to the public, but neither admit nor deny the specific legal conclusion outlined by Plaintiffs and leave Plaintiffs to their proofs.

79.     County Defendants admit that CAYMC has served multiple governmental functions, including those outlined by Plaintiffs.

80.     County Defendants neither admit nor deny the allegations in Plaintiffs' paragraph 80 as they call for legal conclusions and leave Plaintiffs to their proofs.  Further, County Defendants can neither admit nor deny the

allegations relating to specific areas or physical characteristics of the building and leave Plaintiffs to their proofs.

81.    County Defendants admit that the County entered into a contract of lease on or about November 6, 1952.

82.    County Defendants admit that the County entered into an amendment of lease contract on or about March 1, 1988.

83.    County Defendants neither admit nor deny the allegations contained in this paragraph as they require a legal conclusion, and further leave Plaintiffs to their proofs.

84.    County Defendants can neither admit nor deny the allegations that speak to specific improvements made to CAYMC and leave Plaintiffs to their proofs.

85.    County Defendants can neither admit nor deny the allegations that speak to specific improvements made to CAYMC as they call for a legal conclusion and leave Plaintiffs to their proofs.

86.    County Defendants can neither admit nor deny the allegations that speak to specific improvements made to CAYMC as they call for a legal conclusion and leave Plaintiffs to their proofs.

87.    County Defendants can neither admit nor deny the allegations that speak to specific improvements made or alterations made to the streets, sidewalks

and areas adjacent to CAYMC as they call for a legal conclusion and leave Plaintiffs to their proofs.

88.    County Defendants neither admit nor deny the allegations that speak to specific improvements made to CAYMC as they call for a legal conclusion and leave Plaintiffs to their proofs.

89.    County Defendants deny that they have violated state or federal law as such allegation is untrue.

90.    County Defendants neither admit nor deny the allegations that speak to specific configuration or improvements made to CAYMC as they call for a legal conclusion and leave Plaintiffs to their proofs.

91.    County Defendants deny that they have deprived Plaintiffs of their rights or injured them in any way because such allegation is untrue.

92.    County Defendants neither admit nor deny the allegations that speak to specific configuration at the Frank Murphy Hall of Justice and leave Plaintiffs to their proofs.

93.    County Defendants neither admit nor deny the allegations that speak to 36th District Court and leave Plaintiffs to their proofs.

94.    County Defendants neither admit nor deny the allegations that speak to the adequacy of the specific configuration at the Lincoln Hall as they call for a legal conclusion and leave Plaintiffs to their proofs.

95.    County Defendants neither admit nor deny the allegations that speak to the adequacy of the specific design or configuration at the yet to be opened Criminal Justice Complex as they call for speculation on a building that is not even constructed and a legal conclusion and leave Plaintiffs to their proofs.

96.    County Defendants admit that Wayne County has offices throughout the Guardian Building, but deny that they have violated state or federal law because such allegation is untrue.

97.    County Defendants admit that the County has offices at 400 Monroe, including the Register of Deeds and the Wayne County Treasurer, but deny that they have violated state or federal law because such allegation is untrue.

98.    County Defendants admit that the Friend of the Court is located in the Penobscot Building, but deny that they have violated state or federal law because such allegation is untrue and further deny that the County Defendants would be responsible for any structural issues associated with that structure.

99.    County Defendants neither admit nor deny.

100.    County Defendants neither admit nor deny.

101.    County Defendants neither admit nor deny.

102.    County Defendants neither admit nor deny.

103.    County Defendants neither admit nor deny.

104.    County Defendants neither admit nor deny.

105.    County Defendants neither admit nor deny.

106.    County Defendants neither admit nor deny.

107.    County Defendants admit that Wayne County has received federal funds through the American Rescue Plan Act (ARPA), but cannot speak to other defendants' receipt of any such funds.

108.    County Defendants neither admit nor deny and leave Plaintiffs to their proofs.

109.    County Defendants neither admit nor deny and leave Plaintiffs to their proofs.

110.    County Defendants neither admit nor deny and leave Plaintiffs to their proofs.

111.    County Defendants neither admit nor deny and leave Plaintiffs to their proofs.

112.    County Defendants neither admit nor deny the allegations related to repeated complaints and leave Plaintiffs to their proofs, but affirmatively state that they believe to be compliant with state and federal law in facilities over which they have management or control.

113.    County Defendants deny the allegation that they have violated state or federal law as such allegation is untrue.

## COUNT I – FEDERAL LAW VIOLATIONS

114.   County Defendants incorporate all prior paragraphs and responses as if fully set forth herein.

115.   County Defendants deny the allegation that they have violated state or federal law as such allegation is untrue.

## COUNT II – STATE LAW VIOLATIONS

116.   County Defendants incorporate all prior paragraphs and responses as if fully set forth herein.

117.   County Defendants deny the allegation that they have violated state or federal law as such allegation is untrue.

## COUNT III – DAMAGES

118.   County Defendants incorporate all prior paragraphs and responses as if fully set forth herein.

119.   County Defendants deny the allegation that they have violated state or federal law as such allegation is untrue.

120.   County Defendants deny that they have harmed Plaintiffs in any way and further deny that they have violated state or federal law as such allegations are untrue.

## COUNT IV – PUNITIVE DAMAGES

121.   County Defendants incorporate all prior paragraphs and responses as if fully set forth herein.

122.   County Defendants admit that they are aware of their obligations.

123.   County Defendants deny the allegation that they have violated state or federal law as such allegation is untrue.

124.   County Defendants deny the allegation that they have violated state or federal law as such allegation is untrue.

125.   County Defendants deny the allegation that they have violated state or federal law as such allegation is untrue.

126.   County Defendants deny that they have harmed Plaintiffs in any way and further deny that they have violated state or federal law as such allegations are untrue.

127.   County Defendants deny that they have harmed Plaintiffs in any way and further deny that they have violated state or federal law as such allegations are untrue and further deny that they are liable for any damages.

## **JURY DEMAND**

128.   County Defendants neither admit nor deny.

## <u>COUNTY DEFENDANTS' AFFIRMATIVE DEFENSES</u>

1.      Some or all of the Counts of the Complaint fail to state a claim upon which relief can be granted.

2.      Counts III and IV allege Plaintiffs' alleged right to recover damages and punitive damages, respectively, and are not valid counts.

3.      Joinder of parties and claims is inappropriate in this case.

4.      Plaintiffs' claims may be barred in whole or in part for the reason that the relief requested would constitute an undue hardship and administrative burden upon the County Defendants to bring its subject properties into compliance with the required scope of the acts pursuant to which the action is brought.

5.      Plaintiffs' demands as they relate to the County Defendants' properties are not readily achievable nor are they financially reasonable or achievable.

6.      County Defendants and the properties subject to this action are entitled to a safe harbor based on prior compliance.

7.      Allegations as to the County's Criminal Justice Complex are not ripe, as the building is not complete.

8.      It is structurally impossible to meet all of the requirements Plaintiffs claim are necessary at the Guardian and Penobscot buildings.

9.      Plaintiffs' claims may be barred in whole or in part for Plaintiffs' failing to mitigate damages, failing to provide adequate notice of claimed issues or

problems, and failing to give sufficient opportunity to remedy those problems, before going to the unnecessary and undue expense of an unneeded litigation, when any barriers could have easier been remedied without such an extreme remedy.

10.     Plaintiffs' claims may be barred in whole or in part for the reason that one or more of Plaintiffs lacks standing, as having suffered no real harm, or to the extent one or more Plaintiffs never intended to seek any services at the County buildings and/or does not intend to return to any of the County buildings.

11.     Plaintiffs' claims may be barred in whole or in part for the reason that Plaintiffs have suffered no real harm as a result of any of the claimed violations set forth in the Complaint.

12.     Plaintiffs' claims may be barred in whole or in part for the reason that the there is a business necessity to the nature in which the County buildings are configured and/or managed.

13.     Plaintiffs' allegations are inapplicable in this matter because the County buildings at issue in this case existed before January 26, 1992.

14.     Plaintiffs' claims against the County Defendants may be barred in whole or in part by application of the applicable statute of limitations and/or doctrine of laches.

15.     Plaintiffs' claims may be barred in whole or in part because the alleged violations do not prevent Plaintiffs from using and/or enjoying all of the goods,

services, and facilities available to the public at the County buildings outlined in Plaintiffs' complaint, or equivalent to the goods, services, or facilities available to members of the public.

16.     Plaintiffs' claims may be barred in whole or in part for failure to exhaust administrative remedies, or non-compliance with other conditions precedent.

17.     The alleged deprivation of civil rights did not result from a breach of any duty the County Defendants owed to Plaintiffs, nor were the alleged actions or omissions the cause in fact or proximate cause of harm Plaintiffs allege they have suffered.

18.     If Plaintiffs' allegations of facts, as set forth in Plaintiffs' Complaint are proven to be true, all of which are expressly and repeatedly denied as to the County Defendants, then the County Defendants acted unintentionally and with insufficient culpability to establish a cause of action under any federal civil rights statute or other statute.

19.     At all times relevant hereto, the County Defendants acted without malicious intent and acted in good faith and with a reasonable justification or belief in the legality and lawfulness of its actions, and its actions were reasonable considering all of the circumstances.

20.     Plaintiffs' injuries and damages, if any, are unrelated to any actions or omissions on the part of County Defendants.

21.     Plaintiffs were not deprived of any rights secured by the United States Constitution or any federal or state statute.

22.     Plaintiffs' claims are barred or limited based upon Plaintiffs' own actions.

23.     The Complaint (including each purported count in it) does not state facts sufficient to certify a class for purposes of a class action. Therefore, this action is not properly brought as a class action under Rule 23 of the Federal Rules of Civil Procedure.

WHEREFORE, County Defendants request that this Court deny the relief requested by Plaintiffs and dismiss the complaint in its entirety as being without merit and grant any other relief that this Court deems just and equitable.

Respectfully submitted,

JAMES HEATH
Wayne County Corporation Counsel

Date: March 10, 2023

BY:   /s/ James M. Jernigan
**JAMES M. JERNIGAN (P57035)**
Assistant Corporation Counsel
Attorney for Defendants Wayne County and Wayne
County Building Authority
400 Monroe, Suite 290
Detroit, MI  48226
(313) 202-7188

## CERTIFICATE OF SERVICE

The undersigned, being first and duly sworn deposes and states that on March 10, 2023, she electronically filed an **Appearance of Counsel and Notice of Appearance** with the Clerk of the Court using the ECF system which will send notification of such filing to all parties registered on this case.

        /s/S. Washington

Sanonya Washington