UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK, JAIME JUNIOR and
ASHLEY JACOBSON, on behalf of
themselves and all others similarly situated,

     Plaintiffs,

v

STATE OF MICHIGAN, COUNTY OF
WAYNE, CITY OF DETROIT, WAYNE
COUNTY BUILDING AUTHORITY,
DETROIT BUILDING AUTHORITY,
DETROIT-WAYNE JOINT BUILDING
AUTHORITY and HINES, out of state
corporation authorized to do business in
Michigan,

     Defendants.

_____

No. 2:22-cv-12951

HON. MARK A. GOLDSMITH

MAG. JONATHAN J.C. GREY

**DEFENDANT STATE OF
MICHIGAN'S CORRECTED
MOTION TO DISMISS**

Michael W. Bartnik (P32534)
Attorney for Plaintiffs
41000 Woodward Avenue, Suite 350
Bloomfield Hills, Michigan 48304
248.608.3660
michaelbartnik@protonmail.com

Kimberly Pendrick (P60348)
Assistants Attorney General
Attorney for Defendant State of Michigan
3030 West Grand Blvd
Detroit, Michigan 48202
313.456.0200
pendrickk@michigan.gov

Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
Attorney for Defendant
State of Michigan
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
drysdalecrownc@michigan.gov

Charles N. Raimi (P29746)
Deputy Corporation Counsel, City of Detroit
Attorney for Defendant City of Detroit
2 Woodward Ave, Suite 500
Detroit, Michigan 48226
313.237.5037
raimic@detroitmi.gov

Jesse Halfon (P66936)
Attorney for Defendants City of Detroit
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
313.237.5244
jesse.halfon@detroitmi.gov

Monica N. Hunt (P68838)
Counsel for Detroit Building Authority
3011 West Grand Boulevard
2500 Fisher Building
Detroit, Michigan 48202
313.871.5500
mhunt@alglawpc.com

James Heath (P65419)
James M. Jernigan (P57035)
Attorneys for Defendants Wayne Co and
Wayne Co Building Authority
400 Monroe, Suite 290
Detroit, Michigan 48226
313.202.7188
jjernigan@waynecounty.com
jheath@waynecounty.com

Gregory N. Longworth (P49249)
Paul S. Magy (P34423)
Attorneys for Defendants DWJBA & Hines
151 South Old Woodward, Suite 200
Birmingham, Michigan 48009
248.988.5844
pmagy@clarkhill.com
glongworth@clarkhill.com

_____/

# DEFENDANT STATE OF MICHIGAN'S CORRECTED MOTION TO DISMISS

Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
Attorney for Defendant State of Michigan
P.O. Box 30736
Lansing, MI 48909
517.335.7659
drysdalecrownc@michigan.gov

Dated:  March 14, 2023

Defendant State of Michigan (State Defendant), through counsel and under

Fed. R. Civ. P. 12(b)(1) and 12(b)(6), moves this Court to dismiss Plaintiffs'

complaint.  State Defendant states in support:

1.     The undersigned counsel certifies that counsel communicated in

writing with opposing counsel, explaining the nature of the relief to be sought by

way of this motion and seeking concurrence in the relief, and three business days

have lapsed without opposing counsel expressly agreeing to the relief, orally or in

writing.

2.     On December 6, 2022, Plaintiffs filed this complaint alleging the State

of Michigan violated various federal and state laws relative to the accessibility of

20 buildings in at least six different counties.

3.     Plaintiffs fail to plead sufficient claims against the State of Michigan

where their complaint does not meet the minimum pleading requirements of Fed.

R. Civ. P. 8(a)(2).

4.     Further, Plaintiffs state law claims are barred by Eleventh Amendment

immunity.

5.     Plaintiffs also fail to state a claim for the imposition of punitive

damages against the State of Michigan.

6.     For these reasons and the reasons stated more fully in the

accompanying brief in support, Defendant State of Michigan respectfully requests

that this Honorable Court enter an order dismissing Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), in addition to any other relief this Court deems just and equitable.

Respectfully submitted,

*s/ Cassandra Drysdale-Crown*
Cassandra Drysdale-Crown
Assistant Attorney General
Attorney for Defendant State of Michigan
P.O. Box 30736
Lansing, MI 48909
517.335.7659
drysdalecrownc@michigan.gov
P64108

Dated: March 14, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK, JAIME JUNIOR and
ASHLEY JACOBSON, on behalf of
themselves and all others similarly situated,

     Plaintiffs,

v

STATE OF MICHIGAN, COUNTY OF
WAYNE, CITY OF DETROIT, WAYNE
COUNTY BUILDING AUTHORITY,
DETROIT BUILDING AUTHORITY,
DETROIT-WAYNE JOINT BUILDING
AUTHORITY and HINES, out of state
corporation authorized to do business in
Michigan,

     Defendants.

_____

No. 2:22-cv-12951

HON. MARK A. GOLDSMITH

MAG. JONATHAN J.C. GREY

**BRIEF IN SUPPORT OF
DEFENDANT STATE OF
MICHIGAN'S CORRECTED
MOTION TO DISMISS**

Michael W. Bartnik (P32534)
Attorney for Plaintiffs
41000 Woodward Avenue, Suite 350
Bloomfield Hills, Michigan 48304
248.608.3660
michaelbartnik@protonmail.com

Kimberly Pendrick (P60348)
Assistants Attorney General
Attorney for Defendant State of Michigan
3030 West Grand Blvd
Detroit, Michigan 48202
313.456.0200
pendrickk@michigan.gov

Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
Attorney for Defendant
State of Michigan
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
drysdalecrownc@michigan.gov

Charles N. Raimi (P29746)
Deputy Corporation Counsel, City of Detroit
Attorney for Defendant City of Detroit
2 Woodward Ave, Suite 500
Detroit, Michigan 48226
313.237.5037
raimic@detroitmi.gov

Jesse Halfon (P66936)
Attorney for Defendants City of Detroit
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
313.237.5244
jesse.halfon@detroitmi.gov

Monica N. Hunt (P68838)
Counsel for Detroit Building Authority
3011 West Grand Boulevard
2500 Fisher Building
Detroit, Michigan 48202
313.871.5500
mhunt@alglawpc.com

James Heath (P65419)
James M. Jernigan (P57035)
Attorneys for Defs Wayne Co and
Wayne Co Building Authority
400 Monroe, Suite 290
Detroit, Michigan 48226
313.202.7188
jjernigan@waynecounty.com
jheath@waynecounty.com

Gregory N. Longworth (P49249)
Paul S. Magy (P34423)
Attorneys for Defendants DWJBA
& Hines
151 South Old Woodward, Suite 200
Birmingham, Michigan 48009
248.988.5844
pmagy@clarkhill.com
glongworth@clarkhill.com

_____/

# BRIEF IN SUPPORT OF DEFENDANT STATE OF MICHIGAN'S CORRECTED MOTION TO DISMISS

Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
Attorney for Defendant State of Michigan
P.O. Box 30736
Lansing, MI 48909
517.335.7659
drysdalecrownc@michigan.gov

Dated:  March 14, 2023

# TABLE OF CONTENTS

Page

Table of Contents ............................................................................... i

Index of Authorities ......................................................................... iii

Concise Statement of Issue Presented ............................................. vi

Controlling or Most Appropriate Authorities .................................. vi

Introduction ........................................................................................1

Statement of Facts ..............................................................................1

Ashley Jacobson.................................................................................2

Jill Babcock .......................................................................................3

Standard of Review ............................................................................4

Argument.............................................................................................5

I.      Plaintiffs have failed to state plausible claims upon which relief may
        be granted against the State of Michigan. ......................................5

        A.      Plaintiffs fail to state a viable Americans with Disabilities Act
                claim against the State..........................................................6

        B.      Plaintiffs fail to state a plausible Federal Rehabilitation Act
                claim against the State........................................................11

        C.      Plaintiffs fail to state a plausible Federal Architectural Barriers
                Act claim against the State..................................................15

        D.      Plaintiffs fail to state plausible state statutory claims against the
                State. ...................................................................................18

                1.      Barrier Free Design Act ............................................18

                2.      Stille-Derossett-Hale Single State Construction Code Act ......19

                3.      Sidewalks:  Persons With Disabilities Act .................20

i

4.      Persons With Disabilities Civil Rights Act ..............................21

5.      Elliott-Larsen Civil Rights Act .................................................22

E.    Plaintiffs state law claims are barred by the Eleventh
Amendment. .......................................................................................23

F.    Plaintiffs fail to state a claim for the imposition of punitive
damages against the State of Michigan. .............................................24

Conclusion and Relief Requested ...........................................................................25

Local Rule Certification...........................................................................................25

Certificate of Service ...............................................................................................26

# INDEX OF AUTHORITIES

Page

**Cases**

*Alabama v. Pugh*, 438 U.S. 781 (1978) ....................................................23

*Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015) .....................7

*Ashcroft v. Iqbal*,  556 U.S. 662 (2009) ..............................................4, 22

*Babcock v. State of Mich., et al.*, 812 F.3d 531 (6th Cir. 2016) ..................... 8, 9, 14

*Barnes v. Gorman*, 536 U.S. 181 (2002) ...................................................24

*Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) ............................23

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................5, 22

*Bright v. Eversole,* 2018 WL 11468754 (E.D. Tenn., Dec. 17, 2018) ....................16

*Burkett v. Booker*, 2006 WL 2583371 (E.D. Ky. Sept. 7, 2006) ............................16

*Crowder v. True*, 1998 WL 42318 (N.D. Ill., Jan. 29, 1998) ..................................16

*Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005)............................................24

*Jackson v. Fed. Bureau of Prisons*, 2007 WL 843839 (D. Minn. Mar. 16, 2007)....................................................................................................16

*Jim C. v. United States,* 235 F.3d 1079 (8th Cir. 2000)................................... 12, 13

*Koslow v. Pennsylvania,* 302 F.3d 161 (3rd Cir. 2002)................................... 12, 13

*Landefeld v. Marion Gen. Hosp. Inc.*, 994 F.2d 1178 (6th Cir. 1993) ....... 12, 13, 14

*Lane v. KinderCare Learning Centers, Inc*., 588 N.W.2d 715 (Mich. App. 1998)....................................................................................................18

*Mingus v. Butler*, 591 F.3d 474 (6th Cir. 2010).........................................6

*Mote v. City of Chelsea*, 284 F. Supp.3d 863 (E.D. Mich. 2018)...........................9

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) ................24

*Rakowski v. Sarb*, 713 N.W.2d 787 (Mich. 2006) ...................................................20

*RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125 (6th Cir. 1996) ...........................................................................................................................4

*Schroeder v. City of Chicago*, 927 F.2d 957 (7th Cir. 1991) .................................12

*Tennessee v. Lane*, 541 U.S. 509 (2004) ...........................................................6, 20

*Tucker v. Tennessee*, 539 F.3d 526 (6th Cir. 2008) ...............................................7

*United States v. Georgia*, 546 U.S. 151 (2006) ......................................................6

*United States v. Menasche,* 348 U.S. 528 (1955) .................................................13

*Vansteenkiste v. Lakeside Mall, LLC,* ___ F. Supp. 3d ___; 2014 U.S. Dist. LEXIS 82134 (E.D. Mich, June 17, 2014) ...........................................................21

*Wood v. Smith*, ___ F. Supp. 3d ___; 2018 U.S. Dist. LEXIS 56714 (E.D. Ark., Mar. 12, 2018) ...............................................................................................16

*Zibbell v. Michigan Depart. Of Human Services*, 313 F. App'x 843 (6th Cir. 2009) ...........................................................................................................................6

**Statutes**

29 U.S.C. § 792(b) ...................................................................................................16

29 U.S.C. § 794(a) ............................................................................................ 11, 12

42 U.S.C. § 12101 .....................................................................................................6

42 U.S.C. § 12132 ..................................................................................................6, 7

42 U.S.C. § 4151 ............................................................................................... 15, 16

42 U.S.C. § 4152 .....................................................................................................15

42 U.S.C. § 4153 .....................................................................................................15

Americans with Disabilities Act of 1990 ........................................................ passim

Architectural Barriers Act of 1968 ........................................................... 15, 16, 17

Mich. Comp. Laws § 125.1351 ...................................................................18

Mich. Comp. Laws § 125.1352(1) .............................................................18

Mich. Comp. Laws § 125.1352(2) .............................................................18

Mich. Comp. Laws § 125.1353 (1) ............................................................19

Mich. Comp. Laws § 125.1361 ...................................................................20

Mich. Comp. Laws § 125.1501 ...................................................................19

Mich. Comp. Laws § 125.1502a .................................................................19

Mich. Comp. Laws § 125.1503a .................................................................19

Mich. Comp. Laws § 125.1508b(1) ............................................................19

Mich. Comp. Laws § 125.1514(1) .............................................................20

Mich. Comp. Laws § 125.1516(1) .............................................................20

Mich. Comp. Laws § 37.1302 .....................................................................21

Mich. Comp. Laws § 37.1606 .....................................................................24

Mich. Comp. Laws § 37.2302 .....................................................................22

Mich. Comp. Laws § 600.9947 ...................................................................10

Persons with Disabilities Civil Rights Act ........................................ 21, 24

**Other Authorities**

Michigan Barrier Free Design Act................................................... 18, 19

Stille-Derossett-Hale Single State Construction Code Act ....................19

**Constitutional Provisions**

Mich. Const. 1963, Art. VI, § 1 ...............................................................10

U.S. Const., Amend. XI ..............................................................................23

## CONCISE STATEMENT OF ISSUE PRESENTED

1.  Are Plaintiffs' federal and state claims subject to dismissal where Plaintiffs have failed to state plausible claims upon which relief may granted and certain claims are barred by immunity?

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

_Authorities_:

_Angel v. Kentucky_, 314 F.3d 262 (6th Cir. 2002)
_Ashcroft v. Iqbal_, 556 U.S. 662 (2009)
_Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 555 (2007)
_Tennessee v. Lane_, 541 U.S. 509 (2004)
_United States v. Georgia_, 546 U.S. 151 (2006)
_Mingus v. Butler_, 591 F.3d 474, (6th Cir. 2010)
_Tucker v. Tennessee_, 539 F.3d 526 (6th Cir. 2008)
_Landefeld v. Marion Gen. Hosp. Inc._, 994 F.2d 1178 (6th Cir. 1993)
_Jim C. v. United States,_ 235 F.3d 1079 (8th Cir. 2000)
_Lane v. KinderCare Learning Centers, Inc._, 588 N.W.2d 715, 718 (Mich. App. 1998)
_Vansteenkiste v. Lakeside Mall, LLC_, ___ F. Supp. 3d ___; 2014 U.S. Dist. LEXIS 82134, at *30 (E.D. Mich, June 17, 2014)
_Ernst v. Rising_, 427 F.3d 351 (6th Cir. 2005).
_Barnes v. Gorman_, 536 U.S. 181 (2002)

## INTRODUCTION

Plaintiffs Jill Babcock and Ashley Jacobson bring this purported class action against Defendant State of Michigan alleging the State owns, leases, and operates various buildings and facilities within the State that allegedly prevent or create difficulties in accessibility in violation of federal and state disability laws.  The State of Michigan is a proponent and supporter of the disability community and works to ensure that the buildings for which it is responsible meet the requirements of federal and state law relative to accessibility, including reasonable modifications to existing buildings.  However, Plaintiffs fail to allege or identify any facts demonstrating the State's responsibility for all the buildings at issue or that it denied Plaintiffs access to or receipt of services, programs, or activities.

## STATEMENT OF FACTS

Jill Babcock (Babcock) and Ashley Jacobson (Jacobson) (collectively Plaintiffs), bring this action on behalf of themselves and as a purported class action.  Plaintiffs identify 20 buildings in at least six different counties with various alleged disability violations that are allegedly "owned, leased, and operated jointly and severally by [the State and local government Defendants] for the Defendant governments' executive, legislative, judicial and administrative review functions."  (ECF No. 1, Compl., ¶1, PageID.1-2.)  Plaintiffs allege these facility

issues interfere with their barrier-free access, ability to use restrooms, and ability to work or to work effectively.  (*Id.*, ¶¶ 27, 29-30, PageID.8-9.)

While Plaintiffs broadly identify entitlement and need to participate in several governmental functions, such as participating in judicial proceedings and paying taxes, they fail to identify when, which buildings, and what specific services, programs, and activities of the State they were unable to access.  (*Id.*, ¶ 56, PageID.15-16.)  Further, while Plaintiffs allege design flaws to facilities, sidewalks, etc., they fail to allege sufficient facts to demonstrate these issues are a result of the State's conduct or that the purported defects prevented Plaintiffs from availing themselves of the State's services, programs, and activities.

### Ashley Jacobson

Plaintiffs allege Jacobson resides in Washtenaw County and is a disability rights attorney and vocational rehabilitation counselor.  (ECF No.1, Compl. ¶ 19, PageID.6; ¶ 25, PageID.7.)  Plaintiff Jacobson alleges she uses various medical devices due to "impairments of her bladder, spine, joints, and immune system," including suffering from incontinence and other conditions affecting the urinary, bowel, and gastro-intestinal systems.  (*Id.*, ¶ 20, PageID.6; ¶ 58, PageID.17-18.)

Plaintiffs allege Jacobson "must have immediate, in-person physical access. . . to all services, programs, and activities" including, attending and conducting depositions, discovery, and meetings; attending hearings, trials, and appeals;

meeting with clients and witnesses confined to the Juvenile Center or City/Sheriff "lock-ups"; and meeting and interacting with judges, their staff, attorneys, and parties.  (*Id.*, ¶ 57, PageID.16-17.)  Jacobson alleges she has lost work, continuing business opportunities, and has had to turn down cases because she is unable to or has additional difficulties accessing Defendants' buildings.  (*Id.*, ¶¶ 30, 61 PageID.9, 20.)  Plaintiff Jacobson generally alleges she "risks falling and is unable to use necessary equipment because of lack of physical space and mobility bars in stalls. . . .[and] has had to turn down cases in these buildings," and that generally "she must spend time considering and compensating for building inaccessibility in ways her nondisabled peers do not."  (*Id.*, ¶ 61, PageID.20.)

### Jill Babcock

Plaintiffs allege Babcock resides in Wayne County and is an attorney licensed in Michigan and employed with the City of Detroit.  (*Id.,* ¶¶ 15, 23-24, PageID.5, 7.)  Plaintiff Babcock asserts that she "has several physical disabilities and impairments. . . . [that] require her to use a wheelchair, scooter, or other mobility device," and that "[t]he lack of assess described in [their] complaint interferes with her ability to engage in [practicing law, employment and volunteer community and disability rights advocacy] effectively."  (*Id.*, ¶¶ 16, 24, PageID.5-7.)  Like Plaintiff Jacobson, Babcock generally claims "the lack of access

described in [their] complaint interferes with her ability to engage in these activities effectively." (*Id.*, ¶ 24, PageID.7.)

## STANDARD OF REVIEW

Dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate with respect to the claims set forth in Plaintiffs' complaint that are barred by the State's Eleventh Amendment immunity. When reviewing a motion to dismiss under Rule 12(b)(1) that attacks the factual basis of the Court's jurisdiction, rather than the facial deficiency of the complaint, no presumptive truthfulness attaches to a plaintiff's allegations, and disputed material facts will not preclude a court from evaluating the merits of jurisdictional claims. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996).

In addition to Eleventh Amendment immunity as to certain claims, all of Plaintiffs' claims are subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Courts are only to consider facts that are truly well pleaded: they are not to take as true "legal conclusions," including when "couched as a factual allegation," nor "mere conclusory statements" or "naked assertions devoid of further factual enhancement." *Id.* at 678-79 (cleaned up).

## ARGUMENT

**I.      Plaintiffs have failed to state plausible claims upon which relief may be granted against the State of Michigan.**

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true.  *Id.*  Here, Plaintiffs fail to satisfy these minimal standards.

Plaintiffs' complaint fails to clearly identify the State's conduct that would subject it to liability under any of the claims in Plaintiffs' complaint.  Plaintiffs merely list a host of alleged facility issues and ascribe conduct generally to *all* Defendants.  Counts I and II consist of one paragraph each simply listing various federal and state laws that were allegedly violated, while purporting the violations include but are not limited to these laws.  (ECF No. 1, ¶¶ 115, 117, PageID.43.) These counts fail to provide any information, even when combined with the remainder of the complaint, to identify any plausible causes of action against the State.  Nowhere do Plaintiffs include any particularized factual basis that is directly applicable to State Defendant.  Thus, in the absence of any allegations stating a

viable cause of action or giving notice of the nature of the claims, Plaintiffs have

failed to state a claim against the State and Plaintiffs' complaint must be dismissed.

> **A.    Plaintiffs fail to state a viable Americans with Disabilities Act claim against the State.**

Plaintiffs purportedly allege a claim against the State under Title II of the

Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, *et seq*.  The

State may be entitled to Eleventh Amendment immunity with respect to such a

claim, *see, e.g., Tennessee v. Lane*, 541 U.S. 509 (2004), however, the Sixth

Circuit has clarified that a court should first resolve whether a plaintiff has stated a

viable Title II claim before addressing whether immunity will bar the claim.  *See*

*Zibbell v. Michigan Dep't. of Human Services*, 313 F. App'x 843, 850 (6th Cir.

2009) (citing *United States v. Georgia*, 546 U.S. 151, 159 (2006)).  Here, because

Plaintiffs' complaint fails to plausibly allege a Title II ADA claim against the

State, it is unnecessary for the State to address, in this brief, whether it would be

entitled to immunity under the second and third prongs of the test articulated in

*United States v. Georgia*, 546 U.S. at 159.

Title II of the ADA provides that no qualified individual with a disability

shall, because of that disability, "be denied the benefits of the services, programs,

or activities of a public entity, or be subjected to discrimination by any such

entity." *Mingus v. Butler*, 591 F.3d 474, 481-82 (6th Cir. 2010) (citing 42 U.S.C.

§ 12132).  In order to state a claim under Title II, Plaintiffs must show: (1) they are

qualified individuals with a disability; (2) the State is subject to the ADA; and (3)

Plaintiffs were denied the opportunity to participate in or benefit from services,

programs, or activities provided by the State.  *See Tucker v. Tennessee*, 539 F.3d

526, 532–33 (6th Cir. 2008), *abrogated on other grounds by Anderson v. City of*

*Blue Ash*, 798 F.3d 338 (6th Cir. 2015).

The State does not contest for purposes of this motion that Plaintiffs are

qualified individuals with a disability or that the State is a covered entity under

Title II.  But Plaintiffs fail to allege sufficient facts demonstrating the State's

conduct resulted in the denial of the benefits of services, programs, or activities

provided by the State.  42 U.S.C. § 12132.

Plaintiffs' complaint alleges that all the buildings listed within the complaint

have architectural and facility barriers—*e.g.*, lack of immediately accessible toilets,

as well inaccessible or insufficient parking—that prevent Plaintiffs access to

services and programs.  (ECF No. 1, ¶ 16, PageID.5-6; ¶ 3, PageID.2; ¶ 27,

PageID.8; ¶ 62, PageID.20-21; ¶¶ 73-75, PageID.24-25; ¶ 80, PageID.26-28; ¶ 84,

PageID.28-31; ¶ 90, PageID.32; ¶92, PageID.32; ¶¶ 92-104, PageID.33-40; ¶ 106,

PageID.41.)  But alleging building defects or design flaws does not, on its own,

establish a violation of Title II, which requires access to services, programs, and

activities versus structural issues alone.

Plaintiff Babcock filed a previous Title II ADA claim against the State of Michigan and the Michigan Strategic Fund related to facility design features for the Cadillac Place building in Detroit. *Babcock v. State of Mich., et al.*, 812 F.3d 531 (6th Cir. 2016) (*Babcock I*). In *Babcock I*, the Court held that Babcock failed to identify "any 'services, programs, or activities' of a public entity from which she was excluded or denied benefit." *Id*.

Plaintiffs' current complaint suffers from the same deficiencies as the prior case. The allegations of denial of services are mere recitations of the services purportedly available at various buildings, such as voting and observing and participating in judicial branch services, and access to "basic and necessary government functions and services," etc. (ECF No. 1, Compl. ¶ 6, 31, 32, PageID.4, 9-10.) But the act of cataloguing available services and alluding to a denial of services and injury within the instant complaint does not state a claim. Nor is this cataloguing of available services to which Plaintiffs allege they are entitled sufficient to overcome the fact that Plaintiffs are centering this right of action around facility accessibility which, standing alone, is not a cognizable claim under Title II. *Babcock I,* 812 F.3d at 536. Plaintiffs fail to provide any factual support identifying the State denied Title II services, programs, or activities or even what those denied services were or when they were denied. Thus, Plaintiffs

8

allege similar facility accessibility arguments advanced in *Babcock I*, while simply

adding vague allegations of denial of access to the services within those buildings.

Specifically problematic is Plaintiffs' failure to identify (1) what services,

programs, or activities they have been deprived; (2) when these alleged

deprivations occurred,[1] (3) the building where these deprivations occurred; and

(4) the State's conduct that allegedly denied meaningful access.  To the extent that

Plaintiffs' complaint asserts the State denied Plaintiffs access to courts and court-

related services, programs, and activities, Plaintiffs fail to identify the State's

actual conduct, as well as where and when the State's actual conduct denied

Plaintiffs specific court or court-related services.

Rather, Plaintiffs generally allege the State of Michigan is "specifically

charged" with providing "fully accessible courts for all judicial proceedings."

(ECF No. 1, ¶ 47, PageID.12.)  While the Court generally must take all factual

allegations in a complaint as true when ruling on a motion to dismiss, it is not

"bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*,

556 U.S. at 678.  Plaintiffs cite to authority that does not stand for the principle that

---

[1] The failure to identify the specific incidents of alleged denial of services,
programs, or benefits, especially when such incidents occurred, is significant since
the applicable statute of limitations bars claims older than three years. *See Mote v.
City of Chelsea*, 284 F. Supp.3d 863, 886 (E.D. Mich. 2018) (accepting that statute
of limitations applicable to ADA claims is three years).

the State of Michigan owns, is responsible for, or controls every courthouse in Michigan or is the provider of services, programs, or activities in every court.

Indeed, Plaintiffs point to Michigan constitutional provisions as a basis of support that the State is responsible for or controls each Michigan court building. (ECF No. 1, ¶ 47, PageID.12.)  But the Michigan Constitution does not provide that the State is responsible for every court building and the services, programs, or activities provided by each court within the State.  Section 1 provides authority for the judicial power of the courts; but again, not the responsibility for each facility. Mich. Const. 1963, Art. VI, § 1.  Similarly, § 7 provides the Michigan Supreme Court's authority relative to staffing, budget recommendations, and salaries; but, again, not the responsibility for control over each court facility.  *Id.*, § 7.

Plaintiffs also loosely allege the State of Michigan is responsible for the facilities based on funding statutes.  (ECF No. 1, ¶ 48, PageID.12-13.)  Plaintiffs cite to several Michigan statutes in support, but these statutes do not provide that the funding is tied in any way to the ownership or control of the facilities. Notably, Mich. Comp. Laws § 600.9947 provides for the Michigan legislature to appropriate sufficient funds for trial court operational expenses—but this statute does not provide the State of Michigan has ownership or control of each trial court. Further, subparagraph (2)(b) explicitly excludes provision of funds for "facilities."

Plaintiffs' complaint contains similar legal conclusions that the State of Michigan has "complete control over the streets and highways, sidewalks and curbs, and improved areas adjacent to and leading to the buildings and facilities at issue" and that the State of Michigan "controls, owns, leases, operates, and funds or supervises . . . all the buildings and operations" at issue in the complaint. (ECF No. 1, ¶ 49, 70, PageID.13, 23.) But these conclusions lack factual support or authority. Thus, Plaintiffs have failed to sufficiently plead that the State is liable for all the buildings or surrounding areas they allege are deficient.

### B.    Plaintiffs fail to state a plausible Federal Rehabilitation Act claim against the State.

Plaintiffs purport to allege a claim under Section 504 of the Rehabilitation Act of 1973. That section provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a).

To state a claim under the Rehabilitation Act, a plaintiff must allege facts allowing for the reasonable inference that (1) plaintiff is disabled; (2) plaintiff is otherwise qualified for participation in the program; (3) plaintiff is being excluded from participation in, denied benefits of, or being subjected to discrimination under the program solely due to a disability; and (4) the relevant program or activity is

11

receiving federal financial assistance. *Landefeld v. Marion Gen. Hosp. Inc.*, 994 F.2d 1178, 1180-1181 (6th Cir. 1993).

The plain language of the statute makes clear that the State of Michigan is not an appropriate Defendant. The Rehabilitation Act limits its application to programs or activities receiving federal assistance. 29 U.S.C. § 794(a). The definition of "programs or activities" identifies not the State as a whole, but rather its subordinate components such as agencies or departments. 29 U.S.C. § 794(b)(1). Under this definition, the State as a whole cannot be a "program or activity." Several courts have reached similar conclusions. *See Jim C. v. United States,* 235 F.3d 1079, 1081 (8th Cir. 2000) (holding that under Section 504's definition, the State itself is not a program or activity and that only the department or agency which receives or distributes the aid is covered); *Koslow v. Pennsylvania,* 302 F.3d 161, 171 (3rd Cir. 2002) (holding that suits against the State as a whole are inappropriate as, pursuant to the statutory definitions in the Rehabilitation Act, the state, as a whole, cannot be a program or activity); *Schroeder v. City of Chicago*, 927 F.2d 957, 962 (7th Cir. 1991)(language of Section 504 is not intended to sweep in the whole state for purposes of liability).

Moreover, as several of these same courts have noted, if the entire state government were subject to Section 504 liability whenever one of its subcomponents received federal funds, subsection 794(b)(1)(B) would be

12

redundant as both the distributing and receiving state entities would already be covered under subsection 794(b)(1)(A) whenever either receives federal funds. *See Jim C.*, 235 F.3d at 1081 n. 3; *Koslow*, 302 F.3d at 171.  Thus, basic rules of statutory construction also dictate that the State of Michigan is an inappropriate defendant.  A court should avoid interpreting a statute so as to make portions of it superfluous.  *See e.g., United States v. Menasche,* 348 U.S. 528, 538-39 (1955). For this reason alone, the Section 504 claim against the State must be dismissed.

Regardless, Plaintiffs have not sufficiently pleaded the elements of their claim.  Plaintiffs allege they "have been injured by being deprived of their rights under law" and unable to access or maneuver within buildings or access toilets or lavatories.  (ECF No. 1, ¶ 27, PageID.8.)  They assert that because of Defendants' "refusal to comply with the law makes it difficult or impossible for disabled persons to make a living when their jobs require Plaintiffs go into public buildings and facilities to conduct business.  (*Id.*, ¶ 28, PageID.8-9.)  But Plaintiffs fail to identify sufficient facts that demonstrate Plaintiffs are "being excluded from participation in, denied benefits of, or being subjected to discrimination under the program solely due to a disability."  *Landefeld,* 994 F.2d at 1180-1181.

Although Plaintiff Jacobson alleges that, as an attorney, she has lost work, business opportunities, and incurred *monetary* damages due to the lack of access that "interferes with her ability to do her job or do it effectively," it is unclear

exactly from which service, program, or activity she was excluded.  (ECF No.1,

¶ 30, PageID.9.)  *See*, *e.g., Babcock I,* 812 F.3d at 532.

The complaint discusses in general terms that "[e]ach Plaintiff has been

denied barrier-free access to the buildings and facilities at issue and as required by

Federal and State Laws."  (ECF No.1, ¶ 36, PageID.10; ¶¶ 73-74, PageID.24-25;

¶ 120, PageID.44.)  Similarly, Plaintiffs generally allege the State received federal

funding, "including Pandemic Relief funds and Build Back Better funds."  (*Id*.,

¶ 107, PageID.21.)  But they fail to identify facts demonstrating that the programs,

services, and activities which they were allegedly denied were receiving federal

financial assistance from these two funds.  *See Landefeld,* 994 F.2d at 1180–1181.

Thus, merely referring to these two federal financial assistance programs is

insufficient because no facts have been pleaded establishing that the program or

activity from which they were denied access was receiving financial assistance

from either of these two programs.  Further, Plaintiffs fail to identify which

service, activity, or program from which they were denied access or the State's

conduct that denied them access.  Rather than allege sufficient facts to establish

these elements, Plaintiffs allege entitlement to and "need of services and

participation in the programs and activities provided *by one or more of the*

*Defendants* in the buildings [identified within this complaint] . . . including . . . . to

14

physically attend in their own person."  (ECF No.1, ¶56, PageID.15) (emphasis added).

But again, they fail to identify the particular programs, activities, or services from which they were excluded participation or denied the benefits.  Because Plaintiffs have not identified any particular activity, program, or service they were denied access to or benefit from, and because they have not identified the State conduct that violated Section 504, the Plaintiffs fail to state a claim under the Rehabilitation Act.

### C.   Plaintiffs fail to state a plausible Federal Architectural Barriers Act claim against the State.

In Count I, Plaintiffs allege a violation of the Architectural Barriers Act of 1968 (ABA).  (ECF No. 1, ¶ 115, PageID.43.)  The ABA was enacted to require that federal buildings, or buildings financed with federal money, are built so that they are accessible to the disabled.  42 U.S.C. §§ 4152-4153.  Section 601 of the ABA provides that "the term 'building' means any building or facility . . . the intended use for which either will require that such building or facility be accessible to the public, or may result in the employment or residence therein of physically handicapped persons," and which building or facility is "constructed or altered by or on behalf of the United States," leased by the United States, is financed by a grant or loan made by the United States, or is constructed under the authority of specified federal transportation laws. 42 U.S.C. § 4151.  The ABA is

limited to architectural standards in new and altered buildings and in newly leased facilities.

Further, in order to pursue an ABA claim, a complaint must be filed with the Architectural and Transportation Barriers Compliance Board. 29 U.S.C. § 792(b). Plaintiffs do not appear to have filed such a complaint. Courts in this circuit and elsewhere have concluded that the ABA does not contain a private right of action—enforcement is purely administrative. *See, Bright v. Eversole,* 2018 WL 11468754 at *2-3 (E.D. Tenn., Dec. 17, 2018) ("To the extent that Plaintiff seeks to assert a claim under the Architectural Barriers Act, 42 U.S.C. § 4151 *et seq.*, this claim should be dismissed because there is no private right of action under this act."); *Burkett v. Booker*, 2006 WL 2583371 at * 2 (E.D. Ky. Sept. 7, 2006) (declining to find private right of action under the ABA); *Wood v. Smith*, ___ F. Supp. 3d ___; 2018 U.S. Dist. LEXIS 56714, at *4 (E.D. Ark., Mar. 12, 2018) ("[the ABA] contains no waiver of sovereign immunity, nor does it provide for a private cause of action.") (citing *Jackson v. Fed. Bureau of Prisons*, 2007 WL 843839, at *20 (D. Minn. Mar. 16, 2007) (citing *Crowder v. True*, 1998 WL 42318 at *2 (N.D. Ill., Jan. 29, 1998) ("There is no private right of action by handicapped individuals complaining of a violation of the ABA; enforcement is purely administrative")).) Thus, the claim may be dismissed for this reason alone.

16

Nevertheless, it appears Plaintiffs' complaint only alleges an ABA violation relative to the Coleman A. Young Municipal Center (CAYMC) building.  (ECF No.1, ¶ 80, PageID.26-27.)  Plaintiffs make a vague and conclusory allegation that CAYMC "has served multiple governmental purposes. . . .[including] Judicial function of various County Courts of the unified State of Michigan Court System." (*Id.*, ¶ 79, PageID.26.)  Plaintiffs provide no authority for this assertion and do not sufficiently allege beyond conclusory allegations that the State has any liability relative to the CAYMC building.

Further, while Plaintiffs allege all Defendants have received federal funding, they fail to allege that CAYMC was constructed or altered by the U.S. government, is being leased by the U.S. government, was financed by the U.S. government, or built pursuant to the specified federal transportation laws.  Their assertion that all Defendants received Pandemic Relief funds and Build Back Better funds is insufficient to establish a claim under the ABA, as the ABA requires the U.S. government to have funded construction of the building—a provision of unrelated federal funding will not suffice.  (ECF. No.1, ¶ 107, PageID.42.)

For these reasons, Plaintiffs fail to state a claim for relief under the ABA and any claim must be dismissed as to the State.

**D.     Plaintiffs fail to state plausible state statutory claims against the State.**

In Count II, Plaintiffs allege violations of Michigan's Barrier Free Design Act, "Uniform Construction Code", Sidewalks – Persons With Disabilities Act, Persons With Disabilities Civil Rights Act, and the Elliott-Larsen Civil Rights Act. (ECF No. 1, ¶ 117, PageID.43.)

**1.     Barrier Free Design Act**

The Michigan Barrier Free Design Act, Mich. Comp. Laws §§ 125.1351 *et seq.,* requires that, with certain exceptions, any "public facility" or "facility used by the public" must be constructed so as to permit access by physically limited persons.  The requirements of the Act apply to all new construction of such facilities as well as to those existing facilities which undergo a "change in use group or occupancy load, or an alteration other than ordinary maintenance . . . ." Mich. Comp. Laws § 125.1352(1) and (2).

But the Act does not provide a private cause of action.  "Where the common law provides no right to relief, but the right to relief is created by statute, a plaintiff has no private cause of action to enforce the right unless (1) the statute expressly creates a private cause of action, or (2) a cause of action can be inferred from the fact that the statute provides no adequate means of enforcement of its provisions." *Lane v. KinderCare Learning Centers, Inc*., 588 N.W.2d 715, 718 (Mich. App. 1998).

18

Here, the Act does not expressly provide for a private cause of action, and it adequately provides for the enforcement of its provisions.  The Act specifically states that administration and enforcement of the Act is vested in the Michigan Department of Management and Budget, the Michigan Department of Education, and the Michigan Department of Labor, depending on the type of building involved.  Mich. Comp. Laws § 125.1353 (1)-(3).  Thus, any claim against the State based on this Act must be dismissed.

### 2.      Stille-Derossett-Hale Single State Construction Code Act

Plaintiffs' complaint refers to the "Michigan Uniform Construction Code" citing to Mich. Comp. Laws § 125.1502a.  However, Mich. Comp. Laws §§ 125.1501, *et seq.,* is known as the Stille-Derossett-Hale Single State Construction Code Act.  Like Michigan's Barrier Free Design Act, this Act does not provide for a private right of action.

The Stille-Derossett-Hale Single State Construction Code establishes a state construction code commission.  Mich. Comp. Laws § 125.1503a.  The statute specifically provides that the director is responsible for administration and enforcement of the act and the code.  Mich. Comp. Laws § 125.1508b(1).  It also provides for a construction board of appeals in cases where an enforcing agency refuses to grant a building permit or other decision related to the act or the code,

and that decision is appealable to the commission.  Mich. Comp. Laws § 125.1514(1), 125.1516(1).  It does not provide a private cause of action.

In *Rakowski v. Sarb*, 713 N.W.2d 787, 794 n 4 (Mich. 2006), the Michigan Supreme Court reviewed a case involving a city hiring the defendant (an inspector) to carry out the duties imposed by the Act.  While assessing whether the Act could be used to establish a legal duty in negligence actions, it noted that nothing in the Act "gives rise to a civil duty to a private third party.  Further the purpose of the construction code act is not to protect the public against harm by establishing construction standards and an inspection regime, but merely to establish the authority of the director of the. . . Department of Labor and Economic Growth . . . ."  *Id.*  As a result, Plaintiffs cannot maintain a claim under this Act and any claim must be dismissed.

### 3.    Sidewalks:  Persons With Disabilities Act

Michigan's Sidewalks: Persons With Disabilities Act provides that sidewalks constructed after April 12, 1973, "shall be constructed in a manner that will facilitate use by persons with physical disabilities."  Mich. Comp. Laws § 125.1361.  It provides that at intersections between pedestrian and motorized lines of travel, there will be gradual slopes to provide an uninterrupted line of travel.  *Id.*  However, as with the other state claims alleged, there is no private cause of action under this Act.  *See, e.g., Lane,* 588 N.W.2d at 718.

In *Vansteenkiste v. Lakeside Mall, LLC*, ___ F. Supp. 3d ___; 2014 U.S.
Dist. LEXIS 82134, at *30 (E.D. Mich, June 17, 2014), the Court dismissed a
claim under the Act noting that "Plaintiff has provided no law holding that a
private party may bring a cause of action" under this statute. *Id.* at *30. This
Court should dismiss this claim for the same reason.

### 4.    Persons With Disabilities Civil Rights Act

Plaintiffs' complaint merely cites to Michigan's Persons with Disabilities
Civil Rights Act (PWDCRA) without providing any information regarding what
provisions of the PWDCRA are implicated or what building issues are violative of
the Act.  (ECF No. 1, ¶¶ 5(f), 14(b)-(c), 90, 117, 119, PageID.3, 5, 32, 43-44.)
Paragraph 90 of the complaint, which mentions the PWDCRA, alleges various
CAYMC building issues—but the PWDCRA does not mandate or regulate any
building criteria. *Id.*

The PWDCRA provides a person shall not "[d]eny an individual the full and
equal enjoyment of the goods, services, facilities, privileges, advantages, and
accommodations of a place of public accommodation or public service because of
a disability that is unrelated to the individual's ability to utilize and benefit from
the goods, services, facilities, privileges, advantages, or accommodations or
because of the use by an individual of adaptive devices or aids."  Mich. Comp.
Laws § 37.1302.  Plaintiffs' complaint is devoid of any allegations, other than

citing to the statute, as to how the State has denied Plaintiffs the full and equal enjoyment of a public service, which is insufficient to assert a claim. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

### 5.    Elliott-Larsen Civil Rights Act

Similar to the PWDCRA, Plaintiffs' complaint fails to assert a claim under the Elliott-Larsen Civil Rights Act (ELCRA).  Plaintiffs again cite to the statute without providing any information regarding how the statute is implicated, which buildings are involved or the implication of the State.  (ECF No. 1, ¶¶ 5(f), 117, 119, PageID.3, 43-44.)  Plaintiffs' complaint is devoid of any allegations other than citing to the statute, which is insufficient to assert a claim. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Further, the ELCRA does not provide protection based on disabilities.  It provides a person shall not "[d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status."  Mich. Comp. Laws § 37.2302. Plaintiffs' complaint contains no allegations of discrimination based on any of the protected categories contained with the ELCRA.  Thus, Plaintiffs fail to state a claim under the ELCRA.

**E.    Plaintiffs state law claims are barred by the Eleventh Amendment.**

In addition to failing to state a claim under the state statutes discussed above, Plaintiffs claims against the State are barred by the Eleventh Amendment.

The Eleventh Amendment to the U.S. Constitution provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. Const., Amend. XI.  Accordingly, in most instances, the Eleventh Amendment prevents a state from being sued in federal court without its consent.  Indeed, the Supreme Court has consistently ruled that the Eleventh Amendment is a bar to lawsuits against states, state agencies or state departments unless specifically overridden by an act of Congress, or unless the state has consented to be sued. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *United States v. Georgia*, 546 U.S. 151, 159 (2006).

Further, the Supreme Court has broadened the Eleventh Amendment's application to suits by citizens against their own state and held that "the ultimate guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in federal court."  *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001).  "States' constitutional immunity from suit prohibits all state-law claims filed against a State in federal court, whether those

claims are monetary or injunctive in nature." *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005). A state-law claim brought into a federal court under pendent jurisdiction is a claim against the state that is protected by the Eleventh Amendment. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984). Neither "pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." *Id*. at 121.

Since the State has not waived its Eleventh Amendment immunity, Plaintiffs cannot maintain any causes of action in Counts II, III, and IV based on state law against the State in federal court. This Court should dismiss these claims.

> **F.   Plaintiffs fail to state a claim for the imposition of punitive damages against the State of Michigan.**

In Count IV of the complaint Plaintiffs request punitive damages. (ECF No. 1, ¶¶ 122-13, PageID.44.) The complaint broadly states that "Defendants are liable for punitive damages under Federal and State laws, including the Rehabilitation Act of 1973, and MCL 37.1606."

But punitive damages are not provided for in suits brought under Section 202 of the ADA or Section 504 of the Rehabilitation Act. *Barnes v. Gorman*, 536 U.S. 181, 190 (2002). Further, the PWDCRA provision relative to damages contains no remedy of punitive damages. See Mich. Comp. Laws § 37.1606. Count IV must therefore be dismissed.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Defendant State of Michigan respectfully

asks this Court to dismiss all claims against it under Fed. R. Civ. P. 12(b)(1) and

12(b)(6).

Respectfully submitted,

*s/ Cassandra Drysdale-Crown*
Cassandra Drysdale-Crown
Assistant Attorney General
Attorney for Defendant State of
Michigan
P.O. Box 30736
Lansing, MI 48909
517.335.7659
drysdalecrownc@michigan.gov
P64108

Dated:  March 14, 2023

## LOCAL RULE CERTIFICATION

I, Cassandra Drysdale-Crown, certify that this document complies with
Local Rule 5.1(a), including: double-spaced (except for quoted materials and
footnotes); at least one-inch margins on the top, sides, and bottom; consecutive
page numbering; and type size of all text and footnotes that is no smaller than 10-
1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional
fonts).  I also certify that it is the appropriate length. Local Rule 7.1(d)(3)."

*s/Cassandra Drysdale-Crown*
Cassandra Drysdale-Crown (P64108)
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Cassandra Drysdale-Crown*
Cassandra Drysdale-Crown (P64108)
Assistant Attorney General