UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

JILL BABCOCK, et al.,

               Plaintiffs,

v.

STATE OF MICHIGAN, et al.,

               Defendants.

_____ /

Case No. 2:22-cv-12951

HON. MARK A. GOLDSMITH

## **JOINT DISCOVERY PLAN**

The parties jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. Rule 26(f).

A Fed. R. Civ. P. Rule 16 telephonic Scheduling Conference is scheduled for **March 30, 2023**. Appearing for the parties as counsel will be:

       Michael W. Bartnik, Counsel for Plaintiffs.
       Assistant Attorneys General, Kimberly Pendrick and Cassandra Drysdale-Crown, Counsel for Defendant State of Michigan.
       James M. Jernigan, Assistant Corporation Counsel for Defendants County of Wayne and Wayne County Building Authority (collectively "Wayne County").
       Jesse Halfon, Counsel for Defendant City of Detroit.
       Monica N. Hunt, Counsel for Defendant Detroit Building Authority ("DBA").
       Paul S. Magy and Gregory N. Longworth, Counsel for Defendants Detroit Wayne Joint Building Authority and Hines.

1)    **Summary of the Case**: This case involves:

       Plaintiffs' Summary of the Case:

This class action by persons with disabilities seeks to enforce their fundamental civil rights of due process and equal protection, to have equal access to the Defendants' buildings and facilities, and to have equal access to the services, amenities, programs, activities, and civic responsibilities as enjoyed by other persons in the buildings and facilities owned, leased, and operated jointly and severally by the Defendants, focusing on the Defendant governments' executive, legislative, electoral, judicial and administrative review functions.  Plaintiffs allege violations of several federal and state laws, including primarily the Architectural Barriers Act, 42 U.S.C. § 4152, *et seq*,;  Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.; Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.; Barrier Free Design Act of Michigan M.C.L. § 125.1341 *et seq.*; the Sidewalks Persons with Disabilities Act of 1973, M.C.L. § 125.1361;  the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101, *et seq*.; the Persons with Disabilities Civil Rights Act, M.C.L. § 37.1101, *et seq*.; and the Michigan Construction Code.  This is also an action to redress the deprivation of Plaintiff's State and Federal constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

2

The basis of these claims is Defendants' extensive, long-standing, willful, deliberate, and intentional (or grossly negligent and willfully indifferent) violations of these and other Federal and State laws, and Defendants' continuous and intentional patterns, practices, and policies of active illegal discrimination. As a direct result, Plaintiffs and other members of the proposed class(es) have been injured and denied access to basic and necessary governmental functions and services, to which they are entitled under the above laws, including as interpreted by *Olmstead v. L.C.,* 527 U.S. 581 (1999), and *Tennessee v Lane,* 541 U.S. 509 (2004).

Liability is asserted against Defendant State of Michigan as to its major governmental public buildings in Lansing, and as to its court facilities throughout the State, including counties which are not named as parties. The other Defendants are liable for the major public facilities located in Wayne County and the City of Detroit.

State of Michigan Summary of the Case:

Plaintiffs Jill Babcock and Ashley Jacobson bring this purported class action against Defendant State of Michigan (State Defendant) alleging violations of Title II of the Americans with Disabilities Act's (ADA), Section 504 of the Rehabilitation Action of 1973, and the Architectural Barriers Act of 1968

3

(ABA). Plaintiffs also allege violations of several Michigan laws, including the Persons With Disabilities Civil Rights Act and the Elliott-Larsen Civil Rights Act.

The State of Michigan is a proponent and supporter of the disability community and works to ensure that the buildings for which it is responsible meet the requirements of federal and state law relative to accessibility, including reasonable modifications to existing buildings.  However, Plaintiffs fail to allege or identify any facts demonstrating that the State denied them access to or receipt of services, programs, or activities. Plaintiffs' complaint instead is replete with allegations regarding various facility and structure noncompliance with the ADA, ABA, the Rehabilitation Act, and other federal and state laws without any factual basis to establish the State of Michigan is liable for each building and without regard to whether the various statutes alleged provide for a cause of action.

Wayne County's Summary of the Case:

Plaintiffs have alleged that certain buildings owned or operated by the County have structural defects that violate the Barrier Free Design Act, the Americans with Disabilities Act, the Elliott-Larsen Civil Rights Act, the

Michigan Persons with Disabilities Act, the United States Constitution, and numerous other statutory violations.  The County buildings at issue in Plaintiffs' complaint include the Guardian Building, which houses County offices, the Penobscot Building, which houses the Wayne County Friend of the Court and its offices, the Coleman A. Young Municipal Center, which houses the Third Circuit Court and certain offices for the Wayne County Clerk, Frank Murphy Hall of Justice, which, for the time being, houses the criminal courts for the Third Circuit Court and certain offices of the Wayne County Prosecutor and the Wayne County Clerk, the Lincoln Hall of Justice, which houses the juvenile division of the Third Circuit Court and certain offices of the Wayne County Clerk, 400 Monroe Street in the City of Detroit, which houses the offices for the Wayne County Register of Deeds and the Wayne County Treasurer, and the yet to be opened Criminal Justice Center, which, when open to the public, will house multiple County offices and will take the place of Frank Murphy Hall of Justice and the Lincoln Hall of Justice.

The County believes in equal access to all citizens so that all citizens can engage in County government.  The County asserts that, to the extent required by law and taking into consideration the age and historical

significance of numerous buildings, including but not limited to the Coleman

A. Young Municipal Center and the Guardian Building, it has complied with

all requirements of State and Federal law in this realm.  Additionally, as has

been highlighted by the State of Michigan, Plaintiffs have failed to identify

any aspect of County government in which they have been unable to

participate, such as visiting the Register of Deeds or the Treasurer or going

to the County Clerk for records or jury duty.  Additionally, two of the

buildings at issue, the Frank Murphy Hall of Justice and the Lincoln Hall of

Justice, will no longer be in use in the coming months.  The County has

asserted defenses including the requested modifications would constitute an

undue hardship and an administrative burden on the County to bring the

subject properties into compliance with the required scope of the acts

pursuant to which the action is brought, the demands of Plaintiffs are not

readily achievable, the County is entitled to a safe harbor as a result of prior

compliance, structural impossibility, lack of actual harm to Plaintiffs and

ripeness.

City of Detroit's Summary of the Case:

The City of Detroit is a supporter of the disability community and makes every effort to make certain that buildings under City control meet the requirements of all State and Federal accessibility laws.

The City of Detroit incorporates the summaries of Wayne County and the DWJBA and Hines relative to the Coleman A. Young Municipal Center. The City further asserts that any claims relating to the 36th District Court building are without merit.

DBA's Summary of the Case

DBA maintains that it makes every effort to make certain that buildings in the City of Detroit that may be under its control meet the requirements of all State and Federal accessibility laws. The DBA asserts that none of the claims alleged have any legal or factual merit as it relates to the DBA.

DWJBA's and Hines's Summary of the Case:

DWJBA and Hines are proponents and supporters of the disability community. DWJBA works to ensure that areas of CAYMC under its control meet the requirements of federal and state law relative to accessibility. The only potentially viable claims against DWJBA are Title II

of the ADA and the Persons with Disabilities Civil Rights Act; all other claims are legally or factually invalid. Any liability under Title II or PWDCRA would be limited to areas of CAYMC under its control and DWJBA maintains that these areas comply with the applicable accessibility requirements. Further, Plaintiffs may lack standing to assert some or all of the alleged violations at CAYMC and may have no basis for damages related to any alleged violation. Various defenses will also apply to Plaintiffs' claims involving CAYMC.

Hines has no liability with respect to Title II or the PWDCRA, as its role at CAYMC is limited to certain property management functions. It is neither a "public entity" (Title II) nor a "public service" or "public accommodation" (PWDCRA). As to the Guardian Building, it is not, and never was, the property manager. Its sole involvement at the Guardian Building was with its redevelopment as a construction manager from 2008-2010. Not only is this legally insufficient to establish liability against Hines, any claim related to the Guardian Building is barred by the statute of limitations.

2) **Plaintiffs' Subject Matter Jurisdiction**: The basis for the Court's subject matter jurisdiction is:

Subject matter jurisdiction is based on 28 U.S.C. § 1331, which grants district courts jurisdiction over all civil actions arising under the

Constitution, laws, and treaties of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over: (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom, or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims, because they are so related to the federal question claims that they form part of the same case or controversy.

**State of Michigan's Claim of Lack of Subject Matter Jurisdiction:**

Plaintiffs' state law claims are barred by Eleventh Amendment immunity as set forth in its pending Motion to Dismiss.  Additional jurisdictional arguments may be present depending on any amendments to the pleadings.

**County's Statement Regarding Subject Matter Jurisdiction:**

The County does not contest, at this time, subject matter jurisdiction but reserves the right to do so based on the development of discovery and amendment of pleadings.

**DBA's Statement Regarding Subject Matter Jurisdiction:**

DBA suggests that Plaintiffs may lack standing to being the claims alleged against DBA in its Complaint therefore subject matter jurisdiction may not exist.

**DWJBA's and Hines's Statement regarding Subject-Matter Jurisdiction:**

It is unclear whether the Court has subject-matter jurisdiction with respect to Plaintiffs' federal (original) and state (supplement) claims because Plaintiffs have not established that they have standing, at least not with respect to DWJBA and Hines.

3) **Relationship of the Case to Other Cases:** There are no pending cases related to the present matter.  Plaintiff Jill Babcock filed a case against Defendant State of Michigan with this Court in 2012, alleging disability

discrimination and related claims regarding the Cadillac Place building in Detroit, Michigan, which was dismissed at the motion to dismiss stage. *Babcock v. State of Mich., et al*., No. 2:12-cv-13010 (E.D. Mich. May 30, 2014). Plaintiff appealed that decision to the U.S. Court of Appeals for the Sixth Circuit.  The Sixth Circuit Court of Appeals affirmed this Court's dismissal.  *Babcock v. State of Mich., et al*., 812 F.3d 531 (6th Cir. 2016).

Plaintiff Jill Babcock was a named Plaintiff in *Thomas et al v. Northwest Airlines Corporation and Wayne County Airport Authority*, 2:08-cv-11580-GCS-MJH (E.D. Mich. April 14, 2008) alleging violations of the American with Disabilities Act and other federal statutes and regulations. The parties stipulated to a dismissal of that case September 21, 2011 subject to the terms of a negotiated Action Plan with an Effective Date of October 15, 2010 and Order Resolving Remaining Disputed Items In Action Plan entered August 16, 2011.

Plaintiff Jill Babcock was a named Plaintiff in *Jill Babcock v. Michigan Economic Development Corporation, a Michigan Public Body Corporate, et al*  5:14-cv-13593-JCO-PJK (E.D. Mich. Sept. 15, 2014) alleging *inter alia* retaliatory termination of employment and violations of the American with

11

Disabilities Act and other federal statutes and regulations. The parties settled and stipulated to a dismissal of that case with prejudice and without fees or costs November 24, 2015

DWJBA and Hines note that the Attorney General of the United States previously entered into a settlement agreement in 2003 with respect to CAYMC, which may have preclusive effect in this case.

4)   **Contemplated Amendment(s) of Pleadings**: Plaintiffs will be filing an Amended Complaint to address issues raised in the Motion to Dismiss, and in the other Defendants' Answers and Affirmative Defenses, to state certain additional factual detail, and to add one additional Plaintiff.  Plaintiffs do not anticipate adding claims or parties.

DBA does not anticipate the need to amend its Answers at this time.

DWJBA and Hines do not currently envision the need to amend their answers. They maintain that, based on Plaintiffs' complaint, there is misjoinder of Plaintiffs and of Defendants.

5)   **Anticipated Discovery Disputes and Discovery Progress**: Discovery has

not begun in this matter.  The parties are aware that the deadlines proposed

by this Plan are longer than the court would typically approve.  However,

these dates have been selected based on the complexity of the case, multiple

parties, multiple buildings, and Plaintiffs anticipating filing an amended

complaint on or before April 28, 2023. All parties, excluding the State of

Michigan, recommend the following discovery plan:


Initial Disclosures Due:                                  06/09/2023
Discovery will commence June 9, 2023 except that the parties will
coordinate inspection of premises beginning prior to that date.
Lay Witness Lists Due:                                  12/01/2023
Exhibit Lists Due:                                      12/01/2023
Plaintiffs' Expert List and Disclosures Due:            11/17/2023
Defendants' Expert List and Disclosures Due:            12/15/2023
Discovery (Facts) Ends:                                 02/02/2024
Discovery (Experts) Ends:                               02/16/2024
Early Settlement Conference (before Magistrate Judge):
            Between close of discovery and dispositive motions.
Dispositive Motions:                                    03/01/2024
Motions to Limit/Exclude Expert Testimony:              03/15/2024
All other Motions, including Motions in Limine:
            Six weeks before the final pretrial conference.
Settlement Conference (before District judge):
            Four months after the dispositive motion cutoff date.
Joint Final Pretrial Order:
            Six weeks before the final pretrial conference.
Final Pretrial Conference:
            Two weeks after pretrial order due.
Trial:      Monday two weeks following conference.

The State of Michigan currently has a pending Motion to Dismiss and does not concur in the foregoing deadlines as applied to it.  Plaintiffs' counsel and counsel for the State of Michigan will submit proposed discovery deadlines either after this court rules on the pending motion to dismiss, rules on a subsequent motion to dismiss if Plaintiffs elect to amend their complaint, or the State of Michigan's files an Answer to a subsequently filed amended complaint.

DWJBA and Hines maintain that the Court should provide for class-related discovery to proceed that does not count against any discovery limits (such as the allowed number of interrogatories), and a time for class-related discovery to end so that the Court may decide a class-certification motion "[a]t an early practicable time" (FRCP 23(c)(1)(a)).

7) **Disclosure / Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

14

The parties have ESI which will be subject to disclosure and the parties shall prepare and file a proposed joint ESI order to facilitate the exchange of this information.

8) **Assertion of Claims of Privilege or Work-Product Immunity After Production**:

The parties will prepare and file a proposed joint protective order to address concerns of confidentiality as well as privilege or work product immunity for items inadvertently produced during discovery.

9) **Facilitation/Arbitration/Case Evaluation:** The parties acknowledge that if they attend a private mediation, they will provide the Court with the mediator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution, and recommend that this case be submitted to the following method(s) of alternative dispute resolution:

Plaintiffs' Statement: Plaintiffs are open to resolving this matter through mandatory settlement conferences. In addition to the early mandatory settlement conference with the Magistrate following the close of discovery,

Plaintiffs request an additional mandatory settlement conference before the Magistrate Judge, preceded by at least one mandatory settlement conference among the attorneys.  All parties appear to be open to settlement, all of the non-State parties were involved in efforts to settle in late 2021 and in January and February 2022, all parties are represented by competent counsel, all parties have the ability and incentive to settle the matter among themselves and where necessary with the intervention of the Court, and without the additional expense and delay of outside, third-party mediators or arbitrators. After preliminary inspections of the major non-State buildings Detroit and Wayne County, the parties and their attorneys should be in the position to make good-faith, detailed, practical schedules for making the facilities fully accessible in a reasonable period of time.


Defendant State of Michigan's Statement: Defendant State of Michigan is open to resolving this matter through facilitation and settlement conferences.


Defendant Wayne County's Statement: Defendant Wayne County is open to resolving this matter through facilitation and settlement conferences.

<u>Defendant City of Detroit's Statement:</u> Defendant City of Detroit is open to resolving this matter through alternative dispute resolution. In order to advance the prospects of a negotiated resolution, the City requests that Plaintiff submit a detailed proposal of pragmatic and readily achievable action items relating to the CAYMC facility and the 36th District Court Building, organized by priority.

<u>Defendant DBA's Statement:</u> DBA recommends facilitation in this matter.

<u>Defendants DWJBA and Hines Statement:</u> DWJBA and Hines recommend facilitative mediation in this case.

10) **Anticipated Motion Practice**: The parties acknowledge that Local Rule 7.1 requires a moving party to ascertain whether any motion will be opposed. All motions must affirmatively state the efforts of the moving party to comply with the obligation created by Local Rule 7.1. All nondispositive motions must be accompanied by a certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Local Rule 7.1. All discovery motions must be accompanied by a certificate and any relevant documentation or correspondence detailing the movant's

attempts to seek resolution of the discovery dispute before filing the motion.

The parties also acknowledge that Civil Rule 78(b) allows the Court to

submit and determine motions on the briefs, without a hearing. Last, the

parties acknowledge that the Court prefers parties do not file courtesy copies

of motions and briefs.

The following dispositive motions are contemplated by each party:

For Plaintiffs:
(1) Plaintiffs are planning to file the amended complaint noted in paragraph 4
    above, or if necessary seek leave to extend the time to amend as of right,
    or to amend the complaint as may be needed in response to any further
    Motion(s) to Dismiss or as referenced below or in the Order (Dkt. 31)
    Concerning Motion to Dismiss (Dkt. 29).
(2) Motion to Certify Class.
(3) Motion as to Judicial Notice of Certain Adjudicative Facts FRE 201.
(4) Other Dispositive Motions to be determined after discovery is completed.

State Defendant: State Defendant filed its Motion to Dismiss on March 10,
2023. (ECF No. 26.) If Plaintiffs elect to amend their complaint, State
Defendant will evaluate to determine if an additional Motion to Dismiss will
be filed. State Defendant also would anticipate filing a Motion for Summary
Judgment at the appropriate time if it is not dismissed from this action.

Wayne County anticipates a motion to dismiss at the close of discovery.

DBA anticipates filing Motion for Summary Judgment at the close of
Discovery.

DWJBA and Hines anticipate filing a misjoinder motion (Rule 21), a Rule
12(c) motion, and a Rule 56 motion. In addition, the Court should set a
deadline for Plaintiffs to file their class-certification motion. Under FRCP
23(c)(1)(a), the Court must determine whether to certify the action as a class
action at an early practicable time.

11)   **Settlement**: Other than the settlement discussions late 2021 and early 2022
as referenced in the complaint, no settlement discussions have occurred yet.


Respectfully Submitted,
Dated: March 23, 2023                  */s/ Michael W. Bartnik*
                                       By: Michael W. Bartnik (P32534)
                                       Law For Baby Boomers, PLLC
                                       Attorney for Plaintiffs
                                       41000 Woodward Avenue, Suite 350
                                       Bloomfield Hills, Michigan 48304
                                       (248) 608-3660
                                       michaelbartnik@protonmail.com


Dated: March 23, 2023                  */s/ with consent Cassandra A. Drysdale-Crown*
                                       By: Cassandra A. Drysdale-Crown (P64108)
                                       Assistant Attorney General
                                       Attorney for State of Michigan
                                       525 West Ottawa Street
                                       Lansing, Michigan 48933-1067
                                       (517) 335-7603
                                       drysdalecrownc@michigan.gov


Dated: March 23, 2023                  */s/ with consent James M. Jernigan*
                                       By: James W. Heath (P65419)
                                       By: Sue Hammoud (P64542)
                                       By: James M. Jernigan (57035)
                                       Wayne County Corporation Counsel
                                       Attorney for Defendants County of Wayne and
                                       Wayne County Building Authority
                                       500 Griswold Street, 30th Floor
                                       Detroit, Michigan 48226-3480
                                       (313) 224-0055
                                       jheath@waynecounty.com
                                       shammoud@waynecounty.com
                                       jjernigan@waynecounty.com

Dated: March 23, 2023          */s/ with consent Jesse Halfon*
                               By: Charles N. Raimi (P29746)
                               Deputy Corporation Counsel
                               By: Jesse Halfon (P66936)
                               Assistant Corporate Counsel
                               Attorneys for Defendant City of Detroit
                               2 Woodward Avenue, Suite 500
                               Detroit, Michigan 48226
                               (313) 237-5037
                               raimic@detroitmi.gov
                               Jesse.halfon@detroitmi.gov


Dated: March 23, 2023          */s/ with consent Monica N. Hunt*
                               By: Monica N. Hunt (P68838)
                               The Allen Law Group
                               Counsel for Detroit Building Authority
                               3011 West Grand Boulevard
                               2500 Fisher Building
                               Detroit, Michigan 48202
                               (313) 871-5500
                               Mhunt@alglawpc.com


Dated: March 23, 2023          */s/ with consent Paul S. Magy*
                               By: Paul S. Magy (P34423)
                               Gregory N. Longworth (P49249)
                               Clark Hill PLC
                               Attorneys for Defendant Detroit-Wayne Joint
                               Building Authority
                               151 South Old Woodward Avenue, Suite 200
                               Birmingham, Michigan 48009-6103
                               (248) 988-5844
                               pmagy@clarkhill.com
                               glongworth@clarkhill.com


Dated: March 23, 2023          */s/ with consent Paul S. Magy*
                               By: Paul S. Magy (P34423)
                               Gregory N. Longworth (P49249)
                               Clark Hill PLC
                               Attorneys for Defendant Hines
                               151 South Old Woodward Avenue, Suite 200

Birmingham, Michigan 48009-6103
(248) 988-5844
pmagy@clarkhill.com
glongworth@clarkhill.com

## LOCAL RULE CERTIFICATION

I, Michael W. Bartnik, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).