# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JILL BABCOCK, and
ASHLEY JACOBSON, on behalf of
themselves and others similarly
situated,

     PLAINTIFFS,

-vs-

     Case No. 22-cv-12951
     Hon. Mark A. Goldsmith

STATE OF MICHIGAN, COUNTY
OF WAYNE, CITY OF DETROIT,
WAYNE COUNTY BUILDING
AUTHORITY, DETROIT-WAYNE
JOINT BUILDING
AUTHORITY, and HINES, out-of-state
Corporation authorized to do business in
Michigan,

     DEFENDANTS, Jointly and Severally.

---

Michael W. Bartnik (P32534)
Law For Baby Boomers, PLLC
Attorney for Plaintiffs
41000 Woodward Ave Ste 350
Bloomfield Hills Michigan 48304
(248) 608-3660 Telephone
(248) 218-9588 Facsimile
Michaelbartnik@protonmail.com
www.michaelbartnik.com

Charles N. Raimi (P29746)
Deputy Corporate Counsel
Jesse Halfon (P66936)
Assistant Corporate Counsel

Kimberly Pendrick (P60348)
Assistant Attorney General
Attorney for Defendant State of
Michigan
3030 West Grand Blvd
Detroit, Michigan 48202
313.456.0200
pendrickk@michigan.gov

Monica N. Hunt (P68838)
Counsel for Detroit Building
Authority
3011 West Grand Boulevard
2500 Fisher Building

1

Attorneys for Defendant, City of
Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5244
raimic@detroitmi.gov
jesse.halfon@detroitmi.gov

Detroit, Michigan 48202
(313) 871-5500
mhunt@alglawpc.com

Paul S. Magy (P34423)
Gregory N. Longworth (P49249)
CLARK HILL PLC
Attorneys for Defendants
DWJBA and Hines
151 S. Old Woodward, Suite 200
Birmingham, MI 48009
(248) 988-5844

James M. Jernigan (P57035)
Assistant Corporation Counsel
Attorney for Defendants
Wayne County and Wayne
County Building Authority
400 Monroe, Suite 290
Detroit, MI 48226
(313) 202-7188
jjernigan@waynecounty.com

Melvin B. Hollowell
E. Powell Miller (P39487)
Melvin B. Hollowell (P37834)
Sharon S. Almonrode (P33938)
Angela L. Baldwin (P81565)
THE MILLER LAW FIRM, P.C.
Attorneys for Defendants, Wayne
County and Wayne County Building
Authority
211 W. Fort Street, Suite 705
Detroit, MI 48226
(313) 483-0880
(248) 841-2200
epm@millerlawpc.com
mbh@millerlawpc.com
ssa@millerlawpc.com
alb@millerlawpc.com

## <u>CITY OF DETROIT'S ANSWER TO CLASS ACTION COMPLAINT</u>

Defendant, City of Detroit ("The City"), answers Plaintiff's *Class Action Civil and Disability Rights Complaint for Injunctive and Other Relief* as follows:

2

## INTRODUCTORY STATEMENT

1.   Neither admit nor deny the Plaintiff's summary of the action. Deny the factual allegations in this paragraph.

2.   Deny, as to the City of Detroit, in the manner and form alleged.

3.   Deny, as to the City of Detroit, in the manner and form alleged.

4.   Deny, as to the City of Detroit, in the manner and form alleged.

5.   Admit that the City is aware of, and has complied with, its obligations under the law. Neither admit nor deny the remaining allegations for lack of knowledge or information.

6.   Deny, as to the City of Detroit, in the manner and form alleged.

7.   Neither admit nor deny as the allegation does not require a response.

## FEDERAL JURISDICTION

8.   Neither admit nor deny as the allegation does not require a response.

9.   Neither admit nor deny as the allegation does not require a response.

10.   Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

11.   Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

12.   Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

13.   Deny, as to the City of Detroit, in the manner and form alleged.

14. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

## VENUE

15. Neither admit nor deny for lack of knowledge or information.

16. Neither admit nor deny for lack of knowledge or information.

17. Admit that the Defendant City of Detroit is located within the jurisdiction of the Eastern District of Michigan. Neither admitted nor denied as to the other allegations.

18. Neither admit nor deny as the allegation does not require a response.

## PARTIES PLANITIFF

19. Neither admit nor deny for lack of knowledge or information. Including all sub-paragraphs.

20. Deny, as to the City of Detroit, in the manner and form alleged.

21. On in formation and belief, admit.

22. Neither admit nor deny for lack of knowledge or information.

23. Deny, as to the City of Detroit, in the manner and form alleged.

24. Deny, as to the City of Detroit, in the manner and form alleged.

25. On in formation and belief, admit that Plaintiff Jill Babcock is a licensed attorney who is employed by the City of Detroit in the Housing and Revitalization Department (HRD). Neither admit nor deny the other allegations in this paragraph.

26. Deny, as to the City of Detroit, in the manner and form alleged.

27.  Neither admit nor deny for lack of knowledge or information.

28.  Neither admit nor deny for lack of knowledge or information.

29.  Neither admit nor deny for lack of knowledge or information.

30.  Neither admit nor deny for lack of knowledge or information.

31.  Neither admit nor deny for lack of knowledge or information.

32.  Deny, as to the City of Detroit, in the manner and form alleged.

33.  Neither admit nor deny for lack of knowledge or information.

34.  Neither admit nor deny for lack of knowledge or information.

35.  Neither admit nor deny for lack of knowledge or information.

36.  Neither admit nor deny for lack of knowledge or information.

37.  Neither admit nor deny for lack of knowledge or information.

38.  Neither admit nor deny for lack of knowledge or information.

39.  Neither admit nor deny for lack of knowledge or information.

40.  Neither admit nor deny for lack of knowledge or information.

41.  Neither admit nor deny for lack of knowledge or information.

42.  Neither admit nor deny for lack of knowledge or information.

43.  Neither admit nor deny for lack of knowledge or information.

44.  Neither admit nor deny for lack of knowledge or information.

45.  Neither admit nor deny for lack of knowledge or information.

46.  Neither admit nor deny for lack of knowledge or information.

47. Neither admit nor deny for lack of knowledge or information.

48. Neither admit nor deny for lack of knowledge or information.

49. Neither admit nor deny for lack of knowledge or information.

50. Neither admit nor deny for lack of knowledge or information.

51. On in formation and belief, admit that Plaintiff Ashley Jacobson is a licensed attorney in the state of Michigan. Neither admit nor deny the other allegations in this paragraph.

52. Neither admit nor deny for lack of knowledge or information.

53. Neither admit nor deny for lack of knowledge or information.

54. Neither admit nor deny for lack of knowledge or information.

55. Neither admit nor deny for lack of knowledge or information.

56. Neither admit nor deny for lack of knowledge or information.

57. Neither admit nor deny for lack of knowledge or information.

58. Neither admit nor deny for lack of knowledge or information.

59. Deny, as to the City of Detroit, in the manner and form alleged.

60. Deny, as to the City of Detroit, in the manner and form alleged.

61. Deny, as to the City of Detroit, in the manner and form alleged.

62. The allegation states a legal conclusion that does not require a response. Stating further, admit that Plaintiffs are entitled to, and that the City of Detroit provides, equal access to government buildings and services.

**Plaintiffs' Injuries as Class Representatives and**

## Class Action Discussion

63. Deny, as to the City of Detroit, in the manner and form alleged.

64. Deny, as to the City of Detroit, in the manner and form alleged.

65. Deny, as to the City of Detroit, in the manner and form alleged.

66. Deny, as to the City of Detroit, in the manner and form alleged.

67. The allegation states a legal conclusion that does not require a response. Stating further, admit that Plaintiffs are entitled to, and that the City of Detroit provides, equal access to government buildings and services.

68. Deny, as to the City of Detroit, in the manner and form alleged.

69. Deny, as to the City of Detroit, in the manner and form alleged.

70. The allegation states a legal conclusion that does not require a response.

71. Neither admit nor deny for lack of knowledge or information.

72. Deny, as to the City of Detroit, in the manner and form alleged.

73. Deny, as to the City of Detroit, in the manner and form alleged.

74. Deny, as to the City of Detroit, in the manner and form alleged.

75. The allegation states a legal conclusion that does not require a response. Deny, as to the City of Detroit, in the manner and form alleged.

## PARTIES DEFENDANT

76. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

7

77. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

78. Deny, as to the City of Detroit, in the manner and form alleged.

79. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

80. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

81. Admit that the City of Detroit is a municipal corporation in the State of Michigan.

82. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

83. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

84. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

85. Deny in the manner and form alleged.

86. Neither admit nor deny for lack of knowledge or information.

87. Neither admit nor deny for lack of knowledge or information.

88. Neither admit nor deny for lack of knowledge or information.

**Defendants Have Injured Each Of The Plaintiffs**

89. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged, including sub-paragraphs.

90. On in formation and belief, admit that Plaintiff Ashley Jacobson is engaged in the private practice of law in the state of Michigan. Neither admit nor deny the other allegations in this paragraph, including sub-paragraphs.

### *Inaccessible Toilet Rooms [And Fixtures] Violate Plaintiffs' Constitutional Rights To Bodily Integrity*

91. Neither admit nor deny for lack of knowledge or information.

92. Neither admit nor deny for lack of knowledge or information.

93. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations in the manner and form alleged, including sub-paragraphs.

94. Deny, as to the City of Detroit, in the manner and form alleged.

95. Deny, as to the City of Detroit, in the manner and form alleged.

### *Inaccessible Parking, Sidewalks and Curbs, Grading, Entrances, and Exits, and Interior Spaces*

96. Deny, as to the City of Detroit, in the manner and form alleged.

97. Deny, as to the City of Detroit, in the manner and form alleged.

98. Deny, as to the City of Detroit, in the manner and form alleged.

99. Deny, as to the City of Detroit, in the manner and form alleged.

100. Deny, as to the City of Detroit, in the manner and form alleged.

101. Deny, as to the City of Detroit, in the manner and form alleged.

102. Deny, as to the City of Detroit, in the manner and form alleged.

## DEFENDANTS REPEATEDLY VIOLATE FEDERAL AND STATE DISABILITY LAWS DIRECTLY CAUSING HARM TO PLAINTIFFS AND INTERFERING WITH THEIR RIGHTS, INCLUDING AT THESE BUILDINGS AND FACILITIES

103. Deny, as to the City of Detroit, in the manner and form alleged.

104. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged, including sub-paragraphs.

105. Deny, as to the City of Detroit, in the manner and form alleged.

106. Deny, as to the City of Detroit, in the manner and form alleged.

107. Deny, as to the City of Detroit, in the manner and form alleged.

108. Deny, as to the City of Detroit, in the manner and form alleged.

## VIOLATIONS AT THE STATE CAPITOL, MICHIGAN HALL OF JUSTICE,  GEORGE W. ROMNEY BUILDING and ANDERSON HOUSE OFFICE BUILDING

109. Neither admit nor deny for lack of knowledge or information.

110. Neither admit nor deny for lack of knowledge or information.

111. Neither admit nor deny for lack of knowledge or information.

## VIOLATIONS AT THE COLEMAN A. YOUNG MUNICIPAL CENTER

112. Admit that the Coleman A. Young Municipal Center ("CAYMC") was originally known as the City-County Building and was subsequently renamed after former City of Detroit mayor Coleman A. Young.

113. Admit that CAYMC is a municipal office building and courthouse comprised of two towers connected by a common lobby. The City of Detroit neither admits nor denies the remaining allegations in this paragraph, including sub-paragraphs.

114. Admit that CAYMC is a building open to the public. Neither admit nor deny the remaining allegations as they state a legal conclusion that does not require a response.

115. Admit that CAYMC serves multiple governmental purposes relating to the City of Detroit and Wayne County. CAYMC's primary tenants include the executive and legislative branches of government for the City of Detroit and Wayne County's Third Judicial Circuit Court. The City neither admits nor denies the remaining allegations in this paragraph.

116. Deny, as to the City of Detroit, in the manner and form alleged, including sub-paragraphs.

117. Admit that CAYMC was planned, financed, built, and is currently operated under the Detroit-Wayne Joint Building Authority. The City neither admits nor denies the remaining allegations in this paragraph.

118. Admit that the County entered into an amendment of lease contract on or about March 1, 1988.

119. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

120. Deny in the manner and form alleged, including sub-paragraphs.

121. Deny, as to the City of Detroit, in the manner and form alleged.

122. Deny, as to the City of Detroit, in the manner and form alleged.

123. Deny, as to the City of Detroit, in the manner and form alleged.

124. Deny, as to the City of Detroit, in the manner and form alleged.

125. Deny, as to the City of Detroit, in the manner and form alleged.

126. Deny, as to the City of Detroit, in the manner and form alleged.

127. Deny, as to the City of Detroit, in the manner and form alleged.

## VIOLATIONS AT THE FRANK MURPHY HALL OF JUSTICE

128. Deny, as to the City of Detroit, in the manner and form alleged.

## VIOLATIONS AT THE THIRTY SIXTH DISTRICT COURT

129. Deny in the manner and form alleged, including sub-paragraphs.

## VIOLATIONS AT THE LINCOLN JUVENILE JUSTICE CENTER

130. Neither admit nor deny for lack of knowledge or information.

## VIOLATIONS AT THE WAYNE COUNTY CRIMINAL JUSTICE CENTER UNDER CONSTRUCTION ON EAST WARREN

131. Neither admit nor deny for lack of knowledge or information.

132. Neither admit nor deny for lack of knowledge or information.

133. Neither admit nor deny for lack of knowledge or information.

134. Neither admit nor deny for lack of knowledge or information.

135. Neither admit nor deny for lack of knowledge or information.

136. Neither admit nor deny for lack of knowledge or information.

## VIOLATIONS AT THE COUNTY EXECUTIVE AND LEGISLATIVE OFFICES AND CITY OF DETROIT OFFICES IN THE GUARDIAN BUILDING

137. Neither admit nor deny for lack of knowledge or information.

## VIOLATIONS AT THE COUNTY REGISTER OF DEEDS
## AND OTHER PUBLIC OFFICES IN THE 400 MONROE STREET
## BUILDING

138. Neither admit nor deny for lack of knowledge or information.

## VIOLATIONS AT THE FRIEND OF THE COURT AND FAMILY COURT
## OFFICES AND COURTROOMS IN THE PENOBSCOT BUILDING

139. Neither admit nor deny for lack of knowledge or information.

## VIOLATIONS AT THE 4TH CIRCUIT COURT AND 94TH DISTRICT
## COURT BUILDING IN ESCANABA MICHIGAN

140. Neither admit nor deny for lack of knowledge or information.

## VIOLATIONS AT THE 44TH CIRCUIT COURT BUILDINGS

141. Neither admit nor deny for lack of knowledge or information.

## VIOLATIONS AT THE 11TH CIRCUIT COURT BUILDING

142. Neither admit nor deny for lack of knowledge or information.

## VIOLATIONS AT THE 16TH CIRCUIT COURT BUILDING

143. Neither admit nor deny for lack of knowledge or information.

## VIOLATIONS AT THE 6TH CIRCUIT COURT BUILDINGS

144. Neither admit nor deny for lack of knowledge or information.

## VIOLATIONS AT THE 22ND JUDICIAL CIRCUIT COURT BUILDING

145. Neither admit nor deny for lack of knowledge or information.

## DEFENDANTS' DEFENDANTS' DUTY TO COMPLY WITH RELEVANT
## STATE AND FEDERAL ACCESSIBILITY LAWS

146. Neither admit nor deny for lack of knowledge or information.

147. Neither admit nor deny for lack of knowledge or information.

148. Neither admit nor deny for lack of knowledge or information.

149. Neither admit nor deny for lack of knowledge or information.

150. Neither admit nor deny for lack of knowledge or information.

151. Deny, as to the City of Detroit, in the manner and form alleged.

152. Deny, as to the City of Detroit, in the manner and form alleged.

153. Deny, as to the City of Detroit, in the manner and form alleged.

## CAUSES OF ACTION

## COUNT I – Violations of Title II of the Americans with Disabilities Act

154. Defendant incorporates by reference the answers set forth in the preceding paragraphs.

155. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

156. Neither admit nor deny for lack of knowledge or information.

157. Neither admit nor deny for lack of knowledge or information.

158. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

159. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

160. Neither admit nor deny for lack of knowledge or information.

161. Deny, as to the City of Detroit, in the manner and form alleged.

162. Deny, as to the City of Detroit, in the manner and form alleged.

163. Deny, as to the City of Detroit, in the manner and form alleged.

164. Deny, as to the City of Detroit, in the manner and form alleged.

165. Neither admit nor deny for lack of knowledge or information.

166. Neither admit nor deny for lack of knowledge or information.

167. Neither admit nor deny for lack of knowledge or information.

168. Neither admit nor deny for lack of knowledge or information.

169. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

## COUNT II – Violations of Section 504 of the Rehabilitation Act of 1973

170. Defendant incorporates by reference the answers set forth in the preceding paragraphs.

171. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

172. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

173. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

174. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

175. Deny, as to the City of Detroit, in the manner and form alleged.

176. Deny, as to the City of Detroit, in the manner and form alleged.

177. Deny, as to the City of Detroit, in the manner and form alleged.

178. Deny, as to the City of Detroit, in the manner and form alleged.

179. Deny, as to the City of Detroit, in the manner and form alleged.

180. Neither admit nor deny for lack of knowledge or information.

181. Neither admit nor deny for lack of knowledge or information.

182. Neither admit nor deny for lack of knowledge or information.

183. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

## **COUNT III – Violations of the Michigan Persons with Disabilities Civil Rights Act**

184. Defendant incorporates by reference the answers set forth in the preceding paragraphs.

185. Deny, as to the City of Detroit, in the manner and form alleged.

186. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

187. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

188. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

189. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

190. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

191. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

192. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

193. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

194. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

195. Deny, as to the City of Detroit, in the manner and form alleged.

196. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

197. Neither admit nor deny for lack of knowledge or information.

198. Deny, as to the City of Detroit, in the manner and form alleged.

199. Deny, as to the City of Detroit, in the manner and form alleged.

200. Deny, as to the City of Detroit, in the manner and form alleged.

201. Deny, as to the City of Detroit, in the manner and form alleged.

202. Deny, as to the City of Detroit, in the manner and form alleged.

203. Deny, as to the City of Detroit, in the manner and form alleged.

204. Neither admit nor deny for lack of knowledge or information.

205. Neither admit nor deny for lack of knowledge or information.

206. Deny, as to the City of Detroit, in the manner and form alleged.

207. Deny, as to the City of Detroit, in the manner and form alleged.

208. Neither admit nor deny for lack of knowledge or information.

209. Deny, as to the City of Detroit, in the manner and form alleged.

210. Deny, as to the City of Detroit, in the manner and form alleged.

## COUNT IV – Violations of Michigan Barrier Free Act, Michigan Sidewalks Act, Michigan Construction Code, and Applicable Internationl Building and Plumbing Codes

211. Defendant incorporates by reference the answers set forth in the preceding paragraphs.

212. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

213. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

214. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

215. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

216. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

217. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

218. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

219. Neither admit nor deny as the allegation states a legal conclusion that does not require a response.

220. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

221. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

222. Deny, as to the City of Detroit, in the manner and form alleged.

223. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

224. Neither admit nor deny for lack of knowledge or information.

## **DAMAGES**

225. Defendant incorporates by reference the answers set forth in the preceding paragraphs.

226. Neither admit nor deny as the allegation states a legal conclusion that does not require a response. Deny any factual allegations, as to the City of Detroit, in the manner and form alleged.

227. Deny, as to the City of Detroit, in the manner and form alleged.

228. Neither admit nor deny for lack of knowledge or information.

## **DAMAGES**

229. Defendant incorporates by reference the answers set forth in the preceding paragraphs.

230. Neither admit nor deny for lack of knowledge or information. Admit that the City of Detroit knows its obligations under the law and complies with those obligations.

231. Neither admit nor deny for lack of knowledge or information.

232. Deny, as to the City of Detroit, in the manner and form alleged.

233. Deny, as to the City of Detroit, in the manner and form alleged.

234. Neither admit nor deny for lack of knowledge or information.

235. Deny, as to the City of Detroit, in the manner and form alleged.

## **JURY DEMAND**

236. Neither admit nor deny as the allegation does not require a response.

WHEREFORE, the City of Detroit requests that plaintiffs be denied the relief sought in the Complaint, that the Complaint be dismissed with prejudice, and that the City of Detroit receive an award of its costs and attorney fees and such further relief to which it is found entitled by law.

Dated: May 31, 2023                         Respectfully submitted,


                                    /s/ *Jesse Halfon*
                                    Charles N. Raimi (P29746)
                                    Jesse Halfon (P66936)
                                    Attorneys for Defendant, City of Detroit
                                    2 Woodward Avenue, Suite 500
                                    Detroit, MI 48226
                                    (313) 237-5244
                                    raimic@detroitmi.gov
                                    jesse.halfon@detroitmi.gov

## CITY OF DETROIT'S AFFIRMATIVE AND SPECIAL DEFENSES

Defendant, City of Detroit, asserts the following defenses to the claims in Plaintiff's complaint. Defendant's investigation into the issues raised in the Complaint is at the preliminary stages and Defendants reserve the right to add further affirmative defenses.

1.  The complaint fails to state a claim upon which relief can be granted against Defendant.

2.  The Complaint is not ripe for adjudication by this Court.

3.  The Complaint is moot.

4.  Plaintiffs lack standing to maintain this action either for themselves or on behalf of the alleged class of persons they purport to represent and the

purported class fails to meet the requirements for class certification or maintenance of a class action.

5. Plaintiffs do not have a private cause of action to enforce regulations promulgated under the Americans with Disabilities Act or the Rehabilitation Act.

6. The Complaint is barred in that the relief sought would require Defendants to alter fundamentally the City's services and programs.

7. The Complaint is barred in that the relief sought would place an undue financial and administrative burden on the City and would require unreasonable modifications to programs and services.

8. Defendant is not required to make structural changes in existing facilities where other methods are or would be effective to achieve compliance with applicable law.

9. The City has a comprehensive system or plan which is effectively providing appropriate services, programs and facilities to plaintiffs and any purported class.

10. This court lacks subject matter jurisdiction in that this action seeks to compel a reallocation of taxpayer funds within a fixed and limited City budget to accommodate specific individuals or groups on the basis of arbitrary, indefinite or conflicting professional judgments.

11. The relief sought would mandate the manner in which Defendant allocates public funds in relation to existing programs and services, a political judgment which is outside the purview of the court's authority.

12. Defendant is not required to make modifications to historic structures that are structurally impracticable, technically infeasible, and/or which have been satisfied to the maximum extent feasible.

13. To the extent that the Complaint alleges violations of law, any such violations were committed by individuals or entities other than Defendant.

Dated: May 31, 2023                    Respectfully submitted,

                                       /s/ *Jesse Halfon*
                                       Charles N. Raimi (P29746)
                                       Jesse Halfon (P66936)
                                       Attorneys for Defendant, City of Detroit

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon the attorney(s) of record through the ECF system. The statement above is true to the best of my knowledge, information, and belief.

                                       /s/ *Jesse Halfon*