## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JILL BABCOCK, et al.,

      Plaintiffs,

v

STATE OF MICHIGAN, et al.,

      Defendants.

Case No. 22-cv-12951
Hon. Mark A. Goldsmith

_____

## DEFENDANTS COUNTY OF WAYNE AND WAYNE COUNTY BUILDING AUTHORITY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants County of Wayne and Wayne County Building Authority (collectively the "Wayne County Defendants") move to dismiss Plaintiffs' First Amended Complaint (ECF No. 41) under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), for the reasons provided in its brief in support of its Motion to Dismiss. Defendants state as follows:

1. Pursuant to E.D. Mich. LR 7.1(a), the undersigned counsel certifies that counsel communicated in writing with opposing counsel, explained the nature of the relief to be sought by way of this Motion and sought concurrence; opposing counsel thereafter expressly denied concurrence.

2. On April 28, 2023, Plaintiffs filed their Amended Complaint alleging the Wayne County Defendants, among other defendants, violated various federal

and state laws relative to the accessibility of approximately seven buildings, some of which are historic buildings, in the County of Wayne.

3.     Plaintiffs fail to plead sufficient claims against Defendants as their Amended Complaint does not meet the minimum requirements of Fed. R. Civ. P. 8(a)(2).

4.     Plaintiffs fail to allege sufficient facts to establish standing with respect to their claims against Wayne County Defendants.

5.     In addition, Plaintiffs fail to state a claim for punitive damages against Wayne County Defendants.

6.     Thus, Defendants respectfully request that this Honorable Court enter an order dismissing Plaintiffs' First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), for the reasons stated in Defendants' brief in support of its Motion to Dismiss, in addition to any other relief this Court deems just and equitable.

Respectfully Submitted,

**THE MILLER LAW FIRM**

/s/*Melvin Butch Hollowell*
Melvin B. Hollowell (P37834)
Sharon S. Almonrode (P33938)
E. Powell Miller (P39487)
Angela L. Baldwin (P81565)
211 W. Fort Street, Suite 705
Detroit, MI 48226
(313) 483-0880
(248) 841-2200

mbh@millerlawpc.com
ssa@millerlawpc.com
epm@millerlawpc.com
alb@millerlawpc.com
*Attorneys for Defendants,*
*Wayne County and Wayne*
*County Building Authority*

Dated June 2, 2023

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JILL BABCOCK, et al.,                      Case No. 22-cv-12951
                                           Hon. Mark A. Goldsmith
      Plaintiffs,

v

STATE OF MICHIGAN, et al.,

      Defendants.

_____

## BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ........................................................................ ii

CONCISE STATEMENT OF ISSUES PRESENTED ............................................ iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ............................ v

I.     INTRODUCTION ................................................................ 1

II.    BACKGROUND ................................................................ 2

III.   STANDARD OF REVIEW ...................................................... 7

IV.   ARGUMENT ........................................................................ 9

A. Plaintiffs Fail to State an Americans with Disabilities Act Claim Against the Wayne County Defendants ................................................................ 9

    i.     The Wayne County Defendants Are Not Required to Make Structural Changes to Their Existing Facilities ...................................... 9

    ii.    Plaintiff Maddox Fails to State a Voting Rights Claim Against the Wayne County Defendants .................................................. 11

    iii.   Plaintiff Babcock Fails to Allege Exclusion From Any Program, Service, Or Activity and Plaintiff Maddox Claims are Barred by the Statute of Limitations .......................................................... 13

B. Plaintiffs Fail to State a §504 Rehabilitation Act Claim Against the Wayne County Defendants ................................................................ 16

C. Plaintiffs' State Law Claims Also Fail ........................................... 19

D. Plaintiffs' Fail to Allege Facts Sufficient to Establish Standing .................. 20

E. Plaintiffs Are Not Entitled to Punitive Damages ................................ 21

CONCLUSION ................................................................................ 22

i

# <u>INDEX OF AUTHORITIES</u>

## Cases

*Ability Ctr. of Greater Toledo v. City of Sandusky,* 385 F.3d 901 (6th Cir. 2004) ...17

*Am. Council of the Blind of New York, Inc. v. City of New York*, 579 F. Supp. 3d 539 (S.D.N.Y. 2021) ........................................................................................10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................ 8, 21, 22

*Babcock v. Michigan*, 812 F.3d 531 (2016) .................................................... 16, 17

*Barnes v. Gorman*, 536 U.S. 181 (2002)........................................................17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)........................................8, 22

*Conley v. Gibson*, 355 U.S. 41 (1957) ........................................................21

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006)........................................8

*Davis v. Colerain Twp.,* 51 F.4th 164 (6th Cir. 2022)........................................20

*Dillery v. City of Sandusky*, 398 F.3d 562 (6th Cir. 2005) ......................................20

*Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189 (2d Cir. 2014) ........................................................................................9

*Doherty v. S. Coll. of Optometry*, 862 F.2d 570 (6th Cir. 1988)..............................17

*Donald v. Sybra, Inc.*, 667 F.3d 757 (6th Cir. 2012)...............................................19

*Dorsey v. City of Detroit*, 157 F. Supp. 2d 729 (E.D. Mich. 2001) ........................20

*Gerber v. Herskovitz,* 14 F.4th 500 (6th Cir. 2021)...............................................20

*Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531 (6th Cir. 2012)......................8

*Jim C. v. United States*, 235 F.3d 1079 (8th Cir. 2000) ..........................................19

*Johnson v. City of Saline*, 151 F.3d 564 (6th Cir. 1998) .................................. 17, 20

*Lane v. KinderCare Learning Centers, Inc.,* 588 N.W.2d 715 (Mich. Ct. App. 1998) ........................................................................................13

*Lujan v. Defs. of Wildlife,*, 504 U.S. 555, 560-61 (1992)....................................7, 23

*McPherson v. Michigan High School Athletic Association, Inc.*, 119 F.3d 453 (6th Cir. 1997) ........................................................................................17

*Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005).........................................................9

*Michigan Paralyzed Veterans of Am., Inc. v. Michigan Dep't of Transportation*, No. 15-CV-13046, 2017 WL 5132912 (E.D. Mich. Nov. 6, 2017) ............................11

*Moreno v. Consolidated Rail Corp.*, 99 F.3d 782 (6th Cir. 1996) ..........................20

*Mote v. City of Chelsea*, 284 F. Supp. 3d 863 (E.D. Mich. 2018) ............. 15, 17, 19

*Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494 (4th Cir. 2016).........................11

*R.K. by & through J. K. v. Lee*, 53 F.4th 995 (6th Cir. 2022) .................................23

*Rose v. Wayne Cnty. Airport Auth.*, 210 F. Supp. 3d 870 (E.D. Mich. 2016) ..........10

*Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26 (1976).........................................8

*Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016) ........................................................8

*United Spinal Ass'n v. Bd. of Elections in City of New York*, 882 F. Supp. 2d 615
 (S.D.N.Y. 2012) .................................................................................9

*Warth v. Seldin*, 422 U.S. 490 (1975)................................................................7, 8

**Statutes**

20 U.S.C. § 794 .....................................................................................18

28 C.F.R. §35.150 ..................................................................................14

29 U.S.C. 794a(a)(2) ..............................................................................17

29 U.S.C.A. § 794 ..................................................................................16

Americans with Disabilities Act of 1990 ...................................................2

Rehabilitation Act of 1973 ......................................................... 16, 18, 19, 20

MCL 168.193 .......................................................................................13

MCL 168.201 .......................................................................................13

MCL 168.24a(1)-(3) ...............................................................................13

MCL 168.559 .......................................................................................13

MCL 168.662(1) ....................................................................................12

MCL 168.662(10)(a) ..............................................................................12

MCL 37.1101 .......................................................................................19

**Rules**

28 C.F.R. §35.150(a) .............................................................................11

28 C.F.R. §35.150(a)(3) ..........................................................................10

28 CFR 35.150(a)(1) ...............................................................................9

Fed. R. Civ. P. 8(a) ...............................................................................21

Fed. R. Civ. P. 12(b)(1) and (6)........................................................ 2, 7, 8

## <u>CONCISE STATEMENT OF ISSUE PRESENTED</u>

1. Whether Plaintiffs' claims should be dismissed where Plaintiffs fail to plead facts and state plausible claims upon which relief may be granted?

   The Court should respond "Yes."

2. Whether Plaintiffs claims should be dismissed for lack of standing when no facts are plead to support any concrete injury-in-fact?

   The Court should respond "Yes."

3. Whether Plaintiffs' request for punitive damages should be dismissed when none of the claims pleaded give rise to such damage and when such damages are not permitted under Title II of the American Disabilities Act.

   The Court should respond "Yes."

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

The controlling or most appropriate authorities for resolving the Wayne County

Defendants' motion are the following:

- Fed. R. Civ. P. 12(b)(6)
- Fed. R. Civ. P. 12(b)(1)
- M.C.L. § 600.5805(2)
- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
- *Conley v. Gibson*, 355 U.S. 41 (1957)
- *Frame v. City of Arlington,* 657 F.3d 215, 238-40 (5th Cir. 2011)
- *Rose v. Wayne Cnty. Airport Auth.*, 210 F. Supp. 3d 870 (E.D. Mich. 2016)
- *Dorsey v. City of Detroit*, 157 F. Supp. 2d 729, 731 (E.D. Mich. 2001)

# I.    INTRODUCTION

On April 28, 2023, Plaintiffs Jill Babcock, Marguerite Maddox, and Ashley Jacobson filed a purported class action Amended Complaint against Wayne County Defendants (among others) alleging that Defendants violated various federal and state laws relative to the accessibility of approximately seven buildings, most of which are historic buildings, in the County of Wayne. This Court granted Plaintiffs an opportunity to amend its complaint, however its Amended Complaint fails to correct the defects in its original complaint. In sum, the Amended Complaint is unintelligible as it fails to identify what the defects are related to each building and/or named defendant, fails to identify the said disability (intellectual, physical, sensory, and mental illness), fails to identify a public service, program, or activity from which they were excluded or denied a benefit, and fails to establish facts sufficient to establish standing for the relief sought which could be barred by the statute of limitations.

The County of Wayne, Michigan's largest county with 1.8 million residents and the 13th most populous in the United States[1] is proudly committed to equality of opportunity, access, and excellence in the delivery of its services as set forth in the very first line of its Home Rule Charter's Declaration of Rights: "Wayne

---

[1] https://www.waynecounty.com/county/aboutwc.aspx (last visited: May 26, 2023) (Ex. 1)

County shall not discriminate against residents in the delivery of services."[2] Wayne County works to ensure that the buildings for which it is responsible meet the requirements of federal and state law relative to accessibility, including reasonable modifications to existing buildings and offers a full range disability services to its residents through its agencies, consistent with its lawful duty, and therefore strongly rejects Plaintiffs' unfounded assertions that it has violated any of Plaintiffs' rights under federal or state law, including the false assertion that it has "interfere[d] with Plaintiffs' equal right to access" under the Americans with Disabilities Act of 1990 ("ADA") (ECF No. 1, PageID.2).

Plaintiffs have failed to plead even the most basic facts sufficient to establish their claims against the Wayne County Defendants and it is not Defendant's duty to speculate about Plaintiffs' allegations. Accordingly, the Wayne County Defendants move to dismiss Plaintiffs claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## II.   BACKGROUND

On December 6, 2022, Plaintiffs filed a Class Action and Disability Rights Complaint for Injunctive and Other Relief against the Wayne County Defendants among four other defendants (State of Michigan, Detroit Building Authority, City of Detroit, and Detroit-Wayne Joint Building Authority "DWJBA"). Subsequent to

---

[2] County of Wayne, 2015 Home Rule Charter, Art. I, §1.111

mediation, the Court granted leave for Plaintiffs to file their First Amended Complaint. ("Class Action Civil and Disability Rights Complaint for Injunctive and Other Relief" or "First Amended Complaint") (ECF No. 41). Plaintiffs' First Amended Complaint, however, only adds minor details and new allegations related to the new Plaintiff Maddox.

The Amended Complaint repeats the same fatal errors committed in the initial Complaint. Plaintiffs still broadly alleges "interfere[nce] with Plaintiffs' equal right to access" buildings and facilities purportedly owned and operated by all Defendants without any indication of what the defects are within each building named in their complaint or the type of disability alleged. This is particularly relevant as Plaintiffs purport this to be a class action complaint. *Id*. Specifically, Plaintiffs' complaint fails to allege "(1) what services, programs, or activities they have been deprived of; (2) when the deprivation occurred; (3) the building where these deprivations occurred; and (4) the [Defendants'] conduct that allegedly denied them meaningful access." (ECF No. 29, PageID.549). The Complaint is so wholly non-specific that it could not remotely afford Defendants the opportunity to defend themselves against Plaintiffs' claims as required by the court rules and case law. It is not Defendant's burden to speculate about what Plaintiffs' allegation are in order to defend itself.

3

The Wayne County Defendants have offices in seven (7) buildings identified in this matter, most of which they lease and a couple of which they own. The Frank Murphy Hall of Justice is owned by Bedrock Properties, leased to Wayne County and was first occupied in 1970. Under the terms of a development agreement, it is expected that in early 2024 the County will be vacating the entire building and relocating to the newly constructed Wayne County Criminal Justice Complex ("CJC") at 1301 East Warren, Detroit, Michigan 48207. Nonetheless, there are ADA-compliant wheelchair ramps at each public entrance. There are ADA-compliant restrooms on the ground floor and on every other floor throughout the building.

The CJC is owned by Bedrock and is currently under construction. The claim relating to this building is, clearly, premature. Per the Development Agreement between the County and Bedrock, Bedrock certifies that the CJC will be ADA compliant. Plaintiffs assert no plausible allegation related to noncompliance with respect to this brand-new building that is currently under development.

The Guardian Building is owned by Wayne County as of 2012 and is managed by 400 Monroe Associates. Guardian was first occupied in March of 1929 and is listed on the National Register of Historic Places, as well as State and City Historic Registers. The management agreement for the building provides that

4

the management company will ensure compliance with ADA standards. The building has a wheelchair lift at the South entrance to the building providing ADA access to each of the floors where the County does business. There are ADA-compliant restroom facilities throughout the building on every other floor with 3 exceptions.

The Lincoln Hall of Justice is owned and managed by Wayne County. Building A, consists of 3 floors, was first occupied in 1979. Building B, consists of 4 floors, was first occupied in 1886. Building A has an ADA-compliant wheelchair ramp at the North entrance to the building, and ADA-compliant restrooms on the 1st and lower levels. Building B has an ADA-compliant wheelchair ramp at the East entrance to the building, and ADA-compliant public restrooms on the 1st floor.

The International Center Building is owned by 400 Monroe Associates which leases space to the County. The building was first occupied in 1891 and later renovated in 1986. 400 Monroe is a "contributing building" in the City's Greektown Historic District (within the boundaries West of St Antoine and East of Brush) and therefore subject to restrictions under the Detroit Historic District Commission.[3] It has an ADA-compliant wheelchair entrance on the St. Antoine side of the building. All 8 floors have ADA-compliant public restrooms.

---

[3] See, https://catalog.archives.gov/id/25340918 (Last visited June 2, 2023)(Ex. 2).

The Penobscot Building is owned and managed by Triple Group Properties, was first occupied in 1929, and the County leases space in the building. There is an automatic ADA-compliant wheelchair entry at the main entrance on Griswold, and ADA-compliant restrooms available to the public throughout the building.

The Coleman A. Young Municipal Center ("CAYMC") was built in 1955, is owned by the DWJBA, and the County leases space in CAYMC. The rules promulgated by the Department of Justice regarding Title II of the ADA requires only that public entities make their services, programs, or activities "readily accessible" by means that do not impose "undue financial and administrative burdens" upon the public entity. 28 C.F.R. §35.150. (hereafter "the undue burden test"). To comply with the undue burden test Plaintiffs must provide verified cost budgets which include the construction type, age, materials, labor costs and historic or unique nature, if any, of the buildings involved. Construction costs are 37% more expensive today compared to pre-pandemic levels according to a 2023 study by the American Associated Builders and Contractors Association.[4] The expense involved in making alterations to older and historic structures is higher still. CAYMAC has installed ADA accessible bathrooms on the 9th, 5th and lower

---

[4] https://archinect.com/news/article/150339906/cost-of-construction-materials-remains-37-higher-than-pre-pandemic-according-to-latest-abc-analysis (Last visited: June 2, 2023) (Ex. 3)

6

levels. It has handicapped accessibility at all public entrances to the building, and wheelchair ramps to the auditorium on the 13th floor.

Many of the defects alleged in Plaintiff's Amended Complaint fail to state a claim under the Rehabilitation Act of 1973 and fail to establish standing under the ADA claims. Specifically, the Amended Complaint asserts Title II claims but raises Title I issues. Title I of the ADA addresses employers, while Title II addresses government services.

## III.   STANDARD OF REVIEW

Defendant moves to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A lack of jurisdiction requires dismissal under Rule 12(b)(1). *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Thus, Article III standing is a threshold question in every case, and "[a] plaintiff must demonstrate standing for each claim he seeks to press." *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006). A plaintiff lacks standing where he has not suffered an injury-in-fact. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "That a suit may be a class action…adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they

purport to represent.'" *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 fn.20 (1976) (quoting Warth, 422 U.S. at 502).

In order to survive a motion to dismiss under FRCP 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint must thus "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012)(citations omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

Applying these settled legal standards, dismissal is required here.

## IV.  ARGUMENT

### A. Plaintiffs Fail to State an Americans with Disabilities Act Claim Against the Wayne County Defendants.

#### i. The Wayne County Defendants Are Not Required to Make Structural Changes to Their Existing Facilities.

Plaintiffs allege that they require "in-person physical access" to the services, programs, or activities provided by the Wayne County Defendants in the buildings listed above. (ECF No. 41, Page.ID656). To that end, Plaintiffs seek declaratory and injunctive relief compelling all Defendants to make their buildings equally accessible to both able-bodied and disabled persons without specifying a disability. *Id*. at PageID.736. Nonetheless, Defendants provide meaningful access to its buildings as required by law. See *United Spinal Ass'n v. Bd. of Elections in City of New York*, 882 F. Supp. 2d 615, 623 (S.D.N.Y. 2012), aff'd sub nom. *Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189 (2d Cir. 2014) ("the ADA and its implementing regulations do not require 'equal access' or 'equal results' for individuals with disabilities, those individuals must be provided with "meaningful access" to a public entities programs and activities.").

Likewise, 28 CFR 35.150(a)(1) specifically states that public entities are not required "to make each of its existing facilities accessible to and usable by individuals with disabilities." Instead, the Wayne County Defendants must only make "reasonable accommodations for disabled individuals so as not to deprive them of meaningful access to the benefits of the services such entities provide." *Rose v. Wayne Cnty. Airport Auth.*, 210 F. Supp. 3d 870 (E.D. Mich. 2016). This does not "[r]equire a public entity to take any action that it can demonstrate would result in…undue financial and administrative burdens." 28 C.F.R. §35.150(a)(3);

9

*Am. Council of the Blind of New York, Inc. v. City of New York*, 579 F. Supp. 3d 539, 568 (S.D.N.Y. 2021). Public entities may comply with the requirements of this section through:

> [R]edesign or acquisition of equipment, reassignment of services to accessible buildings, assignment of aides to beneficiaries, home visits, delivery of services at alternate accessible sites, alteration of existing facilities and construction of new facilities, use of accessible rolling stock or other conveyances, or any other methods that result in making its services, programs, or activities readily accessible to and usable by individuals with disabilities. A public entity is not required to make structural changes in existing facilities where other methods are effective in achieving compliance with this section.

Granting Plaintiffs' requested relief would undoubtedly impose undue financial strain upon the Wayne County Defendants. Plaintiffs seek significant structural changes to seven (7) existing and in many cases historic facilities, which certainly pre-date 1993 and in some instances, go back to the 1800's. Plaintiffs' demand for the construction of bathrooms to be added to all floors of buildings, doorways widened, heavy doors replaced, entrances added, and many more changes is inconsistent with the Wayne County Defendants' duty under law. 28 C.F.R. §35.150(a); (ECF No. 41, PageID.668-702). Taking on the task of satisfying Plaintiffs' requests at any one of the facilities at issue would cause the Wayne County Defendants to incur a significant financial burden and the undertaking of a project that would likely limit access to these facilities even further and for long periods of time. See *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 507 (4th Cir.

2016) ("Not all public services, programs, or activities can be made meaningfully accessible to all citizens, or at least they cannot be made so without a prohibitive cost or unreasonable effort on the part of the public entity.").

Furthermore, contrary to Plaintiffs allegations, the Wayne County Defendants have already satisfied many, if not most, of the programs or activities Plaintiffs allege to be excluded from as they are accessible by other effective means. In fact, since the pandemic, nearly all County Circuit Court functions have been converted to online. Any relief requested by Plaintiffs which would require the Wayne County Defendants to engage in remedial methods above and beyond those methods which would be effective in achieving compliance, is not appropriate and should be denied. See *Michigan Paralyzed Veterans of Am., Inc. v. Michigan Dep't of Transportation*, No. 15-CV-13046, 2017 WL 5132912, at *5 (E.D. Mich. Nov. 6, 2017) ("The regulation requires only that, 'when viewed in its entirety,' the *program* at issue be accessible.")(emphasis added). This is a glaring deficiency in Plaintiffs' First Amended Complaint and dismissal of Plaintiffs' ADA claim against the Wayne County Defendants is appropriate.

**ii. Plaintiff Maddox Fails to State a Voting Rights Claim Against the Wayne County Defendants.**

Plaintiff Maddox alleges that she "prefers to exercise her right to vote in person," but that "[t]he entrance door [to her precinct] is too narrow, and has a step which is too high" which requires her to "knock on one of the large truck garage

11

doors for it to be opened, so that she can get in." (ECF No. 41, PageID.630). As a matter of law, however, this claim does not apply to the County Defendants as city clerks and city election agencies, not county clerks and county election agencies, bear the exclusive responsibility for selecting and overseeing polling places. ("The legislative body in each city … shall designate and prescribe the place or places of holding an election for a city, village or township election, and shall provide a suitable polling place in or for each precinct located in the city or township for use at each election." MCL 168.662(1)). It would impose an undue financial burden. Moreover, the Michigan Election Law further provides that it is the sole responsibility of city clerks and city agencies for compliance with "[v]oting accessibility … so as to ensure individuals with disabilities [have] the opportunity to participate in elections in this state." MCL 168.662(10)(a).

The County's role in elections, through the County Clerk, the County Board of Elections and the County Board of Canvassers is to receive nominating petitions, certify candidates for the ballot, prepare and distribute ballots to the municipal clerks in each of the County's 43 communities and ultimately to certify the vote totals ("The board of county canvassers shall determine which candidates … received the greatest number of votes and shall declare such candidates to be duly elected." MCL 168.201) after the election.    See also MCL 168.193, 168.24a(1)-(3), and MCL 168.559. Wayne County has no responsibility for polling

locations and therefore, the voting claims of Plaintiff Maddox must be dismissed as inapplicable to the Wayne County Defendants.

### iii. Plaintiff Babcock Fails to Allege Exclusion From Any Program, Service, Or Activity and Plaintiff Maddox Claims are Barred by the Statute of Limitations.

There is no private right of action for the statutes Plaintiffs identify in Count IV. *Lane v. KinderCare Learning Centers, Inc.,* 588 N.W.2d 715, 718 (Mich. Ct. App. 1998) (Michigan Barrier Free Design Act). The same analysis applies to the local building codes and these local codes are cited in connection with the City's granting of occupancy permits to private businesses, not CAYMC. Further Plaintiffs' Title II ADA claims also fail.

CAYMAC's 13th floor auditorium has an ADA-compliant wheelchair ramp which affords direct access to the front of the dais. Citizens in wheelchairs routinely address public bodies and public attendees from the front of the dais. Nevertheless, Plaintiff Babcock alleges that she was scheduled to give an in-person public presentation but would have somehow been prevented from doing so. (ECF No. 41, PageID.618). *Id*. But in the Amended Complaint then admits that she did not actually experience a barrier to participation since "the presentation would be by remote zoom." *Id*. at PageID.619. Therefore, Plaintiff Babcock was, in fact, able to access the program and meaningfully participate, as required by law. 28 C.F.R. §35.150. Plaintiff Babcock also alleges that "[s]he has been discriminated against

due to her disabilities and denied full access to…many other public areas of the [CAYMC]" because toilet rooms are locked, certain spaces have heavy doors, certain counters are blocked, and certain racks are not reachable by individuals in wheelchairs. Yet, Plaintiff Babcock does not identify any statute or rule entitling her to access the areas that she claims to be excluded from. She fails to identify services, programs, or activities she has been denied access to as a result of the design defects she generally describes.

Plaintiff Jacobson alleges that Defendants have discriminated against her because as an attorney "[s]he has had to turn down business due to the Defendants' refusal to make their buildings accessible." Her claims hinge on two issues: bathroom locations and masking policies. (ECF No. 41, PageID.636-638). She cites issues in the "204 Highlander Way building" which houses the "State of Michigan Forty Fourth Judicial Circuit and Juvenile Court and the State of Michigan Fifty Third Judicial District Court, a building unrelated to the Wayne County Defendants. *Id*. Plaintiff Jacobson has not shown that the Wayne County Defendants have engaged in any conduct denying her access to its services, programs or activities.

Even if, arguendo, this was a building under the jurisdiction of the Wayne County Defendants, the claim still fails. Plaintiff Jacobson fails to allege that in-person physical access is the *only* means by which these functions are achieved.

(ECF No. 41, PageID.656-657). In fact, several of the functions named, such as depositions, discovery, negotiations, investigations, and other meetings do not even traditionally occur in the buildings named.

Plaintiffs' First Amended Complaint fails to remedy the deficiencies of its original complaint. As Defendant State of Michigan noted in its motion to dismiss, Plaintiffs fail to sufficiently identify exactly "(1) what services, programs, or activities they have been deprived; (2) when the deprivation occurred, (3) the building where these deprivations occurred; and (4) the [Wayne County Defendants'] conduct that allegedly denied them meaningful access." (ECF No. 29, PageID.549).

Further, "[t]he failure to identify the specific incidents of alleged denial of services, programs, or benefits, especially when such incidents occurred, is significant since the applicable statute of limitations bars claims older than three years." *Id*. citing *Mote v. City of Chelsea*, 284 F. Supp.3d 863, 886 (E.D. Mich. 2018). Plaintiff Maddox asserts that she attended almost every meeting of the City Council to advocate on behalf of alleged architectural barriers since 2008. Am. Comp. at para 43-44. As such, Maddox knew and has been complaining about the alleged barriers for 15 years which clearly exceeds the 3-year statute of limitations. The statute of limitations for the ADA and RA begins running when a plaintiff knew or should have known she was being denied services, programs, or activities

on account of architectural barriers. *Frame v. City of Arlington,* 657 F.3d 215, 238-40 (5th Cir. 2011) *(en banc).*

Likewise in 2016 Plaintiff Babcock brought claims, substantially similar to the instant case, against Defendant State of Michigan alleging violations of Title II of the ADA and §504 of the Rehabilitation Act. *Babcock v. Michigan*, 812 F.3d 531 (2016). The Sixth Circuit dismissed Plaintiff Babcock's claims because she failed to allege that she was denied access to any service, program, or activity. The court held "facility access is not, standing alone, a cognizable claim under Title II's private right of action." *Id*. Plaintiffs' First Amended Complaint must also fail because Plaintiffs have merely asserted scant and generalized allegations of "discrimination" to cover for their real concerns: lack of access to buildings and facilities. Plaintiffs fail to allege any conduct showing that the Wayne County Defendants denied Plaintiffs meaningful access to or the benefit of its services, programs, or activities. Therefore, Plaintiffs' Title II ADA claims must fail.

Plaintiffs' have failed to state a Title II ADA claim against the Wayne County Defendants because they have not included sufficient facts to show that the Wayne County Defendants have engaged in discrimination against Plaintiffs by denying Plaintiffs access public services, programs, or activities. Plaintiffs' First Amended Complaint makes clear that Plaintiffs are merely concerned with design defects within the Wayne County Defendants' existing facilities, to which Plaintiffs

do not have a private right of action to remedy. *Babcock*, 812 F.3d at 536. Further

Plaintiff Babock and Maddox's claims are barred by the statute of limitations.

**B. Plaintiffs Fail to State a §504 Rehabilitation Act Claim Against the Wayne County Defendants.**

Section 504 of the Rehabilitation Act of 1973 provides that "[n]o otherwise

qualified individual with a disability in the United States…shall solely by reason of

her or his disability, be excluded from the participation in, be denied the benefits

of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance." 29 U.S.C.A. § 794. The elements of a cause of action

under section 504 are as follows: (1) The plaintiff is a "handicapped person" under

the Act; (2) The plaintiff is "otherwise qualified" for participation in the program;

(3) The plaintiff is being excluded from participation in, being denied the benefits

of, or being subjected to discrimination under the program solely by reason of his

handicap; and (4) The relevant program or activity is receiving Federal financial

assistance." *Doherty v. S. Coll. of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988).

"[T]he remedies, procedures, and rights available under Title II of the ADA parallel

those available under [The Rehabilitation Act]." *Ability Ctr. of Greater Toledo v.*

*City of Sandusky,* 385 F.3d 901, 905 (6th Cir. 2004) (citing 29 U.S.C. 794a(a)(2);

*Barnes v. Gorman*, 536 U.S. 181, 189 n.3, 122 S.Ct. 2097, 153 L.Ed.2d 230

(2002); *Johnson v. City of Saline*, 151 F.3d 564, 573 (6th Cir. 1998)).

17

However, "it applies only to any program or activity receiving Federal financial assistance." *Mote v. City of Chelsea*, 284 F. Supp. 3d 863, 874 (E.D. Mich. 2018) (internal quotation marks omitted). The Sixth Circuit opined that its "analysis of Rehabilitation Act claims 'roughly parallels' ADA claims because the statutes contain similar language and are 'quite similar in purpose and scope.'" *Babcock*, 812 F.3d at 540 (quoting *McPherson v. Michigan High School Athletic Association, Inc.*, 119 F.3d 453, 459-60 (6th Cir. 1997)); *Mote v. City of Chelsea*, 391 F. Supp. 3d 720, 740 (E.D. Mich. 2019). Plaintiffs §504 claims in this case must fail for many of the same reasons enumerated above in the 2016 case.

Plaintiffs have failed to provide sufficient factual information to establish that the Wayne County Defendants engaged in discrimination by denying Plaintiffs access to public programs, or activities. Plaintiffs allege that all Defendants have discriminated against them by generally:

    a. Excluding them from participating in or denying them the benefits of the services of its executive, legislative, and judicial branches, and electoral and administrative review functions, in violation of 20 U.S.C. § 794.[5]

    b. Denying and excluding them from participation by denying them access by failing to eliminate the physical obstacles to their participation as described herein, in violation of 20 U.S.C. § 794.

(ECF No. 41, PageID.712). The Wayne County Defendants do not discount the fact that the Rehabilitation Act defines a program or activity broadly as "all of the

---

[5] Plaintiffs repeatedly mis-cite §504 of the Rehabilitation Act as "20 U.S.C. 794."

operations of the entity of such State or local government," however, the Wayne County Defendants maintain that Plaintiffs have not clearly identified from which programs or activities they face exclusion. Plaintiffs further make a blanket allegation that all Defendants have received federal funding, "subjecting them to the antidiscrimination and fully access provisions of the Rehabilitation Act of 1973." *Id*. at PageID.703.

However, even though Plaintiffs fail to state with specificity any programs or activities they have been denied access to, Plaintiffs further have not sufficiently alleged that any such funding was used to fund the programs or activities they allege to be excluded from. *Jim C. v. United States*, 235 F.3d 1079, 1081 (8th Cir. 2000). As such, Plaintiffs' claims under the Rehabilitation Act must also fail.

### C. Plaintiffs' State Law Claims Also Fail.

Plaintiffs generally assert that the alleged design defects in Defendants' facilities violate the Michigan Persons with Disabilities Civil Rights Act (MCL 37.1101 et seq.) ("PWDCRA"). The PWDCRA is the state law counterpart of the ADA and Rehabilitation Act. *Mote v. City of Chelsea*, 391 F. Supp. 3d 720, 740 (E.D. Mich. 2019). "The enactment 'substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim.'" *Id*. quoting *Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012). Plaintiffs merely cite numerous provisions of the statute without clearly

alleging which provisions the Wayne County Defendants violated. As explained above, Plaintiffs fail to sufficiently allege any services they have been denied by the Wayne County Defendants. To prevent repetitive arguments, the Wayne County Defendants rely on the above arguments and Plaintiffs' claims should be dismissed.

### D. Plaintiffs' Fail to Allege Facts Sufficient to Establish Standing.

Plaintiffs lack standing to assert some or all of the alleged violations and may have no basis for damages related to any alleged violation. Standing goes to the subject matter of a court's jurisdiction. Plaintiffs must prove standing's elements which include: (1) injury in fact, (2) traceability, and (3) redressability for each claim and remedy." *Davis v. Colerain Twp.,* 51 F.4th 164, 171 (6th Cir. 2022). To satisfy this imperative, a plaintiff "must establish the invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Gerber v. Herskovitz,* 14 F.4th 500, 505-06 (6th Cir. 2021). In *Babcock v. Michigan*, 812 F.3d 531 (2016), Plaintiff Babcock made the same and or substantially similar claim. The Court observing that Babcock had not identified a public service, program, or activity from which she was excluded or denied a benefit, the district court granted defendants' motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim.

Here, the Amended Complaint still asserts claims proving no right of action, insufficient allegations to establish any claim under the Rehabilitation Act of 1973

and could be barred by the statute of limitations. Specifically, the Amended Complaint asserts Title II claims but raises Title I issues. Title I of the ADA addresses employers, while Title II addresses government services. The Amended Complaint fails to identify the said disability (intellectual, physical, sensory, and mental illness), fails to identify a public service, program, or activity from which they were excluded or denied a benefit, and fails to establish facts sufficient to establish standing for the relief sought which could be barred by the statute of limitations. Various defenses will also apply to Plaintiffs' claims involving Wayne County.

### E. Plaintiffs Are Not Entitled to Punitive Damages.

The Sixth Circuit has specifically held that punitive damages are not permitted under Title II of the ADA. *Dorsey v. City of Detroit*, 157 F. Supp. 2d 729, 731 (E.D. Mich. 2001); *Johnson v. City of Saline*, 151 F.3d 564, 572-73 (6th Cir. 1998). Similarly, "punitive damages are not available under § 504 of the Rehabilitation Act." *Johnson v. City of Saline*, 151 F.3d 564, 573 (6th Cir. 1998); *Moreno v. Consolidated Rail Corp.*, 99 F.3d 782 (6th Cir. 1996) (en banc); *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005). Plaintiffs' claims are specifically related to Title II of the ADA and under § 504 of the Rehabilitation Act. For these reasons, punitive damages are not available to Plaintiffs and they cannot show that they are entitled to such relief.

21

## V. CONCLUSION

It is axiomatic that Fed. R. Civ. P. 8(a) requires Plaintiffs to plead "a short and plain statement of the claim showing that [they are] entitled to [the] relief [sought]." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This rule protects Defendants by ensuring that they have "fair notice of what the … claim is and the grounds upon which it rests." *Id*. While "detailed factual allegations" are not required, Plaintiffs must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quotation marks omitted).

In sum, the Amended Complaint is unintelligible as it fails to identify what the defects are related to each building and/or named defendant, fails to identify the said disability (intellectual, physical, sensory, and mental illness), fails to identify a public service, program, or activity from which they were excluded or denied a benefit, and fails to establish facts sufficient to establish standing for the relief sought, and are barred by the statute of limitations. To satisfy the redressability element of standing, which Plaintiffs failed to do, they must show that it is "likely, as opposed to merely speculative, that the injury will be redressed

by a favorable decision." *R.K. by & through J. K. v. Lee,* 53 F.4th 995, 1001 (6th Cir. 2022) (quoting *Lujan,* 504 U.S. at 561). The Amended Complaint does not plead facts necessary to show pecuniary loss or establish facts sufficient to establish standing for the relief sought.

In light of the foregoing, Plaintiffs' First Amended Complaint does not satisfy the pleading requirements of F.R.C.P. 8(a) and the standards articulated in *Ashcroft* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548, 127 S. Ct. 1955, 1961, 167 L. Ed. 2d 929 (2007) with respect to all claims against the Wayne County Defendants. Plaintiffs merely make generalized allusions to design defects in non-specific buildings in and around the state of Michigan, including in Wayne County, which they claim deny Plaintiffs "their fundamental civil rights of due process and equal protection, to have equal access to the Defendants' buildings and facilities, and to have equal access to the services, amenities, programs, activities, and civic responsibilities as enjoyed by other persons." (ECF No. 41, PageID.611).

Plaintiffs unintelligible make allegations against all Defendants for violating federal and state anti-discrimination laws. But, these bare-boned assertions do not come close to providing the Wayne County Defendants with sufficient factual information regarding any wrongful conduct supporting Plaintiffs' alleged harms consistent with *Twombly* and *Ashcroft*. Therefore, Plaintiffs have failed to state a

plausible claim against the Wayne County Defendants and Plaintiffs' First Amended Complaint must be dismissed.

Respectfully Submitted,

**THE MILLER LAW FIRM**

/s/*Melvin Butch Hollowell*
Melvin B. Hollowell (P37834)
Sharon S. Almonrode (P33938)
E. Powell Miller (P39487)
Angela L. Baldwin (P81565)
211 W. Fort Street, Suite 705
Detroit, MI 48226
(313) 483-0880
(248) 841-2200
mbh@millerlawpc.com
ssa@millerlawpc.com
epm@millerlawpc.com
alb@millerlawpc.com
*Attorneys for Defendants,*
*Wayne County and Wayne*
*County Building Authority*

Dated: June 2, 2023

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 2, 2023, I filed the foregoing document using the Court's CM/ECF filing system, which will serve all parties of record.

 /s/ *Melvin B. Hollowell*
**THE MILLER LAW FIRM**

I, Melvin Butch Hollowell, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Melvin B. Hollowell*