UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK,
MARGUERITE MADDOX, and
ASHLEY JACOBSON, on behalf of
themselves and others similarly situation,

Case No. 22-cv-12951
Hon. Mark A. Goldsmith
Mag. Jonathan Grey

PLAINTIFFS,
v.

STATE OF MICHIGAN, COUNTY OF
WAYNE, CITY OF DETROIT, WAYNE
COUNTY BUILDING AUTHORITY,
DETROIT BUILDING AUTHORITY, and
DETROIT-WAYNE JOINT BUILDING
AUTHORITY,

DEFENDANTS, jointly and severally.
_____/

## DEFENDANT DETROIT BUILDING AUTHORITY'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b) and 12(b)(6)

Defendant Detroit Building Authority (hereafter referred to "DBA") by and through counsel The Allen Law Group, and under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), requests that this honorable Court dismiss Plaintiffs First Amended Complaint and states in support as follows:

1. The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by

way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly denied concurrence.

2. On or about December 6, 2022, Plaintiffs filed a complaint alleging that the DBA violated various states and federal laws related to accessibility in certain buildings in the City of Detroit.

3. In response to the State of Michigan's Motion to Dismiss the December 6, 2022 Complaint, on March 16, 2023, this Court entered an Order allowing Plaintiffs to either respond to the State of Michigan's Motion or file an Amended Complaint addressing the deficiencies identified in the State of Michigan's Motion. (ECF No. 31)

4. On or about April 28, 2023, Plaintiffs filed the instant Amended Complaint to, once again, allege that the DBA violated various state and federal laws related to accessibility in certain buildings in the City of Detroit. Plaintiff however, how expands the building access to privately owned businesses in the City of Detroit.

5. Plaintiffs have continued to failed to sufficiently plead any of their claims and fail to allege any injuries.

6. Plaintiffs have further failed to state any cognizable claims against the DBA.

2

7. Plaintiffs have failed to allege that they were denied the ability to participate in any DBA program, service or activity and therefore cannot survive a motion to dismiss.

8. For these reasons, and as elaborated upon in the accompanying brief in support, the DBA requests that this honorable Court dismiss Plaintiffs' Amended Complaint against the DBA in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and award the DBA any additional relief deemed just and equitable.

Respectfully Submitted,

/s/ Monica N. Hunt
Monica N. Hunt (P68838)
The Allen Law Group
Attorney for Defendant Detroit
Building Authority
3011 West Grand Boulevard
2500 Fisher Building
Detroit, Michigan 48202
(313) 871-5500
mhunt@alglawpc.com

Dated: June 2, 2023

## TABLE OF CONTENT

**Index of Authorities.** ..................................................................................ii

**Statement of Issues Presented** ..................................................................iv

**Introduction** ................................................................................................1

**Statement of Material Facts** ......................................................................2

**Standard of Review** ...................................................................................4

    A. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) ...............................4
    B. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) ...............................4

**Arguments** .................................................................................................5

    1. Plaintiffs' have failed to establish a cognizable
       claim pursuant to 42 USC 12132 ...................................................5
    2. Plaintiffs' have failed to establish a cognizable
       claim pursuant Michigan's Persons With Disabilities
       Civil Rights Act ..............................................................................8
    3. Plaintiffs Claim Against the Detroit Building Authority
       for Violation of the Rehabilitation Act Must Fail .........................8
    4. Plaintiffs Have No Private Cause of Action under the
       Statutes Identified In Count Four and Therefore
       Must Be Dismissed .........................................................................9

**Conclusion** ................................................................................................11

**Certificate of Service** ..............................................................................12

# INDEX OF AUTHORITIES

## Cases

*Anderson v. City of Blue Ash,*
   798 F. 3d 338 (2015) ................................................................6

*Ashcroft v. Iqba*
   556 U.S.662 (2009) ............................................................4, 5

*Babcock v. Michigan,*
   812 F.3d 531 (2016) ................................................................7

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................4, 5

*Brown v. Sibley,*
   9650 F.2d 760 (1981) ...............................................................9

*Directv, Inc. v. Treesh,*
   487 F.3d 471 (6th Cir. 2007) ......................................................4

*Gallagher v. Pontiac Sch. Dist.,*
   807 F.2d 75 (1986) ..................................................................9

*Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.,*
   491 F.3d 320 (2007) ................................................................4

*Lane v. KinderCare Learning Centers, Inc.,*
   588 N.W.2d 715(1998) ..........................................................10

*Wayside Church v. Van Buren Cnty.,*
   847 F.3d 812 (2017) ................................................................4

*Williams v. Richland County Servs.,*
   489 Fed. Appx. 848 (2012) .....................................................4

**Federal Statutes**

42 USC 12132 .................................................................1, 6, 8

29 USC 794 ....................................................................1, 9

28 UCS 1367 ...................................................................8

Fed. R. Civ. P. 12(b)(1) ....................................................2, 4, 11

Fed. R. Civ. P. 12(b)(6) ....................................................2, 4, 11

**State Statutes**

MCL § 37.1302 ................................................................8

MCL §125.1352 ...............................................................10

MCL §125.1361 ...............................................................10

MCL §125.1502 ...............................................................11

MCL §125.1503 ...............................................................11

MCL §125.1508 ...............................................................11

**Ordinances**

Detroit Ordinance Section 50-1-21 ...........................................7

Detroit Ordinance Section 50-2-21 ...........................................7

## STATEMENT OF ISSUES PRESENTED

1. Should Plaintiffs' First Amended Complaint be dismissed for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) where Plaintiffs have failed to allege a cognizable claim against the Detroit Building Authority upon which relief may be granted?

    Defendant Detroit Building Authority States: Yes
    Plaintiffs State: No

2. Should Plaintiffs' First Amended Complaint be dismissed for failure to show an injury in fact by failing to allege any denial of access to services, programs or activities?

    Defendant Detroit Building Authority States: Yes
    Plaintiffs State: No

3. Should Plaintiffs' claims for violation of the Michigan Barrier Free Act, Michigan Sidewalks Act, Michigan Construction Code, Detroit Construction Code, and applicable International Building and Plumbing Codes against the Detroit Building Authority be dismissed for due to none of the statutes providing for a private cause of action causing Plaintiffs to fail state a claim for relief?

    Defendant Detroit Building Authority States: Yes
    Plaintiffs State: No

## INTRODUCTION

Plaintiffs, Jill Babcock, Marguerite Maddox, and Ashley Jacobson (hereafter collectively referred to as "Plaintiffs") bring the instant lawsuit as a purported class action against the Detroit Building Authority (hereafter referred to as "DBA") claiming violations of Title II of the Americans with Disabilities Act pursuant to 42 USC 12132; Section 504 of the Rehabilitation Act of 1973 pursuant to 29 USC 794; Michigan Persons with Disabilities Civil Rights Act; Michigan Barrier Free Acts, Michigan Sidewalk Acts, Michigan Construction Code, Detroit Construction Code; and International Building and Plumbing Codes. Plaintiffs bring all or most of these claims against Defendants State of Michigan, County of Wayne, City of Detroit, Wayne County Building Authority, and Detroit-Wayne Joint Building Authority.

Plaintiffs flawed Amended Complaint fails to address the defects in their original Complaint as required by this Court's Order Regarding Motion to Dismiss (ECF No. 31). While the Amended Complaint includes details about Plaintiffs' inability to access particular buildings and restaurants, or travel on particular sidewalks, it fails to accurately and sufficiently allege any wrongdoing on part of the DBA.

Plaintiffs have failed to identify any facts or law to support any claims that the DBA denied Plaintiff, or any other citizen, access to programs or services. Plaintiffs' Amended Complaint fails to allege any cognizable claims to suggest that the DBA

1

is liable for buildings referenced in its Amended Complaint. Therefore, as stated more fully below, Plaintiffs Amended Complaint should be dismissed in its entirely and with prejudice as they have failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## STATEMENT OF MATERIAL FACTS

Plaintiffs bring this lawsuit alleging non-compliance with various statutes and codes which they claim denied them building access at different buildings across the state of Michigan. (Pl. Am. Compl., ECF No. 41, PageID 671 ¶ 109) Plaintiffs allege that the buildings are "owned, leased, and operated jointly and severally by the Defendants for the Defendant governments' executive, legislative, judicial and administrative review functions." (*Id. at* ¶ 1) Plaintiffs allege that unlike an able-bodied person, they "are not able to 'get around' within the community," and are unable to "gain simple access into these buildings" or maneuver or navigate within the buildings." (*Id.* at ¶ 63)

Plaintiff Babcock claims to reside in Detroit, Michigan. (*Id.* at ¶ 21) Plaintiff Babcock assets that she is a licensed attorney in the state of Michigan. (*Id.* at ¶ 24) Plaintiff Babcock claims to have has several physical disabilities and impairments that require her to use mobility devices. (*Id. at* ¶ 22) Plaintiff Babcock alleges that lack of access claim in the First Amended Complaint discriminates against her as an

attorney due to her disabilities by interfering with her ability to "fully and effectively engage in and develop her non-employment professional activities." (*Id.* at ¶ 21.)

Plaintiff Jacobson claims to reside in Washtenaw County and is a licensed attorney. (*Id.* at ¶¶ 49-50) Plaintiff Jacobson "has several physical disabilities" (*Id.* at ¶) She requires immediate, in-person physical access, in the same extent as any other attorney licensed by the State of Michigan, to all services, programs, and activities. (*Id.* at ¶)

Plaintiff Maddox is a disability rights activist (*Id.* at ¶ 36). She claims to reside in Detroit, Michigan. (*Id.* at ¶ 41) Maddox claims to have cerebral palsy, hearing and speech impairments, and declining vision ((*Id.* at ¶ 36) She is dependent upon specialized walkers ((*Id.* at ¶ 36,) She requires a service animal for mobility and other assistance ((*Id.* at ¶ 36) Maddox claims she cannot access or has difficulty accessing the community and the Defendants' buildings, facilities, programs, and services." (*Id.* at ¶ 36). Maddox alleges inaccessibility claims involving a voting precinct building ((*Id.* at ¶ 36) She also alleges to be able to access the meeting sites of Detroit City Council and other public meetings. (*Id.* at ¶ 36)

## STANDARD OF REVIEW

### A. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1)

Pursuant to Rule (12)(b)(1), motions to dismiss for lack of subject-matter jurisdiction are generally facial or factual attacks. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attach concerns "the sufficiency of the pleading" while a factual attack "raises a factual controversy" involving disputed evidence. *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017). The DBA contends that the sufficiency of Plaintiffs' Complaint is lacking therefore a facial challenge is presented. In evaluating a facial challenge, a court must review the factual allegations of the Complaint to be true and evaluate to determine jurisdiction accordingly. *Gentek*, at 330.

### B. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

As this Court well knows, in deciding a motion brought under Rule 12(b)(6), it must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

However, not all allegations must be accepted as true. In *Williams v. Richland County Children Servs.*, 489 Fed. Appx. 848 (6th Cir. 2012), the court observed that:

> [U]nder the pleading regime set forth by *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* courts may no longer accept conclusory allegations that do not include specific facts necessary to establish the cause of action.

4

To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqba* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To establish "facial plausibility," the plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action," but rather must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### 1. Plaintiffs' have failed to establish a cognizable claim pursuant to 42 USC §12132

Title II of the Americans with Disabilities Act mandates that "no qualified individual with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. "To establish a prima facie case of intentional discrimination under Title II of the ADA, Plaintiffs must show that: (1) they have a disability; (2) they are otherwise qualified; and (3) they are being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of their disability." *Anderson v. City of Blue Ash*, 798 F. 3d 338, 357 (2015).

For purposes of this Motion, the DBA does not contest that Plaintiffs have disabilities and are qualified. Plaintiffs, however, have failed to identify any facts that they have been excluded from participating in services or denied benefits due to their disabilities by any action of the DBA. Plaintiffs have failed to identify any service, program or activity that is specific to the DBA that they were denied access to.

Plaintiff Babcock, and only Babcock, alleges any injury that is specific to the DBA. Plaintiffs Maddox and Jacobson do not purport to have been unable to attend events or restaurants as described by Plaintiff Babcock in ¶ 34(d) of the Amended Complaint. Plaintiffs' Amended Complaint alleges that Plaintiff Babcock has been denied access to "several" non-compliant restaurants that have been built or opening within the past five (5) years and claims that the City of Detroit and *City of Detroit Building Department* issued Occupancy Permits, or issued, approved, or renewed Business or Liquor Licenses. (Pl. Am. Compl., ECF No. 41, PageID 624-625 ¶ 34(d)(i)) Plaintffs go on to allege that in April of 2023, *four months* after this lawsuit was filed, Plaintiff Babcock was unable to attend an event and an unnamed "new restaurant" on West McNichols, between Wyoming and Livernois in the city of Detroit because there was no access elevator to the second floor and alleges that the *Detroit Building Authority* issued an occupancy and business license and approved the liquor license. (Pl. Am. Compl., ECF No. 41, PageID 624-625 ¶ 34(d)(ii) and

(iii)) Plaintiff Babcock further alleges that she was unable to patron a market with restaurant near Wayne State University because there was no elevator, and that there was a lack of nearby accessible street parking. *Id.*

First, Detroit Ordinance Section 50-1-21 provides the Detroit Building, Safety Engineering and Environmental Department (hereafter referred to as "BSEED") with the powers to and the duties of issuing building permits and certificates of occupancy for buildings in the City of Detroit. BSEED is also tasked with approving use and business permits pursuant to Sec. 50-2-21(2)-(6). None of the powers conferred upon the DBA by MCL 123.951 et seq or City Ordinance provides it with the powers to issue license or permits of any kind. Therefore, no action of the DBA prevented Plaintiff Babcock's accessibility to the unnamed reference buildings.

Further, under 42 U.S.C. § 12132, "public entity" to be held liable is the one providing the services, programs, or activities. *Babcock v. Michigan*, 812 F.3d 531, 536-39 (6th Cir. 2016) (holding that a design defect—that is, an architectural element of a building that violates the ADA—is different from "services, programs, or activities"). Here, other than Plaintiff Babcock's identifications in ¶ 34(d), Plaintiffs have not established what programs, services, or activities that the DBA deprived Plaintiffs from attending, when this took place, where the deprivation took place, and the how the DBA's conduct deprived them of access. Merely naming buildings and alleged violations according to Plaintiffs' "information and belief",

7

without providing specifics pertaining to the denials of services is not enough to state a sufficient claim. Therefore, Plaintiff's claim against DBA should be dismissed.

## 2. Plaintiffs' have failed to establish a cognizable claim pursuant Michigan's Persons With Disabilities Civil Rights Act

Similar to 42 U.S.C. § 12132, Michigan Persons with Disabilities Civil Rights Act (hereafter referred to as "PWDCRA") provides a person shall not "[d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids." MCL § 37.1302. Plaintiffs' Amended Complaint fails to allege how the DBA deprived Plaintiffs of access to any services. Without specifying any denials, Plaintiffs have failed to sufficiently assert a proper claim and thus Plaintiffs PWDCRA claim should be denied. Alternatively, pursuant to 28 UCS 1367(c)(3) this Court may dispose of Plaintiffs' state law claim by declining to exercise supplemental jurisdiction.

## 3. Plaintiffs Claim Against the Detroit Building Authority for Violation of the Rehabilitation Act Must Fail

Pursuant to 29 U.S.C. § 794, the Rehabilitation Act only applies to programs and activities that receive federal financial assistance. While the Plaintiffs allege that

8

each of the public Defendants receive federal funding in the form of pandemic relief, (Am. Comp. ¶ 146), the DBA receives no direct funding from the federal government.

Further, Plaintiff must provide more than mere generalities. Plaintiff is required to allege that a program or activity that they were involved with, and was excluded from, received or was benefitted by federal assistance. *Gallagher v. Pontiac Sch. Dist.*, 807 F.2d 75, 80 (6th Cir. 1986) (quoting *Brown v. Sibley*, 650 F.2d 760, 769 (5th Cir. 1981)). Plaintiffs have not sufficiently pled that the DBA has violated the Rehabilitation Act.

### 4. Plaintiffs Have No Private Cause of Action under the Statutes Identified In Count Four and Therefore Must Be Dismissed

Plaintiffs' final count alleges violations of the Michigan Barrier Free Act, Michigan Sidewalk Act, Michigan Construction Code, Detroit Construction Code, and any applicable International Building and Plumbing Codes. None of these Acts, or Codes, provide for a private cause of action.

"Where the common law provides no right to relief, but the right to relief is created by statute, a plaintiff has no private cause of action to enforce the right unless (1) the statute expressly creates a private cause of action, or (2) a cause of action can be inferred from the fact that the statute provides no adequate means of enforcement of its provisions." *Lane v. KinderCare Learning Centers, Inc.*, 588

N.W.2d 715, 718 (Mich. App. 1998). None of the statutes cited by Plaintiffs allow for a private cause of action.

The Michigan Barrier Free Design Act pursuant to MCL 125.1351 et al requires that a "facility used by the public" be constructed as to permit access by physically limited persons. This Act applies to all new construction of public or facilities used by the public, or those existing facilities undergoing a "change in use group or occupancy load, or an alteration other than ordinary maintenance. MCL 125.1352. No private cause of action was provided for by this Act. It does, however, specifically state that enforcement and administration vests in the Michigan Department of Management and Budget, the Michigan Department of Education, and the Michigan Department of Labor. MCL 125.1353. As the Act fails to provide a private cause of action, this claim must be dismissed.

The Michigan Sidewalk Act pursuant to MCL 125.1361, sidewalks constructed after April 12, 1973, "shall be constructed in a manner that will facilitate use by persons with physical disabilities." As with the Michigan Barrier Free Design Act, this Act provides for no private cause of action, and therefore should be dismissed.

The Michigan Construction Code, also known as the Stille-Derossett-Hale Single State Construction Code Act is governed by a state construction code commission. MCL 125.1503a. The Stille-Derossett-Hale Single State Construction

10

Code Act provides that a director is responsible for administering and enforcing the Act and code. MCL 125.1508b(1). The referenced code is the state construction code. MCL 125.1502a(1). This code includes various international building codes. As with the other Acts and Codes, the Stille-Derossett-Hale Single State Construction Code Act does not provide a third party with a cause of action, nor does the Detroit Construction Code and should be dismissed.

## CONCLUSION

Wherefore, the Detroit Building Authority respectfully requests that this Honorable Court dismiss Plaintiff's First Amended Complaint against it in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) or (6).

Respectfully Submitted,

Dated: June 1, 2023

/s/Monica N. Hunt
THE ALLEN LAW GROUP
Monica N. Hunt (P68838)
Attorney for Defendant
Detroit Building Authority
3011 West Grand Boulevard
2500 Fisher Building
Detroit, Michigan 48202
(313) 871-5500
mhunt@alglawpc.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 2, 2023, I electronically filed the attached document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Monica N. Hunt*
Monica N. Hunt
