UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK, et al.,                 Case No. 22-cv-12951
                                                               Hon. Mark A. Goldsmith

      Plaintiffs,

v

STATE OF MICHIGAN, et al.,

      Defendants.
_____

**<u>AMENDED MOTION REQUESTING JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

Pursuant to E.D. Mich. LR 7.1(a), the undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and three business days have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.

In support of Defendants County of Wayne and Wayne County Building Authority (collectively, the "Wayne County Defendants" or "Defendant") Motion to Dismiss and pursuant to Federal Rule of Evidence 201, Defendant by and through counsel, hereby request that this Court take judicial notice pertaining to the years in which each of the seven (7) buildings allegedly related to the Wayne County Defendants were constructed and occupied, and their historic registry

status (where applicable). Wayne County Defendants submits the accompanying brief in support of this motion.

Respectfully Submitted,

**THE MILLER LAW FIRM**

/s/Angela L. Baldwin
Melvin B. Hollowell (P37834)
Sharon S. Almonrode (P33938)
E. Powell Miller (P39487)
Angela L. Baldwin (P81565)
211 W. Fort Street, Suite 705
Detroit, MI 48226
(313) 483-0880
(248) 841-2200
mbh@millerlawpc.com
ssa@millerlawpc.com
alb@millerlawpc.com
*Attorneys for Defendants,
Wayne County and Wayne
County Building Authority*

Dated: June 8, 2023

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JILL BABCOCK, et al.,　　　　　　　　　Case No. 22-cv-12951
　　　　　　　　　　　　　　　　　　　　Hon. Mark A. Goldsmith
　　　Plaintiffs,

v

STATE OF MICHIGAN, et al.,

　　　Defendants.
_____

# **BRIEF IN SUPPORT OF AMENDED MOTION REQUESTING JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

## **CONCISE STATEMENT OF ISSUE PRESENTED**

Whether the Court should take judicial notice of the years pursuant to Federal Rule of Evidence 201, pertaining to the years in which each of the seven (7) buildings allegedly related to the Wayne County Defendants were constructed and occupied, and their historic registry status (where applicable) to the Wayne County Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 64).

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

The controlling or most appropriate authorities for resolving the Wayne County Defendants' Motion are the following:

- Fed. R. Evid. 201

- *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)

- *Cf. Ley v. Visteon Corp.*, No. 05-CV-70737-DT, 2006 WL 2559795, at *4 (E.D. Mich. Aug. 31, 2006)

- *Int'l Bhd. of Teamsters v. Zantop Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir. 1968)

# INTRODUCTION

On August 28, 2023, Plaintiffs filed an Amended Complaint that asserts claims against six defendants: State of Michigan; County of Wayne; City of Detroit; Wayne County Building Authority; Detroit Building Authority; and the Detroit-Wayne Joint Building Authority. The Amended Complaint asserts these defendants have violated a slew of state and federal laws, including the Americans with Disabilities Act, with respect to a slew of buildings around the City of Detroit and elsewhere throughout the State of Michigan.

Plaintiffs assert that alterations have not complied with the mandatory requirements of Act 1966, MCL 125.1352(2), that they are not constructed in a manner required by Act 8 of 1973; Sidewalks; Persons with Disabilities, MCL 125.1361, among other assertions related to the buildings and their date of construction and or renovation. See Am. Compl. ¶¶ 121-124. Accordingly, the date as to when the buildings were built is absolutely relevant to Plaintiffs claims and Defendants defenses and this Court should take judicial notice of such dates when determining Wayne County Defendants Motion to Dismiss.

For example, The Lincoln Hall of Justice located at 1025 E. Forest, Detroit, Michigan 48207, was first occupied in 1886, well over a hundred and thirty-five years ago. The Guardian Building is a landmark skyscraper in Downtown Detroit's Financial District that was built in 1928 and finished in 1929. The Guardian

Building located at 500 Griswold St., Detroit, Michigan 48226 was originally called the Union Trust Building and is considered one of the boldest examples of art-deco architecture with mosaics all throughout the building and is listed on the National Register of Historic Places, as well as State and City Historic Registers. This building has undergone recent award-winning renovations.

The Frank Murphy Hall of Justice, located at 1441 St. Antoine, Detroit, Michigan 48226 in the Greektown district, is a twelve-story Brutalist architecture building, designed by Eberle M. Smith, that was completed in 1970. Under the terms of the development agreement between Wayne County and Bedrock, it is expected that in early 2024 the County will be vacating the entire building and relocating to the newly constructed Wayne County Criminal Justice Complex ("CJC") at 1301 East Warren, Detroit, Michigan 48207.

The CJC is currently under construction and therefore not yet occupied. However, Plaintiff included the CJC in its Amended Complaint. Bedrock certifies that the CJC will be ADA compliant by its completion.

The Coleman A. Young Municipal Center ("CAYMC") located at Two Woodward Avenue, Detroit, Michigan 48226, was built, before the Frank Murphy Hall of Justice, in 1955. The Penobscot Building located at 645 Griswold, Detroit, Michigan 48226, was constructed in 1929. The International Center Building located at 400 Monroe, Detroit, Michigan 48226, was built in 1891 and later

5

renovated in 1986 which is a "contributing building" in the City's Greektown Historic District and, therefore, subject to restrictions under the Detroit Historic District Commission.[1]

Some of the buildings were built over a hundred years ago and as such the date of construction is relevant to Defendants case. Defendant Wayne County filed a Motion to Dismiss Plaintiffs' Amended Complaint on April 28, 2023, and requests this Court take judicial notice of when these buildings were constructed.

## LAW AND ARGUMENT

Pursuant to Fed. R. Evid. 201(c)(1) the court may take judicial notice on its own. The court may, but is not required to, consider documents subject to judicial notice. *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). As such, Fed. R. Evid. 201(c)(2) requires a court to take judicial notice if a party request such notice and provides the Court with the necessary information. Judicial notice may be taken of a fact that is not subject to reasonable dispute because it is either generally known in the district or it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Here Defendant requests that the Court take judicial notice of the following:

- The Coleman A. Young Municipal Center ("CAYMC") was built in 1955.

---

[1] See, https://catalog.archives.gov/id/25340918 (Last visited June 2, 2023)(Ex. 2).

6

- The Penobscot Building was constructed in 1929.

- The International Center Building (400 Monroe) was built in 1891 and later renovated in 1986.

- The Frank Murphy Hall of Justice was completed in 1970.

- The Guardian Building was built in 1928 and completed in 1929.

- The Lincoln Hall of Justice was first occupied in 1886 and building A was occupied in 1979.

- The CJC is currently under construction and, therefore, not yet occupied.

The years in which each of the buildings allegedly related to the Wayne County Defendants were constructed are capable of accurate and ready determination whose accuracy cannot reasonably be questioned. Rule 201(b) further provides: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Court may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201(d).

Here, we are in the beginning stages of litigation as Defendant has just filed its first responsive pleading on Friday June 2, 2023, as such no prejudice will occur. The aforementioned buildings are located within Wayne County and are within this Court's jurisdiction. Moreover, the years as to when these buildings

7

were constructed are within the public record and capable of accurate and ready determination. The factual information pertaining to the years in which each of the seven (7) buildings were constructed and their historic status (where applicable) is not in dispute. Accordingly, the information related to when the buildings were constructed are of public knowledge, publicly available, and this Court can take judicial notices of the years these buildings were built when evaluating the grounds for dismissal set forth in Plaintiffs' Amended Motion to Dismiss. *Cf. Ley v. Visteon Corp.*, No. 05-CV-70737-DT, 2006 WL 2559795, at *4 (E.D. Mich. Aug. 31, 2006) (Cleland, J.) ("In ruling on Rule 12(b)(6) motions in securities fraud actions courts can and have taken judicial notice of information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements.") (internal citation omitted). [2]

Likewise, Federal regulatory agency materials and materials available through federal agency websites, for example, are routinely the subject of judicial notice. *Int'l Bhd. of Teamsters v. Zantop Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir. 1968) ("[A] Court may take judicial notice of the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority."); *see also Purry v. State Farm Fire & Cas. Co.*, 350 F. Supp. 3d 631, 634 (E.D. Mich. 2018) (Berg, J.).

---

[2] Unpublished opinions are not binding authority but cited for its persuasive or instructive value. (Ex 3).

Most notably, the years as to when these buildings were constructed are relevant and are a central issue in Plaintiff's Amended Complaint and are related to central defenses of Defendant. Thus, this Court should take judicial notice of the factual information pertaining to the years in which each of the seven (7) buildings related to the Wayne County Defendants were constructed and occupied, and their historic registry status which is critical to Defendant's Motion to Dismiss as historic buildings provide for legal exceptions and arguments that may not otherwise be had.

## CONCLUSION

For the foregoing reasons, Wayne County Defendants respectfully requests that this Court take judicial notice pertaining to the years in which each of the seven (7) buildings related to the Wayne County Defendants were constructed, consider the relevance of the date of construction for each of the seven buildings, and the contents contained attached hereto as Exhibits 1-2 in ruling on Defendant's Motion to Dismiss.

**THE MILLER LAW FIRM**

*/s/Angela L. Baldwin*
Melvin B. Hollowell (P37834)
Sharon S. Almonrode (P33938)
E. Powell Miller (P39487)
Angela L. Baldwin (P81565)
211 W. Fort Street, Suite 705
Detroit, MI 48226
(313) 483-0880

                (248) 841-2200
                mbh@millerlawpc.com
                ssa@millerlawpc.com
                alb@millerlawpc.com
                *Attorneys for Defendants,*
                *Wayne County and Wayne*
                *County Building Authority*

Dated: June 8, 2023

I, Angela L. Baldwin, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                  */s/ Angela L. Baldwin*

10

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2023, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

THE MILLER LAW FIRM

*/s/Angela L. Baldwin*
Angela L. Baldwin (P81565)
211 W. Fort Street, Suite 705
Detroit, MI 48226
(313) 483-0880
(248) 841-2200
alb@millerlawpc.com
