UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

     Plaintiffs,                         Case No. 22-cv-12951-JJCG

v                                      Hon. Jonathan J.C. Grey

STATE OF MICHIGAN, et al.

     Defendants.

_____/

## DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Under Federal Rule of Civil Procedure 12(b)(1) and (6), Defendant Detroit-Wayne Joint Building Authority ("DWJBA") moves for dismissal of Plaintiffs' Second Amended Complaint (ECF No. 79).

The undersigned counsel certifies, in accordance with the Court's Case Management and Scheduling Order (ECF No. 54, PageID.777), that on June 29, 2023, counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion, seeking concurrence in the relief requested and more than three business days have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.

DWJBA submits the accompanying brief in support of this motion.

Respectfully submitted,

CLARK HILL PLC

_____/s/  Paul S. Magy_____
Paul S. Magy (P34423)
Gregory N. Longworth (P49249)
Attorneys for Defendant DWJBA
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 988-5844
pmagy@clarkhill.com
glongworth@clarkhill.com

Dated:  July 7, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

     Plaintiffs,                        Case No. 22-cv-12951-JJCG

v                                     Hon. Jonathan J.C. Grey

STATE OF MICHIGAN, et al.

     Defendants.

_____ /

**DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S
BRIEF IN SUPPORT OF ITS
<u>MOTION TO DISMISS SECOND AMENDED COMPLAINT</u>**

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1.      Have Plaintiffs failed to state a valid claim against Defendant DWJBA in connection with the statutes identified in Count IV of their Amended Complaint?

2.      Have Plaintiffs failed to state a valid claim against DWJBA in connection with the Rehabilitation Act of 1973?

3.      Have Plaintiffs failed to allege facts sufficient to establish standing with respect to their claims and remedies against DWJBA?

4.      Should the claims of Plaintiffs Babcock and Maddox against DWJBA be dismissed on account of the statute of limitations based on the allegations in the Amended Complaint?

5.      Have Plaintiffs failed to state valid state-law claims under the Persons with Disabilities Civil Rights Act and the Elliott Larsen Civil Rights Act?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

The controlling or most appropriate authority for resolving DWJBA's motion are the following:

- Fed. R. Civ. P. 12(b)(1); *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992); *Cummings v. Premier Rehab Keller, PLLC*, --- U.S. ---; 142 S. Ct. 1562 (2022); *Davis v. Colerain Twp.*, 51 F.4th 164, 171 (6th Cir. 2022).

- Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

- *Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011) (*en banc*).

- *Cummings v. Premier Rehab Keller, PLLC*, --- U.S. ---, 142 S. Ct. 1562 (2022); *Eide v. Kelsey-Hayes Co.*, 427 N.W.2d 488 (Mich. S. Ct. 1988).

## INTRODUCTION

Defendant Detroit-Wayne Joint Building Authority ("DWJBA") takes seriously its legal obligations to provide the disability community with as much access to services within the Coleman A. Young Municipal Center ("CAYMC") as reasonably possible. In Paragraph 162 of the Second Amended Complaint ("SAC"), Plaintiffs acknowledge that DWJBA has performed a self-assessment to evaluate ADA compliance at CAYMC. What Plaintiffs fail to mention is that DWJBA has performed several self-assessments, in response to which DWJBA made corrections to CAYMC and developed action steps to increase access at CAYMC.

- For example, DWJBA performed extensive renovations to the lower-level toilet rooms and the 13th floor auditorium in response to an earlier self-assessment.

- More recently, in response to a DLZ assessment, which Plaintiffs attached as Ex. B to the Complaint (ECF No. 1-3, PageID 52), DWJBA addressed issues in the lower-level toilet rooms in the Office Tower. In other words, even before Plaintiffs filed their original Complaint, DWJBA had already resolved many of the issues Plaintiffs identify in the Second Amended Complaint.

- In addition, based on the 2021 DLZ report, DWJBA approved a five-year capital improvement priority matrix designating $3 million for ADA compliance and, before Plaintiffs filed the original Complaint, had engaged

DLZ to address additional issues to expand access. (If the Court does not dismiss Plaintiffs' claims against DWJBA, this plan will be the basis for a mootness argument).

It bears noting that, while DLZ identified issues at CAYMC, the issues do not equate to violations of the law, as Plaintiffs would have the Court believe. The DLZ report is careful to explain that it identified public areas of CAYMC that were not in compliance with the 2010 ADA Standards for Accessible Design ("ADASAD"), even though much of the building is not required to comply with those standards by virtue of the ADA's "safe harbor" provisions. CAYMC is in compliance with the earlier and still-applicable standards. *See* ECF No. 1-3, PageID.55, 58-59, 64. This matters because most—maybe all—of the alleged violations Plaintiffs identify at CAYMC are covered by the "safe harbor" since the conditions comply with the pre-ADASAD standard.

What all of this shows is that the DWJBA is concerned about access for disabled persons. But that concern doesn't mean that DWJBA must ignore the safe harbor the law recognizes for structures of this nature, do more than is technically and financially feasible with this iconic structure and more than the law requires. Rather than expend money defending a flawed lawsuit, DWJBA would rather get on with the job of making modifications to come in line with the most current,

applicable standards (ADASAD). To that end, DWJBA moves for the dismissal of Plaintiffs' claims against DWJBA.

Plaintiffs' SAC is hopelessly flawed. This is Plaintiffs' third go-round. In response to the original Complaint (ECF No. 1), an earlier motion to dismiss argued that the Complaint failed to plead sufficiently detailed or specific factual allegations and, therefore, was defective for failing to articulate a plausible claim (*see Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In its Order Regarding Motion To Dismiss (*see* ECF No. 31), the Court granted leave for Plaintiffs to file an amended complaint, if Plaintiffs deemed that necessary in light of the motion. Plaintiffs accepted the Court's offer and filed their Amended Complaint (ECF No. 41). While adding some peripheral details about restaurants and sidewalks and buildings in this county and that, and adding allegations related to new Plaintiff Maddox, the Amended Complaint still did not correct the defects that predominated in the original Complaint. Thus, each Defendant moved for the dismissal of the Amended Complaint. And, once again, the Court issued an order authorizing Plaintiffs to file a second amended complaint. ECF No. 77, PageID.1260. Plaintiffs did so on June 23, 2023. ECF No. 79, PageID.1264.

As it relates to DWJBA, the SAC still: asserts claims based on statutes providing no private right of action; has inaccurate and insufficient allegations to establish a claim under the Rehabilitation Act of 1973; fails to allege facts sufficient

to establish standing for their claims and the relief they seek; establishes that the claims of Plaintiffs Babcock and Maddox against DWJBA are barred by the statute of limitations; and adds a sex-discrimination claim under the Elliott Larsen Civil Rights Act ("ELCRA") that is legally flawed.

Despite having a chance to correct the deficiencies of the Complaint and Amended Complaint, the SAC fares no better. As a result, the Court should grant DWJBA's motion and dismiss Plaintiffs' claims against DWJBA.

## BACKGROUND

Plaintiffs' SAC asserts claims against four defendants: State of Michigan; County of Wayne; City of Detroit; and DWJBA. The SAC asserts these defendants have violated a slew of state and federal laws, including the Americans with Disabilities Act, 42 U.S.C. §§ 12201, et seq. (the "ADA"), with respect to a slew of buildings around the City of Detroit and elsewhere throughout the State of Michigan. The SAC correctly links DWJBA to only one building addressed in the SAC: CAYMC. DWJBA has nothing whatsoever to do with any other building referenced in the SAC. *See* SAC ¶¶ 105-08. And only three defendants have anything to do with CAYMC: the DWJBA, which owns CAYMC; and the County of Wayne and City of Detroit, both tenants in CAYMC. Most of the SAC is wholly unrelated to DWJBA and CAYMC. DWJBA will discuss specific allegations from the SAC in the

argument section. Suffice it to say, the portions of the SAC related to DWJBA and CAYMC are insufficient to establish valid legal claims against DWJBA.

## STANDARD

DWJBA seeks dismissal of Plaintiffs' SAC under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "A facial attack on the subject-matter jurisdiction … questions thereby the sufficiency of the pleading" while a factual attack "raises a factual controversy" involving disputed evidence. *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816-17 (6th Cir. 2017). Reserving the right to assert a factual attack if discovery becomes necessary, DWJBA's present motion is a facial challenge. In evaluating a facial attack, the Court must consider the factual allegations in the complaint to be true and evaluate jurisdiction accordingly. *Gentek*, 491 F.3d at 330.

The applicable standard for motions to dismiss for failure to state a claim under Rule 12(b)(6) flows from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Iqbal*, and their progeny. The Court must take all of the factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When there are well-pleaded factual allegations, the Court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. The Court need not accept as true a legal conclusion, including one couched as a factual allegation, or mere recitations of the elements of a cause of action sufficient. *Id.* at 678. For purposes of Rule 12(b)(6), "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account [without converting the motion into one for summary judgment]." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).

## ARGUMENT

### I.    The statutes identified in Count IV lack a private right of action.

There is no private right of action for the statutes Plaintiffs identify in Count IV. *Lane v. KinderCare Learning Centers, Inc.*, 588 N.W.2d 715, 718 (Mich. Ct. App. 1998) (Michigan Barrier Free Design Act); *Vansteenkiste v. Lakeside Mall, LLC*, 2014 WL 2744172 at *9 (E.D. Mich. June 17, 2014) (Goldsmith, J.) (Michigan Sidewalks Act); *Rakowski v. Sarb*, 713 N.W.2d 787, 794 n.4 (Mich. Ct. App. 2006)

(Construction Code Act).[1] The same analysis applies to the local building codes. Anyway, the local codes are cited in connection with the City's granting of occupancy permits to private businesses, not the CAYMC. SAC ¶¶ 115, 235-36.

## II.   Plaintiffs fail to state a claim under the Rehabilitation Act.

Count II asserts a violation of Section 704 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the "RA"). The RA applies only to a program or activity receiving federal financial assistance. DWJBA doesn't receive federal funding, despite Plaintiffs' generalized allegation that "[e]ach of the public entity Defendants has received Federal funding" in the form of pandemic relief. SAC ¶ 160. Even so, Paragraph 160 fails to state a valid RA claim. It's not enough "simply to show that some aspect of the relevant overall entity or enterprise receives or has received some form of input from the federal fisc"; instead, Plaintiffs must allege "that the program or activity with which he or she was involved, or from which he or she was excluded, itself received or was directly benefited by federal financial assistance." *Gallagher v. Pontiac Sch. Dist.*, 807 F.2d 75, 80 (6th Cir. 1986) (quoting *Brown v. Sibley*, 650 F.2d 760, 769 (5th Cir. 1981)). Plaintiffs haven't made, and can't make, the necessary allegation in this respect, so the SAC fails to state an RA claim.

---

[1]   The Plumbing Code is Part 7 of the Construction Code, so Plaintiffs' allegations related to the plumbing code succumb to the same failure as their claims under the State Construction Code.

### III.   Plaintiffs' ADA claim fails for a number of reasons.

Plaintiffs' ADA claim (and other claims) fails for any of several reasons, which can be lumped together under two main headings: (1) lack of standing; and (2) statute of limitations.

#### A.   Plaintiffs lack standing for several reasons.

"[S]tanding goes to a court's subject-matter jurisdiction." *Fox v. Saginaw Cnty.*, 67 F.4th 284, 292 (6th Cir. Apr. 28, 2023).

> The Constitution permits federal courts to hear only "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. To bring a case or controversy within the meaning of Article III, a plaintiff must have "standing" to sue. The Supreme Court's standing test has three familiar requirements. [*See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).] Plaintiffs must have suffered an injury. They must trace this injury to the defendant. And they must show that a court can redress it.

*Id.* at 292-93 (citation omitted). A plaintiff "must prove standing's elements"—(1) injury in fact, (2) traceability, and (3) redressability—"for each claim and remedy." *Davis v. Colerain Twp.*, 51 F.4th 164, 171 (6th Cir. 2022). Plaintiffs have problems with each standing element.

#### 1.   Plaintiffs lack injury in fact as to some or all of their claims against DWJBA.

"To satisfy this imperative, the claimant must establish the 'invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Gerber v. Herskovitz*, 14 F.4th 500, 505-06 (6th Cir. 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016))

(cleaned up). "To qualify as particularized, an injury 'must affect the plaintiff in a personal and individual way,' not in a general manner that affects the entire citizenry[.]" *Id.* at 506 (quoting *Lujan*, 504 U.S. at 560). "A 'concrete' injury is one that 'actually exist[s].'" *Id.* (quoting *Spokeo*, 578 U.S. at 340). "A concrete injury … must be more than speculative. 'A threatened injury must be "certainly impending" to constitute injury in fact.'" *R.K. by and through J.K. v. Lee*, 53 F.4th 995, 999 (6th Cir. 2022) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).

Plaintiffs have at least two problems with the injury-in-fact requirement.[2] First, Plaintiffs lack standing to complain about many of the alleged architectural defects that they identify at CAYMC. Many of those alleged defects would only affect visually-impaired persons (lack of Braille signage and obstructions (including drinking fountains)). While such defects, if they exist, will be addressed according to DWJBA's existing capital-improvement plan, Plaintiffs, who are not visually impaired (SAC ¶¶ 23, 25, 39-40, and 51), lack standing to challenge these alleged defects. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 950-51 (9th Cir. 2011) (*en banc*); *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000); *Parr v. L & L*

---

[2]   In Paragraph 56 of the SAC, Plaintiff Ashley Jacobson attempts to cure a standing deficiency DWJBA addressed in its motion to dismiss the Amended Complaint: that Jacobson hadn't alleged that she had ever visited CAYMC. The new addition now asserts that she has had at least some cases, hearings, and meetings at CAYMC. This will, of course, be a subject of discovery—not only for standing purposes but also for her damages claims—and DWJBA will address the issue, if appropriate, in a later summary judgment motion.

*Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1083 (D. Haw. 2000); *Cohan v. California Pizza Kitchen, Inc.*, No. 18-cv-12080, 2019 WL 4189482 at *3 (E.D. Mich. Sept. 4, 2019) (Roberts, J.). (While the Amended Complaint asserts that Plaintiff Maddox has "some vision decline" (SAC ¶ 39), the fact that she uses closed captioning shows that her visual impairment is quite limited. *See* SAC ¶ 41.)

Second, many of the alleged defects identified in the SAC involve areas accessible only for employees in the building. These include alleged defects such as employee parking, the entrance from the skywalk, toilet rooms in the Office Tower, door handles to access spaces not open to the general public, and doors and doorways in the employee-only portions of the building. These alleged defects raise issues under *Title I* of the ADA (employment), not under Title II (government services). Yet the SAC asserts only Title II claims.

### 2. Plaintiffs lack traceability as to much of their claims against DWJBA.

The SAC repeatedly asserts that all defendants have "joint and several liability" or have acted "in concert" for all wrongs by every other defendant. *See, e.g.,* SAC ¶¶ 101, 103, 106, and Relief Requested A. That's not the way the law works. The traceability requirement for standing requires Plaintiffs to allege (and prove) what each defendant did that caused them to suffer an injury in fact. "[A] plaintiff's standing to sue one defendant does not give the plaintiff standing to sue every other defendant. The plaintiff must tie the injury to each defendant." *Fox*, 67

10

F.4th at 293. Thus, since DWJBA's sole involvement in this case is as the owner of CAYMC, DWJBA has no liability or responsibility for what does or does not happen in any other building (or street or sidewalk) raised in the SAC. Plaintiffs simply can't trace alleged wrongs at those other buildings to DWJBA. (Plaintiffs may well agree, given their allegations in SAC ¶¶ 107-08.) Moreover, even within CAYMC, DWJBA is responsible solely for the common areas in CAYMC, not areas that are under the exclusive control of either the City or the County.

The operative provision of Title II of the ADA is 42 U.S.C. § 12132 (emphasis added): "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, *be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity*." Under this provision, the "public entity" to be held liable is the one providing the services, programs, or activities. *See also Babcock v. Michigan*, 812 F.3d 531, 536-39 (6th Cir. 2016) (holding that a design defect—that is, an architectural element of a building that violates the ADA—is different from "services, programs, or activities"). Under § 12132 and *Babcock*, only the City and the County could, if at all, be liable for what happens in their respective leased premises since they are the public entities providing services, programs, or activities in those spaces.

Thus, to the extent Plaintiffs seek to hold DWJBA liable for what happens in any building other than CAYMC or what happens in CAYMC other than in the common areas, the SAC fails to trace those alleged injuries to DWJBA. To that extent, the SAC fails to state a claim against DWJBA.

### 3. Plaintiffs lack redressability for their claims against DWJBA.

"To satisfy the redressability element of standing, the plaintiff must show that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *R.K.*, 53 F.4th at 1001 (quoting *Lujan*, 504 U.S. at 561). As stated earlier, Plaintiffs "must prove standing's elements for each claim and remedy." *Davis*, 51 F.4th at 171. Related to remedies, this "means that standing to seek one form of relief does not create standing to seek another form." *Id. Davis* explained: "A claim of past injury, for example, generally permits a plaintiff to seek only the traditionally backward-looking remedy for that harm: damages. A previously harmed plaintiff may not seek a forward-looking remedy (an injunction to restrain the defendant's future conduct) without evidence that the harmful conduct will reoccur." *Id.* Here, Plaintiffs lack standing for either a backward-looking remedy or a forward-looking remedy.

Plaintiffs don't have standing to assert a valid backward-looking remedy (damages). Under 42 U.S.C. § 12133, Title II of the ADA incorporates the remedial provision of the RA, which in turn, incorporates the remedies available under

Title VI of the Civil Rights Act (42 U.S.C. § 2000e-16) for nonemployment matters. *See Barnes v. Gorman*, 536 U.S. 181, 185 (2002). Thus, Title II seems to authorize private citizens to sue for compensatory damages. *Johnson v. City of Saline*, 151 F.3d 564, 573 (6th Cir. 1998). Nevertheless, based on *Cummings v. Premier Rehab Keller, PLLC*, --- U.S. ---; 142 S. Ct. 1562, 1571-72 (2022), Plaintiffs won't be able to recover emotional distress damages. To do so, each Plaintiff would need to show that the architectural barriers caused her to suffer a pecuniary loss; in the absence of a pecuniary loss, emotional distress isn't a basis for damages.

The SAC doesn't plead facts necessary to show pecuniary loss. Plaintiffs Babcock and Maddox don't allege pecuniary loss. While Plaintiff Babcock alleges that she works at CAYMC, she has not asserted a Title I claim. Instead, her claim related to CAYMC is based on her work as a volunteer community advocate and disability rights activist. SAC ¶ 26. Similarly, Plaintiff Maddox's activities at CAYMC are in the capacity of a disability rights activist. SAC ¶¶ 44-45. Unlike Plaintiffs Babcock and Maddox, Plaintiff Jacobson alleges that she has suffered pecuniary loss in the form of work she has turned away because certain buildings addressed in the Amended Complaint were too difficult to navigate. SAC ¶¶ 52-53, 57, 63. This primarily relates to two courthouses in Livingston County and the Washtenaw County Circuit Courthouse. SAC ¶¶ 53, 57. The only possible suggestion of pecuniary loss involving CAYMC is in Paragraph 56, in which the

SAC adds the phrase "including but not limited to the CAYMC". Yet that paragraph doesn't allege any pecuniary loss. Anyway, Plaintiff Jacobson has not identified any particular barrier at CAYMC; that, too, renders these allegations deficient under Fed. R. Civ. P. 8(a)(2). *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908-09 (9th Cir. 2011); *Kelley v. Smith's Food & Drug Centers, Inc.*, 793 Fed. Appx. 787, 790 (10th Cir. 2019).

To establish standing for "future injury (and requests for injunctive and declaratory relief)," each Plaintiff "must show that she is at risk of suffering a future injury that is '*certainly* impending.'" *Davis*, 51 F.4th at 172 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). Plaintiffs must allege, and ultimately prove, concrete plans to return to the CAYMC. *See Mosley v. Kohl's Dept. Stores*, 942 F.3d 752, 759 (6th Cir. 2019).[3] At the pleading stage the plaintiff must "demonstrate the requisite threat of future injury for a Title III claim for prospective injunctive relief." *Id.* at 757 (citing *Gaylor v. Hamilton Crossing CMBS*, 582 Fed. Appx. 576, 580 (6th Cir. 2019)). Thus, in order to avoid dismissal of their request for declaratory or injunctive relief, the SAC needed to allege facts sufficient to infer

---

[3]   While *Mosley* is a Title III case, other courts of appeals apply the same standing requirement to injunctive relief sought under Title II. See *Crawford v. Hinds Cnty. Bd. of Supervisors*, 1 F.4th 371, 376 (5th Cir. 2021); *Hamer v. City of Trinidad*, 924 F.3d 1093, 1109-10 (10th Cir. 2019); *Updike v. Multnomah Cnty.*, 870 F.3d 939, 948 (9th Cir. 2017); *Hummel v. St. Joseph Cnty. Bd. of Commissioners*, 817 F.3d 1010, 1017 (7th Cir. 2016); *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001).

"(1) a plausible intent to return to the [CAYMC] or (2) that [she] would return, but is deterred from visiting the [CAYMC] because of the alleged accessibility barriers." *Id.* (quoting *Gaylor*, 582 Fed. Appx. at 580). The SAC fails to so allege.

Thus, Plaintiffs have failed to plead facts sufficient to satisfy the redressability requirement for standing—not for a backward-looking remedy and not for a forward-looking remedy either.

### B. Plaintiffs Babcock's and Maddox's claims are barred by the statute of limitations.

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). The applicable statute of limitations for the ADA claim (as well as RA and PWDCRA claims) is three years. *See Lewis v. Fayette Cnty. Det. Ctr.*, 2000 WL 556132 at *2 (6th Cir. Apr. 28, 2000) (applying the forum state's statute of limitations for personal injury actions); M.C.L. § 600.5805(2) (3-year statute of limitations for personal injury actions, which also applies to PWDCRA and ELCRA claims).

According to the SAC, Plaintiff Maddox has attended "almost every meeting of the City Council" since 2008. SAC ¶¶ 4-45. And she has attended those meeting for the past 15 years to advocate on behalf of alleged architectural barriers. *Id.* She's obviously no Johnny-come-lately to CAYMC. This is a problem for her. The statute of limitations for the ADA and RA begins running when a plaintiff knew or should

have known she was being denied services, programs, or activities on account of architectural barriers. *Frame v. City of Arlington*, 657 F.3d 215, 238-40 (5ᵗʰ Cir. 2011) (*en banc*). Maddox not only knew about alleged barriers at CAYMC 15 years ago, she has been complaining about them that long! Her claims related to CAYMC are barred.

The same is true for Plaintiff Babcock. The SAC alleges that, since 2019, she has experienced architectural barriers at CAYMC in connection with personal business there. SAC ¶ 31. Further, the SAC alleges that Babcock is employed by the City at CAYMC. *Id.* ¶ 26. While the Amended Complaint doesn't say how long Babcock has worked at CAYMC, her LinkedIn profile indicates that she has worked there since 2017. **Ex. 1**. To the extent this exhibit converts this part of DWJBA's motion into a Rule 56 motion, it's ripe for decision now; Babcock doesn't need discovery to know when she started working at CAYMC. If it was more than three years before the she filed her original complaint in this case, her claims are barred.

Recognizing that Plaintiffs' claims run afoul of the statute of limitations, the SAC repeatedly talks about "continuing violations." Not only does federal law (*e.g., Frame*) reject this theory, so does the Michigan Supreme Court. *Garg v. Macomb Cnty. Cmty. Mental Health Servs.*, 696 N.W.2d 646, 659 (Mich. S. Ct. 2005). Further, for the first time in this case, the SAC added numerous references to alleged violations occurring "within the past three years". *See, e.g.,* SAC ¶¶ 36, 41, 45-49,

52, 55-57, 59-63, 65-68, 70, 71, 73, 76, 91, 92, 94, 96, 98, and 103. These additions are meaningless for purposes of the statute-of-limitations analysis under *Frame* and *Garg*.

### IV.    The Court should dismiss Plaintiffs' PWDCRA claim.

The PWDCRA "substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim." *Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012). Plaintiffs' PWDCRA claim fails here for the same reasons their ADA claim fails. Alternatively, the Court may decline to exercise supplemental jurisdiction once it has disposed of Plaintiffs' federal-law claims. 28 U.S.C. § 1367(c)(3).

### V.    The Court should dismiss Plaintiffs' ELCRA claim.

The SAC adds a new claim: sex discrimination under the ELCRA. This claim also fails, in the event the Court does not decline to exercise supplemental jurisdiction. ELCRA prohibits discrimination because of "religion, race, color, national origin, age, sex, or marital status." M.C.L. § 37.2302(a). The lack of coverage for disabilities is undoubtedly the reason for the PWDCRA. This is, undoubtedly, the reason Plaintiffs framed the new count (Count V) as a claim for sex discrimination. Sex discrimination is covered under the ELCRA, but this isn't really a sex-discrimination claim.

As Plaintiffs know (because DWJBA disclosed this to them in confidential mediation discussions), DWJBA had to repair the men's toilet room in the lower level of CAYMC's Court Tower after it underwent significant damage due to flooding. When DWJBA repaired the toilet room, it was made accessible. DWJBA fails to see how it discriminated by doing the right thing! Besides, DWJBA doesn't understand the law as requiring an equal number of facilities.

More significantly, this isn't a sex-discrimination claim. There are the same number of toilet rooms available for women as there are for men (one for each gender in the lower level of each tower at CAYMC). So there's no discrimination based on sex (even if equality was required). Any alleged discrimination in Count V is, rather, handicap discrimination because the claim is based on the fact that the men's toilet room in the lower level of the Court Tower is accessible while the women's nearby toilet room isn't. SAC ¶ 243. That's not a claim cognizable under the ELCRA so the Court should dismiss Count V.

## VI.    Punitive damages aren't available in this case.

Punitive damages aren't allowed under Title II of the ADA or the RA. *Cummings v. Premier Rehab Keller, PLLC*, --- U.S. ---, 142 S. Ct. 1562, 1571-72 (2022); *Barnes*, 536 U.S. at 189. The same is true for the PWDCRA. *See Eide v. Kelsey-Hayes Co.*, 427 N.W.2d 488, 488 (Mich. S. Ct. 1988) (applying the similar remedial language from the ELCRA).

18

## CONCLUSION

Each claim and each prayer for relief aimed at DWJBA is fatally flawed for one or more of the reasons discussed in this brief

- Some claims—those asserted in Count IV—provide no private right of action.

- Plaintiffs' RA claim fails to allege the necessary facts to state a claim against DWJBA.

- Plaintiff Jacobson has failed to establish an injury with respect to DWJBA and CAYMC if for no other because she hasn't identified any particular architectural barriers at CAYMC as required under Fed. R. Civ. P. 8(a)(2).

- Many of the alleged violations involving CAYMC involve supposed architectural defects that affect only visually-impaired persons even though none of Plaintiffs is visually-impaired.

- Other supposed architectural defects at CAYMC are defects that only employees in the building would encounter; while Plaintiff Babcock is an employee at CAYMC, Plaintiffs have not asserted an employment-related claim under Title I of the ADA.

- Most of the supposed architectural defects at CAYMC are areas outside the control of DWJBA—and are instead within the exclusive control of

either the County or the City. Claims related to such supposed defects are not traceable to DWJBA.

- Plaintiffs have not stated facts supporting a redressable wrong as to DWJBA—not in the form of a backward-looking remedy (damages) or a forward-looking remedy (injunctive or declaratory relief).

- The claims of Plaintiffs Babcock and Maddox against DWJBA are barred by the statute of limitations.

- Plaintiffs' PWDCRA and ELCRA claims are legally flawed. Alternatively, the Court should decline to exercise supplemental jurisdictions over these state-law claims.

- Plaintiffs have no legal basis to claim punitive damages.

Even if the SAC survived the statute of limitations defense or any of the other defenses, DWJBA has numerous other, valid defenses on the merits to the Plaintiffs' claims. However, dismissal of the Plaintiffs' SAC at this stage avoids the need for costly and time-consuming discovery, further dispositive motion practice, and expert engineering and construction industry witnesses that would lead to the same conclusion: Plaintiffs' claims lack merit as to DWJBA, all when DWJBA is already moving forward with capital improvements focused on ADA needs and its attention and resources would be best focused there.

For one or more of the foregoing reasons, every one of Plaintiffs' claims against DWJBA should be dismissed.

Respectfully submitted,

CLARK HILL PLC

_/s/  Paul S. Magy_____
Paul S. Magy (P34423)
Gregory N. Longworth (P49249)
Attorneys for Defendant DWJBA
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 988-5844
pmagy@clarkhill.com
glongworth@clarkhill.com

Dated:  July 7, 2023

## LOCAL RULE CERTIFICATION

I, Paul S. Magy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

_/s/ Paul S. Magy_____

## CERTIFICATE OF SERVICE

Paul S. Magy, being first duly sworn, deposes and states that on this 7th day of July, 2023, he caused to be served a copy of the foregoing pleading upon all counsel of record via the court's electronic filing system.

_/s/ Paul S. Magy_____