## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JILL BABCOCK**,
**MARGUERITE MADDOX,** and
**ASHLEY JACOBSON**, on behalf of
themselves and others similarly situation,

Case No. 22-cv-12951
Hon. Jonathan J.C. Grey

PLAINTIFFS,

**ORAL ARGUMENT REQUESTED**

v.

**STATE OF MICHIGAN, COUNTY OF
WAYNE, CITY OF DETROIT, WAYNE
COUNTY BUILDING AUTHORITY,
DETROIT BUILDING AUTHORITY,** and
**DETROIT-WAYNE JOINT BUILDING
AUTHORITY**,

DEFENDANTS, jointly and severally.
_____/

### DEFENDANT COUNTY OF WAYNE'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant County of Wayne (Wayne County Defendant), through counsel and under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), moves this Court to dismiss Plaintiffs' Second Amended Complaint (ECF NO. 79).

In accordance with Local Rule 7.1(a), the undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly denied concurrence.

Defendant Wayne County respectfully request that this Honorable Court enter an order dismissing Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), for the reasons stated in Wayne County Defendant's accompanying brief in support of this motion, in addition to any other relief this Court deems just and equitable.

Respectfully Submitted,

/s/ *Angela L. Baldwin*
By: Angela L. Baldwin (P81565)
The Miller Law Firm
Counsel for Defendant Wayne Co
211 West Fort Street, Suite 705
Detroit, Michigan 48226
(248)843-9700
alb@millerlawpc.com

Dated: July 14, 2023

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JILL BABCOCK**,
**MARGUERITE MADDOX,** and
**ASHLEY JACOBSON**, on behalf of                    Case No. 22-cv-12951
themselves and others similarly situation,           Hon. Jonathan J.C. Grey

PLAINTIFFS,
v.

**STATE OF MICHIGAN, COUNTY OF
WAYNE, CITY OF DETROIT, WAYNE
COUNTY BUILDING AUTHORITY,
DETROIT BUILDING AUTHORITY,** and
**DETROIT-WAYNE JOINT BUILDING
AUTHORITY**,

DEFENDANTS, jointly and severally.
_____/


## DEFENDANT COUNTY OF WAYNE'S BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ......................................................... ii

CONSISE STATEMENT OF ISSUES PRESENTED ................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ............................vi

INTRODUCTION ...............................................................................1

STATEMENT OF FACTS ...................................................................2

STANDARD OF REVIEW ..................................................................5

ARGUMENT ......................................................................................6

    I.    Plaintiffs State Statutory Claims Lack a Private Right of Action .........7

    II.    Plaintiffs Lack Standing under Article III of the US Constitution........8

    III.    Plaintiffs Fail to State an ADA Claim ...................................................12

    IV.    Plaintiffs Fail to State a Claim Under the Rehabilitation Act .............15

    V.    Plaintiffs Fail to State a PWDCRA Claim ..........................................18

    VI.    Plaintiffs Fail to State a Cognizable Claim Under ELCRA ...............19

    VII.    Plaintiffs' Claims are Barred by the Statute of Limitations ...............19

    VIII.  Plaintiffs Fail to State a Claim for Punitive Damages .......................20

CONCLUSION AND RELIEF REQUESTED .......................................20

LOCAL RULE CERTIFICATION .......................................................21

# INDEX OF AUTHORITIES

## Cases

*Ability Ctr. of Greater Toledo v. City of Sandusky,* 385 F.3d 901 (6th Cir. 2004) .13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................5, 16

*Babcock v. Michigan*, 812 F.3d 531 (2016) .................................................... 12, 18

*Barnes v. Gorman*, 536 U.S. 181 (2002) ......................................................13

*Batchelor,* 2014 U.S. Dist at 106-7 ..........................................................17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................ 1, 5, 16

*Benson v Gordon Cnty*., Ga, 479 Fed Appx 315 (CA 11, 2012) ...........................14

*Brintley v. St. Mary Mercy Hosp.*, 904 F. Supp. 2d 699 (E.D. Mich. 2012) ...........17

*Camreta v. Greene*, 131 S. Ct. 2020 (2011) ..............................................10

*Davis v. Colerain Twp.,* 51 F.4th 164 (6th Cir. 2022) ...................................8

*Defenders of Wildlife,* 504 U.S. at 561 ....................................................11

*Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005) ...........................18

*Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189 (2d Cir. 2014) ..........................................................................................2

*Doherty v. S. Coll. of Optometry*, 862 F.2d 570 (6th Cir. 1988) ...........................14

*Donald v. Sybra, Inc*., 667 F.3d 757 (6th Cir. 2012) ....................................16

*Frame v. City of Arlington,* 657 F.3d 215 (5th Cir. 2011) ...............................17

*Gallagher v Pontiac Sch Dist*, 807 F2d 75 (CA 6, 1986) ................................ 15, 18

*Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320 (6th Cir. 2007) ..5

*Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531 (6th Cir. 2012) ....................5

*Johnson v. City of Saline*, 151 F.3d 564 (6th Cir. 1998) ................................. 13, 18

*Landefeld v. Marion Gen. Hosp. Inc.*, 994 F.2d 1178 (6th Cir. 1993) ...................15

*Lane v. KinderCare Learning Centers, Inc*., 588 N.W.2d 715 (Mich. App. 1998) ..7

*Lleras-Rodriguez v. Geo Grp., Inc.*, No. 1:21-CV-787, 2022 WL 2951530 (W.D. Mich. July 26, 2022) ........................................................................12

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .....................................8

*Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005) ........................................6, 11

*Moreno v. Consolidated Rail Corp.*, 99 F.3d 782 (6th Cir. 1996) .........................18

*Mote v. City of Chelsea*, 391 F.Supp. 3d 720 (E.D. Mich. 2019) .................... 16, 17

*R.K. by and through J.K. v. Lee*, 53 F.4th 995 (6th Cir. 2022) ...............................4

*Rakowski v. Sarb*, 713 N.W.2d 787 (Mich. 2006) .......................................7

*Simon v. E. Ky. Welfare Rights Org*., 426 U.S. 26 (1976) ...................................11

*Simpson-Vlach v. Michigan Dep't of Educ.*, 616 F. Supp. 3d 711 (E.D. Mich. 2022) ...............................................................................................................5
*Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016) .........................................8
*Steger v. Franco, Inc.,* 228 F.3d 889 (8th Cir. 2000) ...............................9
*Summers v. Earth Island Inst.,* 555 U.S. 488 (2009) ..............................10
*United Spinal Ass'n v. Bd. of Elections in City ofNew York*, 882 F. Supp. 2d 615 (S.D.N.Y. 2012) .......................................................................................2
*United States v. Hays*, 515 U.S. 737 (1995) ..............................................9
*Vansteenkiste v Lakeside Mall, LLC*, No. 12-CV-15055, 2014 WL 2744172 (ED Mich, June 17, 2014) .....................................................................................7
*Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765 (2000) .10
*Ward v Alternative Health Delivery Sys, Inc*, 261 F3d 624 (CA 6, 2001) ...............8

**Statutes**

28 C.F.R. §35.150 .........................................................................................3
29 U.S.C. § 794 ..........................................................................................14
29 U.S.C. § 794(a) ......................................................................................13
29 U.S.C. § 794(b)(1) ..................................................................................14
29 U.S.C. 794a(a)(2) ...................................................................................13
42 U.S.C. § 12132 .......................................................................................11
MCL §§125.1351 ..........................................................................................6
MCL §§125.1501 ..........................................................................................6
MCL §125.1361 .........................................................................................6, 7
MCL 123.951 ...............................................................................................4
MCL 37.2101 ..............................................................................................16
Mich. Comp. Laws § 125.1353 ....................................................................6
Mich. Comp. Laws § 125.1508b(1) ..............................................................7
Mich. Comp. Laws §125.1502a ....................................................................6

**Other Authorities**

2010 ADA Standards for Accessible Design ................................................2
Michigan Persons with Disabilities Civil Rights Act .............................1, 15
Rehabilitation Action of 1973 ......................................................................1
Title II of the Americans with Disabilities Act's (ADA) ............................1

**Rules**

Fed. R. Civ. P. 12(b) (1) .............................................................................19
FRCP 12(b)(1) ..............................................................................................4

iii

FRCP 12(b)(6)................................................................................................4, 5

Local Rule 5.1(a)................................................................................................19

Local Rule 7.1(d)(3)..........................................................................................19

Rule 12(b)(1).......................................................................................................5

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether Plaintiffs' claims identified in Count IV of Plaintiffs Second Amended Complaint are subject to dismissal when the statutes fail to provide a private right of action?

   **The Court should respond "Yes."**

2. Whether Plaintiffs' claims should be dismissed for lack of standing under Article III of the Constitution when Plaintiffs failed to plead facts to support any concrete injury-in-fact?

   **The Court should respond "Yes."**

3. Whether Plaintiffs failed to state claim upon which relief can be granted against Defendant Wayne County as it relates to their state and federal claims?

   **The Court should respond "Yes."**

4. Whether Plaintiffs' claims are subject to dismissal based on the statute of limitations?

   **The Court should respond "Yes."**

5. Whether Plaintiffs request for punitive damages should be dismissed when none of the claims give rise to such damage and when such damages are not permitted under Title II of the American Disabilities Act.

   **The Court should respond "Yes."**

**CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

The controlling or most appropriate authority for resolving Wayne County

Defendant's motion are the following:

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(1)

M.C.L. § 600.5805(2)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Conley v. Gibson*, 355 U.S. 41 (1957)

*Dorsey v. City of Detroit*, 157 F. Supp. 2d 729, 731 (E.D. Mich. 2001)

*Eide v. Kelsey-Hayes Co.*, 427 N.W.2d 488 (Mich. S. Ct. 1988)

*Frame v. City of Arlington,* 657 F.3d 215, 238-40 (5th Cir. 2011)

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)

*Rose v. Wayne Cnty. Airport Auth.*, 210 F. Supp. 3d 870 (E.D. Mich. 2016)

## INTRODUCTION

This is, now, Plaintiffs third bite at the apple and Plaintiff's SAC still fails to correct the fatal deficiencies in its original complaint and second amended complaint. On December 6, 2022, Plaintiffs filed a purported Class Action and Disability Rights Complaint alleging violations of Title II of the Americans with Disabilities Act's (ADA), Section 504 of the Rehabilitation Action of 1973 (Section 504) and several Michigan laws, including the Persons With Disabilities Civil Rights Act (PWDCRA). Subsequently, Plaintiffs Jill Babcock, Marguerite Maddox, and Ashley Jacobson filed an amended complaint on April 28, 2023, and again on June 23, 2023 (SAC) against Defendants: State of Michigan, County of Wayne, Detroit Building Authority, City of Detroit, and Detroit-Wayne Joint Building Authority (DWJBA).

Plaintiffs seconded amended complaint adds a new count for an alleged sex discrimination violation under the Elliott-Larsen Civil Rights Act (ELCRA) and remains mostly the same - wholly and fatally deficient. The SAC now asserts the following violations: (1) Title II of the Americans with Disabilities Act ("ADA") (Count I); (2) Section 504 of the Rehabilitation Act (Count II); (3) Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") (Count III); and (4) various state-law construction statutes including the Michigan Barrier Free Act, Michigan Sidewalks Act, Michigan Construction Code, Detroit Construction Code, and applicable International Building and Plumbing Codes (Count IV).

1

The SAC is still wholly and fatally deficient because it fails to state a valid claim against Defendant Wayne County. Specifically, Plaintiffs fail to allege sufficient facts to demonstrate these issues are a result of the Wayne County Defendants conduct or that the purported defects prevented Plaintiffs from availing themselves of any of Wayne County's services, programs, and activities. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, the SAC is still wholly and fatally deficient because Plaintiffs' lack a private right of action in connection with the statutes identified in Count IV, they lack standing under Article III of the US Constitution, and have failed to state a claim upon which relief can be granted in connection with ADA, PWDCRA, ELCRA, and Section 504 claims.

## STATEMENT OF FACTS

Wayne County works to ensure that the buildings for which it is responsible meet the requirements of federal and state law relative to accessibility, including reasonable modifications to existing buildings and offers a full range disability services to its residents through its agencies, consistent with its lawful duty, and therefore strongly rejects Plaintiffs' generalized assertions that it has violated any of Plaintiffs rights under federal or state law.

2

The rules promulgated by the Department of Justice regarding Title II of the ADA requires that public entities make their services, programs, or activities "readily accessible" by means that do not impose "undue financial and administrative burdens" upon the public entity. 28 C.F.R. §35.150. Plaintiff attempts to invoke compliance with the 2010 ADA Standards for Accessible Design (ADASAD) by referencing issues identified by the DLZ report. SAC ¶¶28, 31,115. However, as it relates to Wayne County Defendant, that standard does not apply to many of its buildings by virtue of the ADA's "safe harbor" provisions.[1]

Defendant Wayne County provides meaningful access to its buildings in full compliance with the law. See *United Spinal Ass'n v. Bd. of Elections in City of New York*, 882 F. Supp. 2d 615, 623 (S.D.N.Y. 2012), aff'd sub nom. *Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189 (2d Cir. 2014) ("the ADA and its implementing regulations do not require 'equal access' or 'equal results' for individuals with disabilities, those individuals must be provided with "meaningful access" to a public entities programs and activities.").

Plaintiff complains of accessibility violations related to 26 buildings throughout the State of Michigan. Wayne County Defendant owns 2 buildings and

---

[1] The 2010 ADA Standards for Accessible Design (2010 ADAS) became effective March 15, 2012. The 2010 ADAS revised some of the provisions contained in the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG). The ADA safe harbor provides that if your property was in compliance with the ADAAG and the 2010 ADAS change the compliance requirement, no alteration is required.

leases space in 5 buildings identified in this matter.[2] The SAC includes violations related the newly constructed Wayne County Criminal Justice Complex (CJC). Specifically, the SAC alleges failure to provide sufficient parking and accessible transit stops. SAC¶ 139. The claim relating to this building is, clearly, premature. The CJC is owned by Bedrock who has ensured ADA compliance related to a building that is currently under construction. Under the terms of a development agreement, it is expected that in early 2024 Wayne County will vacate the Frank Murphy Hall of Justice to relocate to the CJC. Plaintiffs have no standing to bring this claim, have suffered no injury, and their complaints are mere speculation. "A concrete injury …must be more than speculative. 'A threatened injury must be "certainly impending" to constitute injury in fact.'" *R.K. by and through J.K. v. Lee*, 53 F.4th 995, 999 (6th Cir. 2022) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). This claim, as it relates to Wayne County Defendant, for the CJC must be dismissed.

---

[2] The Guardian Building owned by Wayne County, first occupied in 1929 and listed on the National Register of Historic Places, as well as State and City Historic Registers; Penobscot Building owned by Triple Group Properties and first occupied in 1929, Lincoln Hall of Justice owned by Wayne County and first occupied in 1886; Frank Murphy Hall of Justice owned by Bedrock and first occupied 1970; Coleman A. Young Municipal Center built in 1955 and owned by the DWJBA, the International Center Building also known as 400 Monroe owned by 400 Monroe Associates first occupied in 1891 and renovated in 1986; and the newly constructed Wayne County Criminal Justice Complex owned by Bedrock still under construction.

As it relates to Coleman A. Young Municipal Center (CAYMC), the building was constructed in 1955, is owned by the DWJBA, and the County leases space in building under MCL 123.951 *et seq.;* Detroit-Wayne County Joint Building Authority Tenant Information Manual, December 2021. The DWJBA ensures any construction and/or renovation project that may be undertaken at CAYMC. Detroit-Wayne Joint Building Authority Construction Policy and Procedures Coleman A. Young Municipal Center, Amended May 18, 2016. DWJBA has addressed many issues raised by Plaintiffs related to CAYMC and has a capital improvement plan in place. (ECF 80, PageID. 1407-1048).

The SAC is so wholly non-specific as it relates to the remaining buildings that fall under Wayne County Defendant's purview that it fails to state of claim upon and does not remotely afford Wayne County Defendant the opportunity to defend itself against Plaintiffs' claims as required by the court rules and case law. It is not Defendant's burden to speculate about Plaintiffs' allegations.

**STANDARD OF REVIEW**

Wayne County Defendant moves to dismiss under FRCP 12(b)(1) for a lack of subject matter jurisdiction and under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A lack of subject-matter jurisdiction requires dismissal under Rule 12(b)(1) and "[i]f a plaintiff cannot establish constitutional standing, his or her claim must be dismissed…" *Simpson-Vlach v. Michigan Dep't of Educ.*, 616 F. Supp. 3d 711, 724

(E.D. Mich. 2022), aff'd, No. 22-1724, 2023 WL 3347497 (6th Cir. May 10, 2023). The Court must consider the factual allegations in the complaint to be true when evaluating jurisdiction. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Plaintiffs seconded amended complaint still fails to state a claim upon which relief may be granted.

In order to survive a motion to dismiss under FRCP 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint must thus "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012)(citations omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## ARGUMENT

The SAC fails to state a claim for several reasons, including Plaintiffs failure to meet the requirements under 42 U.S.C. §12132 and Plaintiffs lack of standing. Plaintiffs' complaint fails to allege specifically as it relates Wayne County

Defendant: (1) what services, programs, or activities they have been deprived of; (2) when the deprivation occurred; (3) the location where these deprivations occurred; and (4) the Defendants conduct that allegedly denied them meaningful access.

## I.      Plaintiffs State Statutory Claims Lack a Private Right of Action.

Count IV of the SAC alleges that Defendants violated the following statutes: Michigan Barrier Free Design Act, MCL §§125.1351 *et seq.,* Michigan Sidewalks Act, MCL §125.1361 and the Michigan Uniform Construction Code Mich. Comp. Laws §125.1502a (better known as the Stille-Derossett-Hale Single State Construction Code Act, MCL §§125.1501 *et seq.*). However, there is no private right of action for any of the aforementioned statutes identified by Plaintiffs.

For example, the Michigan Barrier Free Design Act specifically states that administration and enforcement of the Act is vested in the Michigan Department of Management and Budget, the Michigan Department of Education, and the Michigan Department of Labor, depending on the type of building involved. Mich. Comp. Laws § 125.1353 (1)–(3).  Accordingly, "[w]here the common law provides no right to relief, but the right to relief is created by statute, a plaintiff has no private cause of action to enforce the right unless (1) the statute expressly creates a private cause of action, or (2) a cause of action can be inferred from the fact that the statute provides no adequate means of enforcement of its provisions." *Lane v. KinderCare Learning Centers, Inc*., 588 N.W.2d 715, 718 (Mich. App. 1998). As such, Plaintiffs have failed to state a valid claim against Defendant Wayne County.

Similarly, the Michigan Uniform Construction Code specifically provides that the director is responsible for administration and enforcement of the act and the code. Mich. Comp. Laws § 125.1508b(1). It does not provide a private cause of action and "the purpose of the construction code act is not to protect the public against harm by establishing construction standards and an inspection regime…" *Rakowski v. Sarb*, 713 N.W.2d 787, 794 n 4 (Mich. 2006)( noting that nothing in the Act "gives rise to a civil duty to a private third party").

The same analysis applies to the local building, construction, and plumbing codes and the Michigan Sidewalks Act MCL §125.1361. "[G]iven that Congress did not include a private right of action … even for direct and intentional discrimination, there is no discernible reason why ... any court[ ] should use ADA as a safety standard to create new and wide-ranging liabilities". *Vansteenkiste v Lakeside Mall, LLC*, No. 12-CV-15055, 2014 WL 2744172, at *6 (ED Mich, June 17, 2014). But even if there was a private right of action for sidewalks for example, Plaintiffs fail to identify the defendants responsible for the sidewalks and which pedestrian sidewalks are at issue. Undoubtedly, Plaintiffs have failed to state a claim and Count IV of the SAC should be dismissed.

## II.    Plaintiffs Lack Standing under Article III of the US Constitution.

Wayne County Defendant challenges Plaintiffs standing to bring forth its case or controversy within the meaning of Article III of the Constitution to invoke

jurisdiction in this Court. Article III limits the authority of the federal courts: they decide "Cases" and "Controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992).  As such, "standing is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction." *Ward v Alternative Health Delivery Sys, Inc*, 261 F3d 624, 626 (CA 6, 2001). Plaintiffs must prove standing by demonstrating the following elements for each claim and remedy: (1) injury in fact, (2) traceability, and (3) redressability. *Davis v. Colerain Twp.,* 51 F.4th 164, 171 (6th Cir. 2022).

Here, Plaintiffs have not demonstrated that a concrete injury exists to bring a claim under Title II of the ADA or Rehabilitation Act as it relates to Wayne County Defendant. And, where there is no injury, there is no standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560).

The ADA, the Rehabilitation Act and the PWDCRA simply prohibit Wayne County from denying or preventing Plaintiffs from participating in or receiving benefits or services because of their disability. Defendant Wayne County has never, nor do Plaintiffs assert that Wayne County denied them the opportunity to participate in a service, program or activity. Plaintiffs have not alleged an injury in fact, they

have not alleged how the injury affects them, each, in a personal or individual way which is the crux to establish injury.

Instead, of establishing an injury in fact, Plaintiffs allege "[a] generalized grievance against governmental conduct [which] is insufficient to confer standing upon a party." *United States v. Hays*, 515 U.S. 737, 743 (1995). Plaintiffs have merely asserted scant and generalized allegations related to buildings within the State of Michigan based upon purported noncompliance with several disability laws. But these bare-boned assertions do not come close to providing the Court with sufficient factual information regarding any injury in fact in order to establish standing.

One of the least generalized allegations broadly asserts accessibility requirements related to vision impairment, but no Plaintiff alleged they are blind or have a vision impairment. SAC ¶96(b). Instead, the SAC alleged that Plaintiff Maddox has "some vision decline." ¶39. But a "disabled plaintiff who [is] not blind is not among the injured with regard to ADA violations…and therefore d[oes] not have standing as to those violations." *Steger v. Franco, Inc.,* 228 F.3d 889, 893 (8th Cir. 2000).

Because Plaintiffs fail to show an injury in fact related to Wayne County Defendant and Article III requires Plaintiffs to demonstrate all three elements (injury-in-fact, causation, and redressability) in order to maintain any action in

federal court the second and third element need not be addressed. See, e.g., *Camreta v. Greene*, 131 S. Ct. 2020, 2028 (2011); *Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009).  If, however, this Court finds injury in fact as it relates to Wayne County Defendant, Plaintiffs still lack standing because they have failed to plead factual allegations demonstrating causation and redressability.

To establish causation, Plaintiffs must show "a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant." *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). In other words, Plaintiffs must show what each defendant did that caused them to suffer an injury in fact. Plaintiffs, here, failed to do so. The SAC broadly alleges that defendants are jointly and severally liable for all wrongs. SAC ¶¶ 101, 103, 106. However, for Plaintiffs to have standing, they must allege facts related to each defendant that caused injury which they did not do.

For example, Plaintiffs not only fail to allege injury, but they fail to properly identify which defendant is responsible for said injury in connection with the streets, sidewalks, and the insufficient number of accessible street parking spaces and transit stops of which Plaintiff complains. Plaintiffs not only fail to allege that they sought and were denied access to a particular program, service, or activity, but they also fail to identify when, which buildings, and what specific services, programs, and activities related to Wayne County specifically they were unable to access.

11

Lastly, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Defenders of Wildlife,* 504 U.S. at 561, 112 S.Ct. 2130 *see also Allen,* 468 U.S. at 751, 104 S.Ct. 3315. Here, the SAC does not plead facts sufficient to establish that Wayne County Defendant caused an injury-in-fact or that such injury, if established, can likely be redressed. "That a suit may be a class action…adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Simon v. E. Ky. Welfare Rights Org*., 426 U.S. 26, 40 fn.20 (1976) (quoting *Warth*, 422 U.S. at 502).

### III.  Plaintiffs Fail to State an ADA Claim.

Title II of the ADA simply provides that Defendants will not exclude qualified individual with a disability "from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity" because of a disability. 42 U.S.C. § 12132. Plaintiffs must meet the following three requirements: (1) Plaintiffs are qualified individuals with a disability; (2) Wayne County is subject to the ADA; and most notably (3) that Wayne County Defendant denied Plaintiffs the opportunity to participate in or benefit from its services, programs, or activities. *Lleras-Rodriguez v. Geo Grp., Inc.*, No. 1:21-CV-787, 2022 WL 2951530, at *5 (W.D. Mich. July 26, 2022).

12

Plaintiffs must meet all three requirements.[3] Simply put, Plaintiffs cannot satisfy the third requirement: that Plaintiffs were denied the opportunity to participate in or benefit from services, programs, or activities provided by Wayne County Defendant. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). As addressed in the standing section, Plaintiffs have sustained no injury – no denial of an opportunity to participate in or benefit from its services, programs, or activities as it related to Wayne County Defendant.

Plaintiff Maddox, a disability rights activists residing in Wayne County, "prefers to exercise her right to vote in person," at in the Ladder Company Number 7, Engine Company Number 17 Fire Station located at 6100 Second Avenue in Detroit at 6100 Second Avenue in Detroit. PAC ¶¶ 42, 43. This claim, if valid, does not apply to the Wayne County Defendant as city clerks and city election agencies, not county clerks and county election agencies, bear the exclusive responsibility for selecting and overseeing polling places. MCL 168.662(1); see also MCL 168.201; MCL 168.193; MCL 168.559; MCL 168.24. Wayne County has no responsibility

---

[3] Wayne County Defendant reserves the right to challenge the preceding requirements.

for polling locations. Moreover, she does not allege that Wayne County Defendant denied her a service, program, or activity.

Plaintiff Jacobson, a Washtenaw County resident and attorney, claims that she has lost business opportunities because of the difficulties to, gain access to the Defendants' buildings and the services, programs, and activities therein within the past three years." SAC ¶¶50, 52, 68. The only mention of Wayne County is her assertion that she has had multiple cases, hearings, and meetings at each of the Defendants various buildings "including but not limited to the CAYMC" building. SAC ¶56. Pleading such a barebone allegation does not state a claim upon which relief can be granted.

Plaintiff Babcock, a Wayne County resident, disability rights activist, and attorney, claims she has been denied her rights due to Defendants' inaccessible public buildings which interferes with her ability to enjoy the benefits and personal satisfaction of achieving her goals to serve within her profession fully and effectively. SAC ¶¶22-28. Similar to Plaintiff Babcock's 2016 complaint against Defendant State of Michigan, again alleging violations of Title II of the ADA and Section 504 of the Rehabilitation Act, Plaintiffs failed to show that Wayne County Defendant denied them a service, program or activity. *Babcock v. Michigan*, 812 F.3d 531 (2016). This Court dismissed Babcock's claims because, similar to the case

at bar, she failed to allege that she was denied access to any service, program, or activity. *Id.*

The 2016 complaint and the SAC target design defects within the existing facilities, parking lots, and sidewalks to which Plaintiffs do not have a private right of action to remedy. *Id.* at 536. The Sixth Circuit Court held "facility access is not, standing alone, a cognizable claim under Title II's private right of action." *Id.* Plaintiffs must show (and fails to show) that they were denied access to services, programs, and activities which is separate and distinct from facility access, parking lots, roads or sidewalks. *Id.* at 537-38.

Specifically, the SAC fails to allege: (1) what services, programs, or activities they have been deprived of; (2) when the deprivation occurred; (3) the building where these deprivations occurred; and (4) the Defendants' conduct that allegedly denied them meaningful access. In addition, the SAC fails to properly identify which defendant is responsible for the design defects, sidewalks, the insufficient number of accessible street parking spaces, and the transit stops of which Plaintiff complains.

The SAC is wholly deficient and fatally flawed. Plaintiffs have failed to state a claim under Title II of the ADA.

### IV.  Plaintiffs Fail to State a Claim Under the Rehabilitation Act.

"[T]he remedies, procedures, and rights available under Title II of the ADA parallel those available under [Section 504 of the Rehabilitation Act]." *Ability Ctr.*

*of Greater Toledo v. City of Sandusky,* 385 F.3d 901, 905 (6th Cir. 2004) (citing 29 U.S.C. 794a(a)(2); *Barnes v. Gorman*, 536 U.S. 181, 189 n.3, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002); *Johnson v. City of Saline*, 151 F.3d 564, 573 (6th Cir. 1998)). However, the Rehabilitation Act (unlike the ADA) limits its application to programs or activities receiving federal assistance. 29 U.S.C. § 794(a).

Here, Plaintiffs' claim under Section 504, similar to Plaintiffs' ADA claim, fails as a matter of law. Plaintiffs must plausibly allege that Plaintiff (1) is disabled; (2) is "otherwise qualified" for participation in the program; (3) is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of a disability; and (4) the relevant program or activity is receiving Federal financial assistance. *Doherty v. S. Coll. of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988).

First, the definition of "programs or activities" does not refer to the County as a whole, but rather its subordinate components such as agencies or departments. 29 U.S.C. § 794(b)(1). Under this definition, the County as a whole cannot be a "program or activity." Thus, Wayne County Defendant is not an appropriate Defendant. As several courts have held, the County does not fall under the definition of "program or activity" according to the plain terms of 29 U.S.C. § 794 because it is not a department or instrumentality of a local government, but is a county which embodies an entire local government. *Benson v Gordon Cnty., Georgia*, No. 4:09-

16

CV-00143-RLV, 2012 WL 12952716, at *7 (ND Ga, February 2, 2012), sub nom. *Benson v Gordon Cnty*., Ga, 479 Fed Appx 315 (CA 11, 2012). Consequently, Plaintiffs have, yet again, failed to bring a claim under Section 504.

Second, like Plaintiffs ADA claim, Plaintiffs failed to allege sufficient factual information to establish that the Wayne County Defendants engaged in discrimination by denying Plaintiffs access to public programs, or activities. Plaintiffs failed to show how they sought to participate in any particular program that received federal financial assistance. Likewise, Plaintiffs have not demonstrated that Wayne County Defendant received federal funding, as required, to bring a claim under Section 504. Rather, Plaintiffs merely allege that "all Defendants" have received federal funding in the form of COVID-19 pandemic relief. SAC ¶ 160.

Such broad assertions, alone, will not suffice to bring a claim under Section 504 because "it is not sufficient, for purposes of bringing a discrimination claim under section 504, simply to show that some aspect of the relevant overall entity or enterprise receives or has received some form of input from the federal fisc. A private plaintiff in a section 504 case must show that the program or activity with which he or she was involved, or from which he or she was excluded, itself received or was directly benefited by federal financial assistance." *Gallagher v Pontiac Sch Dist*, 807 F2d 75, 80 (CA 6, 1986). Plaintiffs have not clearly identified from which programs or activities they face exclusion and if such programs, services, or if the

activities, or programs received federal financial assistance in order to bring forth a claim under Section 504. *Landefeld v. Marion Gen. Hosp. Inc.*, 994 F.2d 1178, 1180-1181 (6th Cir. 1993).

### V.     Plaintiffs Fail to State a PWDCRA Claim.

Count III of Plaintiffs SAC alleges, broadly, that Wayne County Defendant violated the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"). PAC ¶¶ 198-224. PWDCRA is the state law counterpart of the ADA and Rehabilitation Act. *Mote v. City of Chelsea*, 391 F. Supp. 3d 720, 740 (E.D. Mich. 2019). "The enactment 'substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim.'" *Id.* quoting *Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012).

Here, Plaintiffs PWDCRA claim fails for the same reasons their ADA claim fails. Plaintiffs merely cite numerous provisions of the statute without clearly alleging which provisions the Wayne County Defendants violated. The SAC, again, fails to allege how Wayne County Defendant has denied Plaintiff full and equal enjoyment of public service which makes Plaintiffs' claim insufficient and fatally flawed. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Thus, Plaintiffs have failed to state a claim under PWDCRA.

## VI.   Plaintiffs Fail to State a Cognizable Claim under ELCRA.

Plaintiffs assert a new claim in Count V of their SAC for an alleged sex discrimination violation under the Elliott-Larsen Civil Rights, MCL 37.2101 because Defendants failed to ensure the women's restroom in the CAYMC basement was upgraded when the men's restroom was upgraded and accessible. SAC ¶ 243. To state a claim under the ELCRA's public accommodations provision, Plaintiffs "must establish four elements: (1) discrimination based on a protected characteristic (2) by a person, (3) resulting in the denial of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations (4) of a place of public accommodation." *Brintley v. St. Mary Mercy Hosp.*, 904 F. Supp. 2d 699, 726 (E.D. Mich. 2012), aff'd, 545 F. App'x. 484 (6th Cir. 2013).

Here, the SAC is devoid of facts that one would reasonably conclude an inference of discrimination. Similar to *Batchelor*, "Plaintiff's record reveals nothing about the number or location of female bathroom facilities … All of this leaves a jury without any information from which it could rationally find an inference of discrimination…" *Batchelor,* 2014 U.S. Dist. at 106-7. Plaintiffs are without a prima facie case relating to Count V.

## VII.   Plaintiffs' Claims are Barred by the Statute of Limitations.

Plaintiff Maddox and Babcock's claims are barred by the statute of limitations. "The failure to identify the specific incidents of alleged denial of

services, programs, or benefits, especially when such incidents occurred, is significant since the applicable statute of limitations bars claims older than three years." *Mote v. City of Chelsea*, 284 F. Supp.3d 863, 886 (E.D. Mich. 2018). The SAC attempts to correct this looming issue by adding allegations that the alleged violations occurred within the past three years. SAC ¶¶ 36, 41, 45-49, 55-57, 65-68, 91-92, 96, 98. However, the statute of limitations for Section 504 and the ADA begins to run when a plaintiff knew or should have known she was being denied services, programs, or activities on account of architectural barriers. *Frame v. City of Arlington,* 657 F.3d 215, 238-40 (5th Cir. 2011).

Plaintiff Maddox asserted that she attended almost every meeting of the City Council to advocate on behalf of alleged architectural barriers since 2008. Am. Comp. ¶43-44. As such, Maddox knew and has been complaining about the alleged barriers for 15 years which clearly exceeds the 3-year statute of limitations. Likewise, Plaintiff Babcock has been complaining about the alleged violation since at least 2016 as identified in *Babcock v. Michigan*, 812 F.3d 531 (2016). The statute of limitations bars claims older than three years and Maddox and Babcock's claims are well over the three-year time period.

## VIII.  Plaintiffs Fail to State a Claim for Punitive Damages.

Plaintiffs allege, broadly, that they are entitled to punitive damages. SAC ¶¶ 252-258. The Sixth Circuit, however, has specifically held that punitive damages are

not permitted under Title II of the ADA. *Dorsey v. City of Detroit*, 157 F. Supp. 2d 729, 731 (E.D. Mich. 2001); *Johnson v. City of Saline*, 151 F.3d 564, 572-73 (6th Cir.1998). Similarly, "punitive damages are not available under § 504 of the Rehabilitation Act." *Johnson v. City of Saline*, 151 F.3d 564, 573 (6th Cir. 1998); *Moreno v. Consolidated Rail Corp.*, 99 F.3d 782 (6th Cir. 1996) (en banc); *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005). Plaintiffs' claims are specifically related to Title II of the ADA and under § 504 of the Rehabilitation Act. For these reasons, punitive damages are not available to Plaintiffs and their request for punitive damages must also be dismissed.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Wayne County Defendant respectfully asks this Court to dismiss all claims against it under Fed. R. Civ. P. 12(b) (1) and 12(b)(6).

Respectfully Submitted,

**THE MILLER LAW FIRM**

/s/*Angela L. Baldwin*
Angela L. Baldwin (P81565)
Melvin B. Hollowell (P37834)
Sharon S. Almonrode (P33938)
E. Powell Miller (P39487)
*Attorneys for Wayne County Defendant*
211 W. Fort Street, Suite 705
Detroit, MI 48226
(248) 841-2200
alb@millerlawpc.com

21

Dated: July 14, 2023

## **<u>LOCAL RULE CERTIFICATION</u>**

 I, Angela L. Baldwin, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/*Angela L. Baldwin*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 14, 2023, I emailed the foregoing document to all parties of record.

/s/*Angela L. Baldwin*
