UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JILL BABCOCK, et al.,** | Case No.: 2:22-cv-12951 |
| Plaintiffs, | JUDGE JONATHAN J.C. GREY |
| v. | |
| **STATE OF MICHIGAN, et al.,** | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT
CITY OF DETROIT'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Plaintiffs Jill Babcock, Marguerite Maddox, and Ashley Jacobson, through undersigned counsel, respectfully submit this Opposition to Defendant City of Detroit's Motion to Dismiss Plaintiffs' Second Amended Complaint ("Motion") (ECF No. 87). Plaintiffs' factual allegations properly state claims against the City of Detroit, and the Motion must be denied.

Plaintiffs incorporate by reference their Oppositions to the Motions to Dismiss filed by Defendants State of Michigan (ECF No. 82), County of Wayne (ECF No. 88), and Detroit Wayne Joint Building Authority (ECF No. 80), being filed concurrently with this Opposition.

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ..................................................................................2
**CONCISE STATEMENT OF ISSUES PRESENTED** ..........................................3
**CONTROLLING OR MOST APPROPRIATE AUTHORITIES**......................4
**I.   STATEMENT OF FACTS** ........................................................................5
**II.  PROCEDURAL BACKGROUND** .................................................................9
**III. STANDARD OF REVIEW** ........................................................................9
**IV. LAW AND ARGUMENT**.........................................................................10
   A.   Plaintiffs have standing to bring claims against the City of Detroit...10
   B.   Plaintiffs properly plead claims against the City of Detroit under the ADA, the Rehabilitation Act, and the Persons with Disabilities Civil Rights Act ..................................................................................11
      1.   ADA claims................................................................................11
      2.   PDCRA claims ..........................................................................11
      3.   Rehabilitation Act claims .........................................................12
   C.   Count IV claims against the City of Detroit .......................................14
   D.   Plaintiffs' ELCRA claim ......................................................................14
**V.  CONCLUSION**........................................................................................15

## **CONCISE STATEMENT OF ISSUES PRESENTED**

1. Do Plaintiffs have standing to bring their claims?

2. Have Plaintiffs sufficiently plead subject matter jurisdiction?

3. Have Plaintiffs sufficiently plead claims upon which relief can be granted?

# **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

**Statutes:**

- 28 C.F.R. § 35.130
- 28 C.F.R. § 35.149
- 28 C.F.R. § 35.150
- 28 C.F.R. § 35.151
- Persons with Disabilities Civil Rights Act, M.C.L. 37.1101 *et seq.*
- Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*
- Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*

**Cases:**

- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
- *Babcock v. Michigan*, 812 F.3d 531 (6th Cir. 2016)
- *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)
- *Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir. 2016)
- *Biden v. Nebraska*, 600 U.S. ___ (2023)
- *Carney v. Adams*, 592 U.S. ___ (2020)
- *Conley v. Gibson*, 355 U.S. 41 (1957)
- *Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007)
- *G.C. v. Owensboro Pub. Sch.*, 711 F.3d 623 (6th Cir. 2013)
- *Landefeld v. Marion Gen. Hosp. Inc.*, 994 F.2d 1178, 1180-1181 (6th Cir. 1993)
- *Mote v. City of Chelsea*, 252 F. Supp. 3d 642 (E.D. Mich. 2017)
- *Shotz v. Cates,* 256 F.3d 1077 (11th Cir. 2001)
- *Skaff v. Meridien North America*, 506 F.3d 832 (9th Cir. 2007)
- *Vest v. Resolute FP US Inc.*, 905 F.3d 985 (6th Cir. 2018)

I.  **STATEMENT OF FACTS**

Plaintiffs filed this action to enforce civil rights of persons with disabilities against Defendants which have repeatedly and continuously harmed Plaintiffs by denying them their fundamental civil rights of due process and equal protection, to equal access to the City of Detroit's buildings and facilities, their services, amenities, programs, activities, and civic responsibilities in public buildings and facilities partially or fully controlled by the City of Detroit. Sec. Am. Compl., Sec. Am. Compl., ECF No. 79, ¶¶ 1-4.

With the other Defendants, the City is also responsible for Court facilities located in the Coleman A. Young Municipal Center ("CAYMC"). *Id.* at ¶¶ 111-127. *See* Opposition to DWJBA's Motion to Dismiss, Sec. I, incorporated herein by reference.

In addition to its own violations, City exacerbates concrete harm to plaintiffs and other residents or visitors to Detroit, by repeatedly failing to require businesses to show compliance with ADA Article III requirements for public accommodation. This includes failing to require new or remodeled restaurants, Liquor Control Commission regulated establishments, or markets to put in an elevator to separate second floor areas, thus denying access to mobility impaired persons, including Plaintiff Babcock. Sec. Am. Compl., Sec. Am. Compl., ECF No. 79, ¶ 35(e). Additionally, the City issues exclusive licenses or franchises for parking lots with

5

no accessible parking requirements, including specifically as to the parking lots filling the triangle between the 36th District Court and the Frank Murphy Hall of Justice. *Id*. at ¶ 35(b).

The City is also generally responsible for streets, sidewalks, pedestrian crossings, and signals throughout the City of Detroit. The City argues it has already entered a settlement agreement as to curb crossing. Whether or not that is accurate, it is not *res judicata* or otherwise applicable Plaintiffs; further, Plaintiffs have identified multiple existing deficiencies. The City sidewalks, curbs, pedestrian areas, curb cuts, pedestrian crossings, and pedestrian crossing signals have all been neglected for accessibility purposes to the point, for example, that Plaintiff Babcock cannot even use the public sidewalks to get to her sister's house one block from her home, has fallen out of her wheelchair at a deplorable curb cut, has been stalled within a curb cut, has been denied ready access to the various festivals and cultural or political events throughout the City, and Plaintiff Maddox, with her walker and service dog, often does not have time to cross the street, or have enough space to navigate on the pedestrian areas including near the CAYMC. *Id*. at ¶¶ 32, 33, 35, 41, 48. The City lacks audible pedestrian signals including near the CAYMC and other buildings. *Id*. at ¶ 48.[1]

---

[1] The City argues it is inconsistent for Plaintiff Maddox to require vision assistance since she uses closed captioning to address her hearing loss. Aside from the blatant ableism in this patronizing and inaccurate assertion, it ignores that Maddox with her service animal is "regarded as" a person with a disability;

As to on-street parking, and other pedestrian areas, City does not provide adequate accessible parking including near the buildings at issue in this case, has not installed pedestrian crossing islands where needed near the 36th District Court, has converted to "zone" parking without providing accessible parking, failed to remove curbs at the new pedestrian plaza on Woodward. *Id.* at ¶¶ 30(b), 32, 35(a)-(d).

Plaintiffs Babcock and Maddox have both been delayed in voting due to City's failures. *Id.* at ¶¶ 31, 43.

### A. Plaintiff Jill Babcock

Plaintiff Jill Babcock is an attorney who lives and works in the City of Detroit. *Id.* at ¶¶ 22-26. She is also employed by the City at the Coleman A. Young Municipal Center, but not as an attorney. *Id.* at ¶ 26. The City of Detroit's failure to make its courts accessible has deprived her of jury duty in the 36th District and the Frank Murphy Hall of Justice, and in general, the full development of her legal profession. *Id.* at ¶¶ 27-30.

### B. Plaintiff Marguerite Maddox

Plaintiff Marguerite Maddox resides in Detroit, and has Cerebral Palsy, cervical dystonia, hearing impairment, speech impairment, and some vision decline, and relies on her service animal, Scarlett. *Id.* at ¶¶ 37-39. She is and has been a disability advocate for decades, and due to State's accessibility violations at the

---

further, it demonstrates a lack of understanding of the basic reality that many individuals with disabilities have multiple intersecting accommodation needs.

Capitol Loop, and CAYMC in which the City has shared authority with the other defendants with 3rd Circuit Court having operations in both of its towers, like Plaintiff Babcock, she has been deterred or prevented from visiting and fully participating in these activities. *Id*. at ¶¶ 42, 44-47, 49, 67, 80, 109-110.

### C. Plaintiff Ashley Jacobson

Plaintiff Ashley Jacobson has several physical disabilities and impairments including, *inter alia*, impairments of her bladder, spine, joints, and immune system. *Id*. at ¶ 51.  Her impairments affect her strength, balance, restroom needs, dexterity, fine and gross motor skills, and the ability to stand for long periods of time, which often requires her to use a cane or wheelchair. *Id.*  She also consistently utilizes other medical devices, catheters for personal use and bladder treatments, equipment, and mobility aids as her symptoms necessitate. *Id.*  Like Plaintiff Babcock, she must also have immediate access to fully compliant toilet facilities for her personal health and to engage in her profession. *Id*. at ¶¶ 59, 65, 91-95.

Plaintiff Jacobson is an attorney licensed by the State of Michigan to practice law anywhere in the State. *Id*. at ¶¶ 51, 65.  However, she has had to turn down business and endure countless delays and inconveniences not experienced by able-bodied attorneys due to the City of Detroit's discriminatory refusal to make their buildings accessible, which in turn impairs or interferes with her ability to be as efficient as her peers and competitors in the private licensed practice of law, thereby

interfering with her ability to earn a living or make a profit. *Id*. at ¶¶ 52-57, 65-66, 68.

## II. PROCEDURAL BACKGROUND

On December 6, 2022, Plaintiffs filed this action (ECF No. 1). In response, Defendant filed an Answer to the Complaint with Affirmative Defenses on March 10, 2023 (ECF No. 23). Plaintiffs filed an Amended Complaint on April 28, 2023 (ECF No. 41). Defendant filed a Motion to Dismiss Amended Complaint on June 1, 2023 (ECF No. 63). This Court filed an Order Striking Documents (Dkts. 61, 62, 63, 65, 66) on June 6, 2023 (ECF No. 69). Plaintiffs filed a Second Amended Complaint on June 23, 2023 (ECF No. 79). Defendant filed a Motion to Dismiss Second Amended Complaint on July 14, 2023 (ECF No. 87). Plaintiffs file this brief in response to that Motion.

## III. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has held that a complaint is only properly dismissed under Rule 12(b)(6) when it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard is more than a sheer possibility, but it is not a probability requirement. *See Twombly*, 550 U.S. at 556. A complaint states a

plausible claim for relief, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Vest v. Resolute FP US Inc.*, 905 F.3d 985, 987 (6th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reading the alleged facts, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Therefore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that the actual proof of the facts alleged is improbable and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal citations omitted).

## IV. <u>LAW AND ARGUMENT</u>

### A. Plaintiffs have standing to bring claims against the City of Detroit

*See* Opposition to State of Michigan's Motion to Dismiss, Sec. IV(B), incorporated by reference.

### B. Plaintiffs properly plead claims against the City of Detroit under the ADA, the Rehabilitation Act, and the Persons with Disabilities Civil Rights Act

#### 1. *ADA claims*

*See* Opposition to DWJBA's Motion to Dismiss, Sec. IV(C), incorporated by reference, and the additional factual allegations itemized previously in this Brief.

#### 2. *PDCRA claims*

PDCRA states in pertinent part a person shall not "[d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids." M.C.L. 37.1302. Defendants wrongly contend that Plaintiffs have failed to state a claim because Plaintiffs did not allege how Defendants have denied Plaintiffs the full and equal enjoyment of a public service. Plaintiffs incorporate by reference the arguments made in Sec. IV(A)(1)(b) of this Brief as Defendants simply belittle or even ignore the seriousness of the injuries alleged by each Plaintiff. Each Plaintiff has made clear allegations of the denial of their full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Defendants' places of public accommodation or public service because of their disabilities.

Thus, the Court must deny Defendants' Motion to Dismiss Plaintiffs' PDCRA claims.

### 3. Rehabilitation Act claims

Section 504 of the Rehabilitation Act of 1973 ("Section 504") and its implementing regulations provide, in pertinent part, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 20 U.S.C. § 794(a); *see also* 34 C.F.R. § 104.4(a).

To state a claim under Section 504, a plaintiff must satisfy the following elements: (1) plaintiff is an individual with a disability; (2) plaintiff is otherwise qualified for participation in the program; (3) plaintiff is being excluded from participation in, denied the benefits of, or being subjected to discrimination under the program solely by reason of his or her disability; and (4) the relevant program or activity is receiving federal financial assistance. *Landefeld v. Marion Gen. Hosp. Inc.*, 994 F.2d 1178, 1180-1181 (6th Cir. 1993); *see also G.C. v. Owensboro Pub. Sch.*, 711 F.3d 623, 635 (6th Cir. 2013); *Campbell v. Bd. of Educ. of Centerline Sch. Dist.*, 58 F. App'x 162, 165 (6th Cir. 2003); *Doherty v. S. College of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988)).

Defendants contend that Plaintiffs have failed to satisfy the fourth element, asserting that Plaintiffs' allegation that each of the public entities owned by Defendants has received Federal funding, including COVID-19 economic, is not sufficient to state a claim under Section 504; Defendants contend that Plaintiffs must allege the specific programs or activities with which they were involved in or excluded from was directly benefited by or directly received federal financial assistance. Defendants also incorrectly assert that even if federal funding were specifically linked with the programs and activities within their own buildings, Defendants could not be held liable under Section 504 as a "program or activity."

In fact, this Court has held that while "facility accessibility is not, standing alone, a cognizable claim under Title II's private right of action…the inquiry is tied to *whether that facility's inaccessibility interferes with access* to public services, programs, or activities." *Mote v. City of Chelsea*, 252 F. Supp. 3d 642, 650 (E.D. Mich. 2017) (emphasis added), quoting *Babcock v. Michigan*, 812 F.3d 531, 536 (6th Cir. 2016). Defendants' failure to maintain facilities in compliance with Section 504 interferes with persons with disabilities, including Plaintiffs, ability to fully and equally enjoy Defendants' services, programs, or activities, or the services, programs or activities that take place within the facilities owned by Defendants, in violation of Section 504.

Defendants also argue that Plaintiff must identify how the federal funds they received were distributed; because Plaintiffs are unable to do so, they did not properly plead a claim. This is information that Plaintiffs cannot access until reaching the discovery stage of litigation, making this issue improper for dismissal at this stage. Moreover, Plaintiffs have alleged a multitude of programs and activities from which they have been denied access specifically due to the elements or features of Defendants' facilities that do not comply with Section 504, as discussed previously in this Brief. Plaintiffs have also alleged that Defendants themselves, which funds the maintenance of the facilities in which the programs and activities occur and from which Plaintiffs have been excluded, received federal funding, including COVID-19 economic relief from the U.S. Departments of Treasury, Transportation, Health and Human Services; and/or indirectly from the State of Michigan; and/or funding from the American Rescue Plan Act of 2021, the Build Back Better Act, and/or the Inflation Reduction Act of 2022. Thus, Plaintiffs have sufficiently plead that Defendants may be held liable under Section 504 and PDCRA and that the relevant institutions housing the programs or activities which are not accessible by Plaintiffs are receiving federal financial assistance.

### C. Count IV claims

Count IV contains specific allegations and relevant language from statutes and codes Defendants violated and gives Defendants notice of evidence that supports

Plaintiffs' entitlement to relief under Counts I-III. Based on a thorough review of the Defendants' arguments and cited law, and without striking any of the language in Count IV, Plaintiffs concede that there is no statutory basis for them to pursue their Count IV claims against Defendants and withdraw those claims.

### D. ELCRA claims

Based on a thorough review of Defendants' arguments and cited law, Plaintiffs withdraw their ELCRA claim.

### V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant City of Detroit's Motion to Dismiss Plaintiffs' Second Amended Complaint.

                                                  Respectfully Submitted,

Dated: September 8, 2023        */s/ Michael W. Bartnik*
                                                MICHAEL W. BARTNIK (P32534)
                                                Law For Baby Boomers, PLLC
                                                41000 Woodward Ave., Ste. 350
                                                Bloomfield Hills, Michigan 48304
                                                (248) 608-3660 Telephone
                                                michaelbartnik@protonmail.com

                                                Elizabeth K. Abdnour (P78203)
                                                Abdnour Weiker, LLP
                                                500 E. Michigan Ave., Ste. 130
                                                Lansing, Michigan 48912
                                                (517) 994-1776 Telephone
                                                liz@education-rights.com

Renee A. Stromski (Ohio 0101347)<br>
Abdnour Weiker, LLP<br>
262 South Third St.<br>
Columbus, Ohio 43215<br>
(216) 714-1515 Telephone<br>
renee@education-rights.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Elizabeth K. Abdnour, counsel for Plaintiffs, certify that on September 8, 2023, I filed this document by use of this Court's ECF system, which will serve copies to all counsel of record.

/s/ Elizabeth K. Abdnour<br>
Elizabeth K. Abdnour