UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JILL BABCOCK, et al., | Case No.: 2:22-cv-12951 |
| Plaintiffs, | JUDGE JONATHAN J.C. GREY |
| v. | |
| STATE OF MICHIGAN, et al., | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT
COUNTY OF WAYNE'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Plaintiffs Jill Babcock, Marguerite Maddox, and Ashley Jacobson, through undersigned counsel, respectfully submit this Opposition to Defendant County of Wayne's Motion to Dismiss Plaintiffs' Second Amended Complaint ("Motion") (ECF No. 88). Plaintiffs' factual allegations properly state claims against County of Wayne, and the Motion must be denied.

Plaintiffs incorporate by reference their Oppositions to the Motions to Dismiss filed by Defendants State of Michigan (ECF No. 82), City of Detroit (ECF No. 87), and Detroit Wayne Joint Building Authority (ECF No. 80), being filed concurrently with this Opposition.

1

# **TABLE OF CONTENTS**

**CONCISE STATEMENT OF ISSUES PRESENTED** ......................................... 3

**CONTROLLING OR MOST APPROPRIATE AUTHORITIES** ...................... 4

**I.   STATEMENT OF FACTS** ............................................................................. 5

**II.   PROCEDURAL BACKGROUND** ............................................................ 10

**III.   STANDARD OF REVIEW** ....................................................................... 10

**IV.   LAW AND ARGUMENT** ......................................................................... 12

    A.   Count IV claims against the County of Wayne ................................. 12

    B.   Plaintiffs have standing to bring their claims against the County of Wayne .................................................................................................. 12

    C.   Plaintiffs have properly plead a claim under the ADA against the County of Wayne ................................................................................ 14

    D.   Plaintiffs have properly plead a claim under the Rehabilitation Act against the County of Wayne ............................................................. 14

    E.   Plaintiffs state plausible PDCRA claims upon which relief may be granted against the County of Wayne ................................................ 14

    F.   Plaintiffs' ELCRA claim ..................................................................... 14

    G.   Plaintiffs Babcock and Maddox's claims were timely filed ............... 14

    H.   Punitive damages ................................................................................ 15

**V.   CONCLUSION** ........................................................................................... 15

## **CONCISE STATEMENT OF ISSUES PRESENTED**

1. Have Plaintiffs sufficiently plead claims upon which relief may granted?

2. Do Plaintiffs have standing to bring their ADA and Rehabilitation Act claims?

3. Are Plaintiffs' claims barred by statutes of limitations?

4. Are Plaintiffs entitled to seek punitive damages?

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Statutes:**

- 28 C.F.R. § 35.130
- 28 C.F.R. § 35.149
- 28 C.F.R. § 35.150
- 28 C.F.R. § 35.151
- Persons with Disabilities Civil Rights Act, M.C.L. 37.1101 *et seq.*
- Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*
- Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*

**Cases:**

- *Am. Council of the Blind of New York, Inc. v. City of New York*, 579 F. Supp. 3d 539 (S.D.N.Y. 2021)
- *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
- *Babcock v. Michigan*, 812 F.3d 531 (6th Cir. 2016)
- *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)
- *Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir. 2016)
- *Biden v. Nebraska*, 600 U.S. ___ (2023)
- *Carney v. Adams*, 592 U.S. ___ (2020)
- *Conley v. Gibson*, 355 U.S. 41 (1957)
- *Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007)
- *G.C. v. Owensboro Pub. Sch.*, 711 F.3d 623 (6th Cir. 2013)
- *Landefeld v. Marion Gen. Hosp. Inc.*, 994 F.2d 1178, 1180-1181 (6th Cir. 1993)
- *Michigan Paralyzed Veterans of Am., Inc. v. Michigan Dep't of Transp.*, No. 15-CV-13046, 2017 WL 5132912 (E.D. Mich. Nov. 6, 2017)
- *Mote v. City of Chelsea*, 252 F. Supp. 3d 642 (E.D. Mich. 2017)
- *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494 (4th Cir. 2016)
- *Shotz v. Cates,* 256 F.3d 1077 (11th Cir. 2001)
- *Skaff v. Meridien North America*, 506 F.3d 832 (9th Cir. 2007)
- *Vest v. Resolute FP US Inc.*, 905 F.3d 985 (6th Cir. 2018)

## I. STATEMENT OF FACTS

Plaintiffs filed this action to enforce civil rights of persons with disabilities against Defendants which have repeatedly and continuously harmed Plaintiffs by denying them their fundamental civil rights of due process and equal protection, to equal access to the County of Wayne's court and public buildings and facilities. Sec. Am. Compl., ECF No. 79, ¶¶ 1-4.

With the other Defendants, the City is also responsible for Court facilities located in the Coleman A. Young Municipal Center ("CAYMC"). ECF No. 79, ¶¶ 111-127. *See* Opposition to DWJBA's Motion to Dismiss, Sec. I, incorporated herein by reference.

The County also owns, leases, occupies, or operates several other Court related facilities, including the Lincoln Juvenile Justice Center, the Frank Murphy Hall of Justice, certain portions of the Penobscot Building for Friend of the Court and Family Court, certain felony related functions of the 36th District Court, and the still under construction Criminal Justice Center, all of which have accessibility issues. ECF No. 79, ¶¶ 128-140, 146-147. Many of the defects pled are similar to those discussed elsewhere, but some notable defects are the huge steam vent in the pedestrian crossing and the decrepit entrance ramp at the Frank Murphy Hall of Justice, *id.* at ¶ 128, and the lack of accessible entrances including for attorneys at the Lincoln Juvenile Justice Center. *Id.* at ¶ 132.

The Penobscot Building also has poorly marked and inaccessible entrances and interiors, and parking and pedestrian deficiencies like those in the Guardian Building discussed below. *Id.* at ¶¶ 146-147.

The County admits to the defects in the Lincoln and Murphy Buildings, asserting that it is excused from liability because those programs are shifting over to the new Criminal Justice Center. However, that project was scheduled for completion over a year ago in 2022, has missed several 2023 deadlines, will require a six-month transition once it is completed, and has its own problems relating to inadequate parking, inadequate pedestrian crossing across Russell Street, and inadequate accessible transit stops, thereby depriving Plaintiffs and others of their civil rights, causing them injury and harm. *Id.* at ¶¶ 134-140.

As to the Guardian Building, there is no accessible entrance to the main public auditorium located in the sub-mezzanine of the Congress and Griswold lobby, nor to the retail lobby on the upper mezzanine of that lobby, despite the easy solution of stair lifts or elevators such as one that the County has located in the Larned lobby. *Id*. at ¶ 141. There is no accessible parking and no accessible drop-off areas on Griswold, Congress, or Larned, despite private "valet" parking across the street, there is no proper signage on these streets, and the entrances on Congress and Griswold are inaccessible. *Id*. at ¶¶ 141-143. The only nominally accessible toilet

6

room is hidden in the north corner of the retail level, and illegally allows for locking the door from the inside even though there are two stalls. *Id.* at ¶ 142.

Although the County argues the Guardian Building and 400 Monroe are historic, they are no more fragile than the Theodore Levin United States Courthouse built around the same era. It is public knowledge that all three buildings have been retrofitted, refurbished, remodeled, or upgraded during the past century; unlike the Federal Court, the County has failed to comply with the ADA, the Rehabilitation Act, or the PDCRA in its renovations.

The County's Guardian Building has a Skybridge leading from about the fifteenth floor over Larned to the One Woodward Office Tower, like the Skywalk at CAYMC, which it co-owns and occupies with the City and DWJBA. While none of the Plaintiffs have used that particular Skybridge, the County and the remaining Defendants have utterly failed to address the accessibility issues where that Skywalk meets the CAYMC: that Skywalk is not locked but is open to the public, and any person (employee or not) can leave the CAYMC from that exit toward the Millender Center, but upon returning, only able-bodied, non-employees can use the exterior staircase at that CAYMC to the ground level. Persons with disabilities must turn around and transit back to the Millender Center to get to the ground level, and then cross Randolph Boulevard. This has denied Plaintiffs and other similarly situated

7

persons full equal access to and from the CAYMC, from or to the People Mover, the Millender Center, and Renaissance Center. *Id.* at ¶ 48.

### A. Plaintiff Jill Babcock

Plaintiff Jill Babcock is an attorney who lives and works in the City of Detroit. *Id.* at ¶¶ 22-26. She is also employed by the City at CAYMC, but not as an attorney. *Id.* at ¶ 26. The County's failure to make its courts accessible has deprived her of jury duty in the 36th District and the Frank Murphy Hall of Justice, and in general, the full development of her legal profession. *Id.* at ¶¶ 27-30.

### B. Plaintiff Marguerite Maddox

Plaintiff Marguerite Maddox resides in Wayne County, and has Cerebral Palsy, cervical dystonia, hearing impairment, speech impairment, and some vision decline, and relies on her service animal, Scarlett. *Id.* at ¶¶ 37-41.  She is and has been recognized as a disability advocate for decades. *Id.* at ¶¶ 42.  As one of the owners responsible for compliance in CAYMC, the violations in that facility have denied her full participation, or deterred her from participating in these activities. *Id.* at ¶¶ 44-49.  County's failure to make the public assembly areas and public meeting areas of the Guardian Building has deterred her from attending the public meetings of the County Commission and its various Committees, whether located in the underground mezzanine level, or the upper office levels. *Id.* at ¶¶ 49, 67, 106-107, 109-110, 143.

### C. Plaintiff Ashley Jacobson

Plaintiff Ashley Jacobson has several physical disabilities and impairments including inter alia impairments of her bladder, spine, joints, and immune system. *Id*. at ¶ 51. Her impairments affect her strength, balance, restroom needs, dexterity, fine and gross motor skills, and the ability to stand for long periods of time, which often requires her to use a cane or wheelchair. *Id.* She also consistently utilizes other medical devices, catheters for personal use and bladder treatments, equipment, and mobility aids as her symptoms necessitate. *Id*. Like Plaintiff Babcock, she must also have immediate access to fully compliant toilet facilities for her personal health and to engage in her profession. *Id*. at ¶¶ 59, 65, 91-95.

Plaintiff Jacobson is an attorney licensed by the State of Michigan to practice law anywhere in the State. *Id*. at ¶¶ 51, 65. However, she has had to turn down business and endure countless delays and inconveniences not experienced by able-bodied attorneys due to the County's discriminatory refusal to make its buildings accessible, which in turn impairs or interferes with her ability to be as efficient as her peers and competitors in the private licensed practice of law, thereby interfering with her ability to earn a living or make a profit. *Id*. at ¶¶ 52-57, 65-66, 68. In addition to the issues Plaintiff Jacobson has had as pled as to the Washtenaw and Livingston courts, she has had multiple cases, hearings, and meetings with and on behalf of her clients before these and other commissions, courts, boards, and offices of each of the

9

various Defendants, including but not limited to the CAYMC and many of the Defendants' buildings and structures described in the Complaint but which she cannot specifically disclose due to client confidentiality. *Id.* at ¶ 52, 56.

## II. PROCEDURAL BACKGROUND

On December 6, 2022, Plaintiffs filed this action (ECF No. 1). In response, Defendant filed an Answer to the Complaint with Affirmative Defenses on March 10, 2023 (ECF No. 22). Plaintiffs filed an Amended Complaint on April 28, 2023 (ECF No. 41). Defendant filed a Motion to Dismiss First Amended Complaint and a Motion Requesting Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint on June 2, 2023 (ECF Nos. 64 and 65). This Court filed an Order Striking Documents (Dkts. 61, 62, 63, 65, 66) on June 6, 2023 (ECF No. 69). Defendants filed an amended Motion Requesting Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint on June 8, 2023 (ECF No. 76). Plaintiffs filed a Second Amended Complaint on June 23, 2023 (ECF No. 79). Defendant filed a Motion to Dismiss Second Amended Complaint on July 14, 2023 (ECF No. 88). Plaintiffs file this brief in response to that Motion.

## III. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has held that a complaint is only properly

dismissed under Rule 12(b)(6) when it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard is more than a sheer possibility, but it is not a probability requirement. *See Twombly*, 550 U.S. at 556. A complaint states a plausible claim for relief, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Vest v. Resolute FP US Inc.*, 905 F.3d 985, 987 (6th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reading the alleged facts, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Therefore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that the actual proof of the facts alleged is improbable and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal citations omitted).

## IV. LAW AND ARGUMENT

### A. Count IV claims

*See* Opposition to the City of Detroit's Motion to Dismiss, Sec. IV(C), incorporated herein by reference.

### B. Plaintiffs have standing to bring their claims against the County of Wayne

The County of Wayne argues that Plaintiffs lack standing under Title II of the ADA and the Rehabilitation Act because "Plaintiffs have not demonstrated that a concrete injury exists to bring a claim under Title II of the ADA or Rehabilitation Act as it relates to Wayne County Defendant." Brief in Support of Def. Co. of Wayne's Mot. to Dismiss, ECF No. 88 at 9. The County also argues that Plaintiffs do not plead a sufficient claim because they believe to "provide meaningful access to its buildings as required by law," *id*. at 3, relying upon language within 28 C.F.R. § 35.150(a)(1) stating that public entities are not required "to make each of its existing facilities accessible to and usable by individuals with disabilities." However, neither of these arguments negate Plaintiffs' viable claim under the ADA or the Rehabilitation Act. Rather, the County presents holdings issued outside this circuit that present as defenses to Plaintiffs who had standing to bring an ADA claim. *See Am. Council of the Blind of New York, Inc. v. City of New York*, 579 F. Supp. 3d 539 (S.D.N.Y. 2021) (issuing an order granting summary judgment for the City after already determining the Council had a viable ADA claim); *Nat'l Fed'n of the Blind*

12

*v. Lamone*, 813 F.3d 494 (4th Cir. 2016) (affirming an appeal of a sufficiently plead and argued claim).

Tellingly, the only sentence that the County cites from this Circuit in support of their position is from yet another case denying a similarly positioned defendant's motion to dismiss for a failure to state a claim under the ADA. The County quotes *Michigan Paralyzed Veterans of Am., Inc. v. Michigan Dep't of Transp.*, No. 15-CV-13046, 2017 WL 5132912, at *5 (E.D. Mich. Nov. 6, 2017) to support its position that the relief requested by Plaintiffs would require the Defendants "to engage in remedial methods above and beyond those methods which would be effective in achieving compliance, is not appropriate and should be denied," as the "regulation requires only that, 'when viewed in its entirety,' the *program* at issue be accessible.") (emphasis in original). However, *Michigan Paralyzed Victims* has recognized the Sixth Circuit's tradition of interpreting the ADA's phrase "services, programs, or activities" as broad enough to encompass "virtually everything that a public entity does." *Id.* at *28, quoting *Johnson v. City of Saline*, 151 F.3d 564, 569 (6th Cir. 1998). This Court explicitly held that, to state a claim under the ADA, a "disabled individual need not engage in futile gestures before seeking an injunction; the individual must show only that an inaccessible sidewalk actually affects his activities in some concrete way." *Id.* at *30 (quoting *Frame v. City of Arlington*, 657 F.3d 215, 235 (5th Cir. 2011)). In fact, this Court declined entertaining defenses like

13

those raised by the County. "Again, at this pleading stage the Court must credit the Plaintiffs' factual allegations which assert otherwise - these are matters to be addressed on a more developed evidentiary record." *Id.*

*See also* Opposition to the State's Motion to Dismiss, Sec. IV(B), incorporated herein by reference.

### C. Plaintiffs have properly plead a claim under the ADA against the County of Wayne

*See* Opposition to DWJBA's Motion to Dismiss, Sec. IV(C), incorporated by reference.

### D. Plaintiffs have properly plead a claim under the Rehabilitation Act against the County of Wayne

*See* Opposition to the City of Detroit's Motion to Dismiss, Sec. IV(B)(3), incorporated herein by reference.

### E. Plaintiffs state plausible PDCRA claims upon which relief may be granted against the County of Wayne

*See* Opposition to the City of Detroit's Motion to Dismiss, Sec. IV(B)(2), incorporated herein by reference.

### F. ELCRA claim

*See* Opposition to the City of Detroit's Motion to Dismiss, Sec. IV(D), incorporated herein by reference.

### G. Plaintiffs Babcock and Maddox's claims were timely filed

*See* Opposition to DWJBA's Motion to Dismiss, Sec. IV(D), incorporated herein by reference.

### H. Punitive damages

Based on a thorough review of Defendants' arguments and cited law, Plaintiffs concede that there is no statutory basis for them to pursue punitive damages against Defendants and withdraw that claim.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant County of Wayne's Motion to Dismiss Plaintiffs' Second Amended Complaint.

Respectfully Submitted,

Dated: September 8, 2023

*/s/ Michael W. Bartnik*
MICHAEL W. BARTNIK (P32534)
Law For Baby Boomers, PLLC
41000 Woodward Ave., Ste. 350
Bloomfield Hills, Michigan 48304
(248) 608-3660 Telephone
michaelbartnik@protonmail.com

Elizabeth K. Abdnour (P78203)
Abdnour Weiker, LLP
500 E. Michigan Ave., Ste. 130
Lansing, Michigan 48912
(517) 994-1776 Telephone
liz@education-rights.com

Renee A. Stromski (Ohio 0101347)
Abdnour Weiker, LLP
262 South Third St.
Columbus, Ohio 43215
(216) 714-1515 Telephone
renee@education-rights.com

15

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Elizabeth K. Abdnour, counsel for Plaintiffs, certify that on September 8, 2023, I filed this document by use of this Court's ECF system, which will serve copies to all counsel of record.

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour