UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

    Plaintiffs,                      Case No. 22-cv-12951-JJCG

v                                      Hon. Jonathan J.C. Grey

STATE OF MICHIGAN, et al.

    Defendants.

_____/

**DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S
REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS SECOND AMENDED COMPLAINT</u>**

# INTRODUCTION

In their response brief, Plaintiffs agree that Counts II (against Defendant Detroit-Wayne Joint Building Authority ("DWJBA")), IV, and V of their Second Amended Complaint ("SAC") should be dismissed, as should their request for punitive damages:

| Count II | ECF No. 95, PageID.1651 |
| Count IV | ECF No. 95, PageID.1651; ECF No. 93, PageID.1622-23 |
| Count V | ECF No. 95, PageID.1667; ECF No. 93, PageID.1623 |
| Punitive Damages | ECF No. 95, PageID.1667; ECF No. 94, PageID.1639 |

As to DWJBA, all that remains for the Court to decide is whether Counts I (ADA) and III (PWDCRA) survive DWJBA's motion to dismiss. Because they don't, the Court should grant DWJBA's motion and dismiss DWJBA from this case.

# ARGUMENT

## I. Plaintiffs' ADA claim fails due to a lack of standing.

Plaintiffs lack standing with respect to their ADA claim.[1] For each claim and remedy, Plaintiffs must allege and ultimately prove each of the following: (1) injury in fact, (2) traceability, and (3) redressability. *Davis v. Colerain Twp.*, 51 F.4th 164,

---

[1] The same is true for Plaintiffs' PWDCRA claim, as PWDCRA "substantially mirrors the ADA, [so] resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim." *Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012). Alternatively, the Court may decline to exercise supplemental jurisdiction once it has disposed of Plaintiffs' federal-law claims. 28 U.S.C. § 1367(c)(3).

171 (6th Cir. 2022). "[S]tanding goes to a court's subject-matter jurisdiction." *Fox v. Saginaw County*, 67 F.4th 284, 292 (6th Cir. 2023).

### 1. Injury in fact

DWJBA established in its opening brief that Plaintiffs lack standing to complain about alleged architectural defects that affect visually-impaired persons because none of them is visually impaired (at least not to the extent that such defects affect them). *Cohan v. California Pizza Kitchen, Inc.*, No. 18-cv-12080, 2019 WL 4189482 at *3 (E.D. Mich. Sept. 4, 2019) (Roberts, J.).[2] Plaintiffs failed to address this issue, so their claims related to the lack of Braille signage and obstructions (including drinking fountains) should be dismissed.

Further, because Plaintiffs have asserted only ADA Title II claims, they lack standing with respect to areas accessible only by employees at CAYMC. These include alleged defects such as employee parking, the entrance from the skywalk, toilet rooms in the Office Tower (other than in the lower level), door handles to access spaces not open to the general public, and doors and doorways in the employee-only portions of the building. These alleged defects raise issues only under *Title I* of the ADA, if at all, so all such claims should be dismissed as well.

---

[2] While Plaintiff Maddox has "some vision decline" (SAC ¶ 39), the fact that she uses closed captioning shows that her visual impairment is quite limited. *See* SAC ¶ 41.

2

### 2. Traceability

The SAC asserts that all defendants are liable for all buildings. This is nonsensical. DWJBA has no connection to any building, sidewalk, or street described in the SAC, other than CAYMC. Plaintiffs' response does not defend their position. Thus, to the extent Plaintiffs' claims against DWJBA involve any building other than CAYMC, those claims should be dismissed.

Further, within CAYMC, DWJBA controls only the common areas, yet Plaintiffs wish to hold DWJBA liable for architectural defects in areas in the exclusive control of the City or the County. Recently, the Sixth Circuit addressed traceability in a case that refutes Plaintiffs' position. In *Changizi v. Dept. of Health and Human Servs.*, --- F.4th ---, 2023 WL 5965931 (6th Cir. Sept. 14, 2023), the Court held that "[t]raceability looks to whether a defendant's actions have a causal connection to a plaintiff's injuries." 2023 WL 5965931 at 3. Making this causal connection is difficult when a third party (e.g., the City and the County) is involved because "'an injury that results from [a] third party's voluntary and independent actions' does not establish traceability." *Id.* (quoting *Turaani v. Wray*, 988 F.3d 313, 317 (6th Cir. 2021)). "Thus, a plaintiff must show that the defendant's actions had a 'determinative or coercive effect' on the third party such that the actions of the third party can be said to have been caused by the defendant." *Id.* (quoting *Bennett v. Spear*, 520 U.S. 154, 169 (1997)). The SAC has no allegations from which it can be

3

inferred that DWJBA has "cajole[d], coerce[d], [or] command[ed]" either the City or the County in any way. Thus, to the extent Plaintiffs' claims against DWJBA involve portions of CAYMC under the control of the City or the County, those claims should be dismissed.

### 3. Redressability

"To satisfy the redressability element of standing, the plaintiff must show that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *R.K. by and through J.K. v. Lee*, 53 F.4th 995, 1001 (6th Cir. 2022) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). This includes each remedy Plaintiffs seek. *Davis*, 51 F.4th at 171. Plaintiffs did not address redressability in their response.

Plaintiffs don't have standing to assert a valid backward-looking remedy (damages). The remedies available for a violation of ADA Title II are those available in claims involving statutes based on the Constitution's Spending Clause. *See Barnes v. Gorman*, 536 U.S. 181, 185 (2002); *Cummings v. Premier Rehab Keller, PLLC*, 142 S. Ct. 1562, 1568 (2022). Thus, only damages generally recoverable in a breach-of-contract claim are available under ADA Title II. *Cummings*, 142 S. Ct. at 1571. Therefore, Plaintiffs can't recover emotional distress damages; each can only recover damages if she shows that the architectural barriers caused her to suffer pecuniary loss. Yet, none alleges any pecuniary loss at CAYMC.

4

Similarly, Plaintiffs lack standing for a forward-looking remedy (injunctive or declaratory relief). To get a forward-looking remedy, Plaintiffs must allege, and ultimately prove, concrete plans to return to the CAYMC. *See Mosley v. Kohl's Dept. Stores*, 942 F.3d 752, 759 (6th Cir. 2019). Yet the SAC fails to allege facts sufficient to infer "(1) a plausible intent to return to the [CAYMC] or (2) that [she] would return, but is deterred from visiting the [CAYMC] because of the alleged accessibility barriers." *Id.* at 757 (quoting *Gaylor*, 582 Fed. Appx. at 580).

Thus, Plaintiffs have failed to plead facts sufficient to satisfy the redressability requirement for standing—not for a backward-looking remedy and not for a forward-looking remedy either. Their claims should be dismissed.

## II. Plaintiffs Babcock's and Maddox's ADA and PWDCRA claims are barred by the statute of limitations.

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). The applicable statute of limitations for the ADA claim is three years. *See Lewis v. Fayette Cnty. Det. Ctr.*, 2000 WL 556132 at *2 (6th Cir. Apr. 28, 2000); M.C.L. § 600.5805(2). While the statute of limitations for Plaintiffs' ADA claim is determined by state law, federal law governs the accrual of that claim. *Mote v. City of Chelsea*, 284 F. Supp. 3d 863, 886 (E.D. Mich. 2018); *see also Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015). Under *Mote*, 284 F. Supp. 3d at 866, and *Frame v. City of Arlington*, 657 F.3d 215,

5

238-40 (5th Cir. 2011) (*en banc*), each Plaintiff's claim accrued when she knew or should have known she was being denied services, programs, or activities on account of architectural barriers. In Plaintiffs' response, they ignore *Frame*, dealing only with a state-court case that has no bearing on the accrual of their ADA claims.

Under *Mote* and *Frame*, because Plaintiffs Maddox and Babcock knew about the alleged architectural defects about which they complain more than three years before filing the original complaint in this case, their ADA claims are barred. *See* SAC ¶¶ 26,[3] 31, 44-45. Thus, Plaintiffs Maddox's and Babcock's ADA claims related to CAYMC are barred by the statute of limitations.

The applicable statute of limitations for the PWDCRA claim is also three years. M.C.L. § 600.5805(2). The rationale behind *Frame*'s accrual rule applies equally to Plaintiffs' PWDCRA claims. Any violation of PWDCRA has existed since the supposed architectural defect was constructed (or when PWDCRA first supposedly made the architectural component illegal). Thus, Plaintiffs' PWDCRA claims accrue when they first knew (or should have known) about the alleged architectural defects. Plaintiffs' reliance on the "continuing violations" doctrine is precluded because the Michigan Supreme Court holds that it is not viable under Michigan law. *Garg v. Macomb County Cmty. Mental Health Servs.*, 696 N.W.2d 646, 658-59 (Mich. 2005). Further, their reliance on *Township of Fraser v. Haney*,

---

[3] Plaintiff Babcock doesn't dispute that she has worked at CAYMC since 2017.

983 N.W.2d 309 (Mich. 2022), is misplaced because that case applies only to nuisance and continuing-trespass claims. *Id.* at 312 & n.13.

## CONCLUSION

For each of the foregoing reasons, Plaintiffs' remaining ADA and PWDCRA claims against DWJBA should be dismissed.

                                Respectfully submitted,

                                CLARK HILL PLC

                                ___*/s/ Gregory N. Longworth*_____
                                Paul S. Magy (P34423)
                                Gregory N. Longworth (P49249)
                                Attorneys for Defendant DWJBA
                                151 S. Old Woodward Ave., Suite 200
                                Birmingham, MI 48009
                                (248) 988-5844
                                pmagy@clarkhill.com
                                glongworth@clarkhill.com

Dated: September 29, 2023

## LOCAL RULE CERTIFICATION

I, Gregory N. Longworth, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                              _____*/s/ Gregory N. Longworth*_____

CERTIFICATE OF SERVICE

Gregory N. Longworth, being first duly sworn, deposes and states that on this 29th day of September, 2023, he caused to be served a copy of the foregoing pleading upon all counsel of record via the court's electronic filing system.

_____/s/ Gregory N. Longworth_____