UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK, MARGUERITE MADDOX and ASHLEY JACOBSON, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v

STATE OF MICHIGAN, COUNTY OF WAYNE, CITY OF DETROIT, WAYNE COUNTY BUILDING AUTHORITY, DETROIT BUILDING AUTHORITY AND DETROIT-WAYNE JOINT BUILDING AUTHORITY,

    Defendants.

No. 2:22-cv-12951

HON. JONATHAN J.C. GREY

**DEFENDANT STATE OF MICHIGAN'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

---

Michael W. Bartnik (P32534)
Attorney for Plaintiffs
41000 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
248.608.3660
michaelbartnik@protonmail.com

Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
Attorney for Defendant State of Michigan
P.O. Box 30736
Lansing, MI 48909
517.335.7659
drysdalecrownc@michigan.gov

Elizabeth Kamm Abdnour (P78203)
Attorney for Plaintiffs
500 E. Michigan Ave., Suite 130
Lansing, MI 48912
517.292.0067
elizabeth@abdnour.com

Kimberly Pendrick (P60348)
Assistant Attorney General
Attorney for Defendant State of Michigan
3030 West Grand Blvd, 10th Floor
Detroit, MI 48202
313.456.0200
pendrickk@michigan.gov

i

Monica N. Hunt (P68838)
Counsel for Detroit Building Authority
3011 West Grand Boulevard
2500 Fisher Building
Detroit, MI 48202
313.871.5500
mhunt@alglawpc.com

Jesse Halfon (P66936)
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
313.237.5244
jesse.halfon@detroitmi.gov

Charles N. Raimi (P29746)
Attorney for Defendant City of Detroit
Legal Affairs
4707 St. Antoine, Suite W514
Detroit, MI 48201
313.966.2226
raimic@detroitmi.gov

Gregory N. Longworth (P49249)
Attorney for Detroit-Wayne Joint
Building Authority
200 Ottawa Ave., Suite 500
Grand Rapids, MI 49503
616.608.1100
glongworth@clarkhill.com

Paul Magy (P34423)
Attorney for Detroit-Wayne Joint
Building Authority
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48075
248.988.5844
pmagy@clarkhill.com

James M. Jernigan (P57035)
Attorney for Wayne County and the
Wayne County Building Authority
1105 Washington Street
Dearborn, MI 48124
313-561-5000
313-561-5002 (fax)
jjernigan@waynecounty.com

Angela L. Baldwin (P81565)
Attorney for Wayne County and the
Wayne County Building Authority
1001 Woodward, Suite 850
Detroit, MI 48226
248.841.2200
alb@millerlawpc.com

Sharon S. Almonrode (P33938)
Melvin B. Hollowell (P37834)
E. Powell Miller (P39487)
Attorneys for Wayne County Building
Authority
950 West University Drive, Suite 300
Rochester, MI 48307
248.841.2200
ssa@millerlawpc.com

# DEFENDANT STATE OF MICHIGAN'S
# REPLY IN SUPPORT OF ITS MOTION TO DISMISS

ii

                                Cassandra Drysdale-Crown (P64108)
                                Assistant Attorney General
                                Attorney for Defendant State of Michigan
                                P.O. Box 30736
                                Lansing, MI 48909
                                517.335.7659
                                drysdalecrownc@michigan.gov

                                Kimberly K. Pendrick (P60348)
                                Assistant Attorney General
                                Attorney for Defendant State of Michigan
                                3030 W. Grand Blvd., Suite 10-666
                                Detroit, Michigan 48202
                                517.930.8842
                                pendrickk@michigan.gov

Dated:    September 29, 2023

## TABLE OF CONTENTS

                                                                                            Page

Table of Contents ........................................................................................ i

Index of Authorities .................................................................................... ii

Argument .................................................................................................... 1

    I.     State of Michigan is not liable for local court facilities across the state. ........ 1

    II.    To be a valid abrogation of immunity under the ADA, the conduct must be claimed to violate the Fourteenth Amendment. ................................ 2

    III.   Plaintiffs have failed to identify federal funding that was utilized for the service or program to which they were denied access. ........................... 4

    IV.   Plaintiffs lack standing to bring their federal claims. ...................................... 5

    V.    The Persons With Disabilities Civil Rights Act. ............................................. 6

Conclusion and Relief Requested ............................................................... 6

Local Rule Certification .............................................................................. 7

Certificate of Service .................................................................................. 7

# INDEX OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 5

*Babcock v. Michigan*, 812 F.3d 531 (6th Cir. 2016) ............................................... 3

*Babcock v. State of Mich., et al.* (Babcock I), 812 F.3d 531 (6th Cir. 2016) ........... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 5, 6

*Buback v Governor*, 156 N.W.2d 549 (Mich. 1968) ............................................... 1

*In re Adoption of Admin. Order Requiring Trial Courts to Comply with Certain ADA-Related Practices*, 2015 Mich. LEXIS 1998 .................................. 2

*In re Hathaway*, 630 N.W.2d 850 (Mich. 2001) .................................................... 1

*In re Huff*, 91 N.W.2d 613 (Mich. 1958) ................................................................ 1

*Lane v Kindercare Learning Ctrs, Inc.*, 231 Mich. App. 689 (1998) ....................... 4

*Shotz v. Cates,* 256 F.3d 1077 (11th Cir., 2001) .................................................... 5

*Skaff v. Meridien N. Am. Beverly Hills, L.L.C.,* 506 F.3d 832 (9th Cir., 2007) ........ 5

*United States v. Georgia*, 546 U.S. 151 (2006) ..................................................... 3

**Other Authorities**

42 U.S.C. § 1983 ..................................................................................................... 3

**Rules**

Fed. R. Civ. P. 12(b)(1) ........................................................................................... 6

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 6

MCR 2.118(A)(2) ..................................................................................................... 3

**Constitutional Provisions**

Const. 1963, art. 6, §4 ............................................................................................. 1

# ARGUMENT

**I.    State of Michigan is not liable for local court facilities across the state.**

Plaintiffs are conflating the difference between court operational oversight versus facility management. All of the authority relied upon by the Plaintiffs involve the Supreme Court's oversight of court operations—not responsibility for facility management. For example, the Michigan constitutional provision upon which Plaintiffs rely provides the Supreme Court with superintending control over lower courts. Const. 1963, art. 6, §4. This provision has been analyzed by the courts in the context of court operations, such as removal of judges (i.e., *Buback v Governor*, 156 N.W.2d 549, 558-59 (Mich. 1968)), judicial discipline (i.e., *In re Hathaway*, 630 N.W.2d 850, 857, n 8 (Mich. 2001)), and "to insure the harmonious working of our judicial system" (*In re Huff*, 91 N.W.2d 613, 620 (Mich. 1958) (internal citations omitted)). However, it has not been interpreted to impose liability on the State of Michigan regarding lower court facility issues.

While Plaintiffs argue that the State of Michigan should, at the least, approve and publish rules, their second amended complaint contains no such cause of action. Further, they have cited no authority that the State of Michigan is required to approve and publish rules that would provide grounds for a claim by Plaintiffs to require the State to do so. Finally, it has already done so. On September 16, 2015, the Michigan Supreme Court issued an administrative order

that each trial court shall adopt local administrative orders for disability accommodation procedures, for the appointment of an ADA coordinator, and for the chief judge and ADA coordinator to attend ADA training. *In re Adoption of Admin. Order Requiring Trial Courts to Comply with Certain ADA-Related Practices*, 2015 Mich. LEXIS 1998, *1. (Ex. A.) The State Court Administrative Office Trial Court Services has also issued "A Handbook for Michigan Courts on Accessibility and Accommodations for Individuals with Disabilities."[1] The Michigan Supreme Court also provides answers to frequently asked questions for local courts relative to ADA compliance.[2] While the Supreme Court can and has issued orders and guidance to the local courts, this does not place liability for local court facilities on the State of Michigan when the guidance is not followed. Especially where the State does not control, fund or oversee those physical facilities.

## II. To be a valid abrogation of immunity under the ADA, the conduct must be claimed to violate the Fourteenth Amendment.

The abrogation of the state's sovereign immunity relative to the ADA is not a valid exercise of power unless the Plaintiffs identify ADA-violating conduct that violates the Fourteenth Amendment. *Babcock v. Michigan*, 812 F.3d 531, 535 (6th

---

[1] The handbook is publicly available at ada-handbook.pdf (michigan.gov).

[2] This guidance is publicly available at American with Disabilities Act – Frequently Asked Questions (michigan.gov).

Cir. 2016). As noted by the Supreme Court in *United States v. Georgia*, 546 U.S. 151, 159 (2006), "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." The test set forth in *Georgia* is how a court determines whether the abrogation of immunity is valid – and that is only in circumstances where there is an allegation the State's conduct allegedly violated Title II and where that conduct *also* violates the Fourteenth Amendment. *Georgia,* 546 U.S. at 159. Here, Plaintiffs assert that they have "not made any constitutional claims under 42 U.S.C. § 1983 against any of the Defendants in this matter" and "there is no right to 'access' guaranteed by the Fourteenth Amendment to the Constitution." (Response, PageID.1593-1594.) Further, this ignores that they have not sufficiently pleaded any ADA violations against the State of Michigan.

As to Plaintiffs' request to amend if needed, it seems disingenuous for the Plaintiffs to assert that there is no Fourteenth Amendment violation, but in the next breadth argue that they will amend their complaint (for the third time) to include such an allegation. A party may amend a pleading by leave of the court and such "[l]eave shall be freely given when justice so requires." MCR 2.118(A)(2). However, motions to amend should be denied when there is (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to

3

cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment. *Lane v Kindercare Learning Ctrs, Inc.*, 231 Mich. App. 689, 697 (1998). Plaintiffs have filed two amended complaints. Both of the prior amendments were made after the State filed a Motion to Dismiss raising the very immunity issue for which Plaintiffs are seeking an amendment. They have failed to cure the deficiency that the State has previous raised. Further, allowing additional amendments causes undue prejudice to the State of Michigan, which has now filed three Motions to Dismiss based on the initial complaint and two amendments. This area of the law was well established prior the filing of Plaintiffs' original complaint. Indeed, Plaintiff Babcock previously brought a Title II case in which the courts explained many of these same issues in dismissing her suit and affirming the dismissal on appeal. *Babcock v. State of Mich., et al.* (Babcock I), 812 F.3d 531 (6th Cir. 2016).

**III.** **Plaintiffs have failed to identify federal funding that was utilized for the service or program to which they were denied access.**

Plaintiffs' response indicates that the State of Michigan is responsible for the various courts. While this is disputed in Argument I, Plaintiffs still fail to identify how any Plaintiff was denied a service by the State for which it received federal funding. Instead, they claim they cannot identify how federal funding was distributed unless they reach the discovery phase of litigation.

However, Plaintiffs cannot simply recite the elements of a cause of action supported by conclusory statements and maintain a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In *Ashcroft,* the Supreme Court noted that Rule 8's pleading requirements do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

## IV. Plaintiffs lack standing to bring their federal claims.

Plaintiffs claim the State is cherry-picking allegations by arguing only one or another has encountered a particular type of harm. However, the State is arguing that *no plaintiff* has alleged a denial of services at a building or facility owned or controlled by the State of Michigan. None of the three complaints nor the response to State Defendants' Motion to Dismiss set forth any information regarding a denial of service at a state building. Plaintiffs' reliance on *Shotz v. Cates,* 256 F.3d 1077 (11th Cir., 2001), is not authoritative and is misplaced. In *Shotz,* the plaintiffs were found to have standing where they got in the building but it was not readily accessible. However, Plaintiffs have not specifically alleged they even attempted to enter a building for which the State of Michigan is responsible to avail themselves of a service. Further, the *Skaff v. Meridien N. Am. Beverly Hills, L.L.C.,* 506 F.3d 832 (9th Cir., 2007) case does not involve Title II of the ADA.

5

## V.        The Persons With Disabilities Civil Rights Act.

Contrary to Plaintiffs' assertion, the State of Michigan is not minimizing Plaintiffs' disabilities and, in fact, conceded them for purposes of the pending Motion to Dismiss.  The issue is that Plaintiffs' complaint sets forth the requirements of the statute without providing any allegations as to how they were denied the full and equal enjoyment of a public service, which is insufficient to assert a claim.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above and in the State of Michigan's principal brief, (ECF No. 82), Defendant State of Michigan respectfully asks this Court to dismiss all claims against it under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Respectfully submitted,

*s/ Kimberly K. Pendrick*
Kimberly K. Pendrick
Assistant Attorney General
Attorney for Defendant State of Michigan
3030 W. Grand Blvd., Suite 10-600
Detroit, MI 48202
313.456-0200
pendrickk@michigan.gov
P60348

Dated:  September 29, 2023

## LOCAL RULE CERTIFICATION

I, Kimberly K. Pendrick, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). The brief also does not exceed seven pages as provided by local rule 7.1(d)(3)(B).

*s/Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)
Assistant Attorney General
