# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JILL BABCOCK, JAIME JUNIOR and ASHLEY JACOBSON, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF MICHIGAN, COUNTY OF WAYNE, CITY OF DETROIT, DETROIT-WAYNE JOINT BUILDING AUTHORITY and HINES, out of state corporation authorized to do business in Michigan,<br><br>    Defendants. | Case No. 2:22-cv-12951<br><br>HON. JONATHAN J.C. GREY<br><br><br>**DEFENDANT CITY OF DETROIT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| City of Detroit Law Department<br>Charles N. Raimi (P29746)<br>Jesse Halfon (P66936)<br>2 Woodward Avenue, Ste. 500<br>Detroit, MI 48226<br>raimic@detroitmi.gov<br>jesse.halfon@detroitmi.gov<br>(313) 237-5244<br>*Attorneys for Defendant City of Detroit* | Miller, Canfield, Paddock and Stone, P.L.C.<br>Richard W. Warren (P63123)<br>Kimberly M. Coschino (P83086)<br>150 West Jefferson Ave., Suite 2500<br>Detroit, Michigan 48226<br>(313) 963-6420<br>warren@millercanfield.com<br>coschino@millercanfield.com<br>*Attorneys for Defendant City of Detroit* |

**DEFENDANT CITY OF DETROIT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
<u>PURSUANT TO FED. R. CIV. P. 12(B)(1) & 12(B)(6)</u>**

Plaintiffs' Response still fails to allege that Plaintiffs suffered any specific injury and thus fails to establish standing. Additionally, Plaintiffs conflate actions taken by separate defendants and rely on unsupported conclusory allegations. Under the four statutes on which Plaintiffs base their claims, they must demonstrate that the City of Detroit ("City"), if it is subject to those statutes, prohibited Plaintiffs from participating or receiving some benefit because of their disability. Outside of declaring that Plaintiffs are disabled and broadly alleging that various buildings are noncompliant with state and federal law, Plaintiffs fail to provide the "when, where, in what or by whom" required to state a claim under Rule 12(b)(6), requiring dismissal of their claims. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011).

### I. Plaintiffs Fail to State Claims Against the City Under the ADA, the Rehabilitation Act, or the PWDCRA

Plaintiffs' allegations do not provide the City with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007). The statutes at issue —the ADA, the Rehabilitation Act and the PWDCRA— prohibit denying or preventing Plaintiffs from participating in or receiving benefits or services because of their disability. But the City has never denied such opportunities to Plaintiffs. And while Plaintiffs broadly allege design flaws to facilities, sidewalks, etc., they fail to allege sufficient facts to demonstrate

1

these issues are a result of the City's conduct or that the purported defects prevented Plaintiffs from enjoying the City's services, programs, and activities.

Plaintiffs' response brief continues to rely on vague allegations devoid of the specificity required to survive a motion to dismiss. For example, Plaintiffs allege that the City failed to "require new or remodeled restaurants, Liquor Control Commission regulated establishments, or markets to put in an elevator to separate second floor areas, thus denying access to mobility impaired persons, including Plaintiff Babcock." (ECF No. 93, PageID.1613). However, Plaintiffs neither identify any specific restaurants, establishments, or markets at issue nor do they identify any services, programs, and activities they were prohibited from participating in.

Moreover, Plaintiffs' claims rely upon a misconception of the law. Title III of the ADA, which requires the removal of "architectural barriers ... in existing facilities ... where such removal is readily achievable" does not apply to public entities. 42 U.S.C. § 12182(b)(2)(A)(iv). And ADA Title II does not require public entities to remodel old buildings. Rather, it provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in…the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Further, the ADA accessibility guidelines for buildings and facilities only apply to new construction. *Ability Center of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 907 (6th Cir.

2004). "In the case of facilities built…after 1992, the regulations require compliance with specific architectural accessibility standards." 28 C.F.R. § 35.151 (2003). In other words, public entities need not remove all physical barriers in all existing buildings as long as they make their programs accessible to individuals who are unable to use an inaccessible existing facility. Here, Plaintiffs fail to identify a single instance where the City has failed to make its programs accessible to individuals who are unable to use an inaccessible existing facility.

## II.  Plaintiffs Lack Standing to Bring Their Claims

Standing cannot be waived.  As the Sixth Circuit has explained, the power to declare the rights of individuals "is legitimate only in the last resort, and as a necessity in the determination of real, earnest, and vital controversy." *Johnson v. Turner*, 125 F.3d 324, 337 (6th Cir. 1997). Thus, a plaintiff must show: (1) he suffered actual injury; (2) the injury is traceable to the challenged action of the defendant; and (3) the injury may be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiffs have failed to satisfy these requirements. Plaintiffs have not identified an actual injury. They do not allege that they themselves were prohibited from participating in any City program, service, or activity and so fail to demonstrate that they suffered a concrete or particularized injury necessary to establish standing. Because the City has never denied Plaintiffs from participating in any City program,

3

service, or activity, they, therefore, do not have an injury to be redressed. Further, assuming that Plaintiffs suffered an injury in fact, they cannot demonstrate the third element necessary to establish standing – a favorable decision from the Court will redress their injury by providing "substantial and meaningful relief". *Larson v. Valente*, 456 U.S. 228, 243; 102 S. Ct. 1673, 1682 (1982). Here, Plaintiffs never allege that they were denied the opportunity to participate in or benefit from City services, programs, or activities. Further, they also fail to allege what the City did that caused any injury in fact. Therefore, a favorable decision cannot redress Plaintiffs' alleged injury because they do not identify what they want redressed.

Wherefore, the City respectfully requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint against the City in its entirety and with prejudice based on either (a) lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) or (b) failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

    Respectfully submitted,

    **MILLER, CANFIELD, PADDOCK, AND STONE, P.L.C.,**

    By:   /s/ Richard W. Warren
    Richard W. Warren (P63123)
    Kimberly M. Coschino (P83086)
    *Attorneys for Defendant City of Detroit*
    150 West Jefferson, Suite 2500

                                              Detroit, Michigan 48226
                                              Telephone: (313) 963-6420
                                              Fax: (313) 496-7500
                                              warren@millercanfield.com
                                              coschino@millercanfield.com

                                              <u>By: s/*Charles N. Raimi*</u>
                                              City of Detroit Law Department
                                              Charles N. Raimi (P29746)
                                              Jesse Halfon (P66936)
                                              2 Woodward Avenue, Ste. 500
                                              Detroit, MI 48226
                                              raimic@detroitmi.gov
                                              jesse.halfon@detroitmi.gov
                                              (313) 237-5244
Dated: September 29, 2023          *Attorneys for Defendant City of Detroit*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Septemeber 29, 2023, the aforementioned documents were filed using the court's ECF filing system, which will send notification of such filing to all counsel of record.

By:   /s/ Richard W. Warren
Richard W. Warren (P63123)