# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JILL BABCOCK,
MARGUERITE MADDOX, and
ASHLEY JACOBSON, on behalf of
themselves and others similarly situation,

PLAINTIFFS,

v.

STATE OF MICHIGAN, COUNTY OF
WAYNE, CITY OF DETROIT, WAYNE
COUNTY BUILDING AUTHORITY,
DETROIT BUILDING AUTHORITY, and
DETROIT-WAYNE JOINT BUILDING
AUTHORITY,

DEFENDANTS, jointly and severally.

Case No. 22-cv-12951
Hon. Jonathan J.C. Grey

_____

**REPLY IN SUPPORT OF DEFEDANT COUNTY OF WAYNE'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

ARGUMENT ........................................................................................................1

    I.  Plaintiffs' conclusory and generalized allegations do not meet the Twombly and Iqbal pleading requirements ................................................................1

    II.  Plaintiffs lack Article III standing. ..............................................................4

    III.  Most, if not all, of the alleged CAYMC violations complained of by Plaintiffs are covered by the ADA safe harbor provision. ...........................5

CONCLUSION .....................................................................................................6

## Introduction

Given the arguments advanced in Defendants' respective motions to dismiss, Plaintiffs recognized that many of their claims were fundamentally flawed. Plaintiffs have already voluntarily withdrawn nearly half of their counts and their entire claim for punitive damages. *See* Plaintiff's Response to Wayne County's motion, Section IV-A (withdrawing all Count IV claims because "there is no statutory basis for them"), Section IV-F (withdrawing the Elliott-Larsen claim "based on a thorough review of Defendants' arguments and cited law"), and Section IV-H (withdrawing claim for punitive damages because "there is no statutory basis for them").

While Wayne County appreciates Plaintiffs voluntarily withdrawing a substantial portion of their Second Amended Complaint, Plaintiffs do not go far enough. The remaining claims - based on Title II of the ADA, Section 504 of the Rehabilitation Act, and the PDCRA - are just as flawed as the claims Plaintiffs withdrew.

## Argument

**I. Plaintiffs' conclusory and generalized allegations do not meet the *Twombly* and *Iqbal* pleading requirements.**

Considering that Plaintiffs have had three opportunities now to plead specific facts demonstrating that each Plaintiff has suffered an injury traceable to Wayne County, and they still are unable to do so, it is easy to conclude that no such injuries

1

exist. Rather than addressing the issue head on, Plaintiffs merely incorporate by reference a section (IV-C) from their response brief to the State of Michigan's motion to dismiss.

With respect to Plaintiff Jacobson, Plaintiffs argue that she has alleged specific allegations against Wayne County, pointing to paragraph 94 of the SAC, which discusses inadequate restrooms which result in attorney Jacobson allegedly refraining from accepting potential legal cases. But paragraph 94 makes no mention of any buildings owned by Wayne County. Rather, it refers to the generalized "Defendants' failures" and "these buildings." And the balance of the SAC does nothing to repair this deficiency. The factual allegations that are meant to support Jacobson's claim are found at paragraphs 50 to 63 (SAC pages 28 to 35). The closest Jacobson gets to alleging an injury traceable to Wayne County is in paragraph 56, where she alleges, without specifying any dates whatsoever, that she has had cases relating to "commissions, courts, boards and offices of each of the various Defendants, including but not limited to the CAYMC and many of the Defendants' buildings" where she has had to limit her practice due to inaccessible buildings.

Plaintiff Maddox does not fare much better. The factual allegations which support Maddox's claim are found at paragraphs 37 to 49 (SAC pages 20-27). The closest she comes to implicating one of Wayne County's buildings is in Paragraph 58, where she references "bus stops adjacent to CAYMC," "sidewalks on Woodward

2

near CAYMC," and difficulty accessing the Millender Center Skywalk which connects to the City of Detroit side of CAYMC. She makes somewhat specific allegations about other buildings (such as the inability to vote at Ladder Company Number 7, Engine Company Number 17 Firehouse located at 6100 Second Avenue in Detroit), but she does not make such allegations with respect to Wayne County. The reason is clear: she has suffered no injuries from Wayne County. Injuries "adjacent to" or "near" a Wayne County building are insufficient to state a claim.

      The conclusory and general allegations proffered by Jacobson and Maddox do not meet the *Iqbal* and *Twombly* pleading requirements because they constitute nothing more than a "formulaic recitation of the elements of a cause of action." *Twombly* at 555. Plaintiff Babcock does a slightly better job attempting to allege a concrete injury, actually pinpointing a specific date to an incident at a specific building. But it is not necessary to analyze whether her allegations are sufficient from a pleading standpoint because her claim clearly fails for other reasons. For instance, Babcock has been complaining about Wayne County's alleged violations since at least her first (dismissed) lawsuit in 2016, well beyond the three year statute of limitations, and therefore her claims are time-barred.

      Unfortunately, like its predecessors, the SAC continues to be rife with conclusory arguments where the three Plaintiffs improperly lump Defendants together with no particularized theory of liability. *See*, for instance, paragraph 106,

3

stating "each of these Defendants owns, leases, operates, manages, or otherwise has joint authority and control with the other Defendants, and is jointly and severally responsible and liable for accessibility compliance violations at CAYMC." Again, this is Plaintiff's third attempt and they still cannot meet the ADA requirements to identify 1) the services, programs, or activities they have been denied, 2) when the alleged deprivations occurred, 3) the particular buildings or facilities where the alleged deprivations occurred, and 4) the conduct allegedly denying meaningful access to the services or programs.

## II.  Plaintiffs lack Article III standing.

Plaintiffs' Response Brief devotes a scant three pages to its "Law and Argument" section refuting Defendant Wayne County's motion. Nearly one-third of that is just statements "incorporating by reference" sections of other briefs that address whether Plaintiff plead proper (and timely) ADA, Rehabilitation Act, and PDCRA claims. Plaintiffs do, however, directly take on Wayne County's argument that Plaintiffs lack standing.

In their attempt to establish standing, Plaintiffs rely on the 6th Circuit case of *Michigan Paralyzed Veterans*, which states that, in order to state an ADA claim, a "disabled individual need not engage in futile gestures before seeking an injunction; the individual must only show that an inaccessible sidewalk actually affects his activities in some concrete way." *Id.* at 30. Defendant presumes this is Plaintiff's

4

attempt to state that it meets Article III's "actual or imminent" injury definition and that its injuries are not merely "conjectural or hypothetical" injury. *Id.* at *12. But Plaintiffs have not alleged that the injuries are even "imminent."

Under 6th Circuit precedent, in order to establish standing for an imminent or future injury, Plaintiffs were required to allege facts sufficient to at least infer a "plausible intent to return" to one of Wayne County's buildings, or that they would have returned but were "deterred from visiting … because of alleged accessibility barriers." *Gaylor v. Hamilton Crossing CMBS*, 582 Fed. Appx. 576, 580 (6th Cir. 2019).

Once again, only Babcock alleges anything even remotely close to this standard, but her allegations are not directed at buildings controlled by Wayne County. *See* SAC, Paragraph Nos. 35(e)(ii)(deterred from patronizing market and Cultural Center), 35(e)(iii)(deterred from patronizing restaurant on Second Avenue), and 35(e)(v)(deterred from visiting "restaurants in Detroit and Wayne County").

III. **Most, if not all, of the alleged CAYMC violations complained of by Plaintiffs are covered by the ADA safe harbor provision.**

In their Response Brief, Plaintiffs summarily contend that the ADA's safe harbor provisions do not apply to Wayne County. *See* page 17, footnote 1 of Plaintiffs' Response to DWJBA's Motion to Dismiss, incorporated by reference to Plaintiffs' Response to Wayne County's Motion to Dismiss, stating "the County has no such safe harbor to which it alludes in its Brief." Plaintiffs do offer any further

5

information or analysis for their puzzling assertion. As stated in Wayne County's Motion to Dismiss, on page 3, the 2010 ADA Standards for Accessible Design are not applicable to many of Wayne County's buildings, including the CAYMC, by virtue of the ADA safe harbor provisions. The motion also provides a citation to the "Existing Facilities" section of the ADA, which states, in part:

> (i) Safe harbor. Elements that have not been altered in existing facilities on or after March 15, 2012 and that comply with the corresponding technical and scoping specifications for those elements in either the 1991 Standards or in the Uniform Federal Accessibility Standards (UFAS), Appendix A to 41 CFR part 101–19.6 (July 1, 2002 ed.), 49 FR 31528, app. A (Aug. 7, 1984) **are not required to be modified in order to comply with the requirements set forth in the 2010 Standards**. 28 C.F.R. 35.150(emphasis added).

The issues identified in the DLZ report are not per se violations of any of the numerous laws Plaintiffs haphazardly reference in their SAC. The DLZ report cites numerous public areas of the CAYMC, which it claims are not in compliance with the ADASAD. Assuming that is true, Plaintiffs overlook that most, if not all, of the alleged CAYMC violations complained of by Plaintiffs are covered by the "safe harbor" since CAYMC is in compliance with the earlier and still-applicable standards.

## Conclusion

The problem with Plaintiffs' complaint is that it asserts several laws without providing any allegations on how they were violated or denied full and equal

enjoyment of a public service. Defendant Wayne County respectfully requests that you dismiss all claims against it for the reasons stated in its Motion to Dismiss.

        Respectfully Submitted,

        **THE MILLER LAW FIRM**

        /s/*Angela L. Baldwin*
        Angela L. Baldwin (P81565)
        211 W. Fort Street, Suite 705
        Detroit, MI 48226
        (248) 841-2200
        alb@millerlawpc.com
        *Attorneys for Defendant Wayne County*

Date: September 29, 2023

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| JILL BABCOCK, MARGUERITE MADDOX, and ASHLEY JACOBSON, on behalf of themselves and others similarly situation, | Case No. 22-cv-12951 Hon. Jonathan J.C. Grey |

PLAINTIFFS,

v.

STATE OF MICHIGAN, COUNTY OF WAYNE, CITY OF DETROIT, WAYNE COUNTY BUILDING AUTHORITY, DETROIT BUILDING AUTHORITY, and DETROIT-WAYNE JOINT BUILDING AUTHORITY,

DEFENDANTS, jointly and severally.

_____

## PROOF OF SERVICE

I hereby certify that on September 29, 2023, a copy of the foregoing document was filed electronically through the Court's electronic filing system, which will provide notice to all counsel of record.

*/s/ Angela L. Baldwin*
Angela L. Baldwin