UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK, MARGUERITE
MADDOX and ASHLEY JACOBSON,
on behalf of themselves and all others
similarly situated,

No. 2:22-cv-12951

HON. JONATHAN J.C. GREY

   Plaintiffs,

  v.

STATE OF MICHIGAN, COUNTY OF
WAYNE, CITY OF DETROIT, WAYNE
COUNTY BUILDING AUTHORITY,
DETROIT BUILDING AUTHORITY
AND DETROIT-WAYNE JOINT
BUILDING AUTHORITY,

   Defendants.

**DEFENDANT STATE OF
MICHIGAN'S ANSWER TO
PLAINTIFFS' SECOND
AMENDED COMPLAINT
AND AFFIRMATIVE
DEFENSES**

_____

Michael W. Bartnik (P32534)
Attorney for Plaintiffs
41000 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
248.608.3660
michaelbartnik@protonmail.com

Elizabeth Kamm Abdnour (P78203)
Attorney for Plaintiffs
500 E. Michigan Ave., Suite 130
Lansing, MI 48912
517.292.0067
elizabeth@abdnour.com

Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
Attorney for Defendant State of
Michigan
P.O. Box 30736
Lansing, MI 48909
517.335.7659
drysdalecrownc@michigan.gov

Kimberly Pendrick (P60348)
Assistants Attorney General
Attorney for Defendant State of
Michigan
3030 West Grand Blvd
Detroit, MI 48202
313.456.0200
pendrickk@michigan.gov

Renee Allison Stromski
Attorney for Plaintiffs
262 S. 3rd St
Columbus, OH 43215
614-745-2001
renee@awlawohio.com

Monica N. Hunt (P68838)
Counsel for Detroit Building Authority
3011 West Grand Boulevard
2500 Fisher Building
Detroit, MI 48202
313.871.5500
mhunt@alglawpc.com

Charles N. Raimi (P29746)
Attorney for Defendant City of Detroit
Legal Affairs
4707 St. Antoine, Suite W514
Detroit, MI 48201
313.966.2226
raimic@detroitmi.gov

Paul Magy (P34423)
Attorney for Detroit-Wayne Joint
Building Authority
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48075
248.988.5844
pmagy@clarkhill.com

Angela L. Baldwin (P81565)
Attorney for Wayne County and the
Wayne County Building Authority
1001 Woodward, Suite 850
Detroit, MI 48226
248.841.2200
alb@millerlawpc.com

Jesse Halfon (P66936)
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
313.237.5244
jesse.halfon@detroitmi.gov

Gregory N. Longworth (P49249)
Attorney for Detroit-Wayne Joint
Building Authority
200 Ottawa Ave., Suite 500
Grand Rapids, MI 49503
616.608.1100
glongworth@clarkhill.com

James M. Jernigan (P57035)
Attorney for Wayne County and the
Wayne County Building Authority
1105 Washington Street
Dearborn, MI 48124
313-561-5000
313-561-5002 (fax)
jjernigan@waynecounty.com

Sharon S. Almonrode (P33938)
Melvin B. Hollowell (P37834)
E. Powell Miller (P39487)
Attorneys for Wayne County Building
Authority
950 West University Drive, Suite 300
Rochester, MI 48307
248.841.2200
ssa@millerlawpc.com

**DEFENDANT STATE OF MICHIGAN'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT AND
AFFIRMATIVE DEFENSES**

Cassandra Drysdale-Crown (P64108)
Assistant Attorney General
Attorney for Defendant State of
Michigan
P.O. Box 30736
Lansing, MI 48909
517.335.7659
drysdalecrownc@michigan.gov

Kimberly K. Pendrick (P60348)
Assistant Attorney General
Attorney for Defendant State of
Michigan
3030 W. Grand Blvd., Suite 10-666
Detroit, Michigan 48202
517.930.8842
pendrickk@michigan.gov

Dated:  April 15, 2024

Defendant State of Michigan (State Defendant) submits the following in answer to Plaintiffs' 06/23/2023 Second Amended Complaint following the Court's 03/30/2024 Order Granting in Part and Denying in Part its Motion to Dismiss (ECF No. 103):

## INTRODUCTORY STATEMENT

1.     State Defendant neither admits nor denies the allegations contained in Paragraph 1 to the extent it simply reflects a summary of the content of the Complaint, which speaks for itself.  In further answer, to the extent Paragraph 1 alleges the State of Michigan acted unlawfully, State Defendant denies the allegations contained in Paragraph 1 for the reason that they are untrue.

2.     State Defendant denies the allegations contained in Paragraph 2 for the reason that they are untrue.

3.     State Defendant denies the allegations contained in Paragraph 3 for the reason that they are untrue.

4.     State Defendant denies the allegations contained in Paragraph 4 for the reason that they are untrue.

5.     State Defendant denies the allegations contained in Paragraph 5 for the reason that they are untrue.

6.     State Defendant can neither admit nor deny the allegations contained in Paragraph 6 in the manner and form alleged and leaves Plaintiffs to their strict proofs.  In further answer, Plaintiffs' claims under the Barrier Free Act, Public Health and Welfare, and the Architectural Barriers Act were dismissed pursuant to this Court's March 30, 2024, Order.  (ECF No. 103.)

7.     State Defendant denies the allegations contained in Paragraph 7 for the reason that they are untrue.

8.     State Defendant admits that Plaintiffs are seeking various damages in this lawsuit but note that the punitive damages claim has been dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

## FEDERAL JURISDICTION

9.     State Defendant neither admits nor denies the allegations in Paragraph 9 as they call for a legal conclusion.  In further answer, Plaintiffs' claims regarding the Rehabilitation Act, the Voting Accessibility for the Elderly and Handicapped Act, and the Architectural Barriers Act were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

10.     As to any claims not dismissed by this Court's March 30, 2024 Order, (ECF No. 103), State Defendant neither admits nor denies the allegations in Paragraph 10 as they call for a legal conclusion.

11.     State Defendant neither admits nor denies the allegation in Paragraph 11 as it calls for a legal conclusion.

12.     State Defendant neither admits nor denies the allegation in Paragraph 12 as it calls for a legal conclusion.

13.     State Defendant neither admits nor denies the allegation in Paragraph 13 as it calls for a legal conclusion.

14.     State Defendant neither admits nor denies the allegations in Paragraph 14 as they have no application to State Defendant so it lacks knowledge and it calls for a legal conclusion.

15.     State Defendant neither admits nor denies the allegation in Paragraph 15 as it calls for legal conclusions.

## VENUE

16.     State Defendant neither admits nor denies the allegation in Paragraph 16 due to lack of knowledge.

17.     State Defendant neither admits nor denies the allegation in Paragraph 17 due to lack of knowledge.

18.    State Defendant admits that it is located in both the Eastern and Western Districts of Michigan.  As to the allegations regarding the remaining Defendants, State Defendant neither admits nor denies as they have no application to it.

19.    State Defendant neither admits nor denies the allegation in Paragraph 19 as it calls for a legal conclusion.

## PARTIES PLAINTIFF

20.    State Defendant neither admits nor denies the allegations in Paragraph 20, including subparagraphs a. and b., as they call for legal conclusions.  As to Paragraph 20 subparagraphs c. and d., these claims were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

21.    State Defendant denies the allegations in Paragraph 21 as they are untrue.

22.    State Defendant neither admits nor denies the allegation in Paragraph 22 due to lack of knowledge.

23.    State Defendant neither admits nor denies the allegation in Paragraph 23 due to lack of knowledge.

24.    State Defendant denies the allegations in Paragraph 24 as

they are untrue.

25.     State Defendant neither admits nor denies the allegations in Paragraph 25 due to lack of knowledge.

26.     State Defendant neither admits nor denies the allegations in Paragraph 26 due to lack of knowledge.

27.     State Defendant denies the allegations in Paragraph 27 as they are untrue.

28.     State Defendant neither admits nor denies the allegations in Paragraph 28 to the extent they call for legal conclusions.  As to Plaintiff's allegations regarding Jill Babcock's April 11, 2023, presentation at the Coleman A. Young Municipal Center, State Defendant neither admits nor denies due to lack of knowledge as it does not own, operate, control, or manage the Coleman A. Young Municipal Center.

29.     State Defendant neither admits nor denies the allegations contained in Paragraph 29 due to lack of knowledge as it does not own, operate, control, or manage the Coleman A. Young Municipal Center.

30.     State Defendant neither admits nor denies the allegations contained in Paragraph 30, including subparagraphs a. and b., due to

lack of knowledge as it does not own, operate, control, or manage the Coleman A. Young Municipal Center.

31.    State Defendant neither admits nor denies the allegations contained in Paragraph 31 due to lack of knowledge as it does not own, operate, control, or manage the Coleman A. Young Municipal Center.

32.    State Defendant neither admits nor denies the allegations contained in Paragraph 32 due to lack of knowledge as it does not own, operate, control, or manage the Coleman A. Young Municipal Center.

33.    State Defendant neither admits nor denies the allegations contained in Paragraph 33 due to lack of knowledge.

34.    State Defendant neither admits nor denies the allegations contained in Paragraph 34 due to lack of knowledge.

35.    State Defendant neither admits nor denies the allegations contained in Paragraph 35, including subparagraphs a. through e., due to lack of knowledge.

36.    State Defendant neither admits nor denies the allegations contained in Paragraph 36, including subparagraphs a. through c., due to lack of knowledge as it does not own, operate, control, or manage the Coleman A. Young Municipal Center.

37.     State Defendant neither admits nor denies the allegations contained in Paragraph 37 due to lack of knowledge.

38.     State Defendant neither admits nor denies the allegations contained in Paragraph 38 due to lack of knowledge.

39.     State Defendant neither admits nor denies the allegations contained in Paragraph 39 due to lack of knowledge.

40.     State Defendant neither admits nor denies the allegations contained in Paragraph 40 due to lack of knowledge.

41.     State Defendant neither admits nor denies that Scarlett is a certified assistance dog due to lack of knowledge.  As to the remaining allegations, State Defendant denies that Plaintiff Maddox has been denied access or services at any State Building.

42.     State Defendant neither admits nor denies the allegations contained in Paragraph 42 due to lack of knowledge.

43.     State Defendant neither admits nor denies the allegations contained in Paragraph 43 due to lack of knowledge.

44.     State Defendant neither admits nor denies the allegations contained in Paragraph 44 due to lack of knowledge.

45.     State Defendant neither admits nor denies the allegations

contained in Paragraph 45, including subparagraphs a. through d., due to lack of knowledge.

46.     State Defendant neither admits nor denies the allegations contained in Paragraph 46 due to lack of knowledge.

47.     State Defendant neither admits nor denies the allegations contained in Paragraph 47 due to lack of knowledge.

48.     State Defendant neither admits nor denies the allegations contained in Paragraph 48 due to lack of knowledge.

49.     State Defendant neither admits nor denies the allegations contained in Paragraph 49 due to lack of knowledge.  In further answer, while not specified, to the extent Plaintiff Maddox alleges she was denied access to a State building or any State building was inaccessible, State Defendant denies as untrue.

50.     State Defendant neither admits nor denies the allegations contained in Paragraph 50 due to lack of knowledge.

51.     State Defendant neither admits nor denies the allegations contained in Paragraph 51 due to lack of knowledge.

52.     State Defendant neither admits nor denies the allegations contained in Paragraph 52 due to lack of knowledge.  State Defendant

further is unable to admit or deny the allegations where Paragraph 52 does not contain any specificity regarding which buildings Plaintiff is referencing.

53.   State Defendant neither admits nor denies the allegations contained in Paragraph 53 due to lack of knowledge.

54.   State Defendant neither admits nor denies the allegations in Paragraph 54 as they call for legal conclusions.  To the extent Paragraph 54 purports allegations against State Defendant and a response is required, State Defendant neither admits nor denies the allegations in Paragraph 54 due to lack of knowledge as it does not own operate, control, or manage this facility.

55.   State Defendant neither admits nor denies the allegations contained in Paragraph 55 due to lack of knowledge.

56.   State Defendant neither admits nor denies the allegations contained in Paragraph 56 due to lack of knowledge.  State Defendant further is unable to admit or deny the allegations where Paragraph 56 does not contain any specificity regarding which buildings Plaintiff is referencing.

57.   State Defendant neither admits nor denies the allegations in

Paragraph 57 as they call for legal conclusions.  In further answer, State Defendant neither admits nor denies the allegations in Paragraph 57 due to lack of knowledge as it does not own operate, control, or manage this facility.

58.   State Defendant neither admits nor denies the allegations contained in Paragraph 58 due to lack of knowledge.

59.   State Defendant neither admits nor denies the allegations contained in Paragraph 59 due to lack of knowledge.  State Defendant further is unable to admit or deny the allegations where Paragraph 59 does not contain any specificity regarding which buildings Plaintiffs are referencing.

60.   State Defendant neither admits nor denies the allegations contained in Paragraph 60 due to lack of knowledge.  State Defendant further is unable to admit or deny the allegations where Paragraph 60 does not contain any specificity regarding which buildings Plaintiff is referencing.  In further answer, State Defendant denies that it has failed to comply with facility accessibility requirements in State buildings.

61.   State Defendant neither admits nor denies the allegations

contained in Paragraph 61 due to lack of knowledge.  State Defendant further is unable to admit or deny the allegations where Paragraph 61 does not contain any specificity regarding what alleged discrimination or which buildings Plaintiffs are referencing.

62.    State Defendant neither admits nor denies the allegations contained in Paragraph 62 due to lack of knowledge.  State Defendant further is unable to admit or deny the allegations where Paragraph 62 does not contain any specificity regarding which buildings they are referencing.  In further answer, State Defendant denies that it has engaged in disability discrimination at any State building.

63.    State Defendant neither admits nor denies the allegations contained in Paragraph 63 due to lack of knowledge.  State Defendant further is unable to admit or deny the allegations where Paragraph 63 does not contain any specificity regarding which buildings Plaintiffs are referencing.  In further answer, State Defendant denies that any State buildings are inaccessible.

64.    State Defendant neither admits nor denies the allegations in Paragraph 64 as they call for legal conclusions.

## PLAINTIFFS' INJURIES AS CLASS REPRESENTATIVES AND CLASS ACTION DISCUSSION

65.    State Defendant neither admits nor denies the allegations contained in Paragraph 65, including subparagraphs a. through e., due to lack of knowledge.  State Defendant further is unable to admit or deny the allegations where Paragraph 65 does not contain any specificity regarding which buildings Plaintiff is referencing.  In further answer, State Defendant denies that State buildings are not accessible.

66.    State Defendant neither admits nor denies the allegations contained in Paragraph 66 due to lack of knowledge.  State Defendant further is unable to admit or deny the allegations where Paragraph 66 does not contain any specificity regarding which buildings Plaintiff is referencing.  In further answer, State Defendant denies it has not complied with the applicable disability laws.

67.    State Defendant neither admits nor denies the allegations contained in Paragraph 67 due to lack of knowledge.  State Defendant further is unable to admit or deny the allegations where Paragraph 67 does not contain any specificity regarding which buildings Plaintiff is referencing.

68.    State Defendant neither admits nor denies the allegations

contained in Paragraph 68 due to lack of knowledge.  State

Defendant further is unable to admit or deny the allegations where

Paragraph 68 does not contain any specificity regarding which

buildings Plaintiff is referencing.  State Defendant denies that is not

in compliance with the applicable disability laws.

69.    State Defendant neither admits nor denies the allegations

in Paragraph 69 as they call for legal conclusions.  In further answer,

State Defendant denies that Plaintiffs have been denied service in

any State building or that it has disregarded its obligations under

the Americans with Disabilities Act and Michigan Persons With

Disabilities Civil Rights Act.  As to the remaining legal authority

contained in Paragraph 69, claims regarding these provisions have

been dismissed pursuant to this Court's March 30, 2024, Order.

(ECF No. 103.)

70.    State Defendant denies the allegations in Paragraph 70

because they are untrue.

71.    State Defendant denies the allegations in Paragraph 71

because they are untrue.

72.    State Defendant denies the allegations in Paragraph 72

because they are untrue.

73.     State Defendant neither admits nor denies the allegation regarding whether Plaintiffs are qualified individuals with disabilities due to lack of knowledge.  State Defendant denies the remaining allegations in Paragraph 73 because they are untrue.

74.     State Defendant denies the allegations in Paragraph 74 as untrue as to any State buildings.  As to any non-state buildings, State Defendant neither admits nor denies the allegations in Paragraph 74 as they have no application to State Defendant so it lacks knowledge.

75.     State Defendant neither admits nor denies the allegations contained in Paragraph 75 due to lack of knowledge.

76.     State Defendant denies the allegations in Paragraph 76 as untrue as to any State buildings.  As to any non-state buildings, State Defendant neither admits nor denies the allegations in Paragraph 76 as they have no application to this Defendant.

77.     State Defendant denies the allegations in Paragraph 77 because they are untrue.

## PARTIES DEFENDANT

78.     State Defendant admits as true that it is a "public entit[y]"

as defined by Title II or the Americans with Disabilities Act, 42 U.S.C. §§ 12131(1)(A).

79. State Defendant neither admits nor denies the allegations in Paragraph 79 as the state laws referenced have been dismissed pursuant to this Court's March 30, 2024, Order.  (ECF No. 103.)

80. State Defendant neither admits nor denies the allegations in Paragraph 80 as they call for legal conclusions.  In further answer, State Defendant is unable to admit or deny the allegations where Paragraph 80 does not contain any specificity regarding which buildings or required remediation Plaintiffs are referencing.

81. While the State Defendant admits that it is a State, State Defendant neither admits nor denies the allegations in Paragraph 81 as they call for a legal conclusion.  Further, the statutory and constitutional provisions referenced speak for themselves.

82. State Defendant neither admits nor denies the allegations in Paragraph 82 as it has no application to the State Defendant so it lacks knowledge.

83. State Defendant neither admits nor denies the allegations in Paragraph 83 as it has no application to the State Defendant so it lacks

knowledge.

84.    To the extent the allegation of Paragraph 84 seeks to paraphrase or characterize Mich. Const. 1963, art. VI, § 1, the document speaks for itself, and State Defendant denies this allegation to the extent it is inconsistent with "the *judicial power of the state is vested exclusively in one court of justice* which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house." (Emphasis added.)

85.    State Defendant denies the allegations in Paragraph 85 because they are untrue to the extent Plaintiff is asserting the State of Michigan is liable for the circuit court and district court facilities. Relative to the interpretation of the United States Constitution and *Tennessee v. Lane,* 541 U.S. 509 (2004), State Defendant neither admits nor denies as said allegations call for a legal conclusion.

86.    State Defendant denies the allegations in Paragraph 86 because they are untrue.

19

87.     State Defendant denies the allegations in Paragraph 87 because they are untrue.  In further answer, Plaintiffs' claims regarding the exteriors of any area or facility not expressly preserved by the Court were dismissed in this Court's March 30, 2024 Order.  (ECF No. 103.)

88.     State Defendant neither admits nor denies the allegations in Paragraph 88 as it has no application to the State Defendant so it lacks knowledge.

89.     State Defendant neither admits nor denies the allegations in Paragraph 89, including subparagraphs a. through r., as they call for legal conclusions.

90.     State Defendant neither admits nor denies the allegations in Paragraph 90, including subparagraphs a. through f., due to lack of knowledge.

## INACCESSIBLE TOILET ROOMS (INCLUDING LOCKED TOILET ROOMS IN PUBLIC AREAS OF PUBLIC BUILDINGS), TOILETS, LAVATORIES AND FIXTURES VIOLATE PLAINTIFFS' CONSTITUTIONAL RIGHTS TO BODILY INTEGRITY

91.     State Defendant neither admits nor denies the allegations in Paragraph 91, including subparagraphs a. through l., related to the Plaintiffs' medical conditions and experiences due to lack of knowledge.

In further answer, State Defendant denies any allegation that these alleged experiences are due to its actions or inactions to the extent these alleged experiences occurred in a State building.

92.     State Defendant neither admits nor denies the allegations in Paragraph 92 alleging Plaintiffs rely on "disability-accessible, barrier-free buildings."  In further answer, State Defendant denies as untrue that it is "unwilling to provide the mandatory accessibility measures."  In further answer, State Defendant neither admits nor denies the allegations contained in Paragraph 92, subparagraphs a. through d., due to lack of knowledge as it does not own operate, control, or manage the Coleman A. Young Municipal Center.  In further answer, State Defendant neither admits nor denies the allegations contained in Paragraph 92, subparagraph e., due to lack of knowledge where Plaintiffs' do not specify the building they are referencing and the Mackinac County Circuit Court and Oakland County Circuit Court were dismissed pursuant to this Court's March 30, 2024, Order.  (ECF No. 103.)

93.     State Defendant neither admits nor denies the allegations in Paragraph 93, including subparagraphs a. and b., as they call for a legal

conclusion.  In further answer, the publications relied upon by Plaintiffs speak for themselves.

94.    State Defendant neither admits nor denies the allegations in Paragraph 94 regarding Plaintiff Jacobson's personal experiences due to lack of knowledge and due to Plaintiff's failure to specify in which buildings these personal experiences occurred.  In further answer, State Defendant denies Plaintiffs' allegations that it "fail[ed] to comply with the laws on disability-accessible restrooms," and that it "has caused and will continue to cause her physical, financial, and emotional harm until appropriately remedied" because it is untrue.

95.    State Defendant denies the allegations contained in Paragraph 95 because they are untrue.

### INACCESSIBLE PARKING, SIDEWALKS AND CURBS, GRADING, ENTRANCES AND EXITS, AND INTERIOR SPACES

96.    State Defendant denies the allegations in Paragraph 96 and notes the allegations in Paragraphs 96 and 96a–96b are subject to this Court's March 30, 2024 Order.  (ECF No. 103.)

a.    **PARKING:** State Defendant denies the allegations in Paragraph 96 a. as the allegations that State Defendant has not provided adequate parking are untrue.  In

further answer, Plaintiffs have not sufficiently identified any building with inadequate parking as the claims regarding the buildings referenced in this paragraph were dismissed in this Court's March 30, 2024 Order.

b.   **SIDEWALKS, CURBS, CROSSINGS AND OTHER ISSUES:** State Defendant neither admits nor denies the allegations in Paragraph 96 b. as it lacks sufficient information and knowledge where Plaintiffs fail to specify which buildings to which they are referring.   In further answer, Plaintiffs claims regarding the exteriors of any area not expressly preserved by the Court were dismissed in this Court's March 30, 2024 Order.

97.   State Defendant denies the allegations in Paragraph 97 because they are untrue.  In further answer, the allegations regarding violations of statutes or codes other than the Americans with Disability Act were dismissed in this Court's March 30, 2024 Order.  (ECF No. 103.)

98.   State Defendant denies the allegations in Paragraph 98, including subparagraphs a. through c., because they are untrue.

99.     State Defendant denies the allegations in Paragraph 99 because they are untrue.

100.   State Defendant denies the allegations in Paragraph 100 because they are untrue.  In further answer, Plaintiffs' claims under Michigan's Elliott-Larsen Civil Rights Act have been dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

101.   State Defendant denies the allegations in Paragraph 101 because they are untrue.

102.   State Defendant neither admits nor denies the allegations in Paragraph 102 because Plaintiffs' punitive damages claim was dismissed pursuant to this Court's March 30, 2024 Order. (ECF No. 103.)

**DEFENDANTS HAVE REPEATEDLY VIOLATED FEDERAL AND STATE DISABILITY LAWS DIRECTLY CAUSING HARM TO PLAINTIFFS AND INTERFERING WITH THEIR RIGHTS, INCLUDING AT THESE BUILDINGS AND FACILITIES**

103.   State Defendant denies the allegations in Paragraph 103 because they are untrue.

104.   State Defendant neither admits nor denies the allegations in Paragraph 104 as they call for legal conclusions.

105.   State Defendant denies the allegations in Paragraph 105 because they are untrue.  In further answer, the claims regarding Oakland, Mackinac, Macomb, and Delta Counties were dismissed pursuant to this Court's March 30, 2024 Order. (ECF No. 103.)

106.   State Defendant denies the allegations in Paragraph 106 because they are untrue.

107.   State Defendant neither admits nor denies the allegations in Paragraph 107 as they have no application to the State Defendant.  In further answer, Plaintiffs' claims regarding the Guardian Building were dismissed pursuant to this Court's March 30, 2024 Order. (ECF No. 103.)

108.   State Defendant denies the allegations in Paragraphs 108, including subparagraphs a. through f., because they are untrue.   In further answer, Plaintiffs' claims regarding the buildings listed in subparagraphs c. through f. were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

## VIOLATIONS AT THE STATE CAPITOL, MICHIGAN HALL OF JUSTICE, GEORGE W. ROMEY BUILDING, AND OTHER BUILDINGS ON THE PLAZA AND CAPITOL LOOP

109.   State Defendant neither admits nor denies the allegations in

Paragraphs 109, including subparagraphs a. through f., because

Plaintiffs' claims regarding the Michigan Supreme Court Hall of Justice

were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF

No. 103.)

110.  State Defendant neither admits nor denies the allegations in

Paragraphs 110, including subparagraphs a. through g., because

Plaintiffs' claims regarding the George W. Romney Building and the

Plaza in downtown Lansing were dismissed pursuant to this Court's

March 30, 2024 Order.  (ECF No. 103.)

## VIOLATIONS AT THE COLEMAN A. YOUNG MUNICIPAL CENTER

111.  State Defendant neither admits nor denies the allegations

contained in Paragraph 111 due to lack of knowledge as it does not own

operate, control, or manage the Coleman A Young Municipal Center.

112.  State Defendant neither admits nor denies the allegations

contained in Paragraph 112, including subparagraphs a. through e, due

to lack of knowledge as it does not own operate, control, or manage the

Coleman A. Young Municipal Center.

113.   State Defendant neither admits nor denies the allegations contained in Paragraph 113 due to lack of knowledge as it does not own operate, control, or manage the Coleman A. Young Municipal Center.

114.   State Defendant neither admits nor denies the allegations contained in Paragraph 114 due to lack of knowledge as it does not own operate, control, or manage the Coleman A. Young Municipal Center. In further answer, State Defendant denies Plaintiffs' allegation regarding a "unified State of Michigan Court System" as it implies the State Defendant is liable for non-State buildings.

115.   State Defendant neither admits nor denies the allegations contained in Paragraph 115, including subparagraphs a. through i., due to lack of knowledge as it does not own operate, control, or manage the Coleman A. Young Municipal Center.  In further answer, Plaintiff's claims regarding the Architectural Barriers Act and certain exterior features were dismissed pursuant to this Court's March 30, 2024 Order. (ECF No. 103.)

116.   State Defendant neither admits nor denies the allegations contained in Paragraph 116 due to lack of knowledge as it does not own operate, control, or manage the Coleman A. Young Municipal

Center.

117.  State Defendant neither admits nor denies the allegations contained in Paragraph 117 due to lack of knowledge as it does not own operate, control, or manage the Coleman A. Young Municipal Center.

118.  State Defendant neither admits nor denies the allegations contained in Paragraph 118 due to lack of knowledge as it does not own operate, control, or manage the Coleman A. Young Municipal Center.  In further answer, Plaintiff's claims regarding the "Barrier Free Act" were dismissed pursuant to this Court's March 30, 2024 Order. (ECF No. 103.)

119.  State Defendant neither admits nor denies the allegations contained in Paragraph 119, including subparagraphs a. through t., due to lack of knowledge as it does not own operate, control, or manage the Coleman A. Young Municipal Center.

120.  State Defendant neither admits nor denies the allegations contained in Paragraph 120 due to lack of knowledge as it does not own operate, control, or manage the Coleman A. Young Municipal Center. In further answer, Plaintiffs' claims under the Barrier Free Act were

dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No.

103.)

121.  State Defendant neither admits nor denies the allegations

contained in Paragraph 121 due to lack of knowledge as it does not own

operate, control, or manage the Coleman A. Young Municipal Center.

In further answer, Plaintiffs' claims under the Barrier Free Act were

dismissed pursuant to this Court's March 30, 2024, Order.  (ECF No.

103.)

122.  State Defendant neither admits nor denies the allegations

contained in Paragraph 122 due to lack of knowledge as it does not own

operate, control, or manage the Coleman A. Young Municipal Center.

In further answer, Plaintiffs' claims under the Sidewalks: Persons With

Disabilities statute were dismissed pursuant to this Court's March 30,

2024 Order.  (ECF No. 103.)

123.  State Defendant neither admits nor denies the allegations

contained in Paragraph 123 due to lack of knowledge as it does not own

operate, control, or manage the Coleman A. Young Municipal Center.

124.  State Defendant denies the allegation in Paragraph 124 as

to any State building because they are untrue.  If this paragraph is

regarding the Coleman A. Young Municipal building, State Defendant further states that it does not own operate, control, or manage the Coleman A. Young Municipal Center.

125. State Defendant neither admits nor denies the allegations contained in Paragraph 125 due to lack of knowledge as it does not own operate, control, or manage the Coleman A Young Municipal Center.

126. State Defendant neither admits nor denies the allegations contained in Paragraph 126 due to lack of knowledge as it does not own operate, control, or manage the Coleman A. Young Municipal Center. In further answer, Plaintiffs' claims under the Barrier Free Design Act, Michigan Construction Code, Sidewalks; Persons With Disabilities Act, Architectural Barriers Act, and Rehabilitation Act were dismissed pursuant to this Court's March 30, 2024 Order. (ECF No. 103.)

127. State Defendant neither admits nor denies the allegations contained in Paragraph 127 due to lack of knowledge as it does not own operate, control, or manage the Coleman A. Young Municipal Center.

### *VIOLATIONS AT THE FRANK MURPHY HALL OF JUSTICE*

128.  State Defendant neither admits nor denies the allegations contained in Paragraph 128, including subparagraphs a. through e, due to lack of knowledge as it does not own operate, control, or manage the Frank Murphy Hall of Justice.

129.  State Defendant neither admits nor denies the allegations contained in Paragraph 129, due to lack of knowledge as it does not own operate, control, or manage the Frank Murphy Hall of Justice.

### VIOLATIONS AT THE 36TH DISTRICT COURT BUILDING

130.  State Defendant neither admits nor denies the allegations contained in Paragraph 130, including subparagraphs a. through g., due to lack of knowledge as it does not own operate, control, or manage the 36th District Court Building.

131.  State Defendant neither admits nor denies the allegations contained in Paragraph 131 due to lack of knowledge as it does not own operate, control, or manage the 36th District Court Building.

### *VIOLATIONS AT THE LINCOLN JUVENILE JUSTICE CENTER*

132.   State Defendant neither admits nor denies the allegations in Paragraph 132, including subparagraphs a. through d., as Plaintiffs' claims regarding the Lincoln Juvenile Justice Center were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

133.   State Defendant neither admits nor denies the allegations in Paragraph 133 as Plaintiffs' claims regarding the Lincoln Juvenile Justice Center were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

### VIOLATIONS AT THE WAYNE COUNTY CRIMINAL JUSTICE CENTER UNDER CONSTRUCTION ON EAST WARREN

134.   State Defendant neither admits nor denies the allegations in Paragraph 134 as Plaintiffs' claims regarding the Wayne County Criminal Justice Center were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

135.   State Defendant neither admits nor denies the allegations in Paragraph 135 as Plaintiffs' claims regarding the Wayne County Criminal Justice Center were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

136.  State Defendant neither admits nor denies the allegations in Paragraph 136 as Plaintiffs' claims regarding the Wayne County Criminal Justice Center were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

137.  State Defendant neither admits nor denies the allegations in Paragraph 137 as Plaintiffs' claims regarding the Wayne County Criminal Justice Center were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

138.  State Defendant neither admits nor denies the allegations in Paragraph 138 as Plaintiffs' claims regarding the Wayne County Criminal Justice Center were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

139.  State Defendant neither admits nor denies the allegations in Paragraph 139, including subparagraphs a. through b., as Plaintiffs' claims regarding the Wayne County Criminal Justice Center were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

140.  State Defendant neither admits nor denies the allegations in Paragraph 140 as Plaintiffs' claims regarding the Wayne County

Criminal Justice Center were dismissed pursuant to this Court's March 30, 2024 Order. (ECF No. 103.)

### VIOLATIONS AT THE WAYNE COUNTY EXECUTIVE AND LEGISLATIVE OFFICES AND CERTAIN PUBLIC CITY OF DETROIT OFFICES IN THE GUARDIAN BUILDING

141.   State Defendant neither admits nor denies the allegations in Paragraph 141, including subparagraphs a. through e., as Plaintiffs' claims regarding the offices in the Guardian Building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

142.   State Defendant neither admits nor denies the allegations in Paragraph 142 as Plaintiffs' claims regarding the offices in the Guardian Building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

143.   State Defendant neither admits nor denies the allegations in Paragraph 143 as Plaintiffs' claims regarding the offices in the Guardian Building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

**VIOLATIONS AT THE WAYNE REGISTER OF DEEDS AND OTHER PUBLIC OFFICES IN THE 400 MONROE STREET BUILDING**

144.  State Defendant neither admits nor denies the allegations in Paragraph 144, including subparagraphs a. and b., as Plaintiffs' claims regarding the 400 Monroe Street building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

145.  State Defendant neither admits nor denies the allegations in Paragraph 145 as Plaintiffs' claims regarding the 400 Monroe Street building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

**VIOLATIONS AT THE FRIEND OF THE COURT AND FAMILY COURT OFFICES AND COURTROOMS IN THE PENOBSCOT BUILDING**

146.  State Defendant neither admits nor denies the allegations in Paragraph 146, including subparagraphs a. through e., as Plaintiffs' claims regarding the court offices and courtrooms in the Penobscot Building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

147.  State Defendant neither admits nor denies the allegations in Paragraph 147 as Plaintiffs' claims regarding the court offices and courtrooms in the Penobscot Building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

### VIOLATIONS AT THE 47TH CIRCUIT COURT AND 94TH DISTRICT COURT BUILDING IN ESCANABA, MICHIGAN

148.  State Defendant neither admits nor denies the allegations in Paragraph 148, including subparagraphs a. through c., as Plaintiffs' claims regarding the Escanaba circuit and district courts were dismissed pursuant to this Court's March 30, 2024 Order. (ECF No. 103.)

149.  State Defendant neither admits nor denies the allegations in Paragraph 149 as Plaintiffs' claims regarding the Escanaba circuit and district courts were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

### VIOLATIONS AT THE 44TH CIRCUIT COURT BUILDINGS

150.  State Defendant neither admits nor denies the allegations contained in Paragraph 150, including subparagraphs a. through c., due

to lack of knowledge as it does not own operate, control, or manage the Livingston County Circuit Court.

151.  State Defendant neither admits nor denies the allegations contained in Paragraph 151 due to lack of knowledge as it does not own operate, control, or manage the Livingston County Circuit Court.

## VIOLATIONS AT THE 11TH CIRCUIT COURT BUILDING

152.  State Defendant neither admits nor denies the allegations in Paragraph 152, including subparagraphs a. through e., as Plaintiffs' claims regarding the Mackinac County Circuit Court building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

153.  State Defendant neither admits nor denies the allegations in Paragraph 153 as Plaintiffs' claims regarding the Mackinac County Circuit Court building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

## VIOLATIONS AT THE 16TH CIRCUIT COURT BUILDING

154.  State Defendant neither admits nor denies the allegations in Paragraph 154, including subparagraphs a. and b., as Plaintiffs' claims

regarding the Macomb County Circuit Court building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

155.  State Defendant neither admits nor denies the allegations in Paragraph 155 as Plaintiffs' claims regarding the Macomb County Circuit Court building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

## VIOLATIONS AT THE 6TH CIRCUIT COURT BUILDINGS

156.  State Defendant neither admits nor denies the allegations in Paragraph 156, including subparagraphs a. through e., as Plaintiffs' claims regarding the Oakland County Circuit Court building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

157.  State Defendant neither admits nor denies the allegations in Paragraph 157 as Plaintiffs' claims regarding the Oakland County Circuit Court building were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

## VIOLATIONS AT THE 22ND JUDICIAL CIRCUIT COURT BUILDING

158.  State Defendant neither admits nor denies the allegations contained in Paragraph 158, including subparagraphs a. through c., due to lack of knowledge as it does not own operate, control, or manage the Washtenaw County Circuit Court and Probate Court facilities.

159.  State Defendant neither admits nor denies the allegations contained in Paragraph 159 due to lack of knowledge as it does not own operate, control, or manage the Washtenaw County Circuit Court and Probate Court facilities.

## DEFENDANTS' DUTY TO COMPLY WITH RELEVANT STATE AND FEDERAL ACCESSIBILITY LAWS

160.  State Defendant neither admits nor denies the allegations contained in Paragraph 160 as Plaintiffs' claims under the Rehabilitation Act were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

161.  State Defendant neither admits nor denies the allegations in Paragraph 161 because they call for a legal conclusion.

162.  State Defendant neither admits nor denies the allegations in Paragraph 162 because they call for a legal conclusion.

163.  State Defendant neither admits nor denies the allegations in Paragraph 163 due to lack of information where no State Buildings remain in the lawsuit and the State Defendant does not own, operate, control, or manage the remaining buildings.

164.  State Defendant neither admits nor denies the allegations in Paragraph 164 due to lack of information where no State Buildings remain in the lawsuit and the State Defendant does not own, operate, control, or manage the remaining buildings.

165.  State Defendant neither admits nor denies the allegations in Paragraph 165 because they call for legal conclusions.  To the extent an answer is required, State Defendant neither admits nor denies the allegations in Paragraph 165 due to lack of information where no State Buildings remain in the lawsuit and the State Defendant does not own, operate, or control the remaining buildings.

166.  State Defendant neither admits nor denies the allegations in Paragraph 166 as they have no application to it.

167.  State Defendant denies the allegations in Paragraph 167 because they are untrue.

## **CAUSES OF ACTION**

### *COUNT I*
### *Violations of Title II of the*
### *Americans with Disabilities Act*
### *42 U.S.C. § 12231 et seq*
### *(As to All Defendant)*

168.   Although this is not an allegation requiring an answer, State Defendant incorporates its answers to Paragraphs 1–167 above.

169.   State Defendant admits Paragraph 169 correctly quotes a portion of 42 U.S.C. § 12132.  To the extent Paragraph 169 seeks to paraphrase or characterize the contents of 42 U.S.C. § 12132, the statute speaks for itself, and State Defendant denies as untrue allegations and claims to the extent they misrepresent or mischaracterize the language of 42 U.S.C. § 12132.

170.   State Defendant neither admits nor denies the allegations in Paragraph 170 due to lack of knowledge.

171.   State Defendant neither admits nor denies the allegations in Paragraph 171 as they call for legal conclusions.

172.   State Defendant neither admits nor denies the allegation in Paragraph 172 as it calls for a legal conclusion.

173.   State Defendant neither admits nor denies the allegation in Paragraph 173 as it calls for a legal conclusion.

174.   State Defendant admits the allegation in Paragraph 174.

175.   State Defendant denies the allegations in Paragraph 175 because they are untrue.

176.   State Defendant denies the allegations in Paragraph 176 because they are untrue.

177.   State Defendant denies the allegations in Paragraph 177 because they are untrue.

178.   State Defendant denies the allegations in Paragraph 178, including subparagraphs a. through d, because they are untrue.

179.   State Defendant denies the allegations in Paragraph 179 because they are untrue.

180.   State Defendant denies the allegations in Paragraph 180 because they are untrue.

181.   State Defendant denies the allegations in Paragraph 181 because they are untrue.

182.   State Defendant denies the allegations in Paragraph 182 because they are untrue.

183.  State Defendant neither admits nor denies the allegations in Paragraph 183 as they call for legal conclusions.  In further answer, State Defendant denies Plaintiffs are entitled to any judgment for a violation of the Americans with Disabilities Act.

***COUNT II***
**Violations of Section 504 of the**
**Rehabilitation Act of 1973**
**29 U.S.C. *§ 794 et seq***
***(As to All Defendants)***

184.  Although this is not an allegation requiring an answer, State Defendant incorporates its answers to Paragraphs 1–183 above.

185.  State Defendant neither admits nor denies the allegations in paragraph 185 as Plaintiffs' claims under the Rehabilitation Act were dismissed by this Court pursuant to its March 30, 2024 Order. (ECF No. 103.)

186.  State Defendant neither admits nor denies the allegations in paragraph 186 as Plaintiffs' claims under the Rehabilitation Act were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

187.  State Defendant neither admits nor denies the allegations in paragraph 187 as Plaintiffs' claims under the Rehabilitation Act were

dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

188.  State Defendant neither admits nor denies the allegations in paragraph 188 as Plaintiffs' claims under the Rehabilitation Act were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

189.  State Defendant neither admits nor denies the allegations in paragraph 189, including subparagraphs a. through d. as Plaintiffs' claims under the Rehabilitation Act were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

190.  State Defendant neither admits nor denies the allegations in paragraph 190 as Plaintiffs' claims under the Rehabilitation Act were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

191.  State Defendant neither admits nor denies the allegations in paragraph 191 as Plaintiffs' claims under the Rehabilitation Act were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

192. State Defendant neither admits nor denies the allegations in paragraph 192 as Plaintiffs' claims under the Rehabilitation Act were dismissed by this Court pursuant to its March 30, 2024 Order. (ECF No. 103.)

193. State Defendant neither admits nor denies the allegations in paragraph 193 as Plaintiffs' claims under the Rehabilitation Act were dismissed by this Court pursuant to its March 30, 2024 Order. (ECF No. 103.)

194. State Defendant neither admits nor denies the allegations in paragraph 194 as Plaintiffs' claims under the Rehabilitation Act were dismissed by this Court pursuant to its March 30, 2024 Order. (ECF No. 103.)

195. State Defendant neither admits nor denies the allegations in paragraph 195 as Plaintiffs' claims under the Rehabilitation Act were dismissed by this Court pursuant to its March 30, 2024 Order. (ECF No. 103.)

196. State Defendant neither admits nor denies the allegations in paragraph 196 as Plaintiffs' claims under the Rehabilitation Act were

dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

197.  State Defendant neither admits nor denies the allegations in paragraph 197 as Plaintiffs' claims under the Rehabilitation Act were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

### COUNT III
**Violations of the Michigan Persons with
Disabilities Civil Rights Act
*M.C.L. 37.1101* et seq.
(As to All Defendants)**

198.  Although this is not an allegation requiring an answer, State Defendant incorporates its answers to Paragraphs 1–197 above.

199.  State Defendant denies the allegations in Paragraph 199 because they are untrue.  In further answer, Plaintiffs' referenced claims under the Elliott-Larsen Civil Rights Act were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

200.  State Defendant neither admits nor denies the allegation in Paragraph 200 as it calls for a legal conclusion.

201.  State Defendant admits Paragraph 201 correctly quotes Mich. Comp. Law § 37.1102(1). To the extent Paragraph 201 seeks to

paraphrase or characterize the contents of Mich. Comp. Law

§ 37.1102(1), the statute speaks for itself, and State Defendant denies

as untrue allegations and claims to the extent they misrepresent or

mischaracterize the language of Mich. Comp. Law § 37.1102(1).

202.   State Defendant neither admits nor denies the allegation in

Paragraph 202 as it calls for a legal conclusion.  In further answer,

Plaintiffs' claims under the Elliott-Larsen Civil Rights Act were

dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No.

103.)

203.   State Defendant neither admits nor denies the allegations in

Paragraph 203 as it calls for a legal conclusion.  In further answer,

Plaintiffs' have not accurately quoted portions of Mich. Comp. Laws

§ 37.1103(d),(f), (g)–(h) and (l).  To the extent Paragraph 203 seeks to

paraphrase or characterize the contents of Mich. Comp. Laws

§ 37.1103(d)–(l), the statute speaks for itself, and State Defendant

denies as untrue allegations and claims to the extent they misrepresent

or mischaracterize the language of Mich. Comp. Laws § 37.1103(d)–(l).

204.   State Defendant admits that the Michigan Persons With

Disabilities Civil Rights Act includes the State as a "person" in the

definition provision of Mich. Comp. Laws § 37.1103(g).  In further

answer, State Defendant denies that the Michigan Persons With

Disabilities Civil Rights Act includes the State as a "political

subdivision" in the definition provision of Mich. Comp. Laws §

37.1103(i).

205.  State Defendant neither admits nor denies the allegation in

Paragraph 205 as it calls for a legal conclusion. State Defendant admits

Plaintiffs' accurately quoted Mich. Comp. Laws § 37.1301, but to the

extent Paragraph 205 seeks to paraphrase or mischaracterize the

contents of Mich. Comp. Law § 37.1301 of the Persons With Disabilities

Civil Rights Act, these statutes speak for themselves and State

Defendant denies as untrue allegations and claims to the extent they

misrepresent or mischaracterize the language of Mich. Comp. Laws

§ 37.1301 of the Persons With Disabilities Civil Rights Act.

206.  State Defendant neither admits nor denies the allegations in

Paragraph 206 as they call for a legal conclusion.  In further answer,

State Defendant admits Plaintiffs accurately quoted Mich. Comp. Laws

§ 37.1302(a), but State Defendant denies as untrue allegations and

claims to the extent they misrepresent or mischaracterize the language

of Mich. Comp. Laws § 37.1302(a) or the Persons With Disabilities Civil Rights Act.  State Defendant denies as untrue that it is responsible for the access to and control over the facilities and buildings "at issue" and the "access and services at issue" in Plaintiffs' Second Amended Complaint.

207.   State Defendant neither admits nor denies the allegations in Paragraph 207 because they call for a legal conclusion.  In further answer, State Defendant admits Plaintiffs accurately quoted Mich. Comp. Laws § 37.1602, but State Defendant denies as untrue allegations and claims to the extent they misrepresent or mischaracterize the language of Mich. Comp. Laws § 37.1602 or the Persons With Disabilities Civil Rights Act as the statute speaks for itself.

208.   State Defendant neither admits nor denies the allegation in Paragraph 208 as it calls for a legal conclusion.  In further answer, State Defendant denies as untrue the allegations and claims of Paragraph 208 to the extent these misrepresent, paraphrase, or mischaracterize the language of Mich. Comp. Laws § 37.1102(2), as the statute speaks for itself.

209.   State Defendant neither admits nor denies the allegation in Paragraph 209 as it calls for a legal conclusion.  In further answer, Plaintiffs' allegation lacks the necessary specificity regarding the nature of the building or the remediation at issue in order for State Defendant to establish undue hardship at this initial pleading phase.

210.   State Defendant neither admits nor denies the allegation in Paragraph 210 as it calls for a legal conclusion.

211.   State Defendant admits the allegation in Paragraph 211.

212.   State Defendant denies the allegation in Paragraph 212 because it is untrue.

213.   State Defendant denies the allegations in Paragraph 213 because they are untrue.

214.   State Defendant denies the allegations in Paragraph 214 because they are untrue.

215.   State Defendant denies the allegations in Paragraph 215, including subparagraphs a. through d., because they are untrue.  In further answer, Plaintiffs' claims under the Elliott-Larsen Civil Rights Act were dismissed pursuant to this Court's March 30, 2024 Order. (ECF No. 103.)

216.   State Defendant denies the allegations in Paragraph 216 because they are untrue.

217.   State Defendant denies the allegations in Paragraph 217 because they are untrue.

218.   State Defendant denies the allegations in Paragraph 218 because they are untrue.

219.   State Defendant denies the allegations in Paragraph 219 because they are untrue.

220.   State Defendant neither admits nor denies the allegations in Paragraph 220 due to lack of knowledge where it does not own, operate, manage, or control the Coleman A. Young Municipal Center.  In further answer, Plaintiffs' claims under the Elliott-Larsen Civil Rights Act were dismissed pursuant to this Court's March 30, 2024 Order.  (ECF No. 103.)

221.   State Defendant neither admits nor denies the allegations in Paragraph 221, including subparagraphs a. through c., due to lack of knowledge where it does not own, operate, manage, or control the Coleman A. Young Municipal Center.

222.   State Defendant denies the allegations in Paragraph 222

because they are untrue.

223.   State Defendant denies the allegations in Paragraph 223 because they are untrue.  In further answer, State Defendant admits Paragraph 223 correctly quotes Mich. Comp. Laws § 37.1607.  To the extent Paragraph 223 seeks to paraphrase or characterize the contents of Mich. Comp. Laws § 37.1607, the statute speaks for itself, and State Defendant denies as untrue allegations and claims to the extent they misrepresent or mischaracterize the language of Mich. Comp. Laws § 37.1607.

224.   State Defendant neither admits nor denies the allegations in Paragraph 224 as they call for a legal conclusion.  In further answer, State Defendant admits Paragraph 224 correctly quotes a portion of Mich. Comp. Laws § 37.1606.  To the extent Paragraph 224 seeks to paraphrase or characterize the contents of Mich. Comp. Laws § 37.1606, the statute speaks for itself, and State Defendant denies as untrue allegations and claims to the extent they misrepresent or mischaracterize the language of Mich. Comp. Laws § 37.1606.

### *COUNT IV*
**Violations of the Michigan
Barrier Free Act, Michigan Sidewalks Act,
Michigan Construction Code,
Detroit Construction Code, and applicable International
Building and Plumbing Codes
(As to All Defendants)**

225.  Although this is not an allegation requiring an answer, State Defendant incorporates its answers to Paragraphs 1–224 above.

226.  State Defendant neither admits nor denies the allegations in paragraph 226 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

227.  State Defendant neither admits nor denies the allegations in paragraph 227 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

228.  State Defendant neither admits nor denies the allegations in paragraph 228 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

229.  State Defendant neither admits nor denies the allegations in paragraph 229 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

230.   State Defendant neither admits nor denies the allegations in paragraph 230 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

231.   State Defendant neither admits nor denies the allegations in paragraph 231 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

232.   State Defendant neither admits nor denies the allegations in paragraph 232 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

233.   State Defendant neither admits nor denies the allegations in paragraph 233 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

234.   State Defendant neither admits nor denies the allegations in paragraph 234 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

235.   State Defendant neither admits nor denies the allegations in paragraph 235 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

236.  State Defendant neither admits nor denies the allegations in paragraph 236 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

237.  State Defendant neither admits nor denies the allegations in paragraph 237 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

238.  State Defendant neither admits nor denies the allegations in paragraph 238 as Plaintiffs' claims in Count IV were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

## *COUNT V*
**Violation of the Elliott-Larsen Civil
Rights Act Sex
Discrimination
*M.C.L. 37.1101* et seq.
(As to Defendants City of
Detroit, County of Wayne,
and Detroit-Wayne Joint
Building Authority)**

239.  Although this is not an allegation requiring an answer, State Defendant incorporates its answers to Paragraphs 1–238 above.

240.  State Defendant neither admits nor denies the allegations in paragraph 240 as Plaintiffs' Elliott-Larsen Civil Rights Act claims were

dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

241.  State Defendant neither admits nor denies the allegations in paragraph 241 as Plaintiffs' Elliott-Larsen Civil Rights Act claims were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

242.  State Defendant neither admits nor denies the allegations in paragraph 242 as Plaintiffs' Elliott-Larsen Civil Rights Act claims were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

243.  State Defendant neither admits nor denies the allegations in paragraph 243 as Plaintiffs' Elliott-Larsen Civil Rights Act claims were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

244.  State Defendant neither admits nor denies the allegations in paragraph 244 as Plaintiffs' Elliott-Larsen Civil Rights Act claims were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

245.  State Defendant neither admits nor denies the allegations in paragraph 245 as Plaintiffs' Elliott-Larsen Civil Rights Act claims were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

246.  State Defendant neither admits nor denies the allegations in paragraph 246 as Plaintiffs' Elliott-Larsen Civil Rights Act claims were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

247.  State Defendant neither admits nor denies the allegations in paragraph 247 as Plaintiffs' Elliott-Larsen Civil Rights Act claims were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

## DAMAGES

248.  Although this is not an allegation requiring an answer, State Defendant incorporates its answers to Paragraphs 1–247 above.

249.  State Defendant denies the allegations contained in Paragraph 249 because they are untrue.  In further answer, Plaintiffs' claims under the Rehabilitation Act and the Elliott-Larsen Civil Rights

Act were dismissed pursuant to this Court's March 30, 2024 Order. (ECF No. 103.)

250.   State Defendant denies the allegations contained in Paragraph 250 because they are untrue.

251.   State Defendant denies the allegations contained in Paragraph 251, including subparagraphs a. through k., because they are untrue.

## PUNATIVE DAMAGES

252.   Although this is not an allegation requiring an answer, State Defendant incorporates its answers to Paragraphs 1–251 above.

253.   State Defendant neither admits nor denies the allegations in paragraph 253 as Plaintiffs' punitive damage claims were dismissed by this Court pursuant to its March 30, 2024 Order. (ECF No. 103.)

254.   State Defendant neither admits nor denies the allegations in paragraph 254 as Plaintiffs' punitive damages claims were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

255.  State Defendant neither admits nor denies the allegations in paragraph 255 as Plaintiffs' punitive damages claims were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

256.  State Defendant neither admits nor denies the allegations in paragraph 256 as Plaintiffs' punitive damages claims were dismissed by this Court pursuant to its March 30, 2024 Order. (ECF No. 103.)

257.  State Defendant neither admits nor denies the allegations in paragraph 257 as Plaintiffs' punitive damages claims were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

258.  State Defendant neither admits nor denies the allegations in paragraph 258 as Plaintiffs' punitive damages claims were dismissed by this Court pursuant to its March 30, 2024 Order.  (ECF No. 103.)

## JURY DEMAND

259.  State Defendant neither admits nor denies that Plaintiffs are demanding a jury trial.

## STATE DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

1.  The Plaintiffs fail to state a claim upon which relief may be granted.

2.      The Plaintiffs' remaining claims may be barred by absolute immunity and other immunity granted by law.

3.      State Defendant is not legally or in equity liable for Plaintiffs' remaining claims alleging various circuit and district courts violated the Americans with Disabilities Act and the Persons With Disabilities Civil Rights Act.

4.      State Defendant does not own, operate, manage or control the remaining buildings or facilities, including the local courts in Wayne, Ingham, Livingston, or Washtenaw.

5.      State Defendant did not cause and is not liable for any injury claimed by Plaintiffs.

6.      The statute of limitations bars Plaintiffs' claims arising three years prior to filing their instant complaint.

7.      State Defendant was not the direct and proximate cause of the Plaintiffs' alleged injuries.

8.      The Plaintiffs had a duty to mitigate damages.

9.      State Defendant may prove that there were either efficient, intervening and superseding actions and/or negligence of others unknown to State Defendant at this time such that the injuries or

damages allegedly suffered by the Plaintiffs may have been caused in whole or in part by the acts or omissions of the Plaintiffs and/or by other non-parties, so that the alleged injuries and alleged damages suffered by the Plaintiffs were not proximately caused by the acts or omissions of State Defendant.

10.    Plaintiffs' claims may be barred in whole or in part because making modifications to the complained of facilities and buildings would fundamentally alter the nature of the services, programs, and activities that are being offered at these.

11.    Plaintiffs' claims are barred in whole or in part because the Plaintiffs have failed to name or join as a party to this suit all persons and/or entities against whom a finding of fault is properly directed.

12.    At all times complained of, State Defendant did not act with malicious intent and acted in good faith and with a reasonable justification or belief in the legality and lawfulness of its actions, and its actions were reasonable considering all of the circumstances.

13.    State Defendant did not cause—negligently, intentionally or otherwise—Plaintiffs to be deprived of any rights secured by the Americans with Disabilities Act or the Michigan Persons With

Disabilities Civil Rights Act.

14.     State Defendant asserts that if determined to be liable, such liability is several only.

15.     State Defendant asserts that if determined to be liable, Plaintiffs' claims may be barred in whole or in part against State Defendant for the reason that the relief requested would constitute an undue hardship and administrative burden upon State Defendant to bring the property into compliance with the required scope of the Americans with Disabilities act and the Persons With Disabilities Civil Rights Act.

16.     State Defendant asserts that if determined to be liable, Plaintiffs' claims may be barred in whole or in part because the requested actions would constitute an undue financial burden and administrative burden upon State Defendant.

17.     State Defendant asserts that if determined to be liable, structural changes may not be technically infeasible.

18.     The Plaintiffs' complaint must be dismissed in its entirety because there are no genuine issues as to any material fact and the State Defendant is entitled to judgment as a matter of law.

19.     Plaintiffs' losses or damages, if any, may have been caused by their own actions, the actions of other third parties or were the result of unrelated, pre-existing or subsequent conditions that cannot be attributed to State Defendant.

20.     Plaintiffs' remaining claims may be barred due to estoppel, res judicata, waiver or laches.

21.     Plaintiffs' Second Amended Complaint fails to state facts sufficient to certify a class for purposes of a class action. Therefore, this action is not properly brought as a class action under Fed. R. Civ. P. 23.

22.     State Defendant reserves the right to raise any additional affirmative defenses as they become known.

Respectfully submitted,

*s/ Cassandra Drysdale-Crown*
Cassandra Drysdale-Crown
Assistant Attorney General
Attorney for Defendant State of Michigan
P.O. Box 30736
Lansing, MI 48909
517.335.7659
drysdalecrownc@michigan.gov
Dated:  April 15, 2024          P64108

63

Kimberly K. Pendrick (P60348)
Assistant Attorney General
Attorney for Defendant State of
Michigan
3030 W. Grand Blvd., Suite 10-666
Detroit, Michigan 48202
517.930.8842
Dated: April 15, 2024      pendrickk@michigan.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Cassandra Drysdale-Crown*
Cassandra Drysdale-Crown (P64108)
Assistant Attorney General