## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JILL BABCOCK**,
**MARGUERITE MADDOX,** and
**ASHLEY JACOBSON**, on behalf of                    Case No. 22-cv-12951
themselves and others similarly situation,          Hon. Jonathan J.C. Grey

PLAINTIFFS,

v.

**STATE OF MICHIGAN, COUNTY OF
WAYNE, CITY OF DETROIT, WAYNE
COUNTY BUILDING AUTHORITY,
DETROIT BUILDING AUTHORITY,** and
**DETROIT-WAYNE JOINT BUILDING
AUTHORITY**,

DEFENDANTS, jointly and severally.
_____/

### WAYNE COUNTY DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

NOW COMES Defendant County of Wayne (County Defendant), by and through its respective counsel, and for its Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint ("SAC") states as follows:

### INTRODUCTORY STATEMENT

1.      County Defendant neither admits nor denies the allegations contained in this paragraph to the extent it is a summary of the Complaint but denies the factual allegations as alleged.

2.     County Defendant denies the allegations contained in this paragraph as untrue.

3.     County Defendant denies the allegations contained in this paragraph as untrue.

4.     County Defendant denies the allegations contained in this paragraph as untrue.

5.     County Defendant denies the allegations contained in this paragraph as untrue.

6.     County Defendant admits only that it is aware of its obligation and denies the remaining allegations contained in this paragraph as untrue.

7.     County Defendant denies the allegations contained in this paragraph as untrue.

8.     County Defendant admits Plaintiffs seek relief but denies Plaintiffs are entitled to the relief sought.

## FEDERAL JURISDICTION

9.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, County Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and leaves Plaintiffs to their proofs.

10.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, County Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and leaves Plaintiffs to their proofs.

11.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, County Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and leaves Plaintiffs to their proofs.

12.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, County Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation as it relates to another defendant.

13.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, County Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation as it relates to another defendant.

14.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied as untrue.

15.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied as untrue.

## VENUE

16.     County Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation as it relates to residency and leaves Plaintiffs to their proofs.

17.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied as untrue.

18.     County Defendant admits that it is located within the Eastern District of Michigan.

19.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, County Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

## PARTIES PLAINTIFF

20.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied as untrue.

21.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

22.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

23.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

24.     County Defendant admits only that Plaintiff Jill Babcock received her bar license, County Defendant lacks knowledge or information sufficient to form a belief about the truth as to remaining allegations of this paragraph.

25.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

26.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

27.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

28.    County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

29.    County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph, including subparagraphs (a – b) and leaves Plaintiffs to their proofs.

30.    County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

31.    County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

32.    County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

33.    County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

34.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

35.     County Defendant denies as untrue the allegations contained in this paragraph, including subparagraphs (a – e) and leaves Plaintiffs to their proofs.

36.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

37.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

38.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

39.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

40.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

41.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

42.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

43.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

44.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

45.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph, including subparagraphs (a – b) as it relates to another defendant.

46.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

47.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

48.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

49.     County Defendant denies as untrue the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

50.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

51.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

52.     County Defendant admits only that Plaintiff Ashley Jacobson received her bar license, County Defendant lacks knowledge or information sufficient to form a belief about the truth as to remaining allegations of this paragraph.

53.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

54.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to another defendant.

55.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

56.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph because it does not specify the buildings referenced and leaves Plaintiffs to their proofs.

57.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to another defendant and leaves Plaintiffs to their proofs.

58.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

59.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph because it does not specify the buildings or defendants referenced and leaves Plaintiffs to their proofs.

60.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

61.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

62.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

63.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

64.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied as untrue.  Further, County Defendant denies it has violated federal or state laws relating to same because such allegation is untrue.

### *Plaintiffs' Injuries as Class Representatives and Class Action Discussion*

65.     County Defendant denies the allegations contained in this paragraph, including subparagraphs (a - e) as untrue and leaves Plaintiffs to their proofs. Further, County Defendant denies Plaintiffs meet the qualifications for class certification.

66.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

67.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph because it does not specify the buildings referenced and leaves Plaintiffs to their proofs.

68.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

69.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied as untrue.  Further, County Defendant denies it has violated federal or state laws relating to same because such allegation is untrue.

70.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

71.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

72.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied as untrue. Further, there is neither commonality of facts, nor is judicial economy served by having the various defendants joined in the same case.

73.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, County Defendant neither admits nor denies each plaintiff's status as a "qualified individual with a disability" due to lack of information or knowledge and leaves Plaintiffs to their proofs.

74.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

75.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to each plaintiff.

76.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

77.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

## PARTIES DEFENDANT

78.     County Defendant neither admits nor denies the allegations contained in this paragraph as it calls for a legal conclusion and leaves Plaintiffs to their proofs.

79.     County Defendant neither admits nor denies the allegations contained in this paragraph as it calls for a legal conclusion. Further, the state laws referenced have been dismissed pursuant to this Court's March 30, 2024, Order: (ECF No. 103.)

80.     County Defendant neither admits nor denies the allegations contained in this paragraph as it calls for a legal conclusion and leaves Plaintiffs to their proofs.

81.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to a different defendant and leaves Plaintiffs to their proofs.

82.     County Defendant admits only that County of Wayne is a political subdivision of the State of Michigan, with an elected county executive, board of supervisors, sheriff, treasurer, county clerk, register of deeds, and prosecuting attorney.

83.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to a different defendant and leaves Plaintiffs to their proofs.

84.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to a different defendant and leaves Plaintiffs to their proofs.

85.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to a different defendant and leaves Plaintiffs to their proofs.

86.     County Defendant denies the allegation in this paragraph as untrue.

87.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied as untrue.

88.     County Defendant admits only that the Wayne County Building Authority is a public body corporate, but denies that it is granted any unique powers County Defendant denies the remaining allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

**DEFENDANTS HAVE INJURED EACH OF THE PLAINTIFFS**

89.     County Defendant neither admits nor denies the allegations contained in this paragraph as it calls for a legal conclusion and leaves Plaintiffs to their proofs. Further, County Defendant denies Plaintiffs have been denied access to any of its buildings including the rights outlined in subparagraphs (a – r).

90.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph, including subparagraphs (a – f) and leaves Plaintiffs to their proofs.

*INACCESSIBLE TOILET ROOMS (INCLUDING LOCKED TOILET ROOMS IN PUBLIC AREAS OF PUBLIC BUILDINGS), TOILETS, LAVATORIES AND FIXTURES VIOLATE PLAINTIFFS' CONSTITUTIONAL RIGHTS TO BODILY INTEGRITY*

91.     County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph, including subparagraphs (a – l) as it relates to Plaintiffs' medical conditions or history and leaves Plaintiffs to their proofs.

92.     County Defendant denies the allegations contained in this paragraph, including subparagraphs (a – e) as untrue and leaves Plaintiffs to their proofs.

93.     County Defendant neither admits nor denies the allegations contained in this paragraph as it calls for a legal conclusion and leaves Plaintiffs to their proofs. Further, this paragraph quotes information cited on articles and websites related to water and sanitation to which the documents cited speak for themselves.

94.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

95.     County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

### *INACCESSIBLE PARKING, SIDEWALKS AND CURBS, GRADING, ENTRANCES AND EXITS, AND INTERIOR SPACES*

96.     County Defendant denies the allegations contained in this paragraph, including subparagraphs (a – b) as untrue and leaves Plaintiffs to their proofs. Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

97.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

98.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph, including subparagraphs (a – c) are denied.

99.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

100.    County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

101.    County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

102.    County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

## *DEFENDANTS HAVE REPEATEDLY VIOLATED FEDERAL AND STATE DISABILITY LAWS DIRECTLY CAUSING HARM TO PLAINTIFFS AND INTERFERING WITH THEIR RIGHTS, INCLUDING AT THESE BUILDINGS AND FACILITIES*

103.    County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

104.    County Defendant admits that it provides programming to the public but denies the remaining allegation as untrue. Specifically, County Defendant denies that it has refused to comply with federal and state laws because such allegation is untrue.

105.    County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to another defendant and leaves Plaintiffs to their proofs.

17

106.   County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

107.   County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs. Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

108.   County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs. Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

## *VIOLATIONS AT THE STATE CAPITOL, MICHIGAN HALL OF JUSTICE, GEORGE W. ROMNEY BUILDING, AND OTHER BUILDINGS ON THE PLAZA AND CAPITOL LOOP*

109.   County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph, including subparagraphs (a -f) as it relates to another defendant and leaves Plaintiffs to their proofs.

110.   County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph, including subparagraphs (a – g) as it relates to another defendant and leaves Plaintiffs to their proofs.

## *VIOLATIONS AT THE COLEMAN A. YOUNG MUNICIPAL CENTER*

111.   County Defendant neither admits nor denies the allegations contained in this paragraph and leaves Plaintiffs to their proofs.

112.   County Defendant admits only that there are two towers and certain common areas. County Defendant neither admits nor denies the allegations contained in this paragraph as it relates to the characterization of the structure and the daily and annual visitors and leaves Plaintiffs to their proofs.

113.   County Defendant admits only that CAYMC is a building that is open to the public, but neither admits nor denies the specific legal conclusion outlined by Plaintiffs and leaves Plaintiffs to their proofs.

114.    County Defendant admits CAYMC serves multiple government purposes and has tenants that include executive and legislative branches of government for the County of Wayne and City of Detroit, but neither admits nor denies the remaining allegations in this paragraph.

115.   County Defendant denies the allegations contained in this paragraph, including subparagraphs (a – i) as untrue and leaves Plaintiffs to their proofs.

116.  County Defendant admits that the County entered into a contract of lease on or about November 6, 1952.

117.  County Defendant admits that the County entered into an amendment of lease contract on or about March 1, 1988.

118.  County Defendant neither admits nor denies the allegations contained in this paragraph as it calls for a legal conclusion and leaves Plaintiffs to their proofs. Specifically, M.C.L. 125.1351(g)(ii) speaks for itself.

119.  County Defendant can neither admit nor deny the allegations that speak to specific improvements made to CAYMC and leaves Plaintiffs to their proofs.

120.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

121.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

122.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

123.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

124.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

125.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

126.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

127.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

### *VIOLATIONS AT THE FRANK MURPHY HALL OF JUSTICE*

128.   County Defendant neither admits nor denies the allegations including subparagraphs (a – e) that speak to specific configuration at the Frank Murphy Hall of Justice and leaves Plaintiffs to their proofs.

129.   County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

### *VIOLATIONS AT THE 36TH DISTRICT COURT BUILDING*

130.   County Defendant neither admits nor denies for lack of information or knowledge the allegations, including subparagraphs (a – g) that speak to 36th District Court as it relates to a different defendant and leaves Plaintiffs to their proofs.

131.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

## *VIOLATIONS AT THE LINCOLN JUVENILE JUSTICE CENTER*

132.   County Defendant neither admits nor denies the allegations, including subparagraphs (a – d) that speak to the adequacy of the specific configuration at the Lincoln Hall of Justice as they call for a legal conclusion and leaves Plaintiffs to their proofs.  Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

133.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

## *VIOLATIONS AT THE WAYNE COUNTY CRIMINAL JUSTICE CENTER UNDER CONSTRUCTION ON EAST WARREN*

134.   County Defendant neither admits nor denies the allegations that speak to the adequacy of the specific design or configuration at the yet to be opened Criminal Justice Complex as they call for speculation on a building that is not even constructed and a legal conclusion and leaves Plaintiffs to their proofs. Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

135.   County Defendant neither admits nor denies the allegations that speak to the adequacy of the specific design or configuration at the yet to be opened Criminal Justice Complex as they call for speculation on a building that is not even

constructed and a legal conclusion and leaves Plaintiffs to their proofs. Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

136. County Defendant neither admits nor denies the allegations that speak to the adequacy of the specific design or configuration at the yet to be opened Criminal Justice Complex as they call for speculation on a building that is not even constructed and a legal conclusion and leaves Plaintiffs to their proofs. Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

137. County Defendant neither admits nor denies the allegations that speak to the adequacy of the specific design or configuration at the yet to be opened Criminal Justice Complex as they call for speculation on a building that is not even constructed and a legal conclusion and leaves Plaintiffs to their proofs. Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

138. County Defendant neither admits nor denies the allegations that speak to the adequacy of the specific design or configuration at the yet to be opened Criminal Justice Complex as they call for speculation on a building that is not even constructed and a legal conclusion and leaves Plaintiffs to their proofs. Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

139. County Defendant neither admits nor denies the allegations that speak to the adequacy of the specific design or configuration at the yet to be opened Criminal Justice Complex as they call for speculation on a building that is not even

constructed and a legal conclusion and leaves Plaintiffs to their proofs.  Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

140.  County Defendant neither admits nor denies the allegations that speak to the adequacy of the specific design or configuration at the yet to be opened Criminal Justice Complex as they call for speculation on a building that is not even constructed and a legal conclusion and leaves Plaintiffs to their proofs.  Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

### *VIOLATIONS AT WAYNE COUNTY EXECUTIVE AND LEGISLATIVE OFFICES AND CERTAIN PUBLIC CITY OF DETROIT OFFICES IN THE GUARDIAN BUILDING*

141.  County Defendant admits that Wayne County has offices throughout the Guardian Building, but denies it has violated state or federal law because such allegation is untrue.  Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

142.  County Defendant admits that Wayne County has offices throughout the Guardian Building, but denies it has violated state or federal law because such allegation is untrue.  Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

143.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are

denied.  Further, these allegations are subject to this Court's March 30, 2024 Order:

(ECF No. 103.)

### VIOLATIONS AT THE WAYNE COUNTY REGISTER OF DEEDS
### AND OTHER PUBLIC OFFICES IN THE
### 400 MONROE STREET BUILDING

144.   County Defendant admits that the County has offices at 400 Monroe,

including the Register of Deeds and the Wayne County Treasurer, but denies it has

violated state or federal law because such allegation is untrue.  Further, these

allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

145.   This paragraph sets forth a legal conclusion to which no response is

required. To the extent a response is required, the allegations of this paragraph are

denied.  Further, these allegations are subject to this Court's March 30, 2024 Order:

(ECF No. 103.)

### VIOLATIONS AT THE FRIEND OF THE COURT AND FAMILY COURT
### OFFICES AND COURTROOMS IN
### THE PENOBSCOT BUILDING

146.   County Defendant admits that the Friend of the Court is located in the

Penobscot Building, but denies it violated state or federal law contained in

subparagraphs (a – e) because such allegation is untrue and further deny that the

County Defendants would be responsible for any structural issues associated with

that structure.  Further, these allegations are subject to this Court's March 30, 2024

Order: (ECF No. 103.)

147.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations are subject to this Court's March 30, 2024 Order: (ECF No. 103.)

### *VIOLATIONS AT THE 47TH CIRCUIT COURT AND 94THDISTRICT COURT BUILDING IN ESCANABA, MICHIGAN*

148.   County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph, including subparagraphs (a – c) as it relates to another defendant.

149.   County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to another defendant.

### *VIOLATIONS AT THE 44TH CIRCUIT COURT BUILDINGS*

150.   County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph, including subparagraphs (a – c) as it relates to another defendant.

151.   County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to another defendant.

### *VIOLATIONS AT THE 11TH CIRCUIT COURT BUILDING*

152.  County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph, including subparagraphs (a – e) as it relates to another defendant.

153.  County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to another defendant.

## *VIOLATIONS AT THE 16TH CIRCUIT COURT BUILDING*

154.  County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph, including subparagraphs (a – b) as it relates to another defendant.

155.  County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to another defendant.

## *VIOLATIONS AT THE 6TH CIRCUIT COURT BUILDINGS*

156.  County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph, including subparagraphs (a – e) as it relates to another defendant.

157.  County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to another defendant.

### *VIOLATIONS AT THE 22ND JUDICIAL CIRCUIT COURT BUILDING*

158.  County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph, including subparagraphs (a – c) as it relates to another defendant.

159.  County Defendant neither admits nor denies for lack of knowledge or information the allegations contained in this paragraph as it relates to another defendant.

### *DEFENDANTS' DUTY TO COMPLY WITH RELEVANT STATE AND FEDERAL ACCESSIBILITY LAWS*

160.  County Defendant admits only that Wayne County has received federal funds through the American Rescue Plan Act (ARPA), but cannot speak to other defendants' receipt of any such funds.

161.  County Defendant neither admits nor denies as this paragraph calls for a legal conclusion and leaves Plaintiffs to their proofs.

162.  County Defendant neither admits nor denies as this paragraph calls for a legal conclusion and leaves Plaintiffs to their proofs.

163.  County Defendant neither admits nor denies due to lack of information or knowledge and leaves Plaintiffs to their proofs.

164.  County Defendant neither admits nor denies due to lack of information or knowledge and leaves Plaintiffs to their proofs.

165.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

167.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

## CAUSES OF ACTION

### COUNT I
***Violations of Title II of the
Americans with Disabilities Act
42 U.S.C. § 12131 et seq.
(As to All Defendants)***

168. County Defendant re-allege and incorporate by reference the allegations set forth in all preceding paragraphs.

169.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, County defendant denies as untrue allegations and claims to the extent they misrepresent or mischaracterize the language of 42 U.S.C. § 12132.

170.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, County defendant lacks knowledge or information to form a belief related to this allegation.

171.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, County defendant lacks knowledge or information to form a belief related to this allegation.

29

172. This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

173. This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

174. County Defendant admits.

175. County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

176. County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

177. This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

178. County Defendant denies the allegations contained in this paragraph, including subparagraphs (a - d) as untrue and leaves Plaintiffs to their proofs.

179. County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

180. County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

181.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

182.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

183.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

<u>**COUNT II**</u>
**Violations of Section 504 of the**
**Rehabilitation Act of 1973**
**29 U.S.C. § 794 et seq.**
**(As to All Defendants)**

184. County Defendant re-allege and incorporate by reference the allegations set forth in all preceding paragraphs.

185.  This paragraph cites 20 U.S.C. § 794(a) (see also 34 C.F.R. § 104.4(a)). The statute and regulations speak for themselves and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required. Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

186.  This paragraph cites 29 U.S.C. § 705(20)(B) (incorporating definition in 42 U.S.C. § 12102 by reference).  The statutes speaks for themselves and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.

Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

187. This paragraph cites 42 U.S.C. § 12102(2)(A). The statute speaks for itself and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required. Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

188. This paragraph cites the terms "program" or "activity" as defined by 20 U.S.C. § 794(b) which speak for themselves and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required. Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

189. County Defendant denies the allegations contained in this paragraph, including subparagraphs (a – d) as untrue and leaves Plaintiffs to their proofs. Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

190. County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs. Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

191. County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs. Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

191.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

192.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

193.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

194.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

195.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

196.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

197.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

**COUNT III**
***Violations of the Michigan Persons with***
***Disabilities Civil Rights Act***
***M.C.L. 37.1101 et seq.***
***(As to All Defendants)***

198. County Defendant re-allege and incorporate by reference the allegations set forth in all preceding paragraphs.

199.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs. Further, some claims referenced were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

200.  This paragraph cites a provision of PDCRA, Act 220 of 1976. The statute speaks for itself and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.

201.  This paragraph cites MCL 37.1102(1). The statute speaks for itself and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.

202.  This paragraph cites MCL 37.1604. The statute speaks for itself and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.

203.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

204.  This paragraph cites MCL 37.1103. The statute speaks for itself and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.

205.  This paragraph cites MCL 37.1301. The statute speaks for itself and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.

206.  This paragraph cites MCL 37.1302. The statute speaks for itself and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.

207.  This paragraph cites MCL 37.1602. The statute speaks for itself and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.

208.  This paragraph cites MCL 37.1102(2). The statute speaks for itself and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.

209.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

210.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

211.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

212.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

213.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

214.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

215.  County Defendant denies the allegations contained in this paragraph, including subparagraphs (a – d) as untrue and leaves Plaintiffs to their proofs.

216.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

217.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

218.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

219.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

220.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

221.  County Defendant denies the allegations contained in this paragraph, including subparagraphs (a – c) as untrue and leaves Plaintiffs to their proofs.

222.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

223.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

224.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.

***COUNT IV***
***Violations of the Michigan***
***Barrier Free Act, Michigan Sidewalks Act,***
***Michigan Construction Code,***
***Detroit Construction Code, and***
***applicable International Building***
and Plumbing Codes
***(As to All Defendants)***

225. County Defendant re-allege and incorporate by reference the allegations set forth in all preceding paragraphs.

226.  This paragraph cites MCL 125.1351. The statute speaks for itself and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required. Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

227.  This paragraph cites MCL 125.1352 and MCL 125.1351(b), (c), (e), and (h). The statutes speak for themselves and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

228.  This paragraph cites MCL 125.1352(1). The statute speaks for itself and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

229.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

230.  This paragraph references MCL 125.1355 and the Michigan Stille-Derossett-Hale Single State Construction Code Act of 1972. The statutes speak for themselves and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

231.  This paragraph cites MCL 125.1502a(1)(d). The statute speaks for itself and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

232.  This paragraph cites MCL 125.1504(1), (2) and (5). The statutes speak for themselves and to the extent this paragraph contains Plaintiff's legal

conclusions, no response is required.   Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

233.   This paragraph cites the "International Building Code, Plumbing Code, Mechanical Code, and other applicable codes".   The statutes speak for themselves and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

234.   This paragraph references Section 403 Minimum Plumbing Facilities and Section 404 Accessible Plumbing Facilities, Mich. Admin. Code R. 408.30758. The statutes speak for themselves and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

235.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

236.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

237.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

238.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

### *COUNT V*
#### *Violation of the Elliott-Larsen Civil Rights Act*
#### *Sex Discrimination*
#### *M.C.L. 37.2101 et seq.*
#### *(As to Defendants City of Detroit,*
#### *County of Wayne, and Detroit-Wayne*
#### *Joint Building Authority)*

239. County Defendant re-allege and incorporate by reference the allegations set forth in all preceding paragraphs.

240.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, M.C.L. 37.2301(a) speaks for itself.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

241.   This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are

denied.  Further, M.C.L. 37.2301(b) speaks for itself.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

242. This paragraph cites MCL 37.2302(a). The statutes speak for themselves and to the extent this paragraph contains Plaintiff's legal conclusions, no response is required.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

243.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

244.  County Defendant denies the allegations contained in this paragraph as untrue and leaves Plaintiffs to their proofs.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

245.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

246.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

247.  This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.  Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

## DAMAGES

248.  County Defendant re-allege and incorporate by reference the allegations set forth in all the preceding paragraphs.

249.  County Defendant deny the allegations contained in this paragraph as untrue. Further, these allegations were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

250.  County Defendant deny the allegations contained in this paragraph as untrue.

251.  County Defendant deny the allegations contained in this paragraph, including subparagraphs (a - k) as untrue.

## PUNITIVE DAMAGES

252.  County Defendant re-allege and incorporate by reference the allegations set forth in all the preceding paragraphs.

253.  County Defendant neither admits nor denies these allegations as punitive damages were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

254.   County Defendant deny the allegations contained in this paragraph as untrue.  Further, punitive damages were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

255.   County Defendant deny the allegations contained in this paragraph as untrue.  Further, punitive damages were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

256.   County Defendant deny the allegations contained in this paragraph as untrue.  Further, punitive damages were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

257.   County Defendant deny the allegations contained in this paragraph as untrue.  Further, punitive damages were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

258.   County Defendant deny the allegations contained in this paragraph as untrue.  Further, punitive damages were dismissed pursuant this Court's March 30, 2024 Order: (ECF No. 103.)

## JURY DEMAND

259.   County Defendant neither admits nor denies that Plaintiffs demand a jury by trial.

## RELIEF REQUESTED

WHEREFORE, County Defendant respectfully requests that this Court deny Plaintiffs relief requested, including subparagraphs A – I, in their Second Amended Complaint, and award County Defendant any other relief it deems just.

## AFFIRMATIVE DEFENSES

1. Some or all of the Counts of the SAC fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims may be barred, in whole or in part, subject to the fundamental alternation defense and Plaintiffs' demands would fundamentally alter the nature of County Defendant's public accommodation.

3. Joinder of parties and claims is inappropriate in this case.

4. Plaintiffs' claims may be barred, in whole or in part, for the reason that the relief requested would constitute an undue hardship and administrative burden upon the County Defendants to bring its subject properties into compliance with the required scope of the acts pursuant to which the action is brought.

5. Plaintiffs' claims may be barred, in whole or in part, for the reason that Plaintiffs' demands as they relate to the County Defendants' properties are not readily achievable nor are they financially reasonable or achievable.

6. County Defendants and the properties subject to this action are entitled to a safe harbor based on prior compliance.

7.   Allegations including but not limited to the County's Criminal Justice Complex are not ripe for adjudication.

8.   Plaintiffs' claims may be barred, in whole or in part, for the reason that compliance with Plaintiffs' demands is structurally impracticable and/or impossible.

9.   Plaintiffs' claims may be barred, in whole or in part, for Plaintiffs' failing to mitigate damages, failing to provide adequate notice of claimed issues or problems, and failing to give sufficient opportunity to remedy those problems, before going to the unnecessary and undue expense of an unneeded litigation, when any barriers could have easier been remedied without such an extreme remedy.

10.  Plaintiffs' claims may be barred in whole or in part for the reason that one or more of Plaintiffs lacks standing, as having suffered no real harm, or to the extent one or more Plaintiffs never intended to seek any services at the County buildings and/or does not intend to return to any of the County buildings.

11.  Plaintiffs' claims may be barred in whole or in part for the reason that Plaintiffs have suffered no real harm as a result of any of the claimed violations set forth in the SAC.

12.  Plaintiffs' claims may be barred in whole or in part for the reason that there is a business necessity to the nature in which the County buildings are configured and/or managed.

13.  Plaintiffs' allegations are inapplicable in this matter because the County buildings at issue in this case existed before January 26, 1992.

14.  Plaintiffs' claims against the County Defendants may be barred in whole or in part by application of the applicable statute of limitations and/or doctrine of laches.

15.  Plaintiffs' claims may be barred in whole or in part because the alleged violations do not prevent Plaintiffs from using and/or enjoying all of the goods, services, and facilities available to the public at the County buildings outlined in Plaintiffs' SAC, or equivalent to the goods, services, or facilities available to members of the public.

16.  In the case of a path of travel-the alterations sought by Plaintiff would be disproportionate to the cost of the overall alteration where the cost exceeds 20% of the cost of the overall alteration.

17.  Plaintiffs' claims may be barred, in whole or in part, for failure to exhaust administrative remedies, or non-compliance with other conditions precedent.

18.  The alleged deprivation of civil rights did not result from a breach of any duty the County Defendants owed to Plaintiffs, nor were the alleged actions or omissions the cause in fact or proximate cause of harm Plaintiffs allege they have suffered.

19.  Plaintiffs' claims may be barred, in whole or in part, for the reason that County Defendant provides access through readily achievable alternative methods.

20.  If Plaintiffs' allegations of facts, as set forth in Plaintiffs' SAC are proven to be true, all of which are expressly and repeatedly denied as to the County Defendants, then the County Defendants acted unintentionally and with insufficient culpability to establish a cause of action under any federal civil rights statute or other statute.

21.  Plaintiffs' claims may be barred, in whole or in part, for the reason that County Defendant satisfied the maximum extent feasible standard.

22.   At all times relevant hereto, the County Defendants acted without malicious intent and acted in good faith and with a reasonable justification or belief in the legality and lawfulness of its actions, and its actions were reasonable considering all of the circumstances.

23.  Plaintiffs' injuries and damages, if any, are unrelated to any actions or omissions on the part of County Defendants.

24.  Plaintiffs were not deprived of any rights secured by the United States Constitution or any federal or state statute.

25.  Plaintiffs' claims are barred or limited based upon Plaintiffs' own actions, contributory negligence, and/or assumption of risk.

26.  Counts III and IV allege Plaintiffs alleged right to recover damages and punitive damages, respectively, and are not valid counts.

27.  The SAC (including each purported count in it) does not state facts sufficient to certify a class for purposes of a class action. Therefore, this action is not properly brought as a class action under Rule 23 of the Federal Rules of Civil Procedure.

28.  Plaintiffs' claims may be barred, in whole or in part, due to a lack of subject matter jurisdiction.

29.  Plaintiffs' claims are barred or limited based upon license.

30.  Plaintiffs' claims may be barred, in whole or in part, due to res judicata, release, payment, and/or arbitration and award.

30.  Plaintiffs' claims may be barred, in whole or in part, due to waiver.

31. County Defendant reserves the right to raise any additional affirmative defenses as they become known.

Respectfully Submitted,

**THE MILLER LAW FIRM**

/s/*Angela L. Baldwin*
Angela L. Baldwin (P81565)
E. Powell Miller (P39487)
Melvin B. Hollowell (P37834)
Sharon S. Almonrode (P33938)
*Attorneys for Wayne County Defendant*
211 W. Fort Street, Suite 705
Detroit, MI 48226

(248) 841-2200
alb@millerlawpc.com

Dated: April 15, 2024

## LOCAL RULE CERTIFICATION

I, Angela L. Baldwin, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/*Angela L. Baldwin*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 15, 2024, they electronically filed the foregoing through the Court's ECF system which will send notification of same to all parties of record.

*/s/Eva Skoczylas*