## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN

**JILL BABCOCK,**
**MARGUERITE MADDOX,**
**and ASHLEY JACOBSON, on behalf of**
**themselves and all others similarly situated,**

**Case No. 22-cv-12951**
**Hon. Jonathan J.C. Grey**

        **PLAINTIFFS,**

**STATE OF MICHIGAN,**
**COUNTY OF WAYNE,**
**CITY OF DETROIT,**
**and**
**DETROIT-WAYNE JOINT BUILDING**
**AUTHORITY,**

        **DEFENDANTS, jointly and**
        **Severally.**

_____

## DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S
## ANSWER TO SECOND AMENDED CLASS ACTION CIVIL
## AND DISABILITY RIGHTS COMPLAINT
## FOR INJUNCTIVE AND OTHER RELIEF

Defendant Detroit-Wayne Joint Building Authority ("DWJBA") submits the following in answer to Plaintiffs' Second Amended Class Action Civil and Disability Rights Complaint for Injunctive and Other Relief (the "SAC"), following the Court's March 30, 2024, Order Granting in Part and Denying in Part DWJBA's Motion to Dismiss (ECF No. 103):

### INTRODUCTORY STATEMENT

1.     Denied as to DWJBA.

2.      Denied as to DWJBA.

3.      Denied as to DWJBA.

4.      Denied as to DWJBA.

5.      Denied as to DWJBA.

6.      DWJBA denies violations of its obligations. DWJBA lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph. Further, the Court has dismissed Plaintiffs' claims under the Architectural Barriers Act.

7.      Denied as to DWJBA.

8.      DWJBA admits that Plaintiffs seek relief but denies that DWJBA is liable to Plaintiffs.

## FEDERAL JURISDICTION

9.      DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Further, the Court has dismissed Plaintiffs' claims other than Title II of the Americans with Disabilities Act ("ADA") and the Persons with Disabilities Civil Rights Act ("PWDCRA").

10.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Further, the Court has dismissed Plaintiffs' claims other than Title II of the Americans with Disabilities Act ("ADA") and the Persons with Disabilities Civil Rights Act ("PWDCRA").

11.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     DWJBA neither admits nor denies as this allegation is unrelated to DWJBA.

13.     DWJBA neither admits nor denies as this allegation is unrelated to DWJBA.

14.     DWJBA neither admits nor denies as this allegation states a legal conclusion.

15.     DWJBA neither admits nor denies as this allegation states a legal conclusion.

## VENUE

16.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18.     DWJBA admits that it is located within the Eastern District of Michigan.

19.     DWJBA neither admits nor denies as this allegation states a legal conclusion.

## PARTIES PLAINTIFF

20.    DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph except that DWJBA denies that it has injured any Plaintiff. Further, the Court has dismissed Plaintiffs' claims under the Architectural Barriers Act.

21.    Denied as to DWJBA.

22.    DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.    DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.    Denied as to DWJBA.

25.    DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.    DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.    Denied as to DWJBA.

28.    DWJBA denies that the auditorium violates the ADA or PWDCRA. In further response, DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.    DWJBA neither admits nor denies this allegation because the Court has dismissed all claims against DWJBA involving buildings other than CAYMC.

30.     DWJBA neither admits nor denies this allegation because the Court has dismissed all claims against DWJBA involving buildings other than CAYMC.

31.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA.

32.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA. Further, the Court has held that only Babcock's claims related to Spirit Plaza state a claim and those claims assert wrongdoing solely by the City. At any rate, DWJBA denies violating the ADA or PWDCRA in connection with Spirit Plaza.

33-35.     DWJBA neither admits nor denies this allegation because the Court has dismissed these allegations as vague and not actionable.

36.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA.

37.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43.     DWJBA neither admits nor denies this allegation because the Court has dismissed all claims against DWJBA involving buildings other than CAYMC.

44.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA.

45.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA.

46.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA.

47.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA.

48.     With respect to the Skywalk to CAYMC, DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph except that DWJBA admits that the Skywalk entrance is not available to the general public, and denies that DWJBA violated the ADA or PWDCRA. DWJBA neither admits nor denies the remaining allegations because the Court has dismissed all claims against DWJBA involving buildings other than CAYMC and the exterior spaces addressed in this allegation.

49.     DWJBA neither admits nor denies this allegation because the Court has dismissed all claims against DWJBA involving buildings other than CAYMC.

50-57.     DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA.

58.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Further, DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA.

59.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the

ADA or PWDCRA. Further, DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA.

60.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA. Further, DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA.

61.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA. Further, DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA.

62.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA. Further, DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA and because the Court has dismissed all claims against DWJBA involving buildings other than CAYMC and the exterior spaces unrelated to CAYMC.

63.     DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA.

64.     DWJBA neither admits nor denies as this allegation states a legal conclusion, but denies that DWJBA violated the ADA or PWDCRA. Further, DWJBA neither admits nor denies this allegation because the Court has dismissed

Jacobson's claims against DWJBA and because the Court has dismissed all claims against DWJBA involving buildings other than CAYMC and the exterior spaces unrelated to CAYMC.

### *Plaintiffs' Injuries as Class Representatives and Discussion*

65.    DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA. Further, DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA and because the Court has dismissed all claims against DWJBA involving buildings other than CAYMC and the exterior spaces unrelated to CAYMC.

66.    DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA. Further, DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA and because the Court has dismissed all claims against DWJBA involving buildings other than CAYMC and the exterior spaces unrelated to CAYMC.

67.    DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA. Further, DWJBA neither admits nor denies this allegation because the Court has dismissed all claims against DWJBA involving buildings other than CAYMC and the exterior spaces unrelated to CAYMC.

68.    DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA.

69.    DWJBA neither admits nor denies as this allegation states a legal conclusion, but denies that DWJBA violated the ADA or PWDCRA. Further, DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA.

70.    DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA. Further, DWJBA neither admits nor denies this allegation because the Court has dismissed all claims against DWJBA involving buildings other than CAYMC and the exterior spaces unrelated to CAYMC.

71.    Denied as to DWJBA.

72.    Denied as to DWJBA.

73.    DWJBA lacks knowledge or information sufficient to form a belief as to the allegation that "[e]ach Plaintiff and class member is a 'qualified individual with a disability,'" but denies the remainder of the allegation as to DWJBA.

74.    Denied as to DWJBA.

75.    DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA.

76.    Denied as to DWJBA.

77.     Denied as to DWJBA.

## PARTIES DEFENDANT

78.     DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

79.     DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion. Further, DWJBA neither admits nor denies this allegation to the extent that it relates to the Michigan Barrier Free Act, which the Court dismissed.

80.     Denied as to DWJBA.

81-87.     DWJBA neither admits nor denies these allegations as they relate to other defendants.

88.     DWJBA admits the first and second sentences of this paragraph, but notes that "retail food and sundries shop" is only a pop-up kitchen that is fully accessible. DWJBA denies the third sentence of this paragraph for the reason that DWJBA has no control over approval, design, construction, operation, and maintenance of the leased premises under the control of the city or the county. DWJBA neither admits nor denies the fourth sentence of this paragraph as it states a legal conclusion. DWJBA denies the fifth sentence of this paragraph because DWJBA has not failed to implement required accessibility features to the building.

## DEFENDANTS HAVE INJURED EACH OF THE PLAINTIFFS

89.     DWJBA neither admits nor denies as to DWJBA as this allegation states legal conclusions.

90.     DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA.

### *INACCESSIBLE TOILET ROOMS (INCLUDING LOCKED TOILET ROOMS IN PUBLIC AREAS OF PUBLIC BUILDINGS), TOILETS, LAVATORIES AND FIXTURES VIOLATE PLAINTIFFS' CONSTITUTIONAL RIGHTS TO BODILY INTEGRITY*

91.     DWJBA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but denies that DWJBA violated the ADA or PWDCRA. Further, DWJBA neither admits nor denies the allegations related to Jacobson or to buildings other than CAYMC, which claims the Court has dismissed against DWJBA.

92.     DWJBA lacks knowledge or information sufficient to form a belief about the truth of the first sentence of this paragraph. DWJBA denies that it has been unwilling to provide mandatory accessibility measures or caused Plaintiffs to face discriminatory barriers. DWJBA further denies Plaintiffs' description of CAYMC as generally inaccurate or untrue. In further response, DWJBA controls the lower-level toilets rooms—one for each gender in each tower—and all are fully ADA compliant. The women's toilet room in the Court Tower was made fully complaint in 2023. As to subparagraph b, the signage is fully compliant; in April of 2023, the

signage, which was not gender specific, was accurate to direct women to the accessible toilet room in the Office Tower. There is a publicly accessible toilet room on the 13th floor. As to subparagraph d, DWJBA denies this allegation because the 13th floor toilet room is generally accessible. As to subparagraph e, DWJBA neither admits nor denies this allegation because the Court has dismissed all claims against DWJBA involving buildings other than CAYMC.

93.     DWJBA neither admits nor denies this paragraph as it states a legal conclusion. To the extent an answer is required, DWJBA lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

94.     DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA.

95.     Denied as to DWJBA.

### INACCESSIBLE PARKING, SIDEWALKS AND CURBS, GRADING, ENTRANCES AND EXITS, AND INTERIOR SPACES

96-97.     These allegations fail to state a claim under the Court's Order dated March 30, 2024. To the extent an answer is required, the allegations are denied as to DWJBA.

98.     Denied as to DWJBA. Further, the Court has dismissed Jacobson's claims against DWJBA.

99.     Denied as to DWJBA. Further, the Court has dismissed Jacobson's claims against DWJBA.

100.   Denied as to DWJBA. Further, the Court has dismissed Jacobson's claims against DWJBA.

101.   Denied as to DWJBA.

102.   DWJBA neither admits nor denies this allegation because the Court dismissed Plaintiffs' claim for punitive damages.

## DEFENDANTS HAVE REPEATEDLY VIOLATED FEDERAL AND STATE DISABILITY LAWS DIRECTLY CAUSING HARM TO PLAINTIFFS AND INTERFERING WITH THEIR RIGHTS, INCLUDING AT THESE BUILDINGS AND FACILITIES

103.   Denied as to DWJBA.

104.   DWJBA neither admits nor denies as this allegation states a legal conclusion, but denies that DWJBA violated the ADA or PWDCRA.

105.   DWJBA neither admits nor denies this allegation as it relates to another defendant.

106.   DWJBA admits that it owns CAYMC and leases part of the building to the City and part to the County. Otherwise, this allegation is denied as to DWJBA.

107-110. These allegations involve buildings other than CAYMC; the Court has dismissed claims against DWJBA related to these buildings.

### *VIOLATIONS AT THE COLEMAN A. YOUNG MUNICIPAL CENTER*

111.   DWJBA admits this paragraph generally but further states that construction of CAYMC was completed in 1955.

112.   DWJBA lacks knowledge or information sufficient to form a belief about the truth of the first sentence of this paragraph and subparagraph e. Subparagraph a is generally accurate, though the precise details may be inaccurate, and DWJBA notes that the east tower is generally referred to as the "Office Tower." Subparagraph b is generally accurate except that only certain floors of the two towers are connected. Subparagraph c is inaccurate since many parts of the CAYMC are not open to the public. Subparagraph d substantially overstates the number of visitors and employees at least since March 2020.

113.   DWJBA neither admits nor denies this allegation because the Court dismissed Plaintiffs' claim under the Barrier Free Act.

114.   DWJBA lacks knowledge or information sufficient to form a belief about the truth of this paragraph but believes that it is generally accurate.

115.   DWJBA neither admits nor denies this allegation with respect to the Barrier Free Act, the Architectural Barriers Act, and the Rehabilitation Act of 1973 because the Court dismissed those claims. As to the ADA, DWJBA admits that it has conducted accessibility assessments and that the report from one such assessment is referenced in subparagraph b. As to the remaining subparagraphs, the allegations are denied as to DWJBA, either because the subparagraphs are not accurate or because they involve areas of the building outside of DWJBA's control. Further, subparagraph i fails to state a claim because the Court dismissed claims involving visually-impaired persons.

116.   DWJBA entered into a contract in 1952 with the City of Detroit and the Charter County of Wayne under which the latter parties would get leasehold interests in the building that was to be constructed. DWJBA denies that the initial period of the lease(s) was "not to exceed 50 years".

117.   DWJBA denies this paragraph for the reason that the leases have not expired.

118.   DWJBA neither admits nor denies this allegation because the Court dismissed Plaintiffs' claim under the Barrier Free Act.

119.   DWJBA neither admits nor denies this allegation because the Court dismissed Plaintiffs' claim under the Barrier Free Act. In further response, DWJBA lacks knowledge or information sufficient to form a belief about the truth of this paragraph as to any project allegedly performed by the tenants within their leased spaces. To the extent DWJBA made alterations of areas under its control, it has complied with the ADA and PWDCRA.

120.   DWJBA neither admits nor denies this allegation because the Court dismissed Plaintiffs' claim under the Barrier Free Act.

121.   DWJBA neither admits nor denies this allegation because the Court dismissed Plaintiffs' claim under the Barrier Free Act.

122.   DWJBA neither admits nor denies this allegation because the Court dismissed Plaintiffs' claim under the Sidewalks: Persons With Disabilities Act.

123.   Denied as to DWJBA.

16

124.   DWJBA lacks knowledge or information sufficient to form a belief as to this allegation, but denies that DWJBA violated the ADA or PWDCRA. Further, DWJBA neither admits nor denies the allegation with respect to buildings other than CAYMC, which claim the Court has dismissed against DWJBA.

125.   Denied as to DWJBA.

126.   DWJBA neither admits nor denies this allegation with respect to the Barrier Free Act, Michigan Construction Code, Sidewalks: Persons with Disabilities Act, the Architectural Barriers Act, and the Rehabilitation Act of 1973 because the Court dismissed those claims. As to the ADA and PWDCRA, DWJBA denies this allegation as to DWJBA.

127.   Denied as to DWJBA.

128-159. DWJBA neither admits nor denies the allegations related to buildings other than CAYMC, which claims the Court has dismissed against DWJBA.

## DEFENDANTS' DUTY TO COMPLY WITH RELEVANT STATE AND FEDERAL ACCESSIBILITY LAWS

160.   DWJBA neither admits nor denies this allegation with respect to the Rehabilitation Act of 1973 because the Court dismissed that claim.

161.   DWJBA neither admits nor denies the allegations related to buildings other than CAYMC, which claims the Court has dismissed against DWJBA. As to CAYMC, DWJBA denies responsibility for areas outside its control. Further,

DWJBA lacks knowledge or information sufficient to form a belief as to this allegation because the allegation lacks the necessary specificity for DWJBA to respond.

162.   DWJBA lacks knowledge or information sufficient to form a belief as to this allegation.

163.   Denied as to DWJBA.

164.   Denied as to DWJBA.

165.   DWJBA denies that it failed to cooperate in good faith with the so-called "ad hoc committee." Upon information and belief, the City complied with its obligations in its settlement agreement with the Department of Justice related to CAYMC. DWJBA denies that it has violated the ADA or PWDCRA.

166.   Denied as to DWJBA.

167.   Denied as to DWJBA.

## CAUSES OF ACTION

### COUNT I

***Violations of Title II of the Americans with Disabilities Act 42 U.S.C. § 12131 et seq.***
***(As to All Defendants)***

168.   DWJBA incorporates here its preceding answers.

169.   DWJBA neither admits nor denies as this allegation states a legal conclusion.

170.    DWJBA lacks knowledge or information sufficient to form a belief as to this allegation. Further, the Court has dismissed Jacobson's claims against DWJBA.

171.    DWJBA lacks knowledge or information sufficient to form a belief as to this allegation. Further, the Court has dismissed Jacobson's claims against DWJBA.

172.    DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

173.    DWJBA neither admits nor denies as this allegation states a legal conclusion.

174.    Admitted as to DWJBA.

175.    Denied as to DWJBA.

176.    Denied that DWJBA has failed to comply with its legal obligations.

177.    Denied as to DWJBA.

178.    Denied as to DWJBA.

179.    Denied as to DWJBA.

180.    Denied as to DWJBA.

181.    DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA.

182.   DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA. In further response, DWJBA denies this allegation as to DWJBA.

183.   Denied as to DWJBA that Plaintiffs are entitled to any relief.

## COUNT II

***Violations of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794 et seq.***
***(As to All Defendants)***

184-197. The Court dismissed Count II.

## COUNT III

***Violations of the Michigan Persons with Disabilities Civil Rights Act M.C.L. 37.1101 et seq.***
***(As to All Defendants)***

198.   DWJBA incorporates here its preceding answers.

199.   Denied as to DWJBA. In further response, the Court has dismissed Plaintiffs' claims under the ELCRA and Plaintiffs have not asserted a claim under the Michigan Constitution.

200.   DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

201.   DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

202.   DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

203.   DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

204.   DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

205.   DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

206.   DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

207.   DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

208.   DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

209.   Denied as to DWJBA.

210.   DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

211.   Admitted as to DWJBA.

212.   Denied as to DWJBA.

213.   Denied as to DWJBA.

214.   Denied as to DWJBA.

215.   Denied as to DWJBA. In further response, the Court dismissed Plaintiffs' ELCRA claim. DWJBA neither admits nor denies as to DWJBA as this allegation states a legal conclusion.

216.   Denied as to DWJBA.

217.   Denied as to DWJBA.

218.   DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA.

219.   DWJBA neither admits nor denies this allegation because the Court has dismissed Jacobson's claims against DWJBA. In further response, DWJBA denies this allegation as to DWJBA.

220.   Denied as to DWJBA. In further response, the Court has dismissed Plaintiffs' claims against DWJBA as to all buildings other than CAYMC and has dismissed Plaintiffs' ELCRA claim.

221.   Denied as to DWJBA. In further response, the Court has dismissed Plaintiffs' claims involving visually-impaired persons and claims against DWJBA involving buildings other than CAYMC.

222.   Denied as to DWJBA.

223.   Denied as to DWJBA.

224.   Denied as to DWJBA.

## COUNT IV

### Violations of the Michigan Barrier Free Act, Michigan Sidewalks Act, Michigan Construction Code, Detroit Construction Code, and applicable International Building and Plumbing Codes
### (As to All Defendants)

225-238. The Court dismissed Count IV.

## COUNT V

### Violation of the Elliott-Larsen Civil Rights Act
### Sex Discrimination C.L. 37.2101 et seq.
### (As to Defendants City of Detroit, County of Wayne, and Detroit-Wayne Joint Building Authority)

239-247. The Court dismissed Count V.

## DAMAGES

248.   DWJBA incorporates here its preceding answers.

249.   Denied as to DWJBA. In further response, the Court has dismissed Plaintiffs' claims under the Rehabilitation Act of 1973 and ELCRA.

250.   Denied as to DWJBA. In further response, the Court has dismissed Plaintiffs' claims under the Rehabilitation Act of 1973.

251.   Denied as to DWJBA.

## PUNITIVE DAMAGES

252-258. The Court dismissed Plaintiffs' claim for punitive damages.

## JURY DEMAND

259.   DWJBA neither admits nor denies that Plaintiffs are demanding a jury trial.

## DWJBA'S AFFIRMATIVE AND OTHER DEFENSES

1.      The Court lacks subject-matter jurisdiction against DWJBA for reasons explained in *Babcock v. Michigan*, 812 F.3d 531 (6th Cir. 2016).

2.      The Court lacks subject-matter jurisdiction against DWJBA for reasons explained in *Changizi v. Dept. of Health and Human Servs.*, 82 F.4th 492 (6th Cir. 2023), related to traceability when a third party is involved. Plaintiffs lack standing to assert claims against DWJBA with respect to areas of CAYMC under the control of the City or the County.

3.      The Court lacks subject-matter jurisdiction because Plaintiffs lack standing with respect to the claims against DWJBA and the remedies they seek to obtain against DWJBA.

4.      The Court lacks subject-matter jurisdiction over some or all of the claims against DWJBA because Plaintiffs' claims against DWJBA are moot.

5.      Some or all of Plaintiffs' claims are not ripe for adjudication.

6.      Some or all of the Counts of the Complaint fail to state a claim upon which relief can be granted.

7.      There is a misjoinder of parties with respect to both Plaintiffs and Defendants and a misjoinder of claims.

8.      The leased premises in CAYMC are in the exclusive control of public entities and out of the control of DWJBA.

9.     Plaintiffs' claims may be barred in whole or in part for the reason that the relief requested would constitute an undue hardship and administrative burden upon DWJBA to bring the property into compliance with the required scope of the acts pursuant to which the action is brought.

10.     Plaintiffs' claims may be barred in whole or in part because the requested actions would constitute an undue financial burden and administrative burden upon DWJBA.

11.     The actions Plaintiffs seek with respect to CAYMC would threaten or destroy the historic significance of CAYMC.

12.     The parties related to CAYMC have insufficient resources to accomplish at once all of the improvements Plaintiffs have identified in the Complaint.

13.     DWJBA and the parties related to CAYMC are entitled to a safe harbor based on prior compliance.

14.     Compliance with respect to CAYMC is technically infeasible.

15.     The modifications Plaintiffs has requested with respect to CAYMC are not reasonable.

16.     The cost of certain alterations requestioned may be disproportionate because they may exceed 20 percent of the cost of an overall alteration.

17.     It is structurally impossible to meet all of the requirements Plaintiffs claim are necessary at CAYMC.

18.     Plaintiffs' claims against DWJBA may be barred or limited, in whole or part, to the extent DWJBA satisfied the maximum-extent-feasible standard.

19.     Plaintiffs' claims may be barred in whole or in part for Plaintiffs' failing to mitigate damages, failing to provide adequate notice of claimed issues or problems, and failing to give sufficient opportunity to remedy those problems, before going to the unnecessary and undue expense of an unneeded litigation, when any barriers could have easier been remedied without such an extreme remedy.

20.     Plaintiffs' claims may be barred in whole or in part for the reason that one or more of Plaintiffs lacks standing, as she has suffered no real harm, in that she never intended to seek any services at CAYMC and does not intend to return to CAYMC.

21.     Plaintiffs' claims may be barred in whole or in part for the reason that Plaintiffs have suffered no real harm as a result of any of the claimed violations set forth in the Complaint.

22.     Plaintiffs' claims may be barred in whole in part for the reason that making any of the modifications requested would fundamentally alter the nature of the services that are being offered at CAYMC.

23.     Plaintiffs' claims may be barred in whole or in part for the reason that Plaintiffs are a vexatious litigant in this matter.

24.    Plaintiffs' claims may be barred in whole or in part for the reason that the barriers of which Plaintiffs complain do not actually exist on property owned or controlled by DWJBA.

25.    Plaintiffs' allegations are inapplicable in this matter because CAYMC existed before January 26, 1992, the effective date of Title II of the ADA.

26.    Plaintiffs' claims against DWJBA may be barred in whole or in part by application of the applicable statute of limitations and/or doctrine of laches.

27.    Plaintiffs' claims may be barred in whole or in part because the requested alterations/accommodations may not be readily achievable, may be structurally impractical, technically infeasible, or are not required.

28.    Plaintiffs' claims may be barred in whole or in part because the alleged violations do not prevent Plaintiffs from using and/or enjoying all of the goods, services, and facilities available to the public at CAYMC, or equivalent to the goods, services, or facilities available to members of the public.

29.    Plaintiffs' claims may be barred in whole or in part for failure to exhaust administrative remedies, or non-compliance with other conditions precedent.

30.    The alleged deprivation of civil rights did not result from a breach of any duty DWJBA owed to Plaintiffs.

31.    If Plaintiffs' allegations of facts, as set forth in Plaintiffs' Complaint are proven to be true, all of which are expressly and repeatedly denied as to DWJBA,

then DWJBA acted unintentionally and with insufficient culpability to establish a cause of action under any federal civil rights statute or other statute.

32.     At all times relevant hereto, DWJBA acted without malicious intent and acted in good faith and with a reasonable justification or belief in the legality and lawfulness of its actions, and its actions were reasonable considering all of the circumstances.

33.     DWJBA's alleged actions or omissions were not the cause in fact or proximate cause of harm Plaintiffs allege they have suffered.

34.     Plaintiffs' injuries and damages, if any, are unrelated to any actions or omissions on the part of DWJBA.

35.     Plaintiffs were not deprived of any rights secured by the United States Constitution or any federal or state statute.

36.     Plaintiffs' claims are barred or limited based upon Plaintiffs' own actions.

37.     Some or all of Plaintiffs' claims against DWJBA may be the result of either efficient, intervening, and superseding actions and/or negligence of others.

38.     The Complaint (including each purported count in it) does not state facts sufficient to certify a class for purposes of a class action. Therefore, this action is not properly brought as a class action under Rule 23 of the Federal Rules of Civil Procedure.

39.     The settlement agreement between the Department of Justice and the City of Detroit bars, precludes, estops, or other prevents or limits Plaintiffs' right, power, or ability to assert a private claim related to the some or all of CAYMC based on alleged nonconformities at CAYMC at the time of the agreement.

## RELIEF REQUESTED

For these reasons, DWJBA requests that the Court (1) dismiss Plaintiffs' claims against DWJBA with prejudice, (2) award DWJBA its costs and attorney fees wrongfully incurred, and (3) grant such further and additional relief as justice and fairness require.

Respectfully submitted,

CLARK HILL PLC

____/s/  Paul S. Magy_____
Paul S. Magy (P34423)
Gregory N. Longworth (P49249)
Attorneys for Defendant DWJBA
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 988-5844
pmagy@clarkhill.com
glongworth@clarkhill.com

Dated:  April 29, 2024

<u>LOCAL RULE CERTIFICATION</u>

I, Paul S. Magy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

_____*/s/ Paul S. Magy*_____


<u>CERTIFICATE OF SERVICE</u>

Paul S. Magy, being first duly sworn, deposes and states that on this 29th day of April, 2024, he caused to be served a copy of the foregoing pleading upon all counsel of record via the court's electronic filing system.

_____*/s/ Paul S. Magy*_____