## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**JILL BABCOCK,**                                        **CLASS ACTION**
**MARGUERITE MADDOX,**                          **JURY DEMAND**
**and ASHLEY JACOBSON, on**
**behalf of themselves and all others similarly situated,**

      **PLAINTIFFS,**
                     **CASE No.: 22-cv-12951**
**-vs-**                                         **JUDGE: JONATHAN J.C. GREY**

**STATE OF MICHIGAN,**
**COUNTY OF WAYNE,**
**CITY OF DETROIT,**
**and DETROIT WAYNE JOINT BUILDING AUTHORITY,**

      **DEFENDANTS, Jointly and Severally.**

---

## ORAL ARGUMENT REQUESTED

## PLAINTIFFS' FRCP 15(d) MOTION TO SUPPLEMENT
## PARAGRAPH 56 OF PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs, by their counsel of record, state as follows:

1. In accordance with Local Rule 7.1(a), undersigned counsel Michael W. Bartnik certifies he communicated on Monday June 24, 2024, with opposing counsel for all four Defendants, explaining the nature of the relief sought and seeking concurrence in the relief; however, all opposing counsel have expressly denied their concurrence.

2.  For the reasons stated in Plaintiffs' Brief in Support of this Motion, and the accompanying Declaration with Exhibits of Plaintiff Jacobson (Exhibit C and C-1 to C-8), Plaintiffs move pursuant to Federal Rule of Civil Procedure (FRCP) 15(d) to supplement paragraph 56 of the Second Amendment Complaint (ECF No. 79) filed on June 23, 2023 for purposes of specifically describing Plaintiff Jacobson's representation of clients and potential clients in the Coleman A. Young Municipal Center (CAYMC) subsequent to the filing of the Second Amended Complaint and the associated Motions to Dismiss.

3.  The proposed Supplemental Paragraph 56 of the Second Amended Complaint is contained in the attached Exhibit A.

4.  Plaintiffs request the Court enter the attached Exhibit B, Proposed FRCP 15(d) Order Supplementing Paragraph 56 of Plaintiffs' Second Amended Complaint, allowing the Supplemental Paragraph 56 and giving the Defendants 14 days to plead in response to Supplemental Paragraph 56.

5.  Plaintiff Jacobson has continued to have one matter pending in the Eastern District of Michigan which specifically relates to the CAYMC since it required her in November 2023 to conduct a deposition in the

City of Detroit Law Department Offices located on the Fifth Floor of the CAYMC. *See* Ex. C at Nos. 13-29 and Exs. C-1 to C-7

6. Plaintiff Jacobson determined it necessary to hire co-counsel in that case in part due to the inaccessibility of the CAYMC where further discovery or meetings may occur. *See* Ex. C at No. 16.

7. As she describes in her Declaration, Plaintiff Jacobson required the disability-accessible restroom stall due to the use of a mobility aid— her cane—on the date of the November 2023 deposition. She further "required appropriate space to use her personal medical equipment, including catheters and adjusting (her) spinal cord stimulator using a programmer . . . to arrange and hold against (her) body as it adjusts, which (she) could not do in the traditional restroom stalls in the CAYMC with narrow doorways. . . . (G)etting into proper position for the use of these devices, with (her) cane, required the accessible stall. (She) also required restroom use quickly, due to (her) disabilities which caused, at times, an urgent need to use the restroom." *Id.* at No. 27.

8. Despite advance notice to the Law Department, during the 7-hour deposition she had only limited access to the purportedly accessible toilet room, and was required to ask opposing counsel for permission during the deposition and for the key to use that locked toilet room. In

addition to her personal embarrassment in front of other professionals, she "...attempted to not need to use the restroom frequently on that date, which caused increased physical pain in (her) abdomen and lower back (and needed) to take emergency pain medication upon arriving home that evening." *Id.* at No. 28, *see also Id.* at Nos. 24-29.

9. Plaintiff Jacobson has continued to limit the scope of her representation and even had to outright decline to represent at least one client with matters pending or related to the Third Circuit Court and its operations in the CAYMC, due to the inaccessibility issues in the CAYMC directly related to her incontinence and mobility disabilities. *Id.* at No. 34.

10. In June 2024, Ashley Jacobson declined to represent a client in a Livingston County Case, in a related, pending Wayne County Friend of the Court matter that would occur in CAYMC. *Id.* at Nos. 30-33 and Ex. C-8.

11. Rather than amend the entire complaint, Plaintiffs propose the most efficient method, and least burdensome for the Court and all the parties, is to supplement only paragraph 56 as shown in the attachment, to specifically identify and describe the cases Plaintiff Jacobson had pending or which she declined in the CAYMC subsequent to the June 23, 2023 filing of the Second Amended Complaint, and to further

identify and describe her experiences practicing law in that building after it was filed.

12. As Plaintiff Jacobson's allegations all relate to matters that have transpired since the date of the Second Amended Complaint pleading, and to avoid the difficulties of commencing a new action, supplemental paragraph 56 is clearly authorized by FRCP 15(d).

13. The parties should have 14 days to respond to the supplement, as suggested by the deadline in FRCP 15 (a) (3).

Respectfully submitted,

Dated: July 1, 2024

*/s/ Michael W. Bartnik*
By: Michael W. Bartnik (P32534)
Law For Baby Boomers, PLLC
Attorney for Plaintiffs
41000 Woodward Avenue, Suite 350
Bloomfield Hills, Michigan 48304
(248) 608-3660
michaelbartnik@protonmail.com

*/s/ Elizabeth K. Abdnour*
ELIZABETH K. ABDNOUR (P78203)
Abdnour Weiker, LLP
500 E Michigan Ave., Suite 130
Lansing, Michigan 48912
(517) 994-1776 Telephone
(614) 417-5081 Facsimile
liz@education-rights.com

*/s/ Renee A. Stromski*
RENEE A. STROMSKI (OH: 0101347)
Abdnour Weiker, LLP

262 South 3rd Street
Columbus, Ohio 43215
(614) 745-2001 Telephone
renee@education-rights.com

## CERTIFICATE OF SERVICE

I, Renee A. Stromski certify that on July 1, 2024, I electronically served the above Plaintiffs' Motion to Supplement with Exhibits A, B, C, and C-1 to C-8 upon all counsel of record at their respective e-mail addresses of record.

Dated: July 1, 2024

*/s/ Renee A. Stromski*
Renee A. Stromski (OH: 0101347)

## LOCAL RULE CERTIFICATION

I, Renee A. Stromski, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: July 1, 2024          */s/ Renee A. Stromski*
                             Renee A. Stromski (OH: 0101347)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK,                                    CLASS ACTION
MARGUERITE MADDOX,                               JURY DEMAND
and ASHLEY JACOBSON, on
behalf of themselves and all others similarly situated,

     PLAINTIFFS,

                               CASE No.: 22-cv-12951

-vs-                                             JUDGE: JONATHAN J.C. GREY

STATE OF MICHIGAN,
COUNTY OF WAYNE,
CITY OF DETROIT,
and DETROIT WAYNE JOINT BUILDING AUTHORITY,

     DEFENDANTS, Jointly and Severally.

---

## ORAL ARGUMENT REQUESTED

## PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS'
## FRCP 15(d) MOTION TO SUPPLEMENT
## PARAGRAPH 56 OF PLAINTIFFS' SECOND AMENDED COMPLAINT

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ......................................................................3

CONCISE STATEMENT OF ISSUE PRESENTED ...............................................4

INTRODUCTION................................................................................5

STATEMENT OF FACTS.........................................................................5

ARGUMENT ..................................................................................10

CONCLUSION AND RELIEF REQUESTED.......................................................12

CERTIFICATE OF SERVICE....................................................................14

LOCAL RULE CERTIFICATION ...............................................................15

## INDEX OF AUTHORITIES

**Cases**

*Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 646 (E.D. Mich. 2023)...……………12

*Scahill v. District of Columbia*, 908 F.3d 1177, 1183-1984 (D.C. Cir. 2018)……12

*United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002)………………..…..12

*White v. Corizon, Inc.,* No. 1:19-CV-948, 2020 U.S. Dist. LEXIS 27837, at *7 (W.D. Mich. Feb 19, 2020)…………………………………………………….……12

**Rules**

Fed. R. Civ. P. 5.2…………………………………………………………….……7

Fed. R. Civ. P. 15(a)…………………………………………………………....12

Fed. R. Civ. P. 15(d)……………………………………….……….. 4, 5, 10, 12, 13

## CONCISE STATEMENT OF ISSUE PRESENTED

Where the court has already ruled that Plaintiffs have Article III standing and have stated causes of action for injury under PWDCRA and ADA due to the barriers at Defendants' locations, which Plaintiffs have visited or have shown they are likely or planning to visit in the future, are Plaintiffs entitled, under Fed. R. Civ. P. 15(d), to supplement their Second Amended Complaint against all Defendants to add allegations of injury to Plaintiff Ashley Jacobson arising out of the barriers in the CAYMC, controlled and operated by one or more Defendants, encountered by Plaintiff Jacobson that occurred after the Second Amended Complaint was filed?

**Plaintiffs say: YES.**

**Defendants say: NO.**

## INTRODUCTION

Plaintiffs move to supplement paragraph 56 of the Second Amendment Complaint under Fed. R. Civ. P. 15(d) for purposes of specifically describing barriers encountered by Plaintiff Ashley Jacobson during her representation of clients and potential clients in the Coleman A. Young Municipal Center (CAYMC) after the filing of the Second Amended Complaint and related Motions to Dismiss.

## STATEMENT OF FACTS

After the filing of the Second Amended Complaint and related Motions to Dismiss, Jacobson suffered actionable injury by the Defendants due to the inaccessibility issues in the CAYMC directly related to her incontinence and mobility disabilities.  As a result, Jacobson has continued to limit the scope of her representation and was even forced to outrightly decline her representation to at least one client with a pending matter related to the Third Circuit Court and its operations in the CAYMC solely due to the inaccessibility issues in the CAYMC directly related to her incontinence and mobility disabilities.

 Specifically, two of Jacobson's cases continue to be adversely affected by CAYMC's inaccessibility. The first case, In re M.S.L., Case No. 368581 ("In re M.S.L."), began in January 2024 in Livingston County and has culminated in the recent Court of Appeals decision. *See* Declaration Ex. 8. In June 2024, the client in

that case asked to retain Jacobson in the related Wayne County Friend of the Court matter, but Jacobson declined the case due to the known issues in the CAYMC. (*See* Ex. A at Nos. 30-33 and Ex. 8).

The second case, *Stanton v. City of Detroit*, Case No.:22-13072-GAD-KGA, covers activity in the matter from April 2022 through November 2023, including Ashley's experiences in the City of Detroit Law Department Offices in the CAYMC on November 23, 2023. The case is still pending in the Eastern District Court of Michigan with a Jury Trial set for August 28, 2024, at 9:00 AM before District Judge Gershwin A. Drain. *See* Ex. A. at Nos. 13-29 and Exs. C-1 to C-7.

The proposed supplement is attached as Exhibit A to the Motion. The pertinent additional section is renumbered under new paragraph a. and inserts the following specific allegations:

> a. Plaintiff Ashley Jacobson has had multiple cases, hearings, and meetings with and on behalf of her clients before these and other commissions, courts, boards, and offices of each of the various Defendants, in many of the Defendants' buildings and courts described in this Complaint, and including but not limited to matters in or related to the CAYMC. These include the following situations in the CAYMC:
>
>> **1. In re M.S.L.** In June 2024, Ashley Jacobson declined to take a Wayne County child custody case for an existing client because she knows the building, courts, toilets, and toilet rooms in the CAYMC are not accessible to attorneys with disabilities and specifically not accessible to her and her needs, including as described elsewhere in this

pleading. She represents this client in a stepparent adoption matter in the Michigan Court of Appeals (Case No. 368581, Opinion released for Publication June 13, 2024) arising out of the Forty-Fourth Circuit Court in Livingston County as described in the Court of Appeals Opinion. In 2024, her client in that case also wanted to retain Ashley Jacobson in the Wayne County custody case, however, Plaintiff Jacobson had no choice but to decline representation. Personal identifying information is redacted from this case to comply with Federal Rule of Civil Procedure (FRCP) 5.2 to avoid reference to minor children, and Plaintiffs make an offer of proof as may be needed to more specifically disclose information requested by the Court or parties *in camera,* under seal, or under a protective order during discovery or trial.

2. **Stanton v. City of Detroit.** In November 2023, Plaintiff Jacobson was present in a deposition in the City of Detroit Law Department Offices located on the fifth floor of the CAYMC as attorney of record for Plaintiff in this employment discrimination and sexual harassment action against the City, pending in the Eastern District of Michigan, filed December 19, 2022, Case No. 2:22-13072-GAD-KGA:

   a. This case is set for Jury Trial August 28, 2024, and may require additional meetings or depositions in the CAYMC Law Department offices. Plaintiff Jacobson has retained co-counsel in part due to the accessibility issues in the CAYMC.

   b. In November 2023, the CAYMC Law Department issued a Deposition Notice to occur in the Law Department offices in the CAYMC. Plaintiff Jacobson requested the CAYMC Law Department to assure her specific access to accessible toilets during the depositions. In having to discuss her toileting needs while planning for a professional,

work-related event, Plaintiff Jacobson was embarrassed to have to discuss with her client her own mobility and toileting issues that Plaintiff Jacobson knew she would encounter in the CAYMC. However, these discussions were necessary in order to decide whether Plaintiff Jacobson could conduct the deposition on the original scheduled date, or whether she would be forced to request that it be postponed to a date on which her co-counsel could conduct it. When Plaintiff Jacobson received a response from the City of Detroit to her email that did not provide her with the specific information that she requested, Plaintiff Jacobson was forced to have her own attorneys in the case at bar write to the City attorneys in the case at bar, who finally assured that she would be given a key to the locked, purportedly accessible toilet room on the 5th floor.

i. On the date of the deposition, Plaintiff Jacobson arrived early with her client and requested the restroom key from the Law Department of the City of Detroit. Contrary to the assurance as described above, Plaintiff Jacobson was told she could ask opposing counsel for permission to use her key as needed throughout the day. Thus, the key to a basic need for Plaintiff Jacobson was held by opposing counsel, forcing Plaintiff Jacobson to request permission to access through opposing counsel to use the restroom throughout the 7-hour deposition, which she did at least three (3) times.

ii. During that deposition, Plaintiff Jacobson required the use of a

disability-accessible restroom stall because of physical limitations and difficulty with balance, which required handrails. She also required the disability-accessible stall for space reasons, because of her use of a mobility aid—her cane—on the date of the deposition. She further required appropriate space to use her personal medical equipment, including catheters and adjusting her spinal cord stimulator using a programmer to arrange and hold against her body as it adjusts, which she could not do in the traditional restroom stalls in the CAYMC with narrow doorways. As a self-described, lanky 5'10" woman, getting into proper position for the use of these devices, with her cane, requires the accessible stall. She also requires immediate access to restrooms, due to her disabilities which caused, at times, an urgent need to use the restroom.

iii. As a licensed attorney, Plaintiff Jacobson should not have been subject to asking her opponent permission to use the restroom during the course of that deposition. However, since a key was not given to Plaintiff Jacobson to hold during the deposition, that is exactly what she had to do. Despite her efforts to ensure restroom access prior to the deposition, and despite promises that she would have such access, on the date of the deposition, barriers were intentionally put in place to impede such access and cause embarrassment.

       iv.  With such a difficult situation, Plaintiff Jacobson attempted to restrain from using the restroom as frequently as needed on that date, which caused increased physical pain in her abdomen and lower back to the point she had to take emergency pain medication upon arriving home that evening.

Ex. A, 1-6.

## ARGUMENT

Federal Rule of Civil Procedure (FRCP) 15(d) states:

**Supplemental Pleadings**. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading with a specified time.

Fed. R. Civ. P. Rule 15(d). This Court has already ruled as to Jacobson's standing and causes of action against the State of Michigan as to her law practice in its courts in Washtenaw and Livingston Counties, finding that the other three defendants are not liable for conduct outside of Wayne County. *See* ECF No. 103 at 30.

In discussing Paragraph 56 of the Second Amended Complaint, the Court excluded Jacobson's claims against the other three defendants ". . . as to any facility, service, program, or activity in Wayne County. . ." finding that ". . . this vague

reference to the CAYMC does not satisfy the plausibility standard of *Iqbal/Twombly*. Plaintiffs also do not adequately allege that Jacobson attended or even attempted to attend the CAYMC, nor does she represent an intent to do so in the future." *Id.* at 30-31. The proposed supplemental allegations fully comport with this Court's ruling: as to the CAYMC, all four defendants have caused Ashley Jacobson to suffer specific injury to her or her ability to practice law, by denying or limiting her access to CAYMC due to its architectural or other barriers in a location actually visited by her or to which there are credible assertions that she will visit, thereby limiting or denying her access to the facility, and her participation in its activities, services, or programs.

Rather than amend the entire complaint, or file a new action, Plaintiffs propose the most efficient method, and least burdensome for the Court and all the parties, is to supplement only paragraph 56 as described in the accompanying Motion, to specifically describe Jacobson's two cases linked to the CAYMC, and to further identify and describe her experiences practicing law in that building that occurred after the Second Amended Complaint was filed.

"Within the meaning of Rule 15, supplements relate to events that have transpired since the date of the original pleading, while amendments typically rely on matters in place prior to the filing of the original pleading." *Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 646 (E.D. Mich. 2021) (citing *White v. Corizon, Inc.*, No. 1:19-

Page **11** of **15**

CV-948, 2020 U.S. Dist. LEXIS 27837, at *7 (W.D. Mich. Feb. 19, 2020) and *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002)). It has also been noted that the intention of the FRCP Advisory Committee that Rule 15(d) "place broad discretion in the district court...to avoid needlessly remitt[ing] [plaintiffs] to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief." *Scahill v. District of Columbia*, 909 F.3d 1177, 1183-1184 (D.C. Cir. 2018).

This supplemental paragraph 56 is clearly authorized by FRCP 15(d). The events included have transpired or will transpire after the Second Amended Complaint was filed. This Honorable Court should exercise its broad discretion in allowing Plaintiff to file her grievances as a supplement rather than a needless Third Amended Complaint or new action altogether. In addition, Rule 15(d) does not specifically state the deadline for responding to the supplement. Given the limited scope of this supplement, Plaintiffs suggest a 14-day response time for Defendants as sufficient, as described in FRCP 15(a)(3) governing full amendments.

## CONCLUSION AND RELIEF REQUESTED

As Plaintiff Jacobson's allegations all relate to actionable matters that have transpired since the Second Amended Complaint, and to avoid the difficulties of commencing a new action, FRCP 15(d) authorizes supplemental paragraph 56.

Plaintiffs request the Court allow Plaintiffs to supplement paragraph 56 as proposed FCRP 15(d) Supplement Paragraph 56 of Plaintiffs' Second Amended Complaint (Ex. A) and enter the proposed FRCP 15(d) Order Supplementing Paragraph 56 of Plaintiffs' Second Amended Complaint (Ex. B).

Respectfully submitted,

Dated: July 1, 2024

*/s/ Michael W. Bartnik*
By: Michael W. Bartnik (P32534)
Law For Baby Boomers, PLLC
Attorney for Plaintiffs
41000 Woodward Avenue, Suite 350
Bloomfield Hills, Michigan 48304
(248) 608-3660
michaelbartnik@protonmail.com

*/s/ Elizabeth K. Abdnour*
ELIZABETH K. ABDNOUR (P78203)
Abdnour Weiker, LLP
500 E Michigan Ave., Suite 130
Lansing, Michigan 48912
(517) 994-1776 Telephone
(614) 417-5081 Facsimile
liz@education-rights.com

*/s/ Renee A. Stromski*
RENEE A. STROMSKI (OH: 0101347)
Abdnour Weiker, LLP
262 South 3rd Street
Columbus, Ohio 43215
(614) 745-2001 Telephone
renee@education-rights.com

## CERTIFICATE OF SERVICE

I, Renee A. Stromski, certify that on July 1, 2024, I electronically served the above Plaintiffs' Brief in Support of Plaintiffs' Motion to Supplement upon all counsel of record at their respective e-mail addresses of record.

Dated: July 1, 2024            _/s/ Renee A. Stromski_
                               Renee A. Stromski (OH: 0101347)

## LOCAL RULE CERTIFICATION

I, Renee A. Stromski, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: July 1, 2024          */s/ Renee A. Stromski*
                              Renee A. Stromski (OH: 0101347)