Exhibit A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JILL BABCOCK,** **MARGUERITE MADDOX,** and **ASHLEY JACOBSON,** on behalf of themselves and all others similarly situated, | **CLASS ACTION** **JURY DEMAND** |
| PLAINTIFFS, | |
| -vs- | CASE No.: 22-cv-12951 JUDGE: JONATHAN J.C. GREY |
| **STATE OF MICHIGAN,** **COUNTY OF WAYNE,** **CITY OF DETROIT,** and **DETROIT WAYNE JOINT BUILDING AUTHORITY,** | |
| DEFENDANTS, Jointly and Severally. _____/ | |

## [PROPOSED]
## FRCP 15(d) SUPPLEMENT
## PARAGRAPH 56 OF PLAINTIFFS' SECOND AMENDED COMPLAINT

56. During the past three years, up to and through the COVID-19 pandemic to the date of filing, and continuing after the filing of this case:

   a. Plaintiff Ashley Jacobson has had multiple cases, hearings, and meetings with and on behalf of her clients before these and other commissions, courts, boards, and offices of each of the various Defendants, in many of the Defendants' buildings and courts described in this Complaint, and including but not limited to matters in or related to the CAYMC. These include the following situations in the CAYMC:

**Exhibit A**

1. **In re M.S.L.** In June 2024, Ashley Jacobson declined to take a Wayne County child custody case for an existing client because she knows the building, courts, toilets, and toilet rooms in the CAYMC are not accessible to attorneys with disabilities and specifically not accessible to her and her needs, including as described elsewhere in this pleading. She represents this client in a stepparent adoption matter in the Michigan Court of Appeals (Case No. 368581, Opinion released for Publication June 13, 2024) arising out of the Forty-Fourth Circuit Court in Livingston County as described in the Court of Appeals Opinion. In 2024, her client in that case also wanted to retain Ashley Jacobson in the Wayne County custody case, however, Plaintiff Jacobson had no choice but to decline representation. Personal identifying information is redacted from this case to comply with Federal Rule of Civil Procedure (FRCP) 5.2 to avoid reference to minor children, and Plaintiffs make an offer of proof as may be needed to more specifically disclose information requested by the Court or parties *in camera,* under seal, or under a protective order during discovery or trial.

2. **Stanton v. City of Detroit.** In November 2023, Plaintiff Jacobson was present in a deposition in the City of Detroit Law Department Offices located on the fifth floor of the CAYMC as attorney of record for Plaintiff in this employment discrimination and sexual harassment action against

**Exhibit A**

the City, pending in the Eastern District of Michigan, filed December 19, 2022, Case No.:22-13072-GAD-KGA:

    a. This case is set for Jury Trial August 28, 2024, and may require additional meetings or depositions in the CAYMC Law Department offices. Plaintiff Jacobson has retained co-counsel in part due to the accessibility issues in the CAYMC.

    b. In November 2023, the CAYMC Law Department issued a Deposition Notice to occur in the Law Department offices in the CAYMC. Plaintiff Jacobson requested the CAYMC Law Department to assure her specific access to accessible toilets during the depositions. In having to discuss her toileting needs while planning for a professional, work-related event, Plaintiff Jacobson was embarrassed to have to discuss with her client her own mobility and toileting issues that Plaintiff Jacobson knew she would encounter in the CAYMC. However, these discussions were necessary in order to decide whether Plaintiff Jacobson could conduct the deposition on the original scheduled date, or whether she would be forced to request that it be postponed to a date on which her co-counsel could conduct it. When Plaintiff Jacobson received a response from the City of Detroit to her email that did not provide her with the specific information that she requested,

**Exhibit A**

Plaintiff Jacobson was forced to have her own attorneys in the case at bar write to the City attorneys in the case at bar, who finally assured that she would be given a key to the locked, purportedly accessible toilet room on the 5th floor.

    i. On the date of the deposition, Plaintiff Jacobson arrived early with her client and requested the restroom key from the Law Department of the City of Detroit. Contrary to the assurance as described above, Plaintiff Jacobson was told she could ask opposing counsel for permission to use her key as needed throughout the day. Thus, the key to a basic need for Plaintiff Jacobson was held by opposing counsel, forcing Plaintiff Jacobson to request permission to access through opposing counsel to use the restroom throughout the 7-hour deposition, which she did at least three (3) times.

    ii. During that deposition, Plaintiff Jacobson required the use of a disability-accessible restroom stall because of physical limitations and difficulty with balance, which required handrails. She also required the disability-accessible stall for space reasons, because of her use of a mobility aid—her cane—on the date of the deposition. She further required appropriate space to

use her personal medical equipment, including catheters and adjusting her spinal cord stimulator using a programmer to arrange and hold against her body as it adjusts, which she could not do in the traditional restroom stalls in the CAYMC with narrow doorways. As a self-described, lanky 5'10" woman, getting into proper position for the use of these devices, with her cane, requires the accessible stall. She also requires immediate access to restrooms, due to her disabilities which caused, at times, an urgent need to use the restroom.

iii. As a licensed attorney, Plaintiff Jacobson should not have been subject to asking her opponent permission to use the restroom during the course of that deposition. However, since a key was not given to Plaintiff Jacobson to hold during the deposition, that is exactly what she had to do. Despite her efforts to ensure restroom access prior to the deposition, and despite promises that she would have such access, on the date of the deposition, barriers were intentionally put in place to impede such access and cause embarrassment.

**Exhibit A**

      iv. With such a difficult situation, Plaintiff Jacobson attempted to restrain from using the restroom as frequently as needed on that date, which caused increased physical pain in her abdomen and lower back to the point she had to take emergency pain medication upon arriving home that evening.

b. Additionally, Plaintiff Jacobson has had to limit or eliminate her practice in certain such inaccessible buildings or courts as described, including in the CAYMC as described above, or share her work and thus the fees with other attorneys who are not disabled.

c. The masking issue has occurred and continues to occur in each of these scenarios over the past three years and is likely to continue beyond the "official" end of the COVID-19 pandemic.

d. Also, in many public meetings, and in front of many judges in the above-described period, Plaintiff Jacobson and/or her clients have repeatedly not been given sufficient time to speak by not being allowed any additional time for individuals with disabilities to either get to the meeting, get to the podium, or to otherwise allow for mobility, incontinence, speech, vision, or hearing impairments. She has observed this treatment as to other individuals both in person and on remote hearings within the past three years.

Dated: July 1, 2024                     */s/ Michael W. Bartnik*

**Exhibit A**

By: Michael W. Bartnik (P32534)
Law For Baby Boomers, PLLC
Attorney for Plaintiffs
41000 Woodward Avenue, Suite 350
Bloomfield Hills, Michigan 48304
(248) 608-3660
michaelbartnik@protonmail.com

*/s/ Elizabeth K. Abdnour*
ELIZABETH K. ABDNOUR (P78203)
Abdnour Weiker, LLP
500 E Michigan Ave., Suite 130
Lansing, Michigan 48912
(517) 994-1776 Telephone
(614) 417-5081 Facsimile
liz@education-rights.com

*/s/ Renee A. Stromski*
RENEE A. STROMSKI (OH: 0101347)
Abdnour Weiker, LLP
262 South 3rd Street
Columbus, Ohio 43215
(614) 745-2001 Telephone
renee@education-rights.com