**Exhibit C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JILL BABCOCK,<br>MARGUERITE MADDOX,<br>and ASHLEY JACOBSON, on<br>behalf of themselves and all others similarly situated,<br><br>    PLAINTIFFS,<br>-vs-<br><br><br><br>STATE OF MICHIGAN,<br>COUNTY OF WAYNE,<br>CITY OF DETROIT, and<br>DETROIT-WAYNE JOINT BUILDING AUTHORITY,<br>DEFENDANTS, Jointly and Severally._____/ | CLASS ACTION<br>JURY DEMAND<br><br><br><br>CASE No.: 22-cv-12951<br>JUDGE: JONATHAN J.C. GREY<br><br>**<u>DECLARATION OF ASHLEY<br>JACOBSON</u>** |

**<u>DECLARATION OF ASHLEY JACOBSON</u>**

I, ASHLEY JACOBSON, PLAINTIFF, make this Declaration in lieu of an affidavit under 28 U.S.C. § 1746. I am aware that this Declaration will be filed in the United States District Court for the Eastern District of Michigan and that it is the legal equivalent of a statement under oath. I am willing to testify in person as to the following, and I also make a formal offer of proof to testify in camera or under protective order as to any of the personally identifiable information not disclosed below or in the motion due to the minority or other protected status of the persons as indicated below.

**Exhibit C**

1. I am over the age of 18 and competent in all respects to make this Declaration. The facts contained herein are based upon my personal knowledge.

2. I am an attorney at the law firm Jacobson Law & Advocacy, PLLC, and a vocational counselor and consultant for Adaptive Inclusion, LLC, both of which were founded by me.

3. This Declaration is offered in support of Plaintiffs' Motion to Supplement Paragraph 56 of the Second Amended Complaint.

4. Attached hereto as Exhibit 1 is a true and correct copy of the Right to Sue Letter for the Stanton v. City of Detroit matter referenced in this Declaration.

5. Attached hereto as Exhibit 2 is a true and correct copy of the Complaint filed for the Stanton v. City of Detroit matter referenced in this Declaration.

6. Attached hereto as Exhibit 3 is a true and correct copy of excerpts from the Notice of Deposition for the Stanton v. City of Detroit matter referenced in this Declaration.

7. Attached hereto as Exhibit 4 is a true and correct copy of excerpts from an email sent regarding a deposition of a party in the Stanton v. City of Detroit matter referenced in this Declaration, with personal identifiers and contact information redacted for client privacy.

8. Attached hereto as Exhibit 5 is a true and correct copy of excerpts from an email sent regarding a deposition of a party in the Stanton v. City of Detroit matter referenced in this Declaration, with personal identifiers and contact information redacted for client privacy.

9. Attached hereto as Exhibit 6 is a true and correct copy of excerpts from an email sent regarding a deposition of a party in the Stanton v. City of Detroit matter referenced in this Declaration, with personal identifiers and contact information redacted for client privacy.

**Exhibit C**

10. Attached hereto as Exhibit 7 is a true and correct copy of excerpts from an email sent regarding a deposition of a party in the Stanton v. City of Detroit matter referenced in this Declaration, with personal identifiers and contact information redacted for client privacy.

11. Attached hereto as Exhibit 8 is a true and correct copy of the Court of Appeals decision on the *In re MSL* matter referenced in this Declaration, with personal identifiers and contact information redacted for client privacy.

12. As an attorney, vocational rehabilitation counselor, and citizen I access various courthouses and public buildings.

13. On April 6, 2022, I began representing Marquitta Stanton, an employee of the City of Detroit's Office of the Chief Investigator, a civilian unit that investigates reports of police misconduct and abuse.

14. After months without the EEOC taking steps to remedy the situation between my client and her employer, we received the Right to Sue and filed a federal complaint in the United States Eastern District Court for the State of Michigan on December 19, 2022 (Case No.: 22-13072-GAD-KGA; Hon. Gershwin A. Drain). Exhibit 1; Exhibit 2.

15. With knowledge that the City of Detroit's Law Department is housed in the Coleman A. Young Municipal Center, I contacted the City of Detroit's attorney, LaKena Crespo, to ask if the City's Law Department would accept electronic service on behalf of its client. We were denied this option.

16. I decided in the fall of 2023 that due to the case requiring in-person depositions and use of the CAYMC, I would seek out co-counsel to assist with the case. I would not have needed to do so, had the CAYMC not presented accessibility barriers.

**Exhibit C**

17. On November 6, 2023, I received a Notice of Taking Deposition Duces Tecum of Plaintiff Marquitta Stanton from the Law Department for the City of Detroit. Exhibit 3. The notice indicated that the deposition was to take place at the CAYMC, 2 Woodward Avenue, Suite 500, Detroit, MI 48226 on Wednesday, November 15, 2023 at 10 a.m.

18. I spoke with my co-counsel and my client via email about my need to plan for lack of accessible restrooms on the date of the deposition. Exhibit 4; Exhibit 5; Exhibit 6.

19. I contacted opposing counsel, the Law Department, and my counsel to attempt to find a solution to the lack of restroom access. The floor where the deposition was scheduled to take place had locked restrooms, where only employees had access to keys to enter the restrooms. Exhibit 7.

20. In this email, I explained, "I will be present with Marquitta for the deposition on Wednesday, however based on my experience in this building I have had issues accessing a disability-accessible (aka 'handicap') restroom stall. I am physically disabled, and want to make sure there is a nearby restroom with a disability-accessible stall for me to use throughout the day. Sometimes these restrooms do not have an accessible stall (with extra space and safety bars) and other times they are locked for non-city employees. Can you please let me know as soon as possible which restroom I will have access to on the day of the deposition? Thank you and I look forward to seeing you on Wednesday." Exhibit 7.

21. In response, Ms. Crespo wrote, "The City of Detroit has bathrooms that are available to visitors with a disability." Exhibit 7.

**Exhibit C**

22. I explained in an email dated November 13, 2023, that "I need to know where the restrooms are located that I can access. Are they on the same floor? Will I need a key? In the past, the only accessible restroom stall for me was a 10-15 minute trek each way to the basement of the building, which is going to affect the breaks we take for the deposition." Exhibit 7.

23. Throughout this process, I was embarrassed that I needed to address my toileting and disability needs with opposing counsel on an adversarial case in a professional setting.

24. After not receiving a response, my personal counsel on the present matter contacted opposing counsel on the present matter and wrote, "Will you please let me know what accessible toilet(s)/toilet room(s) will be available for my client, Ashley Jacobson, when she appears in your offices as an attorney in a deposition on Wednesday?" Exhibit 7.

25. At that point, we were assured that I would receive a restroom key to use the restroom on the same floor for the date of the deposition.

26. On the date of the deposition, I arrived with my client early and requested the restroom key from the Law Department of the City of Detroit. I was told that I could ask opposing counsel for permission to use her key as I needed it throughout the day. The key was held by opposing counsel, and I needed to request access through her to use the restroom throughout the 7-hour deposition, which I did at least three (3) times.

**Exhibit C**

27. On that date, I required the use of a disability-accessible restroom stall because of physical limitations and difficulty with balance, which required handrails. I also required the disability-accessible stall for space reasons, because of my use of a mobility aid—my cane—on the date of the deposition. Additionally, I required appropriate space to use restroom medical equipment, including catheters and adjusting my spinal cord stimulator using a programmer that I needed to arrange and hold against my body as it adjusts, which I could not do in the traditional restroom stalls in the CAYMC with narrow doorways. As a lanky 5'10" woman, getting into proper position for the use of these devices, with my cane, required the accessible stall. I also required restroom use quickly, due to my disabilities which cause, at times, an urgent need to use the restroom.

28. I should not have needed to ask my opponent permission to use the restroom during the course of that deposition. However, since a key was not given to me to hold onto, that is exactly what I had to do. Despite my efforts to ensure restroom access prior to the deposition, and despite promises that I would have such access, on the date of the deposition, barriers were intentionally put in place to impede such access and cause embarrassment. In a difficult position, I attempted to not need to use the restroom frequently on that date, which caused increased physical pain in my abdomen and lower back. This required that I take emergency pain medication upon arriving home that evening.

29. This matter is ongoing.

**Exhibit C**

30. On or around January 17, 2024, I was appointed by the Livingston County Circuit Court to represent a Respondent Father in a Step-Parent Adoption matter that was being heard on appeal by the Court of Appeals on or around May 15, 2024 (Court of Appeals Case No.: 368581). My client in this matter, at that time and presently, also has a custody case out of Wayne County Circuit Court, located in the CAYMC. The Court of Appeals heard oral arguments at the Hall of Justice in Lansing, Michigan, on May 15, 2024, and issued a decision June 13, 2024, which was submitted for publication. Exhibit 8.

31. Respondent Father requested that I represent him in the Wayne County Circuit Court custody matter as well. I explained to my client that I'd love to represent him, but that I do not have accessible restrooms available in the CAYMC where his Wayne County case was to be heard.

32. In an attempt to assist my client with Friend of the Court contact for his Wayne County matter, I searched for the location of that office and discovered that it was also housed in the CAYMC, with the same lack of access to appropriate restroom facilities.

33. On June 14, 2024, and June 19, 2024, my client requested that I represent him in the Wayne County Circuit Court matter, and I would still like the opportunity to represent him in that matter, if the accessibility issues are remedied.

34. There are several cases I've declined due to accessibility issues, and the barriers and discrimination referenced in this Declaration continue to present day.

35. If called as a witness to testify, I would competently testify to each fact contained in this Declaration.

**Exhibit C**

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that I have read the foregoing declaration consisting of thirty-five (35) numbered paragraphs and that it is true and correct to the best of my knowledge, information, and belief.

Executed on this 28th day of June, 2024.

Respectfully,

Ashley Jacobson    Date: 6/28/24

Plaintiff

_____

**Exhibit C**