UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK, MARGUERITE
MADDOX and ASHLEY JACOBSON,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

v

STATE OF MICHIGAN, COUNTY OF
WAYNE, CITY OF DETROIT, WAYNE
COUNTY BUILDING AUTHORITY,
DETROIT BUILDING AUTHORITY
AND DETROIT-WAYNE JOINT
BUILDING AUTHORITY,

    Defendants.

_____/

No. 2:22-cv-12951

HON. JONATAHAN J.C. GREY

MAG. JUDGE ANTHONY P. PATTI

**STATE OF MICHIGAN'S RESPONSE TO PLAINTIFFS' 15(d)
MOTION TO SUPPLEMENT PARAGRAPH 56 OF PLAINTIFFS'
SECOND AMENDED COMPLAINT**

Kimberly Pendrick
Assistant Attorney General
Attorney for Defendant State of Michigan
3030 West Grand Boulevard
Detroit, Michigan 48202
(313)456-0200
pendrickk@michigan.gov
P60348

Dated: July 10, 2024

# TABLE OF CONTENTS

Page

Table of Contents ...................................................................................ii

Index of Authorities............................................................................... iii

Statement of Facts .................................................................................. 1

    Initial Complaint........................................................................... 1

    First Amended Complaint.............................................................2

    Second Amended Complaint ........................................................3

Argument................................................................................................ 4

    A.    Standards for filing a supplemental pleading. ...................... 4

    B.    Allowing supplementation will prejudice the State Defendant and is the result of undue delay. ........................ 6

Conclusion and Relief Requested............................................................ 8

Certificate of Service .............................................................................. 8

## INDEX OF AUTHORITIES

Page

**Cases**

*Foman v. Davis,* 371 U.S. 178 (1962) ........................................................... 6

*Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579 (6th Cir. 1990) ................................................................................................. 6

**Rules**

Fed. R. Civ. P 15(d) ............................................................................. 4, 5

## STATEMENT OF FACTS

**Initial Complaint**

Plaintiffs' initial complaint vaguely alleged that Plaintiff Jacobson, as an attorney, utilized various buildings throughout the State of Michigan and needed access to buildings to conduct work without identifying any inability to enter any specific building. (Complaint, ECF No. 1, ¶¶ 30, 57, PageID.9, 16-17.) The State of Michigan (the State) filed a Motion to Dismiss, in part based upon Jacobson's failure to allege facts demonstrating when she suffered injuries, the nexus with the State's conduct, the conduct that denied her access to services, activities or programs, or the building or services where she encountered issues. (Motion & Brief, ECF No. 26, PageID.468-469, 485.)

On March 16, 2023, this Court entered an order noting that the State had argued that Plaintiffs failed to sufficiently plead detailed or specific factual allegations and providing Plaintiffs with the ability to file an amended complaint. (ECF No. 31.)

**First Amended Complaint**

  Plaintiffs then filed their first amended complaint. (ECF No. 610.) In the amended complaint, Jacobson alleged that she had and continued to represent at least 15 clients in the Livingston County Circuit Court, District Court, and Juvenile Court, and had eliminated her practice in the Washtenaw County Circuit Court. (*Id.,* ¶¶ 52, 56, PageID.636, 639.) However, she then took the position that she could not disclose issues with any other buildings due to "client confidentiality," despite court filings being a matter of public record. (*Id.,* ¶55, PageID.638.) But again, Jacobson failed to provide any allegations that she was denied a service or attempted entry at any State building.

  The State filed a motion to dismiss the first amended complaint as a result of the Plaintiffs' failure to identify sufficient facts demonstrating that they, including Jacobson, had been excluded from participation in, or denied the benefits of, services, programs, or activities provided by the State. (Motion re First Amended Complaint, ECF No. 72, PageID.1085-1086.) This Court again authorized Plaintiffs to file an amended complaint. (ECF No. 77, PageID.1260.)

**Second Amended Complaint**

Plaintiffs took the opportunity to file their second amended complaint (the current operative complaint), which contained allegations regarding Jacobson similar to those in the first amended complaint. (ECF No. 79, ¶¶ 53, 56, PageID.1292-1294.) The State filed a motion to dismiss the second amended complaint asserting that it, "like the first two—contains no allegations of Jacobson being denied a service or any attempted entry to any of State Defendant's buildings." (ECF No. 82, PageID.1453.)

On March 30, 2024, this Court ruled that Jacobson did not assert any viable claims against the Authority, the County, and the City. (Order, ECF No. 103, PageID.1748-1749.) It further found that she did not "adequately allege" she "attended or even attempted to attend the CAYMAC, nor [did] she represent an intent to do so in the future." (*Id.*, PageID.1749.) The Court also limited the buildings at issue in this case to CAYMAC, Frank Murphy, Ingham County District Court, Livingston District Court and Circuit Court, Washtenaw County District Court,

3

36th District Court, Spirit Plaza, and Rosa Parks Transit Center—none of which are owned, operated, designed, or managed by the State.[1]

## ARGUMENT

Plaintiffs seek to supplement their *second* amended complaint to rectify deficiencies they failed to cure in both their amended and second amended complaints. In essence, they are seeking to establish standing for Ashley Jacobson relative to the CAYMAC building. While the State does not own, operate, control, or manage the CAYMAC building, allowing Plaintiffs a third chance to rectify the problems that have long been identified in the multiple motions to dismiss is prejudicial. Further, Plaintiffs have been dilatory in seeking to supplement their complaint. This Court should deny the motion.

### A. Standards for filing a supplemental pleading.

Under Rule 15(d), a court may permit a party to file a supplemental pleading, "setting out any transaction, occurrence, or

---

[1] The State is currently preparing a motion for summary judgment as to the fact that it is not liable for lower court facilities, including the CAYMAC.

4

event that happened after the date of the pleading to be supplemented."

As another district court recently observed:

> . . . . Rule 15(d) contemplates that the supplemental factual allegations may give rise to new legal theories against new defendants.
>
> While supplemental claims need not arise out of the transaction or occurrence that gave rise to the original complaint, there must be some connection between the claims as filed and the supplemental ones: 'A supplemental pleading cannot be used to introduce a separate, distinct and new cause of action.' Instead, '[t]here must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims.' [*Goldman v. Elum*, 2019 WL 3289819, at *5 (E.D. Mich. July 22, 2019) (citations omitted).]

If there is not, " '[a] court may [ ] "deny a motion to supplement when the supplemental pleading could be the subject of a separate action.""" *Id.* (citation omitted).

In determining whether to allow Plaintiffs to supplement their complaint, this Court should consider the following factors: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment

5

is futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 591 (6th Cir. 1990).

### B. Allowing supplementation will prejudice the State Defendant and is the result of undue delay.

This case has been pending a year and a half, and it is barely out of the gate where Plaintiffs have filed three complaints resulting in three rounds of dispositive motions, which have identified the Plaintiffs' failures to sufficiently plead various claims. While the request for supplementation is limited to the CAYMAC building, for which the State is not liable, allowing supplementation of the second amended complaint could likely result in a new round of motions. This additional action is prejudicial to the extent it will delay resolution of claims against the State of Michigan.

Relative to delay, Plaintiffs have filed three complaints that were insufficient to establish Jacobson had claims against various buildings, including the CAYMAC. She should not be permitted to supplement the second amended complaint now given the current posture of the case and this Court's ruling that she did not have a claim as to the CAYMAC building. This request to supplement is delayed and is

6

wholly being sought due to Jacobson's failure to properly state a claim as to the CAYMAC building despite repeated opportunities to do so. This will only further extend the litigation as to the State.

Further, the November 2023 allegations were not timely pursued. The request to supplement as to the November 2023 allegations are being filed approximately eight months after they occurred. Further, it occurred only a short time after the replies to various motions to dismiss were filed, four months before this Court's March 30, 2024, order granting in part and denying in part the pending motions to dismiss, and three months after Defendants answered the complaint. (Motion to dismiss reply briefs, ECF Nos. 97-100; 3/30/24 order, ECF No. 103; and answers, ECF Nos. 106-108, 110.)

Plaintiffs should not be provided another bite at the apple given that they have had multiple opportunities to fix their complaint deficiencies and have not done so, they have engaged in delay, the supplement will further delay the proceedings, and this will result in prejudice to all the parties.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Defendant State of Michigan respectfully asks this Court to deny Plaintiffs' motion to supplement the second amended complaint.

Respectfully submitted,

*s/Kimberly Pendrick*
Kimberly Pendrick (P60348)
Cassandra Drysdale-Crown (P64108)
Assistant Attorneys General
Attorneys for Defendant State of Michigan
3030 West Grand Boulevard
Detroit, Michigan 48202
(313) 456-0200
pendrickk@michigan.gov

Dated: July 10, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Kimberly Pendrick*
Kimberly Pendrick (P60348)
Assistant Attorney General