UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

    Plaintiffs,                                Case No. 22-cv-12951-JJCG

v                                       Hon. Jonathan J.C. Grey

STATE OF MICHIGAN, et al.

    Defendants.

_____/

**DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S
RESPONSE OPPOSING PLAINTIFFS' FRCP 15(d) MOTION
TO SUPPLEMENT PARAGRAPH 56 OF
PLAINTIFFS' SECOND AMENDED COMPLAINT**

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Plaintiff Ashley Jacobson's standing is determined based on facts in existence at the outset of the litigation. Supplementation necessarily involves only events that occurred after the pleading being supplemented. Are later-in-time facts established through supplementation relevant for standing?

2. In the Court's prior opinion on Defendants' motions to dismiss, the Court made clear that vague allegations about architectural barriers are insufficient. Yet the proposed supplementation is vague, not disclosing the particular architectural barriers involved. Is the proposed supplementation too vague?

3. Plaintiffs' proposed supplementation addresses masking and speaking issues in courts. Yet Jacobson has presented no evidence that she has appeared in a courtroom at CAYMC since December 6, 2019, let alone ever. Does Jacobson have standing to assert such claims with respect to CAYMC?

4. The evidence Plaintiffs present actually contradicts Plaintiffs' proposed supplementation related to *Stanton v. City of Detroit*. Should the Court nevertheless exercise its discretion to allow the proposed supplementation?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

The controlling or most appropriate authority for resolving Plaintiffs' motion are the following:

- Fed. R. Civ. P. 15(d)

- *Fox v. Saginaw Cnty.*, 67 F.4th 284 (6th Cir. 2023)

- This Court's prior decision. ECF No. 103, PageID.1748.

- *Gerber v. Herskovitz*, 14 F.4th 500, 505-06 (6th Cir. 2021); *Davis v. Colerain Twp.*, 51 F.4th 164 (6th Cir. 2022).

## INTRODUCTION

Plaintiffs seek to supplement Paragraph 56 of the Second Amended Complaint ("SAC") in an attempt to establish standing for Plaintiff Ashley Jacobson ("Jacobson") with respect to the Coleman A. Young Municipal Center ("CAYMC"). *See* Pls.' Br. at 10-11; ECF No. 119, PageID.1975-1976. Defendant Detroit-Wayne Joint Building Authority ("DWJBA") opposes this motion for several reasons:[1]

1. Standing is measured at the outset of the litigation; later-in-time facts, which is the very nature of supplemental facts under Rule 15(d), are not considered for this purpose.

2. By failing to identify the particular architectural barriers that have supposedly impeded Jacobson's access to public services, Plaintiffs' proposed supplementation reflects the same vagueness that caused the Court to reject many of the allegations in Plaintiffs' SAC. *See* ECF No. 103, PageID.1748.

3. The facts—both those included in Jacobson's declaration and those purposely omitted, contradict Plaintiffs' proposed supplementation to Paragraph 56.

---

[1] DWJBA has reviewed, and wholeheartedly agrees with, the State's response to Plaintiffs' motion. DWJBA will not address those arguments in this response.

## LEGAL STANDARD

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." As *the pleading to be supplemented* is Plaintiffs' SAC, filed on June 23, 2023, only those transactions, occurrences, or events that happened after that date can be used as the basis for a supplemental pleading.[2]

While cases applying Rule 15(d) typically consider the same factors as are applied to a motion to amend under Rule 15(a) (futility, prejudice, bad faith, delay, *etc.*), the two subrules suggest that the Court has broader latitude to reject supplementation than it does amendment. Rule 15(a) expressly allows amendment "once as a matter of course" within a specific period and, later, leave to amend should be "freely give[n] … when justice so requires[.]" In contrast to this lenience, Rule 15(d) allows supplementation only "on just terms[.]"

---

[2] When Plaintiffs sought Defendants' concurrence, the proposed supplementation for Paragraph 56 included five series of events, three of which happened before June 23, 2023, and one of which relied on events that occurred both before and after June 23, 2023. That was one of the reasons Defendants refused to stipulate to Plaintiffs' proposed supplementation.

## ARGUMENT

**I.     Jacobson can't bolster her standing related to CAYMC through supplementation.**

Just last year, the Sixth Circuit addressed the date on which standing must be established. "Plaintiffs must have standing 'at the outset of the litigation.'"[3] "Why?" the court asked. "Because a failure of the plaintiff's standing is a failure of the court's subject-matter jurisdiction."[4] "And," the court explained, "a court's jurisdiction has long turned on the facts as they are when a plaintiff sues, not on later-in-time facts."[5] "So a plaintiff who lacks standing from the start cannot rely on factual changes during the suit to establish it."[6]

The very nature of supplementation is to add *later-in-time facts*, that is *factual changes during the suit*. Such facts cannot be used to establish standing. As a result, Plaintiffs' proposed supplementation is futile; it simply fails to accomplish the purpose for which they want to supplement. For this reason alone, the Court should deny Plaintiffs' motion.

---

[3]  *Fox v. Saginaw Cnty.*, 67 F.4th 284, 294 (6th Cir. 2023) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000), and citing *Davis v. Fed. Election Comm'n*, 554 US. 724, 734 (2008)).
[4]  *Id.* (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998)).
[5]  *Id.* at 294-95 (citing *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570-71 (2004)).
[6]  *Id.* at 295 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992)).

## II. Plaintiffs' proposed supplementation is generally insufficient to establish standing.

Even if standing could be established with later-in-time facts, Plaintiffs' proposed supplementation is insufficient to establish standing with respect to CAYMC.

### A. Plaintiffs' proposed supplementation is too vague with respect to the specific architectural barriers involved.

In the Court's opinion granting in part and denying in part Defendants' motions to dismiss, the Court held that "the Court agrees with defendants that many of plaintiffs' allegations are unacceptably vague and do not satisfy the notice pleading required by *Iqbal* and *Twombly*." ECF No. 103, PageID.1748. Plaintiffs' proposed supplementation reflects similar vagueness in that it fails to identify the particular architectural barriers that have supposedly impeded Jacobson's access to public services. It is not sufficient to allege vaguely that "the building, courts, toilets, and toilet rooms in the CAYMC are not accessible to attorneys with disabilities and specifically not accessible to her and her needs …." Pls.' Br., Ex. A, at 2; ECF No. 119-2, PageID.1985. Plaintiffs need to identify the specific architectural barriers that supposedly impeded Jacobson's access to public services at CAYMC. (If Jacobson's declaration is accepted at face value, the only architectural barriers she faces at CAYMC involve the lack of "accessible restrooms" (presumably she means

4

other than on the lower level). *See* Pls.' Br., Ex. C, ¶¶ 31-32; ECF No. 119-4, PageID.1999.)

The assertion about "the building, courts, toilets, and toilet rooms in the CAYMC" is too vague to pass muster. For this reason, the proposed supplementation is futile. For this reason, too, the Court should deny Plaintiffs' motion.

### B. Jacobson has no standing vis-à-vis CAYMC with respect to subparts 2.c and d of Plaintiffs' proposed supplementation.

Subpart 2.c of Plaintiffs' proposed supplementation states: "The masking issue has occurred and continues to occur in each of these scenarios over the past three years and is likely to continue beyond the 'official' end of the COVID-19 pandemic." This provision harkens back to Plaintiffs' allegation in Paragraph 55:

> Within the past three years, in various courts and with various judges before whom she practices, Plaintiff Ashley Jacobson has been faced with the Hobson's choice of whether to wear her mask for her personal health protection, or to remove it to avoid the ire of some judges or security personnel. She is immunocompromised and is also on certain medication which makes her more susceptible to infection including COVID-19, and accordingly she is prescribed for [sic] and prefers to wear a mask, but as the pandemic eases, this issue has confronted her more and will only increase as more cases return to live proceedings in person.

Her discomfort, then, is being expected to go unmasked in courtrooms. The context—specifically, Paragraph 53 of the SAC—makes clear that she is referencing her experience in the circuit and district courts in Howell. Notably, Jacobson has not stated that she has had even a single mask issue at CAYMC—not in her declaration

5

or in the proposed supplementation. In fact, there is no evidence that she has ever had a case at CAYMC. Plus, while she describes turning down one case at CAYMC, the reason had nothing to do the masks but instead was her perception that there were not "accessible restrooms available in the CAYMC" and the "lack of access to appropriate restroom facilities." Pls.' Br., Ex. C, ¶¶ 31-32; ECF No. 119-4, PageID.1999.[7]

> Subpart d of Plaintiffs' proposed supplementation alleges:
>
> Also, in many public meetings, and in front of many judges in the above-described period, Plaintiff Jacobson and/or her clients have repeatedly not been given sufficient time to speak by not being allowed any additional time for individuals with disabilities to either get to the meeting, get to the podium, or to otherwise allow for mobility, incontinence, speech, vision, or hearing impairments. She has observed this treatment as to other individuals both in person and on remote hearings within the past three years.

As with subpart c, there is no indication that this has ever happened to her at CAYMC or that she has ever handled a case at CAYMC. Besides, Jacobson doesn't get standing based on supposed mistreatment of others.[8]

---

[7] *Gerber v. Herskovitz*, 14 F.4th 500, 505-06 (6th Cir. 2021) ("To satisfy [*injury in fact*], the claimant must establish the 'invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'") (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)).

[8] *See Davis v. Colerain Twp.*, 51 F.4th 164, 171 (6th Cir. 2022) (a plaintiff can't bring a challenge "merely as a concerned citizen"); *Fox*, 67 F.4th at 296-97.

6

### III. The allegations in Plaintiffs' proposed supplementation do not square with Jacobson's declaration and the actual facts.

Plaintiffs' proposed supplementation describes two "situations" involving CAYMC. The second situation involves her work on the case *Stanton v. City of Detroit*, Case No. 22-cv-13072, pending in the Eastern District, and specifically a deposition in that case conducted at CAYMC.

In subpart 2.a, Plaintiffs' proposed supplementation alleges: "Plaintiff Jacobson has retained co-counsel in part due to the accessibility issues in the CAYMC." And in the second subpart labeled as b (ECF No. 119-2, PageID.1989)—the proposed supplementation labels two paragraphs as *b*—she alleges that she has had to "share her work and thus fees with other attorneys who are not disabled." In support of these allegations, in Paragraph 16 of her declaration, Jacobson asserts: "I decided in the fall of 2023 that due to the case requiring in-person depositions and use of the CAYMC, I would seek out co-counsel to assist with the case. I would not have needed to do so, had the CAYMC not presented accessibility barriers." ECF No. 119-4, PageID.1995. This doesn't square with the public records. Jacobson didn't "seek out co-counsel" in "the fall of 2023." That co-counsel, Brad Sysol, was in the case from its inception; he and Jacobson were listed as co-counsel in the complaint when it was filed in 2022. (The complaint is attached to Jacobson's declaration as Ex. C-2. ECF No. 119-5, PageID.2004.) That was nearly a year before Jacobson realized that a deposition in the case would be scheduled at CAYMC. The

7

fact is that Jacobson wasn't forced to hire co-counsel and thereby "share her … fees" because of any issue involving CAYMC. Instead, she chose to do that for some other reason totally unrelated to CAYMC. And the fact is that Jacobson appeared for the deposition at issue.

In Paragraphs 17-25 of her declaration, Jacobson recounts an email exchange between, on the one hand, herself and Mr. Bartnik, and, on the other hand, Lakena Crespo and Chuck Raimi. Paragraph 24 asserts that after back-and-forth between Jacobson and Crespo, Mr. Bartnik sent an email to Mr. Raimi asking which accessible toilet room would be available to Jacobson during the deposition being held at CAYMC. It is notable that Ex. 7, the email exchange cited in Paragraphs 19-24, omits Mr. Raimi's response. As Jacobson asserts in Paragraph 25, Raimi did indicate that a toilet room key would be available to her, but what's missing from Paragraph 25 is the fact that Raimi said that Jacobson would need to ask his assistant, Nancy, for the key when she arrived.[9] Apparently, Jacobson never contacted Nancy to get the key.

Anyway, on the day of the deposition, it's plain from Plaintiffs' proposed supplementation and Jacobson's declaration that the City actually accommodated Jacobson's condition in a very reasonable manner "at least three (3) times," given her failure to request the key from Nancy.

---

[9] Exhibit 1 (Raimi email).

## CONCLUSION

In addition to the reasons set forth in the State's response, standing cannot be corrected though supplementation since standing is determined based on the facts as they stood on the date the original complaint was filed and supplementation necessarily involves later-in-time facts. Further, the proposed speculation is too vague in that it fails to identify the particular architectural barriers involved. Finally, the proposed supplementation is not factually based.

For any or all of these reasons, the Court should deny Plaintiffs' motion.

Respectfully submitted,

CLARK HILL PLC

__/s/ Paul S. Magy_____
Paul S. Magy (P34423)
Gregory N. Longworth (P49249)
Attorneys for Defendant DWJBA
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 988-5844
pmagy@clarkhill.com
glongworth@clarkhill.com

Dated: July 15, 2023

## LOCAL RULE CERTIFICATION

I, Paul S. Magy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

　　　　　　　　　　　　　_/s/  Paul S. Magy_

## CERTIFICATE OF SERVICE

Paul S. Magy, being first duly sworn, deposes and states that on this 15th day of July, 2024, he caused to be served a copy of the foregoing pleading upon all counsel of record via the court's electronic filing system.

　　　　　　　　　　　　　_/s/  Paul S. Magy_