UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK, JAIME JUNIOR and
ASHLEY JACOBSON, on behalf of
themselves and all others similarly situated,

      Plaintiffs,

v

STATE OF MICHIGAN, COUNTY OF
WAYNE, CITY OF DETROIT, WAYNE
COUNTY BUILDING AUTHORITY,
DETROIT BUILDING AUTHORITY,
DETROIT-WAYNE JOINT BUILDING
AUTHORITY and HINES, out of state
corporation authorized to do business in
Michigan,

      Defendants.

Case No. 2:22-cv-12951

Hon. Jonathan J.C. Grey
Mag. Judge Anthony P. Patti

---

**CITY OF DETROIT'S RESPONSE TO PLAINTIFFS'
FRCP 15(d) MOTION TO SUPPLEMENT PARAGRAPH 56 OF
PLAINTIFFS' SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

I.     INTRODUCTION ............................................................................... 1

II.    LEGAL STANDARD ........................................................................... 1

III.   ARGUMENT ...................................................................................... 3

       A. The New Allegations Are Unduly Delayed, Prejudicial, and
          Futile. ............................................................................................ 3

       B.  Jacobson Cannot Use Supplemental Claims to Establish
           Standing She Did Not Have at the Outset of Litigation ............... 7

IV.    CONCLUSION ................................................................................... 8

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v Iqbal*,
  556 U.S. 662 (2009)................................................................4

*Bell Atlantic Corp. v Twombly*,
  550 U.S. 544 (2007)................................................................4

*Coastal Environmental Group, Inc. v United States*,
  113 Fed.Cl. 124....................................................................1

*Fox v. Saginaw County, Michigan, et al.*,
  67 F.4th 284 (6th Cir. .2023) ...............................................7, 8

*McHenry v Ford Motor Co.*,
  269 F2d 18 (6th Cir. 1959) ......................................................2

*Prasco, LLC, v Medicis Pharm. Corp.*,
  537 F3d 1329 ......................................................................1

*Robinson v Michigan Consol. Gas Co. Inc.*,
  918 F2d 579 (6th Cir. 1990) ....................................................3

*Spies v. Voinovich*,
  48 F. App'x 520 (6th Cir. 2002) ..............................................2, 3

*United States v. Midwest Suspension & Brake*,
  49 F.3d 1197 (6th Cir. 1995) .................................................2, 7

**Statutes**

Michigan Constitution, Michigan's Regional Planning Act, or the
  Americans with Disabilities Act.............................................5

**Court Rules**

Federal Rule of Civil Procedure 15(a)(2) ............................................1, 2

Federal Rule of Civil Procedure 15(d)................................................2, 8

**Other Authorities**

Ord., ECF 103 .......................................................................................................3, 4

## I.    <u>INTRODUCTION</u>

Plaintiffs initiated this case on December 6, 2022.  One and a half years later, Plaintiffs are still working on their foundational pleading – the most basic description of their cause of action.  Now, they seek to change the Complaint, for the third time, even though the impulse behind the motion is a need to cure deficiencies that have been apparent from the beginning.  The motion should be denied for many reasons, including: (1) Plaintiffs undue delay in making the motion; (2) the motion's potential prejudice to Defendants; and (3) the futility of the new allegations.

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 15(a)(2) provides for amendments to pleadings before trial and states, "… a party may amend its pleadings only with the opposing party's written consent or the court's leave.  The court should freely grant leave when justice so requires." Id.

Where a "plaintiff seeks to amend its complaint to set out events that occurred after it filed its protest, the proper basis for its motion is RCFC 15(d)." *Coastal Environmental Group, Inc. v United States*, 113 Fed.Cl. 124, 132 (FedCir2013), indicating *Prasco, LLC, v Medicis Pharm. Corp*., 537 F3d 1329, 1337 & n 5 (FedCir2008).

1

Regarding supplemental pleadings, Federal Rule of Civil Procedure 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).  When a party seeks leave to supplement a pleading under Rule 15(d), "the same standard of review and rationale apply" as a motion for leave to amend under Rule 15(a). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002), indicating *McHenry v Ford Motor Co*., 269 F2d 18, 24 (6th Cir. 1959).

"[A] party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).  In making determinations on questions of whether to allow supplementation of pleadings, the Court should consider several factors:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.
>
> *Robinson v Michigan Consol. Gas Co. Inc.*, 918 F2d 579, 591 (6th Cir. 1990), quoting *Head v Jellico Housing Authority*, 870 F2d 1117, 1123 (6th Cir. 1989).

The trial court's decisions on whether to grant leave to amend and/or supplement a pleading are reviewed for abuse of discretion. *Spies, supra* at 527. "The determination of when 'justice so requires' the Court to provide leave to amend is 'left to the sound discretion' of the court." *Robinson, supra* at 591.

## III.   ARGUMENT

### A.   The New Allegations Are Unduly Delayed, Prejudicial, and Futile.

In March, the Court found Jacobson did not assert a claim against the City:

> [a] vague reference to the CAYMC does not satisfy the plausibility standard of *Iqbal/Twombly*.  Plaintiffs also do not adequately allege that Jacobson attended or even attempted to attend the CAYMC, nor does she represent an intent to do so in the future.

> Ord., ECF 103, PageID. 1748-1749.

The Court's holding on this point is critical to a proper analysis of this motion. Belatedly, Plaintiffs seek to correct the failure identified by the Court with new allegations that relate to the CAYMC.  However, neither of the factual scenarios described by the prospective supplement involve the CAYMC in a way that would satisfy the Court's concern, and the proposed allegations, if allowed, would not cure the deficiency identified by the Court four months ago.

### i.   *In re MSL* Matter.

For the first event concerning *In re MSL,* Plaintiffs allege Ms. Jacobson declined an opportunity she had this summer to represent a client in a matter that would require her to visit the CAYMC. See ECF 119, PageID 1970-1971.  However,

3

this allegation – even if accurate and allowed as a supplement – does not involve "attend[ing] the CAYMC or even attempt[ing] to do so." See Ord., ECF 103, PageID. 1748-1749.

Furthermore, Jacobson's alleged decision not to take a case that would require visiting the CAYMC does nothing to identify the obstacles or shortcomings in the CAYMC building that could theoretically aggrieve Jacobson or be remedied by this lawsuit. Plaintiffs' prospective claims about the *In re MSL* episode do not specify how the CAYMC allegedly denied Jacobson "the services and participation in the programs or activities provided by one or more of the Defendants in their buildings." See Second Amended Complaint at p 47-48 (ECF 79, PageID 1210-1311). The allegations certainly fail to provide enough information to satisfy *Iqbal/Twombly*. See *Ashcroft v Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v Twombly*, 550 U.S. 544 (2007).

ii.    Stanton Matter.

For the second event concerning *Stanton v. City of Detroit*, Plaintiff alleges she was not provided with adequate access to a restroom during a November 2023 deposition in the City of Detroit Law Department Offices. *See* ECF No. 119, PageID. 1972. It should be noted that the alleged events of November 2023 transpired seven months before Plaintiffs' motion was filed.

The prospective allegations do not state able-bodied visitors to the Law Department were allowed better or easier access to bathrooms. That is, Plaintiffs fail to assert that Jacobson was denied services due to her physical condition or level of physical ability. Rather, Plaintiffs prospective allegations indicate *everyone* visiting the City of Detroit Law Department must possess or borrow a key to use the bathroom facilities. These facts, if true, would <u>not</u> tend to prove that "Plaintiff Ashley Jacobson and similar situated attorney class members… must have immediate, in-person physical access, in the same extent as any other attorney…" See Second Amended Complaint at p 50 (ECF 79, PageID 1313).

Plaintiffs *do* have "in-person physical access, in the same extent as any other attorney" – they all have to use a bathroom key. Nothing in the proposed supplement asserts that a visiting lawyer with a stomach flu or diarrhea would be spared the same embarrassment and inconvenience as Jacobson allegedly encountered in having to request a key several times during a seven-hour deposition. Such an attorney would not have a claim under the Michigan Constitution, Michigan's Regional Planning Act, or the Americans with Disabilities Act and neither should Plaintiffs.

Moreover, the alleged events do not involve a court proceeding or a visit Jacobson was required to make to access the judicial branch of government. As described in the motion, Jacobson was inconvenienced, made to suffer pain, and embarrassed by the way her opposing counsel/hosts treated her. Her injury was not

a result of the CAYMC's physical design as a government building.  Plaintiffs allege Jacobson was injured by the (in)hospitality of her opposing counsel in a deposition which could have occurred in the Guardian Building, the Buhl Building, the Madden Building, or any of the many places where lawyers gather to depose witnesses.

Taking Plaintiffs at their word, Jacobson was not denied equal access to the services because a government building had barriers that were particularly difficult for persons with physical limitations.  Although Plaintiffs allege, "barriers were intentionally put in place to impede such access and cause embarrassment," they do not identify any barriers other than those created by opposing counsel which are the same for all visitors, regardless of their physical abilities. See Motion at p 8 (ECF 119, PageID 1973).

Allowing Plaintiffs to supplement their pleadings with futile allegations about events that occurred seven or eight months ago will prejudice Defendants by expanding the scope of the claims, requiring additional briefing on matters that happened a long time ago, despite the legal insufficiency of those allegations.  This will further delay Defendants' ability to challenge the legal sufficiency of this suit. The case has already lingered for eighteen months without allowing Defendants an opportunity to fully dispose of the claims as a matter of law through motion practice. The Court's previous leniency with respect to allowing amendments has kept the case alive; however, "a party must act with due diligence if it intends to take

6

advantage of the Rule's liberality." *Midwest Suspension, supra* at 1202.  Defendants ought to be allowed a stationary target they can challenge as a matter of law in the first two years of litigation.

### B.   Jacobson Cannot Use Supplemental Claims to Establish Standing She Did Not Have at the Outset of Litigation

The prospective allegations are not specifically directed toward any Defendant, and they fail to allege which Defendant(s) is/are liable for damages.  If allowed, the new allegations would not establish standing to sue the City of Detroit. "Just as a plaintiff's standing to seek damages does not give the plaintiff standing to seek an injunction, so too a plaintiff's standing to sue one defendant does not give the plaintiff standing to sue every other defendant. The plaintiff must tie the injury to each defendant." *Fox v. Saginaw County, Michigan, et al.*, 67 F.4th 284, 293 (6th Cir. .2023) (citation omitted).

Plaintiff Jacobson must not be allowed to manufacture standing with allegations that occurred after her original Complaint.  This Court was clear in its March 30, 2024 Order, stating that Plaintiff Jacobson did not have standing to sue the City of Detroit.  Moreover, according to recent Sixth Circuit authority:

> Plaintiffs must have standing at the outset of the litigation… [b]ecause a failure of the plaintiff's standing is a failure of the court's subject-matter jurisdiction. And a court's jurisdiction has long turned on the facts as they are when a plaintiff sues, not on later-in-time facts. So a plaintiff who lacks standing from the start cannot rely on factual changes during the suit to establish it.

*Fox v. Saginaw County*, 67 F.4th 284, 294 (6th Cir. 2023) (internal quotation marks and citations omitted).

## IV.  <u>CONCLUSION</u>

Litigation should allow parties who have been aggrieved an opportunity to seek relief.  The courts should not allow parties who want a particular kind of relief to use litigation as a means to find a corresponding grievance.  Because the supplementation sought is delayed, prejudicial, and futile, the Court should exercise its broad discretion to deny the motion.

WHEREFORE, Defendant, City of Detroit, respectfully requests that the Court deny Plaintiffs' FRCP 15(d) Motion to Supplement Paragraph 56 of Plaintiff's Second Amended Complaint.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK & STONE, P.L.C.

By:  ___*/s/Lawrence T. García*___
      Lawrence T. García (P54890)
      Frances J. Hollander (P82180)
      Co-Counsel for Defendant City of Detroit
      (313) 963-6420
      garcia@millercanfield.com
Dated: July 15, 2024      hollander@millercanfield.com

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 15, 2024, she filed the foregoing paper using the court's ECF filing system, which send notification of such filing to all counsel of record.

/s/Mary C. Gbeblewoo
Mary C. Gbeblewoo