# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JILL BABCOCK, et al.

                                         Case No. 22-cv-12951

                                         Hon. Jonathan J.C. Grey

PLAINTIFFS,

v.

STATE OF MICHIGAN, et al.

DEFENDANTS.
_____/

## WAYNE COUNTY DEFENDANT'S RESPONSE OPPOSING PLAINTIFFS' FRCP 15 (d) MOTION TO SUPPLEMENT PARAGRAPH 56 OF PLAINTIFFS' SECOND AMENDED COMPLAINT

## TABLE OF CONTENTS

Table of Contents……………………………………………….………ii

Controlling or Most Appropriate Authority ……………………………….iii

Introduction …………………………………………………………….…..1

Statement of Facts………………………………………………………….1

Argument ……………………………………………………………….…..3

    1. Legal Standard ………………………………...……………4

    2. Repeated failures to cure deficiencies, prejudice, and undue delay favor denying Plaintiffs Motion……………….....………………..5

Conclusion and Relief Requested ………………………………………..…8

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

The controlling or most appropriate authority for resolving Plaintiffs' motion are the following:

- Fed. R. Civ. P. 15(d)

- *Fox v. Saginaw Cnty.*, 67 F. 4th 284 (6th Cir. 2023)

- *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).

- *Friends of the Earth, Inc. v. Laidlaw Env't Servs.* (TOC), Inc., 528 U.S. 167, 180 (2000).

- ORDER Granting In Part and Denying In Part Motions to Dismiss ECF No. 103, PageID.1748

- *Percival v. Granholm,* No. 06-12485, 2008 WL 1455677, at *2 (ED Mich, April 9, 2008)

iii

## INTRODUCTION

After several amended pleadings, several motions to dismiss, and over a year and half into litigation, Plaintiffs now seek to supplement Paragraph 56 of their Second Amended Complaint ("SAC"). (ECF 119). Defendant Wayne County ("Wayne County" or "Defendant") opposes Plaintiffs' Motion and asserts that this Court should deny Plaintiffs' Motion for several reasons. Plaintiffs' Motion is unduly delayed and repeatedly fails to cure deficiencies that have been previously allowed by amendment. Plaintiffs' improperly attempt to establish standing for Plaintiff Ashley Jacobson ("Jacobson") as it relates to one of the buildings identified in this matter – specifically the Coleman A. Young Municipal Center ("CAYMC") well after this Court already made a ruling related to same. Lastly, Plaintiffs' Motion, if granted, would not only be futile but also would result in undue prejudice to Defendant. Plaintiffs have failed to act with due diligence as required under FRCP 15(d) and their Motion must be denied.

## STATEMENT OF FACTS

On December 6, 2022, Plaintiffs filed a purported Class Action and Disability Rights Complaint alleging violations of Title II of the Americans with Disabilities Act's (ADA), Section 504 of the Rehabilitation Action of 1973 (Section 504) and several Michigan laws, including the Persons With Disabilities Civil Rights Act (PWDCRA). (Complaint, ECF No. 1). This Court entered an order noting that

1

Plaintiffs failed to sufficiently plead detailed or specific factual allegations as argued by the State of Michigan and provided Plaintiffs with the ability to file an amended complaint. (ECF No. 31.) On April 28, 2023, Plaintiffs filed their first amended complaint, (ECF No. 41).

Defendant Wayne County immediately moved to dismiss Plaintiffs first amended complaint, thereby putting Plaintiffs on notice of several deficiencies as it relates to their pleading. Specifically, Wayne County argued that Plaintiffs failed to state a claim and failed to identify sufficient facts that they, including Jacobson, had been excluded or denied the benefits, programs, or services provided by Wayne County. (ECF 64). The Court granted Plaintiffs another opportunity to file an amended complaint. (ECF No. 77). Plaintiffs cured some of the alleged deficiencies and on June 23, 2023, filed a second amended complaint (SAC).

On July 14, 2023, Defendant Wayne County, again, moved to dismiss Plaintiffs' SAC on the basis that among other things, Plaintiffs lacked standing, and still failed to allege sufficient facts to demonstrate the issues identified in SAC were a result of Wayne County's conduct or that the purported defects prevented Plaintiffs from availing themselves of any of Wayne County's services, programs, and activities. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). (ECF 88). This Court ruled, on March 30, 2024, that Jacobson did not assert any viable claims against the Authority, the County, and the City. (Order, ECF No. 103). Further, this

Court determined that Jacobson did not adequately allege that she attended or even attempted to attend CAYMC, nor did Jacobson allege that she would intend to do so in the future. (*Id.,* PageID.1749.)

Subsequently, four months later, and after repeated failures to cure deficiencies, Plaintiffs filed a Motion to Supplement paragraph 56 of Plaintiffs' SAC which seeks to establish standing for Jacobson relative to CAYMC. (ECF 119).

## ARGUMENT

Courts may deny a motion for leave to supplement that "would result in undue prejudice to the opposing party or if the supplemental complaint would be futile or where the moving party exhibits undue delay, bad faith, dilative motive, or repeatedly fails to cure deficiencies that have been previously allowed by amendment." *Pasley v Caruso*, 2012 WL 994771, at *12 (ED Mich, February 10, 2012); *LA Ins Agency Franchising, LLC v Montes*, 2016 WL 922948, at *5 (ED Mich, March 11, 2016). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Util. Bd.,* 259 F.3d 452, 459 (6th Cir.2001) (citation omitted). While "[d]elay alone does not justify denial of a motion [to amend], "the party seeking to amend should 'act with due diligence if it wants to take advantage of [Rule 15's] liberality.' " *Block v. Sears Roebuck and Co,* 07–15323, 2009 WL 36483, at *3 (E.D.Mich. Jan.6, 2009). Plaintiffs have repeatedly failed to cure deficiencies that

3

have been allowed by previous amendments. This matter has lingered on the Court's docket, without discovery or a single deposition, since 2022. Plaintiffs have failed to act with due diligence as required under Rule 15(d), Plaintiffs' Motion is unduly delayed, futile, and if granted would result in undue prejudice to Defendant

### 1. Legal Standard.

The legal standard is clear. Under Rule 15(d), "on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Most notably, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). "A supplemental pleading cannot be used to introduce a separate, distinct, and new cause of action. Instead, [t]here must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims." *Goldman v. Elum*, 2019 WL 3289819, at *5 (E.D. Mich. July 22, 2019).[1]  Granting or denying a motion to

---

1 Unpublished decisions may be considered for their "persuasive value." *United States v. Keith*, 559 F.3d 499, 505 (6th Cir. 2009); see also *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007). Moreover, "[n]on-binding decisions can have great utility when binding decisions on the contested issues are scarce, and where the unpublished decision addresses exactly, or almost exactly the same issue as the court confronts." *Smith v. Astrue*, 639 F. Supp. 2d 836, 842 (W.D. Mich. 2009).

supplement is left to a district court's "broad discretion." *Diaz v. City of Inkster*, No. 05–70423, 2006 WL 2192929, at *13 (E.D. Mich. Aug. 2, 2006).

The Court should consider several factors in determining whether to allow supplementation of pleadings such as "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment…" *Robinson v Michigan Consol. Gas Co. Inc.,* 918 F2d 579, 591 (6th Cir. 1990), *quoting Head v Jellico Housing Authority*, 870 F2d 1117, 1123 (6th Cir. 1989). After assessing these factors, it will be evident that the Court should deny Plaintiffs' Motion.

### 2. Repeated failures to cure deficiencies, prejudice, and undue delay favor denying Plaintiffs Motion.

Plaintiff has repeatedly failed to cure deficiencies by previous amendments, permitting Plaintiffs supplementation will only cause undue delay and unfair prejudice to Defendant Wayne County necessitating several more filings by the parties involved before any meaningful discovery can be permitted. Considering the current posture of this case, Plaintiffs should not be permitted to supplement their SAC.

Plaintiffs' undue delay in fundamentally correcting their pleadings namely to adequately plead standing as it relates to the Coleman A. Young Municipal Center (CAYMC) almost a year and a half after its initial complaint is prejudicial and the

5

proposed supplementation is unduly delayed. When Plaintiffs sought concurrence included several events, three of which occurred but were not included in Plaintiffs' SAC. Plaintiffs November 2023 allegations were also untimely as they are sought to be included almost eight months after they occurred. Plaintiffs could have but did not raise these allegations sooner. They waited until after the Court made a ruling as it relates to Jacobson and the CAYMC building. But as this court has already determined, Plaintiffs must have standing at the outset of the lawsuit. *Fox v. Saginaw County*, 67 F.4th 284, 294 (6th Cir. 2023); *Friends of the Earth, Inc. v. Laidlaw Env't Servs.* (TOC), Inc., 528 U.S. 167, 180 (2000). As such, a plaintiff who lacks standing from the start of litigation cannot rely on factual changes during the litigation to establish it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992).

Plaintiffs have filed three (3) complaints and have had three (3) opportunities to sufficiently plead their claims. Defendant Wayne County, along with the remaining defendants, has provided Plaintiffs with ample time and several opportunities to cure deficiencies. Likewise, this Court has provided Plaintiffs with several opportunities to cure defects in their pleadings. The request to supplement is delayed and is sought because Plaintiff Jacobson has clearly failed to state a claim upon which relief can be granted as it relates to CAYMC even after multiple bites at the apple. In fact, this Court already made a ruling that Plaintiff Jacobson did not have a claim related to the CAYMC building. The Court held that "the Court agrees

6

with defendants that many of plaintiffs' allegations are unacceptably vague and do not satisfy the notice pleading required by *Iqbal and Twombly*." (ECF No. 103, PageID.1748).

Here, Plaintiffs proposed supplementation continues down the same pattern and does not provide enough clarity to address the Courts concern. Plaintiffs' supplementation is, thus, futile. Even if permitted, the supplementation fails to identify sufficient facts related to barriers involved, does not identify services, programs, or activities provided by Defendant Wayne County in CAYMC. Plaintiffs' supplementation also fails to assert that Jacobson was denied services due to her physical condition or level of physical ability. Instead, her supplementation demonstrates that everyone must follow the same protocol to use the restroom facilities and are granted equal access. While supplementation may be freely granted, "reasons to deny include the futility of supplemental claims because they fail to state a claim upon which relief may be granted." See, e.g., *Bromley v. Michigan Educ. Ass'n–NEA*, 178 F.R.D. 148, 153–54 (E.D. Mich. 1998). *Goldman v Elum*, No. 2:19-CV-10390, 2019 WL 3289819, at *5 (ED Mich, July 22, 2019).

Plaintiffs' motion to supplement is not appropriate at this time. As our courts have opined in similar matters where plaintiff tried to supplement two years into litigation, "[f]iling a federal lawsuit is not like shopping with a grocery basket where you can continue to add various items, often unrelated, over a period of time. Even

7

grocery stores have to close and ask their patrons to proceed to the checkout line. That time has come for Plaintiffs." *Percival v Granholm*, No. 06-12485, 2008 WL 1455677, at *2 (ED Mich, April 9, 2008).

## CONCLUSION AND RELIEF REQUSTED

For the reasons stated herein, Defendant Wayne County respectfully asks this Court to deny Plaintiffs' motion to supplement the second amended complaint.

Respectfully Submitted,

**THE MILLER LAW FIRM**

/s/*Angela L. Baldwin*
Angela L. Baldwin (P81565)
E. Powell Miller (P39487)
Melvin B. Hollowell (P37834)
Sharon S. Almonrode (P33938)
*Attorneys for Wayne County Defendant*
211 W. Fort Street, Suite 705
Detroit, MI 48226
(248) 841-2200
alb@millerlawpc.com

Dated: July 15, 2024

## CERTIFICATE OF SERVICE

8

The undersigned certifies that on July 15, 2024, they electronically filed the foregoing through the Court's ECF system which will send notification of same to all parties of record.

*/s/Eva Skoczylas*