# EXHIBIT D

# State of Michigan



### Twenty Second Judicial District Court

SABRINA L. JOHNSON
DISTRICT JUDGE

26279 MICHIGAN AVENUE
INKSTER, MICHIGAN 48141

TELEPHONE (313) 277-8200
FACSIMILE (313) 277-8221

## Administrative Order 2022-03  (Recinds 2022-01)

## <u>REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES</u>

## IT IS ORDERED:

This administrative order is issued in accordance with the Americans with Disabilities Act of 1990 (ADA) and the ADA Amendments Act of 2008, as well as Michigan statutory law. The purpose of this order is to ensure that qualified individuals with disabilities have equal and full access to the judicial system. Nothing in this order shall be construed to impose limitations or to invalidate the remedies, rights, and procedures accorded to any qualified individuals with disabilities under state or federal law.

1. **<u>Definitions</u>**

    The following definitions shall apply under this order:

    a. "An individual with a disability" means a person covered by the Americans with Disabilities Act of 1990 (42 USC 12101 *et seq.*) and the ADA Amendments Act of 2008, and includes individuals who have physical or mental impairments that substantially limit one or more major life activity, have a record of such an impairment, or are regarded as having such an impairment.
    b. "Qualified Individual with a Disability" means a person who meets the essential eligibility requirements for participation in any program, service, or proceeding in a court in Michigan. This not only includes persons involved in a case, such as lawyers, parties, witnesses, or jurors, but also includes spectators or anyone else who is eligible to participate in a program, service, or proceeding in a court in Michigan.
    c. "Accommodations" may include, but are not limited to, making reasonable modifications in policies, practices, and procedures; furnishing at no charge to the qualified individuals with disabilities auxiliary aids and services, which may include equipment, devices, materials in alternative formats, and qualified interpreters or

1

      equipment, devices, materials in alternative formats, and qualified interpreters or readers; making each service, program, or activity, when viewed in its entirety, readily accessible to and usable by qualified individuals with disabilities requesting accommodations. In order to ensure that court services are accessible, access may be provided by various methods, including alteration of existing facilities, acquisition or construction of additional facilities, relocation of a service or program to an accessible facility, or provision of services at alternate sites. The court will consider the preferences of the individual requesting the accommodations when responding to the request. The court will not place a surcharge on a particular individual or group of individuals to cover the cost of accommodations.

   d. "Confidential" means there will be no public disclosure by the court of the identity or disability of the applicant in any oral or written communications, including any files and documents submitted by an applicant as part of the request process.

2. **Request procedure**
   a. A request for accommodations under this policy may be presented in writing on a Request for Reasonable Accommodations and Response (SCAO-approved form MC 70), which shall be provided by the court, or orally as the court may allow. A written request must be made to the ADA coordinator identified in Attachment #1.
   b. Requests for accommodations shall include a description of the accommodations sought, along with a statement of the functional impairment that necessitates the accommodation. The court, in its discretion, may require the applicant to provide additional information about the qualifying impairment.
   c. Requests should be made as far as possible in advance of the date of the court appearance or other court activity.
   d. The court will maintain the request in a separate confidential administrative file so as not to reveal the applicant's identity or the information contained in the request.
   e. If the applicant is a party to a case, the request to the court will deal only with the accommodations necessary to provide access and will not deal in any manner with the subject matter or merits of the proceedings before the court.
   f. In determining whether to grant an accommodation and what that accommodation will be, the court will consider, but is not limited by, the applicable provisions of the Americans with Disabilities Act of 1990; the ADA Amendments Act of 2008; Section 504 of the Rehabilitation Act of 1973; the Michigan Deaf Persons Interpreters Act, 1982 PA 204; the Persons with Disabilities Civil Rights Act, 1976 PA 220; and the Elliott-Larsen Civil Rights Act, 1976 PA 453.
   g. Before the ADA coordinator denies in whole or in part a request for an accommodation, the ADA coordinator will consult with the applicant to determine whether an alternative accommodation would be acceptable. If the applicant declines any proposed alternative, the ADA Coordinator will advise the State Court Administrative Office (SCAO) Regional Administrator of the court's intent to deny

the request. If the ADA coordinator, after consulting with the SCAO Regional Administrator, decides to deny the request, the ADA coordinator will inform the applicant in writing of the reasons for denial and the basis upon which a request for accommodations is denied.

h. In the absence of an ADA coordinator, the court shall immediately designate an individual during the interim to receive and communicate with the individual who submits a request for accommodation. Until a new ADA coordinator is appointed, all requests shall be considered and decided by the chief judge. If an applicant wants a decision reviewed, they shall follow the procedure as outlined in paragraph 4(b).

The chief judge shall ensure that a new ADA coordinator is appointed and that they are trained within 30 days of their appointment.

i. A request may be denied only if:
   i. The applicant is not a qualified individual with a disability as defined in subsection 1 of this order; or
   ii. The requested accommodations would result in a fundamental alteration in the nature of the program, service, or activity; or
   iii. The requested accommodations would create an undue financial or administrative burden on the court.

3. **Duration and costs of accommodations**

The accommodations will start on the date indicated in the response to the request for accommodations and will remain in effect for the period specified. Accommodations will be provided at no cost to the applicant.

4. **Review procedure**
   a. If the request is denied in whole or in part by the ADA coordinator, the applicant may request a further review on a Review of Request for Reasonable Accommodations and Response (SCAO-approved form MC 70a). The request must be submitted to the ADA coordinator for review by the chief judge. The chief judge will review the request and make a determination on the request for review before the proceeding or court service, activity, or program is held.
   b. If the chief judge denies the review request, then the applicant may submit a request to the State Court Administrator for a final determination. Forward requests for a review by the State Court Administrator to:

State Court Administrator
State Court Administrative Office
Michigan Hall of Justice
P.O. Box 30048
Lansing, MI 48909

3

5. **Grievance Procedure**

    If a person alleges that the court's ADA procedures or practices, outside of specific requests for accommodation, result in discrimination on the basis of disability as to the provision of services, activities, or programs of the court, the person may file a grievance. The court's grievance procedure is appended to this order.

Effective Date: Upon approval

9/9/22
Date of Signature:

Chief Judge Sabrina Johnson

4

# 22nd Judicial District Court
# Grievance Procedure under
# the Americans with Disabilities Act and the ADA
# Amendments Act of 2008

This grievance procedure is established to meet the requirements of the Americans with Disabilities Act of 1990 (ADA) and the ADA Amendments Act of 2008. It may be used by any person who wishes to file a complaint alleging discrimination on the basis of disability in the provision of services, activities, or programs by the 22nd District Court. The court's personnel policy governs employment-related complaints of disability discrimination.

The complaint should be in writing and contain information about the alleged discrimination, such as the name, address, and phone number of the complainant and the location, date, and description of the problem, including the name of the judicial officer. Alternative means of filing complaints will be made available for persons upon request and as necessary.

The complaint should be submitted by the grievant or their designee as soon as possible but no later than 60 calendar days after the alleged violation to the ADA coordinator as identified in Attachment #1.

Within 15 calendar days after receiving the complaint, the ADA coordinator or designee will consult with the complainant to discuss the complaint and the possible resolutions. Within 15 calendar days after the consultation, the ADA coordinator or designee will respond in writing in a format accessible to the complainant. The ADA coordinator should inquire as to what format is accessible to the complainant. The response will explain the position of the court and offer options for a substantive resolution of the complaint.

If the response by the ADA Coordinator or designee does not satisfactorily resolve the issue, the complainant or complainant's designee may request a review of the decision within 15 calendar days after receiving the response.

Within 15 calendar days after receipt of the request for review, the chief judge or designee will consult with the complainant to discuss the complaint and possible resolutions. Within 15 calendar days after the consultation, the chief judge or designee will respond in writing in a format accessible to the complainant, with a final resolution of the complaint.

All written complaints received by the ADA coordinator, requests for review to the chief judge or designee, and responses from these two offices will be retained by the court for at least three years from the date of the last written response or other final communication.

ATTACHMENT #1

ADA Coordinator's Name:   Michele Windhurst

ADA Coordinator (and other title if appropriate):   Court Administrator

ADA Coordinator's Mailing Address: 22nd District Court
                                               26279 Michigan Avenue
                                               Inkster, MI 48141