UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK, MARGUERITE
MADDOX, and ASHLEY
JACOBSON, on behalf of
themselves and others similarly
situated,

        Plaintiffs,

v.

STATE OF MICHIGAN, COUNTY OF
WAYNE, CITY OF DETROIT, and
DETROIT-WAYNE JOINT BUILDING
AUTHORITY, jointly and severally,

        Defendants.
_____/

Case No. 22-cv-12951
Hon. Jonathan J.C. Grey

**ORDER DENYING PLAINTIFFS' RULE 15(d) MOTION TO SUPPLEMENT PARAGRAPH 56 OF PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF No. 119)**

**I.   INTRODUCTION**

On December 6, 2022, plaintiffs Jill Babcock, Marguerite Maddox, and Ashley Jacobson filed this lawsuit on behalf of themselves and others similarly situated, alleging defendants were violating: Title II of the Americans with Disabilities Act of 1990, as amended (the "ADA") (Count I); §504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") (Count

II); the Michigan Persons With Disabilities Civil Rights Act ("PWDCRA") (Count III); the Michigan Barrier Free Design Act, the Michigan Uniform Construction Code and applicable International Building Codes, the Michigan Sidewalks: Persons With Disabilities Act (Count IV); and the Elliott-Larsen Civil Rights Act ("ELCRA") (Count V). (*See* ECF No. 1, PageID.43.)

Plaintiffs filed an amended complaint on April 28, 2023. (ECF No. 41.) On June 23, 2023, plaintiffs filed their second amended complaint (hereinafter, "the complaint"). (ECF No. 79.) On March 30, 2024, the Court issued an order granting in part and denying in part the defendants' motions to dismiss, and it dismissed Counts II, IV, and V of the complaint (the "Order"). (ECF No. 103.) In the Order, the Court held, in relevant part, that plaintiffs failed to state a claim and are not permitted to seek relief with respect to:

> 1. Any claim [plaintiff Ashley] Jacobson has asserted against the Authority, the County, and the City. These three defendants are not alleged to have engaged in, nor are they subject to liability for, any conduct that occurred outside Wayne County. The only allegation with any arguable connection of Jacobson to any facility, service, program, or activity in Wayne County is the following language:
>
>> During the past three years, up to and through the COVID-19 pandemic to the date of filing, Plaintiff

> Ashley Jacobson has had multiple cases, hearings, and meetings with and on behalf of her clients before these and other commissions, courts, boards, and offices of each of the various Defendants, including but not limited to the CAYMC [Coleman A. Young Municipal Center] and many of the Defendants' buildings and courts described in this Complaint, but which she cannot specifically disclose due to client confidentiality.

(ECF No. 79, PageID.1294 at ¶ 56.) The Court finds that this vague reference to the CAYMC does not satisfy the plausibility standard of *Iqbal/Twombly*. Plaintiffs also do not adequately allege that Jacobson attended or even attempted to attend the CAYMC, nor does she represent an intent to do so in the future.

(ECF No. 103, PageID.1748–1749.)

On July 1, 2024, pursuant to Federal Rule of Civil Procedure 15(d), plaintiffs filed a motion to supplement paragraph 56 of their second amended complaint. (ECF No. 119.) The motion is fully briefed. The Court concludes that oral arguments would not aid in the disposition of the motion, and it rules on the briefs alone. *See Kloss v. RBS Citizen*, 996 F. Supp. 2d 574, 590 (E.D. Mich. 2014) (courts may determine motions on the briefs without a hearing) (citing Fed. R. Civ. P. 78(b)); *Mohlong v. Long Beach Mortg.*, No. 12-10120, 2013 WL 827221, at *2 (E.D. Mich. Mar. 6, 2013) (stating that the Eastern District of Michigan L.R. 7.1(f)(2)

3

gives discretion to the Court to decide motions without hearings). For the reasons set forth below, the Court **DENIES** the motion.

## II. ANALYSIS

Rule 15(d) states:

Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading with a specified time.

Fed. R. Civ. P. 15(d).

Plaintiffs' proposed amended paragraph 56 addresses their contention that Jacobson has had multiple experiences that required her to appear in the CAYMC. Plaintiffs specifically identify two occasions involving Jacobson as it relates to the CAYMC. The first such occasion occurred in November 2023, when Jacobson attended a deposition in the CAYMC because she was an attorney of record. The second occasion was in June 2024, when Jacobson declined a case she believed would have required her to appear in the CAYMC. The timing of these alleged events, however, is problematic because they occurred nearly a year <u>after</u> the

4

initial complaint, more than six months <u>after</u> the amended complaint, and more than four months <u>after</u> the second amended complaint.

As defendants have noted, and as set forth above, the Court previously found that the second amended complaint, filed June 23, 2023, did not plead a plausible claim involving Jacobson related to the CAYMC. The Court also notes that neither the initial complaint nor the first amended complaint contained any specific allegation involving Jacobson related to the CAYMC. In other words, Jacobson did not have standing with respect to claims related to the CAYMC in any of the complaints because plaintiffs did not "adequately allege that Jacobson attended or even attempted to attend the CAYMC, nor does she represent an intent to do so in the future." (ECF No. 103, PageID.1749.)

The fact that plaintiffs now seek to buttress Jacobson's allegations in paragraph 56 with events that occurred after those pleadings were filed is unavailing. The new allegations are not sufficient to create or save Jacobson's standing regarding the CAYMC because, as the Sixth Circuit has pronounced, "a court's jurisdiction has long turned on the facts as they are when a plaintiff sues, not on later-in-time facts." *Fox v. Saginaw Cnty.*, 67 F.4th 284, 294–295 (6th Cir. 2023) (citation omitted). Therefore,

5

"a plaintiff who lacks standing from the start cannot rely on factual changes during the suit to establish it." *Id.* at 295 (citation omitted). As plaintiffs have not offered any events that occurred prior to the filing of the second amended complaint (or the initial and amended complaints), the Court concludes that the motion is futile because Jacobson lacked standing when the complaint was filed. The Court **DENIES** the motion.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** plaintiffs' motion to supplement paragraph 56 of their second amended complaint. (ECF No. 119.)

**SO ORDERED.**

Date: October 23, 2024            **s/Jonathan J.C. Grey**
                                  Hon. Jonathan J.C. Grey
                                  United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 23, 2024.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager