UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK, *et al.*,

    Plaintiffs,

v

STATE OF MICHIGAN, *et al.*,

    Defendants.

No. 2:22-cv-12951

HON. JONATHAN J.C. GREY

MAG. ANTHONY P. PATTI

_____/

**DEFENDANT STATE OF MICHIGAN'S MOTION TO EXEMPT PARTICIPATION IN SETTLEMENT CONFERENCE**

Cassandra A. Drysdale-Crown
Assistant Attorney General
Attorney for Defendant State of Michigan
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
drysdalecrownc@michigan.gov
P64108

Kimberly K. Pendrick
Marla Linderman Richelew (P55759)
Assistant Attorneys General
Attorneys for Defendant State of Michigan
3030 W. Grand Blvd., Suite 10-666
Detroit, Michigan 48202
(517) 335-7659
pendrickk@michigan.gov
P60348

Dated: October 24, 2024

Defendant State of Michigan (State Defendant) moves this Court to enter an order excluding State Defendant and counsel from appearing at and participating in the Settlement Conference schedule on November 15, 2024, at 1:30 p.m., before Magistrate Judge Anthony P. Patti.  State Defendant states in support:

1. On June 23, 2023, Plaintiffs filed their Second Amended Complaint. (ECF No. 79.)

2. On July 6, 2023, State Defendant filed a Motion to Dismiss Plaintiffs' Second Amended Complaint.  (ECF No. 82.)

3. On March 30, 2024, this Court entered an Order granting in part State Defendant's Motion to Dismiss.  (ECF No. 103.)

4. The March 30, 2024, Order dismissed all of Plaintiffs' claims except for the Americans with Disabilities Act and the Michigan Persons With Disabilities Civil Rights Act claims, and dismissed allegations as to all state-owned buildings.  (*Id.*)  As a result, the only remaining issue for the State is its alleged liability for the local court facilities.  (*Id.*)

5. The September 25, 2024, Order referred this matter to Magistrate Judge Anthony P. Patti to conduct a settlement conference.  (ECF No. 133.)

6. On the same day, a Notice to Appear at Settlement Conference on November 15, 2024, at 1:30 p.m., was entered.  (ECF No. 134.)

7. On October 4, 2024, State Defendant filed a motion to dismiss Plaintiffs' second amended complaint, or alternatively for summary judgment, as to its non-liability for the five local court facilities remaining at issue, arguing Plaintiffs lack standing to sue the State regarding local courthouse facilities where they cannot show that their injuries were caused by the State or that a judicial decision will address their injury because the counties and local political subdivisions are responsible for those facilities. (ECF No. 136, PageID.2159–2180.)

8. In State Defendant's October 4, 2024, motion, it also argued that dismissal is appropriate where this Court lacks jurisdiction of Plaintiffs' state law claim under the Michigan Persons With Disabilities Civil Rights Act (PWDCRA) and the State has not waived its Eleventh Amendment immunity and that immunity has not been abrogated, where Plaintiffs lack standing to bring state law claims against State Defendant, and where Plaintiffs have failed to join indispensable parties pursuant to Fed. R. Civ. P. 19. (*Id.*, PageID.2180–2191).

9. Local Rule 16.1(c) requires that "[e]ach represented party must be represented in the pretrial conference by at least one *attorney* who will participate actively in the trial of the action, and who has information and authority adequate for responsible and effective participation for all purposes,

*including settlement. At settlement conferences, all parties must be present.*" (Emphasis added.)

10. Local Rule 16.6 further explains that "[t]he court may require parties to be present."

11. This Court requires that "[e]ach party, together with its lead trial counsel or counsel of record who have primary responsibility for discovery, must attend the conference unless expressly excused by the Court. Under no circumstances will a party be permitted to only have counsel attend the settlement conference without the Court's prior approval . . . A governmental entity must send an authorized representative with full and complete authority to make settlement decisions and to bind the governmental entity, understanding that some settlement decisions may be subject to further approval by an elected municipal board." Moreover this Court cautions that "[a] party appearing at the conference without full settlement authority will be in violation of this directive. Failure to produce the appropriate person(s) at the conference may result in an award of costs and attorney fees incurred by the other parties in connection with the conference and/or sanctions against the

noncomplying party and/or counsel." Magistrate Judge Anthony Patti's Settlement Conferences practice guidelines.[1]

12. State Defendant does not own or lease the facilities housing the Coleman A. Young Municipal Center (CAYMC), the Frank Murphy Hall of Justice, the Ingham County 54-B District Court, the Livingston County 53rd District Court and 44th Circuit Court, the Washtenaw County 22nd District Court, Wayne County 3rd Circuit Court and 36th District Court. (ECF No. 136, State Defendant Motion to Dismiss, PageID.2163–2173; ECF No. 136-2, Turnquist Declaration, PageID.2195–2233; ECF No.136-3, Michigan Courthouse Planning and Design Guide, PageID.2215–2235.)

13. State Defendant has no authority to renovate the facilities or to compel the local political subdivisions to renovate Rosa Parks Transit Center or the facilities housing local courts at the Coleman A. Young Municipal Center (CAYMC) and the Frank Murphy Hall of Justice, or the facilities housing the Ingham County 54-B District Court, the Livingston County 53rd District Court and 44th Circuit Court, the Washtenaw County 22nd District Court, Wayne County 3rd Circuit Court and 36th District Court. (ECF No. 136, PageID.2163–2173.)

---

[1] Magistrate Judge Patti's Settlement Practice Guidelines are publicly located at United States District Court -- Eastern Michigan District (last viewed October 24, 2024).

14. State Defendant and its authorized representative have no legal authority to resolve or settle Plaintiffs' claims or to bind and compel the local governmental entities to a settlement in this matter. (*Id*.)

15. Where State Defendant's dispositive motion remains pending before this Court, it is a waste of judicial economy and of counsels' and parties' resources for State Defendant, its authorized agent, and counsel to attend settlement discussions where State Defendant has no ability to negotiate any terms related to the buildings at issue.

16. In accord with Local Rule 7.1(a), the undersigned counsel certifies that counsel communicated by email on October 23, 2024, with Plaintiffs' counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief. Later that day, Plaintiffs' counsel responded that Plaintiffs do not concur with the relief sought by State Defendant.

For these reasons and the reasons stated more fully in the accompanying brief in support, State Defendant respectfully requests that this Honorable Court to exempt State Defendant's authorized representative and counsel from settlement conference or, in the alternative, permit State Defendant's counsel to appear at the settlement conference without State Defendant's authorized representative, in addition to any other relief this Court deems just and equitable.

Respectfully submitted,


*s/Cassandra A. Drysdale-Crown*
Cassandra A. Drysdale-Crown
Assistant Attorney General
Attorney for Defendant State of Michigan
Civil Rights & Elections Division
P.O. Box 30736
Lansing, Michigan 48909
(517) 335-7659
drysdalecrownc@michigan.gov
P64108

Kimberly K. Pendrick
Marla Linderman Richelew (P55759)
Assistant Attorney General
Attorney for Defendant State of Michigan
3030 W. Grand Blvd., Suite 10-666
Detroit, Michigan  48202
(517) 335-7659
pendrickk@michigan.gov
P60348

Dated:  October 24, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK, *et al.*,

    Plaintiffs,

v

STATE OF MICHIGAN, *et al.*,

    Defendants.

No. 2:22-cv-12951

HON. JOHNATHAN J.C. GREY

MAG. ANTHONY P. PATTI

_____/

**BRIEF IN SUPPORT OF DEFENDANT STATE OF MICHIGAN'S MOTION TO EXEMPT PARTICIPATION IN SETTLEMENT CONFERENCE**

Cassandra Drysdale-Crown
Assistant Attorney General
Attorney for Defendant State of Michigan
P.O. Box 30736
Lansing, Michigan 48909
(517) 335-7659
drysdalecrownc@michigan.gov
P64108

Kimberly K. Pendrick
Marla Linderman Richelew (P55759)
Assistant Attorneys General
Attorneys for Defendant State of Michigan
3030 W. Grand Blvd., Suite 10-666
Detroit, Michigan 48202
(517) 930-8842
pendrickk@michigan.gov
P60348

Dated: October 24, 2024

## TABLE OF CONTENTS

Page

Table of Contents ................................................................................................. i

Index of Authorities ............................................................................................ ii

Concise Statement of Issues Presented ............................................................. iii

Controlling or Most Appropriate Authority ...................................................... iii

Introduction ..........................................................................................................1

Statement of Facts ................................................................................................1

Argument ..............................................................................................................2

I.     This Court may exempt State Defendant and its counsel from participation in and attending Settlement Conference. ...................................2

Conclusion and Relief Requested ........................................................................6

Local Rule Certification .......................................................................................6

Certificate of Service ............................................................................................7

# INDEX OF AUTHORITIES

Page

**Cases**

*Key v. City of Detroit*, __ F.Supp.3d (E.D. of Mich, May 21, 2024) ........................3

**Rules**

Fed. R. Civ. P. 16 ................................................................................................5

Fed. R. Civ. P. 16(a) ............................................................................................3

Fed. R. Civ. P. 16(a)(5) ....................................................................................2, 3

Fed. R. Civ. P. 16(c)(2)(I) ....................................................................................3

Fed. R. Civ. P. 19 ................................................................................................2

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Local Rule 16.1 provides that all parties or their counsel attend settlement conference with full settlement authority or risk violation of this Court's directive.  Where State Defendant's dispositive motion remains pending, and where it has no liability and no authority to settle Plaintiffs' claims or to compel local governmental units to renovate local courthouse facilities, should this Court exempt State Defendant and its counsel from attending settlement conference?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:   Fed. R. Civ. P. 16

## INTRODUCTION

All parties are currently ordered to appear before the Magistrate Judge on November 15, 2024, for a settlement conference. However, where the State Defendant lacks liability or authority over the remaining buildings and local courthouses, a settlement conference will not assist the parties with reaching a resolution or to streamline issues to focus on at trial. It would be an inefficient use of the parties', counsels', and this Court's time.

Thus, State Defendant requests this court excuse its counsel and its authorized agent from participating in the November 15, 2024 Settlement Conference.

## STATEMENT OF FACTS

On March 30, 2024, this Court entered an order granting in part and denying in part the State's and the local Defendants' motions to dismiss Plaintiffs' second amended complaint. (ECF No. 103.) This order dismissed all claims as to the State-owned buildings, and the only remaining claims against the State are relative to Plaintiffs' allegation that the State is liable for the local court facilities.

On September 25, 2024, this Court entered an order referring this matter to Magistrate Judge Anthony P. Patti to conduct a settlement conference. (ECF No. 133.) On the same day, a Notice to Appear at Settlement Conference on November 15, 2024, at 1:30 p.m., was entered. (ECF No. 134.)

1

On October 4, 2024, State Defendant filed a motion to dismiss Plaintiffs' second amended complaint, or alternatively for summary judgment, as to its non-liability for the five local court facilities remaining at issue.  In State Defendant's motion, it argued three basis support dismissal of Plaintiffs' complaint as to the State of Michigan.  First, State Defendant argues Plaintiffs lack standing to sue the State of Michigan for local courthouse facilities alleged noncompliance with the ADA and PWDCRA where they cannot show that their injuries were caused by the State or that a judicial decision will address their injury because the counties and local political subdivisions are responsible for those facilities.  (ECF No. 136, PageID.2160–2180.)  Next, State Defendant argues Plaintiffs lack standing to bring state law claims under the PWDCRA and this Court lacks jurisdiction of Plaintiffs' PWDCRA where the State has not waived its Eleventh Amendment immunity and that immunity has not been abrogated.  (*Id*., PageID.2180–2186.)  Last, it argued that dismissal is appropriate where Plaintiffs have failed to join indispensable parties pursuant to Fed. R. Civ. P. 19.  (*Id*., PageID.2186–2191).

## ARGUMENT

I. **This Court may exempt State Defendant and its counsel from participation in and attending Settlement Conference.**

A court *may* order the attorneys and unrepresented parties to appear at pretrial conferences to facilitate settlement.  Fed. R. Civ. P. 16(a)(5) (emphasis

2

added). "[S]ettlement conferences are intended to facilitate resolution, which can streamline issues for trial and potentially lead to a more focused and efficient proceeding." *Key v. City of Detroit*, __ F.Supp.3d __, *3–4 (E.D. of Mich, May 21, 2024), citing Fed. R. Civ. P. 16(a)(5). (*See* Exhibit A). "Such conferences provide a forum for parties to clarify their positions and to explore potential resolutions, even in contentious cases." (*Id.*, at *4.) *See* Fed. R. Civ. P. 16(c)(2)(I), (P). The Local Rules' discretionary provision for ordering parties and counsel to attend settlement conference mirror Fed. R. Civ. P. 16(a). *See* Local Rules 16.1, 16.6.

    Here, unlike the plaintiff's objections to a settlement conference in *Key*, State Defendant raises no concern of the Magistrate Judge's impartiality or the fairness of the settlement-conference process. Rather, State Defendant maintains it has nothing to add at settlement conference where it has no ability to negotiate a settlement regarding the remaining buildings and local courthouse facilities. For the reasons described in the pending State Defendant's October 4, 2024, Motion to Dismiss, three dispositive arguments support the State Defendant's dismissal from this suit: (1) Plaintiffs lack standing to sue the State of Michigan where they cannot show that their injuries were caused by the State or that a decision against the State would redress their alleged injuries; (2) Plaintiffs' state law PWDCRA claims are barred by the Eleventh Amendment; and (3) Plaintiffs failed to join the necessary

3

counties and local political subdivision responsible for the courthouses remaining at issue. (ECF No. 136, PageID.2159–2191.)

While this Court has discretion to order the parties and their counsel to pretrial conferences for the purpose of facilitating settlement, it conversely may also exercise its discretion to exempt the State Defendant and their counsel from pretrial conferences where the State of Michigan has no authority to enter into settlement for the remaining buildings housing local courts at issue and where it has no legal authority to bind local governmental units to reparation or remediation of buildings allegedly in violation of the PWDCRA and Title II of the ADA.

Given that Plaintiffs have not undertaken any effort to join the local governmental units that are responsible and liable for the remaining buildings housing local courts, and that the State of Michigan has no control over these buildings and lacks authority to enter into settlement and enjoin the local governmental units to incur the costs associated with remediating Plaintiffs' claims, any settlement proposals initiated by Plaintiffs or the other parties would be unbinding on and prejudicial to the local governmental units responsible for the buildings at issue in this suit.

Likewise, compelling State Defendant and its counsel to participate in and attend settlement conference at this stage of litigation, where State Defendant has nothing to offer and where State Defendant's position at trial is clearly laid out in

4

its motion to dismiss (ECF No. 136), would not effectuate judicial or lawyer economy or result in resolving claims pending before this Court, but would instead result in avoidable delays and costs.

Indeed, State Defendant's and its counsels' absence at settlement conference on November 15th would not prejudice or harm Plaintiffs or other parties.

For these reasons, and the reasons mentioned in State Defendant's motion to dismiss, this Court may exercise its discretion, to avoid costs to exempt State Defendant and its counsel from participation in and attendance at the November 15, 2024, settlement conference.  *See* Fed. R. Civ. P. 16; Local Rule 16.1.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Defendant State of Michigan respectfully asks this Court to exempt State Defendant's authorized representative and counsel from the November 15, 2024, settlement conference. In the alternative, State Defendant requests that, at a minimum, the court permit State Defendant's counsel to appear without a State authorized representative.

Respectfully submitted,

*s/Cassandra A. Drysdale-Crown*
Cassandra A. Drysdale-Crown
Assistant Attorney General
Attorney for Defendant State of Michigan
Civil Rights & Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
drysdalecrownc@michigan.gov
P64108

Dated: October 24, 2024

## LOCAL RULE CERTIFICATION

I, Cassandra Drysdale-Crown, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). The brief is eleven pages longer than provided by the local rule, but a companion motion to extend pages was filed for the Court's consideration on October 24, 2024. Local Rule 7.1(d)(3).

*s/Cassandra Drysdale-Crown*
Cassandra Drysdale-Crown (P64108)

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/ Cassandra A. Drysdale-Crown*
Cassandra A. Drysdale-Crown
Assistant Attorney General
Attorney for Defendant State of Michigan
Civil Rights & Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
drysdalecrownc@michigan.gov
P64108
