# EXHIBIT A

 Neutral
As of: October 18, 2024 6:43 PM Z

# *Key v. City of Detroit*

United States District Court for the Eastern District of Michigan, Southern Division

May 21, 2024, Decided; May 21, 2024, Filed

Case No. 2:22-cv-10849

**Reporter**
2024 U.S. Dist. LEXIS 91026 *; __ F.Supp.3d __

KELLY ROYCE KEY, Plaintiff, v. CITY OF DETROIT, Defendant.

**Prior History:** *Key v. City of Detroit, 2023 U.S. Dist. LEXIS 180261, 2023 WL 6509049 ( E.D. Mich., Oct. 5, 2023)*

## Core Terms

**settlement conference**, judge's order, clearly erroneous, contrary to law, scheduling, district judge, clear error, nondispositive, impartiality, conferences, retaliation, harassment, objected, pretrial, enhance, cases

**Counsel:** **[*1]** Kelly Key, Plaintiff, Pro se, Detroit, MI.

For City of Detroit, Defendant: Andrae D Smith, City of Detroit, Law Department, Detroit, MI; Letitia C. Jones, City of Detroit, Labor and Employment Division, Detroit, MI.

**Judges:** Honorable SUSAN K. DeCLERCQ, United States District Judge.

**Opinion by:** SUSAN K. DeCLERCQ

## Opinion

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO SETTLEMENT CONFERENCE (ECF NO. 142) AND AFFIRMING MAGISTRATE JUDGE'S ORDER (ECF NO. 141)**

Before this Court is Plaintiff Kelly Royce Key's objection to Magistrate Judge David R. Grand's order scheduling a **settlement conference**. Plaintiff objects that the conference would neither enhance trial nor be fair. This Court must determine whether the Magistrate Judge's order is clearly erroneous or contrary to law.

I.

Plaintiff initially sued the City of Detroit under Title VII and ELCRA for harassment based on sex and sexual orientation (Counts I, II, IV, V) and retaliation (Counts III, VI). ECF No. 1. In response, Defendant filed a motion for summary judgment, which was partially granted, dismissing the harassment claims and retaining the retaliation claims. *See generally Key v. City of Detroit, No. 2:22-CV-10849, 2024 U.S. Dist. LEXIS 80485, 2024 WL 1929991 (E.D. Mich. May 2, 2024).* Plaintiff sought reconsideration of that order, which was also denied. ECF No. 143. **[*2]**

On May 2, 2024, this Court entered an order referring this matter to Magistrate Judge Grand for a **settlement conference**. ECF No. 134. The order stated that Magistrate Judge Grand could cancel the **settlement conference** if he deemed that it would not be fruitful. *Id.* Magistrate Judge Grand scheduled a **settlement conference** for May 30, 2024, to be held via Zoom. ECF No. 141. But Plaintiff has objected, arguing that the conference would be unnecessary, wasteful, and unfairly biased against him. ECF No. 142.

II.

The Magistrate Judge's order addressed a nondispositive pretrial matter. *See Massey v. City of Ferndale, 7 F.3d 506, 508-09 (6th Cir. 1993)* (listing dispositive matters). Therefore, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Fed. R. Civ. P. 72(a)*; *accord 28 U.S.C. § 636(b)(1)(A)*; *see also* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). "A finding is 'clearly

2024 U.S. Dist. LEXIS 91026, *2

erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry, 518 F.3d 442, 449 (6th Cir. 2008)* (quoting *United States v. U.S. Gypsum Co., 333 U.S. 364, 398, 68 S. Ct. 525, 92 L. Ed. 746 (1948)*); *see also* **[*3]** *Anderson v. Bessemer City, 470 U.S. 564, 574, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985)* ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc., 940 F.3d 205, 219 (6th Cir. 2019)* (quoting *United States v. Winsper, No. 3:08-CV-00631, 2013 U.S. Dist. LEXIS 149433, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)*).

"If the district court will affirm the magistrate judge's order, then it may simply identify the parts of the record that it reviewed and state that it found no clear error." *Murphy v. May, No. 1:21-CV-12089, 2023 U.S. Dist. LEXIS 135109, 2023 WL 4964296, at *2 (E.D. Mich. Aug. 3, 2023)* (collecting cases); *cf. United States v. Robinson, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005)* (applying the same standard to the adoption of a magistrate judge's report and recommendation) (first citing *Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002)*; and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd, 290 F. App'x 769 (6th Cir. 2008)*.

**III**.

This Court has reviewed Plaintiff's objection, the relevant orders, and all the related filings in the record and concludes that the Magistrate Judge's order scheduling the ***settlement conference*** is neither clearly erroneous nor contrary to law.

Courts may use pretrial conferences to facilitate settlement. *Fed. R. Civ. P. 16(a)(5)*. Plaintiff contends that the ***settlement conference*** would not enhance the quality of the trial. ECF No. 142 at PageID.960. However, settlement conferences are intended to facilitate resolution, **[*4]** which can streamline issues for trial and potentially lead to a more focused and efficient proceeding. Magistrate Judge Grand's decision to hold a ***settlement conference*** is a reasonable exercise of discretion aimed at achieving these goals. Plaintiff asserts the ***settlement conference*** would be wasteful based on statements made by defense counsel. *Id.* This

Court, however, finds no clear error in Magistrate Judge Grand's determination that a ***settlement conference*** could be beneficial. Such conferences provide a forum for parties to clarify their positions and to explore potential resolutions, even in contentious cases. Plaintiff expresses concern about the fairness and impartiality of the ***settlement conference***. *Id.* at PageID.961. But this Court has no reason to doubt the impartiality of Magistrate Judge Grand or the fairness of the ***settlement-conference*** process. Plaintiff's apprehensions do not demonstrate that the Magistrate Judge's order is clearly erroneous or contrary to law.

Simply put, Plaintiff's objections do not provide a sufficient basis to set aside the Magistrate Judge's order.

**IV**.

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 142, is **OVERRULED**.

Further, it is **[*5] ORDERED** that the Magistrate Judge's Order Scheduling ***Settlement Conference***, ECF No. 141, is **AFFIRMED**.

**This order does not close the above-captioned case**.

Dated: 5/21/2024

*/s/ Susan K. DeClercq*

SUSAN K. DeCLERCQ

United States District Judge

---

**End of Document**