UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

    Plaintiffs,                Case No. 22-cv-12951-JJCG

v                             Hon. Jonathan J.C. Grey

STATE OF MICHIGAN, et al.

    Defendants.

_____/

## DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S MOTION TO COMPEL DISCLOSURE AND DISCOVERY AGAINST PLAINTIFFS BABCOCK AND MADDOX

Under Federal Rules of Civil Procedure 26(a)(1)(A)(iii), 33(b), 34(b)(2), 36(a), and 37(a), Defendant Detroit-Wayne Joint Building Authority ("DWJBA") moves for an order compelling Plaintiffs Babcock and Maddox to provide full and complete answers to DWJBA's discovery requests directed to them, and to provide a computation of each category of damages they claim as required by Rule 26(a)(1)(A)(iii).

The undersigned counsel certifies, in accordance with the Rule 37(a)(1) and L.R. 7.1(a), that on October 16, 2024, DWJBA's counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion, seeking concurrence in the relief requested within a week.[1] As Plaintiffs'

---

[1]   Exhibit 1 (Email dated 10/16/24).

counsel still had not responded, on October 22, 2024, counsel for DWJBA and Plaintiffs discussed these issues in a telephone conference. Plaintiffs' counsel did not agree at that time to any of the issues DWJBA's counsel had raised on October 16, and would not commit to responding to the issues by any particular time; instead, Plaintiffs' counsel wanted to defer consideration of discovery issues until after the settlement conference set for November 15, 2024. DWJBA's counsel stated that this was not acceptable to DWJBA. Thus, DWJBA requested but did not obtain concurrence in the relief sought.

Further, under Rule 37(a)(5)(A), DWJBA asks the Court to order Plaintiffs Babcock and Maddox, or Plaintiffs' attorneys, or both to pay DWJBA's reasonable expenses incurred in making the motion, including reasonable attorney fees.

DWJBA submits the accompanying brief in support of this motion.

Respectfully submitted,

CLARK HILL PLC

___*/s/  Paul S. Magy*_____
Paul S. Magy (P34423)
Gregory N. Longworth (P49249)
Attorneys for Defendant DWJBA
220 Park Street, Suite 200
Birmingham, MI 48009
(248) 988-5844
pmagy@clarkhill.com
glongworth@clarkhill.com

Dated:  October 30, 2024

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

     Plaintiffs,                      Case No. 22-cv-12951-JJCG

v                                       Hon. Jonathan J.C. Grey

STATE OF MICHIGAN, et al.

     Defendants.

_____/

**DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S
BRIEF IN SUPPORT OF ITS
MOTION TO COMPEL DISCLOSURE AND DISCOVERY
<u>AGAINST PLAINTIFFS BABCOCK AND MADDOX</u>**

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1.      Rule 37(a)(3)(A) provides that, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Rule 26(a)(1)(A)(iii) requires Plaintiffs to provide a computation of each category of damages they claim. Yet, Plaintiffs' initial disclosure provided no computation of any category of damages they claim. Should the Court compel Plaintiffs promptly to make this disclosure or strike Plaintiffs' claims for damages?

2.      Rule 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: *** (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents … as requested under Rule 34." Further, Rule 36(a)(6) provides that "[t]he requesting party [of an admission request] may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served." Plaintiffs Babcock and Maddox have provided insufficient answers to DWJBA's interrogatories and admission requests and insufficient responses to DWJBA's document requests. Should the Court compel Babcock and Maddox to provide full and complete answers to the interrogatories and admission requests and full and complete responses to the document requests?

3.      Under Rule 37(a)(5)(A) and Rule 36(a)(6), "[i]f [a] motion [to compel disclosure or to compel a discovery response] is granted …, the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Upon granting DWJBA's motion, should the Court award sanctions in favor of DWJBA?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

The controlling or most appropriate authority for resolving DWJBA's motion are the following:

- Fed. R. Civ. P. 26(a)(1)(A)(iii), 33(b), 34(b)(2), 36(a), and 37(a).

- Related to Plaintiffs Babcock's and Maddox's failure to sign and verify their interrogatories: *United States v. Quebe*, 321 F.R.D. 303 (S.D. Ohio 2017).

- Related to the waiver of discovery objections: *Siser N.A., Inc. v. Herika G. Inc.*, 325 F.R.D. 200 (E.D. Mich. 2018).

- Related to the principle that Babcock and Maddox have standing only with respect to the specific architectural barriers they actually encountered: *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Davis v. Anthony Inc.*, 886 F.3d 674 (8th Cir. 2018).

## INTRODUCTION

Defendant Detroit-Wayne Joint Building Authority ("DWJBA") served discovery requests (admission requests, interrogatories, and document requests) on Plaintiffs Babcock and Maddox. Despite DWJBA agreeing to an extension of nearly three weeks in the time for Babcock and Maddox to answer, they still answered the interrogatories and document requests late. In fact, they largely objected to the interrogatories and document requests and provided very little in the way of substantive answers/responses. DWJBA moves to compel full and complete answers to their answers to two admission requests, most of the interrogatories, and many of the document requests. Further, Plaintiffs' initial disclosure failed to provide a calculation of any categories of damages they seek to recover. DWJBA moves to compel disclosure of this information or to strike their damages claims in the absence of disclosure.

## BACKGROUND

In light of Plaintiffs' Second Amended Complaint ("SAC") (ECF No. 79) and this Court's order dated March 30, 2024, limiting the scope of Plaintiffs' claims in the SAC (ECF No. 103), on August 19, 2024, DWJBA served on Plaintiffs Babcock and Maddox DWJBA's first set of discovery requests, consisting of admission

requests, interrogatories, and document requests.[2] Under the applicable rules, the answers and responses were due on September 18. On September 11, Plaintiffs' counsel requested a three-week extension of time for Plaintiffs to respond to the discovery (October 9).[3] A short time later, DWJBA's attorney responded that an extension was acceptable but, for reasons explained in the response, DWJBA would agree only to a two-week delay (October 2). DWJBA's agreement was expressly conditioned on three conditions; for present purposes, the relevant condition—the first one—is that "we will get substantive responses and not objections devoid of substantive answers[.]" As he explained, an extension isn't reasonably necessary if a party is going to simply object to discovery requests.[4] After all, it doesn't take much time to cut-and-paste the same boilerplate objection in response after response. Later that day, Plaintiffs' attorney replied, requesting to have until October 4 to respond. He further cited the Court's Civility Principles from 08-AO-009, assuring that Babcock's and Maddox's discovery responses, including objections, would comport with those principles.[5] DWJBA's attorney responded that October 4 was acceptable in principle. But he also reiterated that DWJBA's approval included that

---

[2]   Exhibit 2 (DWJBA's discovery to Babcock); Exhibit 3 (DWJBA's discovery to Maddox.

[3]   Exhibit 4 (Email string ending Sept. 11, 2024) at 5-6.

[4]   *Id.* at 4-5.

[5]   *Id.* at 3.

first condition. "If you intend to withhold documents based on objections, we need to discuss that now before the extension is approved."[6]

On October 4, 2024, Babcock and Maddox served their responses to the admissions requests directed to each.[7] However, their attorney's email that afternoon stated: "We are still preparing our objections and answers to the Interrogatories and to the Request for Production and we anticipate having those ready by next Friday, or the following Monday."[8] Because this would make the answers/responses due on October 11 or 14—both later than Plaintiffs' original request, which DWJBA rejected—DWJBA did not accept the request for a second extension. Nevertheless, Babcock and Maddox did not serve their written answers and responses until after 5 p.m. on Tuesday, October 15, 2024.[9] Babcock's and Maddox's responses are attached.[10]

## STANDARD

Rule 37(a)(3)(A) provides that, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate

---

[6]  *Id.* at 2.
[7]  Exhibit 5 (Babcock's admission-request responses); Exhibit 6 (Maddox's admission-request responses).
[8]  Exhibit 7 (Email dated 10/4/24).
[9]  Exhibit 8 (Emails dated 10/15/24).
[10]  Exhibit 9 (Babcock's discovery responses); Exhibit 10 (Maddox's discovery responses).

3

sanctions." Rule 26(a)(1)(A)(iii), in turn, required Plaintiffs to provide a computation of each category of damages they claim.

Rule 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: *** (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents … as requested under Rule 34." Further, Rule 36(a)(6) provides that "[t]he requesting party [of an admission request] may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served."

The scope of interrogatories, document requests, and admission requests is governed by Rule 26(b).[11] Rule 26(b)(1) sets forth the scope of discovery that is allowable in a case. Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"[12] DWJBA seeks discovery relevant to the precise factual bases for Babcock's and Maddox's claims against DWJBA and the damages they seek to recover related to the Coleman A. Young Municipal Center ("CAYMC").

---

[11] *See* Fed. R. Civ. P. 33(a)(2), 34(a), 36(a)(1).
[12] Fed. R. Civ. P. 26(b)(1) (emphasis added).

## ARGUMENT

### I.    Motion to Compel Disclosure

As part of their initial disclosure,[13] Rule 26(a)(1)(A)(iii) required Plaintiffs to provide "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]" Plaintiffs initial disclosure provided no computations of their alleged damages, failed to identify all categories of damages claimed (using the phrase "among other things"), or identify or provide any documents or other evidentiary materials bearing on the nature or extent of injuries suffered. Plaintiffs' failure to make good on its initial-disclosure obligation has real consequences for DWJBA because DWJBA intends to file a dispositive motion, which requires proof that Babcock and Maddox have suffered no recoverable damages; this also matters for purposes of the settlement conference set for November 15.

Under Rule 37(a)(3)(A), the Court should compel this disclosure; otherwise, Babcock and Maddox should be foreclosed from pursuing damages. It may be that Plaintiffs are not actually intending to seek and prove monetary damages. If that is

---

[13]   Exhibit 11 (Pls.' Initial Disclosure).

the case, Plaintiffs should so state. Nevertheless, DWJBA is entitled to recover "appropriate sanctions" because of Plaintiffs' non-compliance with its obligations.

## II.    Motion to Compel Discovery Responses

Under Rule 37(a)(3)(B), DWJBA's motion to compel discovery responses seeks an order compelling Babcock and Maddox to answer the interrogatories under Rule 33 and produce documents under Rule 34 and awarding to DWJBA "appropriate sanctions."

DWJBA first addresses procedural deficiencies with Babcock's and Maddox's discovery responses. DWJBA then turns to their frivolous discovery objections. Finally, DWJBA addresses deficiencies in the substance of their discovery responses.

### A.    The Court should compel discovery related to several procedural deficiencies in Babcock's and Maddox's discovery responses.

#### 1.    Babcock's and Maddox's interrogatory answers are deficient because they have not signed the answers under oath.

Plaintiffs' counsel, but not Babcock and Maddox themselves, signed the interrogatory answers and the answers are not signed under oath. This violates Rule 33.

Rule 33(b)(1) provides that "[t]he interrogatories must be answered: (A) by the party to whom they are directed …." Rule 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and

fully in writing under oath." And Rule 33(b)(5) provides that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections."

In counsels' call on October 22, 2024, Plaintiffs' counsel asserted that an attorney may sign interrogatory answers on behalf of an individual client as the client's representative or agent. Wrong. "Rule 33(b)(1)(A) provides that interrogatories addressed to an individual party must be answered by that party. It is improper for the party's attorney to answer them, though undoubtedly the common practice is for the attorney to prepare the answers and have the party swear to them."[14]

This is no trifling matter. As explained in *United States v. Quebe*:

> The ramifications ensuing from Mr. Quebe's and counsel's inadequate verifications are significant. "[I]nterrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory." The verifications attached to Defendants' answers essentially disclaim that they are factual admissions because they claim to be, at least in part, counsel's statements. Plaintiff, moreover, is correct that its counsel will be unable to depose Mr. Quebe about portions of the answers that he did not provide. And, if Mr. Quebe cannot be deposed about those portions of his answers, Defendants' Interrogatory responses and verifications would frustrate the truth-

---

[14] 8B Fed. Prac. & Proc. Civ. § 2172 (footnotes omitted). *United States v. Quebe*, 321 F.R.D. 303, 309 (S.D. Ohio 2017). Under Rule 33(b)(1)(B), an attorney can sign interrogatories on behalf of "a public or private corporation, a partnership, an association, or a governmental agency" as the party's "agent," but the rules are different for other types of parties, including individuals.

seeking function of discovery and prejudice Plaintiff due to the limited number of depositions its counsel may conduct.[15]

Thus, the Court should issue an order compelling Babcock and Maddox to personally sign the interrogatory answers under oath.

### 2. Babcock's and Maddox's document-request responses do not state whether documents have been withheld based on their numerous objections.

Both Babcock and Maddox have asserted multiple objections to every one of DWJBA's document requests. Under Rule 34(b)(2)(C), "[a]n objection [to a document request] must state whether any responsive materials are being withheld on the basis of that objection." In addition, under this subparagraph, "[a]n objection to part of a request must specify the part and permit inspection of the rest." Babcock's and Maddox's document-requests responses clearly fail to comply with the former requirement; the responses may well fail to comply with the latter requirement, as well. Thus, the Court should issue an order compelling Babcock and Maddox to amend their document-request responses to fulfill this obligation.

---

[15] *Quebe*, 321 F.R.D. at 310 (quoting *Melius v. Nat'l Indian Gaming Comm'n*, CIV A 98–2210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000)).

### 3.   Babcock and Maddox have waived objections they wished to assert with respect to the interrogatories and document requests by not timely asserting the objections.

"As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection."[16] As set forth in the Background section, by agreement of the parties (pursuant to Rule 29), Babcock's and Maddox's interrogatory answers and document-request responses were due on Friday, October 4, 2024. Yet, on that day, their attorney unilaterally asserted: "we anticipate having those ready by next Friday, or the following Monday." Even so, Babcock and Maddox did not serve their answers/responses on either "next Friday" (October 11) or "the following Monday" (October 14). They didn't serve them until October 15, eleven days after the due date the parties had agreed to (October 4). Thus, the Court should strike Plaintiffs' objections and order that Babcock and Maddox answer the interrogatories and respond to the document-requests without regard to any objections.

---

[16]   *Siser N.A., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018) (quoting *Kuriakose v. Veterans Affairs Ann Arbor Healthcare Sys.*, No. 14-CV-12972, 2016 WL 4662431, at *2 (E.D. Mich. Sept. 7, 2016)). *See also Richmark Corp. v. Timber Falling Consultants*, 956 F.2d 1468, 1473 (9th Cir. 1992); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections ordinarily are waived").

**B.** **Babcock's and Maddox's objections to the discovery requests are frivolous and meritless.**

Here, DWJBA address some of the recurring objections that Babcock and Maddox assert in their discovery responses. DWJBA will address other objections in the Argument III.

**1.** **Babcock's and Maddox's objection to DWJBA's definition of *Common Areas* is meritless.**

Babcock objects to admission requests 9, 10, 12, 13, and 14 because she doesn't like the way DWJBA chose to define *Common Areas* for purposes of the admission requests. Maddox asserts the same objection to admission requests 6, 10, and 11. Each of them also asserts this objection in response to interrogatories 2 and 3. DWJBA is entitled to define its terms as it deems appropriate. Babcock and Maddox must answer the referenced admission requests and interrogatories consistent with DWJBA's definition of *Common Areas*. Notably, they don't contend that DWJBA's definition is vague or incomprehensible. Rather, they apparently contend that DWJBA's definition is inconsistent with the scope of DWJBA's liability, stating that these interrogatories and admission requests "misstate[] the law applicable to the case or this Defendant." That's a contention that the Court may

eventually need to resolve.[17] But, for now, Babcock and Maddox need to answer the admission requests and interrogatories as DWJBA has propounded them.

### 2. Babcock's and Maddox's repeated objections of *overly burdensome* and *cumulative* are frivolous.

Babcock objects to the following discovery requests as *overly burdensome* or *cumulative* (and generally both): interrogatories 4-11 and document requests 1-6, 8-11, 15-20, and 24; Maddox objects to interrogatories 4-11 and document requests 1-6, 8-11, and 14-19, and 23. The truly frivolous nature of these objections is most apparent when Babcock and Maddox assert these objections in response to document requests 3-6 and 8-11, where DWJBA requests the documents Plaintiffs themselves identified in their initial disclosure,[18] which, under Rule 26(a)(1)(A)(ii), includes documents "the disclosing party has in its possession, custody, or control and may use to support its claims …." When Plaintiffs have asserted that they have possession of documents that they may use to support their claims, there is no conceivable argument that a document request for those documents is *overly burdensome* or *cumulative*.

---

[17]  Besides, DWJBA's definition of *Common Areas* comports with the law for reasons set forth in ECF No. 80, PageID.1416-1418. The Court's opinion on the Defendants' motions to dismiss did not resolve this issue.

[18]  Exhibit 11 (Pls.' Initial Disclosure).

### 3. Babcock's and Maddox's repeated objection that the document requests seek "documents already in Defendants' possession" is invalid.

In response to many of DWJBA's document requests (numbers 1-11, 15-20, and 24 to Babcock, and numbers 1-11, 14-19, and 22 to Maddox), Babcock and Maddox object on the ground that the requests "seek documents already in Defendants' possessions" (or in the possession of "various Defendants" or "DWJBA's possession"). This is not a valid objection here. Most of these requests ask for documents that Plaintiffs identified in their own initial disclosure, indicating that they already have certain documents in their possession, custody, or control that they may use to support their claim. DWJBA doesn't know which documents Plaintiffs have in their possession, custody, or control, or which Plaintiffs intent to use in the case. It may well be the case that DWJBA has *some*—maybe even all— of these documents, but there is simply no way of knowing this because Plaintiffs' initial disclosure used only broad categories to describe documents. Plus, these documents expressly stated that DWJBA wanted all documents within the described category, even if Plaintiffs don't intend to use them at trial; such documents may well prove useful for cross-examination.

### 4. Babcock's and Maddox's objections based on visitor logs and security tapes are meritless.

Babcock and Maddox repeatedly object to interrogatories and discovery requests on the ground that "the requested information is readily available to

Defendants through their own visitor logs and security tapes." First, it's highly doubtful that "Defendants" still have visitor logs and security tapes available, plus DWJBA doesn't have access to the City's or County's records. Second, it makes no sense that DWJBA should have to review tens of thousands of hours of security tapes (if they are even available) when Babcock and Maddox could simply share this information. Third, because Babcock works at CAYMC, it's highly doubtful that she ever signed in as a guest even if there for personal reasons. Finally, it makes no sense that security footage would identify when Babcock and Maddox have engaged with architectural barriers, how those barriers affected their access to a public service, program, or activity, how they suffered damages as a result, or other information sought in interrogatories and document requests for which they have asserted this objection.

### 5. Babcock's and Maddox's objections based on the State Bar of Michigan's privileges and protections are meritless.

Babcock's responses to document requests 5-6 and 16-20, as well as Maddox's responses to document requests 5-6 and 15-19, make a perplexing objection: the requests, they assert, "may include confidential information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, or executive and deliberative process privileges of the non-party State Bar of Michigan." Yet, Babcock and Maddox have failed to comply with Rule 26(b)(5), which provides in relevant part: "When a party withholds information otherwise discoverable by

claiming the information is privileged or subject to protection as trial-preparation material, the party must: *** (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." This requirement generally involves providing a privilege log. Because Babcock and Maddox have failed to comply with this requirement, DWJBA and the Court have zero ability to assess this objection. However, there are lots of reasons suggesting the objection is suspect.

Note that Babcock and Maddox are attempting to avoid disclosing documents in their possession, custody, or control—indeed, they identified many of the documents being requested in their initial disclosure (*see* Parts II.10 and II.11)— based on the privilege or protections of *the State Bar of Michigan*. If Babcock and Maddox have the documents, it's hard to fathom how they are privileged or protected. Besides, Babcock and Maddox have made no effort to show that any attorney-client relationship existed with the State Bar of Michigan or who the attorney was that was retained by the State Bar or that the documents at issue are privileged in nature.

### C.   Many of Babcock's and Maddox's discovery responses are substantively deficient.

DWJBA now addresses the substantive answers or responses to specific discovery requests. For purposes of analysis, DWJBA divides the disputed requests

into four categories: (1) those involving specific architectural barriers to the access of a public service, program, or activity at CAYMC; (2) those involving damages Babcock and Maddox claim to have incurred; (3) those involving investigations by the State Bar's disability section or the "ad hoc committee" formed to discuss CAYMC; and (4) miscellaneous requests.

### 1. Requests involving specific architectural barriers to the access of a public service, program, or activity at CAYMC

Interrogatories 2, 3, and 4 to both Babcock and Maddox ask for information about each occasion when they claim to have encountered an architectural barrier at CAYMC that resulted in their being excluded from, or denied the benefit of, a public service, program, or activity, and a description of the specific architectural barriers involved. Before discussing the deficiencies in Babcock's and Maddox's responses, DWJBA provides a short discussion of why this information is relevant.

The mere fact that CAYMC may have some architectural barriers—and DWJBA doesn't admit that it does—doesn't matter. Discussing the Sixth Circuit's earlier decision in *Babcock v. Michigan*, this Court correctly ruled in its March 30, 2024, order that "to maintain a Title II cause of action under 42 U.S.C. § 12132, a plaintiff must allege a denial of access to a service, program, or activity; it is insufficient to merely plead that a facility, in isolation, in inaccessible." ECF No. 103, PageID.1733. In other words, to prevail, Plaintiffs need not only identify one or more architectural barrier at CAYMC, but they must also establish that the

architectural barrier(s) actually interfered with their accessing a public service, program, or activity. Furthermore, Plaintiffs have standing only with respect to those barriers that they "personally encountered" at CAYMC.[19] They can't rely on DWJBA's self-evaluation (the DLZ report) that identifies potential architectural barriers to broaden their claim beyond the specific barriers that they actually and personally encountered and that actually interfered with their accessing a public service, program, or activity.

Interrogatory 2 concerns each occasion since December 6, 2019, when Babcock and Maddox claim to have been excluded from, or denied the benefit of, a public service, program, or activity at CAYMC, asking for the date (or approximate date) of each occasion (relevant for statute of limitations, at a minimum); the public service, program, or activity was accessing (required by *Babcock*); the specific architectural barrier(s) involved (required by *Oliver* and *Davis* as a matter of standing); the reason the alleged barrier prevented access to the public service, program, or activity; and whether that barrier was part of the *Common Areas* of CAYMC as DWJBA defined *Common Areas* (required for the traceability requirement of standing). Disregarding objections addressed in Argument II,

---

[19]  *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011); *Davis v. Anthony Inc.*, 886 F.3d 674, 678 (8th Cir. 2018) (plaintiff who used a wheelchair did not have standing to sue for unencountered violations inside the defendant steakhouse that never injured her).

Babcock and Maddox each objects because "it is impossible, nor is she required by applicable law; [sic] to recall each occasion she has experienced discrimination over the past five years." Based on *Babcock*, *Oliver*, and *Davis*, DWJBA disagrees. They then rely on paragraphs from the SAC but the cited paragraphs don't provide most (or any) of the requested information. It's simply insufficient for Babcock and Maddox to assert, "You have to trust us that we actually encountered barriers that prevented us from accessing a public service, program, or activity, but we don't remember when it happened, what barrier(s) were involved, or which service, program, or activity was actually affected." Finally, they attempt to bootstrap in every alleged barrier identified in "the DLZ and other reports produced by Defendants" but this doesn't comport with *Oliver* and *Davis*, which require that a plaintiff actually have encountered a specific barrier to make it part of her claim.

Interrogatory 3 doesn't focus on "each occasion" but rather on with *which architectural barriers* at CAYMC Babcock and Maddox claim to have personally dealt since December 6, 2019, that resulted in their being excluded from, or denied the benefit of, a public service, program, or activity. Babcock and Maddox simply need to identify the specific alleged barriers they have actually encountered and state whether or not they are part of the Common Areas of CAYMC. Incorporating their answers to interrogatory 2 is insufficient to answer this interrogatory.

17

Interrogatory 4 asks Babcock and Maddox to identify occasions when they visited CAYMC (other than Babcock's employment), the reason for the visit, and which parts of CAYMC they visited. DWJBA maintains this is a reasonable request as Babcock and Maddox, not DWJBA, knows when they came to CAYMC and their reasons for coming to CAYMC. Babcock's answer provides no specifics, other than "being on the premises to conduct interviews with the Detroit Free Press and/or Detroit News"; clearly, the purpose of those visits wasn't to access any public service, program, or activity but instead to generate publicity for her claims.

## 2.    Requests involving damages Babcock and Maddox claim to have incurred

Interrogatories 5 and 6, respectively, ask for information about any "Compensatory Damages (Excluding Emotional-Distress Damages)" and any "Emotional-Distress Damages" (as DWJBA has defined those terms),[20] including the specific architectural barriers involved and whether those barriers are part of the Common Areas of CAYMC. This information is necessary to determine whether Babcock and Maddox have actually suffered any damages in connection with CAYMC and whether DWJBA is responsible for any such damages. DWJBA needs this information for its dispositive motion as well as for the settlement conference on November 15.

---

[20]  DWJBA believes this distinction is significant with respect to the type and nature of damages Plaintiffs can recover.

18

In the Court's March 30, 2024, Order, the Court held that Babcock had sufficiently alleged that "inaccessibility to the buildings and rooms [addressed in enumerated paragraphs of the SAC] allegedly require Babcock … to turn down clients … because proceedings would occur in those buildings." ECF No. 103, PageID.1735-1736 and 1752. Interrogatory 7, intended to address Babcock's allegations in the SAC related to this subject, asks about work she allegedly turned down due to architectural barriers at CAYMC. In her answer, Babcock puts forward a litany of objections but never answers the question.[21] Even though the Court's prior ruling focused on allegedly lost work for Babcock and Jacobson, DWJBA included this interrogatory for Maddox as well. Unsurprisingly, Maddox's answer suggests she did not turn away any work—stating that the use of "the term '*work*' … appears to be directed to Plaintiff Babcock or Plaintiff Jacobson, rather than Plaintiff Maddox"—but her answer doesn't actually answer the interrogatory, instead interjecting numerous objections.

In Paragraph 62 of the SAC, Babcock and Maddox expressly alleged that they "have had to spend more money than able-bodied persons within the past three years due to illegal discrimination by Defendants …." Surely, they wouldn't assert such

---

[21] Babcock's response to document request 21 ("At the present time, Plaintiff has not earned money as an attorney performing legal work for private clients since December 6, 2019") establishes that she didn't perform legal work for any clients, but it doesn't resolve whether she turned down work.

an allegation without factual support for it. Thus, interrogatory 9 asked them to identify each such expenditure, what the expenditure was for, the amount of the expenditure, the date of the expenditure, which architectural barrier induced the expenditure, and the reason the barrier necessitated the expenditure. After asserting a litany of meritless or irrelevant objections, each answers simply: "Plaintiff is still compiling the expenditures and will supplement this response." Of course, Babcock and Maddox should have already done that at the onset of the case when they made their initial disclosure. (Document request 22 asked for all documents supporting the answer to interrogatory 9; the response incorporates the defective response to the interrogatory.)

Similarly, in Paragraph 98 of the SAC, Plaintiffs alleged that "Defendants have caused and will continue to cause other economic, professional, and reputational harm within the past three years to … Maddox with or without Scarlett as a public advocate for disability rights [and] Babcock and Jacobson as licensed attorneys in government and private practice, as well as in the general exercise and advancement of their skills, experiences, wisdom, and standing and reputation in the legal profession." Interrogatory 10 asked for the evidence supporting this allegation. Babcock and Maddox respond that "the requested information is detailed in Paragraph 98, the pleadings, this Response and in other discovery responses of Plaintiffs." Not a word of this is true. They then assert that, "to the extent the

interrogatory is clarified by DWJBA, Plaintiff will review it and supplement this response." *There is nothing about interrogatory 10 that requires clarification*. Their answer is a rather obvious refusal to admit that there is no evidence for the allegation they asserted in Paragraph 98. If so, they should be compelled to so state. (Document request 23 asked for all documents supporting the answer to interrogatory 10; the response incorporates the defective response to the interrogatory.)

In their initial disclosure (Part II.17), Plaintiffs identified "[d]ocumentation of and in support of Plaintiffs' items of damages or expense." Document request 12 asked for this "documentation" Babcock and Maddox were representing they had in the possession, custody, and control. Their response incorporates their (non)answers to interrogatories 5 and 6 and their response to document request 13 (involving attorney fees). They haven't produced the documentation they asserted they have.

The final damages-related request responds to Part II.18 of Plaintiffs' initial disclosure: "Documentation of Plaintiffs' costs, fees, and attorney fees and costs pertaining to this litigation." Document request 13 asked for this documentation. Babcock's and Maddox's response asserts that this documentation is privileged and protection. Wrong. In order to recover attorney fees, Plaintiffs, like every other party that wants to recover fees, will necessarily have to provide an itemized statement justifying the fee request to analyze the time alleged spent and the billing rates being

used. These items are *not* privileged or protected. And it's especially relevant as the parties go to the settlement conference on November 15.

Notably, Babcock and Maddox object to each of these interrogatories and the document requests as being "overly burdensome and cumulative," neither of which is justified, and because information about their damages "is readily available to Defendants through their own visitor logs and security tapes," which is nonsensical. Further, DWJBA fails to understand how Babcock's assertion about conducting interviews with the media addresses her damages one whit. And if, as stated in response to the interrogatories, Babcock and Maddox do "not recall" individual visits to CAYMC, then, it seems, they presumably can't claim damages for those long-forgotten visits.

## C.    Requests involving investigation records

Prior to this litigation, Plaintiffs' attorney Bartnik shared select materials involving an investigation by the disability rights section of the State Bar of Michigan and select materials related to an "ad hoc committee" formed to investigate alleged ADA issues at CAYMC. But he provided only *select* materials. Document requests 16-20 to Babcock and 15-19 to Maddox ask for materials related to these investigations. Their responses assert privilege and protection (addressed earlier) and that the materials "may disclose personally identifiable protected health information of non-parties." To the extent this is true, it likely would be appropriate

to redact that information, though that shouldn't be done if Plaintiffs intend to call those non-parties to testify. Finally, they object that requested documents are "already in Defendant's possession." This is true only for the select document Mr. Bartnik previously shared; but the requests are aimed at documents he didn't share.

### D.   Miscellaneous requests

Plaintiffs' initial disclosure indicates that Plaintiffs have in their possession, custody, or control numerous documents that they may use to support their claims. Document requests 3-13, respectively, ask for documents within the categories Plaintiffs identify in Part II.8-.18—both documents Plaintiffs may use to prove their claims and those that they don't intend to use. In response to each request, Babcock and Maddox have refused to produce any documents. This isn't justified. While some of these documents may well be in possession of DWJBA, DWJBA still has a legitimate interest in knowing which documents Plaintiffs have in their possession, especially since Plaintiffs may use those documents to support their claims.

In Paragraph 119 of the SAC, Plaintiffs allege that multiple alterations of CAYMC over the years triggered an obligation to remediate supposed existing violations, which DWJBA, the City, or the County failed to do. Interrogatory 11 and document request 24 to Babcock (23 to Maddox) ask Babcock and Maddox to identify (and provide) their supporting evidence for Paragraph 119 and to identify

the specific architectural barriers they maintain needed to be remediated as part of each project. They have refused to answer the interrogatory or provide the supporting documents.

Document request 15 to Babcock asks for her communications with the City of Detroit regarding concerns about the lack of accessibility at CAYMC. While the City provided some such documents to DWJBA, DWJBA has no way of determining the completeness of the documents. These documents are relevant to identifying the specific architectural barriers that Babcock complained about (and therefore likely actually encountered). The Court should require Babcock to produce the documents available to her.

Similarly, document request 14 to Maddox asks for communications she sent to the City regarding concerns about the lack of accessibility at CAYMC. While Maddox objects that "[i]t appears that all Defendants have access to this information, as it has been referenced in their Request for Admissions," DWJBA doesn't know what Maddox is referencing here. DWJBA attached no emails to its admission requests to Maddox and DWJBA has no emails to or from Maddox.

## CONCLUSION

For the reasons stated here, DWJBA respectfully asks the Court to:

1. order Plaintiffs Babcock and Maddox to promptly serve an amended initial disclosure providing the information required under Rule 26(a)(1)(A)(iii).

24

2. order Babcock and Maddox to promptly serve revised interrogatory answers and document-request responses that fully, fairly, and completely respond to DWJBA's discovery requests.

3. award to DWJBA and against Plaintiffs and/or their attorneys an appropriate sanction pursuant to Rule 37(a)(3)(A) and (B) and (5)(A).

Respectfully submitted,

CLARK HILL PLC

_____/s/  Paul S. Magy_____
Paul S. Magy (P34423)
Gregory N. Longworth (P49249)
Attorneys for Defendant DWJBA
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 988-5844
pmagy@clarkhill.com
glongworth@clarkhill.com

Dated:  October 30, 2024

<u>LOCAL RULE CERTIFICATION</u>

I, Paul S. Magy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

<em>/s/ Paul S. Magy</em>

<u>CERTIFICATE OF SERVICE</u>

Paul S. Magy, being first duly sworn, deposes and states that on this 30th day of October, 2024, he caused to be served a copy of the foregoing pleading upon all counsel of record via the court's electronic filing system.

<em>/s/ Paul S. Magy</em>