UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

      Plaintiffs,                Case No. 22-cv-12951-JJCG-APP

v                              Hon. Jonathan J.C. Grey
                             Mag. Anthony P. Patti

STATE OF MICHIGAN, et al.

      Defendants.

_____/

## DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF MADDOX

Under Fed. R. Civ. P. 26, 33, 34, and 36, Defendant Detroit-Wayne Joint Building Authority ("DWJBA") submits the following Interrogatories, Document Requests, and Admission Requests (collectively the "Discovery Requests") to Plaintiff Marguerite Maddox:

## DEFINITIONS

For the purposes of these Discovery Requests, the following definitions apply:

1. The term document or documents means any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence, e-mail messages, memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes of meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements,

labels, tape recordings, photographs, x-rays, notes, charts, maps, computer printouts, computer programs, electronically-stored data, other data compilations from which information can be obtained, translated, if necessary, by the respondent by detection devices into reasonably usable form, or any other documents or evidence, and shall include all non-identical copies or reproductions of any kind.

2.   The word <u>identify</u> as used with respect to documents means:

    a)    To specify the nature of the document (for example, letter, memorandum, etc.);

    b)    To state the date, if any, appearing on the document, or if none, the date upon which the document was prepared, if known;

    c)    To describe in general the subject matter of the document;

    d)    To identify each person who wrote, signed, dictated, or otherwise participated in the preparation of the document;

    e)    To identify the legal capacity in which each person was acting when writing, signing, dictating or otherwise participating in the preparation of the document; and

    f)    If it now exists, to identify each person having custody of the document.

3.   The word <u>identify</u> as used with respect to an individual means:

    a)    To identify the full name of such individual;

    b)    To identify the current or last known address of such individual;

    c)    To identify the current or last known telephone number of such individual;

      d)      To identify the name of the current or last known employer of such individual; and

      e)      To identify the relationship of such individual to you.

4.   The word <u>person</u> or <u>persons</u> means all individuals and entities including, without limiting the generality of the foregoing, all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, and government bodies or agencies.

5.   The terms <u>you</u> and <u>your</u> refer to Plaintiff Jill Babcock and her attorneys and other agents.

6.   You should construe these discovery requests as follows: (a) the singular includes the plural and the plural includes the singular; (b) the masculine, feminine, or neuter pronoun includes the other genders; (c) the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the request all documents or information that might otherwise be construed to be outside its scope; (d) the words "any" and "all" shall include each and every; and (e) the present tense of a verb includes its past tense and vice versa.

7.   The phrase <u>Describe in Detail</u> calls for the complete description of all facts that are pertinent to the act, occurrence, or event in question, including, where applicable, the date, time, place, circumstance, nature, substance, description, or explanation of the act, event, or occurrence, and the identity of all persons or entities involved in the act, event, or occurrence.

8.   The term <u>CAYMC</u> refers to the Coleman A. Young Municipal Center.

9.   The term <u>Architectural Barrier</u> means physical features that limit or prevent people with disabilities from obtaining the programs, services, and activities available at CAYMC.

10. The term <u>Compensatory Damages (Excluding Emotional-Distress Damages)</u> means compensatory damages, but expressly excludes Emotional-Distress Damages.

11.  The term <u>Emotional-Distress Damages</u> means compensatory damages for emotional distress, mental suffering, emotional disturbance, mental distress, emotional trauma, and similar types of damages.

12.  The term <u>Common Areas</u> means those areas of CAYMC shaded on the floor plans attached as **Exhibit 1** and also includes the drop-off areas and public entrances to CAYMC.

<u>**ADMISSION REQUESTS**</u>

1.     Admit that all of your visits to CAYMC since December 6, 2019, have been in the capacity of disability advocate.

2.     Admit that you did not receive financial compensation in connection with any of your visits to CAYMC since December 6, 2019.

3.     Admit that, since December 6, 2019, you have not suffered any Compensatory Damages (Excluding Emotional-Distress Damages) as a result of

your being excluded from, or denied the benefit of, the public services, programs, or activities at CAYMC.

4.     Admit that, since December 6, 2019, you have not suffered any Emotional-Distress Damages as a result of your being excluded from, or denied the benefit of, the public services, programs, or activities at CAYMC.

5.     Admit that the City Council meeting space is the auditorium on the 14th Floor of CAYMC.

6.     Admit that the City Council meeting space on the 14th Floor of CAYMC is not part of the Common Areas of CAYMC.

7.     Admit that your problem with Skywalk between the Millender Center and CAYMC is not any Architectural Barrier but rather that the entrance to CAYMC is available only for employees.

8.     Admit that you use the Skyway to exit CAYMC.

9.     Admit that, when you use the Skyway to exit CAYMC, you do not experience any Architectural Barriers that impede your departure from CAYMC.

10.     Admit that, to the extent you allege having experienced Architectural Barriers at CAYMC (including, without limitation, in Paragraphs 43-49 and 115 of the Second Amended Complaint), the Architectural Barriers are *not* part of the Common Areas of CAYMC.

11.     Admit that, since December 6, 2019, you have not been excluded from, or denied the benefit of, a public service, program, or activity at CAYMC as a result of any Architectural Barrier in the Common Areas of CAYMC.

## **INTERROGATORY**

1.     With respect to any Admission Request that you do not unqualifiedly admit, Describe in Detail the basis for your failure to admit the Admission Request.

2.     With respect to each occasion since December 6, 2019, on which you claim to have been excluded from, or denied the benefit of, a public service, program, or activity at CAYMC:

     a.  State the date (or approximate date) of the occasion;

     b.  Describe the public service, program, or activity involved;

     c.  Describe the specific alleged Architectural Barrier(s) involved (and not a general description of a category of alleged Architectural Barriers);

     d.  Describe the reason the alleged Architectural Barrier(s) resulted in your being excluded from, or denied the benefit of, the public service, program, or activity; and

     e.  State whether or not the alleged Architectural Barrier was part of the Common Areas of CAYMC.

3.     Identify each alleged Architectural Barrier at CAYMC with which you have personally dealt since December 6, 2019, that resulted in your being excluded

from, or denied the benefit of, a public service, program, or activity, including (without limitation) all Architectural Barriers identified, directly or indirectly, in Paragraphs 43-49 and 115 of the Second Amended Complaint. This interrogatory is asking you to identify each specific Architectural Barrier *you have actually encountered* at CAYMC, not a general description of a category of alleged Architectural Barriers. Indicate whether or not each alleged Architectural Barrier is part of the Common Areas of CAYMC.

4.      Identify all occasions on which you visited CAYMC since 2015, including the date (or approximate date, if you do not know the exact date) of the visit, the reason you visited CAYMC on each such occasion, and the specific area(s) of the CAYMC you visited on each such occasion.

5.      If you claim to have suffered Compensatory Damages (Excluding Emotional-Distress Damages) since December 6, 2019, due to alleged Architectural Barriers at CAYMC, Describe in Detail the basis for each occasion you suffered such loss, including identification of the specific alleged Architectural Barrier involved and indicate whether or not each alleged Architectural Barrier is part of the Common Areas of CAYMC.

6.      If you claim to have suffered Emotional-Distress Damages since December 6, 2019, due to alleged Architectural Barriers at CAYMC, Describe in Detail the basis for each occasion you suffered such loss, including identification of

the specific alleged Architectural Barrier involved and indicate whether or not each alleged Architectural Barrier is part of the Common Areas of CAYMC.

7.     If you claim to have turned away work since December 6, 2019, due alleged Architectural Barriers at CAYMC, identify the nature of that work, Identify the person for whom you would have performed the work, the specific alleged Architectural Barrier(s) that caused you to turn away the work, the date (or approximate date, if you do not know the exact date) when you turned away the work, and indicate whether or not each alleged Architectural Barrier is part of the Common Areas of CAYMC.

8.     Describe in Detail your concrete plans to return to CAYMC in the future for the purpose of accessing a public service, program, or activity.

9.     Identify all expenditures you have made since December 6, 2019, that you maintain exceed the expenditures of able-bodied persons, as referenced in Paragraph 62 of the Second Amended Complaint, that related to alleged Architectural Barriers at CAYMC. For each such expenditure, identify what the expenditure was for, the amount of the expenditure, the date of the expenditure, identify the alleged Architectural Barrier(s) at CAYMC that necessitated the expenditure, and the reason the alleged Architectural Barrier(s) necessitated the expenditure.

10.     Describe in Detail all evidence supporting your claim, as alleged in Paragraph 98 of the Second Amended Complaint, that, since December 6, 2019, you have suffered economic, professional, and reputational harm as a public advocate for disability rights.

11.     Describe in Detail all evidence supporting your assertion that material alterations have been made at CAYMC that required Architectural Barriers to be remediated. For each alteration project, identify the specific Architectural Barrier(s) you maintain needed to be remediated as part of that alteration project.

<u>**DOCUMENT REQUESTS**</u>

1.     With respect to any Admission Request that you do not unqualifiedly admit, produce a copy of all documents supporting your response.

2.     Produce a copy of all documents referenced in, or supporting, your answers to the interrogatories.

3.     Produce a copy of the deed(s), easement(s), lease(s), maintenance agreement(s), amendments, and renewals, for the Skywalk and the Detroit People Mover Station in the Millender Center and the route from that Station to the CAYMC. See Pls.' Initial Disclosures dated May 27, 2024, Part II.8, though this request seeks *all* such documents, not just those you intend to use in this case.

4.     Produce a copy of all publicly available census, statistical, and other demographic records as to persons with disabilities and including attorneys and

judges with disabilities that you may use in this case. See Pls.' Initial Disclosures dated May 27, 2024, Part II.9, though this request seeks *all* such documents, not just those you intend to use in this case.

5.    Produce a copy of all meeting agendas, notes, correspondence, and inspections pertaining to the *ad hoc* Committee in 2019, 2020, 2021, and 2022. See Pls.' Initial Disclosures dated May 27, 2024, Part II.10, though this request seeks *all* such documents, not just those you intend to use in this case.

6.    Produce a copy of all correspondence from and with the Elder Law and Disability Law and Disability Rights Section of the State Bar of Michigan in 2019, 2020, and 2021 as to CAYMC. See Pls.' Initial Disclosures dated May 27, 2024, Part II.11, though this request seeks *all* such documents, not just those you intend to use in this case.

7.    DWJBA's public records and announcements, including internet and archived internet materials, pertaining to accessibility and compliance and non-compliance in CAYMC. See Pls.' Initial Disclosures dated May 27, 2024, Part II.12, though this request seeks *all* such documents, not just those you intend to use in this case.

8.    Produce a copy of all correspondence, agendas, news reports, photographs or advocacy requests and protests by members and organizations of the disability community to request compliance with accessibility requirements at

CAYMC. See Pls.' Initial Disclosures dated May 27, 2024, Part II.13, though this request seeks *all* such documents, not just those you intend to use in this case.

9.     Produce a copy of all photographs, videos, articles, and recordings in the Detroit Free Press, Detroit News, Outlier Detroit, and other media as to Plaintiffs or Defendants and accessibility requirements in CAYMC. See Pls.' Initial Disclosures dated May 27, 2024, Part II.14, though this request seeks *all* such documents, not just those you intend to use in this case.

10.     Produce a copy of all documentation of court records and DOJ records of prior litigation, orders or settlements as to the accessibility issues involving CAYMC. See Pls.' Initial Disclosures dated May 27, 2024, Part II.15, though this request seeks *all* such documents, not just those you intend to use in this case.

11.     Produce a copy of all photographs, plans, drawings, and other descriptions of CAYMC "and comparable facilities." See Pls.' Initial Disclosures dated May 27, 2024, Part II.16, though this request seeks *all* such documents, not just those you intend to use in this case.

12.     Produce a copy of all documentation of your items of damage or expense. See Pls.' Initial Disclosures dated May 27, 2024, Part II.17, though this request seeks *all* such documents, not just those you intend to use in this case.

13.     Produce a copy of all documentation of your costs and fees in litigation. See Pls.' Initial Disclosures dated May 27, 2024, Part II.18, though this request seeks *all* such documents, not just those you intend to use in this case.

14.     Produce a copy of all other communications you sent the City of Detroit regarding concerns about the lack of accessibility at CAYMC.

15.     Produce a copy of all communications related to CAYMC between you or any other Plaintiff and anyone acting on behalf of the Elder Law and Disability Law and Disability Rights Section of the State Bar of Michigan.

16.     Produce a copy of all materials related to the investigation performed by the Elder Law and Disability Law and Disability Rights Section of the State Bar of Michigan related to CAYMC.

17.     Produce a copy of all communications related to CAYMC between the Elder Law and Disability Law and Disability Rights Section of the State Bar of Michigan and the State Bar of Michigan.

18.     Produce a copy of all communications related to CAYMC between you or any other Plaintiff and anyone acting on behalf of the *ad hoc* Committee.

19.     Produce a copy of all materials related to the investigation by the *ad hoc* Committee related to CAYMC.

20.     To the extent that you have earned money as a disability advocate since December 6, 2019, produce a copy of each tax return reflecting earnings from that advocacy work.

21.     Produce a copy of all documents supporting your answer to Interrogatory No. 9.

22.     Produce a copy of all documents supporting your answer to Interrogatory No. 10.

23.     Produce a copy of all documents supporting your answer to Interrogatory No. 11.

Respectfully submitted,

CLARK HILL PLC


Dated:  August 19, 2024                    By:     /s/ Gregory N. Longworth
                                                   Paul S. Magy (P34423)
                                                   Gregory N. Longworth (P49249)
                                                   Clark Hill PLC
                                                   Attorneys for Defendant DWJBA
                                                   151 S. Old Woodward, Suite 200
                                                   Birmingham, MI  48009
                                                   (248) 988-5844
                                                   pmagy@clarkhill.com
                                                   glongworth@clarkhill.com

CERTIFICATE OF SERVICE

Gregory N. Longworth, being first duly sworn, deposes and states that on this 19th day of August, 2024, he caused to be served a copy of the foregoing pleading upon all counsel of record via email.

_____/s/ Gregory N. Longworth_____

# EXHIBIT 1

# First Floor Office Tower



## 2nd Floor, Office



Archives and Records
Management Division

Legislative Policy Division &
City Planning Commission

Board of Zoning Appeal

**202**     **204**     **208**     **212**

Escalators     AHU 5     8  9  10  11     AHU 7

AHU 6-8     15  14  13  12

**C**     Women's     Men's     **D**     Security     **E**     **16**

SKY WALK

228w     228e

**200**     **218**     **216**

Detroit City Clerk     Historic     Office of the Auditor General
1/17/2009     Designation     1/15/2009
                Advisory Board     2-14

# 3rd Floor Office



Case 2:22-cv-12951-JJCG-APP ECF No. 140-3, PageID.2645 Filed 10/30/24 Page 15 of 47

# 4th Floor Office



# 5th Floor Office



# 6th Floor Office



# 7th Floor Office



## 8th Floor Office



## 9th Floor Office



# 10th Floor Office



# 11th Floor Office



# 12th Floor  Office



# 13th Floor Office



**14th Floor Office**



# Rooftop Penthouses



Court Trower Roof

Window Access
1307 Stairwell F

Ladde

Office Tower Roof

A

F

Link Roof

D

E

N

W   E

S

CAYMC ADA Evaluation       Office Level Penthouses       March 2020

# 1st Floor Court Tower



# 2nd Floor Court Tower



Wayne County Clerk

203

Vital Records

207

201

A

1 2 3

B

Men's 7 6 5 4 Women

201 211 209

Wayne County Clerk

# 3rd Floor Court Tower



City of Detroit
Communication Service and Engineering

303     333

| 35 | 36 | 37 | 38 | 39 | 40 | 41 | 42 | 43 | 44 | 45 | 46 | 47 | 48 | 49 | 50 | 51 | 52 | 53 | 54 | 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 |

A   1   2   3   B

301

Men's   7   6   5   4   Women   Computer Server

FILES

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 |

301     313

Third Circuit Court Offices     Third Circuit Court Offices

Jury Services

# 4th Floor Court Tower



# 5th Floor Court Tower



Detroit Law

Copy Center

A  B

1  2  3

5065

Men's  7  6  5  4  Women  5071  5027 Conference D

5063 Corridor

Detroit Law

Detroit Offices

# 6th Floor Court Tower



City Engineering Department

City Engineering Department

# 7th Floor Court Tower



# 8th Floor Court Tower



# 9th Floor Court Tower



**Third Circuit Court**

Judge Leslie Kim Smith — 901

Judge David J. Allen — 907

Friend of the Court Scheduling Office — 900

Judge John A. Murphy — 921

Judge Lita Masini Popke — 915, 913, 911

Friend of the Court Scheduling Office — 900

**Third Circuit Court**

Friend of the Court Scheduling Office

# 10th Floor Court Tower



**Third Circuit Court**

Judge Eric W. Cholack

Judge Lynne A. Pierce

1001

1007

35 36 37 38 39 40 41 42 43 44 45 46 47 48 49 50 51 52 53 54 55 56 57 58 59 60 61 62 63 64 65 66 67 68

Jury Room

**A**

1 2 3

**B**

Court

1021

Reporter

Detroit

Department of

Administrative Hearings

1004

Women's

7    6 5 4

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31 32 33 34

1019

1011

1041

1030   1028

Judge Connie Marie Kelley

Judge Edward Ewell Jr.

Offices

Budget

Detroit

**Third Circuit Court**

CAYMC ADA Evaluation

Court Level 10

March 2020

# 11th Floor Court Tower



Third Circuit

Presiding Civil Division

Judge Brian R. Sullivan

Judge Maria Lusia Oxholm

1101

1107

1204

Viewing Room     Jury Room

A     1  2  3     B

Men's     7   6  5  4     Womens

Jury Room

1101

1111

Judge Brian R. Sullivan

Judge John H. Gillis Jr.

Third Circuit Court

# 12th Floor Court Tower



# 13th Floor Court Tower



# 14th Floor Court Tower



**Third Circuit Court**

Judge Muriel D. Hughes

1401

**Probate Court**

1405      1407

A    B    C

35 36 37 38 39 40 41 42 43 44 45 46 47 48 49 50 51 52 53 54 55 56 57 58 59 60 61 62 63 64 65 66 67 68

Jury Room

A    1 2 3    B

1423

Women's    7 6 5 4

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31 32 33 34

1421      1411

Judge Kathleen MacDonald      Judge Daphne Means Curtis

**Third Circuit Court**

# 15th Floor Court Tower

## Third Circuit Court

**Friend of the Court Parent Time - SC / BW**

Judge Lisa M. Neilson
Judge Susan L. Hubbard



**Third Circuit Court**

# 16th Floor Court Tower



Third Circuit Court

Vacant Courtroom                    Judge Daniel P. Ryan

1601                                          1607

Third Circuit Court

Judge Kevin J. Cox          Judge Daniel A. Hathaway

1619                                          1611

# 17th Floor Court Tower

## Third Circuit Court



**Third Circuit Court**

# 18th Floor Court Tower



## Third Circuit Court

Domestic Violence Prevention Courtroom

Solution Oriented, Domestic Violence

PPO

Judge Annette J. Berry

1801

1807

| 35 | 36 | 37 | 38 | 39 | 40 | 41 | 42 | 43 | 44 | 45 | 46 | 47 | 48 | 49 | 50 | 51 | 52 | 53 | 54 | 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 |

Jury Room

A

1   2   3

B

N11

1823

1809

7   6   5   4

Women's

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 |

1821

1813

1811

Judge Martha M. Snow

Presiding Family Division

Judge Kathleen M. McCarthy

## Third Circuit Court

# 19th Floor Court Tower



Third Circuit Court

PPO Advocates - County Clerk

Vacant Court Room

Friend of the Court Contempt / SC/ BW

1901

1907

| 35 | 36 | 37 | 38 | 39 | 40 | 41 | 42 | 43 | 44 | 45 | 46 | 47 | 48 | 49 | 50 | 51 | 52 | 53 | 54 | 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 |

Jury

Room

A    1    2    3    B

1923    1909

Men's    7    6    5    4

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 |

1921    1913

Judge Charles S. Hegarty

Friend of the Court Referee

Third Circuit Court

CAYMC ADA Evaluation

Court Level 19

March 2020

# 20th Floor Court Tower



# Roof Court  Tower

