UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

      Plaintiffs,                        Case No. 22-cv-12951-JJCG-APP

v                                              Hon. Jonathan J.C. Grey
                                              Mag. Anthony P. Patti

STATE OF MICHIGAN, et al.

      Defendants.

_____/

## PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF JILL BABCOCK

Pursuant to Fed. R. Civ. P. 36 (a) and LR 26.1, Plaintiffs, by undersigned counsel, submit the following answers and objections to the Defendant Detroit-Wayne Joint Building Authority ("DWJBA") First Set of Requests for Admissions Directed to Plaintiff Jill Babcock:

### PLAINTIFFS' PRELIMINARY RESPONSE

    1.    These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' right to rely on other facts or documents at trial.

    2.    Plaintiffs do not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence

in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, vagueness, relevancy, materiality, and privilege. Further, Plaintiffs make these responses and objections herein without in any way implying that it considers the requests for admission, and responses to the requests for admission, to be relevant or material to the subject matter of this action.

3. Plaintiffs expressly reserve the right to supplement, clarify, revise, or correct any or all responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4. Plaintiffs' responses are based on their understanding and interpretation of each term in, and the context of, the request for admission and subject to the Plaintiffs' General Objections hereinbelow.  Plaintiffs expressly reserve the right to supplement, clarify, revise, or correct any or all responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s), upon clarification of the request for admission by one or more Defendants.

5. Plaintiffs have not yet completed discovery.  These responses are made without prejudice to the production of subsequently discovered facts or evidence, or re-evaluation of existing evidence.

## PLAINTIFFS' GENERAL OBJECTIONS

1.  Plaintiffs object to each instruction, definition, and request for admission to the extent that it purports to or does impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable rules and orders of the Court.

3.  Plaintiffs object to each instruction, definition, and request for admission to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure occur, it is inadvertent and shall not constitute a waiver of any privilege.

## ADMISSION REQUESTS

1.  Admit that you started working for the City of Detroit at CAYMC in 2017.

**ANSWER: Object to relevance, but admitted as to Jill Babcock.**

2.  Admit that, since 2017, your primary workplace while working for City of Detroit has been at CAYMC.

**ANSWER: Object to relevance, but admitted as to Jill Babcock.**

3. Admit that, in August 2019, you sent an email to the mayor's office asking for accessible restrooms.

**ANSWER: Neither admitted nor denied at this point because the "Exhibit 2" does not appear to contain a copy of any email from Jill Babcock to the Mayor in August 2019. Subject to the foregoing, however, it is admitted that Jill Babcock sent the emails on July 3, 2019 and September 19, 2019 addressed to Mayor Duggan and depicted at .pdf pages 95 and 118 of 128 pages of the DWJBA Request for Admissions Exhibit 1. In further answer, it is admitted said emails were not the first or only communications on this issue to the Mayor, to the Mayor's Office, or to the executive branch.**

4. Admit that, since December 6, 2019, you have not suffered any Compensatory Damages (Excluding Emotional-Distress Damages) as a result of your being excluded from, or denied the benefit of, the public services, programs, or activities at CAYMC.

**ANSWER: Denied.**

5. Admit that, since December 6, 2019, you have not suffered any Emotional-Distress Damages as a result of your being excluded from, or denied the benefit of, the public services, programs, or activities at CAYMC.

**ANSWER: Denied.**

6. Admit that, since December 6, 2019, you have never represented a client in any matter that required you to appear at CAYMC on behalf of your client.

**ANSWER: Objection is stated to relevance, to the form of the question, and to the vague use of the term "client". Subject to and without waiving the objections, Jill Babcock is an attorney with a *Juris Doctor*, with an *L.L.M.* in Taxation, and licensed by the State of Michigan. As a professional, she is an attorney subject to the various rules of professional conduct, including as an attorney working for the public entity of the City of Detroit. Even though she does not work in the Law Department for the City of Detroit, and she does not hold a job title as an attorney in the City of Detroit, the City does rely on her legal expertise. Further, she considers that as an attorney, not working in the Law Department, her responsibilities are to the City and to the residents, and hence, she has to be in the CAYMC which needs to be accessible to the public, separate and distinct from being an employee. Further, law is her career which**

**she exercises outside of her employment capacity and physically inside of the CAYMC and grounds; she must and does draw a line—for instance if she goes to a public event or to meeting in the CAYMC, she may go to her workplace in the CAYMC, but then to the separate event or other non-employment function or event in the CAYMC she must and does assure to the other persons there that she is there on her own behalf as a member of the public or as a speaker, but not in any capacity on behalf of the City. Subject to and without waiving the foregoing objection, denied.**

7. Admit the authenticity of the emails, article, and ADA charge of discrimination attached as Exhibit 2.

**ANSWER: Admit the newspaper article appears to self-authenticating, F.R.E. 902 (6). Objection to the relevance of the email and attached ADA Charge of Discrimination as it is clearly a document for Title I issue, while this action at bar is instead a Title II action. Further objections are made and preserved as to authenticity of those emails authored by persons other than Jill Babcock, as to the credibility or truthfulness or accuracy of the contents of the emails authored by persons other than Jill Babcock, as to the weight to be given, as to hearsay, and as to the absence of the originals, for example those emails which are depicted within an email heading of the attorneys of record representing the**

**DWJBA rather than the original email heading of the person or persons who are purported to be authors or recipients of the email, and to the extent the depictions do not show all persons who received the emails as addressees or copies. Subject to these objections, and only for authentication purposes, Plaintiffs agree the items appear to be authentic copies.**

8. Admit that the DWJBA did not cancel the disability event mentioned in Paragraph 28 of the Second Amended Complaint.

**ANSWER: Plaintiffs can neither admit nor deny due to lack of knowledge or information needed to form a belief; at this time, we have no information beyond that which is stated in the pleadings and we have no knowledge as to who canceled the event.**

9. Admit that the allegation in Paragraph 30 of the Second Amended Complaint related to being denied jury duty at CAYMC was a decision of the court clerk or other administrative officials affiliated with the court and was unrelated to any alleged Architectural Barrier in the Common Areas of CAYMC.

**ANSWER: Objection is stated as to the vague term "Architectural Barrier in the Common Areas" and the reference to DWJBA's Definition 12, "The term <u>Common Areas</u> means those areas of CAYMC shaded on the floor plans attached as Exhibit 1 and also includes the drop-off areas and public entrances**

**to CAYMC": although "Exhibit 1" may be useful as a visual reference guide, "Exhibit 1" and the DLZ Accessibility Review Report from which it is extracted do not include the term "Common Areas" and instead use the terms "common use spaces" or "common elements"; "Exhibit 1" is not an architectural drawing; upon information and belief "Exhibit 1" is not the drawing or drawings scheduled, attached, or incorporated by reference into any instruments of conveyance, any certified architect plans or drawings, or any construction, maintenance or other contracts applicable to the CAYMC; "Exhibit 1" is not complete; "Exhibit 1" does not have any index of abbreviations or symbols or colors except at ECF No. 1-3, PageID.178 in which it depicts a green shaded box as "Area reviewed within the scope of this project" and described in more detail at page 3 (ECF No. 1-3, PageID59) of the Accessibility Review Report including the yellow box showing the borders of "Randolph St E. Jefferson Ave Woodward Ave and Larned St", from which "Exhibit 1" was extracted. Subject to and without waiving the objections, Plaintiffs can neither admit nor deny due to lack of knowledge or information needed to form a belief; at this time, we have no information beyond that which is stated in the pleadings as to which person or persons have denied her the right to participate in jury duty.**

10. Admit that Paragraphs 31 and 36 of the Second Amended Complaint involve alleged Architectural Barriers that are not part of the Common Areas of CAYMC.

**ANSWER: Denied, including for the reasons stated in Answer and Objections to Admission Request 9 immediately hereinabove.**

11. Admit that you have not lost control of your bladder or bowels at CAYMC since December 6, 2019, as alleged in Paragraphs 59, 60, 91, and 92 of the Second Amended Complaint.

**ANSWER: Denied, for the reason that Jill Babcock has lost control of her bladder and her bowels in the CAYMC subsequent to December 6, 2019.**

12. Admit that, to the extent Paragraph 65 of the Second Amended Complaint involves alleged Architectural Barriers at CAYMC, those alleged Architectural Barriers are not part of the Common Areas of CAYMC.

**ANSWER: Denied, including for the reasons stated in Answers and Objections to Admission Request 9 and 10 immediately hereinabove.**

13. To the extent the allegations in Paragraphs 98, 182, 218, and 219 of the Second Amended Complaint involve the CAYMC, admit that any harm to your legal

practice since December 6, 2019, did not involve Architectural Barriers in the Common Areas of CAYMC.

**ANSWER:** Denied, including for the reasons stated in Answers and Objections to Admission Request 9, 10, and 12 immediately hereinabove.

14.     Admit that, since December 6, 2019, you have not been excluded from, or denied the benefit of, a public service, program, or activity at CAYMC as a result of any Architectural Barrier in the Common Areas of CAYMC.

**ANSWER:** Denied, including for the reasons stated in Answers and Objections to Admission Request 9, 10, 12, and 13 immediately hereinabove.

Respectfully Submitted,

Dated: October 4, 2024

/s/ Michael W. Bartnik
MICHAEL W. BARTNIK (P32534)
Law For Baby Boomers, PLLC
41000 Woodward Ave., Ste. 350
Bloomfield Hills, Michigan 48304
(248) 608-3660 Telephone
michaelbartnik@protonmail.com


Elizabeth K. Abdnour (P78203)
Abdnour Weiker, LLP

                              500 E. Michigan Ave., Ste. 130
                              Lansing, Michigan 48912
                              (517) 994-1776 Telephone
                              liz@education-rights.com

                              Renee A. Stromski (Ohio 0101347)
                              Abdnour Weiker, LLP
                              262 South Third St.
                              Columbus, Ohio 43215
                              (216) 714-1515 Telephone
                              renee@education-rights.com

                              *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Michael W. Bartnik, counsel for Plaintiffs, certify that on October 4, 2024, I served copies of this document to all Defendants via email to their counsel of record at their e-mail addresses of record in this case.

October 4, 2024                            */s/ Michael W. Bartnik*
                                                  MICHAEL W. BARTNIK (P32534)