UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

      Plaintiffs,                         Case No. 22-cv-12951-JJCG-APP

v                                            Hon. Jonathan J.C. Grey
                                             Mag. Anthony P. Patti
STATE OF MICHIGAN, et al.

      Defendants.

_____/

**<u>PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANT
DETROIT-WAYNE JOINT BUILDING AUTHORITY'S FIRST SET OF
REQUESTS FOR ADMISSION TO PLAINTIFF MARGUERITE MADDOX</u>**

Pursuant to Fed. R. Civ. P. 36 (a) and LR 26.1, Plaintiffs, by undersigned counsel, submit the following answers and objections to the Defendant Detroit-Wayne Joint Building Authority ("DWJBA") First Set of Requests for Admissions Directed to Plaintiff Marguerite Maddox:

<u>PLAINTIFFS' PRELIMINARY RESPONSE</u>

1. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' right to rely on other facts or documents at trial.

2. Plaintiffs do not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but

not limited to, competency, vagueness, relevancy, materiality, and privilege. Further, Plaintiffs make these responses and objections herein without in any way implying that it considers the requests for admission, and responses to the requests for admission, to be relevant or material to the subject matter of this action.

3. Plaintiffs expressly reserve the right to supplement, clarify, revise, or correct any or all responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4. Plaintiffs' responses are based on their understanding and interpretation of each term in, and the context of, the request for admission and subject to the Plaintiffs' General Objections hereinbelow. Plaintiffs expressly reserve the right to supplement, clarify, revise, or correct any or all responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s), upon clarification of the request for admission by one or more Defendants.

5. Plaintiffs have not yet completed discovery. These responses are made without prejudice to the production of subsequently discovered facts or evidence, or re-evaluation of existing evidence.

## PLAINTIFFS' GENERAL OBJECTIONS

1. Plaintiffs object to each instruction, definition, and request for admission to the extent that it purports to or does impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable rules and orders of the Court.

2. Plaintiffs object to each instruction, definition, and request for admission to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure occur, it is inadvertent and shall not constitute a waiver of any privilege.

## ADMISSION REQUESTS

1. Admit that all of your visits to CAYMC since December 6, 2019, have been in the capacity of disability advocate.

**ANSWER: Denied. Her visits include in her capacities as a member of the public; as a resident and citizen and member of the communities of the City of Detroit, County of Wayne, State of Michigan and United States; as a person who advocates for her own civil and legal rights and for the civil and legal rights of other persons, including what are often referred to as "disability rights"; as a member or supporter of various advocacy groups; and as a person with disability as defined in Federal and State law.**

2. Admit that you did not receive financial compensation in connection with any of your visits to CAYMC since December 6, 2019.

**ANSWER: Admitted.**

3. Admit that, since December 6, 2019, you have not suffered any Compensatory Damages (Excluding Emotional-Distress Damages) as a result of your being excluded from, or denied the benefit of, the public services, programs, or activities at CAYMC.

**ANSWER: Denied.**

4. Admit that, since December 6, 2019, you have not suffered any Emotional-Distress Damages as a result of your being excluded from, or denied the benefit of, the public services, programs, or activities at CAYMC.

**ANSWER: Denied.**

5. Admit that the City Council meeting space is the auditorium on the 14th Floor of CAYMC.

**ANSWER: Objections are stated as to the use of the vague terms "meeting space", and "auditorium", and relative to the quoted but incorrect location "14th Floor of CAYMC":  there are (a) meeting spaces and a conference room or rooms within and adjacent to the individual office spaces for the members of the City Council on the "13th Floor Office" at "Room 1340" including as**

depicted at ECF No. 1-3, PageID.175; (b) an auditorium depicted in the green shaded area of "Exhibit 1" on the "13th Floor Office" page which extends vertically to the "14th Floor Office" page including as depicted at ECF No. 1-3, PageID.175 and 176; (c) other "meeting locations" within the CAYMC during the history of the CAYMC including but not limited to the time during which the present "Committee of the Whole Room" was undergoing construction or renovation, and (d) the present "City Council Committee of the Whole Room, 13th Floor, Coleman A. Young Municipal Center" described at detroitmi.gov/government/city-council, and also depicted as "1340 Detroit Committee of the Whole" at "12th Floor Court Tower" page at ECF No.1-3, PageID.189 and as a second "1340" at "13th Floor Office" page at ECF No.1-3, pageID.175. Additionally, M.C.L. 15.263 recognizes a "meeting" may occur whenever and wherever a minimum quorum meets in public locations, and, upon information and belief, the Council and or its various Committees do on occasion conduct meetings in other "meeting spaces" of the CAYMC and outside the CAYMC. Subject to and without waiving these objections, Plaintiffs deny this request.

6. Admit that the City Council meeting space on the 14th Floor of CAYMC is not part of the Common Areas of CAYMC.

**ANSWER:** Denied, including for the reasons stated in Answer and Objections to Admission Request 5 immediately hereinabove. Objection is further stated as to the reference to DWJBA's Definition 12, "The term **Common Areas** means those areas of CAYMC shaded on the floor plans attached as Exhibit 1 and also includes the drop-off areas and public entrances to CAYMC": although "Exhibit 1" may be useful as a visual reference guide, "Exhibit 1" and the DLZ Accessibility Review Report from which it is extracted do not include the term "Common Areas" and instead use the terms "common use spaces" or "common elements"; "Exhibit 1" is not an architectural drawing; upon information and belief "Exhibit 1" is not the drawing or drawings scheduled, attached, or incorporated by reference into any instruments of conveyance, any certified architect plans or drawings, or any construction, maintenance or other contracts applicable to the CAYMC; "Exhibit 1" is not complete; "Exhibit 1" does not have any index of abbreviations or symbols or colors except at ECF No. 1-3, PageID.178 in which it depicts a green shaded box as "Area reviewed within the scope of this project" and described in more detail at page 3 (ECF No. 1-3, PageID59) of the Accessibility Review Report including the yellow box showing the borders of "Randolph St E. Jefferson Ave Woodward Ave and Larned St", from which "Exhibit 1" was extracted.

7. Admit that your problem with Skywalk between the Millender Center and CAYMC is not any Architectural Barrier but rather that the entrance to CAYMC is available only for employees.

**ANSWER: Denied, including but not limited to the reason that there is an exterior, covered stairwell from the Skywalk to the exterior grounds of the CAYMC immediately adjacent to the Randolph entrance and additionally leading south on the sidewalks to the E. Jefferson entrance and leading north to the sidewalks and the newly installed ramp to the Larned entrance, and both of which also lead to the public Woodward entrance.**

8. Admit that you use the Skyway to exit CAYMC.

**ANSWER: Admitted.**

9. Admit that, when you use the Skyway to exit CAYMC, you do not experience any Architectural Barriers that impede your departure from CAYMC.

**ANSWER: Denied, including for the reasons stated in Answer and Objections to Admission Requests 6 and 7 immediately hereinabove.**

10. Admit that, to the extent you allege having experienced Architectural Barriers at CAYMC (including, without limitation, in Paragraphs 43-49 and 115 of the Second Amended Complaint), the Architectural Barriers are not part of the Common Areas of CAYMC.

**ANSWER:** **Denied, including for the reasons stated in Answer and Objections to Admission Requests 6, 7, and 9 immediately hereinabove.**

11.  Admit that, since December 6, 2019, you have not been excluded from, or denied the benefit of, a public service, program, or activity at CAYMC as a result of any Architectural Barrier in the Common Areas of CAYMC.

**ANSWER:** **Denied, including for the reasons stated in Answer and Objections to Admission Requests 6, 7, 9, and 10 immediately hereinabove.**

Respectfully Submitted,

Dated: October 4, 2024

*/s/ Michael W. Bartnik*
MICHAEL W. BARTNIK (P32534)
Law For Baby Boomers, PLLC
41000 Woodward Ave., Ste. 350
Bloomfield Hills, Michigan 48304
(248) 608-3660 Telephone
michaelbartnik@protonmail.com

Elizabeth K. Abdnour (P78203)
Abdnour Weiker, LLP
500 E. Michigan Ave., Ste. 130
Lansing, Michigan 48912
(517) 994-1776 Telephone
liz@education-rights.com

Renee A. Stromski (Ohio 0101347)
Abdnour Weiker, LLP
262 South Third St.
Columbus, Ohio 43215

(216) 714-1515 Telephone
renee@education-rights.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I, Michael W. Bartnik, counsel for Plaintiffs, certify that on October 4, 2024, I served copies of this document to all Defendants via email to their counsel of record at their e-mail addresses of record in this case.

| | |
|---|---|
| October 4, 2024 | */s/ Michael W. Bartnik* |
| | MICHAEL W. BARTNIK (P32534) |