UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

      Plaintiffs,                        Case No. 22-cv-12951-JJCG-APP

v.                                  Hon. Jonathan J.C. Grey
                                  Mag. Anthony P. Patti

STATE OF MICHIGAN, et al.

      Defendants.

_____/

### PLAINTIFF MARGUERITE MADDOX'S RESPONSE TO DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS

      Pursuant to Fed. R. Civ. P. 33 (b) and 34 (b), and LR 26.1, Plaintiff Marguerite Maddox, through undersigned counsel, with a full reservation of rights, respectfully submits the following objections and responses to interrogatories and requests for documents propounded by Defendant.

### GENERAL OBJECTIONS

      1.    Plaintiff objects to the subject requests to the extent they impose upon her burdens greater than those set forth in Federal Rules of Civil Procedure. Plaintiff objects to all requests that (i) purport to require her to provide information that is not

available to her from the information and materials in her possession, custody, or

control, and/or seek information or materials that relate to any person or entity who

is not a party to this litigation; (ii) purport to define the responding party to include

any person(s) other than Plaintiff; (iii) purport to require her to gather and/or explain

or summarize information that is equally or more readily available to Defendant

from its own records and knowledge, or that is available to Defendant through public

records; and (iv) purport to require the disclosure of information in an unreasonable

manner or format.

2.    Plaintiffs object to the excessive number of interrogatories, including

their subparts (such as Interrogatory No. 2, which alone includes 22 subparts),

exceeding the 25-interrogatory limit established by Fed. R. Civ. P. 33(a)(1) and LR

26.1.

3.    The dissemination of any information pursuant to these responses is

without prejudice to Plaintiff's right to object that such information is confidential,

protected by the attorney-client privilege, the work product doctrines, and/or the

anticipation of litigation doctrine; further, Plaintiff states that such production,

disclosure, or dissemination of any privileged material or information is inadvertent.

4.    The production of any document or the dissemination of any

information in response to the subject requests is made with a full reservation of and

without prejudice to Plaintiff's right to challenge any such document or information with respect to its relevancy, materiality, or authenticity, or otherwise to argue against its admissibility as evidence.

5.     Plaintiff objects to the subject requests to the extent that they assume facts that are incorrect, contain assumptions which cannot be proven, or are simply untrue. Plaintiff's responses to these requests should not in any manner be construed as an admission or acknowledgment that any fact or allegation assumed in any request is true, accurate, or in any manner meritorious. Plaintiff has not completed her discovery or her preparations for trial, and these responses are thus based upon only the limited information currently available to her. Accordingly, these responses are made without prejudice to Plaintiff's rights to present evidence and/or contentions based upon information hereinafter obtained and/or evaluated. Plaintiff reserves the right voluntarily and freely to supplement her responses to any and all of the subject requests from time to time as she may deem necessary or appropriate as further responsive information may become known through discovery or otherwise.

6.     Plaintiff objects to any preamble instructions and definitions set forth in the requests on the basis that they unduly and overly expand the scope of the information sought and fail to comply with the Federal Rules of Civil Procedure.

3

7.     Plaintiff objects to the discovery requests to the extent they are unreasonably cumulative or duplicative of any previously answered discovery.

8.     Plaintiff reserves the right to amend these answers as discovery progresses and new information becomes available. Plaintiff hereby incorporates the foregoing General Objections into each of the following specific responses, which responses are made subject to these General Objections.

## <u>INTERROGATORIES</u>

1.     With respect to any Admission Request that you do not unqualifiedly admit, Describe in Detail the basis for your failure to admit the Admission Request.

**<u>ANSWER:</u> Plaintiff objects to this interrogatory as asked and answered. The Response to this Interrogatory was produced October 4, 2024 in Plaintiffs' Responses to Requests for Admission and is further answered below and in the documents and photographs supplied to DWJBA by Plaintiff in response to this interrogatory.**

2.     With respect to each occasion since December 6, 2019, on which you claim to have been excluded from, or denied the benefit of, a public service, program, or activity at CAYMC:

   a.  State the date (or approximate date) of the occasion;

4

b.  Describe the public service, program, or activity involved;

c.  Describe the specific alleged Architectural Barrier(s) involved (and not a general description of a category of alleged Architectural Barriers);

d.  Describe the reason the alleged Architectural Barrier(s) resulted in your being excluded from, or denied the benefit of, the public service, program, or activity; and

e.  State whether or not the alleged Architectural Barrier was part of the Common Areas of CAYMC.

**ANSWER** **Plaintiff objects to this interrogatory as it is vague and overbroad. First, Plaintiff objects to the vague use of the terms "Architectural Barriers", "Common Areas" and "Architectural Barriers (as) part of the Common Areas of the CAYMC." Plaintiff also objects to this interrogatory because it misstates the law applicable to the case or this Defendant. Furthermore, Plaintiff lacks sufficient information as to which specific "area" or "barrier" in the CAYMC is considered "common". Plaintiff further objects to this interrogatory as it is impossible, nor is she required by applicable law; to recall each occasion she has experienced discrimination over the past five years. Plaintiff further objects to this Interrogatory as it requests information that is overly burdensome, cumulative, or already in the possession of the Defendants,**

5

**including being contained in the cited Paragraphs from the Second Amended Complaint, in the DLZ and other reports of Defendants, and by any physical or visual observation of the premises by any other person. Subject to and without waiving these objections, please refer to the documents and photographs produced simultaneously with this discovery response.**

3.      Identify each alleged Architectural Barrier at CAYMC with which you have personally dealt since December 6, 2019, that resulted in your being excluded from, or denied the benefit of, a public service, program, or activity, including (without limitation) all Architectural Barriers identified, directly or indirectly, in Paragraphs 43-49 and 115 of the Second Amended Complaint. This interrogatory is asking you to identify each specific Architectural Barrier you have actually encountered at CAYMC, not a general description of a category of alleged Architectural Barriers. Indicate whether or not each alleged Architectural Barrier is part of the Common Areas of CAYMC.

**ANSWER: Plaintiff objects to this interrogatory as asked and answered in Interrogatory 2. Subject to and without waiving the objections, Response to Interrogatory No. 3 can be found in the body of paragraphs 43-49, 115, and other parts of the Second Amended Complaint, in the DLZ and other reports produced by Defendants, in the documents and photographs supplied to**

6

**DWJBA by Plaintiff in response to this Discovery Request, and by any physical or visual observation of the premises by any other person. Subject to and without waiving these objections, please refer to the documents and photographs produced simultaneously with this discovery response.**

4.    Identify all occasions on which you visited CAYMC since 2015, including the date (or approximate date, if you do not know the exact date) of the visit, the reason you visited CAYMC on each such occasion, and the specific area(s) of the CAYMC you visited on each such occasion.

**ANSWER: Plaintiff objects to this interrogatory as overly burdensome and cumulative. Many of Defendant's deficiencies have not been properly remediated since 2010, making it unreasonable to expect Plaintiff to recall "all occasions." Additionally, the requested information is readily available to Defendants through their own public meeting minutes, visitor logs and security tapes. Subject to and without waiving said objections, Plaintiff does not recall, nor is obligated to document, every individual visit to the CAYMC, a public building used for government and court operations. Further, she is very actively involved as a citizen in local City of Detroit government including meetings and offices located in the CAYMC. For any additional visit information, Defendants**

7

**can refer to their employment logs, visitor logs, or security camera recordings. Subject to and without waiving these objections, please refer to the documents and photographs produced simultaneously with this discovery response.**

5.     If you claim to have suffered Compensatory Damages (Excluding Emotional-Distress Damages) since December 6, 2019, due to alleged Architectural Barriers at CAYMC, describe in Detail the basis for each occasion you suffered such loss, including identification of the specific alleged Architectural Barrier involved and indicate whether or not each alleged Architectural Barrier is part of the Common Areas of CAYMC.

**<u>ANSWER:</u> Plaintiff objects to this interrogatory as is overly burdensome and cumulative. Many of Defendant's deficiencies have not been properly remediated since 2010, making it unreasonable to expect Plaintiff to recall "all occasions." Additionally, the requested information is readily available to Defendants through their own public meeting minutes, visitor logs and security tapes. Subject to and without waiving said objections, Plaintiff does not recall, nor is obligated to document, every individual visit to the CAYMC, a public building used for government and court operations. Further, she is very actively involved as a citizen in local City of Detroit government including meetings and**

offices located in the CAYMC. For any additional visit information, Defendants can refer to their employment logs, visitor logs, or security camera recordings. Subject to and without waiving these objections, please refer to the documents and photographs produced simultaneously with this discovery response.

6.     If you claim to have suffered Emotional-Distress Damages since December 6, 2019, due to alleged Architectural Barriers at CAYMC, Describe in Detail the basis for each occasion you suffered such loss, including identification of the specific alleged Architectural Barrier involved and indicate whether or not each alleged Architectural Barrier is part of the Common Areas of CAYMC.

**ANSWER: Plaintiff objects to this interrogatory as overly burdensome and cumulative. Many of Defendant's deficiencies have not been properly remediated since 2010, making it unreasonable to expect Plaintiff to recall "all occasions." Additionally, the requested information is readily available to Defendants through their own public meeting minutes, visitor logs and security tapes. Plaintiff does not recall, nor is obligated to document, every individual visit to the CAYMC, a public building used for government and court operations. Further, she is very actively involved as a citizen in local City government including meetings and offices located in the CAYMC. For additional visit information, Defendants can refer to their employment logs,**

**visitor logs, or security camera recordings. Subject to and without waiving these objections, please refer to the documents and photographs produced simultaneously with this discovery response.**

7.     If you claim to have turned away work since December 6, 2019, due alleged Architectural Barriers at CAYMC, identify the nature of that work, Identify of the person for whom you would have performed the work, describe the specific alleged Architectural Barrier(s) that caused you to turn away the work, the date (or approximate date, if you do not know the exact date) when you turned away the work, and indicate whether or not each alleged Architectural Barrier is part of the Common Areas of CAYMC.

**<u>ANSWER:</u> Plaintiff objects to this interrogatory as ambiguous, including as to the term *"work,"* and that it appears to be directed to Plaintiff Babcock or Plaintiff Jacobson, rather than Plaintiff Maddox. Plaintiff further objects to this interrogatory as is overly burdensome and cumulative. Many of Defendant's deficiencies have not been properly remediated since 2010, making it unreasonable to expect Plaintiff to recall "all occasions." Additionally, the requested information is readily available to Defendants through their own public meeting minutes, visitor logs and security tapes. Plaintiff does not recall, nor is obligated to document, every individual visit to the CAYMC, a public**

building used for government and court operations. Further, she is very actively involved as a citizen in local City government including meetings and offices located in the CAYMC. For any additional visit information, Defendants can refer to their employment logs, visitor logs, or security camera recordings. Subject to and without waiving these objections, please refer to the documents and photographs produced simultaneously with this discovery response.

8.      Describe in Detail your concrete plans to return to CAYMC in the future for the purpose of accessing a public service, program, or activity.

**ANSWER:** **Plaintiff objects to this interrogatory as overly burdensome and cumulative. Plaintiff is a resident of Detroit, Wayne County, Michigan, registered to vote and eligible for jury duty, with a history of being very actively involved as a citizen in local City government including meetings and offices located in the CAYMC. Plaintiff Maddox has concrete plans to attend jury duty at the CAYMC or any other location where the State of Michigan conducts court operations. As a resident and taxpayer, Plaintiff Maddox has concrete plans to continue accessing the CAYMC to fulfill civic responsibilities, meet with representatives, attend public meetings, and exercise constitutional rights as outlined in the pleadings and other discovery responses. Subject to and**

**without waiving these objections, please refer to the documents and photographs produced simultaneously with this discovery response.**

9.      Identify all expenditures you have made since December 6, 2019, that you maintain exceed the expenditures of able-bodied persons, as referenced in Paragraph 62 of the Second Amended Complaint, that related to alleged Architectural Barriers at CAYMC. For each such expenditure, identify what the expenditure was for, the amount of the expenditure, the date of the expenditure, which alleged Architectural Barrier(s) at CAYMC necessitated the expenditure, and the reason the alleged Architectural Barrier(s) necessitated the expenditure.

**ANSWER: Plaintiff objects to this interrogatory as overly burdensome and cumulative. Many of Defendant's deficiencies have not been properly remediated since 2010, making it unreasonable to expect Plaintiff to recall "all occasions." Additionally, the requested information is readily available to Defendants through their own public meeting minutes, visitor logs and security tapes. Plaintiff does not recall, nor is obligated to document, every individual visit to the CAYMC, a public building used for government and court operations. Further, she is very actively involved as a citizen in local City government including meetings and offices located in the CAYMC. For any additional visit information, Defendants can refer to their employment logs,**

**visitor logs, or security camera recordings. Subject to and without waiving these objections, please refer to the documents and photographs produced simultaneously with this discovery response. Subject to and without waiving objections, Plaintiff is still compiling the expenditures and will supplement this response.**

10.    Describe in Detail all evidence supporting your claim, as alleged in Paragraph 98 of the Second Amended Complaint, that, since December 6, 2019, you have suffered economic, professional, and reputational harm as a public advocate for disability rights.

**ANSWER:** **Plaintiff objects to this interrogatory as ambiguous, overly burdensome, and cumulative. Many of Defendant's deficiencies have not been properly remediated since 2010, making it unreasonable to expect Plaintiff to recall "all occasions." Additionally, the requested information is detailed in Paragraph 98, the pleadings, this Response and in other discovery responses of Plaintiffs. Subject to and without waiving said objections, to the extent the interrogatory is clarified by DWJBA, Plaintiff will review it and supplement this response.**

11.    Describe in Detail all evidence supporting your assertion that material alterations have been made at CAYMC that required Architectural Barriers to be

remediated. For each alteration project, identify the specific Architectural Barrier(s) you maintain needed to be remediated as part of that alteration project.

**ANSWER: Plaintiff objects to this interrogatory as overly burdensome. Defendant DWJBA already possesses information regarding the CAYMC, which it owns, operates, and occupies. Subject to and without waiving these objections, details of these changes are thoroughly outlined in paragraphs 114 through 127 of the Second Amended Complaint, as well as in related references and documentation throughout the pleadings. Additionally, this information is included in all four Defendants' own documents, which Plaintiff has requested in ongoing discovery. Relevant documents and photographs are also being produced simultaneously with this Discovery Response.**

## DOCUMENT REQUESTS

1.   With respect to any Admission Request that you do not unqualifiedly admit, produce a copy of all documents supporting your response.

**ANSWER: Objection. This request is overly burdensome, cumulative, and seeks documents already in Defendants' possession. Additionally, it may include privileged information or personally identifiable health information of non-parties. Subject to and without waiving these objections, please refer to the**

documents and photographs produced simultaneously with this discovery response.

2.      Produce a copy of all documents referenced in, or supporting, your answers to the interrogatories.

**ANSWER: Objection. This request is overly burdensome, cumulative, and seeks documents already in Defendant's possession. Additionally, it may include privileged information or personally identifiable health information of non-parties. Subject to and without waiving these objections, please refer to the documents and photographs produced simultaneously with this discovery response.**

3.      Produce a copy of the deed(s), easement(s), lease(s), maintenance agreement(s), amendments, and renewals, for the Skywalk and the Detroit People Mover Station in the Millender Center and the route from that Station to the CAYMC. See Pls.' *(sic.)* Initial Disclosures dated May 27, 2024, Part II.8, though this request seeks all such documents, not just those you intend to use in this case.

**ANSWER: Objection. This request is overly burdensome, cumulative, and seeks documents already in Defendants' possession as owners, occupants, and operators of the CAYMC and Skywalk, and in the possession of the owners, occupants, and operators of the Millender Center, the People Mover, and that**

**portion of the Skywalk extending in the airspace beyond the east boundary of the CAYMC. Subject to and without waiving these objections, the requested documents are already in Defendants' possession and include materials that Plaintiff has sought through ongoing discovery requests. Subject to and without waiving these objections, please refer to the documents and photographs produced simultaneously with this discovery response.**

4.     Produce a copy of all publicly available census, statistical, and other demographic records as to persons with disabilities and including attorneys and judges with disabilities that you may use in this case. See Pls.' *(sic.)* Initial Disclosures dated May 27, 2024, Part II.9, though this request seeks all such documents, not just those you intend to use in this case.

**<u>ANSWER:</u> Objection. This request is overly burdensome, cumulative, and pertains to publicly available census, statistical, and other demographic records, which are readily accessible and believed to already be in Defendants' possession. Subject to and without waiving these objections, please refer to the documents and photographs produced with this discovery response.**

5.     Produce a copy of all meeting agendas, notes, correspondence, and inspections pertaining to the ad hoc Committee in 2019, 2020, 2021, and 2022. See

Pls.' *(sic.)* Initial Disclosures dated May 27, 2024, Part II.10, though this request seeks all such documents, not just those you intend to use in this case.

**ANSWER:** **Objection. Plaintiff Maddox was not a participant in the *ad hoc* committee. Further, this request is overly burdensome, cumulative, seeks documents already in Defendants' possession, and includes materials that Plaintiff has sought through ongoing discovery requests. Additionally, it may include confidential information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, or executive and deliberative process privileges of the non-party State Bar of Michigan. It also may disclose personally identifiable protected health information of non-parties.**

6.      Produce a copy of all correspondence from and with the Elder Law and Disability Law and Disability Rights Section of the State Bar of Michigan in 2019, 2020, and 2021 as to CAYMC. See Pls.' *(sic.)* Initial Disclosures dated May 27, 2024, Part II.11, though this request seeks all such documents, not just those you intend to use in this case.

**ANSWER:** **Objection. Plaintiff Maddox was not a participant in the *ad hoc* committee. Further, this request is overly burdensome, cumulative, seeks documents already in Defendants' possession, and includes materials that Plaintiff has sought through ongoing discovery requests. Additionally, it may**

**include confidential information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, or executive and deliberative process privileges of the non-party State Bar of Michigan. It also may disclose personally identifiable protected health information of non-parties.**

7.      DWJBA's public records and announcements, including internet and archived internet materials, pertaining to accessibility and compliance and noncompliance in CAYMC *(sic.)*. See Pls.' *(sic.)* Initial Disclosures dated May 27, 2024, Part II.12, though this request seeks all such documents, not just those you intend to use in this case.

**ANSWER: Objection. This Request is confusing and ambiguous, as it is not a complete sentence or question and appears to seek "DWJBA's public records and announcements," which are already in Defendant DWJBA's possession. Plaintiff further objects to this Request because it includes materials that Plaintiff has sought through ongoing discovery requests. Subject to and without waiving these objections, please refer to the documents and photographs produced with this discovery response.**

8.      Produce a copy of all correspondence, agendas, news reports, photographs or advocacy requests and protests by members and organizations of the

disability community to request compliance with accessibility requirements at CAYMC. See Pls.' (*sic*.)  Initial Disclosures dated May 27, 2024, Part II.13, though this request seeks all such documents, not just those you intend to use in this case.

**ANSWER:** **Objection. This request is overly burdensome and may seek documents already in the possession of various Defendants, including records related to public meetings, video or security footage, protest permits, and police records, and including material that Plaintiff has sought through ongoing discovery requests. Subject to and without waiving these objections, please refer to the documents and photographs produced with this discovery response.**

9.     Produce a copy of all photographs, videos, articles, and recordings in the Detroit Free Press, Detroit News, Outlier Detroit, and other media as to Plaintiffs or Defendants and accessibility requirements in CAYMC. See Pls.' (*sic*.)  Initial Disclosures dated May 27, 2024, Part II.14, though this request seeks all such documents, not just those you intend to use in this case.

**ANSWER:** **Objection. This request is overly burdensome and seeks documents already in the possession of various Defendants including public material that is readily available to the Defendants, and material that Plaintiff has sought through ongoing discovery requests. Subject to and without waiving these**

**objections, please refer to the documents and photographs produced with this discovery response.**

10.     Produce a copy of all documentation of court records and DOJ records of prior litigation, orders or settlements as to the accessibility issues involving CAYMC. See Pls.' (*sic*.)  Initial Disclosures dated May 27, 2024, Part II.15, though this request seeks all such documents, not just those you intend to use in this case.

**ANSWER:** **Objection. This request is overly burdensome and seeks documents already in the possession of various Defendants including public material that is readily available to the Defendants, and material that Plaintiff has sought through ongoing discovery requests. Subject to and without waiving these objections, please refer to the documents and photographs produced with this discovery response.**

11.     Produce a copy of all photographs, plans, drawings, and other descriptions of CAYMC "and comparable facilities." See Pls.' (*sic*.)   Initial Disclosures dated May 27, 2024, Part II.16, though this request seeks all such documents, not just those you intend to use in this case.

**ANSWER:** **Objection. This request is overly burdensome and seeks documents already in the possession of various Defendants, and material that Plaintiff has sought through ongoing discovery requests. Subject to and without waiving**

these objections, please refer to the documents and photographs produced with this discovery response.

12.     Produce a copy of all documentation of your items of damage or expense. See Pls.' (*sic*.)  Initial Disclosures dated May 27, 2024, Part II.17, though this request seeks all such documents, not just those you intend to use in this case.

**ANSWER: Please see answers and objections to Interrogatory Nos. 5 and 6 hereinabove, and Document Request No. 13 hereinbelow.**

13.     Produce a copy of all documentation of your costs and fees in litigation. See Pls.' (*sic*.)  Initial Disclosures dated May 27, 2024, Part II.18, though this request seeks all such documents, not just those you intend to use in this case.

**ANSWER:   Objection.   This   Request   includes   confidential   information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, and/or the anticipation of litigation doctrine. Subject to and without waiving the objections, these include the typical litigation costs and attorney fees recoverable under ADA, PWDCRA and other applicable law.**

14.     Produce a copy of all communications you sent the City of Detroit regarding concerns about the lack of accessibility at CAYMC.

**ANSWER:** **Objection. This Request is overly burdensome and may seek documents already in the possession of various Defendants. It appears that all Defendants have access to this information, as it has been referenced in their Request for Admissions, along with other emails from or to Defendant City of Detroit. Subject to and without waiving these objections, please refer to Response to Requests For Admission Nos. 3 and 7. Additionally, Plaintiff notes that there have been multiple in-person, telephone, and Zoom communications regarding concerns about the lack of accessibility at CAYMC but does not have access to these communications. Subject to and without waiving these objections, please refer to the documents and photographs produced with this discovery response.**

15.    Produce a copy of all communications related to CAYMC between you or any other Plaintiff and anyone acting on behalf of the Elder Law and Disability Law and Disability Rights Section of the State Bar of Michigan.

**ANSWER:** **Objection. Plaintiff Maddox was not a participant in the *ad hoc* committee. Plaintif further objects as this Request was asked and answered in Responses to Document Requests Nos. 5 and 6 herein. Further, this request is overly burdensome, cumulative, and seeks documents already in Defendant's possession. Additionally, it may include confidential information protected by**

**the Attorney-Client Privilege, Attorney Work-Product Doctrine, or executive and deliberative process privileges of the non-party State Bar of Michigan. It also may disclose personally identifiable protected health information of non-parties.**

16.    Produce a copy of all materials related to the investigation performed by the Elder Law and Disability Law and Disability Rights Section of the State Bar of Michigan related to CAYMC.

**ANSWER: Objection. Plaintiff Maddox was not a participant in the *ad hoc* committee. Plaintiff also objects to this Request as asked and answered in Responses to Document Requests Nos. 5 and 6 herein. Further, this request is overly burdensome, cumulative, and seeks documents already in Defendant's possession. Additionally, it may include confidential information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, or executive and deliberative process privileges of the non-party State Bar of Michigan. It may also disclose personally identifiable protected health information of non-parties.**

17.    Produce a copy of all communications related to CAYMC between the Elder Law and Disability Law and Disability Rights Section of the State Bar of Michigan and the State Bar of Michigan.

**ANSWER: Objection, Marguerite Maddox was not a participant in the *ad hoc* committee. Further, this Request was asked and answered in Responses to Document Requests Nos. 5 and 6 herein. Further, this request is overly burdensome, cumulative, and seeks documents already in Defendant's possession. Additionally, it may include confidential information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, or executive and deliberative process privileges of the non-party State Bar of Michigan. It also may disclose personally identifiable protected health information of non-parties.**

18.   Produce a copy of all communications related to CAYMC between you or any other Plaintiff and anyone acting on behalf of the ad hoc Committee.

**ANSWER: Objection. Plaintiff Maddox was not a participant in the *ad hoc* committee. Plaintiff also objects to this Request was asked and answered in Responses to Document Requests Nos. 5 and 6 herein. Further, this request is overly burdensome, cumulative, and seeks documents already in Defendant's possession. Additionally, it may include confidential information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, or executive and deliberative process privileges of the non-party State Bar of Michigan. It**

also may disclose personally identifiable protected health information of non-parties.

19.     Produce a copy of all materials related to the investigation by the ad hoc Committee related to CAYMC.

**ANSWER:** **Objection. Plaintiff Maddox was not a participant in the *ad hoc* committee. Plaintiff also objects to this Request was asked and answered in Responses to Document Requests Nos. 5 and 6 herein. Further, this request is overly burdensome, cumulative, and seeks documents already in Defendant's possession. Additionally, it may include confidential information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, or executive and deliberative process privileges of the non-party State Bar of Michigan. It also may disclose personally identifiable protected health information of non-parties.**

20.     To the extent that you have earned money as a disability advocate since December 6, 2019, produce a copy of each tax return reflecting earnings from that advocacy work.

**ANSWER:** **Plaintiff has not earned any money as a disability advocate since December 6, 2019.**

21.     Produce a copy of all documents supporting your answer to

Interrogatory No. 9.

**ANSWER:** **Objection. This Request was asked and answered hereinabove in Response to the indicated Interrogatory.**

22.    Produce a copy of all documents supporting your answer to Interrogatory No. 10.

**ANSWER:** **Objection. This Request was asked and answered hereinabove in Response to the indicated Interrogatory.**

23.    Produce a copy of all documents supporting your answer to Interrogatory No. 11.

**ANSWER:** **Objection. This Request is overly burdensome, given that Defendant, as the owner, operator, and occupant of the CAYMC, already possesses the requested information. Furthermore, these details are also contained within Defendant's own documents, which have been requested as part of the ongoing discovery process. Subject to and without waiving these objections, please refer to the documents and photographs produced with this discovery response. Plaintiff further notes that detailed descriptions of the changes can be found in Paragraphs 114 through 127 of the pleadings, along with related references throughout.**

Dated: October 15, 2024

Respectfully Submitted,
*/s/ Michael W. Bartnik*
MICHAEL W. BARTNIK (P32534)
Law For Baby Boomers, PLLC
41000 Woodward Ave., Ste. 350
Bloomfield Hills, Michigan 48304
(248) 608-3660 Telephone
michaelbartnik@protonmail.com

Elizabeth K. Abdnour (P78203)
Abdnour Weiker, LLP
500 E. Michigan Ave., Ste. 130
Lansing, Michigan 48912
(517) 994-1776 Telephone
liz@education-rights.com

Renee A. Stromski (Ohio 0101347)
Abdnour Weiker, LLP
262 South Third St.
Columbus, Ohio 43215
(216) 714-1515 Telephone
renee@education-rights.com

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I, Michael W. Bartnik, counsel for Plaintiffs, certify that on October 15, 2024,

I served copies of this document to all Defendants via email to their counsel of record

at their e-mail addresses of record in this case.


Dated: October 15, 2024                    */s/ Michael W. Bartnik*_____
                                           MICHAEL W. BARTNIK (P32534)