UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK, *et al.*,

    Plaintiffs,

v.

MICHIGAN, STATE OF, *et al.*,

    Defendants.

_____/

Civil Action No. 22-cv-12951

HON. MARK A. GOLDSMITH

# PLAINTIFFS' INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiffs, by their counsel, make the following initial disclosures. Plaintiffs reserve the right to supplement or amend these disclosures as appropriate as discovery and investigation proceed. Expert witnesses will be disclosed in accordance with the Court's May 22, 2023, Case Management and Scheduling Order (ECF No. 54).

## I. PLAINTIFFS' WITNESSES

### a. MARGUERITE MADDOX
c/o Plaintiffs' Counsel

Marguerite Maddox may testify regarding all the allegations in Plaintiffs' amended complaint. She may testify regarding discrimination she and her service dog Scarlett have experienced due to her disability, and discrimination she has observed due to others'

1

disability. She may testify regarding her own damages resulting from Defendants' actions and inaction. She may also testify in connection with facts supporting class action representation and certification, and regarding damages as to potential class members resulting from Defendants' actions and inaction.

b. **JILL BABCOCK**
c/o Plaintiffs' Counsel

Attorney Jill Babcock may testify regarding all the allegations in Plaintiffs' complaint and amended complaint. She may testify regarding discrimination she has experienced due to her disability and discrimination she has observed due to others' disability. She may testify about Defendants' past actions, inaction, and routine practices as to accessibility, including as may be described in prior lawsuits in which she has been a party. She may testify regarding her damages resulting from Defendants' actions and inaction. She may also testify in connection with facts supporting class action representation and certification, and regarding damages as to potential class members resulting from Defendants' actions and inaction.

c. **ASHLEY JACOBSON**
c/o Plaintiffs' Counsel

Attorney Ashley Jacobson may testify regarding all the allegations in Plaintiffs' complaint and amended complaint. She may testify regarding discrimination she has experienced due to her disability, discrimination her clients have experienced due to her disability or their own disability, and other discrimination she has observed due to others' disability. She may testify regarding her personal damages and damages to her business resulting from Defendant's actions and inaction. She may also testify in connection with facts supporting class action representation and certification, and she may also testify regarding damages including as to potential class members, whether as lay persons with disabilities or as attorneys with disabilities, resulting from Defendants' actions and inaction.

d. **GREGORY R. McDUFFEE**
c/o Defendants' Counsel

Gregory R. McDuffee may testify regarding all the allegations in Plaintiffs' complaint and amended complaint. He may testify about the history, alterations, and status of the Coleman A. Young Municipal Center ("CAYMC"), the building and accessibility codes, regulations, and best practices with which the Center and its owners, managers, and lessees must comply, before, during, and following his executive tenure

3

at the Defendant Detroit Wayne Joint Building Authority (DWJBA"). He may testify about the relationships between the DWJBA, the City of Detroit, and the County of Wayne, including the history and status of their respective compliance and non-compliance with the accessibility laws at issue in this case.

e. **MICHAEL "MIKE" KENNEDY, and other employees of Hines**
c/o Defendants' Counsel

Michael "Mike" Kennedy and other employees of Hines may testify regarding all the allegations in Plaintiffs' complaint and amended complaint. They may testify about the history, alterations, and status of the Coleman A. Young Municipal Center ("CAYMC"), the building and accessibility codes, regulations, and best practices with which the Center and its owners, managers, and lessees must comply, before, during, and following Hines tenure as managers at the Defendant Detroit Wayne Joint Building Authority (DWJBA"). They may testify about the relationships between the DWJBA, the City of Detroit, and the County of Wayne, including the history and status of their respective compliance and non-compliance with the accessibility laws at issue in this case.

4

**f. MICHAEL "MIKE" DUGGAN**
c/o Defendants' Counsel

Attorney Mike Duggan may testify regarding all the allegations in Plaintiffs' complaint and amended complaint. He may testify about the history, alterations, and status of the Coleman A. Young Municipal Center ("CAYMC"), Frank Murphy Hall of Justice, Thirty Sixth District Court for the State of Michigan, Guardian Building, Penobscot Building, streets, sidewalks, pedestrian crossings, pedestrian crossing signals, pedestrian routes or rights of way, bus stops and stations, on-street parking, city-owned or city-licensed parking lots and parking garages, other City and County facilities described in the Plaintiffs' complaint and amended complaint, compliance and non-compliance with prior settlement agreements or court orders pertaining to accessibility issues with the United States Department of Justice, or with the Michigan Paralyzed Veterans Association, or with other court orders or court approved settlements pertaining to accessibility laws, and related activities in the City of Detroit and County of Wayne, and in non-party Detroit Medical Center, before, during, and following his tenures as either the Mayor of the City of Detroit, Deputy County Executive for the County of Wayne, Assistant Corporation Counsel for Wayne County, chief executive of non-party Detroit Medical Center,

5

and interim general manager and vice-chair of board of non-party Southeastern Michigan Authority for Regional Transportation, including the history and status of the Defendants' compliance and non-compliance with the accessibility laws at issue in this case.

g. **JAIME JUNIOR**
c/o Plaintiffs' Counsel

Jaime Junior may testify regarding all the allegations in Plaintiffs' complaint and amended complaint. She may testify about the nature of her disabilities and her personal knowledge and experiences arising out of the defendants' actions and inaction. She may testify regarding discrimination she has experienced due to her disability and discrimination she has observed due to others' disability, She may also testify regarding various advocacy attempts to get the Defendants to make their premises accessible for persons with disabilities. She may also testify in connection with facts supporting class action representation and certification. She may testify regarding her damages including as a potential class member resulting from Defendants' actions and inaction.

h. **MICHAEL HARRIS, President, Michigan Paralyzed Veterans of Michigan**
c/o Plaintiffs' Counsel

6

Michael Harris may testify regarding all the allegations in Plaintiffs' complaint and amended complaint. He may also testify regarding Defendants' past practices and patterns, including arising out of and related to prior disability accessibility lawsuits by his organization, and non-compliance by one or more of these Defendants as to federal and state accessibility laws, and orders or judgments or settlements entered against one or more of these Defendants in prior litigation by his organization or other organizations with which he is involved or has knowledge. He may testify about the nature of his disabilities and those of members of his and other organizations, and his personal knowledge and experiences and his knowledge of the experiences of members of his and other organizations arising out of the defendants' actions and inaction. He may also testify in connection with facts supporting class action representation and certification. He may testify regarding his damages and damages of such members including as potential class members resulting from Defendants' actions and inaction.

**i. ATTORNEYS JANE DOE, JOHN ROE, JUDGE SMITH, AND OTHERS**
c/o Plaintiffs' Counsel

7

Certain attorneys or judges with or without disabilities may testify regarding all the allegations in Plaintiffs' complaint and amended complaint and their personal knowledge and experiences arising out of the defendants' actions and inaction as to accessibility in the facilities described in the pleadings. They may testify regarding discrimination they have experienced due to disability and discrimination they have observed due to others' disability. They may also testify in connection with facts supporting class action representation and certification. Those who are disabled may also testify regarding damages including as potential class members resulting from Defendants' actions and inaction.

j. **CURRENT OR FORMER CHIEF JUSTICE OF SUPREME COURT, AND CURRENT OR FORMER CHIEF JUDGES OF OTHER STATE OF MICHIGAN COURTS**
c/o Defendants' Counsel

These persons may testify regarding all the allegations in Plaintiffs' complaint and amended complaint, and regarding Defendants' failures to supply adequate funding to implement mandatory accessibility requirements in the judicial facilities and courts over which they preside.

k. **MARY SMITH, PAT SMITH, AND OTHERS**
c/o Plaintiffs' Counsel

Certain advocates with or without disabilities may testify regarding all the allegations in Plaintiffs' complaint and amended complaint and their personal knowledge and experiences arising out of their personal advocacy or advocacy by their groups, including as to defendants' actions and inaction as to accessibility in the facilities described in the pleadings. They may testify regarding discrimination they have experienced due to disability and discrimination they have observed due to others' disability. They may also testify in connection with facts supporting class action representation and certification. Those who are disabled may also testify regarding damages including as potential class member resulting from Defendants' actions and inaction.

l. **CITY OF DETROIT OFFICE OF DISABILITIES, and its director and assistant director, and other employees, including Christopher Samp**
c/o Defendants' Counsel

These persons may testify regarding all the allegations in Plaintiffs' complaint and amended complaint, and regarding the discussions or negotiations and inspections which occurred in 2019, 2020, 2021 and 2022 as to the *ad hoc* Committee discussed in the complaint and amended complaint. They may testify regarding discrimination they have either experienced due to disability or observed due to others'

9

disability. They may testify about the history, alterations, and status of the Coleman A. Young Municipal Center ("CAYMC"), the building and accessibility codes, regulations, and best practices with which the Center and its owners, managers, and lessees must comply, including the history and status of the Defendants' compliance and non-compliance with the accessibility laws at issue in this case.

m. **STATE TREASURER, COUNTY TREASURER, CITY TREASURER, and their representatives**
c/o Defendants' Counsel

These persons may testify regarding Defendants' receipt and expenditure of Federal funds in this case.

n. Any witnesses who may become known through further discovery, whether from parties or non-parties.

o. Any witnesses or persons named by Defendants.

p. Any witnesses or persons needed for purposes of introducing or authenticating any item of evidence.

q. Any necessary rebuttal witnesses.

r. Expert witnesses, including those named above who may also qualify as expert witnesses, to be named in accordance with the Case Management and Scheduling Order.

Plaintiffs reserve the right to supplement this list of individuals as information about Plaintiffs' claims and/or Defendants' defenses becomes known throughout the course of investigation and discovery.

## II.  DOCUMENTS

Pursuant to FRCP 26(a)(1)(A)(ii), Plaintiffs provide the following description of documents or categories of documents, electronically stored information, and tangible things that Plaintiffs or their counsel have in their possession, custody or control and may use to support their claims or defenses unless such documents are covered by the attorney/client privilege, or which may be used solely for impeachment  Documents are in possession of Plaintiffs, or their counsel, or Defendants or their agents.

1. Defendant Detroit Wayne Joint Building Authority's DLZ self-evaluation.
2. Publicly available census, statistical and other demographic records as to persons with disabilities and including attorneys and judges with disabilities.
3. Meeting agendas, notes, correspondence, and inspections pertaining to the *ad hoc* Committee in 2019, 2020, 2021, and 2022.
4. Correspondence from and with the Elder Law and Disability Rights Section of the State Bar of Michigan in 2019, 2020, and 2021 as to the Coleman A Young Municipal Center.

11

5. Defendants' public records and announcements, including internet and archived internet materials, pertaining to accessibility and compliance and non-compliance in the facilities at issue in this case.

6. Other correspondence, agendas, news reports, photographs or advocacy requests and protests by members and organizations of the disability community to request Defendants to comply with accessibility requirements.

7. Photographs in the Detroit Free Press and other media as to Defendants and accessibility requirements in the facilities described in this case.

8. Court records and DOJ records of prior litigation, orders or settlements as to accessibility issues and one or more of the Defendants.

9. Photographs and other descriptions of the facilities described in the pleadings and comparable facilities.

10. Documentation of Plaintiffs' items of damage or expense.

11. Documentation of Plaintiffs' costs and fees in litigation.

Plaintiffs' description or production of these documents does not waive any objection Plaintiffs may have to the use of these documents. Plaintiffs' production of these documents is not an admission that these documents are relevant, material, or admissible. Inadvertent production of privileged information by Plaintiffs shall not constitute a waiver of any applicable privilege or doctrine. Plaintiffs will disclose

additional documents as they become known, and in compliance with the Court's scheduling orders.

### III. COMPUTATION OF DAMAGES

Plaintiffs seek all damages allowable by law and equity for the claims asserted, including for violations of their civil rights, compensatory damages as Plaintiffs have suffered substantial harm to, among other things, Plaintiffs' professional experience and opportunities, and future profits and earning capacity, and punitive damages where allowable and indicated. Plaintiffs also seek all damages allowable by law and equity for and on behalf of or representative of the class members. At this time, Plaintiffs are unable to accurately calculate damages until expert economic and vocational evaluations are completed, and Plaintiffs will update these disclosures as appropriate when this information is available. Plaintiffs also seek reimbursement for all out-of-pocket expenses and services and seek attorney fees and costs.

### IV. INSURANCE AGREEMENTS

Not applicable.

Dated: June 9, 2023

*/s/ Michael W. Bartnik*
By: Michael W. Bartnik (P32534)
Law For Baby Boomers, PLLC
Attorney for Plaintiffs
41000 Woodward Avenue, Suite 350
Bloomfield Hills, Michigan 48304
(248) 608-3660
michaelbartnik@protonmail.com

13

## CERTIFICATE OF SERVICE

I, Michael W. Bartnik, certify that on June 9, 2023, I electronically served the above Plaintiffs' Initial Disclosures upon all counsel of record at their respective e-mail addresses of record.

Dated: June 9, 2023 */s/ Michael W. Bartnik*
By: Michael W. Bartnik (P32534)

## LOCAL RULE CERTIFICATION

I, Michael W. Bartnik, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: June 9, 2023 */s/ Michael W. Bartnik*
By: Michael W. Bartnik (P32534)