## COMPROMISE AND SETTLEMENT AGREEMENT IN
*George Lane, Beverly Jones, Ann Marie Zappola, Ralph Ramsey, Dennis Cantrel, and A. Russell Larson v. State of Tennessee, Bledsoe, Cannon, Chester, Claiborne, Clay, Cocke, Decatur, Fayette, Grainger, Hancock, Hawkins, Hickman, Houston, Jackson, Jefferson, Johnson, Lake, Lewis, Meigs, Moore, Perry, Pickett, Polk, Trousdale, and Van Buren Counties.*
**United States District Court for Middle District of Tennessee, Nashville**
**Case No. 3:98 CV 0731**

Plaintiffs (George Lane, Beverly Jones, Ann Marie Zappola, Ralph Ramsey, Dennis Cantrel, and A. Russell Larson) ("Plaintiffs") and the State of Tennessee ("State Defendant") have agreed to settle the above-styled case. Furthermore, the County Defendants-Cross Claimants (Bledsoe, Cannon, Chester, Claiborne, Clay, Cocke, Decatur, Fayette, Grainger, Hancock, Hawkins, Hickman, Houston, Jackson, Jefferson, Johnson, Lake, Lewis, Meigs, Moore, Perry, Pickett, Polk, Trousdale, and Van Buren) ("County Defendants") have agreed to settle and dismiss all claims including cross claims against the State Defendant. The terms of this Settlement Agreement and Release of Liability are as follows:

1.      The State Defendant enters into this Settlement Agreement ("Agreement") for the purpose of deferring or eliminating litigation expenses, especially the time commitment that would be required to adequately defend this case, including but not limited to, trial preparation and participation at a trial. Such a time commitment would necessarily divert the State Defendant and its employees from serving the needs of the State Defendant and from their day-to-day job responsibilities. This Agreement represents a compromise and settlement of disputed claims and, as such, does not constitute an admission of any liability whatsoever on the part of the State Defendant or the County Defendants.

2.      The State Defendant agrees to pay Plaintiffs the lump sum amount of Nine Hundred and Five Thousand and 00/100 Dollars ($905,000.00) for attorneys' fees, costs and

expenses. This amount includes $40,000 for expenses and $100,000 for expert witness fees and represents all attorneys' fees in this case through December 17, 2004 and as needed to resolve any remaining matters with the State Defendant in this case. This amount may be paid partially in Fiscal Years 2004-05 and 2005-06 and is subject to the Tennessee General Assembly's authorization of sufficient appropriations. It is the intent of the parties that this agreement on attorneys' fees shall not serve as precedent with respect to the rate of attorneys' fees that may be requested by the Plaintiffs from County Defendants. This Agreement constitutes settlement of all of the Plaintiffs' claims against the State Defendant, and any claims or cross-claims by the County Defendants against the State Defendant.

3.  Each County Defendant shall pay Plaintiffs Two Thousand Six Hundred Eighty and 00/100 Dollars ($2,680.00) per County upon Plaintiffs' executing a full release as to Plaintiffs' injunctive relief claims against the County Defendants. This total amount ($67,000.00) represents the complete payment of all attorneys' fees, costs and expenses incurred by Plaintiffs through December 17, 2004 that have not been paid by the State as a part of this Agreement.

4.  The distribution and allocation of the monetary consideration provided herein regarding Plaintiffs' attorney fees, costs and expenses is made by Plaintiffs and their attorneys, and the State Defendant is not involved in the process of allocating such consideration and the State Defendant makes no representation concerning the allocation. Plaintiffs' attorneys shall execute the appropriate federal income tax disclosure forms including the Substitute W-9 Form and Attorney Fee Information Form. Plaintiffs acknowledge and agree that they are solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any,

which may be found to be due upon the payments made to them hereunder.

5.      The State Defendant through the Tennessee Administrative Office of the Courts will recommend to the Tennessee Supreme Court that the attached policy on access under the Americans with Disabilities Act (Exhibit A) be implemented, published on its website, and provided to appropriate state employees and county officials.  In addition, the State Defendant will conduct training of judges under said policy as well as training of  Local Judicial Program ADA Coordinators to effectuate the policy. The State Defendant through the Tennessee Administrative Office of the Courts will develop and publish a "Frequently Asked Questions" or similar type guidance (hereinafter "FAQ document") to assist in implementation of the State's policy on access under the Americans with Disabilities Act (Exhibit A), which shall include the guidance set forth in the attached Exhibit B. The County Defendants agree to cooperate with the State Defendant in implementation of the State's policy on access under the Americans with Disabilities Act (Exhibit A).

6.      The State Defendant agrees that it will give notice to William J. Brown, Counsel for Plaintiffs, describing the actions taken by the State Defendant in furtherance of the provisions in Paragraph 4 of this Agreement on July 1, 2005, December 31, 2005 and July 1, 2006.  The State Defendant anticipates that the attached policy on access under the Americans with Disabilities Act (Exhibit A) will be adopted, published on its website, and provided to appropriate state employees and county officials by July 1, 2005,  that the training anticipated in Paragraph 4 will be commenced by October 1, 2005, that the FAQ document including the guidance in Exhibit B will be completed and published on its website, and provided to appropriate state employees and county officials by December 31, 2005, and that the Local

Judicial Program ADA Coordinators will be appointed by July 1, 2006. The Parties recognize that the cooperation of non-parties as well as the County Defendants will be required in order to accomplish the appointment of the ninety-five Local Judicial Program ADA Coordinators. Therefore, scheduling flexibility may be required. Until such time as a Local Judicial Program ADA Coordinator is appointed for a County, the Tennessee Judicial Program ADA Coordinator will serve as the contact person for such County. The State Defendant agrees to work in good faith to implement the provisions of Paragraph 5 and to meet these deadlines and if there is an unavoidable delay, the State Defendant will notify William J. Brown, Counsel for Plaintiffs, as soon as practicable.

7.      This Agreement constitutes settlement of all of Plaintiffs' claims against the State Defendant arising out of the alleged inaccessibility of the State's judicial program or which could have been brought in this lawsuit, including, but not limited to, all claims for back pay, lost wages, compensatory, damages, injuries to person and property, reimbursement of out of pocket expenses, physical or emotional injury and stress, any punitive type damages, attorneys' fees, costs, experts' witness fees and any other damages.

8.      Plaintiffs agree to, and hereby do, completely release and discharge the State Defendant, including, but not limited to, the State of Tennessee, its agencies, departments, officials, employees, and agents, whether current or former, in all of their official and individual capacities, including, but not limited to, their successors, assigns, servants, agents, attorneys, subsidiaries, affiliates, officers, directors, and representatives, of and from any and all claims, demands, actions, and causes of action of any and every kind and character, known or unknown, that Plaintiffs may have had or may now have against them regarding the alleged inaccessibility

of the State's judicial program or which could have been brought in this lawsuit, whether asserted in this case or otherwise, including, but not limited to, any and all matters asserted in the case, or which may have been asserted in prior litigation.

9.      The County Defendants agree to, and hereby do, completely release and discharge the State Defendant, including, but not limited to, the State of Tennessee, its agencies, departments, officials, employees, and agents, whether current or former, in all of their official and individual capacities, including, but not limited to, their successors, assigns, servants, agents, attorneys, subsidiaries, affiliates, officers, directors, and representatives, of and from any and all claims, cross-claims (including indemnity), demands, actions, and causes of action of any and every kind and character, known or unknown, arising out of this litigation that the County Defendants may have had or may now have against them, whether asserted in this case or otherwise.  Hereinafter County Defendants agree to defend all of Plaintiffs' ADA claims brought in this litigation and will be responsible for any final judgment entered for Plaintiffs on such claims, any other clause in this agreement notwithstanding.

10.     This Agreement does not release Plaintiffs' claims against the County Defendants for any County-related attorneys' fees, costs or expenses incurred by Plaintiffs after December 17, 2004.  This Agreement does release the County Defendants from claims for attorneys' fees through December 17, 2004.

11.     Plaintiffs and County Defendants agree to execute the attached Agreed Order of Dismissal with Prejudice.

12.     Plaintiffs further acknowledge that the payment described in Paragraph 2 herein constitutes the entire monetary consideration for the complete release provided for herein.  The

122572/SEM/mb

terms set forth herein are intended to be the full and complete settlement of this case as to the State Defendant.  No additional compensation is to be paid from the State Defendant regarding damages, injuries to persons or property, interest, expenses, costs, attorneys' fees, or other fees. The parties agree that this Agreement is based upon mutually adequate consideration, and that this Agreement shall not be subject to attack by any party on the grounds of lack of consideration or inadequate consideration.

13.     The parties acknowledge that they are executing this Agreement entirely upon their own volition, individual judgment, belief, and knowledge in consultation with counsel; that this Agreement is made without reliance upon any statement or representation of any party or any person not herein expressed; that no promise, inducement, or agreement not herein expressed, has been made to them; that the Agreement contains, and is, the entire agreement and understanding between the parties herein; and that the terms of this Agreement are contractual and not mere recitals.

14.     Plaintiffs and County Defendants agree that, should they hereafter discover facts different from, or in addition to, those now known or believed to be true with respect to any aspect of Plaintiffs' or County Defendants' claims or damages sustained, that this Agreement shall, nevertheless, be and remain in full force and effect in all respects.

15.     Should any provision of this Agreement be declared by any court of  competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms, or provisions will not be affected thereby, and said illegal or invalid part, term or provision will be deemed not to be a part of this Agreement; provided, however, that if the releases contained in Paragraphs 7 and 8 herein are declared invalid, then the entire Agreement shall be invalid and the

consideration paid herein shall be immediately due and payable to State Defendant. The waiver by any party of a breach or violation of any provision of this Agreement shall not be construed as a waiver of any other provision or of any subsequent breach or violation of the Agreement. This Agreement is deemed to have been drafted jointly by the parties. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party.

16.     The United States District Court for the Middle District of Tennessee shall have exclusive jurisdiction and venue to construe and enforce this Agreement, and to resolve any and all disputes arising out of or relating to this Agreement, which shall be governed by and construed in accordance with the laws of the United States and the State of Tennessee.

17.     If any party to this Agreement believes that another party is violating its obligations under this Agreement, or believes a dispute has arisen under the Agreement, then the Complaining Party shall give written detailed notice (the "Notice") to the other party (the "Responding Party"). The Responding Party shall be given thirty (30) days to provide a written response to the Notice. The Complaining and Responding Parties shall attempt within the next thirty (30) days to resolve their differences regarding the issue(s) addressed in the Notice. No action may be instituted in the United States District Court for the Middle District of Tennessee relating to this Agreement prior to the expiration of the time periods addressed in this Paragraph or after December 17, 2007. Notice to the State Defendant should be given in writing to the Administrative Director, Administrative Office of the Courts of the State of Tennessee. Notice to a County Defendant should be given in writing to the County Executive/Mayor and the County Attorney. Notice to Plaintiffs should be given in writing to William Brown.

18.    Reasonable attorneys' fees, costs and expenses may be sought in any judicial proceeding relating to this Agreement by the prevailing party to the extent allowed by law.

19.    The undersigned declare that all of the terms of this Agreement have been completely read, are fully understood, and accepted by them, and that they have had the benefit of counsel with their attorneys in connection herewith or that, if attorneys, they are authorized to enter this agreement including on behalf of their clients.   The undersigned further declare that these terms have been agreed to voluntarily, without any undue influence, coercion, or improper motive.

20.    This Agreement is subject to the approval of the Attorney General, Comptroller, and Governor pursuant to Tenn. Code Ann. § 20-13-103.  Should this Agreement be rejected by any of those officials, then the dismissal shall be set aside and the case shall be placed back on the active docket for disposition.

DATE: 1-14-05          *George Lane*
                      _____
                      George Lane
                      Plaintiff

     On this the 14th day of January, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

                      *Lori Wilson*
                      _____
                      Notary Public

    My commission expires: 11-22-08

LORI WILSON
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY, TENN.

My Commission Expires NOV. 22, 2008

DATE: 1/14/05 _____  _____
                                   Beverly Jones
                                   Plaintiff

On this the 14 day of January, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_____
Notary Public

My commission expires: 11-22-08 _____

LORI WILSON
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY, TENN.

My Commission Expires NOV. 22, 2008

DATE: 1-17-2005

Ralph Ramsey
Plaintiff

On this the 17th day of January, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

Notary Public

My commission expires: 8-24-2005

122572/SEM/mb

Page 11 of 43

DATE: _14th of January 2004_ _____
Ann Marie Zappola
Plaintiff

On this the 14 day of January, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_Lori Wilson_

Notary Public

My commission expires: 11-22-08

LORI WILSON
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY, TENN.

My Commission Expires NOV. 22, 2008

122572/SEM/mb

DATE _Jan 14, 2005_                _Russell Larson (signature)_
             Russell Larson                **Plaintiff**

    On this the __ __ day of _____, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

                         _Carolyn Robinson_
                         **Notary Public**

My commission expires: _O6 - 21 - 05_

122572/S EM. nb                        Page 13 of 17

DATE: _01/14/2005_      _____

              Dennis Cantrel
              Plaintiff

       On this the _14th_ day of _January_, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_Lori Wilson_____

                                    Notary Public

       My commission expires: _11-22-08_____



My Commission Expires NOV. 22, 2008

122572/SEM/mb

DATE: 1/14/2005

William Brown
Attorneys for Plaintiff


DATE: 1/14/2005

Martha M. Lafferty
Tennessee Protection and Advocacy
Attorneys for Plaintiff


DATE:_____

Linda Dardarian
Attorneys for Plaintiff


122572/SEM/mb

Page 15 of 43

DATE: 1/14/2005                    _____
                                   William Brown
                                   Attorneys for Plaintiff


DATE: 1/14/2005                    _____
                                   Martha M. Lafferty
                                   Tennessee Protection and Advocacy
                                   Attorneys for Plaintiff


DATE: 1/14/2005                    _____
                                   Linda Dardarian
                                   Attorneys for Plaintiff


122572/SEM/mb

Page 16 of 43

DATE: _January 14, 2005_

_Cornelia A. Clark_
Defendant, State of Tennessee,
Administrative Office of the Courts
by Cornelia A. Clark, Director


DATE: _January 14, 2005_

_S. Elizabeth Martin_
S. Elizabeth Martin
Office of the Tennessee Attorney General &
Reporter
Attorneys for State Defendant

122572/SEM/mb                    Page 17 of 43

DATE: _Feb. 26, 2005_      _[signature]_

Thomas M. Donnell, Jr., Esq.
Attorney for Defendant Counties Bledsoe,
Chester, Decatur, Grainger, Hawkins,
Houston, Jackson, Johnson, Meigs, Perry,
Pickett, Polk, Trousdale, and Van Buren

DATE: _March 7, 2005_      _[signature]_

John E. Quinn, Esq.
Attorney for Defendant Counties Claiborne,
Clay, Cocke, Cannon, Lewis, Fayette,
Lake, and Moore

DATE: _March 7, 2005_      _[signature]_

Peggy Tolson, Esq.
Attorneys for Defendant Counties Jefferson
and Hickman

DATE: _____      _____

Floyd Rhea
Attorney for Defendant County Hancock

122572/SEM/mb

DATE: _____          _____
                                 Thomas M. Donnell, Jr., Esq.
                                 Attorney for Defendant Counties Bledsoe,
                                 Chester, Decatur, Grainger, Hawkins,
                                 Houston, Jackson, Johnson, Meigs, Perry,
                                 Pickett, Polk, Trousdale, and Van Buren


DATE: _____          _____
                                 John E. Quinn, Esq.
                                 Attorney for Defendant Counties Claiborne,
                                 Clay, Cocke, Cannon, Lewis, Fayette,
                                 Lake, and Moore


DATE: _____          _____
                                 Peggy Tolson, Esq.
                                 Attorneys for Defendant Counties Jefferson
                                 and Hickman


DATE: _1-20-05_                  _Floyd W. Rhea_____
                                 Floyd Rhea
                                 Attorney for Defendant County Hancock


122572/SEM/mb


Page 19 of 43

DATE: _Jan. 24, 2005_ _____

On behalf of **Bledsoe** County, Defendant

On this the _24_ day of _Jan._ , 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_Carolyn M. Derry_

Notary Public

My commission expires: _9|1|06_ _____

122572/SEM/mb

For Defendant County:


Cannon County, Tennessee

By: _____

Mike Gannon, County Mayor


Date: ___1/25/05___

For Defendant County:

STATE OF TENN.
ATTORNEY GENERAL

FEB 03 2005

ANTITRUST DIVISION

DATE: *1-21-05*        *Troy Kilyn*
_____    _____

On behalf of ~~Chester~~      County, Defendant

    On this the *21* day of *Jan*_____, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

*Elizabeth F. Carroll*
Notary Public

My commission expires: *3-12-2007*

ELIZABETH F. CARROLL
Notary Public
At Large
CHESTER COUNTY, TN

For Defendant County:

Claiborne County, Tennessee

By: _____
        Virgil Herrell, County Mayor

Date: _**1/25/05**_____

STATE OF TENN.
ATTORNEY GENERAL

FEB 03 2005

ANTITRUST DIVISION

Page 23 of 43

For Defendant County:

Clay County, Tennessee

By: *Luke M. Collins*
    Luke Collins, County Mayor

Date: *1-26-05*

STATE OF TENN.
ATTORNEY GENERAL
FEB 03 2005
ANTITRUST DIVISION

For Defendant County:

Cocke County, Tennessee

By: _____

        Iliff McMahan, Jr., County Mayor

Date: _____1.24.05_____

STATE OF TENN.
ATTORNEY GENERAL

FEB 03 2005

ANTITRUST DIVISION

Page 25 of 43

DATE: _1-26-05_                     _____
                                    On behalf of Decatur   County, Defendant

    On this the _26th_ day of _January_, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

    _Debra Livingston_
    Notary Public

My commission expires: _9-25-06_

For Defendant County:


Fayette County, Tennessee

By: _____
    Rhea Taylor, County Mayor

Date: _____
      January 25, 2005

STATE OF TENN.
ATTORNEY GENERAL

FEB 0 3 2005

ANTITRUST DIVISION

DATE: _2-15-05_       _Paul P. Merritt_
On behalf of _Grainger_ County, Defendant

    On this the _15th_ day of _FEBRUARY_ , 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_Sarah Sharp Fennell_
Notary Public

My commission expires: _11-15-08_

SARAH SHARP FENNELL
NOTARY PUBLIC AT LARGE
GRAINGER COUNTY, TN.

122572/SEM/mb         Page 28 of 43

DATE: *January 24, 2005*  _____*Crockett Lee*_____,
On behalf of Hawkins   County, Defendant

On this the _24th_ day of *January* 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_____
Notary Public

My commission expires: *September 27, 2005*

DATE: _1-25-05_____

_____
On behalf of _Hickman_ County, Defendant

    On this the _25_ day of _January_ 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_____
Notary Public

My commission expires:_____

STATE
OF
TENNESSEE
NOTARY
PUBLIC
CATHERINE A. SCHMIDT
WILLIAMSON COUNTY

MY COMMISSION EXPIRES AUGUST 12, 2008

122572/SEM/mb

Page 30 of 43

DATE: _1/28/05_____          _____

                                 On behalf of Houston_____ County, Defendant

    On this the _28th_ day of _January_ , 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

                               Notary Public

My commission expires: _05-23-07_____

DATE: _1- 24-2005_   _Chenh· H_
On behalf of _Jackson_ County, Defendant

   On this the _24th_ day of _January_, 2005, personally appeared before me the above
named known to me personally or made known to me by satisfactory proof, who was duly sworn
and an oath executed the above verification.

_Rebecca Smith_
Notary Public

My commission expires: _9-2-08_

REBECCA SMITH
NOTARY
PUBLIC
AT
LARGE
JACKSON CO., TENNESSEE

DATE:_____ *1/27/05*_____   _____

On behalf of *Jefferson* County, Defendant

    On this the _27_ day of *January* 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_____
Notary Public

My commission expires:_____

STATE
OF
TENNESSEE
NOTARY
PUBLIC

CATHERINE A. SCHMIDT

WILLIAMSON COUNTY

MY COMMISSION EXPIRES AUGUST 12, 2008

DATE: _61/27/05_____   _Curt Jumper_____
                          On behalf of _Johnson_____ County, Defendant

   On this the _27_ day of _Jan_____, 2005, personally appeared before me the above
named known to me personally or made known to me by satisfactory proof, who was duly sworn
and an oath executed the above verification.
                          _Tammie C. Lerner_____
                          Notary Public  _Dep. Co. clerk_

My commission expires: _N|A_____

For Defendant County:

Lake County, Tennessee

By: _[signature]_

Macie Roberson, County Mayor

Date: _1-25-05_

STATE OF TENN.
ATTORNEY GENERAL

FEB 0 3 2005

ANTITRUST DIVISION

For Defendant County:

Lewis County, Tennessee

By: _____
    Kenneth Turnbow, County Mayor

Date: _____1/26/05_____

STATE OF TENN.
ATTORNEY GENERAL

FEB 03 2005

ANTITRUST DIVISION

DATE: _Jan. 21, 2005_ _____      _Ken Jones Co. Mayor_
On behalf of ___Meigs___ County, Defendant

    On this the _21st_ day of _January_, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_____
Notary Public

My commission expires: _9/1/06_ _____

For Defendant County:

Moore County, Tennessee

By: _Peggy B. Gattis_
     Peggy Gattis, County Mayor

Date: _1-26-05_

STATE OF TENN.
ATTORNEY GENERAL

FEB 0 3 2005

ANTITRUST DIVISION

DATE: _1 - 20 - 05_  _____   _Benny R. Howard_ _____
                      On behalf of _Perry_____ County, Defendant

On this the _20_ day of _January_, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_____ _Clara Edney_ _____
Notary Public

My commission expires: _10 - 29 - 2008_



DATE: _1 - 21 - 05_           _On behalf of_ Pickett _County, Defendant_

On this the _21st_ day of _January_, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_Mylinda Reagan_
Notary Public

My commission expires: _3-3-08_

DATE: _1-25-05_                    _Hay J. Ferstine_

On behalf of __Polk__ County, Defendant

On this the _25_ day of _Jan._, 2005, personally appeared before me the above named known to me personally or otherwise known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_Geraldine N. Lewis_

Notary Public At Large

POLK COUNTY

My commission expires: _9 Dec. 19 07_

122572/SEM/mb                    Page 41 of 43

DATE: _1 - 24 - 05_       _Guy Clift_

On behalf of _Trousdale_ County, Defendant

     On this the _24_ day of _January_, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_Debbie Jenkins_

Notary Public

My commission expires: _4-11-06_

DATE: _January 27, 2005_    _Carolyn J. Houston_
                             On behalf of _Van Buren_ County, Defendant

    On this the _27_ day of _Jan_, 2005, personally appeared before me the above named known to me personally or made known to me by satisfactory proof, who was duly sworn and an oath executed the above verification.

_April M. Shockley_
Notary Public

My commission expires: _07 - 27 - 08_

# TENNESSEE JUDICIAL BRANCH AMERICANS WITH DISABILITIES ACT POLICY REGARDING ACCESS TO JUDICIAL PROGRAMS

## INTRODUCTION

The Americans with Disabilities Act, 42 U.S.C. 12131 *et seq.*, prohibits discrimination against any qualified individual with a disability.  Pursuant to the provisions of the ADA and 28 C.F.R. 35.130, the Judicial Branch of the State of Tennessee does not permit discrimination against any individual on the basis of physical or mental disability in accessing or participating in its judicial programs.  Consistent with this policy, the Judicial Branch for the State of Tennessee shall conduct its services, programs or activities, when viewed in their entirety, in a manner that is readily accessible to and usable by qualified individuals with disabilities.  This standard does not require that each existing facility be accessible, but rather ensures "program accessibility" which may be provided by methods including alteration of existing facilities, acquisition or construction of additional facilities, relocation of a service or program to an accessible facility, or provision of services at alternate sites.  In choosing among available methods for meeting this requirement, the State of Tennessee shall give priority to those methods that offer the services, programs and activities of the Judicial Program in the most integrated setting appropriate.  In furtherance of this policy and to ensure that those responsible for the administration of justice have a set of guidelines from which they will be able to execute this policy, the following guidelines and principles are hereby adopted.

## STANDARDS FOR ACCESS TO THE JUDICIAL PROGRAM OF THE STATE OF TENNESSEE

1. The Tennessee Judicial Branch will provide reasonable modifications in its rules, policies, services and practices, when necessary, to provide effective access to a qualified individual with a disability.  A "reasonable modification" may include, but is not limited to, making a change in or exception to policies, practices, and procedures; furnishing, at no charge, to the qualified individual with disability auxiliary aids and services, which include but are not limited to equipment, devices, materials in alternative formats, and qualified interpreters or readers; and relocating judicial programs, services or activities to alternate accessible facilities or alternate accessible sites; or making each service, program or activity, when viewed in its entirety, readily accessible  to be usable by qualified persons with a disability requesting modifications.

2. In the event that the reasonable modification requires relocation of a judicial program, service or activity to an alternate facility or site, the alternate facility or site shall comply with the requirements of the Americans with Disabilities Act and the Tennessee Public Buildings Accessibility Act.  The alternate facility or site shall also comply with Tennessee law concerning the location of county courthouses.

3. The Local Judicial Program ADA Coordinator in a county where the county courthouse is not ADA compliant, shall maintain a list of alternate facilities or sites that may be used for



relocation of judicial programs, services and activities.  An up to date copy of the alternate facility or site list shall be submitted to the Tennessee Judicial Program ADA Coordinator.

4.    The following terms are relevant to the operation of this policy.  These definitions are derived from the provisions of 28 C.F.R § 35.104.  Other definitions material to the operation of this policy but not otherwise contained herein may be found at 28 C.F.R § 35.104.

    (a)    <u>Disability</u> means, with respect to an individual, a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment.

    (b)    <u>Facility</u> means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure or equipment is located.

    (c)    <u>Individual with a disability</u> means a person who has a disability.

    (d)    <u>Qualified individual with a disability</u> means an individual with a disability who, with or without reasonable modification to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

5.    The Tennessee Judicial Branch has Judicial Program ADA Coordinator, employed by the Administrative Office of the Courts (AOC), who oversees the administration of this policy, any complaints associated with issues raised by this policy, and Requests for Modification under the Americans with Disabilities Act within the Judicial Branch, and will have the ultimate responsibility for compliance with this policy.  The Tennessee Judicial Program ADA Coordinator is Pamela L. Taylor, who may be reached at (615) 741-2687or at 800-448-7970

6.    The Tennessee Judicial Program ADA Coordinator will designate a Local Judicial Program ADA Coordinator for each county in a judicial district, who will be responsible for handling all Requests for Modification to access judicial programs, activities and services within that county.  The Local Judicial Program ADA Coordinator should be involved with or familiar with the judicial program of the county.

REQUEST FOR MODIFICATION FOR ACCESS TO JUDICIAL PROGRAMS

7.    **Submission of Request**.  Persons requiring modification to obtain access to judicial

-2-

programs, services or activities at any facility used for such purposes should contact the Local Judicial Program ADA Coordinator (Coordinator). A written Request for Modification is preferred. However, this request may be made by telephone to the Coordinator. In such instances, the Coordinator shall commit such requests to writing. The Coordinator shall maintain a record of all Requests for Modification. A Request for Modification form is available and may be obtained from the Local Judicial Program ADA Coordinator, the Tennessee Judicial Program ADA Coordinator, any court clerk's office, or online at **www.tsc.state.tn.us.** If appropriate or upon request, the Local Judicial Program ADA Coordinator or the Tennessee Judicial Program ADA Coordinator will provide assistance with writing and submitting the written request for Modification. Large print and Braille versions of the Request form are available upon request. If appropriate, other personnel associated with the judicial program, service or activity may assist the applicant in the submission of a completed Request for Modification to the Coordinator.

The written Request for Modification shall include a description of the person's disability, the role of the person in the judicial proceeding, the Modification sought, the date and time of the Modification requested, and the judicial proceeding for which the Modification is sought. Once a Request for Modification has been granted, the Local Judicial Program ADA Coordinator will advise the applicant of the procedure to be followed with regard to subsequent proceedings associated with the original Request. If necessary, the Local Judicial Program ADA Coordinator may require the applicant to provide additional information about the qualifying disability in order to determine the appropriate Modification to meet the applicant's needs, but only such information that may be required to make such a determination. Under no circumstances will the Local Judicial Program ADA Coordinator be permitted to request information regarding the applicant's disability that is not necessary for the evaluation of the Modification requested.

8.     **Who Should Submit a Request for Modification**. An application requesting Modification may be submitted by any lawyer, party, witness, juror or other individual with an interest in attending any judicial program, activity or service or another person on behalf of such interested person.

9.     **When to Submit a Request.** The Request for Modification should be submitted with as much advance notice as possible, but in any event should be made no less than five (5) business day prior to the date for which the Modification is sought. An immediate Request for Modification should be made when urgent and/or emergency circumstances arise. In criminal cases where a defendant is confined to jail, the Request for Modification should be made as soon as possible. However, it may be necessary that the Request for Modification may be made contemporaneously with his or her initial court appearance.

10.     **When There Is No Request**. In the event that a person requiring a Modification has not made a timely Request for Modification, the court may, in its discretion, immediately grant such Modification without requiring an advance written request. In such a case, a Request

-3-

for Modification form shall be completed by either the person requesting Modification or court personnel for the court's records. Alternately, the court may, in its discretion, postpone, reschedule or otherwise delay the judicial program, service or activity affected. Under such circumstances, the individual requesting Modification shall be required to immediately submit a written request. If appropriate or upon request, court personnel will provide assistance with writing and submitting the request for Modification.

11. **Provision of Reasonable Modification.** The Local Judicial Program ADA Coordinator will, as soon as practicable, notify the requesting individual of the Modification to be provided. An alternate Modification may be offered instead of the requested Modification if the Local Judicial Program ADA Coordinator determines that another equally effective Modification is available.

12. **Additional Time to Achieve Modifications.** If the Local Judicial Program ADA Coordinator determines that additional time may be necessary in order to achieve and/or obtain Modification, the Local Judicial Program ADA Coordinator shall notify the judge presiding over the matter, who will determine an appropriate course of action.

13. **Denial of a Request for Modification.** A request for Modification may be denied only if the Local Judicial Program ADA Coordinator finds that:

    (a)    The person making the request is not a qualified individual with a disability; or,

    (b)    The requested Modification would create an undue financial or administrative burden; or,

    (c)    The requested Modification would fundamentally alter the nature of the judicial program, service or activity; or,

    (d)    Some other Modification would be as effective and involve less cost or inconvenience; or,

    (e)    The applicant has refused to comply with this Policy; or,

    (f)    The applicant's failure to comply with this Policy makes impossible or impracticable the ability to provide the requested Modification.

14. No employee of the Judicial Branch of the State of Tennessee shall retaliate against any person who exercises his/her rights under the Americans with Disabilities Act or who requests modification pursuant to this policy.

APPEAL OF AN ADVERSE DECISION AS TO A REQUEST FOR MODIFICATION

-4-

15. **Appeal to Presiding Judge of Judicial District.** If a Request for Modification is denied or the offered alternate Modification is unsatisfactory to the applicant, the applicant may appeal the decision of the Local Judicial Program ADA Coordinator to the presiding judge of the judicial district within ten (10) days of the denial of Modification or offer of alternate Modification. The judge shall rule on the appeal as soon as practicable, and where possible, in advance of the date of the hearing for which the Modification is requested.

16. **Appeal to Administrative Office of the Courts.** If an applicant is dissatisfied with the ruling of the presiding judge resulting from a request for review, the decision may be appealed to the Director of the Administrative Office of the Courts, or her designee, within ten (10) days of the ruling by the presiding judge on the request for review. A written request must include any reasons for disagreement with the previous determinations, as well as the remedy sought. The Director shall provide a ruling as to the request as expeditiously as possible.

PUBLIC NOTICE

17. A public notice shall be posted in visible places throughout each facility where judicial programs, services and/or activities are held, including but not limited to each court clerk's office, that identifies the Local Judicial Program ADA Coordinator and the Tennessee Judicial Program ADA Coordinator. Such public notice shall also provide a website address where a copy of this policy, implementation guidance, and Request for Modification form may be obtained electronically.

Should the courthouse facility within which judicial programs, services and/or activities are provided be inaccessible, a public notice shall be posted on the outside of the building or at another such location at or near the building that is readily accessible.

NOTICE ON DOCUMENTS COMPELLING COURT PARTICIPATION

18. When a summons, subpoena, juror summons or other pleading, order or document compelling participation in a judicial program, service or activity is issued, said documents shall provide notice of the identity of the Local Judicial Program ADA Coordinator, the Tennessee Judicial Program ADA Coordinator and a specific designation as to how each may be contacted, including telephone numbers and email addresses. Such notice shall also provide information about program accessibility and the procedure for submission of requests for reasonable modifications. Such notice shall also provide a website address where a copy of this policy and Request for Modification request form may be obtained electronically.

### REQUEST FOR MODIFICATION
**Applicant requests accommodation under Tennessee Judicial Branch Policy ___ Number___**

#### Applicant Information

Applicant is: ____ Witness _____ Juror ____ Attorney _____ Party _____Other    (Specify Nature of Interest):_____

**Name:**_____     **Court:**_____

**Telephone:**_____     _____

**Address:**_____     **Judge:**_____

_____     **Case No.:**_____

1.     Type of proceeding.     _____ Criminal     _____ Civil
2.     Proceedings to be covered (e.g., bail hearing, preliminary hearing, particular witnesses at trial, sentencing hearing, motion hearing, trial):_____

_____

3.     Dates modification needed (specify): _____
4.     Disability necessitating modification (specify):_____

_____

5.     Type of modification requested (specify):_____

_____

_____

6.     Special requests or anticipated problems (specify):_____

_____

I hereby certify that the above information is true and correct to the best of my knowledge.

Date:     _____     _____
(Signature of Applicant)

☐ The request for modification is **GRANTED.**

☐ **OFFER OF REASONABLE ALTERNATE MODIFICATION**    _____

_____

☐ The request for modification is **DENIED** because:

_____ the applicant is not a qualified individual with a disability

_____ the requested modification would fundamentally alter the nature of the judicial program, service or activity

_____ the requested modification would create an undue financial or administrative burden

_____ the applicant refused to comply with the Policy

_____ the applicant's failure to comply with the Policy makes impossible or impracticable the ability to provide the requested Modification

(Specify)_____

DATE: _     _____
Local Judicial Program ADA Coordinator

-6-

## APPEALS

☐      Presiding Judge Review requested.  (Specify reason and the remedy you want): _____

_____

_____

DATE:_____        _____
                                         (Signature of Person Requesting Review)

### PRESIDING JUDGE REVIEW

        I have reviewed the original request for modification, the offer of alternate modification OR the denial of modification and the reason for the denial, and the reason that this review has been requested and find as follows:

_____

_____

_____

_____

DATE:_____        _____
                                         PRESIDING JUDGE

☐      Administrative Office of the Courts Review requested.  (Specify reason and the remedy you want):_____

_____

_____

DATE:_____        _____
                                         (Signature of Person Requesting Review)

### ADMINISTRATIVE OFFICE OF THE COURTS REVIEW

        I have reviewed the original request for modification, the offer of alternate modification OR the denial of modification and the reason for the denial, and the reason that this review has been requested and find as follows:

_____

_____

_____

_____

DATE:_____        _____
                                         AOC DIRECTOR

-7-

# **PUBLIC NOTICE**

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability.  The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs.  In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to persons with qualified individuals with disabilities.

This notice is provided as required by Title II of the Americans with Disabilities Act of 1990.

If you need assistance, have questions or need additional information, please contact your Local Judicial Program ADA Coordinator:

_____

_____

_____

_____

_____

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

_____

_____

_____

_____

_____

     The Tennessee Judicial Branch Americans With Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at **www.tsc.state.tn.us.**

<u>**NOTICE**</u>

**(To be sent along with Summons, Subpoenas, Juror Summons or other order compelling participation in a judicial program)**

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to persons with qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator.

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

_____
_____
_____
_____
_____

If you need assistance, have questions or need additional information,  you may also contact the Tennessee Judicial Program ADA Coordinator:

_____
_____
_____
_____
_____

The Tennessee Judicial Branch Americans With Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at <u>www.tsc.state.tn.us.</u>

-9-

<u>**ADA JUDICIAL PROGRAM COORDINATORS**</u>

**STATE OF TENNESSEE**

**ANDERSON COUNTY**

**BEDFORD COUNTY**

**BENTON COUNTY**

**BLEDSOE COUNTY**

**BLOUNT COUNTY**

**BRADLEY COUNTY**

**CAMPBELL COUNTY**

**CANNON COUNTY**

**CARROLL COUNTY**

**CARTER COUNTY**

**CHEATHAM COUNTY**

**CHESTER COUNTY**

**CLAIBORNE COUNTY**

**CLAY COUNTY**

**COCKE COUNTY**

**COFFEE COUNTY**

**CROCKETT COUNTY**

**CUMBERLAND COUNTY**

**DAVIDSON COUNTY**

**DECATUR COUNTY**

**DEKALB COUNTY**

**DICKSON COUNTY**

**DYER COUNTY**

**FAYETTE COUNTY**

**FENTRESS COUNTY**

**FRANKLIN COUNTY**

**GIBSON COUNTY**

**GILES COUNTY**

**GRAINGER COUNTY**

**GREENE COUNTY**

**GRUNDY COUNTY**

**HAMBLEN COUNTY**

**HAMILTON COUNTY**

**HANCOCK COUNTY**

**HARDEMAN COUNTY**

**HARDIN COUNTY**

**HAWKINS COUNTY**

**HAYWOOD COUNTY**

**HENDERSON COUNTY**

**HENRY COUNTY**

**HICKMAN COUNTY**

**HOUSTON COUNTY**

**HUMPHREYS COUNTY**

**JACKSON COUNTY**

**JEFFERSON COUNTY**

**JOHNSON COUNTY**

**KNOX COUNTY**

**LAKE COUNTY**

**LAUDERDALE COUNTY**

**LAWRENCE COUNTY**

**LEWIS COUNTY**

**LINCOLN COUNTY**

**LOUDON COUNTY**

**MACON COUNTY**

**MADISON COUNTY**

**MARION COUNTY**

**MARSHALL COUNTY**

**MAURY COUNTY**

**MCMINN COUNTY**

**MCNAIRY COUNTY**

**MEIGS COUNTY**

**MONROE COUNTY**

**MONTGOMERY COUNTY**

**MOORE COUNTY**

**MORGAN COUNTY**

**OBION COUNTY**

**OVERTON COUNTY**

**PERRY COUNTY**

**PICKETT COUNTY**

**POLK COUNTY**

**PUTNAM COUNTY**

RHEA COUNTY

ROANE COUNTY

ROBERTSON COUNTY

RUTHERFORD COUNTY

SCOTT COUNTY

SEQUATCHIE COUNTY

SEVIER COUNTY

SHELBY COUNTY

SMITH COUNTY

STEWART COUNTY

SULLIVAN COUNTY

SUMNER COUNTY

TIPTON COUNTY

TROUSDALE COUNTY

**UNICOI COUNTY**

**UNION COUNTY**

**VAN BUREN COUNTY**

**WARREN COUNTY**

**WASHINGTON COUNTY**

**WAYNE COUNTY**

**WEAKLEY COUNTY**

**WHITE COUNTY**

**WILLIAMSON COUNTY**

**WILSON COUNTY**

## FREQUENTLY ASKED QUESTIONS (FAQs)

**Is building a new courthouse required if the current facility housing the judicial program is not accessible?**

No.  Public entities are not required to make structural changes to existing facilities if other methods may be effective in achieving compliance with the Americans with Disabilities Act. C.F.R. §35.150(b)(1).

**What can be done to make the judicial program accessible in a courthouse that is not fully accessible to the disabled?**

Some options might be:

- Where a courtroom is on an inaccessible floor, i.e. second floor in a building with no elevator, and an accessible courtroom or other room that may be appropriate for use to house the judicial program, service or activity, restrooms, and other accessible facilities exist on the first floor of the courthouse, the judicial program may be moved to the accessible courtroom or other appropriate facilities.

- Where a courthouse is inaccessible and/or the courtroom or other offices related to the judicial program are inaccessible, the judicial program or service may be moved to an alternate site that is readily accessible.

- Where the appropriate modification requires the judicial program to employ the use of audio/visual means from a remote location in the building in which the proceedings are being held, the means for viewing should be of such quality that the proceedings are able to be heard clearly and the participants in the courtroom are identifiable.

- Where a courtroom is inaccessible requiring the relocation of a judicial program, service or activity, such program, service or activity should not be conducted in a hallway.  It is more appropriate to relocate such program, service or activity to an accessible location (i.e., courtroom, library or office) on the first floor of the courthouse or to an alternate site that is readily accessible.

**If a judicial program has been relocated to an alternate location, can I announce from the bench the reason for moving the proceedings?**

No comments should be made from the bench that would disclose the reason for relocation. Such disclosure could constitute a discriminatory or retaliatory act, both of which are prohibited by the Americans with Disabilities Act.



EXHIBIT
B to Settlement
Agreement

**Is carrying a person with a disability an acceptable method of achieving program accessibility?**

Generally, it is not.  Carrying an individual with a disability is considered an ineffective and therefore an unacceptable method for achieving program accessibility.  Carrying will be permitted only in manifestly exceptional cases, and only if all personnel who are permitted to participate in carrying are formally instructed on the safest and least humiliating means of carrying.  "Manifestly exceptional" cases in which carrying would be permitted might include, for example, programs conducted in unique facilities, such as an oceanographic vessel, for which structural changes and devices necessary to adapt the facility for use by individuals with mobility impairments are unavailable or prohibitively expensive.  Carrying is not permitted as an alternative to structural modifications such as installation of a ramp or chairlift.  C.F.R. § 35.150(b)(1), analysis supplement.