IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

**FILED**
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

DEC 17 1998

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| **GEORGE LANE and BEVERLY JONES** <br> **Plaintiffs** | ) <br> ) <br> ) | |
| v. | ) <br> ) | No.    3:98 CV 0731 |
| **STATE OF TENNESSEE and its political subdivisions,** <br> POLK COUNTY, BLEDSOE COUNTY, CANNON COUNTY, CHESTER COUNTY, CLAIBORNE COUNTY, CLAY COUNTY, COCKE COUNTY, DECATUR COUNTY, FAYETTE COUNTY, GRAINGER COUNTY, HANCOCK COUNTY, HAWKINS COUNTY, HICKMAN COUNTY, HOUSTON COUNTY, JACKSON COUNTY, JEFFERSON COUNTY, JOHNSON COUNTY, LAKE COUNTY, LEWIS COUNTY, MEIGS COUNTY, MOORE COUNTY, PERRY COUNTY, PICKETT COUNTY, TROUSDALE COUNTY, and VAN BUREN COUNTY <br> **Defendants** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Judge Higgins** <br> **Magistrate Griffin** |

## MOTION FOR PERMISSIVE JOINDER & COMPLAINT

Come, Dennis Cantrel, Ann Marie Zappola and Ralph E. Ramsey, Sr., by and through counsel, who would hereby respectfully petition this Honorable Court to allow them to join in this cause of action pursuant to the provisions of FRCP 19(a) (Permissive Joinder) as party plaintiffs and sue the defendants for damages and for cause would show as follows:

### I.

### THE PARTIES

(a) The Petitioner Dennis Cantrel is a citizen and resident of Fayette County, Tennessee and resides at 135 Blackstone Way, Mason, TN 38409. He is a qualified individual with a disability as is defined by 42 U.S.C. 12131(2) by virtue of his being a paraplegic and confined to a wheelchair and

1

is otherwise unable to climb stairs. He is in need of services extended by the defendant Fayette County and the State of Tennessee by activities that are conducted on the second floor of the Fayette County Courthouse. He is willing to and does hereby petition to serve as a class representative for all qualified individuals with a disability needing the services of the judicial division of the State of Tennessee and its political subdivisions. As a citizen of the State of Tennessee, petitioner has a constitutional right to access to all courtrooms of all the counties of the State of Tennessee including those of all of the named defendants.

(b) The petitioner Ann Marie Zappola is a citizen and resident of Houston County, Tennessee who resides at 712 Telegraph Street, Tennessee Ridge, TN 37178. She is a qualified individual with a disability as is defined by 42 U.S.C. 12131(2) by virtue of her spinal cord injury involving nerve damage. She has been previously confined to a wheelchair but now is able to move about with the use of a cane but is unable to climb stairs. She is in need of services extended by the defendant Houston County and the State of Tennessee by activities that are conducted on the third floor of the Houston County Courthouse. She is willing to and does hereby petition to serve as a class representative for all qualified individuals with a disability needing the services of the judicial division of the State of Tennessee and its political subdivisions. As a citizen of the State of Tennessee, petitioner has a constitutional right to access to all courtrooms of all the counties of the State of Tennessee including those of all of the named defendants.

(c) The petitioner Ralph E. Ramsey, Sr. is a citizen and resident of Cocke County, Tennessee and resides at 165 Ball Park, Cosby, TN 37722. He is a qualified individual with a disability as is defined by 42 U.S.C. 12131(2) by virtue of his being afflicted with a disease known as chronic venous insufficiency. By virtue of this disease, the petitioner has great difficulty walking and is otherwise unable to climb stairs. He is in need of services extended by the defendant Cocke County and the State of Tennessee by activities that are conducted on the second floor of the Cocke County Courthouse. He is willing to and does hereby petition to serve as a class representative for all

qualified individuals with a disability needing the services of the judicial division of the State of Tennessee and its political subdivisions. As a citizen of the State of Tennessee, petitioner has a constitutional right to access to all courtrooms of all the counties of the State of Tennessee including those of all of the named defendants.

## II.
## JURISDICTION & GROUNDS FOR GRANTING JOINDER MOTION

Petitioners would adopt by reference the allegations contained in Section II of the original complaint. In addition, Petitioners would show to this court that they meet the requirements of FRCP 20(a) permitting "Permissive Joinder" As will be noted herein after, the allegations of these prospective petitioners arise out of the same transactions, occurrences, or series of transactions or occurrences and there are common questions of law and fact.

## III.
## PETITIONER DENNIS CANTREL'S INDIVIDUAL ALLEGATIONS

(a) That as noted above, the petitioner, Dennis Cantrel is a paraplegic confined to a wheelchair and as such is a qualified individual with a disability as defined by 42 U S C 12131(2).

(b) In 1992, the petitioner went to the Fayette County Courthouse to attend a County Commission Meeting. When he arrived he discovered that the Commission Meeting was on the second floor of the Courthouse. He inquired of a deputy sheriff standing on the first floor as to how disabled persons were to gain access to the second floor of the courthouse to conduct business He was told that the only way was for someone to carry them upstairs. In that he was an adult male and he and his wheelchair were quite heavy, and because he was determined to attend the meeting, the petitioner crawled up the stairs to the second floor. When he got to the second floor, he discovered that there was no wheelchair seating within the designated public seating area and as such he had to sit in one of the isles, blocking the passage way of other members of the public attending the meeting.

The next day, petitioner contacted the County Mayor's office and asked to speak to the ADA Coordinator or to the person designated to handle ADA grievances. The County Mayor's office denied any knowledge of such a person and denied any knowledge of a requirement for such a designated person. Petitioner advised the Mayor's office of the requirements under the American's with Disability Act requested that they take the appropriate actions to comply with all of the Title II requirements for which they were responsible including the requirements to conduct a complaince self-survey and to develop a transition plan. Petitioner even offered to assist the county in coming into compliance. Nothing was heard concerning this offer.

(c) In October of 1998, petitioner spoke with County Mayor, Jim Voss and the County ADA coordinator, Ed Gaugh. Petitioner told these officials of Fayette County that he intended to attend the County Commission meeting to be held the next day and inquired about the status of the Courthouse and the accessibility for disabled persons to the meeting. On October 26, 1998, Petitioner spoke with Mayor Jim Voss and ADA Coordinator Ed Gaugh concerning gaining access to the County Commission meeting the would be held on the evening of October 27, 1998. Petitioner was told that carrying him up the stairs to the meeting was the only accommodation that they had to offer at this time, and that the commission would not move the location of the meeting. On October 27, 1998, the petitioner went back to the Fayette County Courthouse for the purpose of attending a County Commission Meeting. When he arrived, petitioner was met by County Sheriff Kelly and the ADA Coordinator Ed Gaugh. He was told that the only access that was available for the meetings was for him to be carried and that they were prepared to carry him. The petitioner declined this offer in that he was concerned not only for his own personal safety but also for Sheriff Kelly and Mr. Gaugh. He left not being able to attend the meeting.

(d) On November 18, 1998, the petitioner filed a grievance with Fayette County ADA Coordinator Ed Gaugh concerning this issue. On December 1, 1998, petitioner received a response to his complaint that stated that: (1) there were discussions concerning building a new Criminal

4

Justice Complex that would be accessible under ADA Guidelines, (2) by the end of January 1999 there would be audio visual equipment available for use that would be interactive and allow some form of participation with the activities in the courtroom, and (3) a statement that any meeting that "can be relocated will be relocated to an accessible location." However, Mr Gaugh stated that there would be no installation of an elevator in the Courthouse because the County felt that it would "not only alter the structure of a historic building but would also cause tremendous financial burden to the Local Government" Mr. Gaugh also stated that the county would be undergoing another Title II self survey to reexamine all policies and procedures.

(e) At this time, the defendant Fayette County is currently undergoing $175,000 worth of renovations to its courthouse. There is a sign in the front of the courthouse that notes these improvements The Architect/Engineers are Barge, Waggoner, Sumner and Cannon, Inc. of Memphis, Tennessee The Contractor is Vanderheyden Construction Company out of Whiteville, Tennessee. Despite these substantial improvements to the building, there are no plans to meet the requirements of T.C.A. § 68-120-204 & T.C.A. § 68-120-205, as well as the North Carolina Building Code as required by the noted statutes which mandate that public buildings be made accessible to persons with disabilities.

(f) That the defendants Fayette County, Tennessee and the defendant State of Tennessee are in violation of the ADA (42 U.S.C 12131 et. seq. & 28 C.F.R. Part 35) and T.C.A. § 68-120-204 & T.C.A. § 68-120-205 which require that programs that are conducted by State and Local governmental bodies are conducted in facilities that are equally accessible by persons with disabilities as they are by people without disabilities The defendants have willfully and intentionally failed to comply with Federal and State law as noted above by conducting their Judicial Proceedings and County Commission meetings at a location that is not handicap accessible. It appears that it is their intention to persist in this illegal conduct on into the future despite the circumstances presented by the petitioners circumstances and other disabled persons in Fayette County and the State of

Tennessee who have a need to gain access to the programs that occur on the second floor of the Courthouse. That as a result of the intentional and willful acts of discrimination by the defendants the State of Tennessee and Fayette County, the petitioner has suffered humiliation and embarrassment inflicted by the defendants for which he should be justly compensated. All other individuals with disabilities that prevent them from utilizing steps as a means to gain access to the second floor of the Fayette County Courthouse are being discriminated against by the defendants. In addition, the other named county defendants are discriminating against the petitioner by not conducting their judicial proceedings in facilities that are accessible by persons with disabilities.

### III.
### PETITIONER ANN MARIE ZAPPOLA'S INDIVIDUAL ALLEGATIONS

(a) That as noted above, the petitioner, Ann Marie Zappola is afflicted with a serious spinal cord injury with nerve damage. She has been found to be totally disabled by the Social Security Administration. As a result of this condition and the surgeries that were required to treat her, she requires to use a cane. Prior to April of 1998 there were occasions when petitioner was unable to climb stairs and there are likewise occasions when she could climb stairs, but with great difficulty and pain. In April of 1998, she was involved in a traffic accident that resulted in petitioner's back being broken. She is now totally unable to climb stairs. As such, she is a qualified individual with a disability as defined by 42 U.S.C. 12131(2).

(b) In 1997, the petitioner was sued in a civil matter in the Houston County General Sessions Court. On June 10, 1997, the petitioner went to General Sessions Court at the Houston County Courthouse. The Courtroom where the proceedings were held is on the third floor of the courthouse. The petitioner, in great pain and agony, climbed the steps in obvious distress and obvious to all who passed her on the steps as she climbed them to get to the courtroom. After the proceeding, she then had to negotiate the steps back down. The petitioner won this General Sessions proceeding and this

6

case was then appealed to the Circuit Court for Houston County. She later had to appear in the Circuit Court for Houston County that was held in the same courtroom as the General Sessions proceeding. She again had to negotiate the steps to get to the courtroom under the same kind of personal conditions and embarrassment and humiliation. Petitioner won her case, but still had to go back down the stairs in the circumstances of her disability.

(c) The petitioner had to go to the Houston County Courthouse in June of 1998 to obtain a Juvenile petition against her son. The Juvenile office is located on the third floor of the Courthouse. She again had to climb three floors of steps to get to the office. After she signed the petition, she had to go to court again on the third floor of the courthouse. On each of these occasions she was under the same physical and emotional distress of dealing with her physical condition as well as the humiliation and embarrassment of having other persons stare at her as she climbed the stairs in her physical condition. In addition, the petitioner has attempted to attend County Commission meetings in order to address these conditions at the courthouses and bring to the attention of the County the problems associated with the condition of the Courthouse and the programs of the County and State. She has not been able to attend said meetings because they are conducted on the third floor of the courthouse and her physical condition has deteriorated now to where she is unable to climb stairs.

(d) That in the summer of 1998, the Petitioner sent a faxed letter to Marklay Gill, County Attorney for Houston County advising her of the apparent violations of the ADA by the county and asking for her assistance in obtaining modifications. Petitioner expressed to Ms Gill her desire to help the county with the ADA modifications. Petitioner also offered not to sue the county. Ms. Gill did not respond to these offers. The petitioner expressed to Mr. Gorge Clark the problems associated with her attending any proceedings and meetings that occurred on the third floor of the Courthouse, where apparently all judicial proceedings and county meetings occur. Mr. Clark called the petitioner on the telephone and told the petitioner that the County did not have any money to fix the Courthouse and that if she needed assistance that they would provide her an "apparatus" that would carry her up

the three flights of stairs or someone could carry her. There had been a recent newscast indicating This particular apparatus is not safe to carry anyone up the stairs and is not certified by the ADA as a reasonable accommodation.

(e) That the defendants Houston County, Tennessee and the defendant State of Tennessee are in violation of the ADA (42 U.S.C. 12131 et. seq. & 28 C.F.R. 35.105) and T.C.A. § 68-120-204 & T.C.A. § 68-120-205 which require that programs that are conducted by State and Local governmental bodies are conducted in facilities that are equally accessible by persons with disabilities as they are by people without disabilities. The defendants have willfully and intentionally failed to comply with Federal and State law as noted above by conducting their Judicial Proceedings and County Commission meetings at a location that is not handicap accessible. It appears that it is the defendants intention to persist in this illegal conduct into the future despite the circumstances presented by the petitioners circumstances and other disabled persons in Houston County and the State of Tennessee who have a need to gain access to the programs that occur on the second floor and/or the third floor of the Courthouse. That as a result of the intentional and willful acts of discrimination by the defendants the State of Tennessee and Houston County, the petitioner has suffered humiliation and embarrassment inflicted by the defendants for which she should be justly compensated. All other individuals with disabilities that prevent them from utilizing steps as a means to gain access to the second floor and/or third floor of the Houston County Courthouse are being discriminated against by the defendants. In addition, the other named county defendants are discriminating against the petitioner by not conducting their judicial proceedings in facilities that are accessible by persons with disabilities.

## IV.

### PETITIONER RALPH E. RAMSEY, SR.'S INDIVIDUAL ALLEGATIONS

(a) That as noted above, the petitioner, Ralph E. Ramsey, Sr. is afflicted with a disease known as chronic venous insufficiency which causes him to have difficulty walking and makes him totally unable to climb stairs and as such is a qualified individual with a disability as defined by 42 U.S.C.

8

12131(2).

(b) That in March of 1995, the petitioner was sued in the General Sessions Court for Cocke County, Tennessee on a detainer warrant. The plaintiff in the case was represented by William M. Lebrock. The case was scheduled for hearing on March 22, 1995 in the General Sessions Court. On that date, the petitioner appeared at the Cocke County Courthouse and discovered that the proceedings would be heard in the courtroom located on the second floor of the courthouse. He sent word to Marcus Mooneyham, General Sessions Judge for Cocke County, Tennessee that he was on the first floor and that he could not get to the second floor. Sometime later, the attorney for the plaintiff came down the stairs and as he passed the petitioner he commented that he had just obtained a judgment against him for $1,500, tipped his hat and walked away. The petitioner subsequently appealed the case to the Circuit Court for Cocke County, Tennessee where he again appeared at the courthouse on November 5, 1997. He again was unable to get to the courtroom and a judgment was entered against him because he failed to appear in the courtroom. That the petitioner has suffered extreme humiliation and embarrassment due to this action by the defendants as well as the infliction of a judgment that he had no opportunity to defend against.

(c) Since 1995, the petitioner has repeatedly complained to the Cocke County authorities concerning accessability to the courtrooms of the county that are held in the Courthouse. He has even filed a complaint with the Department of Justice that was referred to mediation. This mediation took place on July 2, 1996. There has been no report submitted by the mediator or action taken by Cocke County to correct this problem concerning the accessibility to the courtrooms.

(d) That the defendants Cocke County, Tennessee and the defendant State of Tennessee are in violation of the ADA (42 U.S.C. 12131 et. seq. & 28 C.F.R. 35.105) and T.C.A. § 68-120-204 & T.C.A. § 68-120-205 which require that programs that are conducted by State and Local governmental bodies are conducted in facilities that are equally accessible by persons with disabilities

as they are by people without disabilities  The defendants have willfully and intentionally failed to comply with Federal and State law as noted above by conducting their Judicial Proceedings at a location that is not handicap accessible. It appears that it is the defendants intention to persist in this illegal conduct on into the future despite the circumstances presented by the petitioners circumstances and other disabled persons in Cocke County and the State of Tennessee who have a need to gain access to the programs that occur on the second floor of the Courthouse. That as a result of the intentional and willful acts of discrimination by the defendants the State of Tennessee and Cocke County, the petitioner has suffered humiliation and embarrassment inflicted by the defendants for which he should be justly compensated as well as the imposition of a civil judgment for which he was not able to defend himself against. All other individuals with disabilities that prevent them from utilizing steps as a means to gain access to the second floor of the Fayette County Courthouse are being discriminated against by the defendants. In addition, the other named county defendants are discriminating against the petitioner by not conducting their judicial proceedings in facilities that are accessible by persons with disabilities

## V.

### PETITIONERS GENERAL ALLEGATIONS CONCERNING THE STATE OF TENNESSEE AND OTHER NAMED DEFENDANTS TO THE ORIGINAL LAWSUIT

Petitioners would hereby adopt by reference the allegations contained in Sections VI, VII & VIII of the original amended complaint filed in this cause

## VI.

### REQUEST FOR RELIEF

WHEREFORE, PETITIONERS would hereby request this Honorable Court to:

1. Allow them to join in this action as Plaintiffs pursuant to FRCP 20(a)
2. To issue additional summons to the defendants on behalf of the petitioners requiring them to answer this cause within the time prescribed by law.

3. Render judgment against the State of Tennessee and Fayette County for damages for the petitioner Cantrel's humiliation and embarrassment in an amount not to exceed $500,000 as well as his attorney fees, cost and expenses pursuant to the provisions of 42 U.S.C 12133 and 29 U.S.C. 794a.

4. Render judgment against the State of Tennessee and Houston County for damages for the petitioner Zappola's humiliation and embarrassment associated with the defendants discriminatory conduct towards her in her attempting to gain access to the defendant's courthouse in an amount not to exceed $500,000 as well as her attorney fees, cost and expenses pursuant to the provisions of 42 U.S.C 12133 and 29 U.S.C. 794a. for bringing this action.

5. Render judgment against the State of Tennessee and Cocke County for damages for the petitioner Ramsey's humiliation and embarrassment associated with the defendants discriminatory conduct towards him in his attempting to gain access to the defendant's courthouse in an amount not to exceed $500,000 as well as his attorney fees, cost and expenses pursuant to the provisions of 42 U.S.C. 12133 and 29 U.S.C. 794a. for bringing this action.

6. That this court allow them to participate as class representatives and that the court certify this as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and that proper notice be given to all individuals in the class in order that they may make the proper elections.

7. That this court take such actions necessary and proper through declaratory judgment and injunctive relief to compel the State of Tennessee and other defendants to comply with the provisions of the Americans with Disability Act, and further award such damages to the class representatives as are fair and proper. Further that this court award damages to each member of the class for said humiliation and embarrassment associated with the defendants failure to comply with the ADA. Further that the court compel the State of Tennessee to do a survey of all counties of the State of Tennessee to determine if they in fact fully comply with the provisions of the State of Tennessee, and if they fail to do so join them as party defendants and compel them to comply with the ADA.

8. That this court grant general relief to the plaintiff and all other persons that are members of the class.

Respectfully Submitted,
Dennis Cantrel, Ann Marie Zappola
and Ralph E. Ramsey, Sr. Petitioners

By: _____
William J. Brown, Attorney
23 N. Ocoee, P.O. Box 1001
Cleveland, TN 37364-1001
(423) 476-4515
TBPR # 005450

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing petition was served upon counsel for all parties at interest in this case by placing a copy in the United States Mail addressed to said parties or said counsel's last known address as listed below with sufficient postage thereon to carry the same to its destination.

> Thomas Donnell, Jr.
> Stewart, Estes & Donnell
> SunTrust Center, 14th Floor, 424 Church Street
> Nashville, TN 37219
> Attorney for Bledsoe, Chester, Decatur, Grainger, Hawkins, Houston, Johnson, Meigs, Perry, Pickett, Trousdale and Van Buren Counties
>
> John Quinn
> Manier & Herod
> First Union Tower, 150 Fourth Ave. N., Suite 2200
> Nashville, TN 37219-2412
> Attorney for Cannon, Claiborne, Clay, Cocke, Lewis, Fayette, Lake and Moore Counties
>
> Floyd W. Rhea
> Rhea and Rhea
> P.O. Box 84
> Sneedville, TN 37869
> Attorney for Hancock County

Randy Mantooth
Leitner, Williams, Dooley & Napolitan
23 First American Center
Nashville, TN 37238-2300
Attorney for Hickman and Jefferson Counties

S. Elizabeth Martin, Office of Attorney General
425 5th Ave., North, Cordell Hull Bldg., 2nd Floor
Nashville, TN 37243
Attorney for the State of Tennessee

This the 14th day of December, 1998.

By _____