FILED

2003 JUL 18 PM 12: 21

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

GEORGE LANE, BEVERLY JONES, ANN MARIE )
ZAPPOLA, RALPH RAMSEY & DENNIS CANTRELL )
    Plaintiffs )
 )
v. )No.  3:98 CV 0731
 )    Judge Campbell
STATE OF TENNESSEE and its political subdivisions, )    Magistrate Griffin
POLK COUNTY, BLEDSOE COUNTY, CANNON )
COUNTY, CHESTER COUNTY, CLAIBORNE )
COUNTY, CLAY COUNTY, COCKE COUNTY, )
DECATUR COUNTY, FAYETTE COUNTY, )
GRAINGER COUNTY, HANCOCK COUNTY, )
HAWKINS COUNTY, HICKMAN COUNTY, )
HOUSTON COUNTY, JACKSON COUNTY, )
JEFFERSON COUNTY, JOHNSON COUNTY, )
LAKE COUNTY, LEWIS COUNTY, MEIGS )
COUNTY, MOORE COUNTY, PERRY COUNTY, )
PICKETT COUNTY, TROUSDALE COUNTY, )
and VAN BUREN COUNTY )
    Defendants )

## MOTION FOR PERMISSIVE JOINDER & COMPLAINT

Comes, A. Russell Larson, by and through counsel, who would hereby respectfully petition this Honorable Court to allow him to join in this cause of action pursuant to the provisions of FRCP 19(a) (Permissive Joinder) as party plaintiffs and sue the defendants for damages equitable relief and for cause would show as follows:

### I.

### THE PARTIES

(a) The Petitioner, A. Russell Larson is a citizen and resident of Madison County, Tennessee and resides at 72 McIntosh, Jackson, TN. He is a qualified individual with a disability as is defined by 42 U.S.C. 12131(2) by virtue of his being diagnosed with Arthrogryposis which makes it difficult if not impossible to climb stairs. He is a licensed practicing attorney in the State of

1

Tennessee and is prepared to render those services throughout the State of Tennessee. He has participated in the practice of law throughout West Tennessee and has specifically had cases involving matters within the jurisdiction of State Courts meeting at the courthouses in Decatur County, Tennessee and Fayette County, Tennessee, and Chester County, Tennessee. The State of Tennessee holds its judicial proceedings in court rooms that are located on the second or higher floor of those buildings. He is willing to and does hereby petition to serve as a class representative for all qualified individuals with a disability needing or participating in the services of the judicial division of the State of Tennessee and its political subdivisions. As a citizen of the State of Tennessee, petitioner has a constitutional right to access to all courtrooms of all the counties of the State of Tennessee including those of all of the named defendants.

## II.
## JURISDICTION & GROUNDS FOR GRANTING JOINDER MOTION

Petitioner would adopt by reference the allegations contained in Section II of the original complaint. In addition, Petitioner would show to this court that he has meet the requirements of FRCP 20(a) permitting "Permissive Joinder". As will be noted herein after, the allegations of this prospective petitioner arise out of the same transactions, occurrences, or series of transactions or occurrences and there are common questions of law and fact.

## III.
## PETITIONER'S INDIVIDUAL ALLEGATIONS

(a) That as noted above, the petitioner, A. Russell Larson has a condition noted as being Arthrogryposis which makes it difficult to impossible to climb stairs and as such is a qualified individual with a disability as defined by 42 U.S.C. 12131(2).

(b) In 2001, the petitioner went to the Decatur County Courthouse to represent a client in a criminal matter. The judicial proceedings at that location are conducted on the second floor of the court house and he could not gain access to the court room. The Circuit Judge and representatives of the District Attorney's office would regularly meet with him in the hall ways down stairs to work

2

on his cases, but he could not, because of his disability, reach the court room. On one occasion in approximately July of 2001, the Circuit Judge advised plaintiff that if his cases went to trial, the juries meet in the court room and he would have to get there someway if he was going to represent his clients at trial. Plaintiff has similar problem with the court house in Fayette County and Chester County where the judicial proceedings are conducted at court rooms that are not accessible except by stairs.

(c) Plaintiff has sought to have the court houses at both facilities to be made accessible to him and others or in the alternative to move the proceedings to a location where all citizens with the disability of not being able to climb stairs could gain access but has been unable to get that accomplished.

(d) In 1998, the defendant Fayette County made $175,000 worth of renovations to its courthouse. Despite these substantial improvements to the building, there are no plans to meet the requirements of T.C.A. § 68-120-204 & T.C.A. § 68-120-205, as well as the North Carolina Building Code (which has been adopted by the State of Tennessee as a standard) as required by the noted statutes which mandate that public buildings be made accessible to persons with disabilities.

(f) That the defendants Fayette County, Tennessee, Decatur County, Tennessee, Chester County, Tennessee and the other counties named as defendants in the principle case and the defendant State of Tennessee are in violation of the ADA (42 U.S.C. 12131 et. seq. & 28 C.F.R. Part 35) and T.C.A. § 68-120-204 & T.C.A. § 68-120-205 which require that programs that are conducted by State and Local governmental bodies are conducted in facilities that are equally accessible by persons with disabilities as they are by people without disabilities. The defendants have willfully and intentionally failed to comply with Federal and State law as noted above by conducting their Judicial Proceedings and County Commission meetings at a location that is not handicap accessible. It appears that it is their intention to persist in this illegal conduct on into the future despite the circumstances presented by the petitioners circumstances and other disabled persons in Fayette County, Chester County, Decatur County and the State of Tennessee who have a need to gain access

to the programs that occur on the floors of the Courthouse accessible by stairs only. That as a result of the intentional and willful acts of discrimination by the defendants the State of Tennessee and Fayette County, Chester County and Decatur County, the petitioner has suffered humiliation and embarrassment inflicted by the defendants for which he should be justly compensated. All other individuals with disabilities that prevent them from utilizing steps as a means to gain access to the courtrooms on floors above the first of the Fayette County, Chester County and Decatur County Courthouses are being discriminated against by the defendants. In addition, the other named county defendants are discriminating against the petitioner by not conducting their judicial proceedings in facilities that are accessible by persons with disabilities.

(g) As a result of the circumstances that the court proceedings are conducted plaintiff has lost the opportunity to participate in the judicial programs of the State of Tennessee, Fayette County, Chester County, Decatur County, and the other named defendants in the State of Tennessee. This has caused him to lose business and income that he would have otherwise been able to earn. In addition, he has suffered serious humiliation and embarrassment as a result of these circumstances engaged in by the State of Tennessee, Decatur County, Chester County, Fayette County and the other named defendants.

## IV.
### PETITIONERS GENERAL ALLEGATIONS CONCERNING THE STATE OF TENNESSEE AND OTHER NAMED DEFENDANTS TO THE ORIGINAL LAWSUIT

Petitioner would hereby adopt by reference the allegations contained in prior Sections of the original amended complaint filed in this cause.

## V.
### REQUEST FOR RELIEF

WHEREFORE, PETITIONERS would hereby request this Honorable Court to:

1. That he be allowed to join in this action as a party Plaintiff pursuant to FRCP 20(a).

2. To issue additional summons to the defendants on behalf of the petitioners requiring them

4

to answer this cause within the time prescribed by law.

3. Render judgment against the State of Tennessee, Fayette County, Chester County and Decatur County for damages for the plaintiffs humiliation and embarrassment in an amount not to exceed $500,000 as well as his attorney fees, cost and expenses pursuant to the provisions of 42 U.S.C. 12133 and 29 U.S.C. 794a.

4. That this court allow him to participate as class representatives and that the court certify this as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and that proper notice be given to all individuals in the class in order that they may make the proper elections.

5. That this court take such actions necessary and proper through declaratory judgment and injunctive relief to compel the State of Tennessee and other defendants to comply with the provisions of the Americans with Disability Act, and further award such damages to the class representatives as are fair and proper. Further that this court award damages to each member of the class for said humiliation and embarrassment associated with the defendants failure to comply with the ADA. Further that the court compel the State of Tennessee to do a survey of all counties of the State of Tennessee to determine if they in fact fully comply with the provisions of the State of Tennessee, and if they fail to do so join them as party defendants and compel them to comply with the ADA.

6. That this court grant general relief to the plaintiff and all other persons that are members of the class.

Respectfully Submitted,
A. Russell Larson, Petitioner

By: _____
William J. Brown, Attorney
23 N. Ocoee, P.O. Box 1001
Cleveland, TN 37364-1001
(423) 476-4515
TBPR # 005450

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading was served upon counsel for all parties at interest in this case by placing a copy in the United States Mail addressed to said parties or said counsel's last known address as listed below with sufficient postage thereon to carry the same to its destination.

Thomas Donnell, Jr.
Stewart, Estes & Donnell
SunTrust Center, 14th Floor
424 Church Street
Nashville, TN 37219
Attorney for Bledsoe, Chester, Decatur, Grainger, Hawkins, Houston, Johnson, Meigs, Perry, Pickett, Trousdale and Van Buren Counties

John Quinn
Manier & Herod
First Union Tower
150 Fourth Ave. N., Suite 2200
Nashville, TN 37219-2412
Attorney for Cannon, Claiborne, Clay, Cocke, Lewis, Fayette, Lake and Moore Counties

Floyd W. Rhea
Rhea and Rhea
P.O. Box 84
Sneedville, TN 37869
Attorney for Hancock County

Sarannah McMurtry, Esquire
Tolson & Associates
109 Westpark Drive
Suite 200
Brentwood TN 37027
Attorney for Hickman and Jefferson Counties

S. Elizabeth Martin
Office of Attorney General
425 5th Ave., North
Cordell Hull Bldg., 2nd Floor
Nashville, TN 37243
Attorney for the State of Tennessee

6

This the 18th day of July, 2003.

William J. Brown & Associates

By: _____

L:\Lane\Joinder Petition by Larson