UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL BABCOCK, MARGUERITE
MADDOX and ASHLEY JACOBSON, on
behalf of themselves and all others similarly
situated,

       No. 2:22-cv-12951

       HON. JONATHAN J.C. GREY

       Plaintiffs,

       MAG. ANTHONY P. PATTI

v

STATE OF MICHIGAN, COUNTY OF
WAYNE, CITY OF DETROIT, WAYNE
COUNTY BUILDING AUTHORITY,
DETROIT BUILDING AUTHORITY AND
DETROIT-WAYNE JOINT BUILDING
AUTHORITY,

       Defendants.

_____/

**STATE OF MICHIGAN'S REPLY TO PLAINTIFFS' RESPONSE TO ITS MOTION TO DISMISS, OR ALTERNATIVELY FOR SUMMARY JUDGMENT, AS TO ITS NON-LIABILITY FOR LOCAL COURT FACILITIES**

Cassandra A. Drysdale-Crown
Assistant Attorney General
Attorney for Defendant
State of Michigan
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
drysdalecrownc@michigan.gov
P64108

Kimberly K. Pendrick
Marla Linderman Richelew (P55759)
Assistant Attorneys General
Attorneys for Defendant
State of Michigan
3030 W. Grand Blvd., Suite 10-666
Detroit, Michigan 48202
(517) 335-7659
pendrickk@michigan.gov
P60348

Dated: November 19, 2024

# TABLE OF CONTENTS

<u>Page</u>

Table of Contents ............................................................................... ii

Index of Authorities ......................................................................... iii

Argument..............................................................................................1

I.       Plaintiffs misconstrue this Court's March 30, 2024, order. ...........................1

II.      *Tennessee v. Lane* does not establish that the State of Michigan is the proper party..............................................................................................1

III.    State of Michigan is not liable for the local courthouse facilities. ..................3

IV.    The new statute regarding trial court funding is not relevant.........................4

V.     The State is not obligated to join defendants.....................................................6

Conclusion and Relief Requested ........................................................................7

Certificate of Service ............................................................................8

# INDEX OF AUTHORITIES

Page

**Cases**

*FTW, LLC v. Inguran, LLC*, No. 1:13-cv-167, 2013 U.S. Dist. LEXIS
120089 (S.D. Ohio Aug. 22, 2013) ........................................................6

*Livingston Cty. v. Livingston Circuit Judge,* 225 N.W.2d 352 (Mich. 1975) ..........3

*Muir v. U.S. Steel Corp.*, 41 F.R.D. 428 (E.D. Pa. 1967)............................................6

*Stanley v. Darlington County School Dist.*, 84 F.3d 707 (4th Cir. 1996).................6

*Tennessee v. Lane,* 541 U.S. 509 (2004) ...........................................................2, 7

*Vt. Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765
(2000).......................................................................................................7

**Statutes**

Mich. Comp. Laws § 600.11111.....................................................................4

Mich. Comp. Laws § 600.11113.....................................................................5

Mich. Comp. Laws § 600.11117.....................................................................6

Mich. Comp. Laws § 600.11118.....................................................................5

Mich. Comp. Laws § 600.11119.....................................................................5

**Constitutional Provisions**

Mich. Const. 1963, Art. IV, § 27 ...................................................................4

Mich. Const. 1963, Art. VI, § 15 ...................................................................3

Mich. Const. 1963, Art. VI, § 18 ...................................................................3

Mich. Const. 1963, Art. VI, § 7 .....................................................................3

## ARGUMENT

### I.     Plaintiffs misconstrue this Court's March 30, 2024, order.

Plaintiffs rely on this Court's March 30, 2024, order for the proposition that they have standing against the State.  While this Court determined the Plaintiffs pleaded sufficient facts to establish standing based on the Complaint to avoid dismissal, the issue now is whether Plaintiffs can establish standing against the State specifically in connection with the remaining buildings.  (ECF No. 103, PageID.1735-1739.)  This Court's March 30, 2024, acknowledged "the State's arguments that the state courts are operated locally, but the Court also notes that the legal authority and statutory provisions cited do not demonstrate as a matter of law that the State has no role in the design, operation and accessibility of state courts." (*Id.,* PageID.1740.)  Given that the only remaining buildings after the order are not the responsibility of the State of Michigan, the pending motion is to provide the Court with evidence beyond the pleadings to establish that the Plaintiffs' lack standing to sue the State of Michigan relative to the remaining buildings/areas.  Further, while this Court held that Plaintiffs have demonstrated it is likely a favorable decision would redress their injury, that is true against any party who has authority to remediate buildings.  It is not true as to the State of Michigan.

### II.    *Tennessee v. Lane* does not establish that the State of Michigan is the proper party.

1

Plaintiffs attempt to expand the holding in *Tennessee v. Lane,* 541 U.S. 509 (2004). The Supreme Court held in *Lane* that "Title II, as it applies to the class of cases implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment." *Id.* at 533–34. However, while *Lane* abrogates a state's immunity from a Title II ADA claim where there is a constitutional right to access to the courts, it does not establish the State of Michigan is liable for local court buildings.

The State of Tennessee's settlement agreement in *Lane*, reflects that Tennessee did not admit liability, and agreed only to pay attorney fees, costs and expenses, and that it would implement a policy and provide training to judges.[1] (ECF No. 142-2*,* ¶¶ 1, 2, 5, PageID.2620-2622.) It did not agree that it would be liable for the buildings at issue or plaintiffs' damages. (*Id.*) In fact, the county defendants in *Lane* agreed to release their cross claims against Tennessee and agreed to defend against all the Plaintiffs' ADA claims and that the counties would be responsible for any final judgment entered in favor of the Plaintiffs. (*Id.,* ¶ 9, PageID.2624.) This case simply does not stand for the proposition that the State of Michigan is liable for the local courthouse facilities such that Plaintiffs' claims could be redressed by any decision against the State.

---

[1] The Mich. Supreme Court has already issued an ADA planning guide, (ECF No. 136-3, Mot. to Dismiss, Ex. B, PageID.2215-2235, Ex. B), and administrative orders regarding certain ADA-related practices, (*Id.*, Ex. C, PageID.2237).

**III.    State of Michigan is not liable for the local courthouse facilities.**

Without citation of any authority, Plaintiffs' simply state that the State of Michigan can locate the lower courts wherever it pleases.  This is not true for the reasons set forth in State's motion to dismiss.  (ECF No. 136.)

Plaintiffs' reliance on *Livingston Cty. v. Livingston Circuit Judge,* 225 N.W.2d 352 (Mich. 1975) is misplaced.  First, Plaintiffs are relying on language contained in the dissent versus the majority opinion.  Further, the *Livingston* case does not involve the State of Michigan as a party.  It involves the Michigan Supreme Court's review of an appellate court order that dismissed plaintiff's complaint for superintending control on the basis that the collective bargaining agreement was procured through improper procedures.  There is nothing in this decision that involves the State's liability or funding over local courthouse buildings.  While the dissent mentions that the present system involves "local financing supplemented by state financing," this does not establish that the State finances county or city buildings.  The reference regarding state financing was likely related to the fact that the Michigan Constitution expressly provides that the salaries of the justices and judges will be provided by law, which was one of the topics of collective bargaining.  Mich. Const. 1963, Art. VI, §§ 7, 15, 18.

Regarding separation of powers, again without citing any authority, Plaintiffs simply note that there are overlapping duties.  There is no reference to

how any of the overlapping duties of the three branches of government apply here to render the State liable for the local court buildings.  Also, *Access Living v. Chicago,* 2024 U.S. Dist. LEXIS 177191, is neither authoritative nor applicable.  First, the quote in Plaintiffs' response is not from the *Access Living* opinion cited.  Second, *Access Living* involved whether a city was liable under Title II of the ADA for developers' failures to construct affordable housing properly.  The court noted that the city was potentially liable based upon contractual obligations for general oversight and compliance to receive federal funding.  *Id.,* *14-15.  There are no applicable contracts here.

Relative to Plaintiffs assertion that we argue the Michigan Supreme Court is a proper party—that is not correct, as the Michigan Supreme Court also does not oversee local courthouse buildings.  The State's brief indicates that to the extent Plaintiffs are relying on the "one court of justice provision," they have named the wrong branch of government.

## IV.    **The new statute regarding trial court funding is not relevant.**

Plaintiffs' reliance on the newly enacted Trial Court Funding Act (TCFA) is misplaced.  2024 PA 47, Mich. Comp. Laws § 600.11111 *et. seq.*  First, the TCFA will not take effect until sometime in the Spring of 2025, and thus has no bearing on Plaintiffs' claims as pleaded.  Mich. Const. 1963, Art. IV, § 27.  Second, the TCFA was enacted based on the Trial Court Funding Commission's report.  (ECF

No. 142-5, PageID.2701-2746.)  This report notes that the State of Michigan

entirely funds the Michigan Supreme Court and the Michigan Court of Appeals.

(*Id.,* PageID.2713.)  But that, for the local courts, it funds justices' and judges'

compensation and reimburses local units for trial court judge salaries and a minor

portion of benefits.  (*Id.*)  While the report opines the State of Michigan should

fully fund local court technology and judge and staff salaries, it specifies that

"[e]ach court facility is the responsibility of the local government that funds the

trial courts that use that facility."  (ECF No. 142-5, PageID.2722.)

Third, the TCFA does not change the current method of funding.  It merely

requires the Supreme Court to conduct an analysis of trial court funding issues.

Mich. Comp. Laws § 600.11113.  After conducting the analysis, the Supreme

Court will then develop legislative proposals with a recommendation on "how to

provide trial courts with the funds to cover *operational* costs… and how to fund

[Treasury] operations. . ."  Mich. Comp. Laws § 600.11118 (emphasis added).

There is no indication that this future analysis will recommend that the State be

liable for finding maintenance costs of local courthouse facilities.

And fourth, the report required by the TCFA is not due until May 1, 2026.

Mich. Comp. Laws § 600.11119.  Resulting legislation, if any, would follow after

that.  Therefore, it is unlikely the TCFA will result in any changes during the

pendency of this lawsuit.  If anything, this new act further demonstrates that the

5

State of Michigan does not currently fund trial court facilities since the Supreme

Court must consider the "local unit of government's" preexisting debt for

construction or maintenance in its analysis.  Mich. Comp. Laws § 600.11117.

## V.      The State is not obligated to join defendants.

Plaintiffs' arguments regarding joinder are unpersuasive.  First, the State, as

a Defendant, is not obligated to join parties.  Rule 19 "makes no provision for

mandatory joinder of an additional defendant by an unwilling plaintiff…." *FTW,*

*LLC v. Inguran, LLC*, No. 1:13-cv-167, 2013 U.S. Dist. LEXIS 120089, at *13

(S.D. Ohio Aug. 22, 2013) (citing *Stanley v. Darlington County School Dist.*, 84

F.3d 707, 714 (4th Cir. 1996) (finding the federal rules "do not authorize a

defendant to compel an unwilling plaintiff to assert a claim against a second

defendant."); *Muir v. U.S. Steel Corp.*, 41 F.R.D. 428, 430 (E.D. Pa. 1967) ("But

we know of no basis for permitting a defendant in any case to use Rule 19 to

compel joinder of other defendants.  The most that a defendant can accomplish by

invoking Rule 19 is to obtain an order dismissing the complaint if plaintiff fails to

join additional parties.") (internal citations omitted).  The State has advised

Plaintiffs continually throughout this case that it is not financially or

administratively responsible for the local courthouses, including via its original

motion to dismiss.  (ECF No. 61, PageID.865-868.)

6

Plaintiffs claim that the legislature cannot have intended for a plaintiff to have to sue each county or municipality within a court system and prove they suffered damages at each courthouse.  But that is exactly what the law requires.  As set forth in State's motion, this is a long-recognized Article III requirement for standing: 1) that plaintiffs suffered an injury in fact, 2) that defendant caused the injury, and 3) that the court can redress the injury.  *Vt. Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 771 (2000).  While Plaintiffs named three other Defendants, they are all related to the City of Detroit and Wayne County.  No county defendants have been named for any other county at issue. Further *Tennessee v. Lane* does not demonstrate that this is not the requirement where the Plaintiffs named 25 counties in addition to the State of Tennessee. (ECF No. 142-2, PageID.2620.)

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Defendant State of Michigan respectfully asks this Court to grant its Motion to Dismiss.

Respectfully submitted,

s/Kimberly K. Pendrick
Kimberly K. Pendrick (P60348)
Assistant Attorney General
Attorney for Defendant State of Michigan
3030 W. Grand Blvd., 10th Floor
Detroit, Michigan 48202
Date:  November 19, 2024          517.930.8842

7

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Kimberly Pendrick*
Kimberly Pendrick (P60348)
Assistant Attorney General
