## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JILL BABCOCK, et al.,**                  **Case No.: 2:22-cv-12951**

    **Plaintiffs,**                        **JUDGE JONATHAN J.C. GREY**

**v.**

**STATE OF MICHIGAN, et al.,**

    **Defendants.**

### PLAINTIFFS' OPPOSITION TO DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S MOTION TO COMPEL DISCLOSURE AND DISCOVERY AGAINST PLAINTIFFS BABCOCK AND MADDOX

Plaintiffs Jill Babcock, Marguerite Maddox, and Ashley Jacobson, through undersigned counsel, respectfully submit this Opposition to Defendant Detroit-Wayne Joint Building Authority's (DWJBA) Motion to Compel Disclosure and Discovery Against Plaintiffs Babcock and Maddox ("Motion") (ECF No. 140).  The Motion must be denied for the reasons stated below.

### INTRODUCTION

As the Advisory Committee to the 1980 Amendment to the Federal Rules of Civil Procedure made clear, discovery is not intended to be a weapon used by well-resourced parties against more vulnerable, less resourced, and, in this case, disabled parties: "[T]he spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by

overuse of discovery or unnecessary use of defensive weapons or evasive responses." Fed. R. Civ. P. 26 advisory committee's note to 1980 amendment. For the reasons outlined in this Brief, this is exactly the intent of DWJBA's Motion, and this Court must not allow it to succeed.

## BACKGROUND

Plaintiffs have responded in good faith to DWJBA's discovery requests and its Motion is both frivolous and in violation of L.R. 7.1. Plaintiff provided DWJBA with responsive documents on October 16, 2024, and on October 28, 2024, all of which were downloaded by DWJBA's attorney Gregory Longworth.

Plaintiffs responded and objected to the Admissions Requests on October 4, 2024, ECF 140-5 and 140.6. Plaintiffs responded and objected to the Interrogatories and Documents Requests on October 15, 2024, ECF 140-9 and 140-10. The next day, October 16, 2024, Plaintiffs issued a "Dropbox" link for six folders to all defense counsel, including DWJBA. All six folders were downloaded by DWJBA counsel Gregory Longworth on October 16.

As to DWJBA and CAYMC, those six folders contained 426 photographs of the CAYMC, Skywalk, Spirit and Flag Plazas, adjacent streets, and the Ford Auditorium Garage (Ford is admittedly not DWJBA property, but it is part of the "path of travel" for public to the CAYMC). One of the folders also contained 47 separate articles or audio files responsive to DWJBA requests.

On October 28, 2024, Plaintiffs supplemented the responses by issuing another link to a total of ten folders, again to all defense counsel, including DWJBA. These ten folders were also downloaded by DWJBA counsel Gregory Longworth on October 28, 2024. One of these folders supplemented an October 16, 2024 folder by adding one photograph to bring the total in that folder to 250 photographs pertaining to the CAYMC and DWJBA, *to wit,* a photograph of the non-compliant City Early Voting Center which has a non-compliant counter and doorway and opens onto the public hallway on the first floor of the CAYMC. *See* Exhibit 12.

Two of the new folders produced October 28, 2024 added 115 photographs pertaining to DWJBA and the CAYMC. A third folder contained the photographs of "comparable mostly compliant examples, as requested in one of the DWJBA discovery requests, including for example the attached Exhibit 20, an emergency, designated "Area of Refuge" in a multi-story public building in another state, which is absent in the CAYMC. The other seven folders contained 335 other photographs pertaining to non-CAYMC/DWJBA discovery.

Attached is Plaintiffs' counsel's response to DWJBA's counsel Attorney Longworth's "out of office until October 21, 2023" email, which includes relevant communications as to Plaintiffs' need for an extension of the discovery response deadline. Exhibit 28. DWJBA did not object to the delay, but instead, after several other exchanges described in the email, wrote: "If we don't receive full and complete responses promptly, we will have no option but to file a motion to compel

discovery." *Id.* at *1-2*. Plaintiff's counsel Attorney Bartnik responded that same day:

> Thank you, we are finishing the final edits and anticipate delivering to you this afternoon the documents requested of both Jill Babcock and Marguerite Maddox and the Answers of Jill Babcock to Interrogatories. Marguerite Maddox' Answers to Interrogatories are also being targeted for delivery today, though that item may not be complete until tomorrow.

*Id.* at 1. Plaintiffs' counsel provided the responses to DWJBA's counsel later that day, and Attorney Longworth downloaded the files the next day. As will be detailed in this Brief, Plaintiffs' responses complied with the relevant Federal Rules of Civil Procedure, and DWJBA failed to comply with its requirements under Local Rule 7.1 before filing its Motion.

## STANDARD OF REVIEW

Plaintiffs agree with the portions of the Federal Rules of Civil Procedure cited by DWBJA in the Standard section of its Brief. ECF No. 140 at 3-4.

## ARGUMENT

### I. DWJBA FAILED TO COMPLY IN GOOD FAITH WITH L.R. 7.1

Local Rule 7.1(a)(1) requires:

> Before filing a motion relating to discovery, the movant must comply with Federal Rule of Civil Procedure 37(a)(1). Otherwise, the movant must ascertain before filing whether the contemplated motion or request under Federal Rule of Civil Procedure 6(b)(1)(A) will be opposed. To accomplish this, the movant must confer with the other parties and other persons entitled to be heard on

the motion in good faith ***and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention***, given the nature of the contemplated motion.

(Emphasis added). DWJBA failed to comply with this requirement. As evidenced by its own exhibit, DWJBA sent Plaintiffs' counsel an email noting only the following discovery issues:

- "There is little in the way of substance in the answers"

- "Plaintiffs Babcock and Maddox have not 'signed' the interrogatory answers as required by Rule 33(b)(5), unless you are asserting that their signatures are not required because the party answering the interrogatories is required to sign only 'answers' while the party's attorney signs objections."

- "The objections throughout are invalid, in our opinion, and not made in good faith"

- "Rule 34(b)(2)(C) requires you to state whether or not you have withheld any documents on account of your objections; your responses fail to provide this information."

ECF No. 140-1 at 1. On October 22, 2024, counsel for DWJBA and for Plaintiffs held a phone conference related only to the above issues. During the phone conference, counsel for Plaintiffs attempted to seek additional information about what specifically DWJBA was objecting to with respect to "lack of substance in the

answers," which objections specifically it felt were invalid and not made in good faith. DWJBA was unable to provide sufficient specificity to Plaintiffs to answer these questions.[1] Further, DWJBA has at no time conferred with Plaintiffs on any of the following issues:

- Whether Plaintiffs waived their objections to DWJBA's discovery requests

- Whether and which of Plaintiffs' objections to DWJBA's discovery requests are frivolous and meritless and why

- Whether and which of Plaintiff's objections to DWJBA's discovery responses are substantively deficient and why

- Investigation records

- Miscellaneous requests

DWJBA failed to confer with Plaintiffs in good faith and in a manner that reasonably explained the basis for the motion and would have allowed for an interactive process aimed at reaching agreement on the matter or any aspects of the matter that could have been resolved without court intervention. Therefore, pursuant to L.R. 7.1, this Court must deny DWJBA's Motion.

## II.   MOTION TO COMPEL DISCLOSURE

---

[1] Given that DWJBA's Motion argues, in part, that Plaintiffs are in violation of the Federal Rules of Civil Procedure due to a lack of specificity with respect to their damages, it is puzzing that it did not or could not comply with its own specificity obligations under L.R. 7.1.

As Plaintiffs have repeatedly explained to DWJBA, and as their initial disclosures clearly indicate, Plaintiffs do not have sufficient information at this point in the litigation to provide a specific computation of damages.  See ECF No. 140-11 at 13; Exhibit 1.[2]  The. 1980 Advisory Committee addressed damages specifically:

> The elements of Rule 26(b)(1)(iii) address the problem of discovery that is disproportionate to the individual lawsuit as measured by such matters as its nature and complexity, the importance of the issues at stake in a case seeking damages, the limitations on a financially weak litigant to withstand extensive opposition to a discovery program or to respond to discovery requests, and the significance of the substantive issues, as measured in philosophic, social, or institutional terms. Thus the rule recognizes that many cases in public policy spheres, such as employment practices, free speech, and other matters, may have importance far beyond the monetary amount involved. The court must apply the standards in an even-handed manner that will prevent use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent.

Fed. R. Civ. P. 26(b) advisory committee's note to 1980 amendment.

As both the Complaint and numerous discussions among the parties in presuit meetings, mediation, and other fora over the last five years have made clear, the Plaintiffs' primary objectives in this case are not damages related.  They are most interested in ensuring that they and other individuals with disabilities can access certain municipal buildings as the law promises.  Plaintiffs are in the process of

---

[2] Plaintiffs are unclear as to why DWJBA did not attach Plaintiffs' most recent initial disclosures, which were served upon all counsel on May 28, 2024.

trying to assign numbers to the harms they have suffered but have not completed that process.  This is explicitly anticipated by Fed. R. 26: "A party must make its initial disclosures based on the information then reasonably available to it."  Fed. R. Civ. P. 26(E).  Plaintiffs do not have information reasonably available to them to put a dollar amount on the harms they have suffered at this point, but will do so as soon as they can, as they explicitly stated in their initial disclosures.  ECF No. 140-11 at 14.

DWJBA argues, "Plaintiffs' failure to make good on its initial-disclosure obligation has real consequences for DWJBA because DWJBA intends to file a dispositive motion, which requires proof that Babcock and Maddox have suffered no recoverable damages…."  ECF No. 140 at 5.  Plaintiffs do not disagree that DWJBA will need information about their damages prior to filing a dispositive motion.  However, pursuant to the Amended Scheduling Order, discovery does not end until March 7, 2025, and dispositive motions are not due until April 11, 2024.  ECF No. 117 at 1-2.  Rule 26 anticipates that parties may need to supplement or amend their initial disclosures as discovery progresses:

> In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A)   in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made

known to the other parties during the discovery process
or in writing...

Fed. R. Civ. P. 26(e)(1). This is exactly what Plaintiffs intend to do, as they have
repeatedly communicated to DWJBA.

With respect to DWJBA's claim that it needed information about damages for
the November 15, 2024, settlement conference, Judge Patti spent approximately 3
hours with DWJBA and other defendants and then met with Plaintiffs after that time,
with a proposed plan for moving forward.  No apparent harm was caused to DWJBA
and Judge Patti did not ask Plaintiffs for specific information about damages for
discussions with the defendants to proceed.  Regardless, that date has now passed,
and DWJBA has provided no evidence of harm to it because of a lack of specific
damages information on November 15, so the argument is now moot.

Plaintiffs have not engaged in any "non-compliance" and are fully in
compliance with Fed. R. Civ. P. 26.  Therefore, DWJBA's Motion must be denied.

### III.    MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiffs have responded, and will continue to respond, in good faith to
DWJBA's discovery requests.   Plaintiffs responded and objected to DWJBA's
Requests for Admission on October 4, 2024.   *See* ECF Nos. 140-5 and 140-6.
Plaintiffs responded and objected to DWJBA's Interrogatories and Request for
Production of Documents on October 15, 2024.  *See* ECF Nos. 140-9 and 140-10.

This case concerns a very large Title II public building owned by DWJBA, which in turn is owned by the City and the County. The sheer volume of information makes it much more feasible to refer to documentary evidence, rather than to narrate a written response to each of the 225 requests. DWJBA itself produced over 1000 pages rather than attempt narratives in its response to Plaintiffs' discovery request.

Nevertheless, as required by Fed. R. Civ. P. 33(b)(2)(B), Plaintiffs made the responsive production within "another reasonable time specified in the response," to wit, the next business day October 16, 2024, proving six electronic folders of responsive documentation.  As to DWJBA and CAYMC, those six folders contained 426 photographs of the CAYMC, Skywalk, Spirit and Flag Plazas, adjacent streets, and the Ford Auditorium Garage (Ford is admittedly not DWJBA property, but it is part of the "path of travel" for public to the CAYMC). One of the folders also contained 47 separate articles or audio files responsive to DWJBA requests.

Then, on October 28, 2024, Plaintiffs supplemented their responses by providing ten folders to all defense counsel, including DWJBA. These ten folders were also downloaded by DWJBA counsel Gregory Longworth on October 28, 2024. One of these folders supplemented an October 16, 2024 folder by adding one photograph to bring the total in that folder to 250 photographs pertaining to the CAYMC and DWJBA, *to wit,* a photograph of the non-compliant City Early Voting Center which has a non-compliant counter and doorway and opens onto the public hallway on the first floor of the CAYMC. (See attached Exhibit 1).

Two of the new folders produced October 28, 2024 added 115 photographs pertaining to DWJBA and the CAYMC. A third folder contained the photographs of "comparable mostly compliant examples, as requested in one of the DWJBA discovery requests, including, for example, Exhibit 20, which depicts an emergency, designated "Area of Refuge" in a multi-story public building in another state, which is absent from CAYMC.  The other seven folders contained 335 other photographs pertaining to non-CAYMC/DWJBA-related discovery. Those photographs and other items are responsive to DWJBA's discovery requests and comply with Fed. R. Civ. P. 33(b)(2)(B).

Each of Plaintiff's responses to DWJBA's Interrogatories 1 through 11, and Document Requests 1 through 4 and 7 through 24 concludes with applicable variations under Fed. R. Civ. P. 33(b)(2)(B) of either "the requested information is detailed in (a specific paragraph in the pleadings),  or "(s)ubject to and without waiving these objections, please refer to the documents and photographs produced simultaneously with this discovery request," or "further answered in the documents and photographs supplied to DWJBA by Plaintiffs in response to this Document (or Discovery) Request", or "elsewhere in the pleadings and other discovery responses", or "by any physical or visual observation of the premises by any other person," or finally, a specific reference to another answer or objection to a specific interrogatory or document request or admission request where the information or the objection

was already "asked and answered" pursuant to Fed. R. Evid. 403 and 611(a)(2) (duplicative and causes undue delay):

- As to Jill Babcock's Answers to Interrogatories 1-11, *see* ECF no. 140-9, PageIDs 2523, 2525-2530, 2532-2535.

- As to Marguerite Maddox's Answers to Interrogatories 1-11, *see* ECF No. 140-10, PageIDs 2553, 2555-2563.

- As to Marguerite Maddox's Answers to Document Requests 1-4, 7-12, 14 and 23, *see* ECF no. 140-10, PageIDs 2563-2571, 2575.[3]

- As to Jill Babcock's Answers to Document Requests 1-4, 7-12, 14 and 23, see ECF no. 140-9, PageIDs 2563-2571, 2575.

DWJBA's discovery requests collectively contain over 179 pages, 45 document production requests, 25 admission requests, 115 interrogatories to Jill Babcock, (counting 5 subparts and 22 pleading paragraphs in Interrogatory Number 2), and 24 interrogatories to Marguerite Maddox (containing 5 subparts and references to 8 pleading paragraphs in Interrogatories 2 and 3). *See* ECF 140-2 and 140-3.

Plaintiffs produced 575 items in response to DWJBA's discovery requests and an additional 335 items relating to other non-CAYMC locations which are relevant

---

[3] Marguerite Maddox was not a member of the *ad hoc* committee, so objection on that and other grounds are stated in her responses to the seven separate Requests for Production of Documents, which are repetitive, cumulative, and burdensome requests. *See* DWJBA's RFPs 5, 6, 15, 16, 17, 18 and 19, ECF no. 140-10 at PageIDs 2566, 2571-2574.

to the case. Of more than 200 discovery requests by DWJBA, there are only about a dozen to which an outright objection was made without reference to attached documents, so principles of deductive reasoning would seem to make it self-evident what was not being produced.

A sampling of these photographs and documents are attached to this Response as Exhibits. In addition to the two photographs already mentioned, Exhibits 2 to 19 depict some of the egregious violations in the CAYMC owned by the DWJBA, whether the violation is located in DWJBA's self-defined, self-serving definition of "common areas." These include the parking and drop-off area at the Larned entrance, which is mostly compliant, *but which is closed to the public*, Exhibit 3. Exhibit 2 depicts the Larned entrance with a center ramp leading to the revolving doors, thereby destroying the free and clear route of travel by requiring a person in a wheelchair to navigate through pedestrian traffic from the staircase to arrive at the accessible door on the right side.

Exhibits 4 depicts one of many "handicapped restrooms in basement" signs located on the walls of many public hallways.

Exhibits 5 through 11 depict non-compliant toilet room facilities, including a sample entrance door; sample non-compliant toilet rooms; sample non-compliant toilet stalls; sample non-complaint dispensers for soap, toilet paper and paper towels; and one toilet stall which is arguably compliant.

These samples, along with the several hundred other produced photographs, answer the question of which architectural barriers exist which deny or delay or discriminate against Plaintiffs with disabilities attempting to access the public court and government activities, programs, and services of the four defendants in the building owned by DWJBA. They support Plaintiffs' objections to the definition of "common areas" and support all the Plaintiffs' other responses and objections. Exhibit 26 and 27 include articles on ADA and Toilets, and the requested statistical evidence from the CDC as to the estimated number of adults with disabilities. Exhibits 21 through 23 are articles quoting either Jill Babcock or Marguerite Maddox and documenting their attendance and participation in multiple meetings in CAYMC. Exhibit 25 is the landing page of the Hines, the DWJBA agent, touting that it had saved "over $6,000,000.00 in annual operating costs." Exhibit 24 is an article from 2018 announcing DWJBA and CAYMC had received a national award, although that award failed to even address ADA or PWDCRA accessibility standards. Plaintiffs even supplied items in response to DWJBA's RFP 7 despite their objection that it was "not a complete sentence or question and appear[ed] to seek 'DWJBA's public records and announcements' which are already in (its) possession and includes materials that Plaintiff has sought through ongoing discovery requests." ECF No. 140-9, PageID.2539.

For these reasons, Plaintiffs have responded, and will continue to respond, in good faith to DWJBA's discovery requests, and DWJBA's Motion must be denied.

### A. <u>Alleged procedural deficiencies</u>

#### *1. Signatures on interrogatories*

Plaintiffs appreciate DWJBA sharing, for the first time in its Brief, authority that supports requiring a party signature on interrogatory responses as opposed to an attorney's signature. As Attorney Abdnour explained to DWJBA's counsel during the October 22, 2024, call, it was her common practice over the last 17 years of practicing law to sign interrogatory requests for her clients as she was "the person…mak[ing] the answers" per the clear language of Fed. R. Civ. P. 33(b)(5), and she had never had opposing counsel question that, but that she would be happy to review any authority DWJBA could provide on the issue. Attorney Longworth replied that in his 30 years of law practice, he had always received interrogatories signed by parties. No subsequent communication was exchanged on this topic until DWJBA filed its Motion.

The case DWJBA cites in its Motion, *United States v. Quebe*, 321 F.R.D. 303, 309 (S.D. Ohio 2017), was decided in the U.S. District Court for the Southern District of Ohio and is therefore not binding upon this Court. DWJBA's Motion provides no other case law for Plaintiffs to review. ECF No. 140 at 7. In preparing this Brief, Plaintiffs' counsel researched this issue to try to find binding case law but was unable to find anything on point, although the search was not exhaustive due to time and resource constraints, and it is possible that such authority exists.

Therefore, DWJBA's Motion must be denied as it failed to confer with Plaintiffs in good faith and in a manner that reasonably explained the basis for the motion and would have allowed for an interactive process aimed at reaching agreement on the matter or any aspects of the matter that could have been resolved without court intervention. Regardless, in the interest of resolving this matter without further unnecessary expenditure of Court and counsel resources, Counsel for Plaintiffs will ask Plaintiffs to sign the interrogatory responses under oath and provide them to DWJBA as soon as possible.

### 2.  *Alleged withholding of documents*

While this item was noted in Attorney Longworth's October 16, 2024, email, DWJBA's counsel did not bring it up during the October 22, 2024, phone call. Therefore, Plaintiff's counsel believed it was no longer an issue, and DWJBA's Motion must be denied as it failed to confer with Plaintiffs in good faith and in a manner that reasonably explained the basis for the motion and would have allowed for an interactive process aimed at reaching agreement on the matter or any aspects of the matter that could have been resolved without court intervention. Regardless, in the interest of resolving this matter without further unnecessary expenditure of Court and counsel resources, Counsel for Plaintiffs will amend their discovery responses and provide them to DWJBA as soon as possible.

### 3. *Objections were not waived*

This issue was raised for the first time in DWJBA's Motion. Therefore, DWJBA's Motion must be denied as it failed to confer with Plaintiffs in good faith and in a manner that reasonably explained the basis for the motion and would have allowed for an interactive process aimed at reaching agreement on the matter or any aspects of the matter that could have been resolved without court intervention.

### B. <u>DWJBA may not make arguments about the merit of Plaintiffs' objections</u>

These issues were raised for the first time in DWJBA's Motion. Therefore, DWJBA's Motion must be denied as it failed to confer with Plaintiffs in good faith and in a manner that reasonably explained the basis for the motion and would have allowed for an interactive process aimed at reaching agreement on the matter or any aspects of the matter that could have been resolved without court intervention.

### C. <u>Plaintiffs' discovery responses are sufficient and will be supplemented with additional information as it becomes available</u>

These issues were raised for the first time in DWJBA's Motion. Therefore, DWJBA's Motion must be denied as it failed to confer with Plaintiffs in good faith and in a manner that reasonably explained the basis for the motion and would have

allowed for an interactive process aimed at reaching agreement on the matter or any aspects of the matter that could have been resolved without court intervention.

Further, a cornerstone of DWJBA's arguments appears to be its insistence that Plaintiffs must use its definition of "common areas" and that Plaintiffs may not object to certain discovery requests based on a different interpretation of that phrase. ECF No. 140 at 16-18. However, Plaintiffs are not required to assent to a misstatement of the law.

The full text of Plaintiffs' objection to that self-imposed definition demonstrate the factual and legal defects in DWJBA's position and support Plaintiffs' rationale:

> ANSWER: Objection is stated as to the vague term "Architectural Barrier in the Common Areas" and the reference to DWJBA's Definition 12, "The term Common Areas means those areas of CAYMC shaded on the floor plans attached as Exhibit 1 and also includes the drop-off areas and public entrances to CAYMC": although "Exhibit 1" may be useful as a visual reference guide, "Exhibit 1" and the DLZ Accessibility Review Report from which it is extracted do not include the term "Common Areas" and instead use the terms "common use spaces" or "common elements"; "Exhibit 1" is not an architectural drawing; upon information and belief "Exhibit 1" is not the drawing or drawings scheduled,  attached, or incorporated by reference into any instruments of conveyance, any certified architect plans or drawings, or any construction, maintenance or other contracts applicable to the CAYMC; "Exhibit 1" is not complete; "Exhibit 1" does not have any index of abbreviations or symbols or colors except at ECF No. 1-3, PageID.178 in which it depicts a green shaded box as "Area reviewed within the scope of this project" and described in more detail at page 3 (ECF No. 1-3,

PageID59) of the Accessibility Review Report including the yellow box showing the borders of "Randolph St E. Jefferson Ave Woodward Ave and Larned St", from which "Exhibit 1" was extracted. Subject to and without waiving the objections, Plaintiffs can neither admit nor deny due to lack of knowledge or information needed to form a belief; at this time, we have no information beyond that which is stated in the pleadings as to which person or persons have denied her the right to participate in jury duty.

Objection to Request to Admit 9, ECF No. 140-5, "architectural barriers in the common areas discussion."

The question of what constitutes a "common area" is a hotly debated factual and legal issue between the parties, and Plaintiffs' objection to DWJBA's definition is well within the bounds of appropriate objections. Therefore, DWJBA's Motion must be denied.

### D. DWJBA may not make arguments about investigation records[4]

These issues were raised for the first time in DWJBA's Motion. Therefore, DWJBA's Motion must be denied as it failed to confer with Plaintiffs in good faith and in a manner that reasonably explained the basis for the motion and would have allowed for an interactive process aimed at reaching agreement on the matter or any aspects of the matter that could have been resolved without court intervention.

### E. DWJBA may not make miscellaneous requests[5]

---

[4] This section appears as a second Section C in DWJBA's Brief.
[5] This section appears as Section D in DWJBA's Brief.

These issues were raised for the first time in DWJBA's Motion.  Therefore, DWJBA's Motion must be denied as it failed to confer with Plaintiffs in good faith and in a manner that reasonably explained the basis for the motion and would have allowed for an interactive process aimed at reaching agreement on the matter or any aspects of the matter that could have been resolved without court intervention.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny DWJBA's Motion.

Respectfully Submitted,

Dated: November 27, 2024                 /s/ Michael W. Bartnik

MICHAEL W. BARTNIK (P32534)
Law For Baby Boomers, PLLC
41000 Woodward Ave., Ste. 350
Bloomfield Hills, Michigan 48304
(248) 608-3660 Telephone
michaelbartnik@protonmail.com

Elizabeth K. Abdnour (P78203)
Abdnour Weiker, LLP
500 E. Michigan Ave., Ste. 130
Lansing, Michigan 48912
(517) 994-1776 Telephone
liz@education-rights.com

Renee A. Stromski (Ohio 0101347)
Abdnour Weiker, LLP
262 South Third St.
Columbus, Ohio 43215
(216) 714-1515 Telephone
renee@education-rights.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Michael W. Bartnik, counsel for Plaintiffs, certify that on November 27, 2024, I filed this document by use of this Court's ECF system, which will serve copies to all counsel of record.

*/s/ Michael W. Bartnik*
Michael W. Bartnik