## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JILL BABCOCK, *et al*.,

      Plaintiffs,                    Civil Action No. 22-cv-12951

v.                                    HON. JONATHAN J.C. GREY

MICHIGAN, STATE OF, *et al*.,

      Defendants.

_____/

## PLAINTIFFS' INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiffs, by their counsel, make the following initial disclosures. Plaintiffs reserve the right to supplement or amend these disclosures as appropriate as discovery and investigation proceed. Expert witnesses will be disclosed in accordance with the Court's Case Management and Scheduling Orders (ECF No. 54 and ECR No. 113).

### I.      PLAINTIFFS' WITNESSES

**a. MARGUERITE MADDOX**
c/o Plaintiffs' Counsel

Marguerite Maddox may testify regarding all the allegations in Plaintiffs' amended complaints and continued discrimination she has experienced from Defendants subsequent to the events described in the pleadings, including but not limited to City Council meetings

1

conducted virtually or in the Auditorium or Meeting Rooms on the 13th Floor of the CAYMC, the Rosa Parks Transit Center, her polling location in the City of Detroit Ladder Company Number 7, Engine Company Number 17 Fire Station, the alternate polling location for persons with disabilities on West Grand Boulevard, the Frank Murphy Hall of Justice, the People Mover route to and from the Skyway from the Millender Center to the Coleman A. Young Municipal Center ("CAYMC"), and in and adjacent to the CAYMC. She may testify regarding the ADA, ANSI, and Access Board requirements and guidelines under Title II and the PWDCRA for effective communication for hearing and speech impairments, including auxiliary aids and services. She may testify regarding discrimination she and her service dog Scarlett have experienced due to her disability, and discrimination she has observed due to others' disability. She may testify regarding various advocacy attempts by her and others to get the Defendants to make their premises accessible for persons with disabilities. She may testify regarding her own damages resulting from Defendants' actions and inaction. She may also testify in connection with facts supporting class action representation and certification, and

regarding damages as to potential class members resulting from Defendants' actions and inaction.

**b. JILL BABCOCK**
c/o Plaintiffs' Counsel

Attorney Jill Babcock may testify regarding all the allegations in Plaintiffs' complaint and amended complaints and continued discrimination she has experienced from Defendants subsequent to the events described in the pleadings including but not limited to the locations described in the pleadings. She may testify regarding the Access Board Courthouse Access Advisory Committee (Designing Accessible Courthouses), the U.S. Courts Design Guide, and National Center for State Courts Courthouse Guide to Planning and Design Needs of Persons with Disabilities. She may testify regarding discrimination she has experienced due to her disability and discrimination she has observed due to others' disability. She may testify about Defendants' past actions, inaction, and routine practices as to accessibility, including as may be described in prior lawsuits in which she has been a party. She may also testify regarding various advocacy attempts by her and others to get the Defendants to make their premises accessible for persons with disabilities. She may testify

regarding her damages as to her health and her professional and career advancement resulting from Defendants' actions and inaction. She may also testify in connection with facts supporting class action representation and certification, and regarding damages as to potential class members resulting from Defendants' actions and inaction.

**c.  ASHLEY JACOBSON**
c/o Plaintiffs' Counsel

Attorney Ashley Jacobson may testify regarding all the allegations in Plaintiffs' complaint and amended complaints and continued discrimination she has experienced from Defendants subsequent to the events described in the pleadings, including but not limited to deposition in the City Law Department offices in the CAYMC and cases in the CAYMC, and the Courthouses located in Washtenaw and Livingston County. She may testify regarding the Access Board Courthouse Access Advisory Committee (Designing Accessible Courthouses), the U.S. Courts Design Guide, and National Center for State Courts Courthouse Guide to Planning and Design Needs of Persons with Disabilities. She may testify regarding discrimination she has experienced due to her disability, discrimination her clients have experienced due to her disability or their own disability, and other

discrimination she has observed due to others' disability. She may also testify regarding various advocacy attempts by her and others to get the Defendants to make their premises accessible for persons with disabilities. She may testify regarding her personal damages and damages to her business operations and her professional advancement resulting from Defendant's actions and inaction. She may also testify in connection with facts supporting class action representation and certification, and she may also testify regarding damages including as to potential class members, whether as lay persons with disabilities or as attorneys with disabilities, resulting from Defendants' actions and inaction.

### d. GREGORY R. McDUFFEE
c/o Defendants' Counsel

Gregory R. McDuffee may testify regarding all the allegations in Plaintiffs' complaint and amended complaints and subsequent events. He may testify about the history, alterations, and status of the Coleman A. Young Municipal Center ("CAYMC"), the Skywalk, the building, plumbing, and accessibility codes, regulations, and best practices with which the Center and its owners, managers, and lessees must comply, before, during, and following his executive tenure at the Defendant

Detroit Wayne Joint Building Authority ("DWJBA"). He may testify about lease violations by the City, County, and other tenants of CAYMC as to accessibility requirements under the lease(s) and other agreements between DWJBA and its tenants. He may testify about the relationships and agreements between and among the State of Michigan, its Courts located in the CAYMC, the City of Detroit, the County of Wayne, Hines, the Detroit Transit Company, other contractors, agents, or vendors, and the DWJBA, including the history and status of compliance and non-compliance by such entities with the accessibility laws at issue in this case in the CAYMC and Skywalk.

**e. Current Executive Director of the DWJBA and former and current members and officers or directors of the DWJBA**
c/o Defendants' Counsel

The current Executive Director and former and current members and officers or directors of the DWJBA may testify regarding all the allegations in Plaintiffs' complaint and amended complaint. He or she may testify about the history, alterations, and status of the Coleman A. Young Municipal Center ("CAYMC"), the Skywalk, the building, plumbing, and accessibility codes, regulations, and best practices with which the Center and its owners, managers, and lessees must comply,

6

at the CAYMC and Skywalk. They may testify about lease violations by the City, County, and other tenants of CAYMC as to accessibility requirements under the lease(s) and other agreements between DWJBA and its tenants. They may testify about the relationships and agreements between and among the State of Michigan, its Courts located in the CAYMC, the City of Detroit, the County of Wayne, Hines, the Detroit Transit Company, other contractors, agents, or vendors, and the DWJBA, including the history and status of compliance and non-compliance by such entities with the accessibility laws at issue in this case in the CAYMC and Skywalk.

**f. MICHAEL "MIKE" KENNEDY, and other employees of Hines**
c/o Defendants' Counsel

Michael "Mike" Kennedy and other employees of Hines may testify regarding all the allegations in Plaintiffs' complaint and amended complaints and subsequent events. They may testify about the history, alterations, and status of the Coleman A. Young Municipal Center ("CAYMC"), the Skywalk, the building, plumbing, and accessibility codes, regulations, and best practices with which the Center and its owners, managers, and lessees must comply, before and during Hines' tenure as managers at the CAYMC. They may testify about lease violations by the City, County, and other tenants of CAYMC as to

accessibility requirements under the lease(s) and other agreements between DWJBA and its tenants. They may testify about the relationships and agreements between and among the State of Michigan, the Courts located in the CAYMC, the City of Detroit, the County of Wayne, the Detroit Transit Company, their other contractors, agents, or vendors, the DWJBA, and Hines, including the history and status of compliance and non-compliance by such entities with the accessibility laws at issue in this case in the CAYMC and Skywalk.

**g. MICHAEL "MIKE" DUGGAN (Mayor), the Deputy Mayor(s), and other mayoral appointees in the Mayor's office**
c/o Defendants' Counsel

These witnesses may testify regarding all the allegations in Plaintiffs' complaint and amended complaints and subsequent events. They may testify about the history, alterations, and status of the Coleman A. Young Municipal Center ("CAYMC"), the Skywalk, the route between the Millender Center People Mover Station to the Skywalk and CAYMC, Spirit Plaza including the Flag Pole, Frank Murphy Hall of Justice, Thirty Sixth District Court for the State of Michigan, the Rosa Parks Transit Center, Guardian Building, Penobscot Building, streets, sidewalks, pedestrian crossings, pedestrian crossing signals, pedestrian routes or rights of way, bus stops and stations, on-street parking, city-

owned or city-licensed parking lots and parking garages, licensing and franchise procedures for the parking lots adjacent to the parking lots servicing the Frank Murphy Hall of Justice and the Thirty Sixth District Court, other City and County facilities described in the Plaintiffs' complaint and amended complaints, the City of Detroit's compliance and non-compliance with prior settlement agreements or court orders pertaining to accessibility issues with the United States Department of Justice, or with the Michigan Paralyzed Veterans Association, or with other court orders or court approved settlements pertaining to accessibility laws, and related activities in the City of Detroit and County of Wayne, and in non-party Detroit Medical Center, before, during, and following his tenures as either the Mayor of the City of Detroit, Deputy County Executive for the County of Wayne, Assistant Corporation Counsel for Wayne County, chief executive of non-party Detroit Medical Center, and interim general manager and vice-chair of board of non-party Southeastern Michigan Authority for Regional Transportation, including the history and status of the Defendants' compliance and non-compliance with the accessibility laws at issue in this case. They may also testify as to the relationships and agreements between and among the City of Detroit, State of Michigan, its Courts

located in the City of Detroit, the County of Wayne, the Detroit Transit Company, DWJBA, DDA, Hines, other contractors, agents, or vendors of these entities, including the history and status of compliance and non-compliance by such entities with the accessibility laws at issue in this case in the City of Detroit. They may testify about lease violations by the City, County, and other tenants of CAYMC as to accessibility requirements under the lease(s) and other agreements between DWJBA and its tenants. They may also testify as to the City's budget and expenditures and related documents, including as relates to the issues in this case.

**h. WARREN EVANS (Wayne County Executive), the other appointees in the Executive's office**
c/o Defendants' Counsel

These witnesses may testify regarding all the allegations in Plaintiffs' complaint and amended complaints and subsequent events. They may testify about the history, alterations, and status of the Coleman A. Young Municipal Center ("CAYMC"), the Skywalk, the route between the Millender Center People Mover Station to the Skywalk and CAYMC, Spirit Plaza including the Flag Pole, Frank Murphy Hall of Justice, Guardian Building, Penobscot Building, streets, sidewalks, pedestrian crossings, pedestrian crossing signals, pedestrian routes or

rights of way, bus stops and stations, on-street parking, city-owned or city-licensed parking lots and parking garages, licensing and franchise procedures for the parking lots adjacent to the parking lots servicing the Frank Murphy Hall of Justice, other County facilities described in the Plaintiffs' complaint and amended complaints, the County's compliance and non-compliance with prior settlement agreements or court orders pertaining to accessibility issues, and related activities in County of Wayne, including the history and status of the Defendants' compliance and non-compliance with the accessibility laws at issue in this case. They may also testify as to the relationships and agreements between and among the City of Detroit, State of Michigan, its Courts located in the City of Detroit, the County of Wayne, the Detroit Transit Company, DWJBA, DDA, Hines, other contractors, agents, or vendors of these entities, including the history and status of compliance and non-compliance by such entities with the accessibility laws at issue in this case in the County of Wayne. They may testify about lease violations by the City, County, and other tenants of CAYMC as to accessibility requirements under the lease(s) and other agreements between DWJBA and its tenants. They may also testify as to the

County's budget and expenditures and related documents, including as relates to the issues in this case.

**i. CITY OF DETROIT Building Department, Engineering Department, Licensing and Permits Department, Parking Department, Transportation Department, Law Department: Directors and employees.**
c/o Defendants' Counsel

These Department Directors and personnel may testify regarding all the allegations in Plaintiffs' complaint and amended complaints and subsequent events, including the history, alterations, maintenance, and status of the locations described above, the streets, sidewalks, pedestrian crossings, pedestrian crossing signals, pedestrian routes or rights of way, Rosa Parks Transit Center, the People Mover, the Skywalk, bus stops and stations, on-street parking procedures and rules, city-owned or city-licensed parking lots and parking garages, licensing agreements and permitting and franchise procedures for the parking lots adjacent to  and servicing the Frank Murphy Hall of Justice and the Thirty Sixth District Court, the City of Detroit's compliance and non-compliance with prior settlement agreements or court orders pertaining to accessibility issues with the United States Department of Justice, or with the Michigan Paralyzed Veterans Association, or with other court orders or court approved settlements pertaining to accessibility laws,

and related activities in the City of Detroit and County of Wayne. They may also testify as to the relationships and agreements between and among the these Departments, the City of Detroit, the State of Michigan, its Courts located in the City of Detroit, the County of Wayne, the Detroit Transit Company, DWJBA, Hines, other contractors, agents, or vendors of these entities, including the history and status of compliance and non-compliance by such entities with the accessibility laws at issue in this case in the City of Detroit. They may testify about building code and plumbing code violations by the City, County, and other tenants of CAYMC arising out of the failure to keep the toilet rooms on public floors open to the public at all hours when the building is open to the public, and arising out of the location of the gender toilet rooms on alternating floors of the CAYMC. They may testify about lease violations by the City, County, and other tenants of CAYMC as to accessibility requirements under the lease(s) and other agreements between DWJBA and its tenants. The Law Department may testify as to the accessibility of the portions of its offices in the CAYMC used by other attorneys not employed by the City.

**j. DETROIT TRANSIT COMPANY, Executive Officer and other employees**
500 Griswold St.,
Suite 2900

Detroit, Michigan 48226

These persons may testify regarding all the allegations in Plaintiffs' complaint and amended complaints, and subsequently, pertaining to the People Mover Station in the Millender Center and the pedestrian routes from that station to the Skyway and the CAYMC, and related easements, leases, deeds, insurance, maintenance, and other agreements with the Defendants as to that Station and the Skywalk, and Defendants' compliance and non-compliance with the state and federal accessibility laws at issue at that location.

**k. DOWNTOWN DEVELOPMENT AUTHORITY, Director and other employees**
500 Griswold St., Ste. 2200 Detroit, MI 48226
and c/o Defendants' Counsel

These persons may testify regarding all the allegations in Plaintiffs' complaint and amended complaints, and subsequently, pertaining to the arrangements made prior to and during the NFL Draft and the Detroit Grand Prix to pay for or reimburse private parking lots located in the DDA and licensed by the City of Detroit, for paving and other upgrades to the lots, including the lots adjacent to and servicing the Thirty Sixth District Court and the Frank Murphy Hall of Justice, and compliance

and non-compliance with the state and federal laws for accessible parking in those lots before and after the upgrades.

**l.   JAIME JUNIOR**
c/o Plaintiffs' Counsel

Jaime Junior may testify regarding all the allegations in Plaintiffs' complaint and amended complaint. She may testify about the nature of her disabilities and her personal knowledge and experiences arising out of the defendants' actions and inaction. She may testify regarding discrimination she has experienced due to her disability and discrimination she has observed due to others' disability. She may also testify regarding various advocacy attempts by her and others to get the Defendants to make their premises accessible for persons with disabilities. She may also testify in connection with facts supporting class action representation and certification. She may testify regarding her damages including as a potential class member resulting from Defendants' actions and inaction.

**m. MICHAEL HARRIS, President, Michigan Paralyzed Veterans of Michigan**
c/o Plaintiffs' Counsel

Michael Harris may testify regarding all the allegations in Plaintiffs' complaint and amended complaint. He may also testify regarding

Defendants' past practices and patterns, including arising out of and related to prior disability accessibility lawsuits by his organization, and non-compliance by one or more of these Defendants as to federal and state accessibility laws, and orders or judgments or settlements entered against one or more of these Defendants in prior litigation by his organization or other organizations with which he is involved or has knowledge. He may testify about the nature of his disabilities and those of members of his and other organizations, and his personal knowledge and experiences and his knowledge of the experiences of members of his and other organizations arising out of the defendants' actions and inaction. He may also testify in connection with facts supporting class action representation and certification. He may testify regarding his damages and damages of such members including as potential class members resulting from Defendants' actions and inaction.

**n. ATTORNEYS JANE DOE, JOHN ROE, JUDGE SMITH, AND OTHERS**
c/o Plaintiffs' Counsel

Certain attorneys or judges with or without disabilities may testify regarding all the allegations in Plaintiffs' complaint and amended complaints and subsequent events, and their personal knowledge and experiences arising out of the defendants' actions and inaction as to

accessibility in the facilities described in the pleadings. They may testify regarding discrimination they have experienced due to disability and discrimination they have observed due to others' disability. They may also testify in connection with facts supporting class action representation and certification. Those with disabilities may also testify regarding damages including as potential class members resulting from Defendants' actions and inaction.

o. **CURRENT AND PAST STATE COURT ADMINISTRATORS, CURRENT AND PAST REGIONAL and COURT ADMINISTRATORS FROM THE STATE COURT ADMINISTRATIVE OFFICE, and their representatives.** c/o Defendants' Counsel

These persons may testify as to the State's supervision or direction over the State's court system, the State's budget and financing of the State's court system, and communications with and directives and orders from the State to the Circuit, Probate, and District Courts as to compliance with laws and regulations to assure physical accessibility to the court and its services and programs pursuant to the PWDCRA and the ADA, including but not limited to the ADAAG, 28 C.F.R. Parts 35 and 36, the Access Board Courthouse Access Advisory Committee (Designing Accessible Courthouses), the U.S. Courts Design Guide, and National

Center for State Courts Courthouse Guide to Planning and Design Needs of Persons with Disabilities.

p. **CURRENT OR FORMER CHIEF JUSTICE OF SUPREME COURT, AND CURRENT OR FORMER CHIEF JUDGES OF OTHER STATE OF MICHIGAN COURTS, including Circuit, Probate, and District Courts located in Wayne County, Livingston County, Washtenaw County, Detroit, and East Lansing.**
c/o Defendants' Counsel

These persons may testify regarding all the allegations in Plaintiffs' complaint and amended complaints and subsequent events, items specified in the immediately preceding paragraph entitled "Current and Past Court Administrators. . . ", and regarding Defendants' failures to supply adequate funding to implement mandatory and recommended accessibility requirements in the judicial facilities and courts over which they preside.

q. **REPRESENTATIVES OF DLZ and other entities which have performed the February 2021 CAYMC Accessibility Compliance Review Report and similar reports for DWJBA, and other similar reports for DWJBA, City of Detroit, County of Wayne, and the State of Michigan including as to the State the Circuit, Probate, and District Courts located in Wayne County, Livingston County, Washtenaw County, Detroit, and East Lansing.**
c/o Defendants' Counsel

These persons may testify regarding all the allegations in Plaintiffs' complaint and amended complaints and subsequent events, and the

contents, data, methods, recommendations, and execution of the reports and recommendations of their reports, and the expertise of the persons conducting the reports.

**r. MARY SMITH, PAT SMITH, AND OTHERS**
c/o Plaintiffs' Counsel

Certain advocates with or without disabilities may testify regarding all the allegations in Plaintiffs' complaint and amended complaints and subsequent events and their personal knowledge and experiences arising out of their personal advocacy or advocacy by their groups, including as to defendants' actions and inaction as to accessibility in the facilities described in the pleadings. They may testify regarding discrimination they have experienced due to disability and discrimination they have observed due to others' disability. They may also testify in connection with facts supporting class action representation and certification. Those with disabilities may also testify regarding damages including as potential class members resulting from Defendants' actions and inaction.

**s. CITY OF DETROIT OFFICE OF DISABILITIES, and its director and assistant director, and other employees, including Christopher Samp**
c/o Defendants' Counsel

These persons may testify regarding all the allegations in Plaintiffs' complaint and amended complaints and subsequent events, and regarding the discussions or negotiations and inspections which occurred in 2019, 2020, 2021 and 2022 as to the *ad hoc* Committee discussed in the complaint and amended complaint. They may testify regarding discrimination they have either experienced due to disability or observed due to others' disability. They may testify about the history, alterations, and status of the Coleman A. Young Municipal Center ("CAYMC"), the building and accessibility codes, regulations, and best practices with which the Center and its owners, managers, and lessees must comply, including the history and status of the Defendants' compliance and non-compliance with the accessibility laws at issue in this case.

t. **DETROIT CITY CLERK, WAYNE COUNTY CLERK, SECRETARY OF STATE, and their representatives**
c/o Defendants' Counsel

These persons may testify regarding Defendants' obligations and failure to comply with State and Federal requirements for accessible voting registration and voting for persons with disabilities in the City of Detroit including the Defendants' polling locations in the City of Detroit.

**u. STATE TREASURER, COUNTY TREASURER, CITY TREASURER, and their representatives.**
c/o Defendants' Counsel

These persons may testify regarding Defendants' receipt and expenditure of Federal and State of Michigan funds in this case as to the operations and facilities and programs and services in this case.

v. Any witnesses who may become known through further discovery, whether from parties or non-parties.

**w.** Any witnesses or persons named by Defendants**.**

**x.** Any witnesses or persons needed for purposes of introducing or authenticating any item of evidence.

y. Any necessary rebuttal witnesses.

z. Expert witnesses, including those persons named above who may also qualify as expert witnesses, to be named in accordance with the Case Management and Scheduling Orders.

Plaintiffs reserve the right to supplement this list of individuals as information about Plaintiffs' claims and/or Defendants' defenses becomes known throughout the course of investigation and discovery.

## II.    DOCUMENTS

Pursuant to FRCP 26(a)(1)(A)(ii), Plaintiffs provide the following description of documents or categories of documents, electronically stored information, and

tangible things that Plaintiffs or their counsel have in their possession, custody or control and may use to support their claims or defenses unless such documents are covered by the attorney/client privilege, or which may be used solely for impeachment   Documents are in possession of Plaintiffs, or their counsel, or Defendants or  their agents.

1. Defendant Detroit Wayne Joint Building Authority 2021 DLZ evaluation.

2. Other similar self-evaluations and transition plans prepared by the other defendants including as described in 28 CFR Part 35 subpart A 35.105 and 35.150.

3. Oher similar self-evaluations and transition plans of the defendants as to hearing accessibility services and products needed by persons who are hearing impaired to participate in Defendants' public meetings, hearings and court proceedings.

4.  Annual budgets, expenditures, and related documents of each of the Defendants.

5. Records and communications pertaining to the execution and failure to execute the recommendations from the above plans.

6. Work orders, building permits, purchase orders, construction records, construction contracts, architectural plans and drawings, compliance certificates and punch lists, change orders, and warranty claims, as to

purchase, construction, alteration, renovation, remediation, maintenance, and plans for future modifications of the facilities described in the complaint.

7. The lease, amendments, and renewals, for the CAYMC, between the Authority and the City of Detroit and County of Wayne, and communications among the parties as to lease violations including those pertaining to the requirements of the PWDCRA and the ADA.

8. The deed(s), easement(s), lease(s), maintenance agreement(s), amendments, and renewals, for the Skywalk and the Detroit People Mover Station in the Millender Center and the route from that Station to the CAYMC, between the current and prior owner(s) of the People Mover and any of the other Defendants, and communications as to violations including those pertaining to the requirements of the state and federal accessibility laws and regulations.

9. Publicly available census, statistical and other demographic records as to persons with disabilities and including attorneys and judges with disabilities.

10. Meeting agendas, notes, photographs or videos, correspondence, and inspections from 2019 to the trial and pertaining to the *ad hoc* Committee conducted in 2019, 2020, 2021, and 2022.

11. Correspondence from and with the Elder Law and Disability Rights Section of the State Bar of Michigan in 2019, 2020, and 2021 as to the Coleman A Young Municipal Center.

12. Defendants' public records and announcements, including internet and archived internet materials, pertaining to accessibility and compliance and non-compliance in the facilities at issue in this case.

13. Other correspondence, agendas, news reports, photographs or advocacy requests and protests by members and organizations of the disability community to request Defendants to comply with accessibility requirements.

14. Photographs, videos, articles, and recordings in the Detroit Free Press, Detroit News, Outlier Detroit, and other media as to Plaintiffs or Defendants and accessibility requirements in the facilities described in this case.

15. Court records and DOJ records of prior litigation, orders or settlements as to accessibility issues and one or more of the Defendants.

16. Photographs, plans, drawings, and other descriptions of the facilities described in the pleadings and comparable facilities.

17. Documentation of and in support of Plaintiffs' items of damages or expense.

18. Documentation of Plaintiffs' costs, fees, and attorney fees and costs pertaining to this litigation.

Plaintiffs' description or production of these documents does not waive any objection Plaintiffs may have to the use of these documents. Plaintiffs' production of these documents is not an admission that these documents are relevant, material, or admissible. Inadvertent production of privileged information by Plaintiffs shall

not constitute a waiver of any applicable privilege or doctrine. Plaintiffs will disclose additional documents as they become known, and in compliance with the Court's scheduling orders.

## III.   COMPUTATION OF DAMAGES

Plaintiffs seek all damages allowable by law and equity for the claims asserted, including for violations of their civil rights, compensatory damages as Plaintiffs have suffered substantial harm to, among other things, Plaintiffs' professional experience and opportunities, and future profits and earning capacity, and punitive damages where allowable and indicated. Plaintiffs also seek all damages allowable by law and equity for and on behalf of or representative of the class members.  At this time, Plaintiffs are unable to accurately calculate damages until expert economic and vocational evaluations are completed, and Plaintiffs will update these disclosures as appropriate when this information is available. Plaintiffs also seek reimbursement for all out-of-pocket expenses and services and seek attorney fees and costs.

## IV.   INSURANCE AGREEMENTS

Generally do not yet appear to be applicable to this case, except for the purposes of showing ownership and control of the premises at issue in this case as may be or may not be documented by the underwriting and insuring agreements.

Dated: May 28, 2024              */s/ Michael W. Bartnik*
                                 By: Michael W. Bartnik (P32534)
                                 Law For Baby Boomers, PLLC
                                 Attorney for Plaintiffs
                                 41000 Woodward Avenue, Suite 350
                                 Bloomfield Hills, Michigan 48304
                                 (248) 608-3660
                                 michaelbartnik@protonmail.com

## CERTIFICATE OF SERVICE

I, Michael W. Bartnik, certify that on May 28, 2024, I electronically served the above Plaintiffs' Initial Disclosures upon all counsel of record at their respective e-mail addresses of record.

Dated: May 28, 2024              */s/ Michael W. Bartnik*
                                 By: Michael W. Bartnik (P32534)

## LOCAL RULE CERTIFICATION

I, Michael W. Bartnik, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: May 28, 2024              */s/ Michael W. Bartnik*

By: Michael W. Bartnik (P32534)