UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

    Plaintiffs,

v

STATE OF MICHIGAN, et al.

    Defendants.

Case No. 22-cv-12951-JJCG

Hon. Jonathan J.C. Grey

_____/

**REPLY IN SUPPORT OF
DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S
MOTION TO COMPEL DISCLOSURE AND DISCOVERY
<u>AGAINST PLAINTIFFS BABCOCK AND MADDOX</u>**

## ARGUMENT

### I.  Concurrence Request

Plaintiffs' primary argument against Defendant Detroit-Wayne Joint Building Authority's ("DWJBA") motion is that DWJBA did not comply with L.R. 7.1(a)(1).[1] Not only did DWJBA send Plaintiffs the email attached to DWJBA's motion (advising Plaintiffs, among other things, that their objections were invalid and their answers lacking in substance, and advising Plaintiffs that "DWJBA intends to file a motion to compel discovery in the next week or so unless you promptly withdraw your objections and provide substantive answers to the interrogatories and all responsive documents, and correct the other deficiencies noted here"), DWJBA's attorneys Paul Magy and Gregory Longworth had a telephone call on Tuesday, October 22, 2024, with Plaintiffs' attorneys Michael Bartnik and Liz Abdnour discussing the case as well as the discovery issues leading to this motion, which call lasted more than an hour according to counsel's time records.[2] It is difficult to understand what more could be needed to constitute a good-faith attempt for concurrence.

---

[1]  That this is Plaintiffs' main argument speaks volumes about the lack of merit in their substantive arguments.

[2]  Each of the bullet points on page 6 of Plaintiffs' response is covered in the extensive discussion about the lack of substantial answers and the invalid objections. The first bullet point—waiver of objections—flows directly from the express terms of the self-executing Rule 33(b)(4). ECF No. 147, PageID.2771.

## II. Motion to Compel Disclosures regarding Plaintiffs' Damages Claims

In defiance of Rule 26(a)(1)(A)(iii), Plaintiffs' initial disclosure failed to provide "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material … on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]" Their response is that "Plaintiffs do not have sufficient information at this point in the litigation to provide a specific computation of damages" and that "Plaintiffs are in the process of trying to assign numbers to the harms they have suffered but have not completed that process." ECF No. 147, PageID.2772-2773. Plaintiffs filed this case two years ago, yet they still don't know their own damages? This response undercuts the purposes of the initial-disclosure requirement. Wright & Miller carve out one exception to the damages-disclosure requirement: "This disclosure provision applies only with respect to materials available to the party seeking monetary relief, and where the materials necessary for the computation are not in this party's possession this requirement does not apply."[3] For example, if a plaintiff seeks disgorgement damages based on the defendant's profits, the plaintiff likely won't have that information until it has taken discovery. That's not the case here, however. Plaintiffs

---

[3] 8A Fed. Practice & Procedure (3d ed.) § 2053 (citing Am. to Fed. R. of Civ. P., 146 F.R.D. 401, 631-32 (Apr. 22, 1993)).

aren't saying that they don't have the information needed to compute their damages; instead, they simply haven't gotten around to making the computations. This violates both the letter and the spirit of Rule 26. In this scenario, sanctions are mandatory because Plaintiffs have provided no reasonable explanation why they failed to comply.[4]

### III. Motion to Compel Discovery Responses

#### A. Procedural deficiencies in Plaintiffs' discovery responses

Plaintiffs Babcock and Maddox didn't sign under oath their interrogatory answers despite the plain requirement in Rule 33(b)(1). They seem to concede the point but claim that DWJBA failed to provide *other* legal authority prior to filing the motion, violating L.R. 7.1. Wrong. Anyway, despite seemingly conceding that they needed to sign the answers under oath, *Babcock and Maddox still haven't done so!*

Regarding their failure to comply with Rule 34(b)(2)(C) (requiring a statement whether documents have been withheld based on objections), Plaintiffs Babcock and Maddox now assert that "Counsel for Plaintiffs will amend their discovery responses and provide them to DWJBA as soon as possible." Note that DWJBA filed its motion in October, yet Plaintiffs still haven't amended to comply with this requirement.

---

[4] *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport*, 596 F.3d 357, 370 (6th Cir. 2010). *See also Circuitronix, LLC v. Kinwong Elec. Co.*, 993 F.3d 1299, 1307-08 (11th Cir. 2021) (precluding damages due to failure to make disclosure).

3

Plaintiffs claim that they didn't waive their objections because DWJBA didn't address this in its email or phone conference. They ignore that the plain language of Rule 33(b)(4) compels the conclusion that Plaintiffs waived their objections because Plaintiffs failed to timely answer the discovery.

### B.   The frivolous nature of Babcock's and Maddox's objections

DWJBA devoted five pages of its opening brief detailing the frivolous nature of Plaintiffs Babcock's and Maddox's objections. Plaintiffs devote just two sentences to this glaring deficiency. Their only response is that "[t]hese issues were raised for the first time in DWJBA's motion." ECF No. 147, PageID.2782. Not so. DWJBA advised Plaintiffs that their objections were meritless and Plaintiffs refused to change course. It bears noting that Plaintiffs have not even attempted to justify the following objections that are littered throughout their answers: *overly burdensome* and *cumulative*; *already in Defendants' possession*; objections based on supposed visitor logs and security tapes; and those asserting the privilege of a nonparty (the State Bar of Michigan). The only one of their objections that Plaintiffs have attempted to justify is their objection to DWJBA's definition of *common areas*, stating:

> [A] cornerstone of DWJBA's arguments appears to be its insistence that Plaintiffs must use its definition of 'common areas' and that Plaintiffs may not object to certain discovery requests based on a different interpretation of that phrase. However, Plaintiffs are not required to assent to a misstatement of the law.

4

ECF No. 147, PageID.2783 (citation omitted). It goes without saying that Plaintiffs don't have to concede that DWJBA's legal position is correct and DWJBA is not asking that they do so. However, Plaintiffs do have to answer the discovery requests as framed, which includes the definitions DWJBA has employed. Plaintiffs don't get to decide themselves the law governing the case and refusing to answer any discovery that doesn't comport with their own construction of the law. Unless and until the Court holds that DWJBA is liable for the manner in which the City and County make public services available in their own tenant spaces, Plaintiffs have no basis for objecting to DWJBA's definition of *common areas*.

    **C.**    **Substantive deficiencies in Plaintiffs' discovery responses**

DWJBA propounded very specific discovery requests addressing (1) specific architectural barriers to the access of a public service, program, or activity at CAYMC; (2) damages Babcock and Maddox claim to have incurred; (3) investigations by the State Bar's disability section or the "ad hoc committee" formed to discuss CAYMC; and (4) a few other requests. DWJBA devoted ten pages of its opening brief to the substantive deficiencies in Plaintiffs' discovery responses.

Plaintiffs response brief fails to address any of the substantive deficiencies in their discovery responses. Instead, they make two arguments, both wrong. First, Plaintiffs fall back on their fallacious L.R. 7.1 argument. Second, they seem to argue that providing some 500 photos is sufficient to avoid answering very specific

5

interrogatories. They assert: "The sheer volume of information makes it much more feasible to refer to documentary evidence, rather than to narrate a written response[.]" ECF No. 147, PageID.2775. That's hogwash. Plaintiffs' photos tell us nothing about which specific architectural barriers, if any, actually prevented them from accessing a public service, program, or activity at CAYMC, or when that happened. At most, they identify supposed barriers in the building, but, as *Babcock v. Michigan*, 812 F.3d 531, 536 (6th Cir. 2016), held: "a private cause of action exists to remedy the exclusion from participation in or depriving benefit from public services, programs, or activities, but not remedy the lack of certain design features of a facility." As DWJBA explained in its opening brief, *Babcock* is fully consistent with the holdings of other circuits holding that a plaintiff has standing only with respect to those barriers that they have "personally encountered"—not every supposed barrier in a building.[5] Plaintiffs are slow to learn that taking a photo of a supposed defect (or referencing DWJBA's self-evaluation from DLZ) does them no good if that defect did not prevent that plaintiff's access to a public service, program, or activity. DWJBA has asked for the latter information. Plaintiffs refuse to provide it, presumably because *they haven't been prevented from accessing any public*

---

[5] *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011); *Davis v. Anthony Inc.*, 886 F.3d 674, 678 (8th Cir. 2018).

*service, program, or activity at CAYMC*. Plaintiffs' photos also don't address at all the other substantive deficiencies DWJBA addressed in its motion.

## CONCLUSION

Thus, DWJBA asks the Court to order Plaintiffs Babcock and Maddox to promptly serve an amended initial disclosure providing the information required under Rule 26(a)(1)(A)(iii); order Babcock and Maddox to promptly serve revised interrogatory answers and document-request responses that fully, fairly, and completely respond to DWJBA's discovery requests; and award to DWJBA and against Plaintiffs and/or their attorneys an appropriate sanction pursuant to Rule 37(a)(3)(A) and (B) and (5)(A).

                Respectfully submitted,

                CLARK HILL PLC

                */s/ Paul S. Magy*
                Paul S. Magy (P34423)
                Gregory N. Longworth (P49249)
                Attorneys for Defendant DWJBA
                220 Park Street, Suite 200
                Birmingham, MI 48009
                (248) 988-5844
                pmagy@clarkhill.com
                glongworth@clarkhill.com

Dated: December 4, 2024

## LOCAL RULE CERTIFICATION

I, Paul S. Magy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

_____/s/ Paul S. Magy_____

## CERTIFICATE OF SERVICE

Paul S. Magy, being first duly sworn, deposes and states that on this 4th day of December, 2024, he caused to be served a copy of the foregoing pleading upon all counsel of record via the court's electronic filing system.

_____/s/ Paul S. Magy_____