UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

       Plaintiffs,                     Case No. 22-cv-12951-JJCG-APP

v                                        Hon. Jonathan J.C. Grey
                                          Mag. Anthony P. Patti

STATE OF MICHIGAN, et al.

       Defendants.

_____/

**PLAINTIFFS' COMBINED MOTION AND BRIEF TO EXTEND DEADLINES AS TO EXPERTS' DISCOVERY**

Plaintiffs, Jill Babcock, Marguerite Maddox, and Ashley Jacobson, by their attorneys, respectfully move to extend expert discovery deadlines stated below, for the following reasons:

1. Consistent with the Local Rule 7.1 (a), undersigned counsel certifies that he and co-counsel for Plaintiffs both communicated with defendants' attorneys in writing, explaining the nature of the relief to be sought by this motion, explaining precisely the basis for this motion and seeking concurrence in the relief; opposing counsel thereafter did not provide concurrence: Defendants denied Plaintiffs initial, November 26, 2024 request for concurrence to a 30-day extension of the experts' deadlines

1

for both parties. Due to intervening events described below, Plaintiffs renewed their request on December 23, 2024, reducing it to 14- and 21-day extensions, for the reasons stated below. Defendants did not respond.

2. Plaintiffs need additional time due to the heavy schedule of their primary expert, which has been exacerbated by his own personal health and family issues described at paragraphs 5 to 7 below.

3. Plaintiffs request deadlines from the dates stated in the September 25, 2024 Text-Only Order and related May 15, 2024 and May 29, 2024 Scheduling Orders (ECF Nos. 113 and 117) as identified below:

| *Item* | *Existing Deadline* | *Proposed Deadline* |
| --- | --- | --- |
| Plaintiffs provide expert disclosures and reports: | January 10, 2025 | January 31, 2025 |
| Defendants provide expert disclosures and reports: | January 31, 2025 | February 21, 2025 |
| Any rebuttal expert disclosures and reports | February 28, 2025 | March 14, 2025 |
| Complete Expert Discovery by: | March 21, 2025 | April 4, 2025 |

4. Plaintiffs believe the rest of the scheduling order can remain intact.

5. Plaintiffs' primary expert is Mr. Gary Talbot, who is exceptionally well-qualified and in very high demand for his expertise in major projects involving ADA and Sec. 504 Rehabilitation Act compliance and violations. Some of his extensive background is summarized below, at

2

his professional website https://www.gtalbot.com/about-us.html, and in the attached *curriculum vitae* as of 2016. *See* Exhibit 1.

6. For the past several months, Plaintiffs have had to work around Mr. Talbot's professional schedule as well as his personal schedule. Unfortunately, despite his best efforts and everything else on his schedules, he cannot complete his report prior to the January 10, 2025 initial deadline and the February 28, 2025 rebuttal deadline.

7. Given his personal health and his other current projects, he reasonably requires 21 additional days until Friday January 31, 2025, unless an anticipated surgery interferes and possibly requires an additional two weeks:

    a. As to his personal health, he is awaiting a date for required surgery, in January, February, or March 2025, which is expected to take him out of commission for approximately two weeks for surgery and recovery.

    b. As to his other professional projects, for the past six years, he has been under contract with Universal Studios-EPIC in Florida to assure ADA compliance in its rides, facilities, and procedures prior to its May 2025 scheduled opening. For example, he was on-site in Florida for the full first week of December, 2024.

    c. Third, he is reporting again to Universal Studios-EPIC beginning the week of January 5, 2025, returning to Michigan on January 10, 2025, assuming there are no delays during that visit, or with air travel out of Florida to Michigan.

    d. Fourth, again as to his personal calendar and health, he is disabled and fully reliant on a wheelchair for mobility.

    e. Fifth, for the past year or more, and currently, he also suffers from several health conditions, with mandatory daily or weekly treatment regimens of approximately 4 hours per day. To preserve his confidentiality, Plaintiffs herewith offer to provide details *in camera* to the Court and counsel as may be needed.

    f. Sixth, since late summer and into October, 2024, he had to assist with hospice of an important family member, until the family member died in October. Since October, he has been the primary person responsible for addressing all estate matters. Again, Plaintiffs' counsel offers details *in camera* as may be requested.

8. As to his qualifications pertaining to ADA compliance in Defendants' buildings, locations, and procedures or policies at issue in this matter, Mr. Talbot earned his Bachelor of Science in Mechanical Engineering Degree from the University of Michigan.   In 2004 President George W.

Bush appointed him to the United States Access Board where he served two, four-year terms, with one extension into 2012.

9. In addition to several other major projects in the public and private sector as described in his *C.V.,* he has served as the ADA Subject Matter Expert for multiple parties in at least seven major litigations as of 2016. These included at least three cases in the Eastern District of Michigan. Two of those cases did involve Plaintiff Jill Babcock, *i.e.*, described as the "Detroit Metro Airport" and the "State of Michigan GM Building" cases.

10. Plaintiffs expect Mr. Talbot and his team will readily qualify as experts in this case, and that their testimony will result in an informed resolution of this case, whether in settlement, injunctive relief hearings, or at trial

11. Plaintiffs' Motion to modify the scheduling order as to the experts for both parties, is based on good cause and the absence of any prejudice to the defendants. Fed. R. Civ. P. 16(b)(4).

12. Federal Rule of Civil Procedure 6 provides: "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

13. The deadlines in question have not expired.

14. Requisite good cause for modifying the scheduling order can be shown by "unforeseen and difficult personnel issues," *In re FTCA Flint Water*, Case No. 17-cv-11218 (consolidated) (E.D. Mich., Jul. 9, 2024), where the Court granted a 30-day extension of deadlines for experts when two of the six attorneys representing the United States were impacted by surgery or paternity leave during the month prior to the Motion and a third was leaving the office during the two weeks after filing the Motion.

Wherefore, Plaintiffs respectfully request that this Court extend the deadlines in this matter as stated above.

Dated: December 26, 2024

/s/ Michael W. Bartnik
By: Michael W. Bartnik (P32534)
Law For Baby Boomers, PLLC
Attorney for Plaintiffs
41000 Woodward Avenue, Suite 350
Bloomfield Hills, Michigan 48304
(248) 608-3660
michaelbartnik@protonmail.com

Elizabeth K. Abdnour (P78203)
Abdnour Weiker, LLP
325 E. Grand River Ave., Ste. 230
East Lansing, Michigan 48823
(517) 994-1776 Telephone
liz@education-rights.com

Renee A. Stromski (Ohio 0101347)
Abdnour Weiker, LLP
262 South Third St.
Columbus, Ohio 43215
(216) 714-1515 Telephone
renee@education-rights.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Michael W. Bartnik, certify that on December 26, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

Dated: December 26, 2024            */s/ Michael W. Bartnik*
                                    By: Michael W. Bartnik (P32534)

## LOCAL RULE CERTIFICATION

I, Michael W. Bartnik, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: December 26, 2024            */s/ Michael W. Bartnik*
                                    By: Michael W. Bartnik (P32534)