UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, et al.

    Plaintiffs,

v

STATE OF MICHIGAN, et al.

    Defendants.

Case No. 22-cv-12951-JJCG

Hon. Jonathan J.C. Grey

_____/

## DEFENDANT DETROIT-WAYNE JOINT BUILDING AUTHORITY'S RESPONSE TO PLAINTIFFS' MOTION TO EXTEND DEADLINES AS TO EXPERT DISCOVERY

Last night, Plaintiffs filed a motion asking the Court to change just three dates from the Court's text-only order dated September 25, 2024. Sounds innocent enough, right?

| Item | Existing Deadline | Proposed Deadline |
|---|---|---|
| Plaintiffs provide expert disclosures and reports: | January 10, 2025 | January 31, 2025 |
| Defendants provide expert disclosures and reports: | January 31, 2025 | February 21, 2025 |
| Any rebuttal expert disclosures and reports | February 28, 2025 | March 14, 2025 |
| Complete Expert Discovery by: | March 21, 2025 | April 4, 2025 |

Once again, Plaintiffs fall on the mercy of the Court because they are a day late and a dollar short. We have actually lost track of the number of extensions Plaintiffs have requested of the Court and the Defendants. At some point, even Plaintiffs must meet the deadlines in this case, instead of waiting to the last minute only to realize that circumstances (some foreseeable and perhaps some not) stood in their way, and then needing to ask for yet another extension.

Even if Plaintiffs' present circumstances justify an extension on some basis, Plaintiffs seem to view their request in a vacuum, as if the extensions do not impact other parties and other dates in the case. It is not that Plaintiffs' request is nefarious, as much as it is oblivious.

Defendant Detroit-Wayne Joint Building Authority's ("DWJBA") primary problem with Plaintiffs' proposal is that this ignores three other important deadlines from the Amended Scheduling Order (ECF No. 117, PageID1953):

***Dispositive Motions*** *(except motions in limine must be filed by:*     *April 11, 2025*
***Motions to Limit/Exclude Expert Testimony*** *must be filed by:*     *April 15, 2025*

If expert discovery doesn't end until April 5, 2025 (April 4th is a Sunday), it's not reasonable to require DWJBA to file its dispositive motion—which presumably will address expert reports and deposition testimony—less than a week later; and it's not reasonable to require DWJBA to file a motion to limit or exclude expert testimony just ten days after expert discovery ends. To the extent that the expert deadlines are extended, the motion deadlines also need to be extended.

2

Further, with fact discovery currently set to end on March 7, 2025, extending the expert-discovery deadlines will make it more difficult for DWJBA to use Plaintiffs' expert's report with Plaintiffs. DWJBA (and presumably others of the Defendants) may want to use the report to develop lines of questioning for Plaintiffs but also will want to know the facts the expert is assuming so the accuracy of those facts can be challenged with Plaintiffs.

Moreover, Plaintiffs argue that their expert's report and testimony "will result in an informed resolution of this case, whether in settlement …." Yet, settlement negotiations are ongoing with Magistrate Judge Patti, so Plaintiffs' delay in providing its report on time will adversely affect those negotiations, as well. But what's even more problematic for settlement negotiations is Plaintiffs' failure to provide full and complete answers/responses to DWJBA's tailored discovery requests; that's the subject of DWJBA's pending motion to compel disclosure and discovery (ECF No. 140). Without Plaintiffs' compliant answers/responses, DWJBA cannot accurately gauge the extent to which Plaintiffs' lack standing for the relief they seek or otherwise have possibly meritorious claims.

For these reasons, DWJBA asks the Court to deny Plaintiffs' motion. Alternatively, if the Court is inclined at all to grant Plaintiffs' motion, DWJBA respectfully asks that the Court schedule a status conference for an update on the settlement efforts/process under way, to discuss the status of pending motions  and

3

to address additional changes to the Amended Scheduling Order that granting Plaintiffs' motion would necessitate.

                                    Respectfully submitted,

                                    CLARK HILL PLC

                                    ___*/s/ Paul S. Magy*_____
                                    Paul S. Magy (P34423)
                                    Gregory N. Longworth (P49249)
                                    Attorneys for Defendant DWJBA
                                    220 Park Street, Suite 200
                                    Birmingham, MI 48009
                                    (248) 988-5844
                                    pmagy@clarkhill.com
                                    glongworth@clarkhill.com

Dated: December 27, 2024

LOCAL RULE CERTIFICATION

I, Paul S. Magy, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

_____/s/ Paul S. Magy_____

CERTIFICATE OF SERVICE

Paul S. Magy, being first duly sworn, deposes and states that on this 27th day of December, 2024, he caused to be served a copy of the foregoing pleading upon all counsel of record via the court's electronic filing system.

_____/s/ Paul S. Magy_____