UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JILL BABCOCK, MARGUERITE MADDOX and ASHLEY JACOBSON, on behalf of themselves and all others similarly situated, | No. 2:22-cv-12951 |
| | HON. JONATHAN J.C. GREY |
| Plaintiffs, | MAG. ANTHONY P. PATTI |
| v | |
| STATE OF MICHIGAN, COUNTY OF WAYNE, CITY OF DETROIT, DETROIT-WAYNE JOINT BUILDING AUTHORITY, | |
| Defendants. | |

**CITY OF DETROIT'S RESPONSE TO PLAINTIFFS' COMBINED MOTION AND BRIEF TO EXTEND DEADLINES AS TO EXPERTS' DISCOVERY**

## I.      INTRODUCTION

Plaintiffs' motion seeks to only extend expert discovery deadlines without extending other scheduling order dates. However, the extension of expert discovery dates as proposed in Plaintiffs' motion creates conflicts with future scheduling order dates and will result in undue prejudice to Defendants in limiting the time permitted to file dispositive motions using information learned through expert discovery. As a result, the extension of all scheduling order dates is warranted under the circumstances and better serves all parties in this case.

## II. <u>LEGAL STANDARD</u>

Through its response to Plaintiffs' motion, the City of Detroit relies on Federal Rule of Civil Procedure 6(B), Federal Rule of Civil Procedure 16(b)(4) and this Court's inherent power to set the timing and sequence of discovery. Rule 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . ." Fed R. Civ. P. 6(b)(1). Additionally, Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

## III. <u>ARGUMENT</u>

Plaintiffs' motion seeks to extend certain deadlines stated in this Court's September 25, 2024, Text-Only Order based on medical and scheduling issues with its expert. Specifically, Plaintiffs seek to extend the deadlines for the parties to provide expert disclosures and reports, rebuttal expert disclosures and reports, and to complete expert discovery. (ECF No. 150, PageID.2886.) Plaintiffs also indicate they believe the remaining scheduling order dates may remain in place even with the requested extensions regarding expert discovery. (*Id.*)

Insofar as the Court is inclined to rework its scheduling order and extend expert discovery deadlines, the City of Detroit ("City") concurs with the relief sought in Plaintiffs' motion. The City's own anticipated expert has scheduling issues in the month of January that will require additional time to ensure it can prepare its report in

2

response to Plaintiffs' expert's motion in a timely manner. And, given Plaintiffs' expert's extensive health issues addressed in Plaintiffs' motion, the City believes good cause has been shown warranting the extension of expert discovery deadlines, including extensions to the dates to provide expert disclosures and reports by at least 30 days.

However, the extension of expert discovery dates requested in Plaintiffs' motion makes the remaining scheduling order dates untenable without extensions to other deadlines in this Court's September 25, 2024, Text-Only Order. Namely, extending expert discovery deadlines to April 4, 2025, would leave only seven days for any of the Defendants to file a dispositive motion prior to the April 11, 2025, dispositive motion deadline after the close of expert discovery. (ECF No. 113, PageID.1945.) To avoid undue prejudice to any of the Defendants in granting Plaintiffs' request to extend expert discovery deadlines, additional time would be necessary to adequately prepare a dispositive motion using facts and evidence learned through expert discovery that may only be made available one week prior to the current dispositive motion cutoff. Thus, while the City agrees with Plaintiffs' request for additional time to complete expert reports and discovery, the City respectfully requests this Court to extend <u>all</u> scheduling order dates to avoid prejudicing any party because of the extension of expert discovery deadlines.

3

Additionally, the parties have participated in an extended form of settlement negotiations with Magistrate Judge Patti with additional negotiations scheduled to continue throughout January pursuant to Judge Patti's December 27, 2024, Minute Entry ordering Plaintiffs to present a written position statement by January 10, 2025. Following that date, a future settlement conference will be scheduled with Defendants for continued negotiations with Judge Patti. While the settlement negotiations have gone well, they have taken time and attentions. Further, Plaintiffs' responses to written discovery requests from the City and other Defendants are still outstanding. The City submits that these delays are additional good cause for this Court to extend all scheduling order dates by at least 30 days to avoid undue prejudice to the City and other Defendants awaiting written discovery responses.

## IV.  **CONCLUSION**

Based on Plaintiffs' expert's health issues addressed in their motion, and the City of Detroit's own scheduling issues with its expert in January, a reworking of the scheduling order is appropriate. Insofar as the Court is inclined to extend expert discovery deadlines and adjust other dates accordingly, the City concurs with Plaintiffs' motion. However, the City respectfully requests that this Court enter an order extending all scheduling order dates by at least 30 days to account for conflicts with future scheduling order deadlines that will result should Plaintiffs' request to only extend expert discovery deadlines be granted.

                            Respectfully submitted,

                            MILLER, CANFIELD, PADDOCK & STONE, P.L.C.

                            By:   */s/Lawrence T. García*
                                      Lawrence T. García (P54890)
                                      D. Kyle Bierlein (P78278)
                                      Co-Counsel for Defendant City of Detroit
                                      (313) 963-6420
                                      garcia@millercanfield.com
Dated: December 30, 2024              bierlein@millercanfield.com

## PROOF OF SERVICE

The undersigned hereby certifies that on December 30, 2024, a copy of the foregoing document and this **Proof of Service** were caused to be served upon the attorneys of record of all parties to the above cause by:

    ( )  First-Class Mail    (X) E-File/E-Serve    ( ) E-mail
    ( )  FedEx    ( ) Hand Delivery

I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge, and belief.

    By:   */s/Lawrence T. García*
           Lawrence T. García (P54890)
           D. Kyle Bierlein (P78278)
           Co-Counsel for Defendant City of Detroit
           (313) 963-6420
           garcia@millercanfield.com
           bierlein@millercanfield.com

43145037.1/022765.10037