UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JILL BABCOCK, ET AL.,

    CIVIL ACTION NO.: 22-12951

    Plaintiff(s),

    HON. JONATHAN J.C. GREY

v.

STATE OF MICHIGAN, ET AL.,

    Defendant(s).
_____/

**AMENDED ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND DEADLINES (ECF No. 150)**

The Court, having reviewed the plaintiffs' motion to extend deadlines as to experts' discovery (ECF No. 150), as well as the responses filed by defendants Detroit-Wayne Joint Building Authority and City of Detroit (ECF Nos. 151, 152), and plaintiffs' reply (ECF no. 153),

The Court **GRANTS IN PART** and **DENIES IN PART** the motion to extend (ECF No. 150) and **ORDERS** that the schedule controlling the progress of this case is **AMENDED AS FOLLOWS**:

| | |
|---|---|
| **Fact Discovery** must be completed by: | April 7, 2025 |
| **Expert Discovery** must be completed by: | April 28, 2025 |
| Plaintiffs' Expert Disclosures/Reports | February 10, 2025 |
| Defendants' Expert Disclosures/Reports | March 3, 2025 |
| Rebuttal Expert Disclosures/Reports | April 3, 2025 |
| **Dispositive Motions** (except motions in limine) must be filed by: | May 9, 2025 |

**Motions to Limit/Exclude Expert Testimony** must be filed by:   May 16, 2025

*Motion practice is governed by Local Rule 7.1 and Appendix CM/ECF.*

**Final Pretrial Conference:**

1) A proposed ***Joint* Final Pretrial Order (governed by Local Rule 16.2)** must be submitted by and trial motions in limine must be filed by: August 26, 2025

2) The **final pretrial conference** is set for: September 9, 2025 at 3:00 p.m.

3) Your client(s) or representative with full settlement authority **must** be present at the above conference.

**Trial** (Jury_X_ or Bench __) is set for:          October 7, 2025, 8:30 a.m.
    No. of Days: 5 days

1) The parties must exchange exhibits listed in the JFPTO prior to trial. Exhibits and witnesses not listed in the JFPTO will not be presented at trial.
2) The parties must confer on proposed jury instructions prior to trial and submit one joint agreed to jury instructions on the first day of trial.

**Other Requirements**:
   1)   The Local Rules/Appendix ECF (**www.mied.uscourts.gov** or the Clerk's Office for pro se litigants) and Federal Rules of Civil Procedures govern.
   2)   Submissions of proposed Orders are governed by Local Rules 5.2, 58.1 and Appendix CM/ECF.
   3)   A schedule may be modified only for good cause by leave of Court either through a Stipulation and Order submitted by the parties or, if no concurrence, by Motion. Fed. R. Civ. P. 16(b)(4); Local Rule 40.2.

                             s/Jonathan J.C. Grey
                             Jonathan J.C. Grey
Dated:  January 8, 2025      United States District Judge

## COUNSEL: PLEASE READ THIS ENTIRE DOCUMENT REGARDING JOINT FINAL PRETRIAL ORDER AND FINAL PRETRIAL CONFERENCE

Trial counsel for all parties must appear for the final pretrial conference. Counsel for plaintiff(s) must convene a conference of all counsel, the purpose of which will be to finalize a proposed short, concise pretrial order to be approved and signed by counsel for all parties. Counsel for plaintiff(s) must schedule this conference, and must notify the Court immediately if other counsel fails to participate in the scheduling of the conference. **The Court will not extend the date for submission of the Joint Final Pretrial Order (JFPTO) and accompanying papers.**

The JFPTO must be submitted no later than **TWO WEEKS PRIOR TO THE FINAL PRETRIAL CONFERENCE, unless the Court orders otherwise**

The JFPTO must be submitted to the Court through the utilities function in ECF and provide for the signature of the Court, which, when filed, will become an order of the Court and govern this trial.

## I. PROPOSED JOINT FINAL PRE-TRIAL ORDER

**The proposed JFPTO must contain the following, using these numbers and captions**:

1. **Concise Joint Statement of the Case.** If the parties do not agree on this, do not set forth separate "joint" statements. This will be read to the jury during jury selection.

2. **Concise Statement of Plaintiffs' Claims**, including legal theories. This will suffice as the "Theory of Plaintiff's Case" Jury Instruction. (no longer than three paragraphs).

3. **Concise Statement of Defendants' Claims**, including legal theories. This will suffice as the "Theory of Defendant's Case" Jury Instruction. (no longer than three paragraphs).

4. **Stipulations of Fact**. In numbered paragraphs, including Jurisdiction.

5. **Joint Issues of Fact to be litigated**.

6. **Joint Issues of Law to be litigated**.

7. **Applicable Law**. By statute name and number and case law.

8. **Witnesses.** Indicate the order and approximate time you will require for the examination of witnesses. Please designate expert witnesses:

    A. Plaintiff(s):
       1. Will Call; and
       2. May Call.

   B. Defendant(s):
    1. Will Call; and
    2. May Call.

Counsel are cautioned not to reiterate the long list of witnesses from earlier submitted witness lists. **List only those witnesses whom you reasonably expect to call**.

9. **Bench Trials**. Counsel must set forth the names of persons whose sworn testimony they wish to submit in writing. The sworn testimony itself must be submitted on the first day of trial. Opposing counsel must indicate as part of this JFPTO, which of such witnesses they wish to cross examine, if they have objections to any such witnesses, and the basis for the objections.

10. **Deposition Evidence**. To be read into the record at the time of trial as substantive evidence. **Summaries or portions of deposition testimony may be received if the relevant portions are highlighted, each page is bates stamped, and there are no objections.** To the extent possible resolve objections raised during depositions before the Final Pretrial Conference. Continuing objections to deposition evidence, along with the basis for and authority in support of the objections, must be set forth in the proposed JFPTO along with responses to objections.

11. **Exhibits**.

    1. Submit a numbered index of proposed exhibits. Summaries are allowed under Fed. R. Civ. P. 26(a)(3)(A(iii).

    2. The provisions of Fed. R. Civ. P. 37(c)(1) will apply.

Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial,

or except for good cause shown.

3. **Counsel must identify in detail all exhibits they seek to introduce at trial**.
   a. The Court may decline to admit exhibits which are not identified with specificity.

   b. For example, it is insufficient to identify "medical records," or "police records," without identifying with more precision (date, pages, content, etc.).

4. **Objections to Exhibits must be included in the JFPTO. Any exhibits objected to must be submitted as part of the proposed JFPTO, along with the basis for objection and response to any objection**.

5. Do not list documents that will be used for impeachment purposes as exhibits. The Court will not submit impeachment evidence to the jury. These exhibits may be shown to the jury during testimony and read into the record.

6. Do not list pleadings and briefs as exhibits.

7. If parties seek admission of the same exhibits, they should be identified as "Joint," and should not be identified as exhibits of a particular party.

8. The Court will attempt to resolve all exhibit disputes at the Final Pretrial Conference.
   a. All Exhibits to which there are no unresolved objections will be deemed admitted at the beginning of trial.

9. **Under LR 16.2(b)(9), any objection based on foundation or authenticity will be deemed waived if not raised before trial begins**.

12. **Evidence Problems likely to arise at trial**.

13. **Voir Dire Questions**, in the following order:

    A.    Joint: to which there is no disagreement;
    B.    Plaintiff(s) proposed; and
    C.    Defendant(s) proposed.

Standard voir dire questions that the Court requires prospective jurors to answer are attached.

If voir dire questions are submitted other than those to which there is no disagreement, counsel opposing the proposed voir dire question must state the basis for the objection and relevant law.

14. **Jury Instructions**. Counsel must meet prior to the pretrial conference to prepare joint jury instructions. The Court's practice is to give standard preliminary opening and closing instructions, though the parties may request particular instructions as may be appropriate.

With the JFPTO, the parties must **submit a single set of proposed, stipulated jury instructions and provide an electronic copy of the same as a Microsoft Word document to the law clerk by email immediately after the final pretrial conference. The Court expects the instructions to be agreed upon**.

The Court advises the parties to consult Federal Jury Practice and Instructions (available on Westlaw in the FED-JI database) or Modern Federal Jury Instructions (available on Lexis in the MOFEJI database). To the extent Michigan law governs, the parties should consult the Michigan Model Civil Jury Instructions. Additionally, the parties should check the Court's Jury Instruction Repository, which contains jury instructions given in cases tried in this district (available at https://www.mied.uscourts.gov/index.cfm?pagefunction=juryinstructions). **The Court rarely departs from using standard jury instructions, unless extraordinary circumstances warrant the use of non-standard instructions**.

If, after a good faith effort, the parties cannot agree upon a particular instruction, the parties must submit competing proposed instructions under a single heading (unless only one party has a proposed instruction under that heading), followed by brief, one paragraph statements supporting their version (or argument that the instruction should not be given), including supporting authority. **This should be the exception and not the rule.**

**All instructions - both agreed and disputed – must be listed in sequential order and in a single document**. Instructions must not be on letterhead and must:

   1. Contain a title (e.g. "Duty to Deliberate");
   2. Each start on a separate numbered page and be double spaced;
   3. Bear the case number;
   4. Cite the source;
   5. Contain an Index;
   6. Include an instruction on the applicable law; and
   7. Include an instruction that covers all stipulated facts.

**Please note that failure to strictly comply with this Section may result in the imposition of sanctions**.

If it appears the parties did not conduct a meaningful pre-trial conference to eliminate - or at least significantly narrow disputes over proposed jury instructions - or if one party failed to meaningfully engage in this process or unreasonably refused to stipulate to certain instructions, the Court will impose appropriate sanctions. *See* E.D. Mich. LR 16.2(c). Moreover, if there are numerous disputed jury instructions, the Court may require counsel to appear at the courthouse to conduct an additional conference under Court supervision to narrow the disputes.

   15. **Estimated Length of Trial (Trial Schedule 8:30 am- 2:30 pm)**, indicating:
       A. Jury or Non-Jury;

      B.    Number of hours for:
           (1) plaintiff(s)' proofs; and
           (2) cross-examination;
      C.    Number of hours for:
           (1) defendant(s)' proofs and
           (2) cross examination;
      D.    Do you stipulate to less than a unanimous verdict?

16. **Damages**, itemized. Counsel are requested to stipulate to those items not in dispute. **No proofs will be allowed on damages not listed in the JFPTO**.

17. **Form of Verdict**, agreed upon. To the extent agreement cannot be reached:

      A.    Plaintiff's proposed Verdict Form; and
      B.    Defendant's proposed Verdict Form.

Include in the JFPTO an explanation of why the parties are unable to agree on a verdict form.

18. **Assessment of Juror Expenses.** The JFPTO must contain the following statement:

"The parties and their counsel understand that, in accordance with LR 38.2, the expense to the United States of bringing jurors to the courthouse for a trial may be assessed to one or more of the parties or counsel if the jury trial is not begun as scheduled or the jurors are not used for that trial for any reason attributable to the parties or counsel. COMMENT: It is the policy of the Judicial Conference of the United States that last minute settlements and continuances which result in unnecessary juror fees and expenses be penalized by the assessment of costs against the responsible attorney or party. See also LR 40.2."

## II. <u>MOTIONS IN LIMINE - JURY TRIALS</u>

*Daubert* motions must be filed by the deadline set in the Court's

Scheduling Order. All other motions in limine **must be filed with the JFPTO** and must conform to LR 5.1, 7.1 and the Court's requirements in all respects.

Before filing a motion and in preparing the JFPTO, the movant must comply with Local Rule 7.1 and make all reasonable and timely effort to speak personally with or to meet with opposing counsel to seek concurrence. The Court requires an in-person video, or telephone conversation with the other persons or counsel entitled to be heard. An email exchange will not suffice. The communication must also be timely. A conversation that occurs on the same day the motion is filed generally will not be sufficient. If no conference is conducted, the movant must describe in detail the efforts made to confer with the opponent. Any motion filed must state that efforts were made to seek concurrence and that it was denied. If you fail to include this statement in any motion in limine filed, the Court will strike it and it cannot be refiled.

Responses to any motion in limine must be filed on or before **TWO WEEKS AFTER THE MOTINS ARE FILED, unless the Court orders otherwise**. Motions in limine will be ruled upon as soon as possible. All motions must be filed with the clerk of the court.

If motions are supported by deposition testimony, do not include the entire deposition; include only the relevant pages and highlight the relevant portions. Each page must be bates stamped.

Attempts to circumvent these requirements in any way may be considered an abusive practice which may result in the motion or response being stricken as well as sanctions imposed under LR 11.1.

### III.   FIRST DAY OF TRIAL - BENCH AND JURY

On the first day of trial, counsel must furnish:

>    A.   **All Exhibits, marked consecutively, and with an Exhibit Index**.

Each page of the exhibit must be bates stamped and numbered respectively for:

>    1. Joint Exhibits (use "number" designations beginning with "1")
>
>    2. Plaintiff(s) (use "number" designations beginning with "500"); and
>
>    3. Defendant(s) (use "number" designations beginning with "1000".)

The Court's copies must be in a tabbed binder. In addition, counsel must have sufficient copies of all exhibits on which the Court has ruled, for the jurors and for the Court Reporter.

>    B.   All exhibits will be received prior to trial, except those where an objection is noted. Those exhibits will be considered during trial at the proper time.

## VOIR DIRE INITIAL QUESTIONNAIRE

1. Name?

2. Marital Status? (Married | Divorced | Widowed | Single)

3. Community in which you reside? (DO NOT GIVE SPECIFIC STREET ADDRESS) For how long?

4. Community in which you were born?

5. Present occupation and name of employer? Duties?

6. If retired, former employer?

7. Spouse's occupation and employer? Duties?

8. Have you or your spouse ever owned your own business?

    a) If so, what is/was it?

9. Do you have children?

    a) If so, what are their ages? (DO NOT GIVE THEIR NAMES)

    b) If so and if applicable, what are their occupations?

10. Your education: High School: year completed? College: year completed?

Spouse's education: High School: year completed? College: year completed?

11. Have you served in the military?

    a) If so, which branch? What rank? For how many years? What duties?

12. Are you a member of any clubs or organizations?

13. Do you regularly access any news source (digital or physical)?

    a) If so, what are the sources?

14. Do you belong to any social media site, such as Facebook, X (formerly known as Twitter), LinkedIn, Truth Social, etc? Do you tweet or blog?

15. Do you have any bumper stickers on your car? If so, what are they?

## Certificate of Service

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 8, 2025, by electronic and/or ordinary mail.

**s/Sandra Osorio**
Case Manager